IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREEN, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-0207-N |
| | § | |
| TOYOTA MOTOR CORP., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

This Order addresses Defendant John Fayard Moving & Warehouse, LLC's ("Fayard") motion to dismiss [39] and Defendant Dolphin Line, Inc.'s ("Dolphin Line") motion to dismiss [46]. Because Plaintiffs fail to plead more than conclusory allegations with regard to either Defendant, Plaintiffs fail to state claims on which the Court can grant relief, and the Court dismisses Plaintiffs' claims.

### I. ORIGINS OF THE DISPUTE

On or around May 28, 2010, decedents Wyndell Greene, Sr., LaKeysha Greene, Wyndell Greene II, and Wesleigh Greene (collectively the "Greene Family") were traveling on Interstate 20 between Terrell, Texas and Canton, Texas in a Toyota 4Runner. Pls.' First Am. Compl. ¶ 17 [26]. A Volvo freightliner allegedly struck the Toyota 4Runner from the rear, allegedly causing the vehicle to collide with both another car and a trailer. *Id.* ¶¶ 1, 20. Dolphin Line allegedly owned the trailer, Fayard owned the freightliner towing the trailer, and another Defendant manufactured the trailer. *Id.* The collision allegedly caused (1) LaKeysha Greene to be ejected from the Toyota 4Runner and (2) the 4Runner to burst into

ORDER – PAGE 1

flames. All members of the Greene Family eventually died as a result of the collision. *Id.* ¶¶ 22-23.

On February 3, 2011, Plaintiffs Ollie Greene, individually and as the surviving parent of Wyndell Greene, Sr.; William Greene, as the representative of the Estate of Wyndell Greene, Sr.; and Marilyn Burdette-Hardeman, individually and as the surviving parent of LaKeysha Greene, brought suit against Defendants. Pertinent to this motion, they alleged survivorship claims under Texas Civil Practice and Remedies Code § 71.021 for wrongful death[1] and negligence against both Dolphin Line and Fayard. Pl.'s First Am. Compl. ¶¶ 73-87. Specifically, Plaintiffs allege that (1) "Defendants had a duty to the Greene Family to provide a safely designed and manufactured product," (2) "Defendants . . . had a duty to warn consumers of the true nature of the defective design of the Defendants' products," and (3) "Defendants had a duty to operate a safe trailer on the highways." *Id.* ¶ 74.

Dolphin Line and Fayard now move to dismiss Plaintiffs' claims against them, arguing that Plaintiffs' complaint fails to establish any duty on their part as the owner of the trailer and the owner of the freightliner, respectively. Def. Dolphin Line's Mot. Dismiss 5-8; Def. Fayard's Mot. Dismiss 4-7. Accordingly, they allege, Plaintiffs have failed to state a claim against them based on negligence. Def. Dolphin Line's Mot. Dismiss 8; Def. Fayard's Mot. Dismiss 8.

## II. MOTION TO DISMISS STANDARD[2]

---

[1] TEX. CIV. PRAC. & REM. CODE § 71.002.

[2] Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A party must make a motion under

When faced with a Rule 12(b)(6) motion, the Court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). According to the Supreme Court, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face" – i.e., "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). A plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true

---

Rule 12(b)(6) "before pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b).
   In this case, Dolphin Line moved to dismiss under Rule 12(b)(6) after Dolphin Line had already filed an answer in which it did not assert that Plaintiffs failed to state a claim. *See* Def. Dolphin Line's Original Answer ¶¶ 94-101 [36]. However,
> [a]lthough it is a procedural faux pas to file a Rule 12(b)(6) motion to dismiss after having filed a responsive pleading in which the defense is not preserved, it is not necessary for the courts to add more shame by denying the motion outright without considering its merits. The more sensible and efficient option [is] to construe the motion as a motion for judgment on the pleadings under Rule 12(c) since the standard of review under Rule 12(b)(6) also applies to motions for judgment on the pleadings under Rule 12(c).

*Delhomme v. Caremark Rx Inc.*, 232 F.R.D. 573, 576 n.2 (N.D. Tex. 2005) (Buchmeyer, J.) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir.2002)); *accord Swanson v. Aegis Commc'ns Group, Inc.*, 2009 WL 5204476, at *1 n.1 (N.D. Tex. 2009) (Sanderson, Mag. J.), *accepted in relevant part by* 2010 WL 26459, at *1 (N.D. Tex. 2010) (Fitzwater, C.J.). The Court agrees with this reasoning, and it therefore considers Dolphin Line's motion under Rule 12(c). (Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c).) The Court recites only the Rule 12(b)(6) standard, however, because the standard under both Rules is the same. *E.g.*, *Swanson*, 2009 WL 5204476, at *1 n.1; *Hoffman v. L & M Arts*, 2011 WL 3567419, at *4 (N.D. Tex. 2011) (Fitzwater, C.J.) (citing *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010)).

ORDER – PAGE 3

(even if doubtful in fact)." *Id*. (internal citations omitted). In sum, to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003); *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989).

In ruling on a Rule 12(b)(6) motion, courts generally limit their review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). A court may also consider documents attached to a motion to dismiss that are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

### III. THE COURT GRANTS BOTH MOTIONS TO DISMISS

Under Plaintiffs' negligence claim, Plaintiffs' complaint conclusorily recites that Dolphin Line, as the trailer's owner, and Fayard, as the freightliner's owner, had a duty to (1) "provide a safely designed and manufactured product," (2) "warn consumers of the true nature of the defective design of the Defendants' products," and (3) "operate a safe trailer on the highways where [a third Defendant's] trailer was towed." Pls.' First Am. Compl. ¶ 74.[3] However, other than explaining that the Toyota 4Runner collided with the trailer, Plaintiffs

---

[3] At the outset, the Court notes that Plaintiffs have not brought a strict products liability claim against Dolphin Line or Fayard. *See* Pls.' First Am. Compl. ¶¶ 32-40, 55-58, 65-68 (alleging strict liability claims against only Defendants Toyota Motor Corporation; Toyota Motor Engineering & Manufacturing North America, Inc.; Toyota Motor Sales USA, Inc.; Volvo Group North America, Inc.; Volvo Trucks North America, a division of Volvo Group North America, Inc.; and Strick Corporation, Inc.).

provide no facts supporting these allegations. As the Court now explains, these allegations fail to sufficiently state a claim against Dolphin Line and Fayard under *Twombly*.

The Court construes Plaintiffs' complaint as first asserting two products liability claims against Dolphin Line and Fayard – a negligent design and manufacture claim[4] and a negligent failure to warn claim.[5] The Texas Products Liability Statute, TEX. CIV. PRAC. &

---

[4]This Court has previously explained a negligent design and manufacturing claim. "While strict liability focuses on the condition of the product, [a] 'negligence [action] looks at the acts of the manufacturer and determines if it exercised ordinary care in design and production.'" *Dalton v. Barry-Wehmiller Design Group, Inc.*, 2003 WL 193467, at *6 (N.D. Tex. 2003) (Sanderson, Mag. J.) (citing *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 437 (Tex. 1997) and *McLennan v. Am. Eurocopter Corp.*, 245 F.3d 403, 431 (5th Cir.2001)); *see also Caterpillar, Inc. v. Shears*, 911 S.W.2d 379, 384 (Tex. 1995). "Negligent design and manufacturing claims are predicated on the existence of a safer alternative design for the product." *Dalton*, 2003 WL 193467, at *6. And "[a] negligence cause of action requires a legal duty, breach of that duty, and damages proximately resulting from that breach." *Id.* (citing *Van Horn v. Chambers*, 970 S.W.2d 542, 543 (Tex.1998)).

[5]Texas courts have described a negligent failure to warn claim as follows:
Whether a duty to warn of the dangers of a product exists in a negligent failure to warn claim or strict products liability claim is a question of law. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 426 (Tex.1997); *Hanus v. Tex. Utils. Co.*, 71 S.W.3d 874, 880 (Tex.App.-Fort Worth 2002, no pet.). Specifically, in a negligence suit, "[b]efore there can be a cause of action for negligence, the court must determine that the defendant had a recognized legal duty or obligation to the plaintiff." *Hanus*, 71 SW.3d 880. "If there is no duty, there can be no negligence liability." *Id.* (citing *Thepar v. Zezulka*, 994 S.W.2d 635, 637 (Tex.1999)). The law of negligence does not require warnings for obvious risks or risks within the ordinary consumer's common knowledge. *Hanus*, 71 S.W.3d 880.
Similarly, in a marketing defect suit . . . in which the defendant is accused of failing to provide adequate warnings to establish a product as unreasonably dangerous, the product must present a threat of harm that "would elude the common perception of the product." *Id.* (citing *Joseph E. Seagram & Sons, Inc. v. McGuire*, 814 S.W.2d 385, 387-88 (Tex.1991)). A defendant has a duty to warn if it knows or should know of the product's potential harm to a user. *Am. Tobacco*, 951 S.W.2d at 426; *Hanus*, 71 S.W.3d 880. Conversely, a defendant has no duty to warn of obvious risks because the

REM. CODE § 82.001, *et seq.*, applies to "any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories." *Id.* § 82.001(4). A manufacturer, seller, or lessor may be liable in a products liability action. *Id.* § 82.001(2); *Freightliner Corp. v. Ruan Leasing Co.*, 6 S.W.3d 726, 728 n.2 (Tex. App. – Austin 1999), *aff'd sub nom. Meritor Auto., Inc. v. Ruan Leasing Co.*, 44 S.W.3d 86 (Tex. 2001) (explaining that defendant's "status as 'lessor' qualifie[d] it as a 'seller' for the purpose of section 82.001(3) of the Texas Civil Practice & Remedies Code"). But a seller or lessor cannot be liable under the Texas Products Liability statute subject to certain enumerated exceptions – for example, that the lessor participated in the design of the product, modified the product, installed the product, or had actual

---

> readily apparent danger of the product serves the same function as a warning. *Caterpillar, Inc. v. Shears*, 911 S.W.2d 379, 382 (Tex.1995); *Hanus*, 71 S.W.3d 880. Whether a danger is considered to be readily apparent is an objective question for the trial court. *See id.* Additionally, no duty to warn exists for risks associated with a product that are matters "'within the ordinary knowledge common to the community.'" *Hanus*, 71 S.W.3d 880 (quoting *Joseph E. Seagram*, 814 S.W.2d at 388).

*Leal v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 962286, at *3 (Tex. App. – San Antonio 2010, no pet.); *see also, e.g.*, *Painter v. Momentum Energy Corp.*, 271 S.W.3d 388, 410-412 (Tex. App. – El Paso 2008, pet. denied). Plaintiffs' negligent failure to warn claim is a product liability claim. *See Leal*, 2010 WL 962286, at *3 (analyzing negligent failure to warn and strict products liability claims together under same standard to determine a duty where plaintiff alleged products liability claims against seller of an allegedly defective vehicle); *Kia Motors Corp. v. Ruiz*, 348 S.W.3d 465, 476 (Tex. App. – Dall. 2011, no pet.) (explaining that, normally, strict products liability and negligence are two separate causes of action, but where the only negligence plaintiff alleged was as to product's design, plaintiff's defective product theory subsumed his negligence claims); *Zavala v. Burlington N. Santa Fe Corp.*, 355 S.W.3d 359, 366 (Tex. App. – El Paso 2011, no pet.) (same).

knowledge of a defect in the product where the claimant's harm resulted from the defect. TEX. CIV. PRAC. & REM. CODE § 82.003(a).

Here, though Plaintiffs' complaint states that another Defendant, Strick Corporation, Inc., manufactured the trailer, *see* Pls.' First Am. Compl. ¶¶ 65-68, Plaintiffs allege no basis for Dolphin Line's or Fayard's liability under the products liability statute. Plaintiffs do not clearly state that Dolphin Line sold or leased the trailer to the party operating them[6] or that Fayard manufactured the freightliner, sold the freightliner to the party operating it, or leased the freightliner to the party operating it.[7] *See* Pls.' First Am. Compl. ¶¶ 1, 20, 74. Regardless, even if Plaintiffs had identified Dolphin Line's or Fayard's role, Plaintiffs' complaint fails to provide any facts demonstrating that Dolphin Line or Fayard fit into any of the exceptions under section 82.003(a) that would subject them as sellers or lessors to a claim for products liability – let alone sufficiently plead the elements or facts necessary to demonstrate a claim for negligent design and manufacture or failure to warn.[8] Accordingly,

---

[6]In their response, Plaintiffs explain that Dolphin Line leased the trailer, Pls.' Resp. to Dolphin Line's Mot. Dismiss 7-8, though this fact is not in the Plaintiffs' complaint, which controls the Court's analysis under Rule 12(b)(6).

[7]Plaintiffs' complaint also does not identify the party operating the freightliner and trailer. *See* Pls.' First Am. Compl. ¶ 67 (referring to the "end-user of the Strick Trailer inolve[d] in the accident in question").

[8]In their responses, Plaintiffs point to paragraph 68 in their complaint, in which they allege that
> the trailer did not have strength and energy-absorbing features that optimized the prevention of the underride hazard for vehicles that might crash into the rear of the trailer; and the ICC rear bumper was grossly ineffective in its failure to prevent the intrusion into and crushing of compartments of the Toyota 4Runner.

Pls.' Resp. to Fayard's Mot. Dismiss 4 (quoting Pls.' First Am. Compl. ¶ 68); Pls.' Resp. to

ORDER – PAGE 7

the Court dismisses Plaintiffs' negligent design and manufacture and failure to warn claims against Dolphin Line and Fayard.

Plaintiffs' final negligence claim, which the Court construes as a negligent operation claim, similarly fails. "To establish negligence, a party must establish a duty, a breach of that duty, and damages proximately caused by the breach." *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (citation omitted). The driver of a motor vehicle in Texas ordinarily owes a legal duty of "ordinary care" to other drivers. *See, e.g.*, *L.A.-Pacific Corp. v. Knighten*, 976 S.W.2d 674, 674-76 (Tex. 1998); *Lumpkins v. Thompson*, 553 S.W.2d 949, 952-53 (Tex. App. – Amarillo 1977, writ ref'd n.r.e.). However, Plaintiffs' complaint fails to identify Dolphin Line or Fayard as the driver or operator of the Fayard freightliner and Dolphin Line trailer, and it therefore does not establish that Fayard or Dolphin Line had any duty in operating the freightliner and trailer.

---

Dolphin Line's Mot. Dismiss 4-5 (same).

First, the Court notes that it is somewhat unclear from Plaintiffs' complaint that these allegations about the trailer apply to Dolphin Line and Fayard. Plaintiffs complaint includes the above allegations after a colon explaining that Defendant Strick Corporation, Inc. designed and manufactured an unsafe trailer and under a cause of action naming only Strick. Pls.' First Am. Compl. ¶¶ 65-68.

However, in their responses, Plaintiffs point to paragraph 68 to argue that Dolphin Line and Fayard are negligent per se because the trailer's condition violated a federal motor carrier safety regulation, 49 C.F.R. § 393.86. Pls.' Resp. to Fayard's Mot. Dismiss 4-5; Pls.' Resp. to Dolphin Line's Mot. Dismiss 5-6. But regardless whether paragraph 68 applies to Dolphin Line and Fayard, the negligence per se allegation is not in Plaintiffs' complaint itself, which, again, controls the Court's analysis. Furthermore, even this paragraph is insufficient to overcome the deficiencies regarding Plaintiffs' complaint and section 82.003(a) that the Court identifies in this Order – namely, that Plaintiffs' complaint fails to state the exceptions applicable to Fayard or Dolphin Line under section 82.003(a) subjecting them to products liability. *But see* Pls.' Resp. to Def. Dolphin Line's Mot. Dismiss 7-9.

ORDER – PAGE 8

In their response to Dolphin Line's motion, Plaintiffs attempt to clarify that Dolphin Line negligently entrusted its vehicle to the driver, Pls.' Resp. to Def. Dolphin Line's Mot. Dismiss 9-10; however, they make no such allegation in their complaint, which controls the Court's analysis under Rule 12(b)(6). In their response to Fayard's motion, Plaintiffs also attempt to clarify that the freightliner and trailer "were operated by Fayard." Pls.' Resp. to Def. Fayard's Mot. Dismiss 2 (internal quotations omitted). However, again, the Court does not find such allegation in their complaint. Moreover, Plaintiffs' complaint fails to plead facts demonstrating that the alleged driver, Fayard, breached any duty – that is, that Fayard, if operating the freightliner and trailer, was operating them negligently.[9] Accordingly, the Court dismisses Plaintiffs' negligence claim.[10]

Finally, without an underlying negligence claim, Plaintiffs claim for wrongful death against Dolphin Line and Fayard fails. The Texas Civil Practice and Remedies Code provides that "[a] person is liable for damages arising from an injury that causes an individual's death if the injury was caused by the person's or his agent's or servant's

---

[9] The Court notes that "[u]nder Texas law, a vehicle in the middle of a multiple car collision may be attributed some liability for the collision." *Barrientes v. Capital Trucking, Inc.*, 2007 WL 4260910, at *2 (S.D. Tex. 2007) (citing *Knighten*, 976 S.W.2d at 675 and *Whipple v. Occidental Fire & Cas. Co. of N.C.*, 1992 WL 35134, at *1-2 (E.D. La. 1993)). However, the cases analyzing this liability do not describe a vehicle in the front or to the side of the initial collision into which a plaintiff's vehicle collides, as Plaintiffs describe the accident with the freightliner and trailer here, but rather a middle vehicle which itself collides into another vehicle. *See id.*; *Knighten*, 976 S.W.2d at 674-76.

[10] Plaintiffs also allege that Dolphin Line and Fayard "were grossly negligent." Pls.' First Am. Compl. ¶ 74. However, "defendant[s] cannot be grossly negligent without being negligent." *Ruiz*, 348 S.W.3d at 492. Because Plaintiffs fail to state a claim for products liability or negligent operation – the only underlying negligence claims they bring against Dolphin Line and Fayard – Plaintiffs cannot state a claim for gross negligence.

wrongful act, neglect, carelessness, unskillfulness, or default." TEX. CIV. PRAC. & REM. CODE § 71.002. Plaintiffs' allegations against Dolphin Line and Fayard for negligent manufacture and design, failure to warn, and negligent operation of a motor vehicle are the only wrongful acts Plaintiffs allege against Dolphin Line and Fayard. Because the Court dismisses these underlying claims, Plaintiffs fail to state a wrongful death claim against Dolphin Line and Fayard. The Court therefore dismisses Plaintiffs' wrongful death claim.

## CONCLUSION

Plaintiffs' complaint fails to provide sufficient factual allegations supporting their causes of action under Rule 12(b)(6). Accordingly, Plaintiffs' complaint fails to state claims on which the Court can grant relief, and the Court dismisses Plaintiffs' claims.

However, the Court grants Plaintiffs leave to amend their complaint to address the deficiencies that it has identified in this Order. *See, e.g.*, *Morgan Stanley Dean Witter & Co.*, 313 F.3d at 329 (noting that Fifth Circuit precedent supports the premise that "granting leave to amend is especially appropriate" where district court dismisses plaintiff's complaint for failure to state a claim and explaining that, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal"). Accordingly, Plaintiffs may file an amended complaint – amending only their claims against Dolphin Line and Fayard – within fourteen (14) days of the date of this Order.

Signed July 18, 2012.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 11