IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-0207-N |
| | § | |
| TOYOTA MOTOR CORP., *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

This Order addresses three motions: (1) Defendants Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc.'s (collectively "Toyota") motion for partial summary judgment [Doc. 88]; (2) Defendants Volvo Group North America, LLC f/k/a Volvo Trucks North America ("Volvo")'s motion to join Toyota's motion [90][1]; and Plaintiffs' motion to compel [124].[2] The Court (1) grants Toyota's motion for summary judgment, (2) grants Volvo's motion to join, and (3) denies Plaintiffs' motion to compel.

---

[1] Volvo identifies its filing as a "Joinder in the Toyota Defendants' Motion for Partial Summary Judgment." The Court treats the filing as a motion to join Toyota's motion.

[2] Plaintiffs identify their motion as a "motion for continuance," but the motion is in substance a motion to compel, and the Court accordingly treats it as such. The Court further reminds the parties that requests for hearings must be made in accordance with paragraph 4 of the Court's amended scheduling order [58].

ORDER – PAGE 1

## I. THE CAR COLLISION AND PRODUCT LIABILITY DISPUTE

This case arises out of a tragic car collision that took the lives of four people (collectively the "Greene Family"): Wyndell Greene, Sr. ("Wyndell Sr."); his wife LaKeysha Greene ("LaKeysha"); and Wyndell Sr. and LaKeysha's two children, Wyndell Greene, II ("Wyndell II") and Wesleigh Greene ("Wesleigh"). According to the second amended complaint,[3] the four members of the Greene Family were riding in their Toyota 4Runner when a Volvo tractor struck them from behind. Five-year-old Wyndell II and three-year-old Wesleigh (collectively the "Greene Children") died while still in the car. LaKeysha was ejected from the car's seatbelt restraint and died from her injuries. Wyndell Sr. suffered burns and other injuries. He died about three months after the collision.

The three plaintiffs in this case are the relatives and the estates of the deceased. Plaintiff Ollie Greene ("Ollie"), Wyndell Sr.'s mother, brings claims individually and as Wyndell Sr.'s surviving parent. William Greene ("William"), Wyndell Sr.'s brother, asserts claims as administrator of Wyndell Sr.'s estate. And Marilyn Burdette Hardeman, LaKeysha's mother, brings claims individually and as LaKeysha's surviving parent. Plaintiffs assert several causes of action against Defendants Toyota; Volvo; Strick Trailers, LLC; John Fayard Moving & Warehouse, LLC; and Dolphin Line, Inc. The motion the Court now considers deals only with Plaintiffs' wrongful death claim and their request for exemplary damages. Each plaintiff in this case asserts claims against all defendants for the

---

[3]The parties have not provided the Court with documentation contradicting the Plaintiffs' version of these events.

wrongful deaths of all members of the Greene Family. Compl. ¶¶ 113–20. Wrongful death is codified in Texas Civil Practice and Remedies Code §§ 71.001–71.012. Plaintiffs seek exemplary damages for these allegedly wrongful deaths pursuant to Texas Civil Practice and Remedies Code § 17.009. Toyota and Volvo now move for partial summary judgment on certain of Plaintiffs' wrongful death claims and the request for exemplary damages, arguing that some or all Plaintiffs lack standing to bring these claims.

## II. TOYOTA AND VOLVO ARE ENTITLED TO PARTIAL SUMMARY JUDGMENT

### *A. Summary Judgment Standard*

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the

nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322-25. Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Indeed, factual controversies are resolved in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'" *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### B. Several of Plaintiffs' Wrongful Death Claims Fail for Lack of Standing

A wrongful death action "is for the exclusive benefit of the surviving spouse, children, and parents of the deceased." TEX. CIV. PRAC. & REM. CODE § 71.004. To bring a wrongful death action, a party must be "the deceased's spouse, child, or parent." *Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998). Moreover, "a wrongful death beneficiary's claim for the wrongful death of another does not survive the beneficiary's death." *Wackenhut Corr. Corp. v. De la Rosa*, 305 S.W.3d 594, 634 (Tex. App. – Corpus Christi 2009, no pet.) (holding that estate of deceased father lacked standing to sue for wrongful death of son) (citing *Carter v. Van Meter*, 495 S.W.2d 583, 586 (Tex. Civ. App. – Dallas 1973, writ dism'd); *Huntington*

*v. Walker's Austex Chili Co.*, 285 S.W.2d 255, 258 (Tex. Civ. App. – Waco 1955, writ ref'd)). In other words, a beneficiary's estate cannot pursue a wrongful death claim on behalf of a beneficiary, because that claim does not survive the beneficiary's death.

***1. No Plaintiff Has Standing to Bring Wrongful Death Claims for the Greene Children.*** – Ollie Greene and Marilyn Burdette Hardeman are, respectively, Wyndell Sr.'s mother and LaKeysha's mother. In other words, they are the Greene Children's grandmothers. But to bring a wrongful death action, the plaintiff must be the deceased's spouse, child, or parent. *See Wackenhut*, 305 S.W.3d at 634. Ollie and Hardeman thus lack standing to assert a wrongful death claim for the Greene Children. The third plaintiff, Wyndell Sr.'s estate, also lacks standing. While Wyndell Sr. could have brought a claim for his children's wrongful deaths, Wyndell Sr.'s own death extinguished that claim, and his estate consequently cannot assert it. The Court accordingly concludes that no plaintiff in this lawsuit has standing to assert a wrongful death claim for the deaths of the Greene Children.

***2. Ollie and Hardeman Cannot Recover for the Deaths of Their Children's Spouses***. – As explained above, a plaintiff in a wrongful death suit must be "the deceased's spouse, child, or parent." *Shepherd*, 962 S.W.2d at 31 (Tex. 1998). Ollie, Wyndell Sr.'s mother, thus may properly assert a a wrongful death claim for Wyndell Sr.'s death, but not for LaKeysha's. Similarly, Hardeman, as LaKeysha's mother, has no claim for Wyndell Sr.'s death. Toyota and Volvo are entitled to summary judgement as to these claims.

***3. Wyndell Sr.'s Estate Cannot Recover for LaKeysha's Wrongful Death.*** – Again, a wrongful death claims does not survive the death of the beneficiary of that claim.

*Wackenhut*, 305 S.W.3d at 634. While Wyndell Sr. would have had standing to assert a claim for LaKeysha's wrongful death, his estate cannot assert such a claim. Toyota and Volvo are, therefore, also entitled to summary judgment as to this claim.

### C. Ollie and Hardeman Cannot Recover Exemplary Damages

Plaintiffs seek exemplary damages for the allegedly wrongful deaths of the Greene Family. The Texas constitution provides that "[e]very person, corporation, or company, that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be." TEX. CONST. art. XVI, § 26. This provision defines the entire class of persons entitled to recover exemplary damages: "parents of the deceased . . . are not included in article XVI, § 26 and are therefore unable to recover punitive damages." *Gen. Chem. Corp. v. De La Lastra*, 852 S.W.2d 916, 923 (Tex. 1993) (citations omitted). By the same principle, grandparents cannot recover exemplary damages, either. Ollie and Hardeman are, respectively, Wyndell Sr. and LaKeysha's mothers, and they are the Greene Children's grandmothers. They therefore cannot recover exemplary damages for the wrongful deaths of any members of the Greene Family. Toyota and Volvo are thus entitled to summary judgment as to all of Ollie's and Hardeman's exemplary damages claims.

### III. THE COURT DENIES PLAINTIFFS' MOTION TO COMPEL

Plaintiffs assert that Toyota and Volvo have repeatedly refused to produce documents pursuant to the Court's Order of July 18, 2012 [111] ("July 18 Order"). In the July 18 Order, the Court the Court established the scope of permissible discovery in four distinct areas.

Plaintiffs maintain that Toyota and Volvo have violated the terms of the July 18 Order, but Plaintiffs have not identified any of Toyota's or Volvo's specific objections to any of Plaintiffs' specific discovery request that are the bases for withholding any document. Without such specificity, the Court cannot rule on a motion to compel. The Court accordingly denies the motion.

## Conclusion

The Court grants Toyota's and Volvo's motions for partial summary judgment and denies Plaintiffs' motion to compel. Accordingly, the Court awards summary judgment to Toyota and Volvo on the following claims: (1) all wrongful death claims resulting from the deaths of Wesleigh Greene or Wyndell Greene, II; (2) Ollie Greene's wrongful death claim for the death of LaKeysha Greene; (3) Marilyn Burdette Hardeman's wrongful death claim for the death of Wyndell Greene, Sr.; (4) the Estate of Wyndell Greene, Sr.'s wrongful death claim for the death of LaKeysha Greene; and (5) Ollie Greene's and Marilyn Burdette Hardeman's claims for exemplary damages.

The Court further notes that this Order does not affect the following claims: (1) Plaintiffs' strict liability, negligence, breach of warranty, and misrepresentation claims against all defendants; (2) Plaintiffs' survival actions against all defendants; (3) Ollie Greene's claim for the wrongful death of Wyndell Greene, Sr.; and (4) Marilyn Burdette Hardeman's claim for the wrongful death of LaKeysha Greene.

Signed December 19, 2012.

_____
David C. Godbey
United States District Judge