IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, | § § § § § § § § § | CAUSE NUMBER: 3:11-cv-0207-N |
| Plaintiffs, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, LLC., VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC., STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC, and DOLPHIN LINE, INC. | § § § § § § § § § § § § § § | |
| Defendants. | § | |

**PLAINTIFFS' RESPONSE TO THE TOYOTA DEFENDANTS' MOTION
FOR ADDITIONAL TIME TO SUPPLEMENT DOCUMENT PRODUCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Ollie Greene, Individually as the surviving parent of Wyndell Greene, Sr., William Greene, as the Administrator of the Estate of Wyndell Greene Sr., and Marilyn Burdette Hardeman, Individually and as the surviving parent of LaKeysha Greene (collectively, "Plaintiffs"), and file their Response to Defendants Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc.'s

(collectively, "the Toyota Defendants") Motion for Additional Time to Further Supplement Document Production (the "Motion for Additional Time") and show as follows:

## PRELIMINARY STATEMENT

The Toyota Defendants' Motion for Additional Time is yet another mechanism with which Toyota seeks to frustrate Plaintiffs' discovery efforts in this matter and further delay Plaintiffs' ability to present their claims to a jury and demonstrate Toyota's lack of defenses. Toyota's initial refusal to produce clearly relevant discovery led to the first motion to compel and the Court having to vacate the second trial date that was scheduled in this matter. To date, each discovery request to Toyota has led to countless and meritless objections and unreasonable delay by Toyota in responding. Notably, as demonstrated by the lack of a certificate of conference, Toyota made no attempt to confer with Plaintiffs' counsel prior to filing the Motion for Additional Time, and have had these requests for almost seven (7) months already.

In another delay tactic, Toyota has also refused to clarify confusion created by the Toyota Defendants' representation to the Court that the Toyota Defendants have "no" CAD or finite element models for the relevant Toyota vehicles. In fact, the Toyota Defendants' recent responses to Plaintiffs' July 23, 2012, discovery requests seeking CAD and finite element models appear to be at odds with Toyota's in-court representation that no FEM exists in any format. Plaintiffs have asked for a clarification, to which Defendants have not yet responded.

Indeed, Toyota's stalling techniques and continuing delays at responding timely to legitimate discovery in this matter have deprived Plaintiffs of a reasonable trial date on which Plaintiffs can present their claims to a jury. Accordingly, Plaintiffs ask that the Court deny Toyota's Motion for Additional Time and require an immediate response so that Plaintiffs can have this matter set for trial.

## RELEVANT FACTS

1. Plaintiffs served discovery requests upon the Toyota Defendants pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure. In response to Plaintiffs' First Set of Interrogatories, the Toyota Defendants objected to each of Plaintiffs' thirteen (13) interrogatories, providing an incomplete response, or no response, to each.

2. Similarly, in response to Plaintiffs' First Request for Production of Documents, the Toyota Defendants, in three responses that total **546 pages**, objected to virtually each of Plaintiffs' production requests and in some instances, under the guise of objections, wholly refused to provide clearly discoverable items.

3. After asking Toyota on multiple occasions to withdraw its boilerplate objections, Plaintiffs' counsel met with counsel for the Toyota Defendants on Wednesday, February 15, 2012 and conducted a conference to discuss the responses Plaintiffs contended were deficient. Despite a lengthy conference and a promise by Toyota's counsel to review a few of the deficient responses, the Toyota Defendants did not withdraw objections or produce the bulk of the outstanding discovery.

4. On February 24, 2012, as the result Toyota's refusal to cooperate on the discovery requests Plaintiffs filed their First Motion to Compel with the Court (Dkt. Entry No. 64). The hearing on the First Motion to Compel was held on March 5, 2012.

5. On March 9, 2012, as a consequence of the Toyota Defendants' refusal to produce significant relevant discovery in this matter, the Court issued an Order vacating the September 10, 2012, trial date. (Dkt. Entry No. 77).

6. On July 18, 2012, the Court issued an Order (the "July 18, 2012, Order") on Plaintiffs' First Motion to Compel (Dkt. Entry No. 111), wherein the Court stated:

>   Rather than ruling on the motion to compel in detail, the Court establishes the scope of permissible discovery with regard to four discrete areas – areas that Plaintiffs' counsel identified at a discovery hearing held March 5, 2012 – in this Order. It also grants Plaintiffs leave to reurge their motion to compel responses to specific discovery requests if discovery remains deficient after the Court's guidance.

7. In accordance with the Court's July 18, 2012, Order, Plaintiffs' submitted discovery requests to the Toyota Defendants seeking production of discovery within the scope permitted by the Court's July 12, 2012, Order.  Plaintiffs also requested "optional" production of other discoverable matter so the parties could avoid the need for Court intervention to obtain other discoverable items.

8. On or about August 16, 2012, Toyota's counsel responded to Plaintiffs' July 23, 2012, discovery requests stating "[w]e hope to provide the supplemental production and responses by October."  Again, there was no conference to discuss response times.  In the letter from Toyota's counsel, Toyota did not lodge any specific objections to these discovery requests and did not provide responses to each of the specific requests.

9. On August 17, 2012, Plaintiffs' counsel responded to Toyota's August 16, 2012, vague responses to Plaintiffs' discovery requests and took issue with Toyota's unilateral decision to delay production of the relevant discovery until October.

10. Three months after the Court's July 18, 2012, Toyota still had not produced the items that the Court found to be discoverable, and provided no explanation for the long delay. Accordingly, on October 23, 2012, Plaintiffs' counsel contacted Toyota's counsel asking for production of the information that is the subject of the Court's July 18, 2012, Order.

11. After finally receiving some materials from Toyota, Plaintiffs' counsel informed Toyota's counsel on October, 24, 2012, that Toyota's responses do not comply with the scope of discovery allowed by the Court's July 18, 2012, Order.  Plaintiffs' counsel also reiterated

Plaintiffs' request that Toyota respond "directly and specifically" to each of the requests for productions and interrogatories contained in Plaintiffs' July 23, 2012, discovery letter.

12.     Following further exchanges of email, Toyota's counsel refused to respond specifically to each of the requests for productions and interrogatories contained in the July 23, 2012, discovery requested. In his final comment to Plaintiffs' request for specific responses to the July 23, 2012, discovery, Toyota's counsel simply stated "[t]hen we agree to disagree."

13.     After the Toyota Defendants' three-month delay in producing allowed discovery, they continued to refuse to produce other discovery. As a product of the actions of the Toyota Defendants, Plaintiffs were forced to file a Second Motion to Compel (Dkt. Entry No. 131), which was heard by the Court on January 22, 2013.

14.     During the January 22, 2013, hearing on Plaintiffs' Second Motion to Compel, the Court issued the following directive to the Toyota Defendants:

> Okay. I want you to treat Exhibit B [Plaintiffs' July 23, 2012, discovery requests] as if it were a formal RFP and respond to it in a week. That doesn't mean produce the documents, necessarily, but give them a written response. You have had it around since July, so I think you can probably give them a written response in a week.
>
> Okay. Then 30 days for the docs.

15.     On or about January 29, 2013, the Toyota Defendants submitted their response to Plaintiffs' July 23, 2012, discovery requests. Consistent with the Toyota Defendants' 546 page objections to Plaintiffs' first set of discovery, the **Toyota Defendants submitted an 83-page set of objections** to the discovery requests, despite the requests being completely consistent with the scope of discovery allowed by the Court's July 18, 2013, Order. Attached hereto as Exhibit 1 is a true and correct copy of the Toyota Defendants' objections.

16. Additionally, as a result of vagueness in the responses from the Toyota Defendants regarding the existence of Toyota's CAD and finite element modeling, Plaintiffs' counsel submitted a letter dated February 1, 2013, to Toyota's counsel asking for the status of the Toyota Defendants. CAD and FEM information. Attached hereto as Exhibit 2 is a true and correct copy of Plaintiffs' February 1, 2013, letter to Toyota's counsel.

17. To date, the Toyota Defendants have refused to respond to the February 1, 2013, letter seeking a clarification on the existence and production of finite element models, etc.

## CONCLUSION

The Toyota Defendants have had Plaintiffs' discovery requests in its possession since June 2011, when Plaintiffs made the initial requests and since July 2012 when Plaintiffs made the second requests. There is no need to allow Toyota to delay this matter any further. Plaintiffs have been prejudiced and continue to suffer prejudice from the continued stalling by the Toyota Defendants. Accordingly, Plaintiffs ask that the Court deny the Motion for Additional Time, order that Toyota provide the material requested immediately, including any CAD or finite element models that may exist. Plaintiffs ask further that the Court grant Plaintiffs such other and further relief as the Court deems appropriate.

Respectfully Submitted,

| | |
|---|---|
| /s/ Aubrey "Nick" Pittman | /s/ Daryl K. Washington |
| AUBREY "NICK" PITTMAN | DARYL K. WASHINGTON |
| State Bar No. 16049750 | State Bar No. 24013714 |
| | |
| **THE PITTMAN LAW FIRM, P.C.** | **LAW OFFICES OF DARYL K. WASHINGTON P.C.** |
| 100 Crescent Court, Suite 700 | 325 N. St. Paul St., Suite 1975 |
| Dallas, Texas 75201-2112 | Dallas, Texas 75201 |
| 214-459-3454 | 214-880-4883 |
| 214-853-5912 – fax | 469-718-0380 - fax |
| pittman@thepittmanlawfirm.com | dwashington@dwashlawfirm.com |

## CERTIFICATE OF SERVICE

    I hereby certify that on February 22, 2013, the foregoing document was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

                                               /s/ Aubrey "Nick" Pittman
                                               AUBREY "NICK" PITTMAN