IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, <br><br>    Plaintiffs, <br>v. <br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.,  TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, LLC., VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC., STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC, and DOLPHIN LINE, INC. <br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § § | CAUSE NUMBER: 3:11-cv-0207-N <br><br> JURY TRIAL DEMANDED |

**THE TOYOTA DEFENDANTS' MOTION TO STRIKE, AND RESPONSE
TO "NOTICE OF COMMUNICATION SENT TO THE COURT'S CHAMBERS"**

TO THE HONORABLE COURT:

Defendants Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc. (collectively "the Toyota Defendants") in the above-styled and numbered action, file this Motion to Strike and Response to "Notice of Communication Sent to the Court's Chambers," and would respectfully show the Court as follows:

**I. Relevant Background**

1.      On January 22, 2013, the Court held a hearing on Plaintiffs' Second Motion to Compel.  At the hearing, the Court ordered the Toyota Defendants to treat Plaintiffs' prior letter requests as formal discovery and to provide written responses to the same within a week.  (Dkt.

No. 136 at 32, 36). As Plaintiffs' concede, the Toyota Defendants provided detailed responses to the requests by the Court ordered deadline. (Dkt. No. 139 at 4).

2. Plaintiffs' counsel then sent a letter to counsel for the Toyota Defendants asking for clarification of their responses regarding Finite Element Modeling ("FEM") information. (Exhibit 2 to Dkt. No. 139). Counsel for the Toyota Defendants provided clarification in their response dated February 22, 2013. (*Id.*). Plaintiffs' counsel responded by letter that same day requesting another response regarding FEM. (*Id.*). Counsel for the Toyota Defendants again responded, providing further clarification, on March 1, 2013. March 1, 2013 letter from David P. Stone to Plaintiffs' Counsel, attached hereto as Exhibit "A."

3. On March 3, 2013, Plaintiffs' filed their "Notice of Communication Sent to the Court's Chambers" ("Notice"). (Dkt. No. 139). Attached to the Notice is a letter addressed to Judge Godbey, the February 1 and February 22 letters exchanged by counsel, and a proposed order. (*Id.*). Plaintiffs failed to include the March 1, 2013 letter from the Toyota Defendants' counsel with their submission to the Court. The letter addressed to Judge Godbey "asks that the Court enter the attached order, requiring Toyota specify the status of Toyota's CAD and FEM files and representations." (*Id.* at 4).

## II. Motion to Strike

4. The Notice should be stricken. "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). The Notice does not purport to be a motion. The attachment to the notice, however, requests a court order. Since neither the Notice nor the attachment are a motion, the entire Notice, including attachments should be stricken as an improper request for a court order. *Id.*

5. Even if the Court chooses to treat the Notice as a motion, the Notice should nevertheless be stricken. A motion must "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). The Notice itself does not identify any grounds seeking the order. Plaintiffs fail to identify any specific discovery responses that they purport to be

inadequate or any objection to a specific request that they purport to be inappropriate. Such a global assertion is not the proper basis for a motion to compel because it fails to identify any specific discovery request that the Court may address. *See id.* Further, Plaintiffs' "motion" does not provide the Toyota Defendants with meaningful notice of any specific discovery responses or objections Plaintiffs are complaining about, and therefore, deprives the Toyota Defendants of the opportunity to specifically respond to Plaintiffs' allegations. Even more fundamentally, a motion must "state the relief sought." Fed. R. Civ. P. 7(b)(1)(C). Nowhere does the notice itself state that Plaintiffs are seeking any relief. Additionally, under the local rules, an opposed motion to compel "must be accompanied by a brief that sets forth the moving party's contentions of fact and/or law, and argument and authorities." LR 7.1(d). Plaintiffs' Notice is not accompanied by any brief. Moreover, nowhere in the notice or its attachments do Plaintiffs make any legal argument or identify any legal authorities in support of the relief they request. The Court should, therefore strike the Notice.

### III. Response to Notice of Communication

6. While the Toyota Defendants maintain that the Notice should be stricken from the Court's pleadings, for purposes of efficiency they also provide this substantive response to the Notice.

7. There is no basis for granting Plaintiffs the relief they seek. Plaintiffs state that "[a]s a result of Toyota's over breadth, irrelevance, and undue burden objections to phrases such as 'CAD files' and 'finite element analysis input files' Plaintiffs are unsure as to whether Toyota is… refusing to produce CAD files or FEM representations." (Dkt. No. 139 at 4). Plaintiffs' purported "uncertainty" as to the meaning of the Toyota Defendants' responses is no basis to deem the Toyota Defendants' discovery responses legally inadequate, or the Toyota Defendants' objections inappropriate. Because the Notice and exhibits do not even allege that any of the Toyota Defendants' responses are legally inadequate, they provide no basis for granting the relief sought by the Plaintiffs proposed order.

8.      The Toyota Defendants have already provided Plaintiffs with the information they seek. Plaintiffs ask the Court to compel the Toyota Defendants to state whether they have "any" CAD files or FEM representations "related in any way to" the 2003-2009 or 2010-2012 U.S. bound 4 Runner. (Dkt. No. 139 at 7). The Toyota Defendants have consistently responded, including in open court, and as recently as in the March 1, 2013 letter, that they have searched for and produced the FEM data relevant to this case, and that they are not withholding any such relevant FEM data. (Exhibit A at 1). The Toyota Defendants have sufficiently responded to Plaintiffs' requests on numerous occasions and they should not be made to respond further.

9.      With respect to CAD, TMC has repeatedly told Plaintiff that TMC has searched for CAD relevant to this case with respect to the 2003-2009 and 2010-2012 U.S. bound 4Runner's crashworthiness in rear impact crashes, fuel system design, front seat belts and rear No. 1 seat belts, curtain shield airbag system, or rear No. 1 seat; and that TMC has already produced the CAD relating to the fuel system, seat belt system (front and rear No. 1 seat belts (40:20:40)), curtain shield airbag (passenger seat), rear frame and upper cabin, and rear no. 1 seat back (40:20:40) of the 2003-2009 and 2010-2012 U.S. bound 4Runner that was located as a result of that search. Now, pursuant to the continued meet and confer efforts that are ongoing, in the spirit of cooperation, TMC is conducting additional searches for any CAD that may be applicable to the roof, front, and side structures of the 2003-2009 and 2010-2012 U.S. bound 4Runner. If TMC locates any such CAD as a result of these additional searches, TMC will produce them to Plaintiff through a supplemental response by May 3, 2013, although TMC does not believe that any such CAD will be relevant to the defect allegations and the accident configuration in this case.

10.     The Toyota Defendants have also consistently asserted appropriate objections to Plaintiffs' requests. For example, Plaintiffs' request for any CAD files or FEM representations "related in any way to" the 2003-2009 or 2010-2012 U.S. bound 4Runner is overly broad. As

phrased, Plaintiffs' request calls for all CAD and FEM for each and every component part in 10 model years of 4Runner vehicles. CAD and FEM materials not relevant to the components and systems alleged to be defective in this case with respect to the 2003-2009 and 2010-2012 U.S. bound 4Runner, are outside the scope of discovery. The Toyota Defendants have not used objections to avoid giving direct responses to Plaintiffs' discovery requests as Plaintiffs allege, but rather, the objections were necessitated by Plaintiffs' inartful discovery requests. The Toyota Defendants' objections are appropriate and should be sustained.

Therefore, the Toyota Defendants respectfully request that the Court strike Plaintiffs' Notice of Communication Sent to the Court's Chambers, or in the alternative, deny Plaintiffs' request that the Court enter the order attached to that Notice.

Respectfully submitted,

*/s/ David P. Stone*
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 North Harwood Street, Suite 1700
Dallas, Texas 75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR DEFENDANTS TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., AND TOYOTA MOTOR SALES, U.S.A., INC.**


## CERTIFICATE OF CONFERENCE

I hereby certify that on March 7, 2013, I attempted to contact Aubrey "Nick" Pittman, counsel for Plaintiffs, to confer regarding this motion, but counsel did not respond. As such, I presume Plaintiffs are opposed to the relief requested by this motion.

*/s/ Jude T. Hickland*
**Jude T. Hickland**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 7th day of March, 2013.

*/s/ David P. Stone*
**David P. Stone**