IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, <br><br>    Plaintiffs, <br><br>v. <br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, LLC., VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC., STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC, and DOLPHIN LINE, INC. <br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § § | CAUSE NUMBER: 3:11-cv-0207-N <br><br><br> JURY TRIAL DEMANDED |

**THE TOYOTA DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE, "NOTICE OF COMMUNICATION SENT TO THE COURT'S CHAMBERS"**

TO THE HONORABLE COURT:

Defendants Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc. (collectively "the Toyota Defendants") in the above-styled and numbered action, file this Reply in Support of their Motion to Strike "Notice of Communication Sent to the Court's Chambers," and would respectfully show the Court as follows:

**I. Summary of Argument**

1.    Plaintiffs' "Notice of Communication Sent to the Court's Chambers" ("Notice") should be stricken. The Notice is an improper request for an order and should be stricken because an order can only be requested by a motion. Moreover, there is no basis for granting

the requested order because the Toyota Defendants have already provided the relevant information responsive to the requests and have agreed to conduct further searches for information that is not even relevant to the defect allegations and crash configuration in this case, purely to appease Plaintiffs.

## II. The Notice Should be Stricken

2.    The Notice should be stricken.  "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1).  Plaintiffs' Notice is not a motion.  The attachment to the notice, however, requests a court order.  Since neither the Notice nor the attachment are a motion, the entire Notice, including attachments should be stricken as an improper request for a court order. *Id.*

3.    Plaintiffs correctly admit the Notice is not a motion, but allege that it would be "overkill" for Plaintiffs to file another motion, and that the Notice is "simply an inquiry into whether the Toyota Defendants have complied candidly and completely."  (Dkt. No. 145 at 3). Ironically, it would have required little effort on Plaintiffs' part to file a motion instead of the Notice.  Plaintiffs simply needed to file a document titled a "motion" with the court in writing, that stated with particularity the grounds for seeking the order, and the relief sought that complied with the Court's local rules. Fed. R. Civ. P. 7(b)(1).  Instead, Plaintiffs filed a "notice" that did not directly request any relief, but via attachments asks for the entry of an "order" (also attached to the "Notice").  Plaintiffs' decision to file a notice cannot credibly be blamed on the hardship of complying with the limited requirements for an appropriate motion.  Plaintiffs' Notice is not simply an "inquiry" as Plaintiffs suggest.  Rather, Plaintiffs have affirmatively asked the Court to enter an order, and even attached their "requested order" to the Notice.  Plaintiffs' Notice is, therefore, an improper request for a court order and should be stricken.

## III. The Order Should Not be Granted

4.    Even if Plaintiffs' Notice is not stricken, the requested relief should not be granted for the following reasons.

5.      In their response Plaintiffs once again complain of the volume of the Toyota Defendants objections to their discovery requests. (Dkt. No. 145 at 7). Once again Plaintiffs fail to provide one specific example of how any objection to any specific request is inappropriate. The Toyota Defendants have demonstrated to this Court previously that objections had to be asserted to many of Plaintiffs' discovery requests because the requests were inartfully crafted, and the Toyota Defendants did not wish to waive their legitimate objections to such poorly written requests by not asserting the appropriate objections.

6.      Plaintiffs also semantically complain that the Toyota Defendants "never responded to the question whether the Toyota Defendants have 'any' entire vehicle, or other CAD or FEM representations." (Dkt. No. 145 at 7). To the contrary, TMC's responses addressed all aspects of FEM representations, including input files, data, models, and output files, relating to the 2003-2009 and 2010-2012 4Runner's crashworthiness, structural integrity, fuel system design, front seat belts and rear No. 1 seat belts, airbag system, or rear No. 1 seat in front, side, rear impact or rollover crashes. Most notably, the Toyota Defendants March 1, 2013 letter, which Plaintiffs did not refer to in either the Notice or their response, states that "the FEM data, including any **representations**, applicable to the crash configuration in this case that was located by TMC has already been produced to Plaintiffs." (Dkt. No.141 at 3) (emphasis added). Additionally, the Toyota Defendants' letter of February 22, 2013 states "[t]he Toyota defendants are not withholding any other FEM data, or computer files specifically used for creating FEM." (Dkt. No.139 at 10).

7.      As the Toyota Defendants have consistently represented, TMC has already searched for and provided Plaintiffs with all the FEM data and representations that TMC located that are within the proper scope of discovery in this case. (Exhibit A to Dkt. No. 140 at 1). With respect to CAD, TMC has already produced the CAD documents that were located relating to the 2003-2009 and 2010-2012 4Runner's fuel system, front seat belts and rear No. 1 seat belts, curtain shield airbag system, rear No. 1 seat, rear frame, and upper cabin. TMC objected

appropriately to requests for drawings, including CAD, that did not relate to components of the 2003-2009 and 2010-2012 U.S. bound 4Runner that are not alleged to be defective, and that have no relevance to the crash configuration in this case. Nevertheless, because Plaintiffs' counsel continues to insist that TMC is "hiding" relevant CAD, without waiving the Toyota Defendants' objections and purely in the spirit of cooperative discovery, TMC also searched for additional engineering drawings, including CAD, that may relate to certain components of the 2003-2009 and 2010-2012 U.S. bound 4Runner that the Toyota Defendants contend are <u>not</u> relevant to the crash configuration in this case, but that are arguably responsive to Plaintiffs' broad discovery requests. As a result of those searches, TMC has recently produced additional CAD that was located relating to the front door, rear door, upper body, under body, and back door of the 2010-2012 U.S. bound 4Runner, and additional CAD relating to the under body of the 2003-2009 U.S. bound 4Runner. See The Toyota Defendants' Second Supplemental Response to Plaintiffs' Counsel's Letter Requests, dated March 15, 2013. If TMC locates any other applicable CAD through its continuing searches, TMC will produce it to Plaintiffs through additional supplemental responses before May 3, 2013.

8. Notwithstanding the extensive effort that TMC has made to appease Plaintiffs by conducting extremely burdensome, expensive, and time consuming searches looking for documents that would only be marginally applicable to this case, if at all, Plaintiffs now ask the Court to compel the Toyota Defendants to state whether they have "any" CAD files or FEM representations "related in any way to" the 2003-2009 or 2010-2012 U.S. bound 4 Runner. (Dkt. No. 139 at 7). Tellingly, in making that request, Plaintiffs have not identified a single type of properly discoverable FEM or CAD data that the Toyota Defendants have failed to agree to search for and produce. In fact, it has been more than two years since this case was initially filed, but Plaintiffs have yet to identify any component of the 4Runner they believe is specifically defective. Therefore, there is no basis for granting relief on any part of Plaintiffs' sweeping and overly broad Notice.

The Toyota Defendants respectfully request that the Court strike Plaintiffs' Notice of Communication Sent to the Court's Chambers, or in the alternative, deny Plaintiffs' request that the Court enter the order attached to that Notice.

Respectfully submitted,

*/s/ David P. Stone*
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 North Harwood Street, Suite 1700
Dallas, Texas  75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR DEFENDANTS TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., AND TOYOTA MOTOR SALES, U.S.A., INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 18th day of March, 2013.

*/s/ David P. Stone*
**David P. Stone**