IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE-HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE,<br>  Plaintiffs<br><br>V.<br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, INC., VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, INC., STRICK CORPORATION, INC., JOHN FAYARD MOVING & WAREHOUSE, LLC, and DOLPHIN LINE, INC.<br>  Defendants. | § § § § § § § § § § § § § § § § § § § § § § § | CASE NUMBER: 3:11-cv-0207-N |

**DEFENDANT STRICK TRAILERS, LLC'S
BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

I.  SUMMARY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II. FACTUAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III. SUMMARY JUDGMENT EVIDENCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

IV. ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

     A.    Summary Judgment Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
     B.    No Wrongful Death Claim for the Greene Children. . . . . . . . . . . . . . . . . . . . . 6
     C.    Parents Cannot Recover for the Wrongful Death of a Child's Spouse. . . . . . . . . 7
     D.    Wyndell Sr.'s Estate Cannot Recover for the Wrongful Death of Lakeysha. . . . . . 7
     E.    Parents and Grandparents of the Deceased Cannot Recover Exemplary Damages. 7

V. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## **TABLE OF AUTHORITIES**

**Cases**

*Foradori v. Harris*,
 523 F.3d 477 (5th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
*Erie R.R. v. Tompkins*,
 304 U.S. 64 (1938). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
*Shepherd v. Ledford*,
 962 S.W.2d 28 (Tex. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7
*Wackenhut Corr. Corp. v. De La Rosa*,
 305 S.W.3d 594 (Tex. App.-Corpus Christi 2009, no pet.). . . . . . . . . . . . . . . . . . 6, 7
*Huntington v. Walker Austex Chili Co.*,
 285 S.W.2d 255 (Tex. Civ. App.-Waco 1955, writ ref'd). . . . . . . . . . . . . . . . . . . . . 6
*Gen. Chem. Corp. v. De La Lastra*,
 852 S.W.2d 916, 923 (Tex. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Rules**

Fed. R. Civ. P. 56(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Statutes**

Tex. Civ. Prac. & Rem. Code § 71.004. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8
Tex. Const. Art. XVI, § 26. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Strick Trailers, LLC, Defendant in the above-entitled and numbered cause, and files this their Brief in Support of their Motion for Partial Summary Judgment, and respectfully shows unto the Court as follows:

### I. Summary

1. Plaintiff's Second Amended Complaint alleges various causes of action against Defendant Strick Trailers, LLC ("Strick"), including claims for strict liability, misrepresentation, negligence, wrongful death, and survival actions. These claims are made by Plaintiffs on behalf of the Green Family, including Wyndell Green, II and Wesleigh Green. Plaintiffs collectively request assorted damages, such as those for actual damages, loss of consortium, physical pain and suffering, loss of earnings, and exemplary damages, among others. Although some of the Plaintiffs have standing to bring certain claims, others of the Plaintiffs do not. Further, none of the Plaintiffs have standing to recover wrongful death damages related to Wyndell Greene, II or Wesleigh Greene. Defendant Strick seeks partial summary judgment for all claims improperly asserted, as described below.

2. Strick would also advise the Court that it has previously granted the Toyota and Volvo Defendants' Motion for Partial Summary Judgment on these same issues.

### II. Factual Background

3. This case arises out of a multiple vehicle accident that took place the evening of May 28, 2010 in Kaufman County, Texas, on eastbound Interstate 20 near Terrell, Texas. At the time of the crash, Wyndell Greene, Sr. ("Wyndell, Sr.") was driving a 2010 Toyota 4Runner. Wyndell, Sr.'s wife Lakeysha Green ("Lakeysha") was the front seat passenger, and their children Wyndell Green,

II and Wesleigh Greene (collectively the "Greene Children") were passengers in the rear. The 4Runner was at a near stop due to heavy traffic. The 4Runner was rear-ended at high-speed by a 2008 Volvo tractor truck operated by Charles Derrick Moody. Lakeysha Green, Wyndell Green, II and Wesleigh Greene died at the scene due to the blunt force trauma of the crash. Wyndell Greene, Sr. died months latter.

4. The three Plaintiffs in this case are relatives of the deceased. Plaintiff Ollie Greene ("Ollie") is the mother of Wyndell Greene, Sr. Plaintiff William Green ("William") is Wyndell, Sr.'s brother and the Administrator of Wyndell, Sr.'s estate. Plaintiff Marilyn Burdette Hardeman is the mother of Lakeysha.

### III. Summary Judgment Evidence

5. The following materials support Strick's Motion for Partial Summary Judgment:

Exhibit 1:   Plaintiffs' Second Amended Complaint (Doc. No. 113)

### IV. Argument and Authorities

**A.   Summary Judgment Standard**

6. Under Federal Rule of Civil Procedure 56, summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV P. 56(c). When federal jurisdiction is based on diversity of citizenship, as in this case, a federal court applies the substantive law of the forums state in which it is sitting, therefore Texas substantive law applies to this action. See, e.g., *Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)).

### B.     No Wrongful Death Claim for the Greene Children

7.     A wrongful death cause of action is for the exclusive benefit of the surviving spouse, children, or parents of the deceased. Tex. Civ. Prac. & Rem. Code § 71.004. Therefore, to bring a wrongful death cause of action, "a party is required to prove that he or she was the deceased's spouse, child, or parent." *Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998). "[A] wrongful death claim does not survive a beneficiary's death." *Wackenhut Corr. Corp. v. De La Rosa*, 305 S.W.3d 594, 632 (Tex. App.-Corpus Christi 2009, no pet.).

8.     In *Huntington v. Walker Austex Chili Co.*, an infant and his parents were in an automobile accident, and the parents predeceased the infant by ten minutes. 285 S.W.2d 255, 256 (Tex. Civ. App.-Waco 1955, writ ref'd). The infant's estate brought a wrongful death claim for the parent's death relying on the survival statute. *Id*. The court held that the survival statute only provides for survival of the deceased's cause of action for the deceased's personal injuries and death, not for the survival of a wrongful death beneficiary's cause of action. *Id*. at 258. The Texas Supreme Court refused the application for writ of error for this case, making the case's authority as binding as an opinion from the Supreme Court itself. *Wackenhut*, 305 S.W.3d at 634.

9.     Plaintiffs purport to bring an action "for the wrongful death of the Greene Family." Plaintiffs' Second Amended Complaint, attached as Exhibit 1, at ¶ 4(hereinafter "Complaint"). However, Plaintiffs Ollie Greene and Marilyn Burdette Hardeman are, respectively, Wyndell Sr.'s mother and Lakeysha's mother, and the Greene Children's grandmothers. As neither Ollie Greene or Marilyn Burdette Hardeman are the spouse, child, or parent of the Greene Children, they lack standing to pursue a wrongful death action. Likewise, while Wyndell Sr. could have brought a claim for the Greene Children's wrongful deaths, Wyndell Sr.'s claim did not survive his death. Wyndell

Sr.'s estate therefore lacks standing to bring such a claim. Accordingly, no Plaintiff has standing to bring a wrongful death claim with regards to the Greene Children, and summary judgment should be granted in favor of Defendant Strick.

**C.     Parents Cannot Recover for the Wrongful Death of a Child's Spouse**

10.     As previously noted, a wrongful death cause of action is for the exclusive benefit of the surviving spouse, children, or parents of the deceased. Tex. Civ. Prac. & Rem. Code § 71.004; *Shepherd*, 962 S.W.2d at 31. Ollie Greene, as Wyndell Sr.'s mother, may therefore assert a wrongful death claim in relation to Wyndell Sr.'s death, but not for Lakeysha's death. Likewise, Lakeysha's mother Marilyn Burdette Hardeman may assert a wrongful death claim for Lakeysha, but not for Wyndell Sr.'s death. Summary judgment should therefore be granted in favor of Defendant Strick with regards to Ollie Greene and Marilyn Burdette Hardeman's wrongful death claims related to their child's spouse.

**D.     Wyndell Sr.'s Estate Cannot Recover for the Wrongful Death of Lakeysha**

11.     A wrongful death cause of action does not survive the death of the beneficiary of that claim. *Wackenhut*, 305 S.W.3d at 634. Therefore, any wrongful death claim belonging to Wyndell Sr. may not be maintained by his estate. Accordingly, Wyndell Sr.'s Estate lacks standing to bring a claim for the wrongful death of Wyndell Sr.'s wife, Lakeysha, and summary judgment for such a claim should be granted in favor of Defendant Strick.

**E.     Parents and Grandparents of the Deceased Cannot Recover Exemplary Damages**

12.     Plaintiffs seek exemplary damages for the alleged wrongful deaths of the Greene Family. Complaint at ¶ 4. The Texas constitution identifies the specific classes of individuals who may maintain a claim for exemplary damages for wrongful death: "the surviving husband, widow, [or]

heirs of his or her body". Tex. Const. Art. XVI, § 26. While the parents of the deceased are allowed to bring a claim under the Wrongful Death Statute, parents are not included in class of those entitled to exemplary damages. *Id.*; Tex. Civ. Prac. & Rem. Code § 71.004; *Gen. Chem. Corp. v. De La Lastra*, 852 S.W.2d 916, 923 (Tex. 1993) ("[P]arents of the deceased . . are not included in article XVI, § 26 and are therefore unable to recover punitive damages."). Ollie Greene and Marilyn Burdette Hardeman are respectively, Wyndell Sr.'s mother and Lakeysha's mother, and the Greene Children's grandmothers. Because mothers and grandmothers are not identified as one of those classes entitled to exemplary damages for wrongful death, summary judgment for such claims should be granted in favor of Defendant Strick.

## V. Conclusion

WHEREFORE, PREMISES CONSIDERED, Defendant, Strick Trailer, LLC, prays that this Court grant this Motion for Partial Summary Judgement in its entirety and render judgment that Plaintiffs take nothing by the following claims:

1. Any wrongful death claims resulting from the deaths of Wesleigh Greene and Wyndell Greene, Jr.;
2. Any wrongful death claims by Ollie Green for damages resulting from the death of Lakeysha Greene;
3. Any wrongful death claims by Marilyn Burdette Hardeman for damages resulting from the death of Wyndell Greene, Sr.;
4. Any wrongful death claims by the Estate of Wyndell Greene, Sr. for damages resulting from the death of Lakeysha Greene; and
5. Any claims for exemplary damages brought by Ollie Greene or Marilyn Burdette Hardeman.

Defendant Strick further pleads for any and all such other and further relief to which this Defendant may show itself to be justly entitled.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

/s/ *S. Todd Parks*
S. TODD PARKS
Texas State Bar No. 15526520
JASON L. WREN
Texas State Bar No. 24028144
ASHLEY DE LA CERDA
Texas State Bar No. 24045760
900 Jackson Street, Suite 600
Dallas, Texas  75202
214/749-4805
214/760-1670 (Facsimile)


ATTORNEYS FOR DEFENDANT STRICK

## CERTIFICATE OF SERVICE

This is to certify that on the 28th day of March, 2013, a true and correct copy of the above and foregoing was forwarded to all non-registered counsel of record in accordance with the Federal Rules of Civil Procedure via facsimile and to all registered counsel of record by electronic service through the court's ECF system in compliance with Federal Rule of Civil Procedure 5(b)(2)(E) and 5(b)(3).

/s/ *S. Todd Parks*
S. TODD PARKS