# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, | § § § § § § § § § § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | **CAUSE NUMBER: 3:11-cv-0207-N** |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, LLC., VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC., STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC, and DOLPHIN LINE, INC. | | **JURY TRIAL DEMANDED** |
| Defendants. | | |

---

### PLAINTIFFS' RESPONSE TO DEFENDANT STRICK'S MOTION
### FOR PARTIAL SUMMARY JUDGMENT AND BRIEF IN SUPPORT OF RESPONSE

---

AUBREY "NICK" PITTMAN
State Bar No. 16049750

**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax
pittman@thepittmanlawfirm.com

DARYL K. WASHINGTON
State Bar No. 24013714

**LAW OFFICES OF DARYL K. WASHINGTON P.C.**
325 N. St. Paul St., Suite 1975
Dallas, Texas 75201
214-880-4883
469-718-0380 - fax
dwashington@dwashlawfirm.com

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ........................................................................................................ iii

I.      PRELIMINARY STATEMENT ........................................................................................ 1

II.     RELEVANT FACTS .......................................................................................................... 1

III.    ARGUMENT AND AUTHORITIES ................................................................................ 3

        A.      The Correct Standard Applicable to Strick's Motion for Partial Summary Judgment. ................................................................................................................ 3

        B.      There is No Dispute that Each of the Parties in the Lawsuit has Standing Before the Court to Assert Wrongful Death and Survival Claims, as well as Common Law Causes of Action. .......................................................................................... 4

        C.      It is Undisputed that Each Plaintiff Has Viable Claims Against Strick. ................. 6

        D.      There is No Dispute that Exemplary Damages are Recoverable in this Action. .... 7

        E.      The Court Should Not Grant Summary Judgment on Issues for Which there is no Present Controversy. ................................................................................................ 8

        F.      The Appropriate Stage, if any, During Which to Make Declarations Regarding Which Plaintiff is Entitled to Which Element of Damages is Through Jury Instructions and Verdict Form. ............................................................................... 9

IV.    CONCLUSION ................................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**

*Abbott v. Equity Group, Inc.*,
   2 F.3d 613 (5th Cir. 1993) ............................................................................................. 9

*Aluminum Company of America v. Alm*,
   785 S.W.2d 137 (Tex. 1990) ......................................................................................... 6

*American Tobacco Co., Inc. v. Grinnell*,
   951 S.W.2d 420 (Tex. 1997) ......................................................................................... 7

*Bethel v. Thornbrough*,
   311 F.2d 201 (10th Cir.1962) ...................................................................................... 10

*Bexar–Medina–Atascosa Counties Water Control & Improvement Dist. No. 1 v.
   Medina Lake Prot. Ass'n*,
   640 S.W.2d 778 (Tex.App.-San Antonio 1982, writ ref'd n.r.e) ................................... 8

*Bolden v. Kansas City So. Rwy. Co.*,
   468 F.2d 580 (5th Cir. 1972) ....................................................................................... 10

*Bonham State Bank v. Beadle*,
   907 S.W.2d 465 (Tex.1995) .......................................................................................... 8

*Bristol-Myers Co. v. Gonzalez*,
   561 S.W.2d 801 (Tex. 1978) ......................................................................................... 6

*Camarena v. Tex. Employment Comm'n*,
   754 S.W.2d 149 (Tex.1988) .......................................................................................... 9

*Castleberry v. Goolsby Building Corp.*,
   617 S.W.2d 665 (Tex. 1981) ......................................................................................... 7

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ...................................................................................................... 3

*City of Houston v. Clear Creek Basin Auth.*,
   589 S.W.2d 671 (Tex.1979) .......................................................................................... 3

*Ellison v. Messerschmitt–Bolkow–Blohm*,
   807 F.Supp. 39 (E.D.Tex.1992) .................................................................................... 7

*Felan v. Ramos*,
   857 S.W.2d 113 (Tex.Ct.App.1992) ............................................................................. 5

*Firestone Steel Products Co. v. Barajas*,
   927 S.W.2d 608 (Tex. 1996) ......................................................................................... 7

*Flores v. Cameron Cnty., Tex.*,
   92 F.3d 258 (5th Cir.1996) ........................................................................................... 5

*Frazier v. Wynn*,
   472 S.W.2d 750 (Tex.1971) .......................................................................................... 5

*Freeman v. City of Pasadena*,
 744 S.W.2d 923 (Tex.1988)..................................................................................................5

*General Motors Corp. v. Hopkins*,
 548 S.W.2d 344 (Tex. 1977)..................................................................................................6

*Gisriel v. Uniroyal, Inc.*,
 517 F.2d 699 (8th Cir.1975) ................................................................................................10

*Grice et al. v. Ray McDermott and Co. Inc.*,
 465 F.2d 486 (5th Cir. 1972) ...............................................................................................10

*Gulbenkian v. Penn*,
 252 S.W.2d 929 (Tex. 1952)..................................................................................................3

*Hofer v. Lavender*,
 679 S.W.2d 470 (Tex. 1984)..................................................................................................7

*Huntington v. Walker Austex Chili Co.*,
 285 S.W.2d 255 (Tex.Civ.App. – Waco 1955, writ ref'd) ....................................................9

*Jackson v. So. Rwy. Co.*,
 317 F.2d 532 (5th Cir. 1963), *cert. den.*, 375 U.S. 837 (1964)...........................................10

*Kramer v. Lewisville Memorial Hospital*,
 858 S.W.2d 397 (Tex. 1993)..................................................................................................4

*Maxey v. Freightliner Corp.*,
 722 F.2d 1238 (5th Cir.1984) ................................................................................................8

*McKisson v. Sales Affiliates, Inc.*,
 416 S.W.2d 787 (Tex.1967)...................................................................................................6

*Merchant's Fast Motor Lines, Inc. v. Lane,*
 359 F.2d 336 (5th Cir. 1958), *cert. den.*, 359 U.S. 935 (1959)............................................9

*Moreno v. Sterling Drug, Inc.*,
 787 S.W.2d 348 (Tex. 1990); ................................................................................................4

*Patterson v. Planned Parenthood*,
 971 S.W.2d 439 (Tex.1998)...................................................................................................8

*Perry v. Del Rio*,
 66 S.W.3d 239 (Tex.2001).....................................................................................................8

*Regional Rail Reorganization Act Cases,*
 419 U.S. 102 (1974)...............................................................................................................9

*Ritz Car Wash, Inc. v. Kastis*,
 976 S.W.2d 812 (Tex.App. – Houston [1st Dist.] 1998, pet. denied).....................................6

*Torrington Co. v. Stutzman*,
 46 S.W.3d 829 (Tex. 2000)....................................................................................................6

*Travelers Indem. Co. of Ill. v. Fuller,*
 892 S.W.2d 848 (Tex.1995)...................................................................................................7

*Turner v. General Motors Corp.*,
  584 S.W.2d 844 (Tex.1979) ............................................................................................... 6

*Wackenhut Corr. Corporation v. de la Rosa*,
  305 S.W.3d 594 (Tex.App.-Corpus Christi 2009, no pet) ......................................................... 9

**Statutes**

Article XVI, Section 26, of the Texas Constitution .................................................................... 7

TEX. CIV. PRAC. & REM.CODE § 71.001 ................................................................................. 4

TEX. CIV. PRAC. & REM.CODE § 71.004(a)(b) ........................................................................ 4

TEX. CIV. PRAC. & REM.CODE § 71.009 ................................................................................. 7

TEX. CIV. PRAC. & REM.CODE § 71.021 .............................................................................. 4, 7

TEX. CIV. PRAC. & REM.CODE § 71.021(b) .............................................................................. 4

**Rules**

FED.R.CIV.P. 56(c) .................................................................................................................... 3

**Treatises**

13A Charles A. Wright et al., Federal Practice & Procedure § 3532 (2d ed. 1984) ....................... 9

Demarest, The History of Punitive Damages in Texas, 28 S.Tex.L.J. 535 (1987) ......................... 7

COME NOW Ollie Greene, Individually as the surviving parent of Wyndell Greene, Sr., William Greene, as the Administrator of the Estate of Wyndell Greene Sr., and Marilyn Burdette Hardeman, Individually and as the surviving parent of LaKeysha Greene (collectively, "Plaintiffs"), and file their Response to Defendant Strick Trailers, LLC's ("Strick") Motion for Partial Summary Judgment (the "Motion for Partial Summary Judgment"), and show the Court as follows:

## I.   PRELIMINARY STATEMENT

Strick's Motion for Partial Summary Judgment misrepresents causes of actions sought in Plaintiffs' Complaint, misrepresents the law that applies Plaintiffs' arguments, and without any competent summary judgment evidence, seeks an improper grant of summary judgment on issues not before the Court. Accordingly, the Court should deny Strick's Motion for Partial Summary Judgment in its entirety.

## II.   RELEVANT FACTS

1.   On May 28, 2010, Wyndell Greene, Sr. ("Wyndell Sr."), LaKeysha Greene ("LaKeysha"), Wyndell Greene, II ("Wyndell II"), and Wesleigh Greene ("Wesleigh"), (Wyndell Sr., LaKeysha, Wyndell II and Wesleigh are collectively referred to herein as the "Greene Family") were traveling from the Dallas area in their Toyota 4Runner (the "Toyota 4Runner") to Louisiana for Wyndell II's third birthday when they were struck from the rear by a Volvo tractor (the "Volvo Heavy Truck"). The collision came without warning and caused the Toyota 4Runner to collide with a Toyota Corolla and a trailer that was manufactured by Strick Trailers, LLC, owned by Dolphin Line, and towed by a freightliner owned by John Fayard Moving and Warehouse (the "Strick Trailer"). The Greene Family's Toyota 4Runner burst rapidly into

uncontrollable flames.  The rapid fire that apparently originated from the Toyota 4Runner's fuel system was described by witnesses as an "explosion."

2.      As a result of the crash, 3-year old Wyndell II was virtually decapitated in the rear occupant compartment of the Toyota 4Runner where his body parts lay among the mangled substandard Toyota metal and throughout other inadequate rear occupant compartments in the Toyota 4Runner that should have been designed to keep him protected.

3.      Wesleigh Greene was also trapped in the Toyota 4Runner, unable to escape, and eventually burned to ashes while inside the Toyota 4Runner, attempting to crawl towards her father immediately following the collision.  The design and manufacture of the 4Runnner's fuel system and lack of sufficient flame-retardant material in the 4Runner caused the fire to quickly engulf the 4Runner and overcome Wesleigh.

4.      LaKeysha Greene, although wearing her seatbelt, was ejected from the Toyota 4Runner's seatbelt restraint and suffered burns and lacerations to a significant portion of her body. Lakeysha eventually died from the trauma as a result of her ejection from her seatbelt and the complete failure of Toyota's crash sensors and airbag restraints, in combination with the substandard ICC rear impact guard on the Strick Trailer.

5.      Wyndell Sr. was burned over a substantial portion of his body and sustained unwarranted and excruciating physical pain, mental anguish, and emotional distress at the scene and afterwards. Approximately three months following the accident, Wyndell Sr. died as a result of the burns suffered in the collision, which occurred when the family SUV came into contact with the Strick Trailer.

6.      In the live complaint, Plaintiffs allege, *inter alia*, that the Strick Trailer was defective and unreasonably dangerous as designed, manufactured, assembled, marketed, and/or

tested because of the following design, manufacturing and/or marketing defects, among others: the trailer did not have strength and energy-absorbing features that optimized the prevention of the underride hazard for vehicles that might crash into the rear of the trailer; and the ICC rear bumper was grossly ineffective in its failure to prevent the intrusion into and crushing of compartments of the Toyota 4Runner.

7. The facts of the case, along with substantial expert testimony, will establish, *inter alia*, that the deaths could have been prevented by alternative designs that Strick and the other Defendants could have implemented in their respective vehicles and/or trailers. Thus, Plaintiffs are clearly entitled to present their claims to a jury in this matter.

### III. ARGUMENT AND AUTHORITIES

**A. The Correct Standard Applicable to Strick's Motion for Partial Summary Judgment.**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). Strick has not introduced any competent summary judgment evidence in the way of discovery or affidavits. *See, also City of Houston v. Clear Creek Basin Auth*., 589 S.W.2d 671, 678 (Tex.1979)(contentions must be expressly presented in summary judgment motion or in response to motion; pleadings are not to be considered in determining whether fact issues are presented in summary judgment motions).

The summary judgment procedure is not intended to deprive a party of a right to a full hearing on the merits of any real issue of fact. *Gulbenkian v. Penn*, 252 S.W.2d 929, 931 (1952).

B.  **There is No Dispute that Each of the Parties in the Lawsuit has Standing Before the Court to Assert Wrongful Death and Survival Claims, as well as Common Law Causes of Action.**

It is undisputed that the Texas Legislature created the right to recover personal injury damages under TEX. CIV. PRAC. & REM.CODE §71.001, et seq., commonly known as the Wrongful Death Act and the Survival Statute. The Texas Survival Statute provides that "[a] personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person." TEX. CIV. PRAC. & REM.CODE § 71.021(b). The Wrongful Death Act repealed the common law rule that prohibited surviving spouses, parents and children from suing for their damages arising out of another's death by creating a statutory cause of action. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 356 (Tex. 1990); *Kramer v. Lewisville Memorial Hospital*, 858 S.W.2d 397, 404 (Tex. 1993). The Texas Wrongful Death statute provides that a wrongful death action exists for the exclusive benefit of the surviving spouse, children, and parents of the deceased, and that one or more of those individuals may bring the action for the benefit of all. *Id.*; TEX. CIV. PRAC. & REM.CODE § 71.004(a)(b).

Ollie Greene, as Wyndell Greene's biological mother, has standing to pursue claims in her own capacity under Texas's wrongful death statute. Because Plaintiffs' Complaint pleads that Ollie Greene is Wyndell Greene's biological mother and heir, it adequately pleads standing as to Ollie Greene in her individual capacity. Similarly, Marilyn Hardeman is LaKeysha Greene's biological mother and has standing to pursue claims in her own capacity under Texas's wrongful death statute. The Complaint pleads that Marilyn Hardeman is Lakeysha Greene's biological mother.

Additionally, the survival statute conveys standing to William Greene to pursue this lawsuit on behalf of Wyndell Greene's estate because the case asserts injury as to Wyndell

Greene and family and because Plaintiffs' Complaint names William Greene as personal representative of the estate of Wyndell Greene, Sr. Under Texas law, the estate's personal representative has the capacity to bring a survival claim. *See Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex.1971)("[T]he personal representative ... is ordinarily the only person entitled to sue for the recovery of property belonging to the estate."). Thus, William Greene has asserted and may claim through Plaintiffs' Complaint any damages that Wyndell Greene would be able to claim, including for personal injuries, pain and suffering, and all other damages suffered prior to his death. *See Flores v. Cameron Cnty., Tex.*, 92 F.3d 258, 272 (5th Cir.1996) ("The actionable wrong in a [Texas] [S]urvival [Act] action is that which the decedent suffered before death. The damages recoverable [by the survivors] are those which the decedent sustained while alive." (quoting *Felan v. Ramos*, 857 S.W.2d 113, 118 (Tex.Ct.App.1992) (citations omitted))). In other words, parties to a survival action seek adjudication of the decedent's own claims for the damages inflicted upon him by a defendant. *See Flores,* 92 F.3d at 272 ("The actionable wrong in a [Texas] [S]urvival [Act] action is that which the decedent suffered before death. The damages recoverable [by the survivors] are those which the decedent sustained while alive." (quoting *Felan,* 857 S.W.2d at 118 (citations omitted))). Furthermore, a bystander, such as Wyndell Greene, may recover mental anguish damages under Texas law after witnessing a close relative suffer a traumatic injury because of a defendant's negligent action. *See Freeman v. City of Pasadena*, 744 S.W.2d 923 (Tex.1988).

     Had Wyndell Greene lived, he would have had standing to seek redress in this Court for these damages. However, due to his death, William Greene must pursue the claims on Wyndell Greene's behalf. Accordingly, there is no dispute that all parties before the Court in this action are proper and that the provisions of the Wrongful Death and Survival Statute are invoked, as is

the law applicable to Plaintiffs' strict liability, negligence, breach of warranty and misrepresentation claims.

**C.     It is Undisputed that Each Plaintiff Has Viable Claims Against Strick.**

As discussed in Plaintiffs' Amended Complaint, Plaintiffs bring claims against Defendants in strict liability and negligence, among other claims. It is the law in Texas that a manufacturing defect exists when a finished product deviates, in terms of its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 844 (Tex. 2000). The duty to design a reasonably safe product is an obligation imposed by law. *McKisson v. Sales Affiliates, Inc.*, 416 S.W.2d 787, 789 (Tex.1967). Whether a seller has breached this duty, that is, whether a product is unreasonably dangerous, is a question of fact for the jury. *See Turner v. General Motors Corp.*, 584 S.W.2d 844, 848 (Tex.1979). This duty extends to both intended and reasonably foreseeable uses of the product. *General Motors Corp. v. Hopkins*, 548 S.W.2d 344, 351 (Tex. 1977). A manufacturer has a duty to warn if it knows or should know of the potential harm to a user because of the nature of its product. *Bristol-Myers Co. v. Gonzalez*, 561 S.W.2d 801, 804 (Tex. 1978). Thus, a marketing defect claim arises when a defendant knows or should have known of a potential risk involving a product but markets it without adequate warning of the danger or providing instructions for safe use. *See Ritz Car Wash, Inc. v. Kastis*, 976 S.W.2d 812, 814 (Tex.App. – Houston [1st Dist.] 1998, pet. denied). Manufacturers, as well as all suppliers of a product, have a duty to inform users of the hazards associated with the use of their products. *Aluminum Company of America v. Alm*, 785 S.W.2d 137, 139 (Tex. 1990).

As to Plaintiffs' negligence claims against Strick, the elements of negligence in Texas are: (1) the existence of a legal duty owed by one person to another to protect the latter against

injury; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Firestone Steel Products Co. v. Barajas*, 927 S.W.2d 608, 613 (Tex. 1996). In a negligence claim against manufacturers such as Strick and the other Defendants, the jury will be asked to look at the acts of these manufacturers and determine if they exercised ordinary care in design and production of their respective products. *American Tobacco Co., Inc. v. Grinnell,* 951 S.W.2d 420, 437 (Tex. 1997). It is undisputed that Plaintiffs' claims are that these Strick and the other Defendants breached these recognized duties by, inter alia, designing, manufacturing, and marketing products that caused the decapitation, burning, and horrific, but preventable, deaths of the decedents. On the other hand, Strick and the other Defendants have submitted no summary judgment evidence with which to dispute the viability of these claims.

**D.     There is No Dispute that Exemplary Damages are Recoverable in this Action.**

Exemplary damages for wrongful death in cases of "homicide, through willful act, or omission, or gross neglect" are authorized by Article XVI, Section 26, of the Texas Constitution. In *Travelers Indem. Co. of Ill. v. Fuller,* 892 S.W.2d 848 (Tex.1995), the court recognized that the purpose of Article XVI, Section 26 was to alleviate two common law impediments to the recovery of damages caused by the death of a family member. *Id.* at 850–52. See also Demarest, The History of Punitive Damages in Texas, 28 S.Tex.L.J. 535, 540 (1987). TEX. CIV. PRAC. & REM.CODE §71.009 expressly provides that "exemplary as well as actual damages may be recovered." Exemplary damages on behalf of a decedent are recoverable by the estate. TEX. CIV. PRAC. & REM.CODE § 71.021 (1997); *Ellison v. Messerschmitt–Bolkow–Blohm*, 807 F.Supp. 39, 41 (E.D.Tex.1992); *Hofer v. Lavender*, 679 S.W.2d 470 (Tex. 1984); *Castleberry v. Goolsby Building Corp.*, 617 S.W.2d 665 (Tex. 1981). It is therefore undisputed that the allegations pled in Plaintiffs' Amended Complaint invokes the application of the law in Texas providing for the

award of exemplary damages for the Defendants' conduct. *See also, Maxey v. Freightliner Corp.*, 722 F.2d 1238 (5th Cir.1984). The jury should be permitted to consider Strick's and the other Defendants' gross negligence in the manner in which they designed, manufactured, and marketed their products without regard to the safety of those who relied on Defendants' misrepresentations of the safety and adequacy of their products.

E.  **The Court Should Not Grant Summary Judgment on Issues for Which there is no Present Controversy.**

In urging that there are issues on which summary judgment is appropriate Strick avers that "[p]laintiffs purport to bring this action 'for the wrongful death of the Greene Family.'" See, Stick's Motion at page 6. Strick then extrapolates from its assumptions that there is a ripe controversy as to issues on which the Court should rule. The Motion for Summary Judgment, however, does not specifically advance any claim or defense that is currently ripe for a determination by this Court.

Ripeness is in part an aspect of the justiciable controversy that is required before the judicial branch is constitutionally empowered to resolve a dispute. *See Patterson v. Planned Parenthood*, 971 S.W.2d 439, 442–43 (Tex.1998) (observing that ripeness and other justiciability doctrines derive in part from separation-of-powers principles and the constitutional prohibition against advisory opinions). "To constitute a justiciable controversy, there must exist a real and substantial controversy involving genuine conflict of tangible interests and not merely a <u>theoretical</u> dispute." *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex.1995) (quoting *Bexar–Medina–Atascosa Counties Water Control & Improvement Dist. No. 1 v. Medina Lake Prot. Ass'n*, 640 S.W.2d 778, 779–80 (Tex.App.-San Antonio 1982, writ ref'd n.r.e)). Ripeness is "peculiarly a question of timing"—specifically, whether the facts have developed sufficiently that a plaintiff has incurred or is likely to incur a concrete injury. *Perry v. Del Rio*, 66 S.W.3d

239, 249–51 (Tex.2001) (quoting *Regional Rail Reorganization Act Cases,* 419 U.S. 102, 140 (1974)). Ripeness is thus said to be lacking where the case involves "uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *Patterson*, 971 S.W.2d at 442 (quoting 13A Charles A. Wright et al., Federal Practice & Procedure § 3532, at 112 (2d ed. 1984)).

Because there is presently no actual controversy between the parties with respect to specious allegations alleged in the Motion for Summary Judgment, Strick's motion is moot, and this Court should not address it. *See Camarena v. Tex. Employment Comm'n*, 754 S.W.2d 149, 151 (Tex.1988) (mootness doctrine dictates that courts <u>avoid</u> rendering advisory opinions by deciding only issues that present an actual controversy at the time of the decision). In other words, Strick's assumptions do not warrant consideration by this Court on the current motion for summary judgment. *Abbott v. Equity Group, Inc*., 2 F.3d 613, 619 (5th Cir. 1993)("Needless to say, unsubstantiated assertions are not competent summary judgment evidence."). Strick also misinterprets the application and holding of *Wackenhut Corr. Corporation v. de la Rosa*, 305 S.W.3d 594 (Tex.App.-Corpus Christi 2009, no pet) and *Huntington v. Walker Austex Chili Co*., 285 S.W.2d 255 (Tex.Civ.App. – Waco 1955, writ ref'd). *Wackenhut* and *Huntington* do not preclude any of the claims that are actually being brought by Plaintiffs.

F.  **The Appropriate Stage, if any, During Which to Make Declarations Regarding Which Plaintiff is Entitled to Which Element of Damages is Through Jury Instructions and Verdict Form.**

The purpose of jury instructions is to advise the jury on the proper legal standards to be applied in determining issues of fact as to the case before them. *Merchant's Fast Motor Lines, Inc. v. Lane,* 359 F.2d 336 (5th Cir. 1958), *cert. den*., 359 U.S. 935 (1959). A plaintiff is entitled to special instructions on his theory of the case where there is sufficient evidence to support such

a theory and if a proper request is made. *Grice et al. v. Ray McDermott and Co. Inc.,* 465 F.2d 486 (5th Cir. 1972); *Bolden v. Kansas City So. Rwy. Co.*, 468 F.2d 580 (5th Cir. 1972). Jury instructions are "confined to issues raised by the pleadings in a case and to the facts developed in support of these issues." *Bethel v. Thornbrough*, 311 F.2d 201, 203 (10th Cir.1962); *see also Gisriel v. Uniroyal, Inc.*, 517 F.2d 699, 703 (8th Cir.1975). A court refuses a request for an instruction that correctly states a legal abstraction not applicable to the facts. *Jackson v. So. Rwy. Co.*, 317 F.2d 532 (5th Cir. 1963), *cert. den.*, 375 U.S. 837 (1964).

Accordingly, the appropriate time to make the determination regarding the proper legal standards that will govern the jury's deliberations is during the time the parties will be required to submit their proposed legal contentions, fact disputes, and jury charge to the Court. That way, the Court will have had the benefit of observing the evidence and considering all issues raised in the pleadings and by consent and will be uniquely positioned to determine which issues are supported by evidence and are ripe for the jury's determination.

## IV.   CONCLUSION

WHEREFORE, based on the foregoing facts and argument, Plaintiffs pray that this Court deny Strick's Motion for Partial Summary Judgment and allow this matter to proceed to trial.

Respectfully Submitted,

| | |
|---|---|
| /s/ Aubrey "Nick" Pittman | /s/ Daryl K. Washington |
| AUBREY "NICK" PITTMAN | DARYL K. WASHINGTON |
| State Bar No. 16049750 | State Bar No. 24013714 |
| | |
| **THE PITTMAN LAW FIRM, P.C.** | **LAW OFFICES OF DARYL K. WASHINGTON P.C.** |
| 100 Crescent Court, Suite 700 | |
| Dallas, Texas 75201-2112 | 325 N. St. Paul St., Suite 1975 |
| 214-459-3454 | Dallas, Texas 75201 |
| 214-853-5912 – fax | 214-880-4883 |
| pittman@thepittmanlawfirm.com | 469-718-0380 - fax |
| | dwashington@dwashlawfirm.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2013 the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

    /s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN