IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-0207-N |
| | § | |
| TOYOTA MOTOR CORP., *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

This Order addresses three motions: (1) Defendants Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc.'s (collectively "Toyota") motion to strike Plaintiffs' notice of communication to the Court [140]; (2) Defendant Volvo Group North America, LLC f/k/a Volvo Trucks North America's ("Volvo") motion to strike Plaintiffs' notice of communication [142]; and (3) Defendant Strick Trailers, LLC's ("Strick") motion for partial summary judgment [Doc. 147]. The Court grants all three motions.

## I. THE TRAFFIC COLLISION AND THE
## MOTIONS PENDING IN THIS CASE

The Court assumes the parties are familiar with the facts of this case, which the Court summarized in its order granting Toyota and Volvo partial summary judgment [130]. For the purposes of this motion, the Court notes that Strick manufactured a trailer involved in the automobile collision that killed four members of the Greene family.

ORDER – PAGE 1

Plaintiffs have mailed the Court a letter asking the Court to enter an order relating to a discovery dispute. They have also filed a notice of this letter in the record of the case [139]. Toyota and Volvo now move to strike the letter as improper. Additionally, Strick moves for partial summary judgment as to certain of Plaintiffs' claims.

## II. THE COURT STRIKES PLAINTIFFS' NOTICE OF COMMUNICATION

Plaintiffs have been involved in an extensive discovery dispute with Toyota and Volvo regarding certain files having to do with the vehicles involved in the collision that killed the Greene family. Plaintiffs previously filed two motions to compel on the matter[102, 131]. The letter that Toyota and Volvo now move to strike "ask[s] that the Court enter [an] attached order" requiring Toyota and Volvo to produce certain items and clarify certain representations about the files. Pls.' Notice of Communication [139] 1.

Federal Rule of Civil Procedure 7 sets out requirements for pleadings, motions, and other papers. It specifies that "[a] request for a court order must be made by motion." FED. R. CIV. P. 7(b)(1). Plaintiffs' letter does not meet this threshold requirement because it does not purport to be a motion. Plaintiffs appear to argue that Rule 7 does not apply to their letter. First, they characterize the letter as "simply an inquiry." Pls.' Resp. Toyota Defs.' Mot. Strike [145] 3. The letter, though, expressly requests that the Court enter an order, thus subjecting it to Rule 7's requirements. Plaintiffs next contend that "it would have been overkill for Plaintiffs to have to file a 'third' motion to compel." *Id.*. Whether it would be overkill or not, however, Plaintiffs must comply with the Federal Rules of Civil Procedure. Finally, Plaintiffs assert that the substance of the letter was already before the Court on

account of their previous motions to compel and the Court's most recent discovery hearing. This is not correct. The Court has already ruled on the two motions to compel. *See* Electronic Minute Entries, July 23, 2012 and January 22, 2013. At the January discovery hearing, it disposed of all motions then pending. Thus, nothing was properly before the Court when Plaintiffs sent their letter. Because letter does not comply with the Federal Rules of Civil Procedure, the Court strikes Plaintiffs' notice of communication to the Court from the record.

### III. THE COURT GRANTS STRICK'S MOTION

The Court previously granted summary judgment to Toyota and Volvo on certain of Plaintiffs' claims. Order, Dec. 19, 2012 [130]. Strick now seeks summary judgment on the same claims. For the reasons set out in its previous order, the Court grants Strick's motion. Strick is therefore entitled to summary judgment on the claims identified below.

### CONCLUSION

The Court grants Toyota's and Volvo's motions to strike. Accordingly, the Court strikes from the record Plaintiffs' notice of communication to the Court [139].

The Court also grants Strick's motion for partial summary judgment. Accordingly, the Court awards summary judgment to Strick on the following claims: (1) all wrongful death claims resulting from the deaths of Wesleigh Greene or Wyndell Greene, II; (2) Ollie Greene's wrongful death claim for the death of LaKeysha Greene; (3) Marilyn Burdette Hardeman's wrongful death claim for the death of Wyndell Greene, Sr.; (4) the Estate of

Wyndell Greene, Sr.'s wrongful death claim for the death of LaKeysha Greene; and (5) Ollie Greene's and Marilyn Burdette Hardeman's claims for exemplary damages.

This Order does not affect the following claims: (1) Plaintiffs' strict liability, negligence, breach of warranty, and misrepresentation claims against all defendants; (2) Plaintiffs' survival actions against all defendants; (3) Ollie Greene's claim for the wrongful death of Wyndell Greene, Sr.; and (4) Marilyn Burdette Hardeman's claim for the wrongful death of LaKeysha Greene.

Signed May 16, 2013.

_____
David C. Godbey
United States District Judge