IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE-HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE,<br>    Plaintiffs | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NUMBER: 3:11-cv-0207-N |
| v. | §<br>§ | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, INC., VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, INC., STRICK CORPORATION, INC., JOHN FAYARD MOVING & WAREHOUSE, LLC, and DOLPHIN LINE, INC.<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**DEFENDANT STRICK TRAILERS, LLC'S**
**BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON**
**CLAIMS OF NEGLIGENT MISREPRESENTATION**

**TABLE OF CONTENTS**

I.     FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.    SUMMARY JUDGMENT EVIDENCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III.   ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       A.   Summary Judgment Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

       B.   Plaintiffs Cannot Prove An Essential Element of Negligent Misrepresentation. . . 7

       C.   Plaintiffs Have Not Offered Any Evidence That Plaintiffs' Decedents Relied on a
            Representation Made by Defendant Strick. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

       D.   Speculation May Not Be Used as a Substitute for Facts. . . . . . . . . . . . . . . . . . . 9

       E.   Additional Time for Discovery Will Not Adduce Additional Evidence. . . . . . . . 10

IV.    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## TABLE OF AUTHORITIES

**Cases**

*American Tobacco Co. v. Grinnell*,
    951 S.W.2d 420 (Tex., 1997).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8

*Celotex Corp v Catrett*,
    477 US 317 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Duff v. Yelin*,
    751 S.W.2d 175 (Tex. 1988).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Johnson v Baylor University*,
    188 SW3d 296 (Tex App-Waco 2006, pet denied). . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Nissan Motor Co. Ltd. v. Armstrong*,
    145 S.W.3d 131 (Tex. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 9

**Rules**

Fed. R. Civ. P. 56©. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION:

NOW COMES Strick Trailers, LLC, Defendant in the above-entitled and numbered cause, and pursuant to Federal Rule of Civil Procedure 56, files this Brief In Support Of Motion For Partial Summary on Claims of Negligent Misrepresentation, and respectfully moves the Court for summary disposition on all of Plaintiffs' negligent misrepresentation claims, including but not limited to Count Nine in its entirety {See Doc. 113, Plaintiffs' Second Amended Complaint, Section M, ¶¶69 – 72 at pp. 17-18}. The grounds for this motion are that based upon all of the pleadings, discovery, and disclosures materials on file, there is no genuine issue of material fact. Reliance is an essential element of the misrepresentation claim and there is no evidence—nor possibility for future development of evidence—to establish that Plaintiffs' decedents relied on any representation made by Defendant Strick. Plaintiffs' negligent misrepresentation claims must therefore fail as a matter of law.

## I.  FACTS

Plaintiffs are the heirs and/or representatives of the four decedents of the Greene family, who were involved in a multi-vehicle accident on May 28, 2010. For the purpose of this motion only, the facts alleged in the paragraphs of Plaintiff's Second Amended Complaint which are cited below (and only those cited facts) are assumed to be true.

The Greene family was traveling eastbound on Interstate 20 between Terrell and Canton, Texas in their Toyota 4Runner (the "Greene vehicle"). Without warning, they were rear-ended by a Volvo tractor trailer. {Doc. 113 ¶17, 20}. The impact caused the Greene vehicle to rear-end a

Toyota Corolla and eventually to collide into the rear end of a Strick trailer owned by Dolphin Lines and being towed by Fayard Tractor. {Doc. 113 ¶ 20}. The underride guard on the Strick trailer broke during this impact. Three occupants of the Greene vehicle, LaKeysha Greene, age 35, Wesleigh Greene, age 5, and Wyndell Greene II, age 3, perished at the scene. {Doc. 113 ¶ 22-24, 26-28}. The fourth occupant, Wyndell Greene Sr., age 34, died after a period of hospitalization. {Doc. 113 ¶ 22-24, 29}.

Eleven months after the accident, the Plaintiffs filed suit. {Doc. 1}. None of the occupants of the 4Runner have given testimony or answered interrogatories.

Defendant Strick is the original equipment manufacturer ("OEM") of the subject Strick trailer. {Doc. 113 ¶. 68}.[1] Strick sold the trailer to RC Trailer Sales & Service ("RC Trailer") as part of a sale of 50 trailers on February 06, 2003. {Exh. A, Dep Katz Excerpt p. 47-50}. RC Trailer then sold the trailer to Dolphin Line. *Id.* The owner of the Strick trailer at the time of the accident was Dolphin Line, who leased the trailer to Defendant Fayard Moving ("Fayard") and Fayard's driver was towing it at the time of the accident. {Doc. 113 ¶ 20, 77, 94}.

Plaintiffs made the following allegations of misrepresentation against Defendant Strick:

> …In various internet postings, periodicals, press releases, etc., the Strick Defendant has represented that the safety of its customers is paramount. {Doc. 113 ¶70 }

> …Strick made misrepresentations of the quality, reliability and safety of its trailers, including the trailer involved in the incident in question,. {Doc. 113, ¶71}.

<u>Solely for the purposes of this motion</u>, Strick assumes the cited portion of the preceding allegations are true.

---

[1] Strick expressly denies the Strick trailer was unreasonably dangerous or defective in any manner.

## II. SUMMARY JUDGMENT EVIDENCE

The following materials support Defendant Strick's Motion for Partial Summary Judgment: Plaintiff's Second Amended Complaint to the extent cited above. {Doc. No. 113}. The deposition testimony of Strick corporate representative Frank Katz to the extent cited above. {Exhibit A}.

## III. ARGUMENT AND AUTHORITIES

There is no evidence that Plaintiffs' decedents had ever heard any information provided by Strick about Strick trailers – there is no evidence such information was provided directly to Plaintiffs' decedents by Strick and there is no evidence that any such information Strick had provided to third parties was then provided to Plaintiffs' decedents. In fact, there is no evidence that Plaintiffs' decedents had even heard of Strick trailers or that they knew they were driving on the highways alongside Strick trailers. Accordingly, there is no evidence to support a contention that Plaintiffs' decedents relied on any information provided by Strick. Reliance is an essential element of a negligent misrepresentation claim. *Johnson v. Baylor Univ.*, infra. See also *American Tobacco Co. v. Grinnell* and *Nissan Motor Co. Ltd. v. Armstrong*, infra. Plaintiffs cannot prove the essential element of reliance and Strick is therefore entitled to judgment as a matter of law in its favor against Plaintiffs' negligent misrepresentation claims. *Celotex Corp v Catrett*, infra. The fact that discovery has not concluded in this case does not justify delaying a ruling on this motion. No new evidence regarding information known to Plaintiffs' decedents can be expected to be discovered, since there cannot be any future testimony from Plaintiffs' decedents, who are the only persons who could testify as to their knowledge.

### A. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56© provides the grounds for this motion:

> The plain language of Rule 56© mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial… The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof.
> *Celotex Corp v Catrett*, 477 US 317, 318 (1986).

Summary judgment is proper if the defendant demonstrates that the plaintiff cannot prove at least one element of the plaintiff's claim: there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, supra at 318.

### B. PLAINTIFFS CANNOT PROVE AN ESSENTIAL ELEMENT OF NEGLIGENT MISREPRESENTATION

The essential elements of a claim for negligent misrepresentation that the Plaintiffs must prove are: (1) Defendant provided information in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the information supplied was false; (3) Defendant did not exercise reasonable care or competence in obtaining or communicating the information; (4) the Plaintiffs' decedents justifiably relied on the information; and (5) damages suffered by the Plaintiffs were proximately caused by the reliance. *Johnson v. Baylor Univ.*, 188 SW3d 296 (Tex. App.-Waco 2006, pet denied); see also *American Tobacco Co. v. Grinnell*, infra. Plaintiffs cannot prove that Plaintiffs' decedents relied on any information provided by Defendant Strick.

### C. PLAINTIFFS HAVE NOT OFFERED ANY EVIDENCE THAT PLAINTIFFS' DECEDENTS RELIED ON A REPRESENTATION MADE BY DEFENDANT STRICK

A plaintiff establishes a negligent misrepresentation claim only if it proves a defendant made a material representation that was relied upon, and that the reliance caused injury. *Grinnell*, infra at 436. It is not enough for a plaintiff to allege that *some* representation may have been made; Plaintiffs must identify the specific representation made by Defendant Strick *upon which the decedents relied*.

Plaintiffs have not offered any evidence that Plaintiffs' decedents ever heard a representation by Strick, let alone relied on any representation. Plaintiffs themselves are either the heirs or representatives of the decedents' estates, and have no actual knowledge of the decedents' reliance. There is no testimony by Plaintiffs' decedents that they heard any representation made by Defendant Strick. The undisputed material facts cannot support a finding of justifiable reliance.

A definitive case on reliance is *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420 (Tex. 1997), wherein the Texas Supreme Court ruled that a smoker did not rely on a cigarette manufacturer's advertisements from the 1950s and 1960s in deciding to begin smoking, such that the smoker's survivors could not maintain actions against the cigarette manufacturer for negligent misrepresentation or other claims. The Court noted that the smoker testified prior to his death that he began smoking because his friends smoked and that he later changed cigarette brands based on taste, not because of advertisements. Implicit in the *Grinnell* decision is the requirement that the injured party have based their decision(s) on the representation itself; to succeed on a negligent misrepresentation claim, it is not enough that a product caused an injury, there must also be a causal nexus between the injury and some representation. See also *Nissan Motor Co. Ltd. v. Armstrong*, 145

S.W.3d 131 (Tex. 2004), wherein the Texas Supreme Court affirmed JNOV against Plaintiff on her negligent misrepresentation verdict, specifically stating:

> [Plaintiff] obtained her car from her parents six years after they bought it from Nissan; Nissan had no involvement or pecuniary interest in the transaction. There was no evidence of any specific warranty or representation Nissan ever made to her, and no duty to disclose either.
> *Nissan*, supra, at 149.

The instant dispute is even clearer: there was no business transaction between Defendant Strick and the Greene Plaintiffs' decedents whatsoever. There was no transaction between the parties in which Strick could have a pecuniary interest. Nor was there any evidence of a specific warranty or representation Strick ever made to the Plaintiffs' decedents, nor any duty to disclose any information to them. There is no evidence that Plaintiffs' decedents were customers of Strick or had ever done business with Strick or had communicated with them in any fashion.

There is no evidence that Plaintiffs' decedents had even seen a Strick trailer prior to this accident, nor any evidence that Plaintiffs' decedents could distinguish a Strick trailer from any other trailer. There is no evidence that Plaintiffs' decedents knew they were driving anywhere near a Strick trailer. In fact, a complete review of the evidence available demonstrates that there is no evidence in the record that Plaintiffs' decedents had ever even *heard* of Defendant Strick.

### D.  SPECULATION MAY NOT BE USED AS A SUBSTITUTE FOR FACTS

It is not enough for Plaintiff to allege that Plaintiffs' decedents ***could have*** heard a representation made by Strick to a third party, because that would be impermissible speculation. Speculation cannot create a fact issue. *Grinnell*, citing *Duff v. Yelin*, 751 S.W.2d 175, 176 (Tex. 1988). There is no evidence that the Plaintiffs' decedents did ***in fact*** hear and rely on a representation by Strick. To the extent that Strick advertised in specialty media not geared to the

general public, such as industry publications, there is no evidence that Plaintiffs' decedents ever read or saw such advertisements. The same is true for any information that Defendant Strick provided through its website. There is no evidence in the record that Plaintiffs' decedents visited Strick's website or relied on information provided there, and speculation that they *could have* done so cannot create a fact issue.

### E. ADDITIONAL TIME FOR DISCOVERY WILL NOT ADDUCE ADDITIONAL EVIDENCE

It is tragic, but nonetheless it is a simple fact: Plaintiffs' decedents are not available to provide any testimony on a key element of Plaintiffs' negligent misrepresentation claim. No additional amount of time for discovery is necessary on this issue, because Plaintiffs' decedents were the sole possible source of documentary evidence regarding any information they might have possessed and relied on.

### IV. CONCLUSION

For all the foregoing reasons, Defendant Strick respectfully requests this Court GRANT partial summary judgment in favor of Strick on all negligent misrepresentation claims, including but not limited to Count Nine in its entirety {Doc. 113, Plaintiffs' Second Amended Complaint § M, ¶¶69 – 72 at pp. 17-18}, and render judgement that Plaintiffs take nothing on such claims. Defendant Strick further pleads for any and all such other relief to which this Defendant may show itself to be justly entitled.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

/s/ *S. Todd Parks*
S. TODD PARKS
Texas State Bar No. 15526520
ASHLEY DE LA CERDA
Texas State Bar No. 24045760
900 Jackson Street, Suite 600
Dallas, Texas  75202
214/749-4805
214/760-1670 (Facsimile)

ATTORNEYS FOR DEFENDANT STRICK

## CERTIFICATE OF SERVICE

This is to certify that on the 30th day of July, 2013, a true and correct copy of the above and foregoing was forwarded to all non-registered counsel of record in accordance with the Federal Rules of Civil Procedure via facsimile and to all registered counsel of record by electronic service through the court's ECF system in compliance with Federal Rule of Civil Procedure 5(b)(2)(E) and 5(b)(3).

/s/ *S. Todd Parks*
S. TODD PARKS