IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OLLIE GREENE, *et al.*, § | |
| Plaintiffs, § | |
| § | |
| v. § | CAUSE NUMBER: 3:11-cv-0207-N |
| § | |
| TOYOTA MOTOR CORPORATION, *et al.*, § | |
| Defendants. § | |

**TOYOTA MOTOR SALES, U.S.A., INC.'S MOTION TO QUASH
PLAINTIFF WILLIAM GREENE'S NOTICE OF DEPOSITION,
AND BRIEF IN SUPPORT THEREOF**

TO THE HONORABLE JUDGE COURT:

Defendant Toyota Motor Sales, U.S.A., Inc. ("TMS") files this Motion to Quash Plaintiff William Greene's FRCP Rule 30(b)(6) Notice of Deposition of Toyota Motor Sales, U.S.A. The Court should quash the overly broad deposition notice because reasonable notice of the deposition was not given, and the appropriate witness(es) for TMS to address the relevant topics is unavailable to testify on the dates unilaterally selected by Plaintiff. Moreover, Counsel for TMS is also unavailable on those dates, and the deposition has been noticed to take place at an improper location.

**I.
BACKGROUND**

1. At 5:00 p.m. on August 19, 2013, without conferring with counsel for TMS about available dates or the topics to be covered by a TMS witness, Plaintiff served a notice of deposition of TMS covering thirty-five topics and several sub-topics. A true and correct copy

of the notice is attached hereto as Exhibit "A."  Appx. at 1-11.  That 30(b)(6) notice, which contains overly broad and irrelevant topics, unilaterally sets the deposition for September 9, 2013, beginning at 9:30 a.m. at Bowman and Brooke LLP, 2711 North Haskell Ave., Suite 650, Dallas, Texas 75204.  This location is improper because it is not within the district of TMS's principal place of business.  *See Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979); *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 483 (10th Cir. 1995); *Rapoca Energy Co. v. AMCI. Corp.*, 199 F.R.D. 191, 193 (W.D.Va. 2001). This location is also improper because the current address of Bowman and Brooke LLP's Dallas office is 2501 North Harwood Street, Suite 1700, Dallas, Texas 75201. After receiving the notice, counsel for TMS conferred with Plaintiff's counsel and requested that Plaintiff withdraw the notice, but Plaintiff's counsel refused to do so. *See, e.g.,* August 26, 2013 letter from Kurt Kern to Plaintiffs' counsel, attached hereto as Exhibit "B" and Plaintiff's counsel's response is attached hereto as Exhibit "C." Appx. at 12-13 and 14.

## II.
## MOTION TO QUASH

**A.    Plaintiff's Notice of Deposition Does Not Provide Reasonable Notice.**

2.    TMS was not given reasonable notice of the deposition.  Federal Rule of Civil Procedure, Rule 30, requires that a party must give reasonable written notice of a deposition on oral questions.  Fed. R. Civ. P. 30(b)(1).  Plaintiff has unilaterally set a 30(b)(6) deposition on three weeks' notice.  Rule 30(b)(6) requires the deponent to make a good-faith effort to identify and designate the persons within the organization most knowledgeable of the relevant matters sought by the notice and to prepare those persons so that they can answer fully, completely and without being evasive.  *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 432-34 (5th Cir.

2006). That means, to comply with the notice, TMS would need to identify the persons knowledgeable on the numerous topics, prepare those persons so that they can answer relevant questions, and make them available on the date unilaterally selected by Plaintiff. To do all this in this complex case, three weeks does not constitute reasonable notice. Moreover, discovery in this case has been ongoing for over two years. During this entire time, Plaintiff has not discussed taking a TMS deposition with Toyota's counsel. In fact, Plaintiff never informed defense counsel of his interest in a 30(b)(6) deposition of a TMS witness until he unilaterally served the subject notice on August 19, 2013. Even when Plaintiff's counsel knew he would be flying to California to take the 30(b)(6) deposition of a Toyota Motor Corporation ("TMC") witness on June 7 and 8, 2013, he made no effort to work with Toyota's counsel to schedule a TMS witness during the same time. Accordingly, any argument by Plaintiff that there is some urgency to this deposition is without merit. As Plaintiff has not provided reasonable notice of the deposition, the notice should be quashed. *See* Fed. R. Civ. P. 30. As stated by counsel for TMS to Plaintiff's counsel and in Exhibit B, Toyota is willing to work with Plaintiff's counsel to identify a mutually agreeable time and date for an appropriate TMS deposition. Appx. at 12-13.

B.   **Plaintiff's Notice of Deposition Sets the Deposition at an Improper Location**

3.   The notice of deposition sets the deposition at an improper location. The deposition of an organizational representative should take place in the district of the organization's principal place of business, unless justice requires otherwise, especially when the corporation is a defendant. *Salter*, 593 F.2d at 651; *Thomas*, 48 F.3d at 483; *Rapoca Energy Co.*,

199 F.R.D. at 193.  Plaintiff, however, has noticed the deposition to take place in Dallas, Texas, which is not proper because TMS's principal place of business is in Torrance, California, not in Dallas, Texas. Further, as noted above, if Plaintiff's counsel thinks that making multiple trips to California to take depositions is excessive, he could have tried to work with Toyota's counsel beforehand to set the TMS deposition in conjunction with the TMC deposition that was taken in California.

Additionally, the notice that was served recently, sets the deposition at TMS's counsel's former address, which is no longer occupied by counsel.

**C.    The Scope of the Notice is Overly Broad**

4.    Many of the thirty five topics and sub-topics included in the notice cover subject areas that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence in this case.  Many such topics are also vague, overly broad, unduly burdensome or otherwise objectionable. Furthermore, many of the topics relate to areas of information that exceed the scope of permissible discovery for this case that the Court defined through its July 18, 2012 Order.  Pursuant to the Rules, TMS will serve appropriate objections to such topics before the deposition occurs on a mutually agreed upon date in Torrance, CA.

WHEREFORE, TMS prays that this Court immediately grant TMS's Motion to Quash Plaintiff William Greene's FRCP Rule 30(b)(6) Notice of Deposition of Toyota Motor Sales, U.S.A., Inc., and order any further relief to which TMS is justly entitled.

Respectfully submitted,

*/s/ Kurt C. Kern*
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 North Harwood Street, Suite 1700
Dallas, Texas 75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR DEFENDANTS TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., AND TOYOTA MOTOR SALES, U.S.A., INC.**

### CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with Nick Pittman, counsel for Plaintiffs, on August 27, 2013 and Plaintiffs are opposed to the relief sought by this motion.

*/s/ Kurt C. Kern*
**Kurt C. Kern**

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 29th day of August, 2013.

                */s/ Jude T. Hickland*
                **Jude T. Hickland**