IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of  WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, | § § § § § § § § | CAUSE NUMBER: 3:11-cv-0207-N |
| Plaintiffs, | § § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.,  TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, LLC., VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC., STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC, and DOLPHIN LINE, INC. | § § § § § § § § § § § § § | |
| Defendants. | § § | |

**PLAINTIFFS' RESPONSE TO TOYOTA MOTOR SALES, U.S.A., INC.'S MOTION TO QUASH NOTICE OF INTENT TO TAKE DEPOSITION AND BRIEF IN SUPPORT**

AUBREY "NICK" PITTMAN
State Bar No. 16049750

THE PITTMAN LAW FIRM, P.C.
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax
pittman@thepittmanlawfirm.com

DARYL K. WASHINGTON
State Bar No. 24013714

LAW OFFICES OF DARYL K. WASHINGTON P.C.
325 N. St. Paul St., Suite 1975
Dallas, Texas  75201
214-880-4883
469-718-0380 - fax
dwashington@dwashlawfirm.com

# TABLE OF CONTENTS

TABLE OF CONTENTS ...........................................................................................................ii

TABLE OF AUTHORITIES........................................................................................................iii

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT AND AUTHORITIES ......................................................................................... 2

      A.     TMS has Always Known of Plaintiffs' Intent to Take a TMS FRCP
            30(b)(6) Deposition and Obtain Discovery from TMS. ................................ 2

      B.     Plaintiffs Served the Deposition Notice with More Than Reasonable
            Notice. ................................................................................................................. 3

      C.     The Scheduling Order Dictates That This Deposition Take Place Timely,
            as Noticed. ........................................................................................................... 3

      D.     Issuance of the Deposition Notice Did Not Violate any Alleged
            Requirement to Confer. .................................................................................... 3

      E.     Although the Deposition Was Noticed to Take Place in Dallas, Plaintiffs
            Were Prepared to Hold the Deposition Elsewhere, if TMS So Desired. ...... 5

      F.     The Scope of the Deposition is Not Overly Broad and Does Not Violate
            the Court's July 18, 2012, Order. ................................................................... 5

            1.     The Notice seeks discovery on Plaintiffs' claims against the
                   Toyota Defendants. ............................................................................ 6

            2.     The Notice Does Not Violate Any Scope of Permissible Discovery
                   Allegedly in the July 18, 2012, Order. ............................................. 7

      G.     It Has Been Defendants' Conduct, not Plaintiffs' Disinterest, Which Caused the
            Current Timing of This Deposition. ................................................................. 7

CONCLUSION ......................................................................................................... 10

CERTIFICATE OF SERVICE................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*In re Sulfuric Acid Antitrust Litig.*,
    231 F.R.D. 320 (N.D.Ill.2005) ...................................................................... 3

*Jones v. United States*,
    720 F.Supp. 355 (S.D.N.Y.1989) ................................................................. 3

*Koninklike Philips Electronics N.V. v. KXD Technology, Inc.*,
    2007 WL 3101248 (D.Nev. Oct 16, 2007) ................................................... 4

*P.S. v. Farm, Inc.*,
    2009 WL 483236 (D.Kan. Feb 24, 2009) ..................................................... 3

*Paige v. Commissioner*,
    248 F.R.D. 272 (C.D.Cal. Jan.18, 2008) ...................................................... 3

*Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp.*,
    147 F.R.D. 125 (N.D.Tex.1992) ................................................................... 5

*Turner v. Prudential Ins. Co.*,
    119 F.R.D. 381 (M.D.N.C.1988) ................................................................. 5

**Rules**

FED.R.CIV.P. 30(b)(1) ......................................................................................... 4

FED.R.CIV.P. 30(b)(6) ................................................................................. passim

Ollie Greene, Individually as the surviving parent of Wyndell Greene, Sr., William Greene, as the Administrator of the Estate of Wyndell Greene Sr., and Marilyn Burdette Hardeman, Individually and as the surviving parent of LaKeysha Greene (collectively, "Plaintiffs"), file their Response to Toyota Motor Sales, U.S.A.'s ("TMS") Motion to Quash (the "Motion to Quash") Plaintiff William Greene's Fed.R.Civ.P. 30(b)(6) Notice of Intent to Take the Deposition of Toyota Motor Sales, U.S.A. (the "Deposition Notice") and show the Court as follows:

## PRELIMINARY STATEMENT

TMS's Motion to Quash contains blatant factual misrepresentations and distorts the case's chronology as well as Plaintiffs' substantial efforts to take timely discovery and advance this case to trial.  The extensive record in this case will support Plaintiffs' argument that it has been Defendants' discovery obstructionism that has contributed to substantial delays in the trial of this matter.  TMS's Motion to Quash is simply another attempt by the Toyota Defendants to continue their obstructionist efforts, designed to prevent Plaintiffs from obtaining the discovery they are entitled to under the rules.  And the fact that Toyota waited ten (10) days after receiving the Deposition Notice to file the Motion to Quash is further evidence of Toyota's scheme to stall, delay and prevent discovery.

Additionally, the record is incontrovertible that TMS has always known of the claims against it and of Plaintiffs desire to take its deposition, which must be accomplished prior to the date (October 11, 2013) upon which Plaintiffs' experts reports are due.  If Plaintiffs do not obtain TMS's deposition sufficiently in advance of the due date for the expert reports Plaintiffs will suffer severe prejudice.  Finally, since TMS was provided with more than sufficient notice of the date of the deposition and the subject matters on which the deposition(s) will be taken, the Deposition Notice is proper and the Motion to Quash should be denied.

## ARGUMENT AND AUTHORITIES

**A.      TMS has Always Known of Plaintiffs' Intent to Obtain Discovery from TMS and Take a FRCP 30(b)(6) Deposition of TMS.**

In an attempt to convince the Court to grant its meritless Motion to Quash, TMC shamelessly states:

> Moreover, discovery in this case has been ongoing for over two years.  During this entire time, Plaintiff has not discussed taking a TMS deposition with Toyota's counsel. In fact, Plaintiff never informed defense counsel of his interest in a 30(b)(6) deposition of a TMS witness until he unilaterally served the subject notice on August 19, 2013.

Motion to Quash, p.3.  This is a blatant misrepresentation of the facts.  In fact, by letter dated February 12, 2012, Plaintiffs' counsel submitted correspondence to TMS and the other Defendants that originally scheduled a TMS deposition for April 3, 2012.  Plaintiffs' APP 001-003[1].  This notification clearly placed TMS on notice that its FRCP 30(b)(6) deposition would be taken.  The only reason this deposition was cancelled was due to Toyota's refusal to produce discovery that would have been used at that TMS deposition, as well as during the depositions of the other Toyota Defendants.  Additionally, throughout this lawsuit, Plaintiffs have served several written discovery request upon TMS.  In fact, TMS just recently submitted a discovery response, albeit incomplete, on July 29, 2013.  Plaintiffs' APP 004-005.  Therefore, it is a gross mischaracterization for TMS to suggest that Plaintiffs never intended to conduct discovery against it.  And in response to TMS's suggestion that Plaintiffs should have taken TMS's deposition in Torrance, CA "during the same day" as the other Toyota corporation, this would have made no sense and would have deprived Plaintiffs of the opportunity to properly plan for the TMS deposition after hearing the testimony of the other Toyota Defendants.

---

[1] In conjunction with the filing of this Response, Plaintiffs have filed their Appendix in Support of Plaintiffs' Response to Toyota Motor Sales' Motion to Quash Deposition Notice.

**B.      Plaintiffs Served the Deposition Notice with More Than Reasonable Notice.**

Plaintiffs' counsel served a copy the Deposition Notice upon all counsel on August 19, 2013, scheduling the deposition to take place on September 9, 2013 – twenty-one (21) days' notice.  In its Motion to Quash, TMS does not cite any authorities to support its contention that twenty-one days' notice is improper or insufficient.  In fact, TMS's Motion to Quash ignores an endless line of cases that hold that more than one week's notice generally is considered reasonable. *See, e. g., Paige v. Commissioner*, 248 F.R.D. 272, 275 (C.D.Cal. Jan.18, 2008) (finding that fourteen days' notice was reasonable); *Jones v. United States*, 720 F.Supp. 355, 366 (S.D.N.Y.1989) (holding that eight days' notice was reasonable); *see also In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D.Ill.2005) ("[T]en business days' notice [of a deposition] would seem to be reasonable"); *P.S. v. Farm, Inc.*, 2009 WL 483236 (D.Kan. Feb 24, 2009)(five days' notice reasonable).  In this case, providing TMS with twenty-one days' notice of the deposition date satisfies the reasonable notice requirement under FRCP 30.  Therefore, TMS's objection on these grounds cannot be sustained.

**C.      The Scheduling Order Dictates That This Deposition Take Place Timely, as Noticed.**

Pursuant to the Scheduling Order in this matter, Plaintiffs' expert reports are due on or about October 11, 2013, and discovery being sought at the TMS deposition will be used by the experts in support of their reports.  Accordingly, Plaintiffs respectfully request that the Court deny TMS's Motion to Quash so that Plaintiffs may obtain the testimony requested sufficiently in advance of the deadline for expert reports in order that Plaintiffs' experts can incorporate the missing discovery into their analyses.

**D.      Issuance of the Deposition Notice Did Not Violate any Alleged Requirement to Confer.**

Rule 30(b)(6) of the Federal Rules of Civil Procedure provides:

In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization.

FED.R.CIV.P. 30(b)(1) provides that a party may take the deposition of any person upon reasonable notice. However, Rule 30 does not, by its terms, require that the noticing party confer with opposing counsel before scheduling a deposition. *Koninklike Philips Electronics N.V. v. KXD Technology, Inc.*, 2007 WL 3101248 *18 (D.Nev. Oct 16, 2007). Therefore, contrary to TMS's argument, there was no requirement that Plaintiffs' confer with TMS's counsel "before" serving the notice of the TMS deposition.

Notwithstanding the absence in FRCP 30 of a requirement to confer, Plaintiffs' counsel followed the practice that the parties have used in noticing other FRCP 30 deponents in this matter. In past instances, the FRCP 30(b)(6) Intent to Take the Deposition has been served on the opposing counsel setting a tentative date for the deposition and listing the topics upon which examination is requested. That way, opposing counsel can ascertain which witnesses are needed as well as to determine their availability. See previous correspondence regarding scheduling of the FRCP 30(b)(6) deposition of Defendant Volvo Group North America. Plaintiffs' APP 006-007. Therefore the TMS Deposition Notice was served in the same manner as other deposition notices for FRCP 30(b)(6) deponents. Moreover, in this case, in an attempt to ensure that the deposition could take place timely and that no party would be prejudiced, Plaintiffs' counsel asked TMS's counsel for another alternate "and timely" date. Plaintiffs' APP 008. TMS's counsel never provided an alternate date that would ensure that the deposition would take place

in sufficient time so that it can be considered by the experts. Accordingly, TMS cannot now be heard to complain. Therefore, the Court should deny the Motion to Quash.

>    **E.    Although the Deposition Was Noticed to Take Place in Dallas, Plaintiffs Were Prepared to Hold the Deposition Elsewhere, if TMS So Desired.**

Although TMS is correct that Plaintiffs listed TMS's counsel's previous office in Dallas as the suggested location for the TMS Deposition, this address was listed as a place holder and because (1) counsel for the nine (9) parties in this lawsuit (and most of the experts) are located in Texas; (2) there is a likelihood that only one corporate representative is being produced by TMS; (3) significant discovery disputes may arise and there is an anticipated necessity of the resolution by this Court; and (4) the claim's nature and the parties' relationship is such that an appropriate adjustment of the equities favors a deposition site in the forum district, it would be equitable to hold the deposition in this district as it would be less costly to the parties. *See Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp.*, 147 F.R.D. 125, 127 (N.D.Tex.1992)(citing *Turner v. Prudential Ins. Co.*, 119 F.R.D. 381, 383 (M.D.N.C.1988). The RTC court concluded that it "must ultimately consider each case on its own facts and the equities of the particular situation." *Id.* Accordingly, an order requiring that the deposition take place in this District would not be improper. Notwithstanding, however, that it is permissible for the TMS deposition to take place in this District, Plaintiffs originally offered, in a show of good faith, to proceed with taking the deposition in California so that this important deposition could be taken in a timely manner. See Plaintiffs' APP 008.

>    **F.    The Scope of the Deposition is Not Overly Broad and Does Not Violate the Court's July 18, 2012, Order.**

Although the Motion to Quash makes a generalized statement that the topics are not relevant or reasonably calculated to lead to the discovery of admissible evidence, an examination of the Deposition Notice, in conjunction with Plaintiffs' complaint, belies TMS's contention.

Indeed, the topics are clearly relevant to the issues in this lawsuit and are described with "reasonable particularity" as required by FRCP 30(b)(6).

      1.      **The Notice seeks discovery on Plaintiffs' claims against the Toyota Defendants.**

The Complaint makes clear that Defendants, including TMS, breached express warranties that the Toyota 4Runner was safe, reliable and that quality was of paramount importance. Defendants also breached the implied warranties of merchantability. The warranty of merchantability is implied into every commercial transaction. The warranty of merchantability requires that products be of reasonable workmanlike quality and free from defects. Defendants' impliedly warranted to the Greene Family that Toyota's vehicles were of merchantable quality. The Defendants breached the warranty of merchantability by designing, manufacturing, distributing, selling and refusing to adequately repair or replace their vehicles after it became apparent they were defective. The Complaint also alleges that in various commercials, internet postings, periodicals, press releases, etc., the Toyota Defendants have represented that the safety of their customers is paramount. These representations were intended to, and did, cause consumers such as the Greene Family to rely on Toyota's statement and purchase Toyota vehicles. However, as discussed above, Toyota made misrepresentations of the quality, reliability and safety of its vehicles, including the Toyota 4Runner, all to the detriment of the Greene Family and Plaintiffs.

In addition, Plaintiffs also specifically allege that the Toyota Defendants, *inter alia*, failed to design and incorporate widely available, safer and feasible, alternative designs into the Toyota 4Runner's fuel system, fire prevention and suppression systems, seat restraints, air bag systems, rear occupant compartment and structural integrity of the Toyota 4Runner that would have prevented or significantly reduced the injuries and deaths to the Greene Family. In is clear that

the topics in the Deposition Notice all relate to claims and defenses of the parties, and is therefore narrowly tailored.

### 2. The Notice Does Not Violate Any Scope of Permissible Discovery Allegedly in the July 18, 2012, Order.

The Motion to Quash contends that the Deposition Notice allegedly "exceeds the scope of permissible discovery for this case that the Court defined through its July 18 Order." However, this is a misrepresentation of the July 18, 2012, Order. In fact, the Court has already admonished Defendants that the July 18, 2012, Order related only to the discrete issues that were before the Court during that specific motion to compel and is not to be used as an attempt to limit the scope of permissible discovery in this matter:

> And I get some sense from the Defendants that they are interpreting the prior order on July 18 as defining the full permissible scope of discovery in the case, period, and I don't think it was intended to do that. I think it was intended to mediate the issues that were raised in the prior motion to compel.

Excerpt from the January 23, 2012 hearing on Plaintiffs' Motion to Compel. Plaintiffs' APP 009-013. Accordingly, the Court should overrule any attempt by Toyota to limit discovery according to its improper use of the July 18, 2012, Order.

### G. It Has Been Defendants' Conduct, not Plaintiffs' Disinterest, Which Caused the Current Timing of This Deposition.

TMS attempts to leave the impression that Plaintiffs have created this delay in taking the TMS deposition. As stated earlier, however, Plaintiffs wanted to take the depositions of the three Toyota Defendants seriatim, beginning first with Toyota Motor Corporation. The evidence is clear that it has been the conduct of the Toyota Defendants that have created unreasonable delays in advancing this case to trial. Indeed, the following facts demonstrate some of the stalling techniques in which the Toyota Defendants have engaged:

1. In response to Plaintiffs' first interrogatory requests, the Toyota Defendants objected to each of Plaintiffs' thirteen (13) interrogatories, providing an incomplete response, or no response, to each.

2.     Similarly, in response to Plaintiffs' First Request for Production of Documents, the Toyota Defendants, in three responses that totaled 546 pages, objected to virtually each of Plaintiffs' requests and in some instances, under the guise of objections, wholly refused to provide clearly discoverable items.

3.     On or about February 24, 2012, Plaintiffs filed a Motion to Compel (the "First Motion to Compel") against the Toyota Defendants and VGNA. The First Motion to Compel was heard on or about March 5, 2012, and an Order was issued on July 18, 2012, setting the scope of discovery, but only as to certain limited items discussed at the hearing.

4.     Following the issuance of the Court's July 18, 2012, Order, Plaintiffs' counsel submitted discovery requests dated July 23, 2012, to Toyota's counsel seeking production of discovery within the scope permitted by the Court's July 18, 2012, Order and FRCP 26.

5.     Three months after the Court's July 18, 2012, Toyota still had not produced the items that the Court found to be discoverable.  Accordingly, on October 23, 2012, Plaintiffs' counsel contacted Toyota's counsel asking for production of the information that is the subject of the Court's July 18, 2012, Order.

6.     After receiving some materials from Toyota, Plaintiffs' counsel informed Toyota's counsel on October, 24, 2012, that Toyota's responses do not comply with the scope of discovery allowed by the Court's July 18, 2012, Order.  Plaintiffs' counsel also reiterated Plaintiffs' request that Toyota respond "directly and specifically" to each of the requests for productions and interrogatories contained in Plaintiffs' July 23, 2012, discovery letter.

7.     Following further exchanges of email, Toyota's counsel refused to respond specifically to each of the requests for productions and interrogatories contained in the July 23, 2012, discovery requested.

8.     On January 4, 2013, Plaintiffs filed a Second Motion to Compel (the "Second Motion to Compel") against the Toyota Defendants and VGNA.

9.     The Second Motion to Compel was heard on or about January 22, 2013. During the January 22, 2013, hearing on Plaintiffs' Second Motion to Compel, the Court issued the following directive to the Toyota Defendants:

> Okay. I want you to treat Exhibit B [Plaintiffs' July 23, 2012, discovery requests] as if it were a formal RFP and respond to it in a week. That doesn't mean produce the documents, necessarily, but give them a written response. You have had it around since July, so I think you can probably give them a written response in a week.

Okay. Then 30 days for the docs.

10.     On or about January 29, 2013, the Toyota Defendants submitted their response to Plaintiffs' July 23, 2012, discovery requests.  Consistent with the Toyota Defendants' original 546 page set of objections to Plaintiffs' first set of discovery, the Toyota Defendants submitted an 83-page set of objections to the July 23, 2012, discovery requests, despite the requests being completely consistent with the scope of discovery allowed by the Court's July 18, 2013, Order.

11.     On June 8, 2013, pursuant to a Fed.R.Civ.P. 30(b)(6) notice of deposition, Plaintiffs took the deposition of Toyota Motor Corporation corporate representative Ichiro Fukumoto ("Fukumoto").  During the deposition, it was apparent that Fukumoto was not knowledgeable of many of the topics on which examination had been requested.

12.     As a result of questions raised during Fukumoto's deposition and his inability to provide relevant information, on June 25, 2013, Plaintiffs submitted a second set of interrogatories and request for production to the Toyota Defendants.

13.     On or about July 29, 2013, Toyota Motor Engineering and Manufacturing, Inc. ("TEMA") submitted a thirty-three (33) page response to Plaintiffs' June 25, 2013, Second Set of Interrogatories, where TEMA submitted general and prophylactic objections to each of Plaintiffs' twelve (12) interrogatories.  TEMA also submitted a seventy-four (74) page response to Plaintiffs' Second Request for Documents, where TEMA submitted general and prophylactic objections each of Plaintiffs' twenty-six (26) requests for documents.

14.     Also on or about July 29, 2013, TMS submitted a thirty-five (35) page response to Plaintiffs' June 25, 2013, Second Set of Interrogatories, where TEMA submitted general and prophylactic objections to each of Plaintiffs' twelve (12) interrogatories.  TEMA also submitted a seventy-fiver (75) page response to Plaintiffs' Second Request for Documents, where TEMA submitted general and prophylactic objections each of Plaintiffs' twenty-six (26) requests for documents.

15.     On August 28, 2013, Toyota Motor Corporation ("TMC") submitted a thirty (30) page response to Plaintiffs' June 25, 2013, Second Set of Interrogatories, where TMC submitted general and prophylactic objections to each of Plaintiffs' twelve (12) interrogatories.  TMC also submitted a eighty-seven (87) page response to Plaintiffs' Second Request for Documents, where TMC submitted general and prophylactic objections each of Plaintiffs' twenty-six (26) requests for documents.

The July 29, 2013, and August 28, 2013, responses have created a need for Plaintiffs to file yet a third motion to compel against Toyota as it continues to refuse to provide clearly relevant discovery, including matters on which this Court has already ruled are discoverable. Unmistakably it has been Toyota's stalling efforts that have prevented and/or delayed discovery in this matter.

## CONCLUSION

WHEREFORE, based on the foregoing facts and argument, Plaintiff prays that this Court deny TMS's Motion to Quash and allow Plaintiffs to proceed with the deposition of TMS's corporate representative(s) as noticed, or another date that is agreeable to Plaintiffs' counsel. Plaintiffs also request attorneys' fees for responding to the Motion to Quash and such other and further relief as the Court deems appropriate.

Respectfully Submitted,

/s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN
State Bar No. 16049750

**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax
pittman@thepittmanlawfirm.com
kristin@thepittmanlawfirm.com

/s/ Daryl K. Washington
DARYL K. WASHINGTON
State Bar No. 24013714

**LAW OFFICES OF DARYL K. WASHINGTON P.C.**
325 N. St. Paul St., Suite 1975
Dallas, Texas  75201
214-880-4883
469-718-0380 - fax
dwashington@dwashlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2013, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

  /s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN