IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OLLIE GREENE, et al.,<br>　　　Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, et al.,<br>　　　Defendants. | §<br>§<br>§<br>§   Civil Action No. 3:11-CV-207-N<br>§<br>§<br>§ |

## ORDER

Pursuant to the standing order of reference of discovery matters dated June 19, 2013, before the Court are *Toyota Motor Sales, U.S.A., Inc.'s Motion to Quash Plaintiff William Greene's Notice of Deposition, and Brief in Support Thereof*, filed August 29, 2013 (doc. 170), and *Plaintiff's Expedited Third Motion to Compel Against the Toyota Defendants*, filed September 3, 2013 (doc. 174). The parties to the dispute are hereby **ORDERED** to meet face-to-face to fully confer on each of the items in dispute as follows:

## I. Face-to-Face Conference

Local Rule 7.1(a) of the Civil Local Rules for the Northern District of Texas requires that parties confer before filing this type of motion. After a full review of the motion, the Court finds that the parties could more fully confer on the issues in dispute pursuant to Local Rule 7.1(a) and *Dondi Properties Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284, 289–90 (N.D. Tex. 1988)(discussing proper utilization of then Local Rule 5.1(a), which is now Local Rule 7.1(a)).

Genuine, good-faith efforts by the parties to resolve their disputes before seeking court intervention often result in greater control over the outcome, acceptable compromise, or appreciably narrowed issues; these efforts also result in cost savings for the litigants. Opposing parties will have

reasonable disagreements throughout litigation that will require the Court's resolution. However, they must comply with Local Rule 7.1(a) in an earnest attempt to ensure that the issues presented are unbridgeable and supported by reasonable yet differing positions. The parties are therefore directed to meet **face-to-face**. The "face-to-face" requirement is not satisfied by a telephonic conference.

## II. Requirements for the Conference

At the face-to-face conference, the parties must engage in an item-by-item discussion of each issue raised in each motion. During the item-by-item discussion, ***the parties must exchange authorities supporting their positions on each disputed issue.***[1] Any party refusing to appear for this meeting or to confer as directed in this Order will be subject to sanctions.

## III. Post-Meeting Instructions

If the disputed issues are resolved during the face-to-face meeting, the movant shall forward an agreed proposed order in word or wordperfect format to the Court at ramirez_orders@txnd.uscourts.gov **no later than 5:00 p.m. on September 16, 2013.** If unresolved issues remain, the movant shall be responsible for filing a joint submission jointly prepared by the parties in accordance with Section IV of this Order **no later than 5:00 p.m. on September 16, 2013**.

## IV. Joint Submission

The joint submission must include an item-by-item listing of all issues in the motion which remain in dispute after the parties' face-to-face conference. ***Only those issues (or discovery requests***

---

[1] Exchange of authorities will facilitate the parties' evaluation of the merits of their positions on the disputed issues.

*or objections) which are listed in the joint submission will be considered by the Court.* Disputes which have been resolved during the parties' face-to-face conference should not be included in the joint submission.

Each disputed issue must be separately listed along with the parties' respective positions on the particular dispute. In cases involving disputed issues (or discovery requests) which are similar or related, a listing of categories may be appropriate. However, each such category should include an itemized list of all disputed requests which fall within that category. *Each party's position statement for each disputed issue or category must include citations to authorities which support its position on the particular issue or category*.

The joint submission must also set forth the date of the face-to-face conference, the length of the conference, and the names of the persons who attended. It must be signed by all parties to the dispute.

## V. Responsive Pleadings

The **joint submission** is filed *in lieu* of responsive pleadings. A separate response is not required. To the extent that evidentiary support for a position is required, the parties may file a joint appendix to the joint submission. The joint appendix must be filed on the same date as the joint submission.

## VI. Sanctions

Failure to confer face-to-face or to participate in the filing of a joint submission as directed will subject the non-complying party to sanctions. If a party fails to comply with this order, the complying party must timely file its portion of the joint submission and include a notice advising the Court of the opposing party's failure to comply. If the joint submission is not timely filed, the

motion will be subject to dismissal for movant's failure to comply with this order.

### VII.  Oral Argument or Hearing

No oral argument or hearing will be scheduled on these motions at this time.

**SO ORDERED** on this 4th day of September, 2013.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE