IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, *et al.*, | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | CAUSE NUMBER: 3:11-cv-0207-N |
| | § | |
| TOYOTA MOTOR CORPORATION, *et al.,* | § | |
| | § | |
| Defendants. | § | |

**JOINT SUBMISSION REGARDING TOYOTA MOTOR SALES, U.S.A., INC.'S MOTION TO QUASH PLAINTIFF WILLIAM GREENE'S NOTICE OF DEPOSITION**

### I.   NATURE OF THE DISCOVERY DISPUTE

**A.   Toyota Motor Sales, U.S.A., Inc.'s Position**

At 5:00 p.m. on August 19, 2013, Plaintiff unilaterally served Plaintiff William Greene's FRCP 30(b)(6) Notice of Deposition of Toyota Motor Sales, U.S.A., Inc. ("the Notice"). APP 3. The Notice set the deposition for September 9, 2013, in Dallas, Texas, an improper location because it is not within the district of TMS's principal place of business.

On August 26, 2013, counsel for Toyota Motor Sales, U.S.A., Inc., ("TMS") telephoned counsel for Plaintiff to discuss the Notice. After the telephone conference, counsel for TMS sent counsel for Plaintiff a letter outlining TMS's objections to the date and location of the deposition, as well as the overly broad scope of the Notice. APP 14. Plaintiff's counsel sent a response letter on August 27, 2013 outlining Plaintiff's position regarding the Notice. APP 16.

TMS filed its Motion to Quash Plaintiff William Green's Notice of Deposition of TMS on August 29, 2013, noting that it would also serve specific objections to the deposition topics in a separate document. APP 17, 20. On August 30, 2013, Plaintiff filed his Response to Toyota

Motor Sales, U.S.A., Inc.'s Motion to Quash.  APP 40.  In his Response, Plaintiff joined issue with the scope issues raised in the Motion to Quash.

On September 6, 2013, before the date for which the deposition was noticed, TMS served Defendant TMS's Response to Plaintiff William Greene's FRCP Rule 30(b)(6) Notice of Deposition of Toyota Motor Sales, U.S.A., Inc., lodging specific objections to the deposition topics in the Notice.  APP 59.

Pursuant to the Court's August 30, 2013 Order, counsel for Plaintiff and TMS held a face-to-face conference on September 11, 2013.  APP 54.  The conference was attended by Aubrey "Nick" Pittman and Daryl Washington for the Plaintiffs, and Plaintiff Marilyn Burdett Hardeman. Representing the Toyota Defendants were Kurt C. Kern, David P. Stone and Brian E. Mason. Luke Torres, Managing Counsel for TMS also attended.  The conference began at approximately 1:45 p.m. and ended at or about 4:15 p.m.  Efforts were made to resolve the current disputes, but after much discussion, the parties reached an impasse.  During the face-to-face conference, the parties conferred with the Court regarding the scope of TMS's Motion. According to the Court's guidance, the parties submit the following issue regarding TMS's Motion to Quash Plaintiff William Green's Notice of Deposition of TMS.

B.   **Plaintiffs' Position**

The August 19, 2013, deposition notice provided TMS with twenty-one (21) days' notice of the deposition, which was originally noticed to take place on September 9, 2013. Furthermore, the practice in scheduling previous depositions has been to send out a notice with a tentative date in order to give the opposing party an opportunity to check on witness availability. Moreover, on multiple occasions Toyota's counsel has unilaterally selected specific dates for third-party depositions.

TMS's contention misrepresents the nature of the August 26, 2013, conversation between TMS's counsel and Plaintiffs' counsel. The only discussion that was had regarding the scope of the deposition notice involved a brief contention by TMS's counsel that he felt, unilaterally, that TMS's marketing was not an issue in the case. Plaintiffs' counsel reminded TMS's counsel, however, that the Complaint contains allegations to which TMS's marketing representations were clearly relevant and likely to lead to the discovery of admissibility evidence, and that marketing representations are an essential element to the strict liability claims.

With regard to the letter from TMS's counsel following the August 26, 2013, telephone call, it does not contain objections to identified topics and makes representations regarding the topics that are untrue. All topics were appropriate for the notice of a TMS representative. Also, as the Court noted during the telephone hearing on September 11, 2013, the fifty-six (56) page set of objections that were sent to Plaintiffs' counsel after hours on September 6, 2013, were not considered to be a part of TMS's Motion to Quash filed on August 29, 2013. Accordingly, the objections were not debated and are not properly a part of the submission TMS's Motion to Quash.

Finally, if Plaintiffs do not obtain TMS's deposition sufficiently in advance of the due date for the expert reports Plaintiffs will suffer severe prejudice.

## II.   ARGUMENTS AND AUTHORITIES

A.   **The Reasonableness of Plaintiff's Notice of Deposition**

　　1.   **Toyota Motor Sales, U.S.A., Inc.'s Position**

TMS was not given reasonable notice of the deposition. Federal Rule of Civil Procedure, Rule 30, requires that a party must give reasonable written notice of a deposition on oral questions. Fed. R. Civ. P. 30(b)(1). Plaintiff unilaterally set a 30(b)(6) deposition on three weeks' notice. Rule 30(b)(6) requires the deponent to make a good-faith effort to identify and

designate the persons within the organization knowledgeable of the relevant matters sought by the notice and to prepare those persons so that they can answer relevant questions. *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 432-34 (5th Cir. 2006).

Plaintiff's deposition notice included thirty-five topics of inquiry and several sub-topics. APP 3. To comply with the Notice, TMS must identify the persons knowledgeable on the numerous topics designated, prepare those persons so that they can answer relevant questions, and make them available on the date unilaterally selected by Plaintiff. Given the complexity of this case and topics in the Notice, the notice provided by Plaintiff was not reasonable.

Moreover, discovery in this case has been ongoing for over two years. During this entire time, Plaintiff has not discussed taking a TMS deposition with Toyota's counsel or provided any indication topics on which they desired a deposition of TMS. The only mention of any kind of a deposition of TMS appeared in a February 20, 2012 letter from Plaintiffs' counsel indicating that a notice would be forthcoming. APP 1. No such notice was ever sent to counsel for TMS until the subject Notice was unilaterally served on August 19, 2013. Further, the 30(b)(6) deposition of Toyota Motor Corporation was taken by Plaintiffs on June 7 and 8, 2013, in California. Plaintiffs made no effort to attempt to schedule a TMS witness during the same time. Accordingly, any argument by Plaintiff that there is some urgency to this deposition is without merit.

      **a.**    **The date and location of the deposition of TMS Rule 30(b)(6) corporate representative.**

At a face-to-face conference with Plaintiffs' counsel on other discovery matters on September 3, 2013, counsel for TMS offered to make a TMS witness available for deposition to address the topics (with the exception of those relating to marketing and advertising) in the Notice on September 20, 2013 in Torrance, California. Plaintiffs' counsel declined that offer.

_____

At the face-to-face conference on September 11, 2013, TMS once again offered to present a TMS corporate representative for deposition on September 20, 2013, subject to the objections in TMS's Response to Plaintiff William Greene's FRCP 30(b)(6) Notice of Deposition. That witness would respond to the relevant topics in the Notice, subject to scope and privilege objections, with the exception of the topics dealing with marketing and advertising issues. The location proposed by TMS is Torrance, California. Torrance, California is the proper location for this deposition because it is within the district of TMS's headquarters. *See Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979); *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 483 (10th Cir. 1995); *Rapoca Energy Co. v. AMCI. Corp.*, 199 F.R.D. 191, 193 (W.D.Va. 2001).

Plaintiff once again denied TMS's offer, and stated that Plaintiff would only take the deposition of witnesses who could be presented on all thirty-five topics. Counsel for Plaintiff acknowledged that given the topics in the Notice, TMS would be required to produce more than one TMS corporate representative for deposition in order to address the topics raised.

TMS contends that the witness it has offered for deposition on September 20, 2013 can fairly address the relevant topics in the Notice. TMS does not believe the topics in the Notice related to marketing and advertising issues are relevant. In the connection, TMS has filed a Motion for Partial Summary Judgment on Plaintiffs' alleged marketing and misrepresentation claims. APP 116-117, 119-128. Nevertheless, in an effort resolve these disputes, TMS offered to produce a separate TMS corporate representative for deposition on October 4, 2013 to address the relevant issues raised by the topics in the Notice relating to marketing and advertising. APP 115.

Alternatively, if Plaintiff's counsel is unable to travel to California on September 20, 2013, or does not wish to travel to California on two occasions, TMS also offered to produce the same witness who is available on September 20, 2013, for deposition on October 5, 2013. *Id.* This would allow Plaintiff's counsel to make one trip to California. Finally, if Plaintiff's counsel did not wish to travel to California for any of the TMS corporate representative depositions, TMS's offered to take one or both of the depositions via direct video conference. *Id.*

The only topic in the Notice on which TMS refuses to produce a witness is topic No. 4. Topic No. 4 asks TMS to produce a witness to testify regarding any information relating to the "investigation" into the crash that is the subject of this case. APP 11, 62-63. This information would have been gathered at the direction of TMS's legal department, and would, therefore, be protected from disclosure by the attorney-client privilege, the work product doctrine, or the consulting expert privilege. *See International Ins. Co. v. RSR Corp.*, 426 F.3d 281, 299 (5th Cir. 2005); *Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989).

Although TMS has attempted to confer in good faith, Plaintiff refuses to agree upon a reasonable deposition time and location. Therefore, TMS asks the Court to order that the deposition of a TMS corporate representative on the relevant matters raised by topics 1, 2, 3, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 23, 25, 26, 27, 30, 31, 32, 33, 34, and 35 be taken on September 20, 2013, in Torrance, California. TMS also asks the Court to order that the deposition of a separate TMS corporate representative on the relevant matters raised by topics 5, 6, 8, 9, 21, 22, 24, 28, 29, and 30 be taken on October 4, 2013, in Torrance, California.

TMS reserves the right to urge the objections contained in its Response to Plaintiff William Greene's FRCP Rule 30(b)(6) Notice of Deposition of Toyota Motor Sales, U.S.A., Inc. and/or file a supplemental motion to quash.

    **2.**    **Plaintiff's Position**

        **a.**    **TMS's Recently Filed Motion for Summary Judgment Makes TMS's Obstructionist Tactics Even More Obvious.**

A few hours after the September 11, 2013, conference between the parties on TMS's Motion to Quash, TMS's counsel submitted an offer to Plaintiffs' of alternative dates for the deposition of TMS's corporate representative(s).  One of the dates "offered" by TMS was October 4, 2013.  Joint Appx' 186.  At first blush, Plaintiffs' counsel believed that TMS's counsel was being genuine in attempting to offer a date that perhaps could be convenient for the parties and could take place in advance of the due date for expert reports.  Accordingly, Plaintiffs' counsel corresponded to TMS's counsel that perhaps the parties could arrive at a convenient date.  Joint Appx' 186.  However, shortly after this exchange of email it became apparent why TMS moved to quash the September 9, 2013, deposition notice and why TMS was not willing to offer a witness for deposition on certain topics until on or after October 4, 2013.  That is because shortly after the exchange of alternate dates, TMS hurriedly filed a motion for summary judgment on certain claims – the same claims for which discovery is being sought from TMS and is the subject of this motion to quash.  It is now transparent that TMS is simply trying to prevent Plaintiffs from obtaining information that would establish that TMS has no basis for its newly minted summary judgment motion.  Accordingly, TMS's recent summary judgment filing dictates that Plaintiffs take the complete TMS deposition at the earliest possible opportunity so as to allow Plaintiffs to use the TMS testimony in response to TMS's motion for summary judgment.

        **b.**    **TMS has Always Known of Plaintiffs' Intent to Obtain Discovery from TMS and Take a FRCP 30(b)(6) Deposition of TMS.**

In an attempt to convince the Court to grant its meritless Motion to Quash, TMC shamelessly states:

>Moreover, discovery in this case has been ongoing for over two years. During this entire time, Plaintiff has not discussed taking a TMS deposition with Toyota's counsel. In fact, Plaintiff never informed defense counsel of his interest in a 30(b)(6) deposition of a TMS witness until he unilaterally served the subject notice on August 19, 2013.

Motion to Quash, p.3. This is a blatant misrepresentation of the facts. In fact, by letter dated February 12, 2012, Plaintiffs' counsel submitted correspondence to TMS and the other Defendants that originally scheduled a TMS deposition for April 3, 2012. Joint Appx' 173-175. This notification clearly placed TMS on notice that its FRCP 30(b)(6) deposition would be taken. The only reason this deposition did not take place was due to Toyota's refusal to produce discovery that would have been used at that TMS deposition, as well as during the depositions of the other Toyota Defendants. Additionally, throughout this lawsuit, Plaintiffs have served several written discovery request upon TMS. In fact, TMS just recently submitted a discovery response, albeit incomplete, on July 29, 2013. Joint Appx' 176-177. Therefore, it is a gross mischaracterization for TMS to suggest that Plaintiffs never intended to conduct discovery against it. And in response to TMS's suggestion that Plaintiffs should have taken TMS's deposition in Torrance, CA "during the same day" as the other Toyota corporation, this would have made no sense and would have deprived Plaintiffs of the opportunity to properly plan for the TMS deposition after hearing the testimony of the other Toyota Defendants.

### c. It Has Been Defendants' Conduct, not Plaintiffs' Disinterest, Which Caused the Current Timing of This Deposition.

TMS attempts to leave the impression that Plaintiffs have created this delay in taking the TMS deposition. As stated earlier, however, Plaintiffs wanted to take the depositions of the three Toyota Defendants seriatim, beginning first with Toyota Motor Corporation. The evidence is clear that it has been the conduct of the Toyota Defendants that have created unreasonable delays

in advancing this case to trial. Indeed, the following facts demonstrate some of the stalling techniques in which the Toyota Defendants have engaged:

1. In response to Plaintiffs' first interrogatory requests, the Toyota Defendants objected to each of Plaintiffs' thirteen (13) interrogatories, providing an incomplete response, or no response, to each.

2. Similarly, in response to Plaintiffs' First Request for Production of Documents, the Toyota Defendants, in three responses that totaled 546 pages, objected to virtually each of Plaintiffs' requests and in some instances, under the guise of objections, wholly refused to provide clearly discoverable items.

3. On or about February 24, 2012, Plaintiffs filed a Motion to Compel (the "First Motion to Compel") against the Toyota Defendants and VGNA. The First Motion to Compel was heard on or about March 5, 2012, and an Order was issued on July 18, 2012, setting the scope of discovery, but only as to certain limited items discussed at the hearing.

4. Following the issuance of the Court's July 18, 2012, Order, Plaintiffs' counsel submitted discovery requests dated July 23, 2012, to Toyota's counsel seeking production of discovery within the scope permitted by the Court's July 18, 2012, Order and FRCP 26.

5. Three months after the Court's July 18, 2012, Toyota still had not produced the items that the Court found to be discoverable. Accordingly, on October 23, 2012, Plaintiffs' counsel contacted Toyota's counsel asking for production of the information that is the subject of the Court's July 18, 2012, Order.

6. After receiving some materials from Toyota, Plaintiffs' counsel informed Toyota's counsel on October, 24, 2012, that Toyota's responses do not comply with the scope of discovery allowed by the Court's July 18, 2012, Order. Plaintiffs' counsel also reiterated Plaintiffs' request that Toyota respond "directly and specifically" to each of the requests for productions and interrogatories contained in Plaintiffs' July 23, 2012, discovery letter.

7. Following further exchanges of email, Toyota's counsel refused to respond specifically to each of the requests for productions and interrogatories contained in the July 23, 2012, discovery requested.

8. On January 4, 2013, Plaintiffs filed a Second Motion to Compel (the "Second Motion to Compel") against the Toyota Defendants and VGNA.

9. The Second Motion to Compel was heard on or about January 22, 2013. During the January 22, 2013, hearing on Plaintiffs' Second Motion to Compel, the Court issued the following directive to the Toyota Defendants:

> Okay. I want you to treat Exhibit B [Plaintiffs' July 23, 2012, discovery requests] as if it were a formal RFP and respond to it in a week. That doesn't mean produce the documents, necessarily, but give them a written response. You have had it around since July, so I think you can probably give them a written response in a week.
>
> Okay. Then 30 days for the docs.

10. On or about January 29, 2013, the Toyota Defendants submitted their response to Plaintiffs' July 23, 2012, discovery requests. Consistent with the Toyota Defendants' original 546 page set of objections to Plaintiffs' first set of discovery, the Toyota Defendants submitted an 83-page set of objections to the July 23, 2012, discovery requests, despite the requests being completely consistent with the scope of discovery allowed by the Court's July 18, 2013, Order.

11. On June 8, 2013, pursuant to a Fed.R.Civ.P. 30(b)(6) notice of deposition, Plaintiffs took the deposition of Toyota Motor Corporation corporate representative Ichiro Fukumoto ("Fukumoto"). During the deposition, it was apparent that Fukumoto was not knowledgeable of many of the topics on which examination had been requested.

12. As a result of questions raised during Fukumoto's deposition and his inability to provide relevant information, on June 25, 2013, Plaintiffs submitted a second set of interrogatories and request for production to the Toyota Defendants.

13. On or about July 29, 2013, Toyota Motor Engineering and Manufacturing, Inc. ("TEMA") submitted a thirty-three (33) page response to Plaintiffs' June 25, 2013, Second Set of Interrogatories, where TEMA submitted general and prophylactic objections to each of Plaintiffs' twelve (12) interrogatories. TEMA also submitted a seventy-four (74) page response to Plaintiffs' Second Request for Documents, where TEMA submitted general and prophylactic objections each of Plaintiffs' twenty-six (26) requests for documents.

14. Also on or about July 29, 2013, TMS submitted a thirty-five (35) page response to Plaintiffs' June 25, 2013, Second Set of Interrogatories, where TEMA submitted general and prophylactic objections to each of Plaintiffs' twelve (12) interrogatories. TEMA also submitted a seventy-fiver (75) page response to Plaintiffs' Second Request for Documents, where TEMA submitted general and prophylactic objections each of Plaintiffs' twenty-six (26) requests for documents.

15. On August 28, 2013, Toyota Motor Corporation ("TMC") submitted a thirty (30) page response to Plaintiffs' June 25, 2013, Second Set of Interrogatories, where TMC submitted general and prophylactic objections

to each of Plaintiffs' twelve (12) interrogatories. TMC also submitted a eighty-seven (87) page response to Plaintiffs' Second Request for Documents, where TMC submitted general and prophylactic objections each of Plaintiffs' twenty-six (26) requests for documents.

The July 29, 2013, and August 28, 2013, responses have created a need for Plaintiffs to file yet a third motion to compel against Toyota as it continues to refuse to provide clearly relevant discovery, including matters on which this Court has already ruled are discoverable. Unmistakably it has been Toyota's stalling efforts that have prevented and/or delayed discovery in this matter.

### d. Plaintiffs Served the Deposition Notice with More Than Reasonable Notice.

Plaintiffs' counsel served a copy the Deposition Notice upon all counsel on August 19, 2013, scheduling the deposition to take place on September 9, 2013 – twenty-one (21) days' notice. In its Motion to Quash, TMS does not cite any authorities to support its contention that twenty-one days' notice is improper or insufficient. In fact, TMS's Motion to Quash ignores an endless line of cases that hold that more than one week's notice generally is considered reasonable. *See, e. g., Paige v. Commissioner*, 248 F.R.D. 272, 275 (C.D.Cal. Jan.18, 2008) (finding that fourteen days' notice was reasonable); *Jones v. United States*, 720 F.Supp. 355, 366 (S.D.N.Y.1989) (holding that eight days' notice was reasonable); *see also In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D.Ill.2005) ("[T]en business days' notice [of a deposition] would seem to be reasonable"); *P.S. v. Farm, Inc.*, 2009 WL 483236 (D.Kan. Feb 24, 2009) (five days' notice reasonable). In this case, providing TMS with twenty-one days' notice of the deposition date satisfies the reasonable notice requirement under FRCP 30. Therefore, TMS's objection on these grounds cannot be sustained.

### e. The Scheduling Order and TMS's New Motion for Summary Judgment Dictates That This Deposition Take Place Timely, as Noticed.

Pursuant to the Scheduling Order in this matter, Plaintiffs' expert reports are due on or about October 11, 2013, and discovery being sought at the TMS deposition will be used by the experts in support of their reports. Additionally, Plaintiffs need to depose the TMS representative to discover information that will be used to defeat TMS's motion for summary judgment filed today. Accordingly, Plaintiffs respectfully request that the Court deny TMS's Motion to Quash so that Plaintiffs may obtain the testimony requested sufficiently in advance of the deadline for expert reports in order that Plaintiffs' experts can incorporate the missing discovery into their analyses and in enough time to be used in Plaintiffs' response to TMS's motion for summary judgment.

> **f.   Issuance of the Deposition Notice Did Not Violate any Alleged Requirement to Confer.**

Rule 30(b)(6) of the Federal Rules of Civil Procedure provides:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization.

FED.R.CIV.P. 30(b)(1) provides that a party may take the deposition of any person upon reasonable notice. However, Rule 30 does not, by its terms, require that the noticing party confer with opposing counsel before scheduling a deposition. *Koninklike Philips Electronics N.V. v. KXD Technology, Inc.*, 2007 WL 3101248 *18 (D.Nev. Oct 16, 2007). Therefore, contrary to TMS's argument, there was no requirement that Plaintiffs' confer with TMS's counsel "before" serving the notice of the TMS deposition.

Notwithstanding the absence in FRCP 30 of a requirement to confer, Plaintiffs' counsel followed the practice that the parties have used in noticing other FRCP 30 deponents in this matter. In past instances, the FRCP 30(b)(6) Intent to Take the Deposition has been served on the opposing counsel setting a tentative date for the deposition and listing the topics upon which examination is requested. That way, opposing counsel can ascertain which witnesses are needed as well as to determine their availability. See previous correspondence regarding scheduling of the FRCP 30(b)(6) deposition of Defendant Volvo Group North America. Joint Appx' 178-179. Therefore the TMS Deposition Notice was served in the same manner as other deposition notices for FRCP 30(b)(6) deponents. Moreover, in this case, in an attempt to ensure that the deposition could take place timely and that no party would be prejudiced, Plaintiffs' counsel asked TMS's counsel for another alternate "and timely" date. Joint Appx' 180. TMS's counsel never provided an alternate date that would ensure that the deposition would take place in sufficient time so that it can be considered by the experts. Accordingly, TMS cannot now be heard to complain. Therefore, the Court should deny the Motion to Quash.

      **g.**    **Although the Deposition Was Noticed to Take Place in Dallas, Plaintiffs Were Prepared to Hold the Deposition Elsewhere, if TMS So Desired.**

Although TMS is correct that Plaintiffs listed TMS's counsel's previous office in Dallas as the suggested location for the TMS Deposition, this address was listed as a place holder and because (1) counsel for the nine (9) parties in this lawsuit (and most of the experts) are located in Texas; (2) there is a likelihood that only one corporate representative is being produced by TMS; (3) significant discovery disputes may arise and there is an anticipated necessity of the resolution by this Court; and (4) the claim's nature and the parties' relationship is such that an appropriate adjustment of the equities favors a deposition site in the forum district, it would be equitable to

hold the deposition in this district as it would be less costly to the parties. *See Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp.*, 147 F.R.D. 125, 127 (N.D.Tex.1992) (citing *Turner v. Prudential Ins. Co.*, 119 F.R.D. 381, 383 (M.D.N.C.1988). The RTC court concluded that it "must ultimately consider each case on its own facts and the equities of the particular situation." *Id*. Accordingly, an order requiring that the deposition take place in this District would not be improper. Notwithstanding, however, that it is permissible for the TMS deposition to take place in this District, Plaintiffs originally offered, in a show of good faith, to proceed with taking the deposition in California so that this important deposition could be taken in a timely manner. See Joint Appx' 180.

    **h.**   **TMS should not be allowed to produce witnesses for deposition while "preserving" its untimely objections.**

  Although the Motion to Quash makes a generalized statement that the topics are not relevant or reasonably calculated to lead to the discovery of admissible evidence, an examination of the Deposition Notice, in conjunction with Plaintiffs' complaint, belies TMS's contention. Indeed, the topics are clearly relevant to the issues in this lawsuit and are described with "reasonable particularity" as required by FRCP 30(b)(6). The notice also does not violate the Court's earlier order. Joint Appx' 181-185. In its contention above, however, TMS states that it "reserves the right to urge the objections" contained in a document that was submitted to Plaintiffs after hours on Friday, September 6, 2013, for a deposition that was noticed to take place on September 9, 2013. This 56 page long set of objection was also not included as a part of TMS's motion to quash.

  WHEREFORE, based on the foregoing facts and argument, Plaintiffs pray that this Court deny TMS's Motion to Quash and order that TMS produce corporate representative(s) on or before September 20, 2013, to testify fully on each of the topics in Plaintiffs' August 19, 2013,

---
**JOINT SUBMISSION REGARDING TOYOTA MOTOR SALES, U.S.A., INC.'S**
**MOTION TO QUASH PLAINTIFF WILLIAM GREENE'S NOTICE OF DEPOSITION**   **PAGE 14**

deposition notice.  Plaintiffs also request attorneys' fees for responding to the Motion to Quash and such other and further relief as the Court deems appropriate.

Respectfully submitted,

*/s/ David P. Stone*
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 N. Harwood Street, Suite 1700
Dallas, Texas  75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.**

*/s/ Aubrey "Nick" Pittman*
**AUBREY "NICK" PITTMAN**
State Bar No. 16049750
**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax
pittman@thepittmanlawfirm.com

**DARYL K. WASHINGTON**
State Bar No. 24013714
**LAW OFFICES OF DARYL K. WASHINGTON P.C.**
325 N. St. Paul St., Suite 1975
Dallas, Texas  75201
214-880-4883

                        469-718-0380 - fax
                        dwashington@dwashlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

      I hereby certify that on September 11, 2013 Plaintiffs' counsel and Toyota's counsel held a face-to-face conference to discuss the above issue. The participants were Daryl K. Washington and Aubrey "Nick" Pittman for Plaintiffs, and David Stone, Kurt Kern and Brian Mason for Toyota Motor Sales, U.S.A., Inc. During the conference, which lasted over two hours, arguments were made regarding each side's positions and authorities were discussed. Despite such discussions, counsels were unable to resolve the specific disagreements that are presented in this motion.

                                          */s/ David P. Stone*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 12th day of September, 2013.

                                          */s/ David P. Stone*