## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **OLLIE GREENE, Individually as the** | § | |
| **surviving parent of WYNDELL GREENE,** | § | |
| **SR., WILLIAM GREENE, as the** | § | |
| **Administrator of the Estate of  WYNDELL** | § | |
| **GREENE, SR., and MARILYN BURDETTE** | § | |
| **HARDEMAN, Individually and as the** | § | **CAUSE NUMBER: 3:11-cv-0207-N** |
| **surviving parent of LAKEYSHA GREENE,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **TOYOTA MOTOR CORPORATION,** | § | |
| **TOYOTA MOTOR ENGINEERING &** | § | |
| **MANUFACTURING NORTH AMERICA,** | § | |
| **INC.,  TOYOTA MOTOR SALES USA,** | § | |
| **INC., VOLVO GROUP NORTH** | § | |
| **AMERICA, LLC., VOLVO TRUCKS** | § | |
| **NORTH AMERICA, A DIVISION OF** | § | |
| **VOLVO GROUP NORTH AMERICA,** | § | |
| **LLC., STRICK TRAILERS, LLC, JOHN** | § | |
| **FAYARD MOVING & WAREHOUSE,** | § | |
| **LLC, and DOLPHIN LINE, INC.** | § | |
| | § | |
| **Defendants.** | § | |

---

## PLAINTIFFS' MOTION FOR CONTINUANCE UNDER
## FRCP 56(d) OF TOYOTA DEFENDANTS' MOTION
## FOR PARTIAL SUMMARY JUDGMENT AND BRIEF IN SUPPORT

---

AUBREY "NICK" PITTMAN
State Bar No. 16049750

**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax
pittman@thepittmanlawfirm.com

DARYL K. WASHINGTON
State Bar No. 24013714

**LAW OFFICES OF DARYL K. WASHINGTON
P.C.**
325 N. St. Paul St., Suite 1975
Dallas, Texas  75201
214-880-4883
469-718-0380 - fax
dwashington@dwashlawfirm.com

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................... ii

TABLE OF AUTHORITIES ............................................................................................. iii

BACKGROUND ................................................................................................................ 1

ARGUMENT AND AUTHORITIES ................................................................................. 2

    A.    Legal Standards on Motion for Continuance. .......................................................... 2

    B.    Grounds for Motion for Continuance. ..................................................................... 3

    C.    Plaintiffs' Need for Additional Discovery .............................................................. 5

        1.    The discovery sought by Plaintiffs will prove one or more elements
               of the Marketing Defect and Failure to Warn Claim. ................................. 6

        2.    The discovery sought by Plaintiffs will prove one or more elements
               of the Misrepresentation Claim.................................................................. 8

        3.    Specific discovery sought by Plaintiffs through this motion. ................... 10

    D.    Due Diligence Attempts to Conduct Discovery..................................................... 11

        1.    Toyota has notified Toyota Defendants of Plaintiffs' desire to take the
               deposition of the Toyota Defendants and served a deposition notice on
               TMS that was quashed by Toyota............................................................. 11

        2.    Plaintiffs served written discovery requests on the Toyota Defendants
               and they have refused to produce information relevant to the claims
               in its motion for summary judgment........................................................ 12

CONCLUSION................................................................................................................. 15

CERTIFICATE OF CONFERENCE............................................................................... 16

CERTIFICATE OF SERVICE ........................................................................................ 17

# TABLE OF AUTHORITIES

## Cases

*Alman Brothers Farms & Feed Mill, Inc. v. Diamond Laboratories, Inc.*, 437 F.2d 1295 (5th Cir.1971) ............................................................................................................. 7

*Aluminum Co. of America v. Alm*, 785 S.W.2d 137 (Tex.1990) ...................................... 7

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242 (1986) ................................................. 3

*Bituminous Casualty Corp. v. Black & Decker Manufacturing Co.*, 518 S.W.2d 868 (Tex.Civ.App.-Dallas, 1974), writ ref'd n.r.e. ....................................................... 7

*Bradford v. Vento*, 48 S.W.3d 749 (Tex.2001) ............................................................. 9

*Bristol–Myers Co. v. Gonzales*, 561 S.W.2d 801 (Tex.1978) ....................................... 6

*Centocor, Inc. v. Hamilton*, 372 S.W.2d 140 (Tex.2012) .............................................. 6

*Committee for the First Amendment v. Campbell*, 962 F.2d 1517 (10th Cir. 1992) ...................... 3

*Crocker v. Winthrop Laboratories*, 514 S.W.2d 429 (Tex.1974) ................................... 6

*Culwell v. City of Fort Worth*, 2006 WL 3072518 (5th Cir. 2006) ................................ 3

*Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573 (Tex.2001) ............................ 9

*Federal Land Bank Ass'n v. Sloane*, 825 S.W.2d 439 (Tex.1991) ................................ 9

*Hiller v. Kawasaki Motors Corp.*, 671 P.2d 369 (Alaska 1983) ................................... 10

*International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257 (5th Cir. 1991) ................................. 3

*Jack Roach-Bissonnet, Inc. v. Puskar*, 417 S.W.2d 262 (Tex.1967) ........................... 10

*King v. Kayak Mfg. Corp.*, 182 W.Va. 276, 387 S.E.2d 511 (1989) ............................ 10

*Koonce v. Quaker Safety Prods.*, 798 F.2d 700 (5th Cir.1986) ................................... 7

*Leichtamer v. American Motors Corp.*, 67 Ohio St.2d 456, 424 N.E.2d 568 (Ohio 1981) .......... 10

*Martinez v. Dixie Carriers, Inc.*, 529 F.2d 457 (5th Cir.1976) .................................... 8

*Maxey v. Freightliner Corp.*, 450 F.Supp. 955 (N.D.Tex.1978), *aff'd in pertinent part*, 665 F.2d 1367 (5th Cir.1982) (en banc) ......................................................... 8

*McCathern v. Toyota Motor Corp.*, 332 Or. 59, 23 P.3d 320 (Or.2001) ...................... 10

*McLennan v. American Eurocopter Corp., Inc.*, 245 F.3d 403 (5th Cir.2001) ................ 7

*Miles v. Ford Motor Co.*, 2001 WL 727355 (Tex.App.-Dallas 2001) .......................... 10

*Pavlides v. Galveston Yacht Basin, Inc.*, 727 F.2d 330 (5th Cir.1984) ..................... 6, 8

*Six Flags Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948 (5th Cir. 2009) .................... 3

*USX v. Salinas*, 818 S.W.2d 473 (Tex.App.—San Antonio 1991, writ denied)............................ 6

*Wichita Falls Office Associates v. Banc One Corporation*, 978 F.2d 915 4 (5th Cir. 1992) ......... 3

Williams v. Upjohn Co., 153 F.R.D. 110 (S.D.Tex.1994) ............................................................. 7

**Rules**

FED.R.CIV.P. 8(d)(2).................................................................................................................... 6

FED.R.CIV.P. 56(d)............................................................................................................... 1, 2, 3

TEX.BUS.&COM.CODE § 17.46(b) ............................................................................................. 8

TEX.BUS.&COM.CODE § 17.50(a)............................................................................................. 8

**Treatises**

E. CARSTARPHEN, Product Defects, 2 TEXAS TORTS AND REMEDIES § 41.01[2] (J. Edgar & J. Sales eds.1991) ..................................................................................................... 6

SALES, The Duty to Warn and Instruct for Safe Use in Strict Tort Liability, 13 ST. MARY'S L.J. 521, 524 (1982).................................................................................................................. 7

Plaintiffs Ollie Greene, Individually and as the surviving parent of Wyndell Greene, Sr., William Greene, as the Administrator of the Estate of Wyndell Greene, Sr. and Marilyn Burdette Hardeman, Individually and as the surviving parent of LaKeysha Greene (collectively hereinafter referred to as "Plaintiffs") file this Motion for Continuance under FED.R.CIV.P. 56(d) of Toyota Defendants' Motion for Partial Summary Judgment ("Toyota's Motion for Partial Summary Judgment") and Brief in Support and ask that the Court continue the submission of the Toyota's Motion for Partial Summary Judgment and extend the deadline for Plaintiffs to respond to the Motion for Partial Summary Judgment, as authorized by Federal Rule of Civil Procedure 56(d).

## BACKGROUND

1.      Plaintiffs' Second Amended Complaint (Dkt. Entry No. 113) alleges that in various commercials, internet postings, periodicals, press releases, etc., the Toyota Defendants have represented that the safety of their customers is paramount.  These representations were intended to, and did, cause consumers such as the Greene Family to rely on Toyota's statement and purchase Toyota vehicles.  However, Toyota made misrepresentations of the quality, reliability and safety of its vehicles, including the Toyota 4Runner, all to the detriment of the Greene Family and Plaintiffs.  In addition, Plaintiffs also specifically allege that the Toyota Defendants, inter alia, failed to design and incorporate widely available, safer and feasible, alternative designs into the Toyota 4Runner's fuel system, fire prevention and suppression systems, seat restraints, air bag systems, rear occupant compartment and structural integrity of the Toyota 4Runner that would have prevented or significantly reduced the injuries and deaths to the Greene Family.  Toyota also did not provide adequate warnings and instructions to the Greene family and other consumers regarding the Toyota 4Runner's fuel system, fire prevention and suppression systems, seat restraints, air bag systems, rear occupant compartment and structural integrity of the Toyota 4Runner.

1

Plaintiffs Complaint also makes clear that Toyota made representations, and breached express warranties, that the Toyota 4Runner was safe, reliable and that quality was of paramount importance.  Toyota also breached the implied warranties of merchantability, which is implied into every commercial transaction.  The warranty of merchantability requires that products be of reasonable workmanlike quality and free from defects.  Toyota impliedly warranted to the Greene Family that Toyota's vehicles were of merchantable quality.  Toyota breached the warranty of merchantability by designing, manufacturing, distributing, selling and refusing to adequately repair or replace their vehicles after it became apparent they were defective.

2.      Defendants Toyota Motor Corporation ("TMC"), Toyota Motor Sales, U.S.A., Inc. ("TMS"), and Toyota Motor Engineering and Manufacturing North America, Inc. ("TEMA")(collectively "Toyota") filed a motion for summary judgment on September 12, 2013. Plaintiffs' deadline to file a response is October 2, 2013.

3.      Plaintiffs asked Toyota to agree to a continuance for the reasons stated in this motion, but Toyota refused.

5.      Plaintiffs ask the court for additional time to conduct discovery because Plaintiffs are unable to respond fully to Toyota's Motion for Partial Summary Judgment.

## ARGUMENT AND AUTHORITIES
**A.      Legal Standards on Motion for Continuance.**

Rule 56(d) of the Federal Rules of Civil Procedure provides:

**When Facts Are Unavailable to the Nonmovant**.  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    (1)      defer considering the motion or deny it;

    (2)      allow time to obtain affidavits or declarations or to take discovery; or

2

(3)      issue any appropriate order.

FED.R.CIV.P. 56(d).   The policy behind FED.R.CIV.P. 56(d) is straightforward: "Summary judgment should not be granted 'where the non-moving party has not had the opportunity to discover information that is essential to his opposition.'" *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1521-22 (10th Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 250 n.5 (1986) (1986)).   Rule 56(d) motions are "broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, F.3d, 2006 WL 3072518, at *3 (5th Cir. 2006); *see also Wichita Falls Office Associates v. Banc One Corporation*, 978 F.2d 915, 919 n. 4 (5th Cir. 1992) ("Such 'continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence.'" (quoting *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992).   In other words, Rule 56(d) provides a "much needed tool to keep open the doors of discovery in order to adequately combat a summary judgment motion." *Six Flags Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 963 (5th Cir. 2009) (internal quotation marks omitted).

### B.      Grounds for Motion for Continuance.

As discussed more fully herein, Plaintiffs' grounds for requesting the continuance are, inter alia, as follows:

One, Plaintiffs need additional time to take depositions of the corporate representatives of Defendants TMS and TEMA.   The testimony of these corporate representatives is relevant and material to this case because they will establish the inadequacy of the warnings (or lack thereof) by Toyota.   The testimony will also establish the extent of the representations made by Toyota to consumers such as the Greene family, as well as to establish consumer expectation.   Although

Plaintiffs diligently used the discovery process, they have been unable to obtain the testimony of TMS and TEMA representatives earlier due to Toyota's failure to respond fully to various discovery requests, all of which has led to several motions to compel. Plaintiffs sought to obtain responses to written discovery requests before convening depositions of the corporate representatives. Additionally, on or about August 19, 2013, Plaintiffs sent a notice of intent to take the deposition of a TMS representative. The notice is attached as APP 007-017. TMS filed a motion to quash this notice (APP 018-023), and it was effectively quashed by the Court's September 3, 2013, Order requiring a conference on the motion to quash. See, Dkt. Entry 173. Even after the motion to quash was filed, Plaintiffs attempted to negotiate a convenient time for the TMS deposition. APP 384-385. However, Toyota refused to produce corporate representatives on all issues in the August 19, 2013, Notice of Intent to Take TMS's deposition and the matter is currently pending before this Court. In addition, after hours on September 6, 2013, TMS filed a fifty-six (56) page set of objections to the Notice of Intent to Take TMS's deposition. APP 024-079.[1] The Court just ruled, on September 16, 2013, that TMS has to produce a witness for deposition on or about September 20, 2013. Plaintiffs have not yet taken the TMS deposition and in the near future will have to take the deposition of a representative from TEMA, the other summary judgment movant. If these depositions reveal the need to take additional depositions or obtain documents from others on claims relevant to the issues in Toyota's Motion for Partial Summary Judgment, Plaintiffs should be permitted to do so.

Two, Plaintiffs need additional time to secure documents from Toyota and other third parties regarding the misrepresentations made by Toyota, the lack of adequate warnings in the

---

[1] Although Plaintiffs contend, and the Court agreed, that Toyota waived any objections to Plaintiffs' Notice of Intent to Take the TMS Deposition, Plaintiffs make note of these objections to demonstrate Toyota's continuing tactics of delaying and denying discovery, which has prolonged discovery and trial in this matter. Plaintiffs are also unsure, at this point, whether TMS plans to produce representatives who will testify fully and completely as to all of the topics in the deposition notice.

materials being sought, as well as representations made by Toyota to the Greene Family and other unsuspecting consumers. These documents are relevant and material to this case because they will establish the inadequacy of the warnings (or lack thereof) by Toyota. The documents will also establish the extent of the representations made by Toyota to consumers such as the Greene family, as well as to establish consumer expectation. Plaintiffs have made various requests to Toyota for this information, beginning as early as June 17, 2011, which establishes that Plaintiffs diligently used the discovery process, but was unable to secure the discovery earlier. APP 080-093. In response to Plaintiffs' first request for production of documents, one of the Toyota Defendants submitted a 213-page set of objections, which included objections to production of material relating specifically to the marketing defect and misrepresentation claims. APP 094-306. Therefore, although Plaintiffs have diligently used the discovery process to obtain the missing information, they have been unable to obtain these documents earlier due to Toyota's failure to respond fully to various discovery requests, all of which has led to several motions to compel. See, Dkt. Entry Nos. 64, 78, 131, and 174. The Court currently has a motion to compel before it that requests some of the information that forms the basis for this motion for continuance.

Furthermore, as the documents Plaintiffs seek are primarily in the hands of the Toyota Defendants, Plaintiffs may not be able to procure this information from any other source.

### C.    Plaintiffs' Need for Additional Discovery

In addition to the claims of strict liability, breach of warranties and negligence against the Toyota Defendants, Plaintiffs' Complaint contains failure to warn and misrepresentations claim against Toyota. In the Motion for Partial Summary Judgment at page 6, Toyota makes note that Plaintiffs plead a failure to warn claim against Toyota as well as a design defect claim and argues

that this is improper.  However, these theories are not necessarily inconsistent.  There are several components at issue and Toyota can be liable under a strict liability design defect and marketing defect theory.  More importantly, however, the Federal Rules of Civil Procedure do not require consistency of pleadings. FED.R.CIV.P. 8(d)(2).  Accordingly, Plaintiffs are permitted to plead alternative theories of recovery, including theories against multiple defendants.

Toyota's Motion for Partial Summary Judgment also alleges that there is no evidence of any of the elements of either a marketing defect, failure to warn or misrepresentation claim. Accordingly, Plaintiffs seek a continuance so that they can obtain the evidence proving conclusively that Plaintiffs can establish each of the specific elements under the marketing defect, failure to warn and misrepresentation theories, respectively.

### 1.    The discovery sought by Plaintiffs will prove one or more elements of the Marketing Defect and Failure to Warn Claim.

It is a fundamental principle of the law of product liability in this Circuit that under Texas law a manufacturer has a responsibility to instruct consumers as to the safe use of its product and to warn consumers of dangers associated with its product of which the seller either knows or should know at the time the product is sold.  *Centocor, Inc. v. Hamilton*, 372 S.W.3d 140, 153–54 (Tex.2012), citing *Bristol–Myers Co. v. Gonzales*, 561 S.W.2d 801, 804 (Tex.1978); *Pavlides v. Galveston Yacht Basin, Inc.*, 727 F.2d 330, 338 (5th Cir.1984).  "A marketing defect occurs when a defendant knows or should know of a potential risk of harm presented by the product but markets it without adequately warning of the danger or providing instructions for safe use." *USX v. Salinas*, 818 S.W.2d 473, 482 (Tex.App.—San Antonio 1991, writ denied) (citing *Bristol–Myers*, 561 S.W.2d at 804; *Crocker v. Winthrop Laboratories*, 514 S.W.2d 429, 433 (Tex.1974); and E. CARSTARPHEN, Product Defects, 2 TEXAS TORTS AND REMEDIES § 41.01[2] (J. Edgar & J. Sales eds.1991)); *see also McLennan v. American Eurocopter Corp., Inc.*, 245 F.3d

6

403, 427 (5th Cir.2001)(product is unreasonably dangerous if manufacturer fails to warn of a foreseeable risk arising from the use of the product, and lack of adequate warnings or instructions renders otherwise adequate product unreasonably dangerous).  "A marketing defect cause of action consists of five elements: 1) a risk of harm that is inherent in the product or that may arise from the intended or reasonably anticipated use of the product must exist; 2) the product supplier must actually know or reasonably foresee the risk of harm at the time the product is marketed; 3) the product must possess a marketing defect; 4) the absence of the warning and/or instructions must render the product unreasonably dangerous to the ultimate user or consumer of the product; and 5) the failure to warn and/or instruct must constitute a causative nexus in the product user's injury." *Salinas*, 818 S.W.2d at 482–83 (citing SALES, The Duty to Warn and Instruct for Safe Use in Strict Tort Liability, 13 ST. MARY'S L.J. 521, 524 (1982)).

A warning must (1) be designed so it can reasonably be expected to catch the attention of the consumer; (2) be comprehensible and give a fair indication of the specific risks involved with the product; and (3) be of an intensity justified by the magnitude of the risk. *Bituminous Casualty Corp. v. Black & Decker Manufacturing Co*., 518 S.W.2d 868, 872-73 (Tex.Civ.App.-Dallas, 1974), writ ref'd n.r.e.  The courts have repeatedly held that in order for a warning to be adequate, it must provide "a complete disclosure of the existence and extent of the risk involved," *Alman Brothers Farms & Feed Mill, Inc. v. Diamond Laboratories, Inc*., 437 F.2d 1295, 1303 (5th Cir.1971).  In general, the adequacy of a warning is a question of fact for the jury. *Aluminum Co. of America v. Alm*, 785 S.W.2d 137 (Tex.1990); *Bituminous* 518 S.W.2d at 873; Williams v. Upjohn Co., 153 F.R.D. 110, 114 (S.D.Tex.1994); *Alm*, 717 S.W.2d at 591–92; *see also Koonce v. Quaker Safety Prods*., 798 F.2d 700, 716 (5th Cir.1986) ("Whether a product supplier must provide a warning or instruction in light of the user's expertise is generally a

7

question for the jury."). In assessing what hazards are foreseeable, a manufacturer is held to the status of an expert. *Pavlides*, 727 F.2d at 337. The lack of adequate warnings renders a product defective and unreasonably dangerous even if there is no manufacturing or design defect in the product. *Martinez v. Dixie Carriers, Inc.*, 529 F.2d 457, 465-66 (5th Cir.1976).

Since the warning is intended to be adequate for the "average user" of the product, the adequacy of the warning must be evaluated together with the knowledge of the ultimate users of the product. *Pavlides*, 727 F.2d at 338. Therefore, any alleged warnings or representations provided by Toyota, or by any third parties on Toyota's behalf, about the design and/or safety of the 4Runner and its constituent components are relevant to the claims in this lawsuit. Additionally, if Plaintiffs show that Toyota did not provide adequate warnings, the burden would shift to Toyota to show, as an affirmative defense, that its representations gave the decedents actual-adequate and specific-knowledge of the hazards associated with the 4Runner. *Pavlides*, 727 F.2d at 340; *Maxey v. Freightliner Corp.*, 450 F.Supp. 955, 960 (N.D.Tex.1978), *aff'd in pertinent part*, 665 F.2d 1367 (5th Cir.1982) (en banc). Accordingly, once the Court rules on Plaintiffs' Third Motion to Compel against Toyota, Plaintiffs must be allowed to conduct discovery from Toyota and others regarding the adequacy of Toyota's representations, warnings, instructions, etc., as this matter relates to Plaintiffs' claims and Toyota's affirmative defenses.

### 2.   The discovery sought by Plaintiffs will prove one or more elements of the Misrepresentation Claim.

A consumer may bring a DTPA cause of action for either a violation of TEX.BUS.&COM.CODE § 17.46(b) of the DTPA (the "laundry list") relied on by the consumer to the consumer's detriment or for an unconscionable action or course of action if the violation or action "constitute[s] a producing cause of economic damages or damages for mental anguish." TEX.BUS.&COM.CODE § 17.50(a)(1), (3) (West 2011). Under section 17.46(a), false, misleading,

or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful.  In this case, Toyota violated §§ 17.46(b)(7), (13), (24) of the laundry list when it (i) represented that the Toyota 4Runner was of a particular standard, quality, or grade, or that it was of a particular style or model, when it was of another; (ii) knowingly made false or misleading statements of fact concerning the need for parts, replacement, or repair service; and (iii) failed to disclose information concerning the Toyota 4Runner that was known at the time of the transaction since such failure to disclose such information was intended to induce the Greene Family into a transaction into which the family would not have entered had the information been disclosed.

The elements of a cause of action for fraud are: (1) that a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party suffered injury as a result. *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co*., 51 S.W.3d 573, 577 (Tex.2001); *Bradford v. Vento*, 48 S.W.3d 749, 754–55 (Tex.2001).  The elements of a cause of action for negligent misrepresentation are: (1) the representation is made by a defendant in the course of its business, or in a transaction in which it has a pecuniary interest; (2) the defendant supplies false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *Federal Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex.1991).

As the Court will note, one of the key elements in each of these causes of action is the "representations" made by the seller and/or manufacturer, in this case Toyota.  Accordingly,

Plaintiffs are entitled to take discovery regarding the representations made by Toyota in its advertisements, handbooks, manuals, etc.  *See, e.g. Jack Roach-Bissonnet, Inc. v. Puskar*, 417 S.W.2d 262 (Tex.1967)(Puskar relied on the 'Owner's Manual' and dealer's warranty as well as the sales advertising to the public generally. Such reliance is sufficient to support a cause of action based on breach of warranty and negligent misrepresentations); *Miles v. Ford Motor Co.*, 2001 WL 727355 (Tex.App.-Dallas 2001)(Ford's instructions in the owner's manual were inadequate to warn of the dangers of the tension eliminator feature and therefore made the seat belt extremely dangerous).  Courts have also held that a manufacturer's advertisements indicate a use of the product a manufacturer was able to foresee. *See, e.g., Hiller v. Kawasaki Motors Corp.*, 671 P.2d 369, 373 (Alaska 1983); *see also King v. Kayak Mfg. Corp.*, 182 W.Va. 276, 387 S.E.2d 511 (1989) (citing cases); *Mikolajczyk v. Ford Motor Co.*, 231 Ill.2d 516, 901 N.E.2d 329, 352 (Ill.2008) (finding advertising content relevant to assess consumer expectations); *Leichtamer v. American Motors Corp.*, 67 Ohio St.2d 456, 424 N.E.2d 568, 578 (Ohio 1981) ("The commercial advertising of a product will be the guiding force upon the expectations of consumers with regard to the safety of a product, and is highly relevant to a formulation of what those expectations might be."); *McCathern v. Toyota Motor Corp.*, 332 Or. 59, 23 P.3d 320, 330–32 (Or.2001) (consumer expectations can be established by manufacturer's representations about product).

Therefore, the discovery currently being sought by Plaintiffs is relevant to establish Plaintiffs' claim of misrepresentation, as well as to refute Toyota's affirmative defenses.

### 3.    Specific discovery sought by Plaintiffs through this motion.

In order for Plaintiffs to discover the evidence necessary to prepare an adequate response to Toyota's Motion for Partial Summary Judgment, Plaintiffs must be afforded the opportunity to obtain the discovery discussed herein.  In this case, Plaintiffs seek the depositions of TMS and

TEMA, as well as to obtain written discovery from Toyota and others on the claims upon which Toyota has moved for summary judgment. Attached hereto and incorporated for all purposes is the Affidavit of William Greene, Administrator of the Estate of Wyndell Greene, Sr. Mr. Greene's Affidavit outlines some of the issues of fact that must be resolved on the issues contained in the Toyota's Motion for Partial Summary Judgment. Mr. Greene also outlines some of the discovery Plaintiffs seek to obtain evidence regarding the relevant issues of fact: Other discovery may be necessary depending on the testimony of the representatives of TMS and TEMA as well as the outcome of the ruling on Plaintiffs' Third Motion to Compel against Toyota.

Accordingly, Plaintiffs request the opportunity to oppose Toyota's Motion for Partial Summary Judgment through depositions of witnesses, review of answers to discovery, and review of all records produced by Toyota and other third parties.

> **D.      Due Diligence Attempts to Conduct Discovery.**
>
> > **1.      Toyota has notified Toyota Defendants of Plaintiffs' desire to take the deposition of the Toyota Defendants and served a deposition notice on TMS that was quashed by Toyota.**

By letter dated February 12, 2012, Plaintiffs' counsel submitted correspondence to TMS and the other Defendants that originally scheduled the deposition of the TEMA corporate representative for April 2, 2012 and the TMS deposition for April 3, 2012. APP 004-006. This notification clearly placed TMS and TEMA on notice that their FRCP 30(b)(6) deposition would be taken. The only reason these depositions did not take place was due to Toyota's refusal to produce discovery that would have been used at the TEMA and TMS depositions, as well as during the depositions of others. Additionally, throughout this lawsuit, Plaintiffs have served several written discovery requests upon TEMA and TMS. In fact, TMS and TEMA just recently submitted a discovery response, albeit incomplete, on July 29, 2013. APP 307-383.

11

Furthermore, Plaintiffs served a Notice of Intent to take the Deposition of TMS on August 19, 2013, scheduling the deposition to take place on September 9, 2013 – twenty-one (21) days' notice.  APP 007-017.  On August 29, 2013, TMS filed a Motion to Quash the September 9, 2013, deposition.  APP 018-023.  On or about September 3, 2013, the Court issued an order requiring that the parties confer face-to-face on TMS's Motion Quash.  See Dkt. Entry No. 173.  As a result of this Order, the September 9, 2013, deposition did not take place as originally noticed.

> **2.    Plaintiffs served written discovery requests on the Toyota Defendants and they have refused to produce information relevant to the claims in its motion for summary judgment**.

Since the litigation began, Plaintiffs have desired to take the depositions of the three Toyota Defendants, seriatim, beginning first with Toyota Motor Corporation, then TMS and TEMA.  The evidence is clear that it has been the conduct of the Toyota Defendants that have created unreasonable delays in advancing this case to trial.   Indeed, the following facts demonstrate some of the stalling techniques in which the Toyota Defendants have engaged:

1.    In response to Plaintiffs' first interrogatory requests, the Toyota Defendants objected to each of Plaintiffs' thirteen (13) interrogatories, providing an incomplete response, or no response, to each.

2.    Similarly, in response to Plaintiffs' First Request for Production of Documents, the Toyota Defendants, in three responses that totaled 546 pages, objected to virtually each of Plaintiffs' requests and in some instances, under the guise of objections, wholly refused to provide clearly discoverable items. [2]

3.    On or about February 24, 2012, Plaintiffs filed a Motion to Compel (the "First Motion to Compel") against the Toyota Defendants and VGNA. The First Motion to Compel was heard on or about March 5, 2012, and an Order was issued on July 18, 2012, setting the scope of discovery, but only as to certain limited items discussed at the hearing.

4.    Following the issuance of the Court's July 18, 2012, Order, Plaintiffs' counsel submitted discovery requests dated July 23, 2012, to Toyota's

---

[2] See APP 094-306 for a 213-page example of Toyota's practice of inserting boilerplate objections and refusing to produce clearly relevant documents.

counsel seeking production of discovery within the scope permitted by the Court's July 18, 2012, Order and FRCP 26.

5.     Three months after the Court's July 18, 2012, Toyota still had not produced the items that the Court found to be discoverable.  Accordingly, on October 23, 2012, Plaintiffs' counsel contacted Toyota's counsel asking for production of the information that is the subject of the Court's July 18, 2012, Order.

6.     After receiving some materials from Toyota, Plaintiffs' counsel informed Toyota's counsel on October, 24, 2012, that Toyota's responses do not comply with the scope of discovery allowed by the Court's July 18, 2012, Order.  Plaintiffs' counsel also reiterated Plaintiffs' request that Toyota respond "directly and specifically" to each of the requests for productions and interrogatories contained in Plaintiffs' July 23, 2012, discovery letter.

7.     Following further exchanges of email, Toyota's counsel refused to respond specifically to each of the requests for productions and interrogatories contained in the July 23, 2012, discovery requested.

8.     On or about July 31, 2012, Plaintiffs submitted additional written discovery requests to the Toyota Defendants.

9.     On September 4, 2012, and October 2, 2012, the Toyota Defendants submitted their responses to Plaintiffs' July 31, 2012, discovery requests, wherein Toyota made substantial objections and did not respond fully to the discovery request.

10.    On January 4, 2013, Plaintiffs filed a Second Motion to Compel (the "Second Motion to Compel") against the Toyota Defendants and VGNA.

11.    The Second Motion to Compel was heard on or about January 22, 2013. During the January 22, 2013, hearing on Plaintiffs' Second Motion to Compel, the Court issued the following directive to the Toyota Defendants:

>     Okay. I want you to treat Exhibit B [Plaintiffs' July 23, 2012, discovery requests] as if it were a formal RFP and respond to it in a week. That doesn't mean produce the documents, necessarily, but give them a written response. You have had it around since July, so I think you can probably give them a written response in a week.
>
>     Okay. Then 30 days for the docs.

12.    On or about January 29, 2013, the Toyota Defendants submitted their response to Plaintiffs' July 23, 2012, discovery requests.  Consistent with the Toyota Defendants' original 546 page set of objections to Plaintiffs' first set of discovery, the Toyota Defendants submitted an 83-page set of objections to the July 23, 2012, discovery requests, despite the requests being completely consistent with the scope of discovery allowed by the Court's July 18, 2013, Order.

13

13.    On or about April 10, 2013, Plaintiffs submitted a written notion of intent to take the deposition of the TMC representative on June 8, 2013, the only available date provided by Toyota for this deposition.

14.    On June 8, 2013, pursuant to a Fed.R.Civ.P. 30(b)(6) notice of deposition, Plaintiffs took the deposition of Toyota Motor Corporation corporate representative Ichiro Fukumoto ("Fukumoto").  During the deposition, it was apparent that Fukumoto was not knowledgeable of many of the topics on which examination had been requested.

15.    As a result of questions raised during Fukumoto's deposition and his inability to provide relevant information, on June 25, 2013, Plaintiffs submitted a second set of interrogatories and request for production to the Toyota Defendants.

16.    On or about July 29, 2013, Toyota Motor Engineering and Manufacturing, Inc. ("TEMA") submitted a thirty-three (33) page response to Plaintiffs' June 25, 2013, Second Set of Interrogatories, where TEMA submitted general and prophylactic objections to each of Plaintiffs' twelve (12) interrogatories.  TEMA also submitted a seventy-four (74) page response to Plaintiffs' Second Request for Documents, where TEMA submitted general and prophylactic objections each of Plaintiffs' twenty-six (26) requests for documents.

17.    Also on or about July 29, 2013, TMS submitted a thirty-five (35) page response to Plaintiffs' June 25, 2013, Second Set of Interrogatories, where TEMA submitted general and prophylactic objections to each of Plaintiffs' twelve (12) interrogatories.  TEMA also submitted a seventy-five (75) page response to Plaintiffs' Second Request for Documents, where TEMA submitted general and prophylactic objections each of Plaintiffs' twenty-six (26) requests for documents.[3]

18.    On August 28, 2013, Toyota Motor Corporation ("TMC") submitted a thirty (30) page response to Plaintiffs' June 25, 2013, Second Set of Interrogatories, where TMC submitted general and prophylactic objections to each of Plaintiffs' twelve (12) interrogatories.  TMC also submitted a eighty-seven (87) page response to Plaintiffs' Second Request for Documents, where TMC submitted general and prophylactic objections each of Plaintiffs' twenty-six (26) requests for documents.

The July 29, 2013, and August 28, 2013, responses created the need for Plaintiffs to file

yet a third motion to compel against Toyota as it continues to refuse to provide clearly relevant

discovery, including matters on which this Court has already ruled are discoverable.  Plaintiffs'

Third Motion to Compel was filed on or about September 3, 2013.  Dkt Entry 173.  The parties

---

[3] See APP 307-381.

submitted a Joint Submission on September 16, 2013, regarding the Third Motion to Compel. Dkt Entry 195. It is currently pending before the Court. Unmistakably it has been Toyota's stalling efforts that have prevented and/or delayed discovery in this matter.

## CONCLUSION

Plaintiffs will suffer actual and substantial prejudice if they are not permitted to secure the written discovery discussed above and take depositions to secure other discovery. On the other hand, this request for continuance will not prejudice Toyota since discovery remains open and the deadline for filing dispositive motions does not occur until 90 days before the planned March 10, 2014, trial in this matter.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray the Court grant them a continuance to respond to Toyota's Motion for Partial Summary Judgment, to deny the Motion for Partial Summary Judgment after briefing and hearing, and grant them such other and further relief to which they may show themselves justly entitled.

Respectfully Submitted,

/s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN
State Bar No. 16049750

THE PITTMAN LAW FIRM, P.C.
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax
pittman@thepittmanlawfirm.com

/s/ Daryl K. Washington
DARYL K. WASHINGTON
State Bar No. 24013714

LAW OFFICES OF DARYL K. WASHINGTON P.C.
325 N. St. Paul St., Suite 1975
Dallas, Texas 75201
214-880-4883
469-718-0380 - fax
dwashington@dwashlawfirm.com

15

## CERTIFICATE OF CONFERENCE

The undersigned certifies that the relief requested in this motion was discussed face-to-face on September 16, 2013 with Toyota's counsel who indicated that Toyota would notify Plaintiffs' counsel in writing of Toyota's decision on this Motion.   On September 17, 2013, Plaintiffs' counsel received an email from Toyota's counsel indicating that Toyota opposes the relief sought in this motion. Accordingly, Plaintiffs present this matter to the Court for resolution.

  /s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 17, 2013, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

　　/s/ Aubrey "Nick" Pittman　　　　
AUBREY "NICK" PITTMAN