IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **OLLIE GREENE, et al.,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:11-CV-207-N** |
| | § | |
| **TOYOTA MOTOR CORPORATION, et al.,** | § | |
| **Defendants.** | § | |

**ORDER**

Pursuant to the standing order of reference of discovery matters dated June 19, 2013, before the Court is *Plaintiff's Expedited Third Motion to Compel Against the Toyota Defendants*, filed September 3, 2013 (doc. 174).

By order dated September 4, 2013 (doc. 177), the parties to the dispute were ordered to confer "face-to-face" regarding the issues raised in the motion. The order provided that if the parties resolved the dispute during the conference, the movant was to submit an agreed order to the Court. If the dispute was not resolved during the conference, the movant was ordered to file a joint submission on behalf of the parties to the dispute. The deadline for submitting an agreed order or filing a joint submission was 5:00 p.m. on September 16, 2013. The order also provided that any supporting joint appendix must be filed on the same date as the joint submission.

A 77-page joint submission was filed after the 5:00 p.m. deadline on September 16, 2013. It contends that only three hours before this deadline, and at a time when the parties were in a hearing concerning a different discovery dispute, the respondent submitted more than 45 pages of factual contentions and legal authorities that were not provided to the movant before or during the face-to-face conference, and 1500 pages of supporting documents. The movant contends that he

therefore did not have an opportunity to review or address this new material.  On September 17,

3013, the movant filed the joint appendix in support of the joint submission.

The joint submission contains a lengthy recitation of the respondent's alleged discovery

"obstructionism" as well as the movant's alleged "fishing expeditition."  On at least three occasions

(two occasions being within the last five days), two different federal judges in this case have

expressly advised the parties that lengthy histories of alleged misconduct by the opposing party are

"extraordinarily unhelpful", distracting and counter-productive.  These recitations needlessly cause

the expenditure of valuable time by *everyone*, which should be an issue of concern given the

repeated requests for expedited consideration of issues.  Most significantly, they are making it

increasingly difficult to discern the precise legal issues being presented, to the detriment of both

sides.

Accordingly, counsel for the parties to the dispute *and their clients*[1] are hereby **ORDERED**

to reconvene their face-to-face conference to discuss the issues presented by the new material, and

to file an amended joint submission **no later than 5:00 p.m. on September 27, 2013**. The joint

submission must include *only* an item-by-item listing of each specific discovery request and

corresponding objections, or deposition topics, that remain in dispute after the face-to-face

conference, immediately followed by the parties' respective positions on the particular request.  If

disputed discovery requests are similar or related, a listing of the discovery requests by categories

may be appropriate.  However, each such category should include an itemized list of all disputed

---

[1]  Each individual party and a corporate representative with the same level of authority that would be required for a settlement conference or mediation, i.e., ultimate settlement authority, must attend the conference.  Ultimate settlement authority means that the representative must have sufficient authority to negotiate and provide final approval of all terms of settlement up to the limits of the opposing party's most recent settlement demand.

requests that fall within that category. ***Each party's position statement for each disputed issue or category must include citations to authorities that support its position on the particular issue or category***, and the authorities must be exchanged no later than the face-to-face conference. To the extent that a party contends that the Court has previously ruled on the same (or a substantially similar) discovery request, that contention should be included in that party's statement of position, along with a citation to the order allegedly memorializing the ruling.

The parties shall also file an amended appendix to the joint submission that includes ***only*** the evidence relating to the discovery disputes presented in the amended joint submission. Extraneous and duplicative material must not be included. Materials to be included in the joint appendix must be exchanged no later than the face-to-face conference. The amended joint appendix must be filed on the same date as the amended joint submission.

Finally, the Court's July 18, 2012 order appears central to the parties' contentions concerning the permissible scope of discovery in this case. Because clarification of whether that order was intended to impose limitations on discovery may assist the parties during their discussion of the issues, a separate order will issue concerning any general objections based on that order.

**SO ORDERED** on this 17th day of September, 2013.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE