**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **OLLIE GREENE, et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-207-N |
| | § | |
| **TOYOTA MOTOR CORPORATION, et al.,** | § | |
| | § | |
| Defendants. | § | |

## AMENDED ORDER AND DISCOVERY PROTOCOL

Since the inception of this case, at least nine discovery motions have been filed by the parties. Courts possess broad power pursuant to FED. R. CIV. P. 26(c) to control the method and scope of permissible discovery. *Sunbelt Sav. FSB, Dallas, Tex. v. Amrecorp Realty Corp.*, 730 F. Supp. 741, 747 (N.D. Tex. 1990). Based on the number and nature of discovery disputes in this case, this order is entered to prevent and/or govern future discovery disputes in this case.

### I. Depositions of Individuals Initially Requested After September 17, 2013

1. Counsel for a party seeking the deposition (Requesting Party) of another party's witness must make a written request to the party's counsel for available dates within the 30 calendar days after the request.

2. Within 7 calendar days, the party from whom the deposition has been requested (Producing Party) shall respond with at least 5 proposed dates for the individual's deposition that are within 30 calendar days of the initial request for the deposition. The Producing Party shall keep the dates provided available for at least 5 calendar days after providing them. Within this time frame, the Producing Party must also notify counsel for the Requesting Party whether a translator will be required for the deposition of the witness, and if so, the specific language required to be translated.

3. The Producing Party shall have the burden to notify counsel for any witness who has retained independent counsel of the request for that witness' deposition, and to determine mutually convenient dates for the witness' deposition before responding to a request for deposition dates.

4. After consulting with counsel for the other parties who are entitled to be present at the deposition, the Requesting Party shall, within 5 calendar days of receipt of the proposed dates, issue a notice of deposition for one of the proposed dates. If a Requesting Party fails to notice the

requested deposition with the 5-day time period, the Requesting Party must notify the Court in writing of the reason for the failure.

  5. Cancellation of a deposition, once noticed, shall require approval of the Court.

## II. Depositions of Corporate Representatives Initially Requested After September 4, 2013

  6. For depositions of a corporate defendant, the Requesting Party shall provide a list of specific topics simultaneously with its request for dates.

  7. To the extent that the Producing Party contends that the list of topics is not sufficiently specific, then it must advise the Requesting Party of this fact as well as the specific reasons for its contention within 5 calendar days of receipt of the list of topics.

  8. The Requesting Party shall, within 3 calendar days of receipt of any notice of lack of specificity, provide a more detailed amended list of topics.

  9. Within 7 calendar days of receipt of an initial list, or if requested, of an amended list of topics, the Producing Party shall provide the Requesting Party with a list of the witnesses who will testify to specific topics as well as at least 5 proposed dates for the deposition of each listed witness; the dates must be within 30 calendar days of the initial request for the deposition, or if requested, of the amended list of topics. Within this time frame, the Producing Party must also serve any objections it has to the initial or amended list of topics on the Requesting Party. The Producing Party shall keep the dates provided available for at least 5 calendar days after providing them. The Producing Party must also notify counsel for the Requesting Party whether a translator will be required for each witness, and if so, the specific language(s) required to be translated.

  10. Within 3 calendar days of receipt of the list of witnesses, the Requesting Party shall notify the Producing Party whether it also intends to take the depositions of any of the listed corporate representatives in their individual capacities.

  11. For witnesses who have been designated as corporate representatives, and for whom depositions are also sought in an individual capacity, the corporate capacity and individual capacity depositions shall be conducted back-to-back, or consecutively.

  12. The Producing Party shall have the burden to notify counsel for any witness who has been designated as a corporate representative and who has retained independent counsel of the request for that witness' deposition(s), and to determine mutually convenient dates for the witness' deposition before responding to a request for deposition dates.

  13. After consulting with counsel for the other parties who are entitled to be present at the deposition, the Requesting Party shall, within 5 calendar days of receipt of the proposed dates for a corporate representative, issue a formal notice of deposition for one of the proposed dates. The list of topics must be identical to the initial list or amended list of topics previously served on the Producing Party. The Producing Party must formally serve any objections it has to the initial or amended list of topics on the Requesting Party within 7 calendar days of receipt of the formal deposition notice. <u>The Producing Party shall bear the burden of seeking and/or obtaining a ruling</u>

on any of its objections to the list of topics prior to the deposition. If a Requesting Party fails to notice the requested deposition with the 5-day time period, the Requesting Party must notify the Court in writing of the reason for the failure.

14. Cancellation of a deposition, once noticed, shall require approval of the Court.

### III. Discovery Motions

15. Prior to filing any discovery motion, counsel for the parties *and* the parties must meet face-to-face to fully confer on each of the items in dispute pursuant to Local Rule 7.1(a) and *Dondi Properties Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284, 289–90 (N.D. Tex. 1988)(discussing proper utilization of then Local Rule 5.1(a), which is now Local Rule 7.1(a)).

16. Counsel for a party seeking to file a discovery motion (Moving Party) must make a written request to the opposing party's (Responding Party) counsel for available meeting or conference dates within 14 calendar days after the request.

17. Within 3 calendar days of receiving the request, counsel for the Responding Party shall respond with at least 3 proposed dates that are within 14 calendar days of the initial request for a meeting or conference. The Responding Party shall keep the dates provided available for at least 5 calendar days after providing them.

18. Counsel for the Moving Party shall, within 2 calendar days of receipt of the proposed dates, issue a notice confirming the meeting at the office of counsel for the Moving Party. If counsel for the Moving Party fails to notice the requested meeting with the 2-day time period, counsel for the Moving Party must notify the Court in writing of the reason for the failure.

19. At the face-to-face conference, counsel for the parties and the parties must engage in an item-by-item discussion of each issue raised in the motion. During the item-by-item discussion, *the parties must exchange authorities supporting their positions on each disputed issue.*[1] Any party refusing to appear for this meeting or to confer as directed in this Order will be subject to sanctions.

20. If the disputed issues are resolved, either all or in part, during the face-to-face meeting, counsel for the Moving party shall forward an agreed proposed order in word or wordperfect format to the Court at ramirez_orders@txnd.uscourts.gov within 10 days of the meeting or conference.

21. If unresolved issues remain, counsel for the Moving Party shall be responsible for filing a joint submission concerning the remaining issues that is jointly prepared by the parties in accordance with this order, within 10 days of the meeting or conference. The joint submission must include *only* an item-by-item listing of each specific discovery request and corresponding objections or deposition topics that remain (Disputed Requests) in dispute after the face-to-face conference. Disputes that have been resolved during the parties' face-to-face conference should

---

[1] Exchange of authorities will facilitate the parties' evaluation of the merits of their positions on the disputed issues during the face-to-face conference.

not be included in the joint submission.

22. The joint submission should set forth the parties' respective positions immediately following the listed Disputed Request. If Disputed Requests are similar or related, a listing of the discovery requests by categories may be appropriate. However, each such category should include an itemized list of all Disputed Requests that fall within that category. ***Each party's position statement for each disputed issue*** or ***category must include citations to authorities that support its position on the particular issue or category***.[2] Any listed authorities must have been provided to the opposing party no later than the face-to-face conference. To the extent that a party contends that the Court has previously ruled on the same (or a substantially similar) discovery request, that contention should be included in that party's statement of position, along with a citation to the order allegedly memorializing the ruling.

23. To the extent that evidentiary support for a position is required, the parties may also file a joint appendix to the joint submission. The appendix to the joint submission must include *only* the evidence relating to the discovery disputes presented in the joint submission. Extraneous and duplicative material must not be included. Materials to be included in the joint appendix must have been exchanged no later than the face-to-face conference. The joint appendix must be filed on the same date as the amended joint submission.

24. The joint submission must set forth the date of the face-to-face conference, the length of the conference, and the names of the persons who attended. It must be signed by counsel for all parties to the dispute.

25. The joint submission must include **only** the listing of the Disputed Requests, the parties' respective positions, and their citations to authorities. Any portion of the joint submission that includes extraneous personal attacks or comments concerning opposing counsel's behavior shall be stricken, and the attorney who included the stricken material will be subject to sanctions.

26. Failure to meet or confer face-to-face or to participate in the filing of a joint submission as directed will subject the non-complying party to sanctions. If a party fails to comply with this order, the complying party must timely file its portion of the joint submission and include a notice advising the Court of the opposing party's failure to comply. If the moving party fails to timely file a joint submission or agreed order, the motion will be denied.

27. Discovery motions that do not comply with this order shall be unfiled.

28. Attorney's fees shall be awarded to the prevailing party in accordance with Rule 37 of the Federal Rules of Civil Procedure.

### IV. Requirements for Parties

29. To the extent that they have not already done so, counsel shall file a certification by

---

[2] Pursuant to LR 7.1(d), briefs shall contain a "party's contentions of fact and/or law, and arguments ***and authorities***." (emphasis added). In addition to being required by LR 7.1(d), citation of authorities greatly assists the Court in making rulings more expeditiously.

each individual party and by a corporate representative of each corporate party with sufficient authority to bind that corporate party stating that he/she has read this order and has fully discussed it with counsel, within 10 days of the date of this order.

30. To the extent that they have not already done so, counsel shall file a certification by each individual party and by a corporate representative of each corporate party with sufficient authority to bind that corporate party stating that he/she has read *Dondi Properties Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284, 289–90 (N.D. Tex. 1988) and has fully discussed it with counsel, within 10 days of the date of this order.

31. Each individual party and a corporate representative with the same level of authority that would be required for a settlement conference or mediation, i.e., ultimate settlement authority, **must attend every face-to-face conference and every oral argument or hearing** concerning a discovery motion for which a scheduling order is issued after the date of this order. Ultimate settlement authority means that the representative must have sufficient authority to negotiate and provide final approval of all terms of settlement up to the limits of the opposing party's most recent settlement demand. Failure to attend the face-to-face conference or oral argument or hearing by an individual or a corporate representative of each corporate party with ultimate settlement authority shall result in the imposition of sanctions against that party.

### V. Miscellaneous

32. The parties may seek to resolve any disputes regarding the implementation of this order by telephone conference with the Court. To schedule a telephone conference, the parties may contact Courtroom Deputy Marie Ramos at 214-753-2167.

**SO ORDERED** on this 19th day of September, 2013.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE