IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, § § § § § § § § § Plaintiffs, § § v. § § § TOYOTA MOTOR CORPORATION, § TOYOTA MOTOR ENGINEERING & § MANUFACTURING NORTH AMERICA, § INC., TOYOTA MOTOR SALES USA, § INC., VOLVO GROUP NORTH § AMERICA, LLC., VOLVO TRUCKS § NORTH AMERICA, A DIVISION OF § VOLVO GROUP NORTH AMERICA, § LLC., STRICK TRAILERS, LLC, JOHN § FAYARD MOVING & WAREHOUSE, § LLC, and DOLPHIN LINE, INC. § § Defendants. § | CAUSE NUMBER: 3:11-cv-0207-N<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' REPLY
TO TOYOTA'S RESPONSE TO PLAINTIFFS' MOTION FOR
CONTINUANCE UNDER FRCP 56(d) OF TOYOTA DEFENDANTS'
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

TO THE HONORABLE COURT:

Ollie Greene, Individually and as parent of Wyndell Greene, Sr., William Greene, as Administrator of the Estate of Wyndell Greene, Sr. and Marilyn Burdette Hardeman, Individually and the parent of LaKeysha Greene (collectively "Plaintiffs") file this Reply to the Response filed by Defendants Toyota Motor Corporation ("TMC"), Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA"), and Toyota Motor Sales USA, Inc. ("TMS")

(collectively, "Toyota") to Plaintiffs' Motion for Continuance Under FRCP 56(d) of Toyota Defendants' Motion for Partial Summary Judgment and show the Court as follows:

### I.   SUMMARY OF REPLY

Since the lawsuit's inception, Toyota has engaged in a pattern of discovery abuse that has caused numerous delays in the advancement of this case, from persistently raising prophylactic objections to refusing constantly to produce clearly relevant discovery to blatantly refusing to abide by two of this Court's previous Orders.  It has been Toyota's continued delays that have prejudiced Plaintiffs' ability to prosecute this action and have postponed the trial twice.  Despite Toyota's transparent attempt to conceal relevant discovery from Plaintiffs and admonishments from the Court, Toyota is now asking the Court hurriedly to rule on Toyota's motion for partial summary judgment.  All without providing Plaintiffs an opportunity to (1) obtain the remaining discovery from TMS that Plaintiffs first found out about during the September 20, 2013, TMS deposition; (2) obtain the discovery from third-parties about whom Plaintiffs just found out during the September 20, 2013, deposition; (3) obtain the discovery that is the subject of Plaintiffs' pending third motion to compel; and (4) compile and submit all the relevant discovery to Plaintiffs' experts for consideration.

Indeed, if Toyota's motion for partial summary judgment is meritorious, it will not be affected by a delay in a ruling on it until after Plaintiffs have had an opportunity to fully present evidence on the claims by obtaining all discovery relevant to the claims.  It is worth noting that Toyota filed its motion for partial summary judgment on September 12, 2013, just one week "before" Plaintiffs were scheduled to take the deposition of TMS, the party who has the primary discovery that will demonstrate the many misrepresentations Toyota made to the public at large and to the Greene family.  Clearly, the timing of Toyota's filing of its motion for partial

summary judgment was a strategic act of gamesmanship and an attempt to deprive Plaintiffs of discovering the evidence that Toyota knows it is hiding, as revealed by the depositions of the TMS representatives. All Plaintiffs seek at this point is additional time to obtain the additional information in the possession of TMC, TMS, TEMA, and recently disclosed third parties.

## II.     ARGUMENT IN REPLY

In Toyota's Response, Toyota focuses on two elements of proof in attempting to convince the Court that Plaintiffs should be deprived of the opportunity to take full discovery before having to respond to Toyota's premature motion for partial summary judgment. One, Toyota argues that Plaintiffs should not be afforded the opportunity to discover the nature of Toyota's inadequate warnings and instructions before responding to the marketing and failure to warn claims. Two, Toyota contends that Plaintiffs have no right to obtain evidence of Toyota's representations to the public at large, and the Greene family specifically, before Plaintiffs will be forced to defend against Toyota's motion for partial summary judgment. Both of Toyota's arguments are not supported by the law or by principles of fairness.

### A.     Toyota is concealing evidence of its representations to the public, and to the Greene Family.

Contrary to the contentions in its Response that it has produced "tens of thousands" of pages of information, the reality is that Toyota has data-dumped thousands of outdated, innocuous and irrelevant documents in its production in an effort to boast to the Court that Toyota has produced a substantial number of documents. Toyota fails to mention, however, that as it relates to the commercials, internet postings, periodicals, press releases, etc. that carry Toyota's misrepresentations, Toyota produced less than a dozen documents. However, during the September 20, 2013, TMS depositions, Plaintiffs discovered that Toyota has thousands of other relevant documents evincing its misrepresentations that Toyota has not produced. The

TMS corporate representative also provided the identities of several ad agencies and marketing companies that have other documents evidencing the misrepresentations made by Toyota. Plaintiffs intend to subpoena a few of these agencies to obtain the information that Toyota has refused to produce.

Additionally, during the September 20, 2013, deposition the TMS deponent admitted that the 2010 4Runner made its debut in Dallas at the State Fair of Texas in October 2009. It was at the State Fair where Toyota made representations to families like the Greene family. However, despite knowing that press releases and other evidence regarding the 4Runner's debut are relevant to the claims and defenses in this case, Toyota has refused to provide evidence of those specific representations. And, as Toyota concedes in its Response, the cases cited in Plaintiffs' motion for continuance establishes that Plaintiffs are entitled to discovery regarding representations made by Toyota in advertisements, handbooks, manuals, etc. That is because misrepresentations contained in materials such as those on which Plaintiffs seek production constitute actionable claims. See, Plaintiff Motion for Continuance, pp. 9-10. Plaintiffs' pending motion to compel seeks to obtain these advertisements, press releases, etc. Also, Plaintiffs plan to serve additional requests on Toyota and to obtain information from the third-parties who Plaintiffs just found out about on September 20, 2013. Moreover, although Plaintiffs are prepared to provide clear evidence of the Greene family's reliance on Toyota's representations about the safety and quality of the Toyota 4Runner, Plaintiffs should also be given the opportunity also to obtain evidence of Toyota's representations before the Court rules on Toyota's partial summary judgment motion, especially considering that Toyota's motion was brought as to each element of Plaintiffs' claims.

### B. Toyota has not provided all evidence of alleged warnings and instructions.

Toyota acknowledges in its Response that "liability will attach if the lack of adequate warnings or instructions renders an otherwise adequate product unreasonably dangerous. In order for a warning to be adequate, it must provide "a complete disclosure of the existence and extent of the risk involved," *Alman Brothers Farms & Feed Mill, Inc. v. Diamond Laboratories, Inc.*, 437 F.2d 1295, 1303 (5th Cir.1971). The adequacy of a warning is a question of fact for the jury. *Aluminum Co. of America v. Alm*, 785 S.W.2d 137 (Tex.1990); *Bituminous Casualty Corp. v. Black & Decker Manufacturing Co.*, 518 S.W.2d 868, 873 (Tex.Civ.App.-Dallas, 1974); *Williams v. Upjohn Co.*, 153 F.R.D. 110, 114 (S.D.Tex.1994); *Aluminum Co. of America v. Alm*, 785 S.W.2d 137 (Tex.1990); *see also Koonce v. Quaker Safety Prods.*, 798 F.2d 700, 716 (5th Cir.1986) ("Whether a product supplier must provide a warning or instruction in light of the user's expertise is generally a question for the jury."). At the appropriate time for expert disclosures, Plaintiffs will have expert testimony that will demonstrate that the Toyota 4Runner was unreasonably dangerous and that additional instructions and/or warnings could have prevented the losses experienced by the Greene Family. However, Plaintiffs need to fully develop the missing evidence in Toyota's possession and control as to the marketing and failure to warn claim, which will show that Toyota's documents did not contain sufficient warnings or instructions. This information is essential to Plaintiffs' claim and necessary to rebut any defense Toyota may assert that Toyota's instructions or warnings were adequate. In order to fully develop this claim and refute Toyota's defense, Plaintiffs would like the opportunity to obtain the missing documents from TMC and TMS, as well as to take the deposition of a TEMA corporate representative, which cannot be scheduled until the Court resolves the pending motion to compel so that Plaintiffs can obtain the documents that will be used during the deposition of TEMA and others. Again, Plaintiffs merely ask for additional time to take additional depositions

and to obtain the additional documents that Plaintiffs have been seeking from Toyota for almost two years, some of which forms the basis of the pending motion to compel.

      **C.**      **Toyota has not demonstrated how it will be prejudiced by the Court allowing Plaintiff additional time to obtain the missing evidence before Toyota's summary judgment motion is considered.**

As demonstrated in Plaintiffs' motion for continuance, although Plaintiffs have diligently used the discovery process to obtain the missing information, Plaintiffs have been unable to obtain these documents due to Toyota's failure to respond fully to various discovery requests, all of which has led to several motions to compel. See, Dkt. Entry Nos. 64, 78, 131, and 174. The Court also currently has a motion to compel before it that requests some of the information that forms the basis for this motion for continuance. Accordingly, before considering Toyota's partial summary judgment motion Plaintiffs simply ask that the Court allow Plaintiffs to (1) obtain the delinquent discovery from TMS that Plaintiffs just found out about during the September 20, 2013, TMS deposition; (2) obtain the discovery from third-parties that Plaintiffs just found out about during the September 20, 2013; (3) obtain the discovery that is the subject of Plaintiffs' third motion to compel, (4) take the deposition of a TEMA representative and any required third-parties; and (5) compile and submit all of the relevant discovery to Plaintiffs' experts for consideration.

Furthermore, under the Court's June 9, 2013, Scheduling Order, the parties have until December 10, 2013, to file summary judgment motions, which means a nonmovant would have until December 30, 2013, to file a response. Therefore, there would be no harm to Toyota if Plaintiffs are permitted to obtain discovery and respond to the partial summary judgment by December 30, 2013.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray the Court grant them a reasonable continuance to obtain the discovery needed to permit them to respond to Toyota's

Motion for Partial Summary Judgment, to deny the Motion for Partial Summary Judgment, and grant Plaintiffs such other and further relief to which they may show themselves justly entitled.

Respectfully Submitted,

| | |
|---|---|
| /s/ Aubrey "Nick" Pittman | /s/ Daryl K. Washington |
| AUBREY "NICK" PITTMAN | DARYL K. WASHINGTON |
| State Bar No. 16049750 | State Bar No. 24013714 |
| | |
| **THE PITTMAN LAW FIRM, P.C.** | **LAW OFFICES OF DARYL K. WASHINGTON P.C.** |
| 100 Crescent Court, Suite 700 | 325 N. St. Paul St., Suite 1975 |
| Dallas, Texas 75201-2112 | Dallas, Texas 75201 |
| 214-459-3454 | 214-880-4883 |
| 214-853-5912 – fax | 469-718-0380 - fax |
| pittman@thepittmanlawfirm.com | dwashington@dwashlawfirm.com |

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 3, 2013 the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

                 /s/ Aubrey "Nick" Pittman
                 AUBREY "NICK" PITTMAN