IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE,<br><br>    Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, LLC., VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC., STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC, and DOLPHIN LINE, INC.<br><br>    Defendants. | CAUSE NUMBER: 3:11-cv-0207-N<br><br><br>JURY TRIAL DEMANDED |

## THE TOYOTA DEFENDANTS' RESPONSE TO PLAINTIFFS' EXPEDITED MOTION TO AMEND SCHEDULING ORDER TO EXTEND DEADLINE FOR DESIGNATION AND DISCOVERY OF EXPERTS

TO THE HONORABLE COURT:

Defendants Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc. (collectively "the Toyota Defendants") in the above-styled and numbered action, file this Response to Plaintiffs' Expedited Motion to Amend the Scheduling Order to Extend the Deadline for Designation and Discovery of Experts, and respectfully show the Court as follows:

# I.
# SUMMARY OF THE ARGUMENT

1. Plaintiffs' Expedited Motion to Amend Scheduling Order to Extend Deadline for Designation and Discovery of Experts (the "Motion") should be denied. Plaintiffs' experts do not need additional information to prepare their disclosures by October 11, 2013. Plaintiffs' Original Complaint was filed on February 3, 2011. Doc. No. 1. Since that time, the Toyota Defendants have produced thousands of documents and presented corporate representatives for deposition from multiple Toyota entities. Moreover, the expert deadline in this case has already been extended on three separate occasions. The requested extension is simply another stalling tactic by Plaintiffs that would unnecessarily delay this case from proceeding forward. Therefore, Plaintiffs' Motion should be denied.

# II.
# PROCEDURAL BACKGROUND

2. Plaintiffs filed their original complaint on February 3, 2011. Doc. No. 1. This case was originally set for trial on April 23, 2012 and Plaintiffs' expert disclosure deadline was set for November 15, 2011. Doc. No. 18.

3. After agreement by the parties, the trial date was reset for September 10, 2012, and Plaintiffs' new expert disclosure deadline was April 13, 2012. Doc. No. 58. On February 24, 2012, less than two months before their expert disclosure deadline, Plaintiffs filed an Emergency Motion to Compel against the Toyota Defendants. *See* Doc. No. 64. That motion was filed six months after Plaintiffs received the discovery responses that were the subject of the "Emergency" motion.

4. On March 8, 2012, Plaintiffs' filed another emergency motion to reset the March 15, 2012 deposition of a Toyota Motor Corporation Rule 30(b)(6) witness, and to amend the

---

scheduling order once again.  *See* Doc. No. 74.  On March 9, 2012, the Court vacated the current amended scheduling order.  Doc. No. 77.  The trial date was reset for March 10, 2014, and Plaintiffs' expert disclosure deadline was set for October 11, 2013, Plaintiffs' current deadline. Doc. No. 161.

### III.
### ARGUMENT

**A.   Plaintiffs' Experts Do Not Need Additional Time or Information to Prepare Their Disclosures by October 11, 2013.**

5. Plaintiffs do not need more time or information for their expert's to prepare their reports.  Plaintiffs have served hundreds of discovery requests on the Toyota Defendants, dating back to June 2011.  The Toyota Defendants have provided detailed responses and voluminous document production in response to Plaintiffs' comprehensive discovery requests.  As part of that production, TMC has produced the relevant Federal Motor Vehicle Safety Standards ("FMVSS") compliance certification testing and the relevant design drawings for both the 2003-2009 and 2010-2012 generation 4Runners.  *See* Exhibit A.  Plaintiffs have also taken the deposition of a TMC corporate representative, as well as two TMS corporate representatives.  Plaintiffs have had over two years to analyze Toyota's discovery responses, formulate their defect theories, and prepare their expert disclosures.  Now, eight days before their expert disclosures are due, they once again seek relief from the Court.  Plaintiffs' experts have the information they need in this case to prepare their expert disclosures.  In fact, Plaintiffs' experts have had most FMVSS compliance certification testing and relevant design drawings since July 2011.

6. In addition, Plaintiffs have completely failed to make any evidentiary showing that their experts lack information they need to prepare their reports.  Notably absent from

Plaintiffs' Motion is an affidavit from their expert(s) identifying the materials they need, but lack, to prepare their reports. *Puig v. Citibank, N.A.*, 514 Fed. Appx. 483, 488 (5th Cir. 2013).

7.	Plaintiffs argue that their experts need additional time to consider the information that may be produced by the Toyota Defendants as part of Plaintiffs' Expedited Third Motion to Compel against the Toyota Defendants. Both Plaintiffs and the Toyota Defendants have clearly laid out their contentions in the Joint Submission that was filed with the Court. As part of their Contentions, the Toyota Defendants made clear that Plaintiffs have not specifically identified their defect theories in this case, including the component parts of the subject 4Runner they allege to be defective. By requiring Plaintiffs to disclose their experts on October 11, 2013, the parties will be able to analyze Plaintiffs' defect theories, and possibly address some of the issues that were submitted to the Court as part of the Joint Submission Regarding Plaintiffs' Expedited Third Motion to Compel against the Toyota Defendants.

8.	After this Court rules on the pending Expedited Third Motion to Compel against the Toyota Defendants, and if the Court orders the Toyota Defendants to produce additional information, Plaintiffs can seek leave to supplement their expert disclosures. Any contention by Plaintiffs that their experts cannot adequately prepare their expert disclosures without additional information by October 11, 2013, is therefore an overstatement. Surely Plaintiffs do not seriously contend that the fate of their pending motion to compel is dispositive of their claims against the Toyota Defendants.

9.	Finally, Plaintiffs' assertion that they need additional time for discovery in this case to prepare their expert disclosures is disingenuous. On May 22, 2013, Plaintiffs' filed their request for entry of a scheduling order. *See* Exhibit 2. Attached to their notice was Plaintiffs' Proposed Second Amended Scheduling Order. *See id.* Plaintiffs proposed a December 9, 2013

trial date, with Plaintiffs' expert disclosures due on July 12, 2013. *Id.* This proposed scheduling order demonstrates that Plaintiffs' were fully prepared, and in fact proposed, to provide their expert disclosures within less than two months in May 2013. Now, four months later, Plaintiffs are claiming that they need additional time, once again attempting to stall this litigation from proceeding forward. Any assertion that Plaintiffs need additional time or discovery in this case in order to meet the October 11, 2013 expert disclosure deadline is simply untrue.

B.  **Plaintiffs Have Not Been Diligent in Attempting to Meet the Existing Deadlines**

10.  A scheduling order shall be modified only for good cause. Fed. R. Civ. P. 16(b)(4). The primary measure of good cause is the moving party's diligence in attempting to meet the existing deadlines. *Leza v. City of Laredo*, 496 Fed. Appx. 375, 376 (5th Cir. 2012); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). The moving party must show that "despite his diligence, he could not have reasonably met the scheduling order deadline." *Spear Marketing, Inc. v. BancorpSouth Bank*, 2013 WL 4077032, at *1 (N.D. Tex. Aug. 12, 2013) (quoting *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998). Plaintiffs have not exercised diligence in attempting to meet the existing deadlines, and therefore cannot make the required showing of good cause for the relief they seek.

11.  This case has been on file since February 2011. The scheduling order has been amended on three separate occasions. In February 2012, when Plaintiffs knew that their expert disclosures were approaching, they filed an Emergency Motion to Compel against the Toyota Defendants. Doc. No. 64. Less than two weeks later, Plaintiffs filed an emergency motion to extend their expert disclosure deadline.

12.  Plaintiffs are now attempting to stall the litigation again. Plaintiffs filed their Expedited Third Motion to Compel against the Toyota Defendants on September 3, 2013 in

anticipation of their October 11, 2013 expert designation deadline. Once again, in an attempt to cause delay, Plaintiffs filed this Motion to extend their expert disclosure deadline for the fourth time in this case.

13. Plaintiffs overall lack of diligence is apparent from their motion practice. Plaintiffs have filed four "emergency" or "expedited" motions, none of which were true emergencies. For example, Plaintiffs sat on discovery responses received in August 2011 until February 2012 when they filed an "emergency" motion to compel against the Toyota Defendants. *See* Doc. No. 64. Plaintiffs have failed to show good cause that their expert disclosure should be extended for a fourth time in this case.

## IV.
## CONCLUSION

For the reasons stated above, Defendants Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Engineering and Manufacturing North America, Inc. respectfully request that the Court deny Plaintiffs' Expedited Motion to Amend the Scheduling Order to Extend the Deadline for Designation and Discovery of Experts.

Respectfully submitted,

*/s/ David P. Stone*
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 N. Harwood Street, Suite 1700
Dallas, Texas  75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR DEFENDANTS TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., AND TOYOTA MOTOR SALES, U.S.A., INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 9th day of October, 2013.

*/s/ David P. Stone*