# EXHIBIT 3

**(Subpoena for Documents to Sitaachi & Sitaachi)**

**CAUSE NUMBER: 3:11-cv-0207-N**

**Submitted as Exhibit to Plaintiffs' Reply to Motion for Extension
of Deadlines for Expert Disclosure and Discovery**

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| Ollie Greene, et al | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:11-cv-0207-N |
| Toyota Motor Corporation, et al | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of Texas ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Saatchi & Saatchi, 3501 Sepulveda Boulevard, Torrance, CA  90505     [310-214-6000]

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

SEE THE ATTACHED INSTRUCTIONS AND REQUEST FOR ITEMS

| Place: Aubrey "Nick" Pittman c/o Los Angeles Legal Service<br>2107-D West Commonwealth Ave., Suite 380<br>Alhamba, CA  91803 | Date and Time:<br><br>10/24/2013 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 10/07/2013

*CLERK OF COURT*

OR

_____          Aubrey "Nick" Pittman
*Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Ollie Greene, Marilyn Hardeman and WIlliam Greene, who issues or requests this subpoena, are:

Aubrey "Nick" Pittman, 100 Crescent Court, Suite 700, Dallas, TX  75201, (214) 459-3454
pittman@thepittmanlawfirm.com

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    Northern District of Texas - 3:11-cv-0207-N

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Case 3:11-cv-00207-N-BH   Document 217-3   Filed 10/10/13   Page 4 of 12   PageID 8142

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

     **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;

     **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

     **(iv)** subjects a person to undue burden.

   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

     **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

     **(i)** expressly make the claim; and

     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# **EXHIBIT A**

I.
DEFINITIONS

The Requests incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following definitions:

1. "Saatchi & Saatchi" and "YOU" shall mean Saatchi & Saatchi and all of its present and former officers, directors, employees, agents, attorneys, partners, corporate parent, predecessors, subsidiaries, affiliated companies, and all other persons acting or purporting to act on behalf of Saatchi & Saatchi.

2. "Toyota" shall mean and refer to Defendants Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, USA and all of their present and former officers, directors, employees, agents, attorneys, partners, corporate parent, predecessors, subsidiaries, affiliated companies, and all other persons acting or purporting to act on behalf of "Toyota."

3. "Document" means any writing and any other tangible thing in Your custody, possession or control, whether printed, recorded, reproduced by any process, or written or contained in a computer (mainframe or otherwise) or on a computer disc, tape, software or electronic media of any kind or data compilation or produced by hand.  Set forth below is a list of examples of writings and tangible things which are included within this definition.  The list is not an exclusive list of the writings and tangible things included within this definition, but rather are intended to aid you in producing the documents that are requested.  Examples of writings and tangible things included within the definition of "document" are as follows:

> Letters; e-mails; faxes; reports; agreements; intracompany and intercompany communications; correspondence; telegrams; memoranda; summaries or records of conversations; diaries; calendars; photographs; tape recordings; models; charts; plans;

drawings; agendas; minutes or records of conferences or meetings; expressions or statements of policy; lists of persons attending meetings or conferences; summaries; investigations; opinions or reports of consultants; appraisals; records; brochures; pamphlets; advertisements; circulars; trade letters; reports, summaries or analyses prepared by or for any governmental entity or agency; press releases; drafts of any documents; revisions of drafts of any documents; canceled checks; bank statements; invoices; receipts; and notes.

4. "Communication" or "communications" means any contact or act by which any information or knowledge is transmitted or conveyed between two or more persons and shall include, without limitation, written contact by such means as letters, memoranda, e-mails, "instant messages," telegrams, telex, or by any document, and oral contact by such means as face-to-face meetings and telephone conversations.

5. "ESI" and "Electronically Stored Information" mean any type of information that is created, used, and stored in digital form, and uses a computer or other device for access. This necessarily includes, but is not limited to, the following examples:

    a. e-mails, texts, chats, and instant messages;

    b. memos, letters, and other correspondence;

    c. spreadsheets;

    d. drawings;

    e. simulations;

    f. databases;

    g. office documents;

    h. presentations;

    i. video, audio, and image files;

    j. word processing and spreadsheet files;

    k. website activity and history;

    l. information posted on social networking websites;

      m.      voice mails and video mail;

      n.      computer programming information; and

      o.      all other electronic formats commonly found on computer, network hard drives, back-up tapes and off-line storage such as CDs, DVDs, ZIP drives, etc.

Pursuant to FED.R.CIV.P. 34(b)(2)(E)(ii), the ESI shall be produced in the form or forms in which it is ordinarily maintained or in a reasonably usable form or forms including, but not limited to its native format.

6.      The words "or," "and," "all," "every," "any," "each," "one or more," including," and similar words of guidance are intended merely as such and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the request. The word "including" shall not limit any general category or description that precedes it. The words "all," "every," "any," "each," and "one or more" shall include each other, when appropriate, to expand, not restrict, the scope of the Request.

7.      The words "refer to," "relate to," "reflect" or "concern " a given subject means concerning, referring to, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, identifying or in any way pertinent to that certain subject.

8.      The word "person" means any natural person or any business, legal or governmental entity or association, including, but not limited to, private and public partnerships, associations, corporations, joint ventures, sole proprietorships, firms, and governments.

9.      The use of the singular form of any word includes the plural and vice versa.

10.      These requests seek disclosure to the full extent of the Federal Rules of Civil Procedure and applicable laws and shall be interpreted as inclusive rather than exclusive.

II.

INSTRUCTIONS

1.      If any documents requested herein have been lost, discarded, or destroyed, the document so lots, discarded or destroyed should be identified as completely as possible including, without limitation, the following information: date of disposal, manner of disposal, reason of disposal, person authorizing the disposal and person disposing of the document.

2.      If any document herein requested is claimed by you not to be in your possession, custody or control, then you are directed to identify (a) the nature of the document, (b) the name, address and telephone number of any person who has or may have possession, custody or control of such demanded item, and (c) whether and how you presently have access to the document and can obtain a duplicate of it.

3.      The selection of documents from files and other sources shall be performed in such a manner as to insure that the file or other source from which a document is obtained may be identified.

4.      Documents attached to other documents or other materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping.

5.      If you contend that any documents which would otherwise be responsive are being withheld due to a claim of privilege, including, but not limited to, attorney-client privilege, the work product doctrine, the expert consulting privilege, and the trial preparation privilege, then each such document shall be identified in writing.  To identify these withheld documents requires that the precise reason for withholding the document be identified, and that document be described with particularity so that the Defendant may assess the applicability of claimed privileges.  In order to enable the Defendant to assess whether the claimed privilege applies, please identify the type of document, the author(s), recipient(s), the authors or recipients who are attorneys, title of documents, and a reasonable

description of the document's contents that, without revealing the privileged information, still enables you to generally assess whether the claimed privilege applies.

6. You are instructed to produce all documents in your possession, custody or control. A document is deemed to be within your control if you have ownership, possession or custody of the document or a copy thereof, or you have the right to secure the document or a copy thereof.

7. When responding to these discovery requests, you are requested to furnish all information available to you, your attorneys, investigators or any other person acting on your behalf and not merely such information as is known by your own personal knowledge. If you cannot answer or respond in full after exercising due diligence to secure the information, answer or respond to the extent possible, specifying the reason or reasons for your inability to answer or respond to the remainder.

8. If you do not understand or need clarification of a specific production request, please contact the undersigned using the contact information below.

9. To the extent precise and complete information cannot be furnished, such information as is available should be supplied, together with an estimate of the precise and complete information. Where such an estimate is given, the method employed in making the estimate should be described.

10. If any of these Requests cannot be responded to in full, respond to the extent possible, specifying the reasons for your inability to respond to the remainder of the request and stating the substance of your knowledge, information or belief, concerning the subject matter of the unanswered portion.

11. These Requests are continuing in nature and responses thereto should be amended, if, subsequent to the date of service of such responses, you obtain additional relevant information.

12. Any and all responsive data or information that exists in electronic or magnetic form must be produced. Such information should be printed out and produced in a readable form in Microsoft Word and Microsoft Excel format and/or produced on computer or magnetic disk in Microsoft Word format, Microsoft Excel format, or however it is kept in the usual course of business, along with the codes, programs and/or programming instructions and other materials necessary to use and access the magnetic or electronic data or information.

13. **MANNER OF PRODUCTION:** In lieu of producing the originals of these documents to the address on the subpoena, please produce true and correct copies of the requested material and send copies of the requested material or computer disks to Aubrey "Nick" Pittman, The Pittman Law Firm, 100 Crescent Court, Suite 700, Dallas, TX 75201. These materials may be packaged and produced to your nearest Federal Express location and delivered to Mr. Pittman's office by Federal Express, using account number 2530-0670-6. Should you have any questions regarding these instructions, please contact Mr. Pittman's office at 214-459-3454.

# EXHIBIT B

### Documents Requested

1. All creative and production (e.g. Television, Digital, Internet, Radio and Print), research, in-house media planning and buying, engagement marketing and public relations documents or materials from 2007-2012, related to the Toyota 4Runner in any way.

2. All other documents and communications to YOU, from YOU and/or between YOU and Toyota from 2007 to 2012 that relate to or reference the Toyota 4Runner.

3. All documents and communications to YOU, from YOU and/or between YOU and Toyota from 2007 to 2012 that relate to or reference the then current or future market potential for the Toyota 4Runner.

4. All documents and communications to YOU, from YOU and/or between YOU and Toyota from 2007 to 2012 that relate to or reference consumer surveys for Sports Utility Vehicles (SUV).

5. All documents and communications to YOU, from YOU and/or between YOU and Toyota from 2007 to 2012 that relate to or reference customer feature preferences for Sports Utility Vehicles.

6. All documents, reports, polls, surveys and other communications to YOU, from YOU and/or between YOU and Toyota from 2007 to 2012 that relate to or reference customer feature preferences for Sports Utility Vehicles.

7. Copies of all tapes, scripts, and copy that relate to video and audio recordings from 2007 to 2012 that relate to or reference the Toyota 4Runner.

8. All documents and communications regarding any discussions had by YOU with any other person or entity relating to production or potential production or distribution of videotapes, CD's, DVD's, commercials, website postings, social media, blogs, etc. from 2007 to 2012 that relate to or reference the Toyota 4Runner.

9. Press Releases to YOU, from YOU and/or between YOU and Toyota from 2007 to 2012 that relate to or reference the Toyota 4Runner.

10. Press Releases to YOU, from YOU and/or between YOU and Toyota from 2007 to 2012 that relate to or reference the debut of the 2010 Toyota 4Runner in Dallas, Texas.

11. Exemplar copies of television and radio spots, billboard spots, Internet copy, print advertising, and any other copy displayed on T.V., in magazines, newspapers, website postings, social media, blogs or any other media during 2007-2012 depicting or advertising the Toyota 4Runner.

12. Exemplar copies of television and radio spots, billboard spots, Internet copy, print advertising, and any other copy displayed on T.V., in magazines, newspapers, website postings, social media, blogs or any other media during 2007-2012 depicting, advertising and discussing safety as it relates to Toyota cars and SUV's.

13. Exemplar copies of television and radio spots, billboard spots, Internet copy, print advertising, and any other copy displayed on T.V., in magazines, newspapers, website

      postings, social media, blogs or any other media during 2007-2012 that contains direct or indirect language or statements that Toyota "is spending a million dollars an hour on research and development."

14. Exemplar copies of television and radio spots, billboard spots, Internet copy, print advertising, and any other copy displayed on T.V., in magazines, newspapers, website postings, social media, blogs or any other media during 2007-2012 that contains direct or indirect language or statements that "No other automaker has won more Top Safety Pick Awards than Toyota."

15. Exemplar copies of television and radio spots, billboard spots, Internet copy, print advertising, and any other copy displayed on T.V., in magazines, newspapers, website postings, social media, blogs or any other media during 2007-2012 that contains direct or indirect language or statements that "Toyota has won more Total Quality Awards than any other automaker."

16. Electronically Stored Information, since 2007, to YOU, from YOU and/or between YOU and Toyota from 2007 to 2012 that relate to or reference the Toyota 4Runner.