**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **OLLIE GREENE, et al.,** § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 3:11-CV-207-N |
| § | |
| **TOYOTA MOTOR CORPORATION, et al.,** § | |
| Defendants. § | |

**ORDER**

Pursuant to the order of reference dated June 19, 2013, before the Court is *Plaintiff's Expedited Third Motion to Compel Against the Toyota Defendants*, filed September 3, 2013 (doc. 174).

Hearings were conducted concerning this motion on October 4, 2013, and October 31, 2013. All parties appeared in person and/or through counsel. After consideration of the relevant filings, evidence, oral argument, and applicable law, and for the reasons stated on the record during the October 31, 2013 hearing, the motion to compel is **GRANTED** in part and **DENIED** in part as follows:

1. The motion to "wholesale overrule Toyota's objections that full discovery was defined by a July 18, 2012 Order" is denied.

2. The motion to "overrule Toyota's boilerplate objections to Plaintiffs' discovery requests and consider all objections waived" is denied.

3. The motion to compel Toyota to "provide full responses to interrogatories where Toyota's Responses simply refer Plaintiffs to other documents or sources" (Interrogatories Nos. 3, 4, 5, 6, 8, 9, 10, 11, and 12) is granted. To the extent that it has not already done so, Toyota shall serve amended responses that fully identify the documents it listed in response to these interrogatories by Bates numbers, or by reference to the specific request for production in response to which the documents were produced. The amended responses must be served on Plaintiffs' counsel within 14

days of the date of this order.

4. The motion to compel responses to Plaintiffs' discovery requests concerning "Toyota's Use of CAD and FEM and Related Information" (Interrogatory No. 3 and Requests for Production Nos. 1, 2, and 5) is denied as to any information or documents concerning areas beyond "the permissible scope of discovery" set forth in the order dated July 18, 2012 (doc. 111), and as to any documents not within Toyota's possession, custody or control. The motion is granted to the extent it seeks information or documents from Toyota within that scope of discovery that have not yet been produced. Any responsive information or documents that Toyota has not yet been produced must be served on Plaintiffs' counsel within 14 days of the date of this order. The motion to compel Toyota to produce documents in the possession, custody or control of Hino Motors is denied.

5. The motion to compel responses to Plaintiffs' discovery requests concerning "Toyota's alleged policy of destroying or discarding its CAD and FE" (Interrogatories Nos. 7 and 8, and Request for Production No. 18) is denied. However, Toyota must serve an amended response that reflects its representation on the record that no documents have been withheld on the basis of any of its objections to these discovery requests. The amended response must be served on Plaintiffs' counsel within 14 days of the date of this order.

6. The motion to compel responses to Plaintiffs' discovery requests concerning "Toyota's fuel tank designs, other alternative designs with Toyota's knowledge and cost information" (Interrogatories Nos. 4, 5 and 6, and Requests for Production Nos. 12, 14, 15, 16, 23, and 24) is denied to the extent that it seeks information or documents concerning areas outside "the permissible scope of discovery" set forth in the order dated July 18, 2012 (doc. 111). The motion is granted to the extent that it seeks information or documents within that scope of discovery that have not yet been produced. Any responsive information or documents that have not yet been produced must be served on

Plaintiffs' counsel within 14 days of the date of this order.

7. The motion to compel responses to Plaintiffs' discovery requests concerning "specific crash and simulated tests and the FMEA and DRBFM information related to relevant components" (Interrogatories Nos. 9, 10, 11 and 12) is denied to the extent that it seeks information or documents concerning areas outside "the permissible scope of discovery" set forth in the order dated July 18, 2012 (doc. 111). The motion is granted to the extent that it seeks information or documents within that scope of discovery that have not yet been produced. Any responsive information or documents that have not yet been produced must be served on Plaintiffs' counsel within 14 days of the date of this order.

8. The motion to compel responses to Plaintiffs' discovery requests concerning "Electronically Stored Information and narrowly tailored email" (Requests for Production Nos. 8, 9, 11 and 25) is denied to the extent that it seeks information or documents concerning areas outside "the permissible scope of discovery" set forth in the order dated July 18, 2012 (doc. 111). The motion is granted to the extent that it seeks information or documents within that scope of discovery that have not yet been produced. Any responsive information or documents that have not yet been produced must be served on Plaintiffs' counsel within 14 days of the date of this order.

9. The motion to compel responses to Plaintiffs' discovery requests concerning "Toyota's advertisements" (Request for Production No. 22) is granted as to advertisements concerning SUVs or brand. The motion is denied as to advertisements concerning cars.

10. The motion to compel the defendant to produce a representative for a second deposition concerning the information sought in the motion is denied.

11. All relief not specifically awarded is **DENIED**.

**SO ORDERED** on this 31st day of October, 2013.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE