IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, | § § § § § § § § § | |
| Plaintiffs, | § | |
| v. | § § | CAUSE NUMBER: 3:11-cv-0207-N |
| | § | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, LLC., VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC., STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC, and DOLPHIN LINE, INC. | § § § § § § § § § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S EXPEDITED MOTION TO AMEND SCHEDULING ORDER
TO EXTEND DEADLINE FOR DESIGNATION AND DISCOVERY OF EXPERTS**

AUBREY "NICK" PITTMAN
State Bar No. 16049750

**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax
pittman@thepittmanlawfirm.com

DARYL K. WASHINGTON
State Bar No. 24013714

**LAW OFFICES OF DARYL K. WASHINGTON P.C.**
325 N. St. Paul St., Suite 1975
Dallas, Texas 75201
214-880-4883
469-718-0380 - fax
dwashington@dwashlawfirm.com

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ i

I.   PRELIMINARY STATEMENT ........................................................................................ 1

II.  NATURE OF THE EXPEDITED REQUEST .................................................................. 1

III. ARGUMENT AND AUTHORITIES ................................................................................ 2

   A.  Plaintiffs Have Not Failed to Adhere to Any Scheduling Order Deadlines and Have Exercised Due Diligence in Attempting to Meet the Upcoming Expert Deadlines ............................................................................................... 3

       1.  The Court just recently issued Orders on the two Motions to Compel and gave the Defendants 14 days in which to comply. ............................... 3

       2.  Plaintiffs have been diligent in attempting to obtain discovery from the Toyota defendants and involving the Court in matters that could not be resolved with Toyota. ...................................................................... 4

       3.  Plaintiffs have been diligent in attempting to obtain discovery from TMS and TEMA and have just recently completed the TMS depositions and need to schedule the TEMA deposition. ........................... 7

       4.  Plaintiffs have been diligent in attempting to obtain discovery from VGNA and involving the Court in matters that could not be resolved with VGNA. .............................................................................................. 8

       5.  Plaintiffs filed the Third Motions to Compel as soon as practicable. .......... 9

   B.  The Modification to the Scheduling Order is Important to Plaintiffs. ................. 10

   C.  Defendants Will Suffer No Prejudice If the Modification is Granted. ................. 11

   D.  Defendants' Prejudice, if Any, Could be Cured by a Continuance. ..................... 11

IV.  CONCLUSION ................................................................................................................ 11

CERTIFICATE OF CONFERENCE ........................................................................................... 14

CERTIFICATE OF SERVICE ..................................................................................................... 15

Plaintiffs Ollie Greene, Individually and as the surviving parent of Wyndell Greene, Sr., William Greene, as the Administrator of the Estate of Wyndell Greene, Sr. and Marilyn Burdette Hardeman, Individually and as the surviving parent of LaKeysha Greene (collectively hereinafter referred to as "Plaintiffs") file this motion to extend the deadline for designation of testifying experts and discovery of experts and in support thereof states the following:

## I. PRELIMINARY STATEMENT

As a result of discovery tactics by Defendants Toyota Motor Corporation ("TMC"), Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA"), Toyota Motor Sales USA, Inc. ("TMS") (collectively, "Toyota") and Volvo Group North America ("VGNA"), Plaintiffs had to file three motions to compel against VGNA and Toyota, the third motion coming after previous rulings on motions to compel requiring production of relevant material, a July 18, 2012, Court Order on the scope of certain discoverable items, and two sets of narrowed discovery requests after the depositions of the TMC and VGNA corporate representatives. On October 31, 2013, Orders were issued on Plaintiffs' Third Motions to Compel against VGNA and Toyota. The Court granted in part and denied in part the motions to compel and gave Toyota and VGNA fourteen (14) days to comply with the Orders. Since Plaintiffs will be unable to obtain and analyze all expert-related discovery in sufficient time to meet the current deadline for expert disclosures, and since experts will need additional time to perform other work necessitated by the Court's Orders, Plaintiffs ask that the Court modify the June 9, 2013, Scheduling Order to provide additional time for expert discovery and related matters.

## II. NATURE OF THE EXPEDITED REQUEST

Pursuant to the October 10, 2013, Order (Dkt. Entry No. 219), Plaintiffs' **expert reports are due on or about November 9, 2013**. However, the discovery Plaintiffs seek will be used by

1

Plaintiffs' experts in support of their expert reports and indeed is vital to the reports. Additionally, in light of the Court's ruling, Plaintiffs' experts will have to perform additional work on their expert reports. Accordingly, Plaintiffs respectfully request that the Court consider this motion on an expedited basis before November 9, 2013, and extend the time for designation of all experts and discovery from those experts.

Plaintiffs have previously attempted to reach agreement with Defendants on the relief sought in this motion. See, Dkt. Entry No. 197 (describing attempts made by Plaintiffs to obtain agreements from Defendants' counsel to extend expert deadlines in this matter). However, Defendants were unwilling to agree to an extension of sufficient length that would ensure that Plaintiffs could obtain the outstanding discovery, have it analyzed by experts, and have expert reports prepared. Accordingly, the matter is presented to the Court for expedited consideration.

### III. ARGUMENT AND AUTHORITIES

Under FED.R.CIV.P. 15, this Court has the authority to modify the unexpired deadlines in the June 9, 2013, Scheduling Order and should do so freely. The Fifth Circuit has made it clear that the good-cause standard to modify a scheduling order under Rule 16(b) applies only "after a scheduling order deadline has expired." *S & W Enter., L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir.2003). Nevertheless, even if the Court were to apply the principles of FED.R.CIV.P. 16(b), this Court with good cause can modify the deadlines in the June 9, 2013, Order. FED.R.CIV.P. 16(b)(4). The Fifth Circuit considers four factors in deciding whether there is good cause to amend a scheduling order: (1) the explanation for the failure to adhere to the deadline at issue; (2) the importance of the proposed modification to the scheduling order; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice. *See Reliance Ins. Co. v. La. Land & Exploration Co*., 110 F.3d 253, 257 (5th Cir.1997). When the moving

party shows good cause to modify the scheduling order, then the district court applies "the more liberal standard of Rule 15(a)" and "freely gives leave when justice so requires." *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir.2005)

### A. Plaintiffs Have Not Failed to Adhere to Any Scheduling Order Deadlines and Have Exercised Due Diligence in Attempting to Meet the Upcoming Expert Deadlines.

The October 10, 2013, Order provides that Plaintiffs' expert reports are due on November 9, 2013. (Dkt. Entry No. 197). Accordingly, Plaintiffs have not missed any deadlines in the scheduling order. Plaintiffs seek an Order from this Court extending the upcoming deadlines since it is clear that Plaintiffs will not be able to meet the November 9, 2013, expert disclosure date considering that Toyota and VGNA have continued to refuse to produce discovery that is needed by Plaintiffs' experts and since Plaintiffs' experts will need additional time to consider the information ruled discoverable under the October 31, Orders and to undertake additional work necessitated by the Court's rulings on the motions to compel.

#### 1. The Court just recently issued Orders on the two Motions to Compel and gave the Defendants 14 days in which to comply.

As the Court is aware, three (3) motions to compel have been filed in this matter against Toyota and VGNA. The last of the three motions to compel was filed against VGNA on August 9, 2013. (Dkt. Entry No. 164). Pursuant to the Court's August 12, 2013, Order, the Plaintiffs and VGNA were ordered to meet face-to-face to fully confer on each of the items in dispute and to submit a joint submission of the remaining issues. (Dkt. Entry No. 166). In accordance with the Court's August 12, 2013, Order Plaintiffs and VGNA met and submitted a Joint Submission to the Court on August 23, 2013. (Dkt. Entry No. 167). An initial hearing was held on Plaintiffs' Third Motion to Compel Against VGNA on September 5, 2013. On October 31, 2013, the Court issued a ruling on Plaintiffs' Third Motion to Compel Against VGNA.

The last of the three motions to compel against the Toyota Defendants was filed on September 3, 2013. (Dkt. Entry No. 174). Pursuant to the Court's September 4, 2013, Order the Plaintiffs and Toyota were ordered to meet face-to-face to fully confer on each of the items in dispute and to submit a joint submission of the remaining issues. (Dkt. Entry No. 177). In accordance with the Court's September 4, 2013, Order Plaintiffs and Toyota met and submitted the Joint Submission to the Court on August 23, 2013. (Dkt. Entry No. 202). Pursuant to the September 30, 2013 Court Order (Dkt. Entry No. 207), the Court set a hearing on this motion to compel on October 4, 2013. On October 31, 2013, the Court issued an Order on the motion to compel granting it in part and denying it in part. Toyota was given 14 days to comply with the portion of the motion to compel for which the motion was granted.

    **2.**    **Plaintiffs have been diligent in attempting to obtain discovery from the Toyota defendants and involving the Court in matters that could not be resolved with Toyota.**

Since the litigation began, Plaintiffs have desired to take the depositions of the three Toyota Defendants, seriatim, beginning first with Toyota Motor Corporation, then TMS and TEMA. However, the Toyota Defendants' conduct has thwarted Plaintiffs' efforts to obtain discovery needed by the experts, which has created unreasonable delays in advancing this case to trial. Indeed, the following chronology demonstrates some of the stalling techniques in which the Toyota Defendants have engaged:

1. In response to Plaintiffs' first interrogatory requests, the Toyota Defendants objected to each of Plaintiffs' thirteen (13) interrogatories, providing an incomplete response, or no response, to each.
2. Similarly, in response to Plaintiffs' First Request for Production of Documents, the Toyota Defendants, in three responses that totaled 546 pages, objected to virtually each of Plaintiffs' requests and in some instances, under the guise of objections, wholly refused to provide clearly discoverable items.
3. On or about February 24, 2012, Plaintiffs filed a Motion to Compel (the "First Motion to Compel") against the Toyota Defendants and VGNA.

       The First Motion to Compel was heard on or about March 5, 2012, and an Order was issued on July 18, 2012, setting the scope of discovery, but only as to certain limited items discussed at the hearing.

4. Following the issuance of the Court's July 18, 2012, Order, Plaintiffs' counsel submitted discovery requests dated July 23, 2012, to Toyota's counsel seeking production of discovery within the scope permitted by the Court's July 18, 2012, Order and FRCP 26.

5. Three months after the Court's July 18, 2012, Toyota still had not produced the items that the Court found to be discoverable. Accordingly, on October 23, 2012, Plaintiffs' counsel contacted Toyota's counsel asking for production of the information that is the subject of the Court's July 18, 2012, Order.

6. After receiving some materials from Toyota, Plaintiffs' counsel informed Toyota's counsel on October, 24, 2012, that Toyota's responses do not comply with the scope of discovery allowed by the Court's July 18, 2012, Order. Plaintiffs' counsel also reiterated Plaintiffs' request that Toyota respond "directly and specifically" to each of the requests for productions and interrogatories contained in Plaintiffs' July 23, 2012, discovery letter.

7. Following further exchanges of email, Toyota's counsel refused to respond specifically to each of the requests for productions and interrogatories contained in the July 23, 2012, discovery requested.

8. On or about July 31, 2012, Plaintiffs submitted additional written discovery requests to the Toyota Defendants.

9. On September 4, 2012, and October 2, 2012, the Toyota Defendants submitted their responses to Plaintiffs' July 31, 2012, discovery requests, wherein Toyota made substantial objections and did not respond fully to the discovery request.

10. On January 4, 2013, Plaintiffs filed a Second Motion to Compel (the "Second Motion to Compel") against the Toyota Defendants and VGNA.

11. The Second Motion to Compel was heard on or about January 22, 2013. During the January 22, 2013, hearing on Plaintiffs' Second Motion to Compel, the Court issued the following directive to the Toyota Defendants:

> Okay. I want you to treat Exhibit B [Plaintiffs' July 23, 2012, discovery requests] as if it were a formal RFP and respond to it in a week. That doesn't mean produce the documents, necessarily, but give them a written response. You have had it around since July, so I think you can probably give them a written response in a week.
>
> Okay. Then 30 days for the docs.

12. On or about January 29, 2013, the Toyota Defendants submitted their response to Plaintiffs' July 23, 2012, discovery requests. Consistent with

5

the Toyota Defendants' original 546 page set of objections to Plaintiffs' first set of discovery, the Toyota Defendants submitted an 83-page set of objections to the July 23, 2012, discovery requests, despite the requests being completely consistent with the scope of discovery allowed by the Court's July 18, 2013, Order.

13. On or about April 10, 2013, Plaintiffs submitted a written notion of intent to take the deposition of the TMC representative on June 8, 2013, the only available date provided by Toyota for this deposition.

14. On June 8, 2013, pursuant to a Fed.R.Civ.P. 30(b)(6) notice of deposition, Plaintiffs took the deposition of Toyota Motor Corporation corporate representative Ichiro Fukumoto ("Fukumoto"). During the deposition, it was apparent that Fukumoto was not knowledgeable of many of the topics on which examination had been requested.

15. As a result of questions raised during Fukumoto's deposition and his inability to provide relevant information, on June 25, 2013, Plaintiffs submitted a second set of interrogatories and request for production to the Toyota Defendants.

16. On or about July 29, 2013, Toyota Motor Engineering and Manufacturing, Inc. ("TEMA") submitted a thirty-three (33) page response to Plaintiffs' June 25, 2013, Second Set of Interrogatories, where TEMA submitted general and prophylactic objections to each of Plaintiffs' twelve (12) interrogatories. TEMA also submitted a seventy-four (74) page response to Plaintiffs' Second Request for Documents, where TEMA submitted general and prophylactic objections each of Plaintiffs' twenty-six (26) requests for documents.

17. Also on or about July 29, 2013, TMS submitted a thirty-five (35) page response to Plaintiffs' June 25, 2013, Second Set of Interrogatories, where TEMA submitted general and prophylactic objections to each of Plaintiffs' twelve (12) interrogatories. TEMA also submitted a seventy-five (75) page response to Plaintiffs' Second Request for Documents, where TEMA submitted general and prophylactic objections each of Plaintiffs' twenty-six (26) requests for documents.

18. On August 28, 2013, Toyota Motor Corporation ("TMC") submitted a thirty (30) page response to Plaintiffs' June 25, 2013, Second Set of Interrogatories, where TMC submitted general and prophylactic objections to each of Plaintiffs' twelve (12) interrogatories. TMC also submitted a eighty-seven (87) page response to Plaintiffs' Second Request for Documents, where TMC submitted general and prophylactic objections each of Plaintiffs' twenty-six (26) requests for documents.

19. The July 29, 2013, and August 28, 2013, responses created the need for Plaintiffs to file yet a third motion to compel against Toyota. It was filed on September 3, 2013. Dkt Entry 174.

Therefore, as shown above, Plaintiffs have done everything in their power to obtain timely discovery from Toyota so that it can provide the information to Plaintiffs' experts. However, Toyota's stalling efforts have prevented and/or delayed expert discovery in this matter.

> **3. Plaintiffs have been diligent in attempting to obtain discovery from TMS and TEMA and have just recently completed the TMS depositions and need to schedule the TEMA deposition.**

By letter dated February 12, 2012, Plaintiffs' counsel submitted correspondence to TMS and the other Defendants that scheduled the deposition of the TEMA corporate representative for April 2, 2012 and the TMS deposition for April 3, 2012. This notification clearly placed TMS and TEMA on notice that their FRCP 30(b)(6) deposition would be taken. The only reason these depositions did not take place was due to Toyota's refusal to produce discovery that would have been used at the TEMA and TMS depositions, as well as during the depositions of others. Additionally, throughout this lawsuit, Plaintiffs have served several written discovery requests upon TEMA and TMS. TMS and TEMA just recently submitted a discovery response, albeit incomplete, on July 29, 2013. Furthermore, Plaintiffs served a Notice of Intent to take the TMS deposition on August 19, 2013, scheduling the deposition to take place on September 9, 2013 – twenty-one (21) days' notice. On August 29, 2013, TMS filed a Motion to Quash the September 9, 2013, deposition. On or about September 3, 2013, the Court issued an order requiring that the parties confer face-to-face on TMS's Motion Quash. See Dkt. Entry No. 173. As a result of this Order, the September 9, 2013, deposition did not take place as originally noticed. Instead, the deposition did not take place until September 20, 2013.

Additionally, during the September 20, 2013, TMS deposition, the corporate representatives were ill-prepared to respond to many of Plaintiffs' questions and brought to Plaintiffs' attention that many documents exist at VGNA that have not been produced. Accordingly, Plaintiffs have additional requests to TMS for documents, as well as obtaining

7

discovery from third-parties whose identities were revealed during the September 20, 2013, deposition. The discovery responses from TMS are not due until on or about November 10, 2013. This discovery will be used by Plaintiffs' experts. Furthermore, Plaintiffs intend to take the deposition of the TEMA corporate representative and other third parties.

**4.    Plaintiffs have been diligent in attempting to obtain discovery from VGNA and involving the Court in matters that could not be resolved with VGNA.**

On or about February 24, 2012, Plaintiffs filed a Motion to Compel (the "First Motion to Compel") against the Toyota Defendants and VGNA. The First Motion to Compel was heard on or about March 5, 2012, and an Order was issued on July 18, 2012. Upon receiving the Court's July 18, 2012, Order, Plaintiffs' counsel submitted discovery requests dated July 23, 2012, to VGNA's counsel seeking production of discovery within the areas discussed in the Court's July 18, 2012 Order and FRCP 26. On or about August 23, 2012, VGNA responded to Plaintiffs' July 23, 2012, discovery requests. In its response, VGNA objected to the majority of the discovery requests and produced only eighteen (18) pages of supplemental discovery.

On January 4, 2013, Plaintiffs filed a Second Motion to Compel (the "Second Motion to Compel") against the Toyota Defendants and VGNA. The Second Motion to Compel was heard on or about January 22, 2013, and an Order was issued. After finding an acceptable date for a deposition of VGNA, on or about May 2, 2013, Plaintiffs took the depositions of VGNA corporate representatives Charles Bird ("Bird"), Andrew Adams ("Adams"), and Gregory Prinzo ("Prinzo") in Greensboro, North Carolina. As a result of testimony provided by Bird, Adams, and Prinzo indicating that other discoverable matter was available to and had been withheld by VGNA, Plaintiffs served additional interrogatories and requests for production upon VGNA on or about May 22, 2013. On or about June 24, 2013, VGNA responded to Plaintiffs' May 22,

8

2013, discovery requests. In its responses, VGNA objected to the majority of the discovery requests and produced very limited discovery. As a result of VGNA's objections, and after conferring with VGNA to try and resolve disputes, Plaintiffs were forced to file a motion to against VGNA on August 9, 2013. The Court has now had an opportunity to rule on the third motions to compel and just issued Orders on October 31, 2013. This diligence by Plaintiffs clearly demonstrates that Plaintiffs have not delayed developing the discovery in this case.

### 5. Plaintiffs filed the Third Motions to Compel as soon as practicable.

As a result of having to wait for discovery to be turned over pursuant to the two previous motions to compel, Plaintiffs were unable take the depositions of the Volvo and Toyota (TMC) representatives until May 2, 2013, and June 8, 2013, respectively. Testimony from the TMC and VGNA corporative representatives demonstrated that the Toyota and VGNA Defendants were withholding key discovery needed by Plaintiffs and their experts. Accordingly, after the TMC and VGNA depositions revealed the existence of additional discovery being concealed by TMC and VGNA, Plaintiffs served interrogatories and requests for documents upon VGNA and Toyota to obtain the outstanding discovery. The latest of the defendants' discovery responses was submitted by TMC on August 28, 2013, which submitted a thirty (30) page response to Plaintiffs' June 25, 2013, Second Set of Interrogatories. In the response, TMC submitted general and prophylactic objections to each of Plaintiffs' twelve (12) interrogatories and also submitted an eighty-seven (87) page response to Plaintiffs' Second Request for Documents, where TMC submitted general and prophylactic objections each of Plaintiffs' twenty-six (26) requests for documents. This stalling tactic by Toyota, as well as additional delays by VGNA, led to the filing of the third motions to compel against VGNA and Toyota, which were just recently decided. Therefore, there has been no unreasonable delay by Plaintiffs in seeking this relief.

### B.     The Modification to the Scheduling Order is Important to Plaintiffs.

Plaintiffs' Complaint specifically alleges that Toyota, *inter alia*, failed to design and incorporate widely available, safer and feasible, alternative designs into the Toyota 4Runner's fuel system, fire prevention and suppression systems, seat restraints, air bag systems, rear occupant compartment and structural integrity of the Toyota 4Runner that would have prevented or significantly reduced the injuries and deaths to the Greene Family. The Complaint also makes clear that Toyota breached express warranties that the 4Runner was safe, reliable and that quality was of paramount importance. The warranty of merchantability requires that products be of reasonable workmanlike quality and free from defects. The Complaint also alleges that in commercials, internet postings, periodicals, press releases, etc., Toyota represented that the safety of their customers is paramount.

As to Volvo, Plaintiffs allege that the Volvo Defendant, *inter alia*, failed to design and incorporate widely available, safer and feasible, alternative designs into the Volvo Heavy Truck's absent or defective collision warning system and energy-absorption capabilities, and that the Volvo Heavy Truck was defectively designed because it was an incompatible mismatch, in a crash, with other vehicles on the road. If the Volvo Heavy Truck had been properly designed it would have prevented or significantly reduced the injuries to, and prevented the eventual deaths of, each member of the Greene Family.

It is undisputed that Texas law requires expert testimony for Plaintiffs to meet their burden on many of their claims. Therefore, it is clear that the expert disclosures for which Plaintiffs seek an extension through this motion are vital to Plaintiffs' case. Without expert testimony, Plaintiffs will have difficulty proving their claims. Therefore, this second factor weighs completely in Plaintiffs' favor. Additionally, experts will also be essential to Toyota's and VGNA's defenses and the extension will also give these Defendants additional time.

### C. Defendants Will Suffer No Prejudice If the Modification is Granted.

The third factor also strongly favors Plaintiffs. As of the filing of this motion, no experts have been designated by any party and expert discovery has not yet begun. The trial date is almost five (5) months away. If the requested extension is granted, the Court could provide Defendants with the same length of time (30 days) to produce their rebuttal expert reports and Defendants would have the same opportunity to take expert discovery that they have under the current June 9, 2013, Scheduling Order. Accordingly, Defendants would face absolutely no prejudice from an extension of deadlines. On the other hand, Plaintiffs will face severe prejudice if they are not provided additional time to allow their experts to obtain and consider the outstanding discovery, as well as to take additional steps now required as a result of the October 31, 2013, rulings before Defendants would have to provide expert disclosures.

### D. Defendants' Prejudice, if Any, Could be Cured by a Continuance.

Plaintiffs' modest request for modification of the scheduling order can be accomplished without any prejudice to Defendants. If Defendants were to contend that they would suffer some prejudice from a modification of the June 9, 2013, Scheduling Order, the prejudice can be cured with a short continuance. Indeed, in a previous correspondence, Toyota's counsel actually offered a continuance of the trial date at one point. See, Exhibit 1 attached hereto. Accordingly, this factor weighs plainly in Plaintiffs' favor.

## IV. CONCLUSION

As discussed above, there has been no undue delay by Plaintiffs in attempting to meet the current scheduling order deadlines. Nor has there been any bad faith on Plaintiffs' behalf. Defendants will also not be prejudiced as they could still be provided with a full opportunity to designate rebuttal experts and to take depositions of every expert witness that Plaintiffs will ultimately designate.

WHEREFORE, Plaintiffs pray that this Court enter an Order modifying the June 9, 2013, Scheduling Order as follows:

1. The time in which the parties with the burden of proof must disclose experts pursuant to FRCP 26(a)(2) is been extended to **December 19, 2013**;

2. The time in which the parties must disclose opposing experts pursuant to FRCP 26(a)(2) is extended to **January 18, 2014;**

3. The time in which the parties must disclose rebuttal experts pursuant to FRCP 26(a)(2) is extended to **February 2, 2014**;

4. The date on which expert discovery closes is extended to **February 17, 2014**;

5. The date by which all objections to expert testimony must be filed is extended to **March 11, 2014**;

6. [Optional] The Trial Date in this matter has been moved to **April l7, 2014**; and

7. All other deadlines and requirements in the Court's June 9, 2013, Scheduling Order shall remain applicable and in full force and effect.

Respectfully Submitted,

/s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN
State Bar No. 16049750

**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax
pittman@thepittmanlawfirm.com

/s/ Daryl K. Washington
DARYL K. WASHINGTON
State Bar No. 24013714

**LAW OFFICES OF DARYL K. WASHINGTON P.C.**
325 N. St. Paul St., Suite 1975
Dallas, Texas 75201
214-880-4883
469-718-0380 - fax
dwashington@dwashlawfirm.com

## CERTIFICATE OF CONFERENCE

The undersigned certifies that the relief requested in this motion has been presented previously to each of Defendants' counsel for consideration. On October 2, 2013, Plaintiffs' counsel received an email from counsel for each Defendant, respectively, indicating that Defendants oppose an extension of the expert dates to the degree sought in this motion. Accordingly, Plaintiffs present this matter to the Court for resolution.

    /s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2013, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

    /s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN