IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the Surviving parent of WYNDELL GREENE, SR., WILLIAM GREEN, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the Surviving parent of LAKEYSHA GREEN, | § § § § § § § | CAUSE NUMBER 3:11-cv-0207-N |
| Plaintiffs, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., VOLVO GROUP NORTH AMERICA, LLC., VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC., STRICK TRAILORS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC, and DOLPHINE LINE, INC. | § § § § § § § § § § § | |
| Defendants. | § § § | |

**DEFENDANT, STRICK TRAILERS, LLC'S BRIEF IN OPPOSITION
TO PLAINTIFFS' EXPEDITED MOTION TO AMEND SCHEDULING ORDER
TO EXTEND DEADLINE FOR DESIGNATION AND DISCOVERY OF EXPERTS**

Defendant, Strick Trailers, LLC ("Strick"), through its counsel, states the following as its

Brief In Opposition to Plaintiff's Expedited Motion To Amend Scheduling Order To Extend

Deadline For Designation And Discovery Of Experts, and, for the reasons set forth below,

requests the Court deny Plaintiffs' motion.

## I.      Introduction

Strick opposes Plaintiffs' current request for a substantial extension of dates regarding expert disclosure.  Plaintiff's requested relief is impractical and would disadvantage Strick as to its ability to defend itself in this action.

## II.     Inconvenience And Impracticality Of Plaintiff's Request

Under Plaintiff's proposed extension of deadlines, Plaintiffs would disclose their experts by December 19, 2013.  Strick's expert disclosures would then be due 30 days later, on January 18, 2014 and rebuttal reports would be due on February 2, 2014.  Plaintiffs have also proposed an extension of the close of expert discovery to February 17, 2014 and an extension of the period to object to expert testimony to March 11, 2014.  From a practical standpoint, these proposed dates are not workable in this matter.

Plaintiffs' proposed extended deadlines provide entirely insufficient time to conduct discovery of the substantial number of experts anticipated in this matter.  This is a highly complex, highly technical case and Plaintiffs alone are expected to have experts to address: (1) accident reconstruction; (2) cause(s) of three deaths [the children and Mrs. Greene] and when and how within the sequence of accident events the injuries occurred; (3) cause of injury and death of Mr. Greene;  (4) alleged design, marketing and other defects in the Volvo truck; (5) alleged design, marketing and other defects in the Toyota 4Runner; (6) alleged design and marketing defects in the Strick trailer bumper guards; (7) biomechanics; and (8) damages (experts such as economists and possibly others).  In addition, each of the three defendants will have corresponding experts.  The numerous experts in this matter are going to be located in various venues throughout the country, complicating the ability to provide expert deposition schedules.

The dates proposed by Plaintiffs press far too close to the current March 10, 2014 trial date in this matter.  Plaintiff's proposed deadlines would close expert discovery only three weeks before trial.  Moreover, Plaintiffs' proposed deadline to object to expert testimony now falls one day after the start of trial.  Given the complexity of the expert opinions expected to be offered in this matter, neither the parties, nor the court, could, respectively, fully prepare or review any trial motions related to expert testimony.

Plaintiffs' proposed schedule is not realistic and does not allow adequate time for the parties to prepare for trial and trial motions and their proposal to adjourn the trial date for a month is a tacit recognition of these difficulties.   Plaintiffs' proposed extended deadlines leave inadequate time for trial preparation and results in a "jam" job for the defendants, which is unnecessary and prejudicial.

### III.    An Extension Of Deadlines Is Unnecessary

There is no reason for all expert disclosure deadlines to be pushed back merely because Plaintiff is awaiting some additional discovery from Volvo and Toyota.  Nothing precludes Plaintiff from responding to additional information in its rebuttal reports or providing related supplemental expert disclosures as to any information later obtained from Toyota and/or Volvo.  Moreover, any information to be received from Toyota and/or Volvo is not likely to influence the opinions of the accident reconstructionists, biomechanics experts, medical experts, or damages experts, and has nothing to do with Plaintiff's expert design opinions about the Strick bumper guard.  There simply is no reason for a blanket extension of the current deadlines given the avenues Plaintiffs already have available to address any new information they may receive.

### IV.    Conflict With Plaintiffs' Newly-Proposed Trial Date

In addition to the reasons set forth above, Plaintiffs' proposed extended trial date of April

17, 2014 conflicts with a separate trial Strick's counsel is set to start in Pennsylvania on May 5, 2014.  The May 5th trial date set in the Pennsylvania matter has been scheduled for several months and trial in that matter is fully expected to begin on that date.  Trial in the present matter is expected to take at least four weeks to complete, which, under Plaintiff's' proposed new trial date, would go through at least May 15, 2014.  Therefore, Plaintiffs' proposed new trial date is unworkable and extending trial through that date would unduly prejudice Strick (which was not at all involved in the discovery disputes that have lead to Plaintiffs' current request for another extension of deadlines).

**V.      Strick Should Not Be Impacted As It Has Properly Participated In This Action**

While Plaintiff and other parties have gone through numerous rounds of discovery motions and disputes, Strick has properly followed the Court's scheduling orders and fully and timely responded to all discovery requests.  Strick should not be detrimentally impacted by the disputes amongst other parties that are the underlying basis for Plaintiffs' current request.

Respectfully submitted,

DAWSON & CLARK, P.C.

  /s/ Donald H. Dawson, Jr
DONALD H. DAWSON, JR.
*In Pro Hac Vice*
243 West Congress, Suite 600
Detroit, MI 48226
(313) 256-8900
*Attorney for Strick Trailors, LLC*

Resp 2nd Mtn to Ext Deadlines2

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 7th day of November, 2013, a true and correct copy of the above and foregoing was forwarded to all non-registered counsel of record in accordance with the Federal rules of Civil Procedure to all registered counsel of record by electronic service through the court's ECF system in compliance with Federal Rule of Civil Procedure 5(b)(2)(E) and 5(b)(3).

/s/ *Donald H. Dawson, Jr*
DONALD H. DAWSON, JR.

5