IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, <br><br>    Plaintiffs, <br>v. <br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, LLC., VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC., STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC, and DOLPHIN LINE, INC. <br><br>    Defendants. | CAUSE NUMBER: 3:11-cv-0207-N <br><br><br> JURY TRIAL DEMANDED |

### THE TOYOTA DEFENDANTS' RESPONSE TO PLAINTIFFS' EXPEDITED MOTION TO AMEND SCHEDULING ORDER TO EXTEND DEADLINE FOR DESIGNATION AND DISCOVERY OF EXPERTS

TO THE HONORABLE COURT:

Defendants Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc. (collectively "the Toyota Defendants") in the above-styled and numbered action, file this Response to Plaintiffs' Expedited Motion to Amend the Scheduling Order to Extend the Deadline for Designation and Discovery of Experts, and respectfully show the Court as follows:

# I.
# SUMMARY OF THE ARGUMENT

1.     Plaintiffs' Expedited Motion to Amend Scheduling Order to Extend Deadline for Designation and Discovery of Experts (the "Motion") should be denied. Plaintiffs' experts do not need additional information to prepare their disclosures by November 9, 2013. Plaintiffs' Original Complaint was filed on February 3, 2011. Since that time, the Toyota Defendants have produced thousands of documents and presented corporate representatives for deposition from multiple Toyota entities. Moreover, the expert deadline in this case has already been extended on three separate occasions, at the request of Plaintiffs, including less than a month ago when the Court granted Plaintiffs' expedited motion that is almost identical to Plaintiffs' current Motion. However, in the spirit of cooperation, the Toyota Defendants suggest that if the Court is inclined to provide an extension of Plaintiffs' expert disclosure deadline, a shorter extension would be appropriate, combined with an extension of the defendants' expert disclosure deadline, the expert discovery deadline and trial setting to allow the parties adequate time to complete expert discovery.

# II.
# PROCEDURAL BACKGROUND

2.     Plaintiffs filed their original complaint on February 3, 2011. Doc. No. 1. This case was originally set for trial on April 23, 2012 and Plaintiffs' expert disclosure deadline was set for November 15, 2011. Doc. No. 18.

3.     After agreement by the parties, the trial date was reset for September 10, 2012, and Plaintiffs' new expert disclosure deadline was April 13, 2012. Doc. No. 58. On February 24, 2012, less than two months before their expert disclosure deadline, Plaintiffs filed an Emergency Motion to Compel against the Toyota Defendants. *See* Doc. No. 64. That motion

was filed six months after Plaintiffs received the discovery responses that were the subject of the "emergency" motion.

4. On March 8, 2012, Plaintiffs' filed another emergency motion to reset the March 15, 2012 deposition of a Toyota Motor Corporation Rule 30(b)(6) witness, and to amend the scheduling order once again. *See* Doc. No. 74. On March 9, 2012, the Court vacated the current amended scheduling order. Doc. No. 77. The trial date was reset for March 10, 2014, and Plaintiffs' expert disclosure deadline was set for October 11, 2013.

5. Plaintiffs' filed a separate Expedited Motion to Amend the Scheduling Order to Extend the Deadline for Designation and Discovery of Experts on October 3, 2013. Doc. No. 212. On October 10, 2013, the Court granted Plaintiffs' emergency motion and extended Plaintiffs' expert disclosure deadline from October 11, 2013 to November 9, 2013, Plaintiffs' current deadline.

### III.
### ARGUMENT

**A. Plaintiffs' Experts Do Not Need Additional Time or Information to Prepare Their Disclosures by November 9, 2013.**

6. Plaintiffs do not need more time or information for their experts to prepare their reports. Plaintiffs allege that they will face severe prejudice if they are not provided additional time to allow their experts to obtain and consider the "outstanding discovery" resulting from the Court's October 31, 2013 Order. These allegations are without merit. Throughout this litigation, the Toyota Defendants have provided detailed responses and voluminous document production in response to Plaintiffs' comprehensive discovery requests. Plaintiffs have also taken the deposition of a TMC corporate representative, as well as two TMS corporate representatives. Most notably, the Toyota Defendants discovery responses have been consistent with Judge

___

Godbey's July 18, 2012 Order which was key to issues addressed in the Court's October 31, 2013 Order. *See* Doc. No. 229. As a result, any additional supplementation that is required by the Court's recent order will be very limited. Therefore, any contention by Plaintiffs that their experts cannot adequately prepare their expert disclosures without this minimal supplementation by November 9, 2013 is not the result of any conduct of the Toyota Defendants.

**B.      Plaintiffs' Proposed Schedule is Prejudicial to the Toyota Defendants.**

7.      The Toyota Defendants served Plaintiffs' with contention interrogatories in June 2011. In response to those contention interrogatories, Plaintiffs simply referred to their pleadings and stated that they would not provide their specific contentions until they disclose their experts and provide expert reports. As a result, the Toyota Defendants still do not have any disclosure from the Plaintiffs as to the specific nature of their defect claims.

8.      Now, Plaintiffs propose a December 19, 2013 deadline for Plaintiffs' expert disclosures, and a January 18, 2014 deadline for the Toyota Defendants' expert disclosures. Because the Toyota Defendants know so little about Plaintiffs' specific defect allegations, their experts would be forced to analyze Plaintiffs' specific defect allegations, presumably contained in their expert reports, for the first time and appropriately respond in a thirty-day window that includes the week of the Christmas and New Years' holidays. Given the number of defect allegations pled, the complexity of the issues in this case, and the number of experts involved, Plaintiffs' proposed expert deadlines would prejudice the Toyota Defendants.

9.      In addition, Plaintiffs' have proposed an expert discovery deadline of February 17, 2014, only thirty days after the Toyota Defendants' expert disclosure deadline. Plaintiffs have made clear that they will not provide dates for their experts' depositions until after the Toyota Defendants' expert disclosure deadline. *See* October 16, 2013 Correspondence from Nick

Pittman to Jude Hickland, attached herein as Exhibit A. As a result, all expert depositions, likely numbering over fifteen, would be taken in a short thirty day window. Given the number of experts and their locations, this is simply not feasible and is prejudicial to the Toyota Defendants. As a result, Plaintiffs' proposed expert disclosure deadlines and discovery deadline should be denied.

C. **The Expert Discovery Deadline and Trial Date Should be Extended, But Other Deadlines, Including Expert Disclosures, Should Not be Altered, or Alternatively, Should be Extended Only for a Short Time.**

10. The Toyota Defendants do not oppose an extension for the expert discovery deadline or the trial date. The Toyota Defendants believe the expert discovery deadline should be extended to allow more time for expert discovery. As previously discussed, since Plaintiffs will not tender their experts for deposition before the receipt of defendants' expert reports, the current discovery deadline is not workable. The Toyota Defendants believe that the trial date should be correspondingly extended. Further, a short continuance of the trial setting will resolve the conflicting trial setting of counsel for Toyota raised in counsel's June 21, 2013 letter to the Court, attached as Exhibit B.

11. Alternatively, even though an extension of Plaintiffs' expert disclosure deadline is not warranted, the Toyota Defendants suggest that if the Court is inclined to extend Plaintiffs' expert disclosure deadline, it be extended only to November 29, 2013. Such an extension would allow Plaintiffs and their experts ample time to consider the supplemental discovery responses from the Toyota Defendants and the Volvo Defendants which are due to be served by November 14, 2013, as required by the Court's Order of October 31, 2013. If such an extension is granted, the Toyota Defendants request that the expert disclosure deadline for all defendants be set forty-

five days after Plaintiffs' expert disclosure deadline to allow defendants' adequate time to prepare their reports.

## IV.
## CONCLUSION

For the reasons stated above, Defendants Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Engineering and Manufacturing North America, Inc. respectfully request that the Court deny Plaintiffs' Expedited Motion to Amend the Scheduling Order to Extend the Deadline for Designation and Discovery of Experts. Alternatively, if the Court is inclined to grant some of the relief Plaintiffs seek, the Toyota Defendants respectfully request that the Court extend Plaintiffs' expert disclosure deadline only to November 29, 2013 and extend the defendants' expert disclosure deadline to January 13, 2014, and that the Court enter an Order extending the expert discovery deadline and trial date.

Respectfully submitted,

*/s/ David P. Stone*
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR DEFENDANTS TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., AND TOYOTA MOTOR SALES, U.S.A., INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 7th day of November, 2013.

*/s/ David P. Stone*