IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OLLIE GREENE, et al., § | |
| § | |
| Plaintiffs, § | |
| v. § | |
| § | Civil Action No. 3:11-CV-0207-N |
| TOYOTA MOTOR CORP., et al., § | |
| § | |
| Defendants. § | |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSES TO
PLAINTIFFS' EMERGENCY MOTION TO AMEND SCHEDULING ORDER
TO EXTEND DEADLINE FOR DESIGNATION AND DISCOVERY OF EXPERTS**

Ollie Greene, Individually and as the surviving parent of Wyndell Greene, Sr., William Greene, as the Administrator of the Estate of Wyndell Greene, Sr. and Marilyn Burdette Hardeman, Individually and as the surviving parent of LaKeysha Greene (collectively referred to as "Plaintiffs") file this Reply to the Responses ("Defendants' Responses") to Plaintiffs' Motion to Extend the Deadline for Designation of Testifying Experts and Discovery of Experts filed by Defendants Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales USA, Inc., (collectively, "Toyota"), Volvo Group North America ("VGNA"), and Strick Trailers, LLC ("Strick") and show the Court as follows:

**ARGUMENT IN REPLY**

In lockstep, the Defendants have once again joined forces in a transparent attempt to continue their work to deprive Plaintiffs' of discovery needed for their reports and sufficient time in which to prepare complete reports. In doing so, Defendants' Responses contain blatant mischaracterizations of (1) Plaintiffs' substantial need for additional time for expert disclosures and (2) Defendants' culpable role in the experts' lack of information. And to add insult to injury,

Defendants have completely fabricated to the Court that Plaintiffs' request would somehow "shorten" the time Defendants now have to conduct expert discovery. This is untruthful.

      A.      **The October 31, 2013, Orders Clearly Necessitate That The Experts Perform Additional and Substantial Work.**

As the Court may recall, Plaintiffs initially requested that the Court extend to November 29, 2013, the time for Plaintiffs to designate their experts. (Dkt. Entry No. 212). After Defendants proposed various other unworkable options to the Court in their responses, Plaintiffs asked in their Reply that the Court vacate the expert deadlines and reset them "after" the Court ruled on the motions to compel. See, Dkt. Entry No. 217. Meanwhile, Defendants protested any extension of deadlines, and presented the Court with alleged dire consequences if it granted the motion. In the end, the Court set the expert disclosure deadline for November 9, 2013.

As the Court may also recall, several hearings were had on the motions to compel and the final hearing on the motions to compel was delayed, at least in part, because of the unavailability of Toyota's counsel. Accordingly, the Court was unable to rule on the motions to compel until October 31, 2013, just nine (9) days before Plaintiffs' expert reports are scheduled to be submitted. On October 31, 2013, the Court issued Orders granting in part and denying in part (the "October 31, 2013, Orders") (Dkt. Entry Nos. 228 and 228) Plaintiffs' Third Motions to Compel Against Toyota and VGNA. Pursuant to the October 31, 2013, Orders Toyota and VGNA are not required to produce the items ruled discoverable until November 14, 2013, five (5) days "after" Plaintiffs' experts would have submitted expert reports.

In the Responses, Defendants misrepresent the need for Plaintiffs' experts to have additional time as well as the need for time to do additional expert work. First, Plaintiffs have argued for three years that the information sought in the three motions to compel is information that was required at the request of the experts to be considered in the expert reports. See, Dkt

Entry Nos. 64, 78, 131, 164, 167, 174, 196, and 201. Additionally, the October 31, 2013, Orders require that Toyota must produce items such as "CAD, FEM and Related Information," fuel tank designs and other alternative designs," "specific crash tests and simulated tests and the FMEA and DRBFM information related to relevant components," and "Electronically Stored Information and narrowly tailored email" that are "within the [Court's] permissible scope of discovery." Similarly, the October 31, 2013, Orders require that VGNA produce items such as "CAD, FE and/or IGS Files," and Materials Properties Information for the Volvo Truck's Front End Components," that are "within the [Court's] permissible scope of discovery." Clearly then the outstanding discovery relates to items that will be considered by the experts. However, if this information is not due to be disclosed prior to the current date for expert disclosure, it cannot be incorporated into the expert reports. Accordingly, the Court should dismiss Strick's and VGNA's contention that the information to be produced by Toyota and VGNA in a few weeks will not "influence the opinions of the accident reconstructionists, biomechanics experts, medical experts or damages experts…." This is simply untrue. The missing information will be considered in full by Plaintiffs' experts in preparing their reports.

Next, Defendants' Responses also ignore the "additional work" that has now been necessitated, understandably, as an effect of the October 31, 2013, Orders. As the Court will recall, the motions to compel also sought more detailed information such as (1) CAD, CATIA and FEM information requested from Toyota; (2) Toyota's fuel tank designs, other alternative designs within Toyota's knowledge and cost information; (3) specific crash simulated tests and the FMEA and DRBFM information related to relevant components in the 4Runner; (4) Volvo's Front Underrun Protection Information; (5) Complete CAD, FE and/or IGS Files for the Volvo Truck; (6) Research Regarding Truck Compatibility and Energy Absorbing Devices; and (7)

Materials' Properties Information for the Volvo Truck's Front End Component. All of these items were requested by the experts and needed for their reports. And although Plaintiffs acknowledge the Court's efforts in ruling on the contentious motions to compel, the fact remains that Plaintiffs' experts anticipated receiving the information that the Court ultimately chose to exclude from discovery. They were waiting on this information to use to complete their expert reports. However, now that the experts have been informed that this information is not forthcoming, they will now have to undertake additional "workaround" efforts to try and replicate some of the information that was not provided, and will also attempt to obtain some of this information from other sources.

Accordingly, it is disingenuous for Defendants to contend that the information to be produced is irrelevant to the experts. It is equally misleading for Defendants to refuse to acknowledge the substantial additional work that the experts will have to undertake now that it knows for certain that the Court did not order that Defendants produce the additional information that the experts that the experts hoped would be provided. Therefore, Plaintiffs seek additional time for their experts to somewhat regroup and obtain additional resources.

**B.      Nothing in Plaintiffs' Motion Changes or Lessens the Time Defendants Would Have to Designate Their Experts and Take Expert Discovery.**

In the Responses, Defendants go to great lengths to leave the misimpression that Plaintiffs' Motion to extend, if granted, would somehow lessen the time Defendants have to designate opposing experts or conduct expert discovery. This is another fabrication. Pursuant to Judge David Godbey's standard scheduling order rules, the "default" discovery deadlines are that Defendants must designate experts "30 days" after the party with the burden of proof (here, Plaintiffs) designates experts. Plaintiffs must then designate rebuttal experts 15 days following Defendants' designation of experts. Discovery then closes 15 days after rebuttal designations

and *Daubert* Motions must be filed 15 days after the rebuttal expert designations are made. In accordance with the Court's custom, these were the discovery deadlines that were contained in the first Scheduling Order in this matter. See, Dkt Entry No. 18.

Later, when the Court was in the process of issuing a new Scheduling Order Defendants asked that the Court modify the default rules and provide Defendants with forty-five (45) days to designate experts after receiving Plaintiffs' designation. See, Dkt. Entry No. 159. Defendants made the identical arguments they make today in Defendants' Responses. *Id.* However, the Court rejected Defendants' arguments and issued a Scheduling Order that contained the default rules discussed above. See, Dkt. Entry No. 161. Therefore, the Court should decline Defendants' efforts to deviate from the default discovery rules. The Court should also reject Defendants' contention that Plaintiffs' Motion to Extend Deadlines works to "lessen" the time Defendants have to conduct expert discovery. If the Court grants Plaintiffs' Motion, the Court's standard discovery rules would continue to apply, as envisioned by Judge Godbey when he rejected Defendants' previous request to alter the standard discovery rules. In other words, consistent with both of the previous scheduling orders in this matter, under Plaintiffs' extension request, Defendants would still have 30 days after Plaintiffs designate experts to designate Defendants' experts. Plaintiffs would then designate rebuttal experts 15 days following Defendants' designations. Plaintiffs' Motion to Extend Expert Deadlines does not work a disadvantage to Defendants. Additionally, for some reason VGNA attempts to make hay out of a letter written by Plaintiffs' counsel to Defendants' counsel regarding scheduling depositions "after" initial and/or rebuttal reports. This is the typical procedure that is followed in scheduling expert depositions, so VGNA's disjointed argument is much ado about nothing. In addition, the deadline discussed in the letter referenced by VGNA is consistent with this Court's default

discovery rules that were mandated by Judge Godbey's Second Scheduling Order, issued over Defendants' objections.

Also, by scheduling all expert depositions in the Northern District of Texas, where the suit is pending, the parties would be able to conduct all of the expert depositions on a timely basis – only the experts would have to fly in daily. Furthermore, Plaintiffs do not anticipate the trial in this matter will take as long as Strick anticipates. Therefore, Plaintiffs do not believe the suggested trial date will interview with Strick's May 2014 trial date in Pennsylvania, which may or may not be reached.

### C.   Defendants Ignore The Role They Have Played in The Delay.

As discussed in Plaintiffs' motion, Defendants played a huge role in the delay in the submission of expert reports since Defendants have continually refused to produce clearly discoverable items and created a need for Plaintiffs to have to file three different motions to compel. Had Defendants timely produced clearly discoverable information perhaps Plaintiffs and their experts could have met the previous expert deadlines. Plaintiffs have done everything in their power to obtain timely discovery from Toyota and VGNA so that it can provide the information to Plaintiffs' experts. However, Defendants' stalling efforts have prevented and/or delayed expert discovery in this matter. Defendants should not benefit from their dilatory behavior by forcing Plaintiffs to submit incomplete expert reports. There is clearly no prejudice in allowing Plaintiffs additional time to submit more thorough expert reports.

## CONCLUSION

As discussed in Plaintiffs' motion to extend deadlines and above, there has been no undue delay by Plaintiffs in attempting to meet the current scheduling order deadlines. Nor has there been any bad faith on Plaintiffs' behalf. Defendants will also not be prejudiced as they would still be provided with the same opportunity (as provided in the current Scheduling Order)

to designate rebuttal experts and to take depositions of every expert witness that Plaintiffs will ultimately designate.

WHEREFORE, Plaintiffs pray that this Court enter an Order modifying the June 9, 2013, Scheduling Order as follows:

1. The time in which the parties with the burden of proof must disclose experts pursuant to FRCP 26(a)(2) is been extended to **December 19, 2013**;

2. The time in which the parties must disclose opposing experts pursuant to FRCP 26(a)(2) is extended to **January 18, 2014;**

3. The time in which the parties must disclose rebuttal experts pursuant to FRCP 26(a)(2) is extended to **February 2, 2014**;

4. The date on which expert discovery closes is extended to **February 17, 2014**;

5. The date by which all objections to expert testimony must be filed is extended to **March 3, 2014**;

6. [Optional] The Trial Date in this matter has been moved to **April l7, 2014**; and

7. All other deadlines and requirements in the Court's June 9, 2013, Scheduling Order shall remain applicable and in full force and effect.

Respectfully Submitted,

/s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN
State Bar No. 16049750

THE PITTMAN LAW FIRM, P.C.
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax
pittman@thepittmanlawfirm.com

/s/ Daryl K. Washington
DARYL K. WASHINGTON
State Bar No. 24013714

LAW OFFICES OF DARYL K. WASHINGTON P.C.
325 N. St. Paul St., Suite 1975
Dallas, Texas 75201
214-880-4883
dwashington@dwashlawfirm.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 8, 2013, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

        /s/ Aubrey "Nick" Pittman
    AUBREY "NICK" PITTMAN