**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **OLLIE GREENE, et al.,** § | |
|         **Plaintiffs,** § | |
| § | |
| v. § | **Civil Action No. 3:11-CV-207-N** |
| § | |
| **TOYOTA MOTOR CORPORATION, et al.,** § | |
|         **Defendants.** § | |

## ORDER

Pursuant to the order of reference dated November 7, 2013, before the Court is *Plaintiff's Expedited Motion to Amend Scheduling Order to Extend Deadline for Designation and Discovery of Experts*, filed November 5, 2013 (doc. 231). After consideration of the relevant filings, evidence, and applicable law, the motion is **GRANTED in part**.

On June 19, 2013, the Court entered a second amended scheduling order that set a trial date of March 10, 2014. (*See* doc. 161.) The order provided that the party with the burden of proof must disclose its experts 150 days before trial (October 11, 2013), the opposing party must disclose its experts 120 days before trial (November 10, 2013), and the parties must disclose rebuttal experts or supplemental rebuttal opinions 105 days (November 25, 2013) before trial. *Id.* It also provided a deadline of 90 days before trial (December 10, 2013) for discovery and objections to experts. *Id.* On October 3, 2013, the plaintiffs filed their opposed emergency motion to continue the expert deadlines. (*See* doc. 212.) The motion was granted in part on October 10, 2013, and these deadlines were extended by 30 days. (*See* doc. 219.) On November 5, 2013, the plaintiffs filed another emergency motion to continue the expert deadlines. (*See* doc. 231.)

Plaintiffs' request for an extension is largely premised on a need for their experts to review discovery that they expect to obtain as a result of rulings on two discovery motions on October 31, 2013. *Id.* at 3-4. The discovery motions were mostly denied, however. (*See* docs. 228, 229.) The

majority of the portions of the motions that were granted were granted only to the extent that responsive information or documents within the scope of discovery set forth in the July 18, 2013 order had not yet been produced.  *See id.*  Any such responsive information or documents must be produced by November 14, 2013.  *Id.*  The defendants represented at the hearings concerning the motions that they have already produced all responsive information or documents within the scope of discovery set forth in the July 18, 2013 order.  Any document production on November 14, 2013, is therefore not expected to be substantial.

The plaintiffs also contend, without further explanation, that their experts will have to perform additional work as a result of the discovery rulings.  (*See* doc. 231 at 1-2.)  They do not explain what work needs to be done, or why this work could not have been completed before the extended expert deadline.  The plaintiffs also seek an extension based on a need for their experts to review discovery responses that are due on November 10, 2013.  *Id.* at 7-8.

The first scheduling order in this case was issued on May 20, 2011.  (*See* doc. 18.)  The plaintiffs did not file their first emergency discovery motion until February 24, 2012.  (*See* doc. 64.)  Despite their claims that the defendants are solely responsible for any delay in the completion of discovery, both sides have had a part in the considerable discovery issues and any consequent delay in this case.  Nevertheless, the Court finds that a short extension is appropriate to allow the plaintiffs to review the discovery responses that are due on November 10 and 14.  Accordingly, the expert deadlines set forth in the October 10, 2013 order (doc. 219) are extended by 10 days.

**SO ORDERED** on this 8th day of November, 2013.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE