IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-207-N |
| | § | |
| TOYOTA MOTOR CORPORATION, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

# **ORDER**

This Order addresses Defendant Strick Trailers, LLC's ("Strick") motion for partial summary judgment [163]. Strick moved for summary judgment on July 30, 2013, and the Plaintiffs have not responded though their response was due on August 20, 2013. Where a nonmovant fails to respond to a motion for summary judgment, a district court may "accept as undisputed the movant's version of the facts and grant [the motion if] the movant has made a *prima facie* showing of entitlement to summary judgment." *Laufer Grp. Int'l, Ltd. v. RGL-Roam Enters.*, 2009 WL 995674, at *4 (S.D. Tex 2009) (citing *John v. State of Louisiana (Board of Trustees for the State Colleges and Universities)*, 757 F.2d 698, 708 (5th Cir. 1985); *Eversly v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)).

Here, Strick argues that there is no evidence showing that the Plaintiffs or decedents relied on any misrepresentations made by Strick, an essential element of a negligent misrepresentation claim. *See American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 436 (Tex. 1997). The Plaintiffs have failed to show that they or the decedents did rely on Strick's

misrepresentations. Accordingly, the Court grants partial summary judgment with respect to the Plaintiffs' negligent misrepresentation claims against Strick.

Signed November 25, 2013.

_____
David C. Godbey
United States District Judge