IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **OLLIE GREENE,** *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | |
| **TOYOTA MOTOR CORPORATION, et al.,** | § | **CAUSE NUMBER: 3:11-cv-0207-N** |
| | § | |
| **Defendants.** | § | |
| | § | |

**THE TOYOTA DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO
MAGISTRATE JUDGE IRMA C. RAMIREZ'S OCTOBER 31, 2013 ORDER**

TO THE HONORABLE COURT:

Defendants Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Engineering & Manufacturing North America, Inc. (collectively "the Toyota Defendants") provide the following Response to Plaintiffs' Objections to Magistrate Judge Irma C. Ramirez's October 31, 2013 Orders on Plaintiffs' Motions to Compel:

### I.    SUMMARY OF THE ARGUMENT

Plaintiffs' Objections to Magistrate Ramirez's October 31, 2013 Order ("Objection") should be overruled because Magistrate Ramirez's October 31, 2013 Order ("Order") is neither "clearly erroneous" nor "contrary to law."

Prior to issuing the Order, Magistrate Ramirez carefully reviewed voluminous joint submissions by the parties to the dispute, the discovery requests and responses at issue, and prior Court orders regarding discovery in this case. She also heard extensive argument from all counsel on multiple occasions. After considering all of this information, Magistrate Ramirez issued an Order that is consistent with Judge Godbey's July 18, 2012 Order and Fifth Circuit case law. Therefore, Plaintiffs' Objection should be denied in its entirety.

Magistrate Ramirez exercised appropriate legal discretion in issuing her Order, and tailored the Order to be consistent with this Court's July 18, 2012 Order. Nevertheless, Plaintiffs mischaracterize both Orders, and the proceedings before Magistrate Ramirez. Further, the greater portion of Plaintiffs' Objection contains nothing more than the same arguments that have already been presented to the Court numerous times. Where Plaintiffs have repeated the same arguments from their motion to compel, the Toyota Defendants will not respond to Plaintiffs' arguments from that briefing again, because those arguments have already been addressed in the Parties' Joint Submission (Doc. No. 201), and during oral argument before Magistrate Ramirez. To address all of Plaintiffs' previous arguments again, would require a brief far in excess of the allowed length, and it would only distract the Court from the one real issue before it now.[1] That issue is simply whether Magistrate Ramirez's Order is "clearly erroneous" or "contrary to law."

##     II.    STANDARD OF REVIEW

1. **The Magistrate has broad discretion, and her rulings are to be reviewed under an abuse-of-discretion standard. A magistrate's legal determinations should be reviewed only to determine if they are contrary to law, while her findings of fact are to be reviewed under a clearly erroneous standard.**

A party seeking to overturn a magistrate judge's order disposing of a discovery matter carries a significant burden. *Hamilton v. First Am. Title Ins. Co.*, 2010 WL 791421, at *4 (N.D. Tex. Mar. 8, 2010); *Seiferth v. Helicopteros Atuneros*, 2008 WL 5234416, at *2 (N.D. Miss. Dec. 12, 2008) (acknowledging "the great deference afforded to the decision of the magistrate in a discovery matter"); *see also Winfun v. Daimler Chrysler Corp.*, 255 Fed. Appx. 772, 773 (5th Cir. 2007) (per curiam) (discovery rulings will only be reserved in "unusual" and "exceptional" circumstances); *Biasco v. United States Environmental Protection Agency*, 2001 WL 1172205, at *1 (N.D. Tex. Sept. 27, 2001) (characterizing the standard of review under Rule 72(a) as "extremely deferential").

When considering the magistrate judge's factual findings, the district court applies a clearly erroneous standard. FRCP 72(a); *Ortoflex, Inc. v. ThermoTek, Inc.*, 2013 WL 3095106, at *2 (N.D. Tex.

---

[1] Notably, Plaintiffs' Objection far exceeds the allowed 25 page limit established by the local rules. L.R. 7.2, 72.1.

June 20, 2013). "The district judge may not disturb a factual finding of the magistrate unless . . . the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994)). If the magistrate judge's account of the evidence is reasonable in light of the record when reviewed in its entirety, a district judge may not reverse it. *Id.*

The district court reviews the magistrate judge's legal conclusions *de novo*. *Smith*, 154 F.R.D. at 665; *Hamilton*, 2010 WL 791421, at *3. To establish that a magistrate's ruling is contrary to law, the objecting party must demonstrate that the magistrate erred in some respect in her legal conclusions. *Smith*, 154 F.R.D. at 665; *Bancroft Life & Cas. ICC, Ltd. v. FFD Res. II, LLC*, 884 F. Supp. 2d 535, 538 (S.D. Tex. 2012); *Benton v. U.S. E.P.A.*, 2012 WL 1037454, at *1 (N.D. Tex. Mar. 28, 2012).

The "numerous instances in which magistrate judges exercise discretion in resolving nondispositive matters" are reviewed under an abuse-of-discretion standard. *Hamilton*, 2010 WL 791421, at *3. When properly applying the law to findings of fact that are not clearly erroneous, the magistrate judge holds a "vast area of choice" in which her decisions are discretionary. *Id.*

### III.  ARGUMENT

**1. Plaintiffs' general objections mischaracterize the October 31, 2013 Order. The Order is consistent with Judge Godbey's July 18, 2012 Order, and, therefore, Plaintiffs' general objections should be overruled.**

In their Objection, Plaintiffs have made both general objections and specific objections to the Order. In their general objections, Plaintiffs mischaracterize Magistrate Ramirez's Order by claiming that the Order is "premised on the understanding that the July 18, 2012, Order… established an absolute outer limit on the range of discovery." Doc. No. 240 at 1. To the contrary, Magistrate Ramirez stated that the July 18, 2012 Order did not provide the absolute limit of discovery, but instead provided guidance for the appropriate scope of discovery regarding certain matters.[2] Regarding CAD and FEM information that has been the focal point of these discovery disputes, Magistrate Ramirez found that the July 18, 2012 Order was "instructive." Exhibit A at 22.

---

[2] *See* October 31, 2013 Hearing Transcript, at 46, attached herein as Exhibit A.

Magistrate Ramirez's Order was not based on a cursory review of the facts and discovery in this case. Rather, before issuing the Order, Magistrate Ramirez considered lengthy submissions and held multiple hearings so that she could methodically analyze each of Plaintiffs' contentions as stated in Plaintiffs' Third Motion to Compel against the Toyota Defendants. Magistrate Ramirez analyzed an 82-page joint submission with a 650-page appendix, which she noted were the longest briefings she had ever considered in any case. Exhibit A at 4. Magistrate Ramirez also heard hours of oral argument on both October 4, 2013 and October 31, 2013 prior to issuing her Order.

In denying Plaintiffs' motion to overrule all of the Toyota Defendants objections that were based on the July 18, 2012 Order, Magistrate Ramirez stated, "I have looked at each request – category by category at the requests, and I have found that it applies in some and not in all… It was intended to provide guidance, and I think we have to look at that for guidance." Exhibit A at 59-60.

In addition to mischaracterizing the Magistrate's Order, Plaintiffs also mischaracterize the Toyota Defendants' position, inaccurately asserting that "Defendants argued that the Court's July 18, 2012, Order set an absolute limit on the items that were discoverable." Doc. No. 240 at 4. The Toyota Defendants have consistently argued that the July 18, 2012 Order provided guidance, not an absolute outer limit, as to the scope of discovery. *See, e.g.* Doc. No. 201 at 4. Therefore, the Toyota Defendants' argument is consistent with Magistrate Ramirez's Order, which is consistent with Judge Godbey's July 18, 2012 Order. Because Magistrate Ramirez's October 31, 2013 Order is well reasoned, and based upon both law and fact, it is neither clearly erroneous nor contrary to law. Therefore, Plaintiffs' general objections to the Order should be overruled.

2. **Plaintiffs' specific objections fail to demonstrate that the October 31, 2013 Order was clearly erroneous or contrary to law, and, therefore Plaintiffs' specific objections should be overruled.**

    A. **The October 31, 2013 Order holding that the July 18, 2012 Order set the permissible scope of discovery regarding CAD and FEM in this case, is consistent with law and it is not erroneous. Plaintiffs' demand that the scope of CAD and FEM discovery should be broadened was properly denied.**

Plaintiffs argue through a tortured interpretation of the Court's July 18, 2012 Order, that they are entitled to discovery of CAD and FEM unrelated to the claims in this case. However, Magistrate Ramirez correctly concluded that the July 18, 2012 Order did limit CAD and FEM discovery as the Toyota Defendants had argued, stating that "I've looked at Judge Godbey's order. I don't think he intended to say structural integrity means everything, because he would have said everything instead of carving out these specific things." Exhibit A at 66. Magistrate Ramirez went on to say, "…if he meant to say the whole thing, structural integrity is the whole thing, he would have said the whole thing. But he looked at specific systems. So I can't find that he intended to just back door everything into structural integrity." *Id.* at 29. In reaching this conclusion Magistrate Ramirez "did not abuse her discretion," "act contrary to law," or "make a ruling that is clearly erroneous."

Plaintiffs' request for CAD and FEM unrelated to the components of the 4Runner that are at issue in this case, was properly denied. Plaintiffs have provided no evidence to demonstrate any need for expanding the scope of CAD and FEM to include the entire vehicle, and they have not shown how any such information is reasonably calculated to lead to the discovery of admissible evidence. Instead, Plaintiffs merely provide bare assertions by counsel that such information is necessary. Magistrate Ramirez noted the lack of evidence supporting Plaintiffs requests when she noted: "I'm trying to give you something, but it's going to be limited to what was in Judge Godbey's order, because I don't have anything here for me to go beyond that." Exhibit A at 55. Because Magistrate Ramirez's ruling on this issue is consistent with the Court's July 18, 2012 Order and is not contrary to law, the Magistrate's rulings regarding the scope of CAD and FEM discovery should be upheld.

### B. Magistrate Ramirez acted consistent with the law by not ordering Toyota to produce documents outside its possession, custody, and control.

During the hearing before Magistrate Ramirez, and again in their Objection, Plaintiffs have asserted that Hino Motors, Ltd. ("Hino") is controlled by Toyota. Doc. No. 240 at 9. The evidence, however, is to the contrary. Plaintiffs represented to the Court that Toyota "owns the majority share in Hino." TMC never represented through its affidavit that it did not have an ownership interest in Hino.

TMC simply said that TMC and Hino were separate entities and that TMC did not control Hino. Therefore, Magistrate Ramirez responded, "I have looked at the affidavit. There's nothing about ownership of Hino. You've made some **allegations**. The only **evidence** is the affidavit of [Fukumoto] who says it's separate." Exhibit A at 78 (emphasis added). Because there was a lack of evidence that TMC "controlled" Hino, Magistrate Ramirez reached the reasonable conclusion that Plaintiffs' motion must be denied as to documents that "may" be in the possession of Hino.

Plaintiffs cite to a document (the "FEM Document") that was produced by Toyota Motor Corporation ("TMC") on October 24, 2012, for the false proposition that the Toyota Defendants continue to withhold relevant FEM.[3] This FEM Document is a report that was prepared by Toyota Technical Development Corporation ("TTDC"), a separate legal entity. *See* Declaration of Ichiro Fukumoto, ¶ 6, attached herein as Exhibit B. During early developmental phases of the 2010 U.S. bound 4Runner, TMC outsourced to TTDC the responsibility to perform limited FEM analysis. *Id.* After completing its analysis, TTDC submitted the FEM Document to TMC. *Id.* This is the FEM document that TMC duly located in its possession and produced in this case. However, TMC did not locate any other relevant FEM materials required to be produced by the Court's July 18, 2012 or October 31, 2013 Orders. Therefore, Plaintiffs argument based on this document that the Toyota Defendants continue to withhold relevant CAD or FEM is without merit.

Plaintiffs also state, without any factual basis, that "Toyota may have simply given the FEM and CAD information to Hino Motors to prevent having to disclose such models." Doc. No. 240 at 9. These unsubstantiated allegations are also without merit. The Toyota Defendants have not "deposited" any CAD or FEM materials with Hino or TTDC, that were previously within the Toyota Defendants' possession, simply to avoid disclosure of such information in this case. *See* Exhibit B, at ¶ 7. Any allegation to the contrary is unfounded.

Magistrate Ramirez's holding is consistent with the controlling case law. A party's obligation to produce documents extends only to those documents within its possession, custody or control. Fed. R.

---

[3] The document cited by Plaintiffs is bates numbered 754689-754697.

Civ. P. 34(a). This does not include documents to which a party has mere access. *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 821 (5th Cir. 2004). Magistrate Ramirez followed Fifth Circuit precedent when she held that Plaintiffs did not provide evidence that the Toyota Defendants controlled Hino, and, therefore, there was no basis to order the Toyota Defendants to inquire from Hino whether particular documents are in Hino's possession. Exhibit A at 77. Magistrate Ramirez Order is not contrary to law, and should be upheld.

> **C. Plaintiffs' request that the Toyota Defendants be ordered to produce alternative design information is without merit because the Toyota Defendants were previously ordered to provide relevant alternative design information for specific components, and the Toyota Defendants have already responded appropriately.**

The July 18, 2012 Order required the Toyota Defendants to provide information relating to alternative designs that the Toyota Defendants "actually considered" during the design and development of the components and systems of the 4Runner at issue in this case. The Toyota Defendants subsequently provided appropriate supplemental responses, as ordered. *See* TMC's Response to Plaintiffs' Letter Requests for Production, attached herein as Exhibit C.

Nevertheless, Plaintiffs' Objection now argues that the July 18, 2012 Order should have required the Toyota Defendants to produce any alternative designs they had "knowledge" of during the design of the 4Runner, not just those that were "actually considered." Plaintiffs' "new" requests in this regard, seek design information about other Toyota vehicles that are not even similar to the subject 4Runner. Despite the clarity of the Court's July 18, 2012 Order, Plaintiffs object that Magistrate Ramirez's Order regarding the alternative design issue improperly interpreted the July 18, 2012 Court Order as an absolute limit on discovery. Doc. No. 240 at 22-23. However, as discussed in Section (III)(1) above, Magistrate Ramirez properly regarded the July 18, 2012 Order as "guidance" for the permissible scope of discovery, not as an "absolute limit." Consistent with that "guidance," Magistrate Ramirez asked the Toyota Defendants to confirm that they had produced to Plaintiffs any information they had relating to alternative designs that were "actually considered" for the components of the 2003-2009 and 2010- 2012 U.S. bound 4Runner

that were discussed in the July 18, 2012 Order. This ruling by the Magistrate was neither contrary to law nor clearly erroneous, and should, therefore, be upheld.

### D. **Plaintiffs' Objection regarding Bates numbering is moot because the Toyota Defendants have already provided amended responses that identify responsive documents by Bates Number.**

Plaintiffs further object to the Order on the basis that interrogatories were answered with non-specific references to a multiple documents. Doc. No. 240 at 25. In response, Magistrate Ramirez ordered the Toyota Defendants to identify the responsive documents referenced in their interrogatory responses by Bates number, and the Toyota Defendants have already done that through amended responses. *See* Exhibit A at 21; TMC's Amended Responses to Plaintiff Marilyn Hardeman's Interrogatories; TMC's Amended Responses to Plaintiffs' Second Requests for Documents, and TMC's Third Supplemental Response to Plaintiffs' Second Requests for Production. Plaintiffs have already received the relief they now request; therefore, their Objection regarding Bates numbering is moot.

### E. **Magistrate Ramirez appropriately exercised her discretion when she ordered that Toyota should respond to certain advertising related discovery, and the scope of that Order should not be expanded further.**

Although the Toyota Defendants maintain that advertising information is not relevant to this case because reliance on advertising has not been demonstrated, Magistrate Ramirez ordered that Plaintiffs may discover certain advertising information concerning the 4Runner and certain advertising information relating to the "Toyota brand." In doing so, she rejected the Toyota Defendants' argument that Plaintiffs must establish specific reliance on advertising before the Toyota Defendants should be required to produce any advertisements for the 4Runner. Nevertheless, Plaintiffs now object that the Order should have required the Toyota Defendants to produce additional advertising materials beyond what the Magistrate ordered, including advertising about other vehicles that could not possibly lead to the discovery of admissible evidence in this case.

To support their assertion, Plaintiffs rely only upon a case from Washington State with an uncontroversial holding that representations about the characteristics of a vehicle are relevant. *Baxter v. Ford Motor Co.*, 168 Wash. 456, 12. P.2d 409, 412 (1932) (holding that "representations by the

manufacturer that the windshield of the car which appellant bought contained Triplex nonshatterable glass which would not fly or shatter" were relevant). However, Plaintiffs have presented no law, from Texas or elsewhere, holding that advertisements specific to vehicles other than the subject vehicle are discoverable. In fact, the *Baxter* case supports the Toyota Defendants' argument that discovery should be limited to representations relating to the vehicle at issue in this case. Magistrate Ramirez, nevertheless, ordered a somewhat broader scope of discovery than *Baxter* that included certain additional advertisements concerning the "Toyota brand." Doc. No. 229 ¶ 9. Therefore, Magistrate Ramirez's Order granted Plaintiffs some relief that exceeded the scope recommended by the *Baxter* court. Plaintiffs have no reason to complain because the Order was neither clearly erroneous nor contrary to law.

## IV.   CONCLUSION

Plaintiffs have not met the significant burden that must be met to overturn a magistrate's rulings, and the Court should, therefore, overrule Plaintiffs' Objection in its entirety. Magistrate Ramirez's Order is consistent with Texas and Federal law, and was made within the range of her discretion. Magistrate Ramirez's factual determinations were also within her discretion and not clearly erroneous. Plaintiffs have cited no legal authority demonstrating that Magistrate Ramirez abused her discretion in issuing her October 31, 2013 Order. Therefore, the Court should overrule Plaintiffs' Objection in its entirety and the existing order should stand.

Respectfully submitted,

*/s/ David P. Stone*
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 N. Harwood Street, Suite 1700
Dallas, Texas  75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR DEFENDANTS TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., AND TOYOTA MOTOR SALES, U.S.A., INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 2nd day of December, 2013.

*/s/ David P. Stone*