IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the Surviving Parent of WYNDELL GREENE, SR., et al., | § § § § | CASE NO.: 3:11-CV-00207-N |
| Plaintiffs, | § § | |
| vs. | § § | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION et al., | § § § § | |
| Defendants. | § | |

**DEFENDANT VOLVO GROUP NORTH AMERICA, LLC'S
BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON
PLAINTIFFS' "MISREPRESENTATION" CLAIM**

Respectfully submitted,

HOWRY BREEN & HERMAN, LLP

*/s/ Randy Howry*

_____
Randy Howry
State Bar No. 10121690
rhowry@howrybreen.com
Pat Fitzgerald
State Bar No. 24036566
pfitzgerald@howrybreen.com
1900 Pearl Street
Austin, Texas 78705-5408
(512) 474-7300
(512) 474-8557 FAX

**ATTORNEYS FOR DEFENDANT VGNA**

1

# TABLE OF CONTENTS

I. PLAINTIFFS' "MISREPRESENTATION" CLAIM AGAINST VGNA

II. ARGUMENT AND AUTHORITIES

    A. There is no evidence that VGNA made any representations at all to Plaintiffs' decedents, nor any evidence to support several other essential elements of the Plaintiffs' claims.

III. CONCLUSION AND PRAYER

# TABLE OF AUTHORITIES

**State Cases**

*American Tobacco Co. v. Grinnell*, 951 S.W.2d 420 (Tex. 1997)

*Johnson v. Baylor Univ.*, 183 S.W.3d 296 (Tex.App.–Waco 2006, pet. denied).

*McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787 (Tex. 1999)

*Victoria Nat'l Bank*, 605 S.W.2d 701, 705 (Tex.Civ.App.—Corpus Christi 1980, no writ)

## I. Plaintiffs' "Misrepresentation" Allegations Against VGNA

Plaintiffs' Second Amended Complaint [Doc. # 113], filed on July 23, 2012, is their live complaint. In this complaint, they describe the crash underlying their claims in this lawsuit as follows:

### A. NATURE AND PURPOSE OF THE ACTION

1. On or about May 28, 2010, Wyndell Greene, Sr. ("Wyndell Sr."), LaKeysha Greene ("LaKeysha"), Wyndell Greene, II ("Wyndell II") and Wesleigh Greene ("Wesleigh") ("Wyndell Sr.", "LaKeysha," "Wyndell II," and "Wesleigh" are collectively referred herein as the "Greene Family") were riding in their Toyota 4Runner (the "Toyota 4Runner") when they were struck from the rear by a Volvo Tractor (the "Volvo Tractor") that, upon information and belief, was manufactured by Volvo Trucks North America. The collision came without warning and caused the Greene Family's Toyota 4Runner to collide with a Toyota Corolla and a trailer (the "Strick Trailer"), owned by Dolphin Line, that was being towed by a Tractor (the "Fayard Tractor") owned by John Fayard Moving & Warehouse, LLC. The Toyota 4Runner burst rapidly into uncontrollable flames.

[Doc # 113 at 2] The Plaintiffs are asserting strict product liability claims against VGNA; those claims are not the subject of this particular motion for partial summary judgment. Instead, this motion for partial summary judgment addresses a purported cause of action of "misrepresentation" asserted by Plaintiffs against VGNA in ¶¶61-64 of their Second Amended Complaint:

### K. COUNT SEVEN: MISPRESENTATION – VOLVO DEFENDANTS

61. Plaintiffs reallege and incorporate by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated here in their entirety.

62. In various commercials, internet postings, periodicals, press releases, etc., the Volvo Defendants have represented that the safety of their customers is paramount. These representations were intended to, and did, cause consumers to rely on Volvo's statement and purchase Volvo vehicles, as well as cause other consumers to drive on the highways alongside Volvo vehicles without hesitation.

63. However, as discussed above, Volvo made misrepresentations of the quality, reliability and safety of its vehicles, including the Volvo Tractor, all to the detriment of the Greene Family and Plaintiffs.

64. As a proximate result of the Volvo Defendants' misrepresentations, which ultimately caused the untimely death of members of the Greene Family, Plaintiffs are entitled to recover, in excess of the minimum jurisdictional limits of this Court.

[Doc # 131 at 16]

## II. ARGUMENT AND AUTHORITIES

**A.   There is no evidence that VGNA made any representations at all to Plaintiffs' decedents, nor any evidence to support several other essential elements of the Plaintiffs' claims.**

The elements of a negligent misrepresentation claim are: *(1)* the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; *(2)* the defendant supplies false information for the guidance of others in their business; *(3)* the defendant did not exercise reasonable care or competence in obtaining or communicating the information; *(4)* the plaintiffs justifiably relied on the information; and *(5)* the plaintiff suffers pecuniary loss by justifiably relying on the representation. *McCamish, Martin, Brown &*

*Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 791 (Tex. 1999); *Johnson v. Baylor Univ.*, 183 S.W.3d 296, 302 (Tex.App.–Waco 2006, pet. denied). Plaintiffs' "misrepresentation"[1] claim fails for five separate and distinct reasons because they have no evidence to support several essential elements of their claim.

The flaws in the Plaintiffs' "misrepresentation" theory start with the fact that, after several years of litigation and shortly before trial, the Plaintiffs cannot point to a single alleged representation – much less *mis*representation – made by VGNA to Plaintiffs' decedents. Indeed, none of the plaintiffs could identify any such representations in their depositions, nor could they in their written discovery responses (nor, for that matter, in their complaint). *See* O. GREENE DEPO TR., Exh. A, at 41 (plaintiff and mother of decedent testifying that she has no knowledge of any statements allegedly made by VGNA to her daughter or son-in-law regarding the safety of Volvo trucks); W. GREENE DEPO TR., Exh. B, at 53-54 (plaintiff, brother and executor of Wyndell Greene estate testifying that he has no knowledge of any representations made by VGNA to his brother or sister-in-law regarding the safety of Volvo trucks); M BURDETTE-HARDEMAN DEPO TR., Exh. C, at 64-65 (plaintiff and mother of decedent testifying that she is unaware of any representations made by VGNA to her daughter or son-in-law regarding the safety of Volvo trucks); *see also* Plaintiffs' Objections and Responses to VGNA's Interrogatory Nos. 7 & 8, Exhs. D, E & F hereto; *see also* J. CARLSON DECL., Exh. G, at 2.

Second, the Plaintiffs' "misrepresentation" theory is also fundamentally flawed because there is no possible business or commercial transaction or course of dealing between VGNA (a manufacturer of Class 8 over-the-road Volvo tractors) and Plaintiffs' family (who owned a Toyota SUV – not a Volvo tractor – and indisputably were not involved in the trucking industry)

---

[1] VGNA notes parenthetically that there is no recognized cause of action for "misrepresentation" in Texas.

that could serve as a basis for a viable negligent misrepresentation claim between these Plaintiffs or their Decedents on the one hand and VGNA on the other.

Third, there is also no evidence of a causal connection between any of Plaintiffs' or their Decedents' injuries and some representation attributable to VGNA, as Texas law requires. *See American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 442 (Tex. 1997); *Mumphord v. First Victoria Nat'l Bank*, 605 S.W.2d 701, 705 (Tex.Civ.App.—Corpus Christi 1980, no writ).

Fourth, there is no evidence that VGNA did not exercise reasonable care or competence in communicating any (unspecified) information to Plaintiffs' decedents.

Finally, there is no evidence that Plaintiffs' decedents justifiably relied on any never-specified alleged misrepresentation by VGNA. *See Grinnell*, 951 S.W.2d at 436-37.

### III. CONCLUSION AND PRAYER

For the foregoing reasons, partial summary judgment should be granted in favor of VGNA and against the Plaintiffs on the "misrepresentation" claim they have asserted against VGNA in this case (identified as "Count Seven" in their Second Amended Complaint). VGNA prays for any and all other relief that it is entitled to.

Respectfully submitted,

HOWRY BREEN & HERMAN, LLP

*/s/ Randy Howry*

Randy Howry
State Bar No. 10121690
rhowry@howrybreen.com
Pat Fitzgerald
State Bar No. 24036566
pfitzgerald@howrybreen.com
1900 Pearl Street
Austin, Texas 78705-5408
(512) 474-7300
(512) 474-8557 FAX

**ATTORNEYS FOR DEFENDANT VOLVO GROUP NORTH AMERICA, LLC**

## CERTIFICATE OF SERVICE

I do hereby certify that on December 4, 2013, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure by electronic service through the court's ECF system in compliance with Federal Rules of Civil Procedure 5(b)(2)(E) and 5(b)(3).

*/s/ Randy Howry*

Randy Howry