IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **OLLIE GREENE**, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | |
| **TOYOTA MOTOR CORPORATION, et al.,** | § | CAUSE NUMBER: 3:11-cv-0207-N |
| | § | |
| **Defendants.** | § | |
| | § | |

**THE TOYOTA DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE IRMA C. RAMIREZ'S NOVEMBER 8, 2013 ORDER**

TO THE HONORABLE COURT:

Defendants Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Engineering & Manufacturing North America, Inc. (collectively "the Toyota Defendants") provide the following Response to Plaintiffs' Objections to Magistrate Judge Irma C. Ramirez's November 8, 2013 Order:

### I.   SUMMARY OF THE ARGUMENT

The only issue before the Court is whether Magistrate Ramirez's rulings in the November 8, 2013 Order regarding Plaintiffs' requested extension of expert deadlines for the fourth time are "clearly erroneous" or "contrary to law."

Rather than extend Plaintiffs' expert deadline by 37 days to December 19, 2013, as requested by Plaintiffs, Magistrate Ramirez granted Plaintiffs a 10-day extension, making their expert reports due on November 20, 2013. (Doc. No. 239). Plaintiffs now claim that Magistrate Ramirez committed reversible error by granting Plaintiffs a 10-day extension, rather than the 37-day extension that Plaintiffs requested. Plaintiffs cite three purported bases for their claim: 1) "[the Order] does not provide Plaintiffs' experts with sufficient time to obtain substitute information" for the FEM and CAD Plaintiffs had expected to receive; 2) "[the Order] does not provide Plaintiffs with sufficient time before expert reports are due to

obtain a ruling on Plaintiffs' Objections to the Magistrate Judge's October 31, 2013, rulings denying Plaintiffs' motions to compel production of Toyota's and VGNA's CAD, CAE, FE, and alternative designs;" and 3) the Order does not provide sufficient time for Plaintiffs' experts to review the Toyota Defendants' Court ordered supplementations that were due on November 14, 2013. (Doc. No. 242 at 2, 14).

However, as discussed in detail below, Plaintiffs' Objection should be overruled because 1) Plaintiffs' experts filed their reports by the deadline set by the 10-day extension granted in the Order, so no further extension is necessary and the issue of a further extension is moot; 2) Plaintiffs' argument that the Magistrate Ramirez should have provided more time for Plaintiffs to obtain a ruling on their Objection to the Magistrate Ramirez's October 31, 2013 Order is nonsensical, because Magistrate Ramirez issued the ruling on November 8, 2013, and Plaintiffs did not file their Objection until November 11 – three days after the Order was entered; 3) Plaintiffs did not need extra time to review CAD or FEM produced by the Toyota Defendants because the Toyota Defendants produced the CAD and FEM in their possession that was within the scope of discovery established by this Court's July 18, 2012 Order long before Plaintiffs' expert disclosures were due, and Plaintiffs' experts had plenty of time to review this information; and 4) the Toyota Defendants did not produce any "new" CAD or FEM pursuant to Magistrate Ramirez's October 31, 2013 Order.

The remainder of the arguments in Plaintiffs' Objection are essentially a rehash of irrelevant arguments that Plaintiffs have presented to this Court many times before, including most recently, through Plaintiffs' Objections to Magistrate Ramirez's October 31, 2013 Order. None of these other arguments actually relate to the substance of the November 8, 2013 Order that is the subject of the Objection (*see* Doc. No. 240); and to address all of them again, here, would require a brief far in excess of the allowed length that would only distract the Court from the one real issue: whether Magistrate Ramirez's November 8, 2013 Order granting a 10-day extension rather than a 37-day extension is "clearly erroneous" or "contrary to law." Therefore, the Toyota Defendants have refrained from beleaguering the

Court with defenses to Plaintiffs' irrelevant and extraneous arguments, all of which have been briefed, heard by the Court, and ruled on previously.[1]

For the following reasons, the Toyota Defendants request that the Court overrule Plaintiffs' Objection because the Order was neither clearly erroneous nor contrary to law, and was well within Magistrate Ramirez's broad discretion.

## II.     STANDARD OF REVIEW

1. **The Magistrate has broad discretion, and her rulings are to be reviewed under an abuse-of-discretion standard.  A magistrate's legal determinations should be reviewed only to determine if they are contrary to law, while her findings of fact are to be reviewed under a clearly erroneous standard.**

A party seeking to overturn a magistrate judge's order disposing of a discovery matter carries a significant burden. *Hamilton v. First Am. Title Ins. Co.*, 2010 WL 791421, at *4 (N.D. Tex. Mar. 8, 2010); *Seiferth v. Helicopteros Atuneros*, 2008 WL 5234416, at *2 (N.D. Miss. Dec. 12, 2008) (acknowledging "the great deference afforded to the decision of the magistrate in a discovery matter"); *see also Winfun v. Daimler Chrysler Corp.*, 255 Fed. Appx. 772, 773 (5th Cir. 2007) (per curiam) (discovery rulings will only be reserved in "unusual" and "exceptional" circumstances); *Biasco v. United States Environmental Protection Agency*, 2001 WL 1172205, at *1 (N.D. Tex. Sept. 27, 2001) (characterizing the standard of review under Rule 72(a) as "extremely deferential").

When considering the magistrate judge's factual findings, the district court applies a clearly erroneous standard. FRCP 72(a); *Ortoflex, Inc. v. ThermoTek, Inc.*, 2013 WL 3095106, at *2 (N.D. Tex. June 20, 2013).  "The district judge may not disturb a factual finding of the magistrate unless . . . the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994)).  If the magistrate judge's account of the

---

[1] Where Plaintiffs have repeated the same arguments from their Objections to Magistrate Ramirez's October 31, 2013 Order and previous motions to extend the deadlines in the scheduling order, the Toyota Defendants will not waste the Court's time by responding again, because those arguments have already been fully addressed in the Parties' Joint Submission (Doc. No. 201), during oral argument before Magistrate Ramirez, and in the parties briefing on Plaintiffs' Objections to Magistrate Ramirez's October 31, 2013 Order (Doc. No. 240), which is also currently pending before this Court.  The Toyota Defendants incorporate their responses to Plaintiffs' prior motions and Plaintiffs' Objections to Magistrate Ramirez's October 31, 2013 Orders as if fully stated here.

evidence is reasonable in light of the record when reviewed in its entirety, a district judge may not reverse it. *Id.*

The district court reviews the magistrate judge's legal conclusions *de novo*. *Smith*, 154 F.R.D. at 665; *Hamilton*, 2010 WL 791421, at *3. To establish that a magistrate's ruling is contrary to law, the objecting party must demonstrate that the magistrate erred in some respect in her legal conclusions. *Smith*, 154 F.R.D. at 665; *Bancroft Life & Cas. ICC, Ltd. v. FFD Res. II, LLC*, 884 F. Supp. 2d 535, 538 (S.D. Tex. 2012); *Benton v. U.S. E.P.A.*, 2012 WL 1037454, at *1 (N.D. Tex. Mar. 28, 2012).

The "numerous instances in which magistrate judges exercise discretion in resolving nondispositive matters" are reviewed under an abuse-of-discretion standard. *Hamilton*, 2010 WL 791421, at *3. When properly applying the law to findings of fact that are not clearly erroneous, the magistrate judge holds a "vast area of choice" in which her decisions are discretionary. *Id.*

### III.   ARGUMENT

1. **Magistrate Ramirez properly exercised her broad discretion in issuing the November 8, 2013 Order, and the Order is not clearly erroneous or contrary to law.**

    A. **Plaintiffs filed their expert reports by the extended deadline granted by the Order, thereby rendering their Objection moot. Extending the deadline further would therefore serve no purpose.**

Plaintiffs argue that Magistrate Ramirez committed reversible error by granting Plaintiffs a 10-day extension, rather than the 37-day extension for expert disclosures that Plaintiffs requested. However, the events that have occurred after Plaintiffs filed their Objection indicate that the additional 27-day extension that Plaintiffs requested was in fact unnecessary, and Plaintiffs' Objection is therefore moot.

Plaintiffs claim that it was reversible error for Magistrate Ramirez not to extend expert deadlines by an additional 27 days because Plaintiffs had been "eagerly awaiting" and "expected to receive" new FEM and CAD that were "absolutely necessary" and "required" for Plaintiffs' experts to prepare their reports. *See* Doc. No. 242 at 2 and 5; *see also* Doc. No. 238 at 2-3. However, Plaintiffs fail to advise the Court that the CAD and FEM they were "eagerly awaiting" fell outside the scope of CAD and FEM discovery established by this Court. Rather, after Magistrate Ramirez's October 31, 2013 Order affirmed

the scope of FEM and CAD discovery set by this Court's July 18, 2012 Order, and did not require the Toyota Defendants to produce any additional FEM or CAD beyond the scope set by that Order, Plaintiffs now claim that they need the additional time to perform "additional work" before they file their expert reports.  Doc. No. 231 at 2.

Nevertheless, despite Plaintiffs' disappointed "expectations," Plaintiffs filed their expert reports by the deadline established in the Order – the very deadline Plaintiffs now claim must be extended by an additional 27 days.  It is therefore unclear what benefit, if any, Plaintiffs would receive by a further extension.  In fact, in his expert report, Plaintiffs' expert, Mr. Friedman, only stated that additional CAD and FEM "would have been *helpful* in providing *additional* support for our opinions."  See Excerpt of Keith Friedman Expert Report, at 22, attached herein as Exhibit A (emphasis added).  He did not say any such information was "absolutely necessary" or "required" as Plaintiffs alleged in their Objection.  Indeed, without the "help" of any "additional support," Mr. Friedman has now offered various expert opinions regarding Plaintiffs' defect allegations relating to the subject 2010 4Runner.

Because Plaintiffs were able to timely file their expert reports with the CAD and FEM that they already have, Plaintiffs' request for additional time to file expert reports is moot.  Further, Plaintiffs' ability to file their expert reports without the additional 27-day extension they requested is proof that Magistrate Ramirez's Order was neither clearly erroneous nor contrary to law.

> **B.** **Plaintiffs do not need extra time to review CAD or FEM produced by the Toyota Defendants because the Toyota Defendants produced such information several months ago, and the Toyota Defendants did not produce any "new" CAD or FEM as a result of Magistrate Ramirez's October 31, 2013 Order.**

Plaintiffs argue that the Order should have provided additional time for Plaintiffs and their experts to review the CAD and FEM that Magistrate Ramirez's October 31, 2013 Order required the Toyota Defendants to produce.  (Doc. No. 242 at 13-14).  However, this argument is meritless, not only because the Toyota Defendants did not produce any "new" CAD or FEM as a result of Magistrate Ramirez's October 31, 2013 Order, but also because Plaintiffs have long known that no such new documents would be produced.

In her October 31, 2013 Order, Magistrate Ramirez only ordered the Toyota Defendants to produce any CAD or FEM in their possession that they had not already produced, but that fell within the scope of CAD and FEM discovery set by this Court's July 18, 2012 Order. *See* Doc. No. 239 at 2. In doing so, Magistrate Ramirez correctly anticipated that any supplemental document production by the Toyota Defendants pursuant to her October 31, 2013 Order was likely to be minimal, if at all, given the Toyota Defendants' representations that responsive information within the scope of FEM and CAD discovery established by this Court's July 18, 2012 Order had already been produced to Plaintiffs. *Id.* Indeed, the only documents produced to Plaintiffs as a result of the October 31, 2013 Order were a few advertisements, none of which bears any relationship to CAD or FEM. *See* Defendant TMS's First Supplemental Response to Plaintiffs' Second Request for Documents Pursuant to the Court's Order of October 31, 2013, attached herein as Exhibit B.

Although Magistrate Ramirez understood that the Toyota Defendants were unlikely to produce any additional CAD or FEM, Plaintiffs now claim that they believed there would be more documents produced and that they would need more time to review the "new" information the Toyota Defendants produced. (Doc. No. 242 at 14). Plaintiffs' claim, however, is disingenuous because the Toyota Defendants have maintained since January 2013 that they have produced all of the relevant CAD and FEM in their possession that is within the scope of FEM and CAD related discovery established by the Court's July 18, 2012 Order. *See* The Toyota Defendants' Response to Plaintiffs' Letter Requests, attached herein as Exhibit C. In addition, the Toyota Defendants have made clear that they are not withholding any such CAD or FEM applicable to the 2003-2009 and 2010-2012 U.S. bound Toyota 4Runner. *See* Declarations of Ichiro Fukumoto, attached herein as Exhibits D, E, and F.[2]

---

[2] Plaintiffs for the umpteenth time, accuse the Toyota Defendants of withholding additional CAD and FEM. Plaintiffs state, without any factual basis, that "the Court did not order that Toyota retrieve its FE from the entity, Hino Motors, where Toyota deposited the FEM, CAD, and CATIA (sic) for the 2010 4Runner." Doc. No. 242 at 6. However, the Toyota Defendants have stated that they did not "deposit" any CAD or FEM materials with Hino that were previously within the Toyota Defendants' possession, simply to avoid disclosure of such information in this case. *See* Exhibit F, at ¶ 7. Any allegation to the contrary is therefore, unfounded.

Moreover, Plaintiffs continue to argue that the Order was "clearly erroneous in not providing additional time for Plaintiffs' experts" to analyze the CAD and FEM Plaintiffs expected the Toyota Defendants to produce on November 14, 2013. However, Plaintiffs did not file their Objection to the Order until November 18, 2013, four days after the Toyota Defendants had served their Court ordered supplementations pursuant to the October 31, 2013 Order. Therefore, Plaintiffs already knew that the Toyota Defendants did not produce any additional CAD or FEM before they filed their Objection, but they still argue that it is "clearly erroneous" for Magistrate Ramirez to have provided so little time to review the "new production items."

Because the Toyota Defendants did not produce additional FEM or CAD to Plaintiffs as a result of the October 31, 2013 Order, Plaintiffs' experts were not burdened with additional FEM or CAD to review, and they certainly did not need an additional 27 days to conclude as much, before completing their expert reports. By extending the expert deadlines for a fourth time in this case, Magistrate Ramirez gave Plaintiffs more than enough time to review the minimal supplemental advertising documents produced by the Toyota Defendants on November 14, 2013, and not granting an additional 27-day extension was neither "clearly erroneous" nor "contrary to law."

## IV.     CONCLUSION

Plaintiffs have not met the significant burden required to overturn a magistrate's rulings. Magistrate Ramirez's Order is consistent with Texas and Federal law, and was made within the range of her discretion. Magistrate Ramirez's factual determinations were also within her discretion and not clearly erroneous. Plaintiffs have cited no legal authority demonstrating that Magistrate Ramirez abused her discretion in issuing her November 8, 2013 Order. Therefore, the Court should overrule Plaintiffs' Objection in its entirety, and the existing order should stand.

Respectfully submitted,

*/s/ David P. Stone*
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR DEFENDANTS
TOYOTA MOTOR CORPORATION,
TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA,
INC., AND TOYOTA MOTOR SALES,
U.S.A., INC.**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 9th day of December, 2013.

*/s/ David P. Stone*