IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **OLLIE GREENE**, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | |
| **TOYOTA MOTOR CORPORATION, et al.**, | § | CAUSE NUMBER: 3:11-cv-0207-N |
| | § | |
| Defendants. | § | |
| | § | |

**THE TOYOTA DEFENDANTS' BRIEF IN SUPPORT OF THEIR**
**MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE COURT:

Defendants Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Engineering & Manufacturing North America, Inc. (collectively "Toyota"), Defendants in the above-styled and numbered action, file this Brief in Support of its Motion for Summary Judgment, and for such would respectfully show the Court as follows:

**I.**
**SUMMARY**

Plaintiffs have asserted claims for strict liability, negligence, gross negligence, breach of warranty and misrepresentation against Toyota. A partial motion for summary judgment is already pending on Plaintiffs' misrepresentation and marketing defect claims. Plaintiffs cannot make a showing sufficient to establish essential elements of each of their other claims. Toyota therefore moves for summary judgment on all remaining claims, and is entitled to summary judgment on all claims.

**II.**
**FACTUAL BACKGROUND**

This case arises out of a multiple-vehicle accident that occurred at 6:25 p.m. on May 28, 2010 in Kaufman County, Texas. The multiple vehicle violent crash occurred on eastbound Interstate 20 near Terrell, Texas. At the time of the crash Wyndell Greene, Sr. was driving a

2010 U.S. bound Toyota 4Runner ("4Runner") with his wife Lakeysha Greene as front seat passenger and their children Wyndell Greene, II and Wesleigh Greene as rear seat passengers. Charles Derrick Moody failed to keep a proper lookout while operating a 2008 Volvo tractor truck pulling a loaded semi-trailer and rear-ended the subject 4Runner at high speed. Tragically, Lakeysha Greene, Wyndell Greene, II and Wesleigh Greene (collectively the "Greene Family") were killed at the scene by blunt force trauma and Wyndell Greene, Sr. died three months later.  Plaintiffs in this action are relatives of the deceased.

### III.
### SUMMARY JUDGMENT EVIDENCE

The following materials support the Toyota Defendant's Brief in Support of its Motion for Partial Summary Judgment:

Exhibit A:     Plaintiffs' Second Amended Complaint (Doc. No. 113)

### IV.
### ARGUMENT AND AUTHORITIES

A.   **Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  Federal Rule of Civil Procedure 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." C*elotex Corp. v. Cattret*, 477 U.S. 317, 322 (1986); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871 (1990).  The nonmoving party must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.  *Celotex*, 477 U.S. at 324.

When federal jurisdiction is based on diversity of citizenship, as in this case, a federal court applies the substantive law of the forum state in which it is sitting; therefore, Texas substantive law

applies to this action. *See, e.g.*, *Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008) (*citing Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)).

### B. An Adequate Time for Discovery has Passed.

An adequate time for discovery has passed. The accident in question occurred in May 2010. This case was initially filed in the United States Northern District of Texas, Dallas Division in February of 2011. The discovery deadline, although extended on multiple occasions, is currently set for December 10, 2013. Since filing their Original Complaint, Plaintiffs have had over two and a half years to conduct discovery, including written discovery, vehicle and scene inspections, and depositions of corporate witnesses. Plaintiffs' expert disclosure deadline was November 20, 2013. Clearly an adequate time for discovery has passed.

### C. Plaintiffs' Strict Liability Claims Should be Dismissed

#### 1. Plaintiffs' Manufacturing Defect Claims Should be Dismissed

To prevail on a manufacturing defect claim, a plaintiff must establish that the subject vehicle deviated, in terms of its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous. *See Hayles v. Gen. Motors Corp.*, 82 F. Supp. 2d 650, 655 (E.D. Tex. 1999); *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 434 (Tex. 1996). A plaintiff must prove the product was defective when it left the hands of the manufacturer and that the manufacturing defect was a producing cause of the plaintiff's injuries. *Ford Motor Co. v. Ledesma,* 242 S.W.3d 32, 41-42 (Tex. 2007). Producing cause must be (1) a substantial cause of the event in issue and (2) a but-for cause, namely one without which the event would not have occurred. *Id.* at 46. Plaintiffs cannot make a showing sufficient to establish that the 4Runner deviated from its specifications or planned output in any way. Plaintiffs cannot make a showing sufficient to establish that any alleged deviation rendered the 4Runner unreasonably dangerous. Plaintiffs cannot make a showing sufficient to establish that any alleged deviation was a producing cause of the event in issue. Toyota is therefore entitled to summary judgment on Plaintiffs' manufacturing defect claims.

### 2. Plaintiffs' Marketing Defect Claims Should be Dismissed

Toyota has a pending motion for summary judgment on Plaintiffs' marketing defect claims. For the reasons stated in the briefs related thereto, Toyota is entitled to summary judgment on Plaintiffs' marketing defect claims.

### 3. Plaintiffs' Design Defect Claims Should be Dismissed

Under Texas law, "[t]o recover for a products liability claim alleging a design defect, a plaintiff must prove that (1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery." *Goodner v. Hyundai Motor Co., Ltd.*, 650 F.3d 1034, 1040 (5th Cir. 2011) (alteration in original) (quoting *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009)) (internal quotation marks omitted); see also Tex. Civ. Prac. & Rem. Code § 82.005(a). Plaintiffs cannot make a showing sufficient to establish that the 4Runner was defectively designed so as to render it unreasonably dangerous. Plaintiffs cannot make a showing sufficient to establish that a safer alternative design existed. Plaintiffs cannot make a showing sufficient to establish that any purported design defect in the 4Runner caused injury for which the Plaintiffs seek recovery. Toyota is therefore entitled to summary judgment on Plaintiffs' design defect claims.

## D. Plaintiffs' Negligence and Gross Negligence Claims Should be Dismissed

### 1. Plaintiffs' Negligence Claims Should be Dismissed

Plaintiffs have alleged that their injuries and the death of the Greene Family were proximately caused by the negligence of the Toyota Defendants in improperly designing and manufacturing the 4Runner. As the Fifth Circuit has described:

> Although a negligence claim requires a different showing from a strict liability claim, a manufacturer logically cannot be held liable for failing to exercise ordinary care when producing a product that is not defective because: (1) if a product is not unreasonably dangerous because of the way it was manufactured, it was not negligent to manufacture it that way and (2) even if the manufacturer was somehow negligent in the design or production of the product, that negligence cannot have caused the plaintiff's injury because the negligence did not render the product "unreasonably dangerous."

*Garrett v. Hamilton Std. Controls, Inc.*, 850 F.2d 253, 357 (5th Cir. 1988) (internal references omitted). As stated above, Plaintiffs cannot make a sufficient showing that the 4Runner was unreasonably dangerous as designed and manufactured. Therefore, Plaintiffs cannot make a showing sufficient to support their negligence claims. Toyota is therefore entitled to summary judgment on Plaintiffs' negligence claims.

### 2. Plaintiffs' Gross Negligence and Exemplary Damage Claims Should be Dismissed

Exemplary damages are authorized under the Texas Civil Practice and Remedies Code when the claimant proves by clear and convincing evidence that the harm results from fraud, malice, or gross negligence. Tex. Civ. Prac. & Rem. Code § 41.003(a); *Dillard Department Stores v. Silva*, 148 S.W.3d 370, 372-73 (Tex. 2004). Plaintiffs allege gross negligence as the sole basis for their claim for exemplary damages. Despite the passage of an adequate time for discovery, Plaintiffs cannot make a sufficient showing of essential elements of gross negligence to present a genuine issue for trial, and summary judgment should be awarded on their exemplary damages claims.

Plaintiffs cannot make a showing sufficient to establish essential elements of their gross negligence claim. In order to constitute gross negligence, an act must, when viewed objectively from the standpoint of the actor at the time of its occurrence, involve an extreme degree of risk, considering the probability and magnitude of harm to others. Tex. Civ. Prac. & Rem. Code § 41.001(11); *Columbia Med. Ctr. Las Colinas v. Hogue*, 271 S.W.3d 238, 248 (Tex. 2012); *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998). "Extreme risk" is not "a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to Plaintiff." *Columbia Med.*, 271 S.W.3d at 248; *Mobil Oil*, 968 S.W.2d at 921. Despite a reasonable time for discovery, Plaintiffs cannot make a sufficient showing that the 4Runner posed such an extreme risk to present a genuine issue for trial. Gross negligence also requires that at the time of the occurrence, the defendant have actual subjective awareness of the risks involved, but nevertheless proceed with conscious indifference to the rights, safety, or welfare of others. Tex. Civ. Prac. & Rem. Code § 41.001(11); *Columbia Med.*, 271 S.W.3d at 248; *Mobil Oil*,

968 S.W.2d at 921. Plaintiffs cannot make a showing sufficient to establish that Toyota had any actual subjective awareness of the alleged extreme risks, but nevertheless proceeded with conscious indifference to them. As Plaintiffs have no evidence of either essential element of their gross negligence claims, summary judgment should be awarded on them. Furthermore, since Plaintiffs' gross negligence claim is the only claim supporting their request for exemplary damages, their request for exemplary damages should be summarily dismissed as well.

### E. Plaintiffs' Breach of Warranty Claims Should be Dismissed

#### 1. Plaintiffs' Breach of Express Warranty Claims Should be Dismissed

To recover for breach of an express warranty, Plaintiffs must prove that (1) Toyota made a representation to Plaintiffs regarding the quality or characteristics of the 4Runner, (2) the 4Runner did not conform to the representation, and (3) Plaintiffs suffered injury as a result. *See, e.g., Crosbyton Seed Co. v. Mechura Farms*, 875 S.W.2d 353, 361 (Tex. App.—Corpus Christi 1994, no writ). Plaintiffs cannot make a sufficient showing that Toyota made any specific representation to them regarding the quality or characteristics of the 4Runner. Likewise, Plaintiffs cannot make a sufficient showing that the 4Runner did not conform to the representation. Moreover, Plaintiffs cannot make a sufficient showing that they suffered any injury as a result of relying on any representation. Therefore Toyota is entitled to summary judgment on Plaintiffs claims for breach of express warranty.

#### 2. Plaintiffs' Breach of Implied Warranty Claims Should be Dismissed

To recover for breach of an implied warranty of merchantability, Plaintiffs must show (1) that a defect caused the vehicle to be unfit for its ordinary purpose; (2) that the alleged defect existed when the vehicle left the manufacturer's and the seller's possession; and (3) that the alleged defect proximately caused the injuries for which the plaintiff seeks damages. *See* Tex. Bus. & Comm. Code. § 2.314; *Everett v. TK—Taito, L.L.C.*, 178 S.W.3d 844, 853 (Tex. App. – Fort Worth 2005, no pet.). First, Plaintiffs cannot make a sufficient showing to establish that the 4Runner was unfit for its ordinary purpose. Second, Plaintiffs cannot make a showing sufficient to establish that any such defect existed when it left Toyota's possession. Third, Plaintiffs cannot make a showing sufficient to establish that the alleged

defect proximately caused their claimed injuries. Summary judgment should, therefore, be granted on all of Plaintiffs' breach of implied warranty claims.

### F. Plaintiffs' Misrepresentation Claims Should be Dismissed

Toyota has a pending motion for summary judgment on Plaintiffs' misrepresentation claims. For the reasons stated in the briefs related thereto, Toyota is entitled to summary judgment on Plaintiffs' misrepresentation claims.

## V.
## CONCLUSION

Summary Judgment should be granted on all of Plaintiffs' claims against Toyota. An adequate time for discovery has passed. As demonstrated in this brief and the other summary judgment briefing already on file with the Court, Plaintiffs cannot make sufficient showings of necessary elements of each of their claims against Toyota, for which they bear the burden of proof. As they cannot make a sufficient showing of essential elements of each of their claims after an adequate time for discovery, Toyota is entitled to final summary judgment on all claims.

Respectfully submitted,

*/s/ David P. Stone*
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR DEFENDANTS TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., AND TOYOTA MOTOR SALES, U.S.A., INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 10th day of December, 2013.

/s/ David P. Stone