IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **OLLIE GREENE,** *et al.*, | § § § | |
| **Plaintiffs,** | § | |
| v. | § § | |
| **TOYOTA MOTOR CORPORATION, et al.,** | § | **CAUSE NUMBER: 3:11-cv-0207-N** |
| **Defendants.** | § § § | |

**DEFENDANT TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA, INC.'S
BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE COURT:

COMES NOW Defendant Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA") in the above-styled and numbered action, files this Brief in Support of its Motion for Summary Judgment, and for such would respectfully show the Court as follows:

**I.
SUMMARY**

1. TEMA is entitled to summary judgment on all Plaintiffs' claims. Plaintiffs' Second Amended Complaint imprecisely states claims against the "Toyota Defendants," which includes Toyota Motor Corporation ("TMC"), Toyota Motor Sales U.S.A., Inc. ("TMS"), and TEMA. The Complaint includes claims based on strict liability, negligence, breach of express warranties, breach of implied warranties, and misrepresentation. These claims are based on Plaintiffs' allegation that the Toyota Defendants designed, manufactured, assembled, promoted, advertised, distributed, and sold the 2010 U.S. bound Toyota 4Runner ("subject 4Runner"). However, there is no evidence to support any claims against TEMA as TEMA did not participate

in any of those activities. Summary judgment is therefore proper on all of Plaintiffs' claims against TEMA.

## II.
## FACTUAL BACKGROUND

2. This case arises out of a multiple-vehicle accident that occurred at 6:25 p.m. on May 28, 2010 in Kaufman County, Texas. The multiple vehicle violent crash occurred on eastbound Interstate 20 near Terrell, Texas. At the time of the crash Wyndell Greene, Sr. was driving a 2010 U.S. bound Toyota 4Runner with his wife Lakeysha Greene as front seat passenger and their children Wyndell Greene, II and Wesleigh Greene as rear seat passengers. Charles Derrick Moody failed to keep a proper lookout while operating a 2008 Volvo tractor truck pulling a loaded semi-trailer and rear-ended the subject 4Runner at high speed. Tragically, Lakeysha Greene, Wyndell Greene, II and Wesleigh Greene were killed at the scene by blunt force trauma and Wyndell Greene, Sr. died three months later. Plaintiffs in this action are relatives of the deceased.

## III.
## SUMMARY JUDGMENT EVIDENCE

3. The following materials support TEMA's Brief in Support of its Motion for Partial Summary Judgment:

Exhibit A:   Plaintiffs' Second Amended Complaint

## IV.
## ARGUMENT AND AUTHORITIES

**A.   Summary Judgment Standard**

4. Under Federal Rule of Civil Procedure 56, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). Federal Rule of Civil Procedure 56

"mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." C*elotex Corp. v. Cattret*, 477 U.S. 317, 322 (1986); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871 (1990).  The nonmoving party must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.  *Celotex*, 477 U.S. at 324.  When federal jurisdiction is based on diversity of citizenship, as in this case, a federal court applies the substantive law of the forum state in which it is sitting; therefore, Texas substantive law applies to this action.  *See, e.g.*, *Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008) (*citing Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)).

**B.**     **An Adequate Time for Discovery has Passed.**

5.     An adequate time for discovery has passed.  The accident in question occurred in May 2010.  This case was initially filed in the United States Northern District of Texas, Dallas Division in February of 2011.  The discovery deadline, although extended on multiple occasions, is currently set for December 10, 2013.  Since filing their Original Complaint, Plaintiffs have had over two and a half years to conduct discovery, including written discovery, vehicle and scene inspections, and depositions of corporate witnesses.  Plaintiffs served their expert disclosures on November 20, 2013.  Clearly an adequate time for discovery has passed.

**C.**     **TEMA is Entitled to Summary Judgment on All Claims**

6.     TEMA is entitled to summary judgment on all of Plaintiffs' claims against it.  All of Plaintiffs' claims against TEMA are premised on TEMA's involvement in or responsibility for the design, manufacture, assembly, marketing, advertisement, distribution or sale of the subject 4Runner.  Plaintiffs' Second Amended Complaint, Doc. No. 113 ("Complaint"), ¶¶ 32-54.  There

is no evidence that TEMA in any way participated in the design, manufacture, assembly, marketing, advertisement, distribution, or sale of the subject 4Runner. Therefore Plaintiffs cannot establish the essential elements of any of their claims against TEMA, and summary judgment is appropriate.

7. Plaintiffs' claims against TEMA for strict-products liability, breach of express warranty, and breach of the implied warranty of merchantability should all be dismissed because TEMA did not sell the subject 4Runner. *See* Complaint, ¶ 3. Under Texas law, claims for strict-products liability, breach of express warranty, and breach of the implied warranty of merchantability all share the common element of requiring that Defendant sell the product or place it in the stream of commerce. *See New Tex. Auto Auction Servs. v. Gomez de Hernandez*, 249 S.W.3d 400, 403 (Tex. 2008) (finding that the first element for strict-products liability requires that Defendant place the product in the stream of commerce); *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 436 (Tex. 1997) (finding that Plaintiff must show that Defendant sold or leased the goods to prevail on a breach of express warranty claim); *Hyundai Motor Am., Inc. v. Rodriguez*, 995 S.W.2d 661, 667 (Tex. 1999) (finding that for a breach of implied warranty claim to survive, Defendant must sell or lease the goods to Plaintiff).

8. Similarly, to prove a breach of warranty claim, Plaintiffs must prove that TEMA sold or leased the subject 4Runner. *See* Complaint, ¶¶ 45-50; *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d at 436; *Hyundai Motor Am., Inc.*, 995 S.W.2d at 667-68. To establish a breach of express or implied warranty, Plaintiffs need to prove that Defendant sold the product or contracted to sell it. TEX. BUS. & COM. CODE §§ 2.103(4), 2.313, 2.314; *Indust-Ri-Chem Lab., Inc. v. Par-Pak Co., Inc.*, 602 S.W.2d 282, 287 (Tex. Civ. App. 1980); *Nobility Homes of Tex., Inc. v. Shivers*, 557 S.W.2d 77 (Tex. 1977). Here, there is no evidence TEMA did in any way

---

sell or market the subject 4Runner. Plaintiffs therefore cannot establish that TEMA is liable under any warranty theory. Plaintiffs cannot make a showing sufficient to establish TEMA sold or leased the subject 4Runner, so summary judgment is appropriate.

9.   Plaintiffs' negligence claims against TEMA also fail. The elements of a negligence cause of action require Plaintiffs to establish that: (1) Defendant owed a legal duty to Plaintiffs; (2) Defendant breached that duty; and (3) the breach proximately caused Plaintiffs' injury. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009); *Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex. 1998); *Doe v. Boys Club of Greater Dall., Inc.*, 907 S.W.2d 472, 477 (Tex. 1995).

10.   Here, Plaintiffs cannot establish that TEMA owed a legal duty to Plaintiffs, and therefore there is no evidence TEMA breached any alleged legal duty. Since there is no evidence TEMA participated in the design, manufacture or marketing of the subject 4Runner, Plaintiffs cannot make a showing sufficient to establish TEMA owed a legal duty, and summary judgment on their negligence claim is appropriate.

11.   Finally, TEMA is not liable to Plaintiffs for misrepresentation. Complaint, ¶¶ 51-54. Under Texas law, to prove that Defendant made a fraudulent misrepresentation, Plaintiff must prove that: (1) Defendant made a material misrepresentation; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011); *see also Robinson v. Preston Chrysler-Plymouth, Inc.*, 633 S.W.2d 500, 503 (Tex. 1982). In *Robinson*, a

car dealership placed an advertisement in a newspaper, stating that the dealership was selling brand new cars. *Robinson*, 633 S.W.2d at 503. Relying on the advertisement, Plaintiffs purchased a vehicle from the dealership, but after discovering that the vehicle had been previously leased to another party, they sued the dealership for misrepresentation. *Id.* The court held that the issue of whether the advertisement was a fraudulent misrepresentation should have been submitted to the jury. *Id.*

12. Unlike the car dealership in *Robinson*, there is no evidence TEMA made any representations to Plaintiffs. Moreover, as established in the Toyota Defendants Brief in Support of Their Motion for Partial Summary Judgment (Doc. No. 180), Plaintiffs did not rely on any representations in purchasing the subject 4Runner. Consequently, Plaintiffs cannot make a showing sufficient to establish an essential element of their misrepresentation claim, and summary judgment is appropriate.

## V.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Toyota Motor Engineering & Manufacturing North America, Inc. respectfully prays this Motion for Summary Judgment be set for oral hearing; that upon hearing, the Court grant the Motion for Summary Judgment in its entirety and render judgment that Plaintiffs take nothing against TEMA. TEMA further pleads for such other relief, both at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

*/s/ David P. Stone*
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com

**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR DEFENDANT TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 10th day of December, 2013.

*/s/ David P. Stone*