**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **OLLIE GREENE, Individually as the Surviving Parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE-HARDEMAN, Individually and as the Surviving Parent of LAKEYSHA GREENE D;** | § | |
| **Plaintiffs** | § | |
| v. | § | **CAUSE NUMBER: 3:11-cv-0207-N** |
| **TOYOTA MOTOR CORPORATION, TOYOTA MOTOR MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, LLC, VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC, STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC and DOLPHIN LINE, INC.** | § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § | |

**DEFENDANTS' BRIEF IN SUPPORT OF**
**MOTION TO DESIGNATE RESPONSIBLE THIRD PARTIES**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Defendants TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES, U.S.A., INC. (collectively referred to as "Toyota Defendants"), VOLVO GROUP NORTH AMERICA, LLC, f/k/a VOLVO TRUCKS NORTH AMERICA, STRICK TRAILERS,

LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC and DOLPHIN LINE, INC., Defendants in the above-referenced action, and files this Brief in Support of their Motion to Designate Charles Moody and Forest Products Transports, L.L.C. as Responsible Third Parties, to the extent that they are not considered settling parties by the Court, pursuant to the Texas Civil Practice & Remedies Code §33.004 in the above-styled matter, and would show this Court the following:

## BACKGROUND

1. This is a negligence case arising out of a motor vehicle accident occurring on, or about, May 28, 2010 (the "accident"). (Plaintiffs' Second Amended Complaint and Jury Demand ¶1, Document No. 113 on the Court's Docket ("Second Amended Complaint")). Plaintiffs allege that a Toyota 4Runner occupied by Wyndell Greene, Sr., LaKeysha Greene, Wyndell Greene, II and Wesleigh Greene (collectively referred to as the "Greenes") was struck from behind by a Volvo Tractor resulting in their deaths. (Second Amended Complaint ¶1&2).

2. At the time of the accident, the Volvo Tractor was owned by Forest Products Transports, L.L.C. and operated by its employee, Charles Moody. (Exhibit 1, p.10, l.9-11; l.16-18; l.23 – p.11, l.4; p.16, l.13-21). On June 1, 2010, Plaintiffs Wyndell Greene, Sr., and Marilyn Burdette Hardeman filed suit in the Northern District of Texas – Dallas Division against Charles Moody and Forest Products, L.L.C. (Plaintiffs' Original Complaint, Document No. 1 in 3:10-CV-01085-G before Judge A. Joe Fish). On June 1, 2011, this first lawsuit was dismissed with prejudice after the parties settled the suit. (Order, Document No. 37 in 3:10-CV-01085-G before Judge A. Joe Fish.

3. As a result of the accident, Charles Moody was charged with three counts of Criminal Negligent Homicide by the State of Texas. (Exhibit 1, p.23, l.8-15; and Exhibit 2). Charles

Moody pled guilty to the charges. (Exhibit 1, p. 27, l.1- p.28, l.1; p.28, l.4-16, .p.28, 1.19, p.28, l.25 – p.29, l.14, p.29, l.17-19; Exhibit 3; Exhibit 4; and Exhibit 5). By his plea, Charles Moody admitted that he was driving at too great of a speed for the traffic conditions, and failing to watch the road and traffic causing the accident and subsequent deaths of the Greenes. (Exhibit 2, Exhibit 3, Exhibit 4, and Exhibit 5).

## ARGUMENT AND AUTHORITIES

4. Texas' proportionate responsibility statute expressly allows defendants "to designate a responsible third party by filing a motion for leave to designate that person as a responsible third party." TEX. CIV. PRAC. & REM. CODE § 33.004(a). "Responsible Third Party" is defined by Texas statute as:

> "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission...by other conduct or activity that violates an applicable legal standard, or by any combination of these."

TEX. CIV. PRAC. & REM. CODE § 33.011(6).

5. Charles Moody ("Moody") is a responsible third party as that term is defined in TEX. CIV. PRAC. & REM. CODE §§ 33.004 and 33.011 because Moody, by his own negligent act(s) or omissions(s) and in violation of an applicable legal standard, proximately caused, or contributed to causing, the harm for which Plaintiffs seek the recovery of damages. Moody pled guilty to charges of Criminal Negligent Homicide and acknowledged that he was driving at too great of a speed for the traffic conditions and failing to watch the road and traffic causing the accident and subsequent deaths of the Greenes. (Exhibit 1, p.23, l.8-15; p. 27, l.1- p.28, l.1; p.28, l.4-16, .p.28, 1.19, p.28, l.25 – p.29, l.14, p.29, l.17-19; Exhibit 2, Exhibit 3, Exhibit 4, and Exhibit 5).

6. Forest Products Transports, L.L.C., ("Forest Products") is a responsible third party as that term is defined in TEX. CIV. PRAC. & REM. CODE §§ 33.004 and 33.011 as well. As is noted above, Forest Products was the employer of Charles Moody at the time of the accident. (Exhibit 1, p.10, l.9-11; l.16-18; l.23 – p.11, l.4; p.16, l.13-21). As the employer of the driver whose self-admitted negligence resulted in the accident, Forest Products owed a duty to exercise the reasonable care of an ordinary prudent trucking company under the same or similar circumstances. Forest Products failed to provide adequate training to Moody, failed to properly supervise and monitor him, failed to instruct and supervise Moody on driving a vehicle safely and failed to ensure that Moody complied with the applicable standards and guidelines in operating an eighteen-wheeler on the roadways. Therefore, Forest Products should also be designated as a responsible third party.

7. This designation is filed more than sixty (60) days before the trial setting and the Court must grant this motion after it has been on file fifteen (15) days unless an appropriate objection is made. TEX. CIV. PRAC. & REM. CODE § 33.004(a), (f), (g). If an objection to the Motion for Leave is timely filed, the trial court is required to grant leave to designate the responsible third party unless the objecting party establishes that the defendant did not plead sufficient facts concerning the alleged responsibility of the third party. *Id.* Additionally, by granting a Motion for Leave to designate a responsible third party, the person or entity named in the Motion is designated as a responsible third party for purposes of the Chapter without further action by the Court or any other party. *Id.* at § 33.004(h).

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH

AMERICA, INC., TOYOTA MOTOR SALES, U.S.A., INC. (collectively referred to as "Toyota Defendants"), VOLVO GROUP NORTH AMERICA, LLC, f/k/a VOLVO TRUCKS NORTH AMERICA, STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC and DOLPHIN LINE, INC. respectfully prays that the Court grant this Motion and designate Charles Moody and Forest Products Transports L.L.C. as responsible third parties in this matter and for general relief.

Respectfully submitted,

By: David Stone w/p JTH

**Kurt C. Kern**
State Bar No. 11334600
Kurt.Kern@bowmanandbrooke.com
**David P. Stone**
State Bar No. 19289060
David.Stone@ bowmanandbrooke.com
**Jude T. Hickland**
State Bar No. 24065416
Jude.Hickland@ bowmanandbrooke.com
**BOWMAN AND BROOKE, LLP**
2501 N. Harwood Street
Suite 1700
Dallas, Texas 75201
972.616.1700 Telephone
972.616.1701 Facsimile

**ATTORNEYS FOR DEFENDANTS TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES, U.S.A., INC.**

By: *Pat Fitzgerald w/permission*

**Rand Howry**
State Bar No. 10121690
Attorney-in-Charge
rhowry@howrybreen.com
**Pat Fitzgerald**
State Bar No. 24036566
pfitzgerald@howrybreen.com
**HOWRY BREEN & HERMAN, LLP**
1900 Pearl Street
Austin, Texas 78705-5408
512.474.7300 Telephone
512.474.8557 Facsimile

**ATTORNEYS FOR DEFENDANT VOLVO GROUP NORTH AMERICA, LLC**

By: Todd Parks, w/p [illegible]
**S. Todd Parks**
State Bar No. 15526520
**Jason L. Wren**
State Bar No. 24028144
**Ashley De La Cerda**
State Bar No. 24045760
**WALTERS, BALIDO & CRAIN, L.L.P.**
900 Jackson Street
Suite 600
Dallas, Texas 75202
214.749.4805 Telephone
214.760.1670 Facsimile

**ATTORNEYS FOR DEFENDANT STRICK TRAILERS, LLC**

By: /s/ Scott Self w/p 4774

**Michael P. Sharp**
State Bar No. 00788857
msharp@feesmith.com
**Scott W. Self**
State Bar No. 24033176
sself@feesmith.com
**FEE, SMITH, SHARP & VITULLO, LLP**
Three Galleria Tower
13155 Noel Road
Suite 1000
Dallas, Texas 75240
972.934.9100 Telephone
972.934.9200 Facsimile

**ATTORNEYS FOR DEFENDANT JOHN FAYARD MOVING & WAREHOUSE, LLC**

By: ______________________
**John S. Kenefick**
State Bar No. 24006294
Attorney-in-Charge
jkenefick@macdonalddevin.com
**Joseph F. Henderson**
State Bar No. 24036751
jhenderson@macdonalddevin.com
**MACDONALD DEVIN, P.C.**
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2130
214.744.3300 Telephone
214.747.0942 Facsimile

**ATTORNEYS FOR DEFENDANT DOLPHIN LINE, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2013, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

______________________
**JOHN S. KENEFICK/JOSEPH F. HENDERSON**

## CERTIFICATE OF CONFERENCE

This will certify that the undersigned has conferred with all counsel for parties affected by the requested relief on December 09, 2013. Plaintiff's counsel, Aubrey "Nick" Pittman, indicated that Plaintiffs do oppose said motion as there is a fundamental disagreement regarding the merits.

Joseph F. Henderson

**JOHN S. KENEFICK/JOSEPH F. HENDERSON**