IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the Surviving Parent of WYNDELL GREENE, SR., et al., | § § § § | CASE NO.: 3:11-CV-00207-N |
| Plaintiffs, | § § | |
| vs. | § § | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION et al., | § § § § | |
| Defendants. | § | |

**DEFENDANT VOLVO GROUP NORTH AMERICA, LLC'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' <u>STRICT LIABILITY, NEGLIGENCE AND GROSS NEGLIGENCE CLAIMS</u>**

Defendant VOLVO GROUP NORTH AMERICA, LLC ("VGNA") files this Brief in Support of its Motion for Summary Judgment on Plaintiffs' Strict Liability, Negligence and Gross Negligence Claims, respectfully showing:

## I. SUMMARY OF MOTION

Plaintiffs have asserted claims for strict liability, negligence, gross negligence and "misrepresentation" against VGNA. VGNA has already filed a partial motion for summary judgment, which is presently pending, on Plaintiffs' unspecified "misrepresentation" claim. [Document # 250] After more than adequate time for discovery, VGNA is also moving for summary judgment on all of the Plaintiffs' remaining claims because Plaintiffs cannot make a showing sufficient to establish the existence of various elements essential to their claims.

## II. FACTUAL BACKGROUND

This case arises out of a multiple-vehicle accident that occurred on May 28, 2010, on eastbound IH-20 in rural Kaufman County, Texas. At the time of the crash Wyndell Greene, Sr.

1

was driving a 2010 Toyota 4Runner (the "4Runner"). His wife, Lakeysha Greene, was the front seat passenger and their two children, Wesleigh and Wyndell II, were the rear seat passengers. Charles Moody, a driver for a company called Forest Trucking, failed to keep a proper lookout while operating a 2008 Volvo tractor (the "Volvo Tractor") truck pulling a loaded semi-trailer, and rear-ended the 4Runner at a high rate of speed. Lakeysha, Wesleigh and Wyndell II were all killed at the scene; Wyndell Sr. died three months later. Plaintiffs are relatives of the Greene family and the executor of Wyndell Sr's estate.

### III.  SUMMARY JUDGMENT EVIDENCE

In support of VGNA's Brief in Support of its Motion for Summary Judgment, VGNA relies on Plaintiffs' Second Amended Complaint [Document # 113], which VGNA incorporates by reference as if fully set forth herein.

### IV.  APPLICABLE LEGAL STANDARDS

#### Summary Judgment Standard

Summary judgment is proper under Federal Rule 56 if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a).  Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." C*elotex Corp. v. Cattret*, 477 U.S. 317, 322 (1986); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871 (1990). The nonmoving party must go beyond the pleadings and present specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

### The "Adequate Time for Discovery" Requirement

The accident in question occurred in May 2010. The original complaint in this case was filed in February 2011. Plaintiffs' expert disclosure deadline was November 20, 2013. The current discovery deadline, which has been extended on multiple occasions, is December 10, 2013. Trial is presently set to commence on March 10, 2014. Plaintiffs have now had over 2½ years to conduct discovery – including written discovery, vehicle and scene inspections, and depositions of fact and corporate witnesses. An adequate time for discovery has clearly passed for the purposes of summary judgment.

### The Applicability of Texas Substantive Law to These Claims

It is undisputed that Texas substantive law governs the claims in this federal diversity action. *See, e.g.*, *Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008) (*citing Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)).

### V.  ARGUMENT AND AUTHORITIES

**A.      Summary Judgment is Proper on Plaintiffs' Strict Liability Claims**

Plaintiffs have alleged three very broad claims of defect against VGNA in connection with the Volvo Tractor:  an "absent or defective collision warning system; ineffective energy-absorption capabilities; and the Tractor was defectively designed because it was incompatible, in a crash, with other vehicles on the road …".  PLAINTIFFS' SECOND AM. COMPLAINT at ¶58.  The allegations in the complaint basically lump these differing theories each into alleged design, manufacturing *and* marketing defect claims. *See id.* at ¶¶58 & 59.

1. Manufacturing Defect Claim

To prevail on a manufacturing defect claim against VGNA, Plaintiffs must establish that the Volvo Tractor "deviate[d], in its construction or quality, from the specifications or planned output in a manner that render[ed] it unreasonably dangerous." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).  They must also prove "that the product was defective when it left the hands of the manufacturer and that the defect was a producing cause of the plaintiff's injuries." *Id.*  Moreover, producing cause must be *(1)* a substantial cause of the event in issue, and *(2)* a but-for cause – namely one without which the event would not have occurred. *Ford Motor Co. v. Ledesma,* 242 S.W.3d 32, 46 (Tex. 2007).

Here, Plaintiffs cannot make a showing sufficient to establish that the Volvo Tractor deviated from its specifications or planned output in any way.  They also cannot make a showing sufficient to establish that any alleged deviation rendered the Volvo Tractor unreasonably dangerous.  Nor can they make a showing sufficient to establish that any alleged deviation was a producing cause of the crash at issue.

VGNA is therefore entitled to summary judgment on Plaintiffs' manufacturing defect claims.

2. Design Defect Claim.

Under Texas law, "[t]o recover for a products liability claim alleging a design defect, a plaintiff must prove that *(1)* the product was defectively designed so as to render it unreasonably dangerous; *(2)* a safer alternative design existed; and *(3)* the defect was a producing cause of the injury for which the plaintiff seeks recovery." *Goodner v. Hyundai Motor Co., Ltd.*, 650 F.3d 1034, 1040 (5th Cir. 2011) (quoting *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009)) (internal quotes omitted); *see* TEX. CIV. PRAC. & REM. CODE § 82.005(a).

Plaintiffs cannot make a showing sufficient to establish that the Volvo Tractor was defectively designed so as to render it unreasonably dangerous. Nor can they make a showing sufficient to establish that any safer alternative design existed that was both technologically and economically feasible at the time the Volvo Tractor left Volvo's possession, or that any purported design defect in the Volvo Tractor caused any injury for which the Plaintiffs seek recovery.

VGNA is therefore entitled to summary judgment on Plaintiffs' design defect claims.

3.    <u>Marketing Defect Claim</u>.

A marketing defect occurs when a defendant knows or should have known of a potential risk of harm presented by the product but markets it without adequately warning of the danger or providing instructions for safe use. *USX Corp. v. Salinas*, 818 S.W.2d 473, 482 (Tex.App.–San Antonio 1991, writ denied). Under Texas law, the elements that must be proved to recover for a marketing defect are as follows: *(1)* a risk of harm that is inherent in the product or that may arise from the intended or reasonably anticipated use of the product must exist; *(2)* the product supplier must actually know or reasonably foresee the risk of harm at the time the product is marketed; *(3)* the product must possess a marketing defect; *(4)* the absence of the warning and/or instructions must render the product unreasonably dangerous to the ultimate user or consumer of the product; and *(5)* the failure to warn and/or instruct must constitute a causative nexus in the product user's injury. *Id*. at 482-83. A product supplier is not liable for a failure to warn of dangers that were unforeseeable at the time the product was marketed. *Id*. at 483. Thus, a plaintiff must show that the product supplier knew or should have known of the risks at the time of marketing. *Id*.

Here, Plaintiffs cannot show a risk of harm that is inherent in the Volvo Tractor or that may arise from the intended or reasonably anticipated use of the product must exist. They cannot show that VGNA actually knew or reasonably foresaw the risk of harm at the time the product was marketed. Plaintiffs cannot show the Volvo Tractor possessed any marketing defect of any sort related to any of their three theories of defect. They cannot show that the absence of the warning and/or instructions rendered the Volvo Tractor unreasonably dangerous to the ultimate user or consumer, much less to the Plaintiffs or their decedents. Finally, Plaintiffs cannot show that any alleged failure to warn and/or instruct constituted a causative nexus in the Volvo Tractor user's injury (or any other person's).

VGNA has a pending motion for partial summary judgment on Plaintiffs' "misrepresentation" claims. VGNA incorporates that motion, and the accompanying brief and summary judgment evidence, to the extent that Plaintiffs' unspecified misrepresentation claims are somehow intertwined with their strict liability/market defect claim.

**B.   Summary Judgment is Also Proper on Plaintiffs' Negligence and Gross Negligence Claims**

   1.   Negligence.

Plaintiffs have alleged that their injuries and the death of the Greene Family were proximately caused by the negligence of VGNA in improperly designing and manufacturing the Volvo Tractor. The Fifth Circuit has held that negligence claims that are rooted in claims of alleged product defect necessarily implicate the "unreasonably dangerous" standard:

> Although a negligence claim requires a different showing from a strict liability claim, a manufacturer logically cannot be held liable for failing to exercise ordinary care when producing a product that is not defective because: (1) if a product is not unreasonably dangerous because of the way it was manufactured, it was not negligent to manufacture it that way and (2) even if the manufacturer was somehow negligent in the design or production of the product, that negligence

cannot have caused the plaintiff's injury because the negligence did not render the product "unreasonably dangerous."

*Garrett v. Hamilton Std. Controls, Inc.*, 850 F.2d 253, 357 (5th Cir. 1988) (internal cites omitted). As stated previously, Plaintiffs cannot make a sufficient showing that the Volvo Tractor was unreasonably dangerous as it was designed, manufactured and marketed. Therefore, Plaintiffs cannot make a showing sufficient to support their negligence claims.

VGNA is therefore entitled to summary judgment on Plaintiffs' negligence claims.

2. Gross Negligence/Exemplary Damages.

Exemplary damages are authorized under the Texas Civil Practice and Remedies Code when the claimant proves by clear and convincing evidence that the harm results from fraud, malice, or gross negligence. TEX. CIV. PRAC. & REM. CODE § 41.003(a); *Dillard Department Stores v. Silva*, 148 S.W.3d 370, 372-73 (Tex. 2004). Plaintiffs have alleged gross negligence as the sole basis for their claim for exemplary damages as to all defendants in this case, including VGNA. PLAINTIFFS' SECOND AM. COMPLAINT at ¶128. Despite the passage of an adequate time for discovery, Plaintiffs cannot make a sufficient showing of essential elements of gross negligence to present a genuine issue for trial, and summary judgment should be awarded on their exemplary damages claims as well.

In order to constitute gross negligence, an act must, when viewed objectively from the standpoint of the actor at the time of its occurrence, involve an extreme degree of risk, considering the probability and magnitude of harm to others. TEX. CIV. PRAC. & REM. CODE § 41.001(11); *Columbia Med. Ctr. Las Colinas v. Hogue*, 271 S.W.3d 238, 248 (Tex. 2012); *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998). "Extreme risk" is not "a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious

injury to Plaintiff." *Columbia Med. Ctr.*, 271 S.W.3d at 248; *Mobil Oil*, 968 S.W.2d at 921. Despite a reasonable time for discovery, Plaintiffs cannot make a sufficient showing that the Volvo Tractor posed such an extreme risk to present a genuine issue for trial. Gross negligence also requires that at the time of the occurrence, the defendant have actual subjective awareness of the risks involved, but nevertheless proceed with conscious indifference to the rights, safety, or welfare of others. TEX. CIV. PRAC. & REM. CODE § 41.001(11); *Columbia Med.*, 271 S.W.3d at 248; *Mobil Oil*, 968 S.W.2d at 921. Plaintiffs cannot make a showing sufficient to establish that VGNA had any actual subjective awareness of the alleged extreme risks, but nevertheless proceeded with conscious indifference to them. As Plaintiffs have no evidence of either essential element of their gross negligence claims, summary judgment should be awarded on them. Furthermore, since Plaintiffs' gross negligence claim is the only claim supporting their request for exemplary damages, their request for exemplary damages should be summarily dismissed as well.

### C.   Summary Judgment is Also Warranted on the Plaintiffs' "Misrepresentation" Claim

VGNA has a pending motion for partial summary judgment on Plaintiffs' misrepresentation claims. For the reasons stated that motion, VGNA is entitled to summary judgment on Plaintiffs' misrepresentation claim.

### VI.  CONCLUSION

For the foregoing reasons, summary judgment should be granted in favor of VGNA on all of the remaining claims asserted against VGNA in this case – whether strict liability (design, manufacturing, or marketing defect), negligence, gross negligence or "misrepresentation." VGNA prays for any and all other relief to which it is entitled.

Respectfully submitted,

HOWRY BREEN & HERMAN, LLP

*/s/ Randy Howry*

_____
Randy Howry
State Bar No. 10121690
rhowry@howrybreen.com
Pat Fitzgerald
State Bar No. 24036566
pfitzgerald@howrybreen.com
1900 Pearl Street
Austin, Texas 78705-5408
(512) 474-7300
(512) 474-8557 FAX

**ATTORNEYS FOR DEFENDANT**
**VOLVO GROUP NORTH AMERICA, LLC**

9

## **CERTIFICATE OF SERVICE**

I do hereby certify that on December 10, 2013, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure by electronic service through the court's ECF system in compliance with Federal Rules of Civil Procedure 5(b)(2)(E) and 5(b)(3).

_____
Randy Howry