IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, *et al.*, | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | CAUSE NUMBER: 3:11-cv-0207-N |
| | § | |
| TOYOTA MOTOR CORPORATION, *et al.,* | § | |
| | § | |
| Defendants. | § | |

## EXPEDITED MOTION FOR CONTINUANCE

TO THE HONORABLE COURT:

COME NOW Defendants Toyota Motor Corporation; Toyota Motor Engineering & Manufacturing North America, Inc.; and Toyota Motor Sales, U.S.A., Inc. (collectively "Toyota") and file this Expedited Motion for Continuance and in support thereof would show the following:

## I.
## SUMMARY

1.      Plaintiffs' expert disclosure deadline was November 20, 2013.  Defendants' expert disclosure deadline is December 20, 2013.  Expert discovery is set to close on January 17, 2014. The Parties held a conference call on December 4, 2013, and follow up conference calls on December 6, 2013, and December 9, 2013 in an effort to work out a schedule for the depositions of all experts.  Plaintiffs have disclosed a total of seven (7) experts they intend to call at trial. While Defendants have not yet designated experts, it appears that the five defendants will designate a total of fifteen (15) to twenty (20) experts to testify at trial. Despite the Parties' best efforts to schedule expert depositions before the existing expert discovery deadline, it has proven impossible to do so and that a continuance of the current trial setting is necessary.  Additionally,

the pre-existing conflicting trial setting that Toyota advised the Court of on June 21, 2013 remains unchanged warranting a brief continuance.

## II.
## PROCEDURAL BACKGROUND

2.      On June 19, 2013, this Court entered the Second Amended Scheduling Order and Referral of Discovery Matters to Magistrate Judge.  (Doc. No. 161).  That order established a trial date of March 10, 2014, a discovery deadline of December 10, 2013 and expert disclosure deadlines of October 11, 2013 (Plaintiffs), November 10, 2013 (Defendants), and November 25, 2013 (rebuttal).  On June 21, 2013, counsel for Toyota informed the Court via letter of a pre-existing trial setting in another trial that conflicts with the March 10, 2104 trial setting in this matter.  On October 10, 2013, Magistrate Ramirez, at the request of Plaintiffs, extended the deadlines for expert disclosures and expert discovery and motion practice by thirty days, but did not alter the trial setting.  (Doc. No. 219)  On November 8, 2013, Magistrate Ramirez, at the request of Plaintiffs, entered a new order extending the same deadlines an additional ten days without altering the trial setting.  (Doc. No. 239)  The net effect of these orders is that the deadline for expert discovery and motions is January 17, 2014 and the trial setting for this case is March 10, 2014, less than sixty days later.

## III.
## MOTION FOR CONTINUANCE

**A.      A Continuance is Needed to Allow the Parties to Complete Expert Discovery.**

3.      After numerous requests that Plaintiffs provide dates for the deposition of all of their experts within thirty days of their November 20, 2013 designation as set forth in the protocol established by magistrate Ramirez, Plaintiffs have offered their primary liability experts Keith Friedman and Dr. Rhoads Stephenson for deposition on only January 7 and January 8, 2014, claiming those are the earliest dates the witnesses are available.  A single day for each of these witnesses, however, does not

provide an adequate time to explore their opinions and the basis for the same.  As set forth more fully in Toyota's motion for additional time to depose these witnesses, they have authored four separate reports, 64 to 84 pages in length, offering wide-ranging opinions against all of the defendants in this case, making the standard time for depositions insufficient.  Plaintiffs also have indicated that none of their experts are available for deposition until January 2, 2014 at the earliest.  Even if Friedman and Stephenson are deposed in a two-day window, there simply is not enough time to depose the twenty or more other experts scattered from coast (Philadelphia) to coast (Los Angeles) and throughout the country (e.g. Detroit) between January 2, 2014 and January 17, 2014.

4.     As the existing expert discovery deadline is less than sixty days before trial, and these scheduling challenges cannot be resolved by a brief agreed extension of the discovery deadline by the parties, a postponement of the current trial setting is therefore necessary corresponding to the extension of time for expert discovery.  Toyota does not request a change in the fact discovery deadline, expert disclosure deadlines or any other unnecessary delay.  Further, Toyota understands that the other defendants have already filed a motion for continuance that explains in great detail the reasons a brief continuance is needed.  Toyota hereby adopts the arguments made therein.

**B.     The Existing Trial Setting Presents a Trial Conflict for Toyota's Counsel.**

5.     Toyota's counsel has a pre-existing trial conflict on the existing trial date.  On May 8, 2013, the Court order the parties to confer regarding a new scheduling order and trial setting to submit an agreed proposal or separate proposals for the same.  (Doc. No. 153).  On May 9, 2013, counsel for Toyota, Kurt C. Kern and David P. Stone, received a trial setting for the week of March 3, 2014, in the case of *Ricky Weaver, et al. v. Toyota Motor Corp., et al.*,

Cause No. 1:11-CV-00025, pending in the U.S. District Court for the Eastern District of Arkansas. The Third Amended Final Scheduling Order in that case is attached hereto as Exhibit "A." The trial of that case should last approximately two weeks. Aware of the pre-existing trial setting in *Weaver*, counsel for Toyota joined the other defendants in proposing a June 2014 trial setting via their May 21, 2013 submission. (Doc. No. 157). Contemporaneously, Plaintiffs made what Toyota believed then, and what has turned out to be a woefully unrealistic trial date of December 9, 2013. (Doc. No. 158). On June 19, 2013, the Court entered its Second Amended Scheduling Order setting trial of this case for March 10, 2014. (Doc. No. 161). On June 21, 2013, counsel for Toyota wrote the court and advised it of the pre-existing *Weaver* conflict. June 21, 2013 letter of David P. Stone, attached hereto as Exhibit "B." The trial setting in *Weaver* is firm and resolution before trial remains highly unlikely. Because of counsel for Toyota's pre-existing trial conflict, Toyota requests a brief continuance of this case's trial setting.

## IV.
## REQUEST FOR EXPEDITED RELIEF

6.      Toyota therefore requests the Court enter an amended scheduling order as follows:

a.      This case be reset for trial commencing on June 2, 2014.

b.      The expert discovery deadline be extended to March 21, 2014, with the deadline for Plaintiffs to produce their experts for deposition by January 17, 2013 and Defendants deadline to produce their experts for deposition by March 21, 2013..

c.      The deadline for all motions, including any objections to expert testimony be extended to March 28, 2014.

d.      The deadline for the filing of pretrial materials be extended to April 20, 2014.

7.      Toyota requests that this motion be considered on an expedited basis and the Court establish an expedited briefing schedule setting this matter for hearing as soon as possible. The deadline for the completion of expert discovery is less than forty five days away and the parties need to have an extension of the expert discovery deadline and trial setting so that these depositions can be completed with an opportunity for each party to meaningfully participate.

Respectfully submitted,


/s/ David P. Stone
**Kurt C. Kern**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**David P. Stone**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**Jude T. Hickland**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 North Harwood St., Suite 1700
Dallas, Texas  75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR DEFENDANTS TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., AND TOYOTA MOTOR SALES, U.S.A., INC.**

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that I have conferred with all opposing counsel and Plaintiffs are the only party opposed to the relief sought by this motion on this 13th day of December, 2013.

*/s/ David P. Stone*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 13th day of December, 2013.

*/s/ David P. Stone*