IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **OLLIE GREENE,** *et al.,* | § | |
| | § | |
| **Plaintiffs,** | § | |
| **v.** | § | |
| | § | |
| **TOYOTA MOTOR CORPORATION, et al.,** | § | **CAUSE NUMBER: 3:11-cv-0207-N** |
| | § | |
| **Defendants.** | § | |
| | § | |

**DEFENDANTS' EXPEDITED MOTION FOR ENLARGEMENT OF TIME FOR THE
DEPOSITIONS OF PLAINTIFFS' EXPERTS**

TO THE HONORABLE COURT:

Defendants Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc.; Volvo Group North America, LLC f/k/a Volvo Trucks North America; Strick Trailers, LLC; John Fayard Moving & Warehouse, LLC; and Dolphin Line, Inc. (collectively "Defendants") in the above-styled and numbered action, and file this Expedited Motion for Enlargement of Time for the Depositions of Plaintiffs' Experts and for such would respectfully show the Court as follows:

1.      Two of the experts that have been designated by Plaintiffs are Mr. Keith Friedman and Dr. Rhoads Stephenson. (Doc. No. 244 at 1). Friedman and Stephenson have co-authored four separate expert reports. Attached hereto as Exhibits 1–4 are the reports of Keith Friedman and Dr. Rhoads Stephenson. These reports contain various opinions related to Plaintiffs' claims against all of the Defendants. One report deals with allegations against Volvo, the second those against Fayard and Dolphin, the third claims against Strick Trailers, and the fourth Plaintiffs' claims against Toyota.

2.      The collective opinions expressed in the four reports are numerous and diverse. The opinions expressed relate to areas ranging from the 4Runner's fuel system design, to installation instructions for the Strick trailer's under-ride guard, to operating procedures for commercial trucks, to

collision warning systems.  For example, in just the Toyota report Friedman and Stephenson have offered opinions related to, among other things, vehicle structure design and performance, warnings, fuel system design and performance, fire origin, and cabin materials selection.  Not surprisingly, given the breadth of the opinions offered, the reports total hundreds of pages in length.

3.     While ideally one or both of the witnesses would not require two days of examination, given the reports, the Defendants should each be allowed significant time with each witness.  While some areas are relevant to all defendants, such as the qualifications and background of Friedman and Stephenson, the opinions in all four reports are unique and address different Defendants.  Moreover, none of the reports delineate what opinions are held by Friedman, Stephenson, or both.  Perhaps one of them has very few opinions that relate to only  one or a few of the Defendants and could be deposed in seven hours, but there is no way to determine that.

4.     Under the circumstances, the Court should allow additional time for the depositions of both Friedman and Stephenson.  The Federal Rules of Civil Procedure provide that "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent."  Fed. R. Civ. P. 30(b)(1).  The usual limitation to one day of seven hours of testimony is insufficient.  Even without allowing any time to explore the witnesses' qualifications or for Plaintiffs to examine the witnesses, the five sets of defense counsel who need to examine these witnesses would have less than an hour and a half to depose each witness.  Given the complexity and sheer number of issues in this case, the number of parties involved, and the number of expert reports, seven hours of testimony for each of these witnesses is insufficient.  If sufficient time is not allowed, then one or more of the Defendants, will be prejudiced by not being able to fully explore the opinions of Plaintiffs' liability experts.

5.     Defendants have tried unsuccessfully to reach an agreement with Plaintiffs extending the time for these depositions.  Plaintiffs have indicated they are willing to consider giving Defendants somewhat longer than seven hours to depose these witnesses. They have not, however, agreed to any specific extension of time for the depositions, but instead would leave it to their judgment as to when a

sufficient time for the deposition had passed.  Plaintiffs' offer of possible additional time is insufficient and the offer is illusory in nature.  Defendants are entitled to more certainty as to what time they will be allowed to examine these witnesses and, in any event, the limited additional time Plaintiffs suggest is insufficient.

Defendants therefore request that this motion be considered on an expedited basis and the Court establish an expedited briefing schedule setting this matter for hearing as soon as possible, the Court order an additional day of seven hours of deposition for Mr. Friedman, an additional day of seven hours of deposition for Mr. Stephenson, that Plaintiffs provide four business days before January 8, 2014 that Keith Friedman is available for deposition, that Plaintiffs provide 4 business days before January 8, 2014 that Dr. Rhoads Stephenson is available for deposition, and such other and further relief to which they may show themselves to be entitled.

Respectfully submitted,


/s/ David P. Stone
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 N. Harwood Street, Suite 1700
Dallas, Texas  75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR DEFENDANTS**
**TOYOTA MOTOR CORPORATION,**
**TOYOTA MOTOR ENGINEERING &**
**MANUFACTURING NORTH AMERICA,**
**INC., AND TOYOTA MOTOR SALES,**
**U.S.A., INC.**

*/s/ Pat Fitzgerald*
**Randy Howry**
State Bar No. 10121690
rhowry@howrybreen.com
**Pat Fitzgerald**
State Bar No. 24036566
pfitzgerald@howrybreen.com
**John Carlson**
State Bar No. 00790426
jcarlson@howrybreen.com

**HOWRY BREEN & HERMAN, LLP**
1900 Pearl Street
Austin, Texas  78705-7300
512-474-7300
512-439-4106 - Direct Line
512-474-8557 – Facsimile

**ATTORNEYS FOR DEFENDANT VOLVO
GROUP NORTH AMERICA, LLC f/k/a
VOLVO TRUCKS NORTH AMERICA**


*/s/ S. Todd Parks*
**Donald H. Dawson, Jr.**
State Bar No. 05606500
ddawson@dawson-clark.com
**Kathleen A. Clark**
State Bar No. 00788830
kclark@dawson-clark.com

**DAWSON & CLARK, P.C.**
243 W. Congress
600 Marquette Building
Detroit, MI  48226
313-256-8900
313-256-8913 (Fax)

and

**S. Todd Parks**
State Bar No. 15526520
Todd.parks@wbclawfirm.com
**Ashley De La Cerda**

State Bar No. 24045760
Ashley.delacerda@wbclawfirm.com

**WALTERS, BALIDO & CRAIN, LLP**
900 Jackson Street, Suite 600
Dallas, Texas  75202
214.749.4805
214.760.1670 (fax)

**ATTORNEYS FOR DEFENDANT
STRICK TRAILERS, LLC**


*/s/ Scott W. Self*
**Michael P. Sharp**
State Bar No. 00788857
msharp@feesmith.com
**Scott W. Self**
State Bar No. 24033176
sself@feesmith.com

**FEE, SMITH, SHARP & VITULLO, LLP**
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas  75240
972-934-9100
972-934-9200 (fax)

**ATTORNEYS FOR DEFENDANT JOHN
FAYARD MOVING & WAREHOUSE, LLC**


*/s/ Joseph F. Henderson*
**John S. Kenefick**
State Bar No. 24006294
jkenefick@macdonalddevin.com
**Joseph F. Henderson**
State Bar No. 24036751
jhenderson@macdonalddevin.com

**MACDONALD DEVIN, P.C.**
3800 Renaissance Tower

1201 Elm Street
Dallas, Texas  75270
214-744-3300
214-747-0942 (fax)

**ATTORNEYS FOR DEFENDANT
DOLPHIN LINE, INC.**

## CERTIFICATE OF CONFERENCE

I hereby certify that on December 9, 2013 counsel for Defendants, conferred with counsel for the other parties in this case regarding the substance of this motion.   Counsel for Plaintiffs, indicated Plaintiffs are opposed to the relief sought by this motion.

*/s/ David P. Stone*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 13th day of December, 2013.

*/s/ David P. Stone*