IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OLLIE GREENE, et al., § | |
| § | |
| Plaintiffs, § | |
| v. § | |
| § | Civil Action No. 3:11-CV-0207-N |
| TOYOTA MOTOR CORP., et al., § | |
| § | |
| Defendants. § | |

PLAINTIFFS' SUBMISSION REGARDING
PLAINITFFS' EMERGENCY MOTION TO QUASH DECEMBER 23, 2013,
AND DECEMBER 27, 2013, SUBPOENAS AND BRIEF IN SUPPORT

Ollie Greene, Individually and as the surviving parent of Wyndell Greene, Sr., William Greene, as the Administrator of the Estate of Wyndell Greene, Sr. and Marilyn Burdette Hardeman, Individually and as the surviving parent of LaKeysha Greene (collectively referred to as "Plaintiffs") ask the court to quash the Subpoenas to Testify at a Deposition in a Civil Trial of Dr. Joseph Burton ("Burton") and Keith Friedman ("Friedman") and show the Court as follows:

**PLAINTIFFS' COMPLIANCE WITH paragraph 26 of the [200] Amended Order and Discovery Protocol, dated 9/19/2013**

Paragraph 26 of the Court's Amended Order and Protocol provides "[i]f a party fails to comply with this order, the complying party must timely file its portion of the joint submission and include a notice advising the Court of the opposing party's failure to comply. Plaintiffs would show the Court that on December 2, 2013, pursuant to paragraph 15 of the Court's Amended Order Plaintiffs submitted a letter to Defendants asking for dates upon which a conference could be had on Plaintiffs' motion to quash. See, Exhibit 1 attached hereto. Defendants did not comply with paragraph 17 of the Court's Amended Order and did not provide Plaintiffs with 3 days for a conference.

1

In addition, during detailed email exchanges attempting to resolve the issue of expert scheduling, Plaintiffs reiterated to Toyota's counsel that Defendants' counsel refused to comply with paragraph 17 of the Court's Amended Order. See, Exhibit 2 attached hereto. Accordingly, Plaintiffs are submitting their portion of the Joint Submission and notifying the Court that Defendants refused to comply.

## FACTUAL BACKGROUND

1. During October and November 2013, the parties exchanged 3-4 letters and/or email regarding scheduling issues and concerns regarding the depositions of Plaintiffs experts, without any resolution as to scheduling.

2. After two extensions changing the due date for expert reports, Plaintiffs submitted their expert reports to Defendants' counsel on November 20, 2013.

3. The day after Plaintiffs' expert reports were submitted to Defendants, Plaintiffs' counsel submitted a November 21, 2013, correspondence to Defendants' counsels in an effort to discuss scheduling depositions for all experts within the expert discovery period. In the correspondence, Plaintiffs' counsel made various suggestions regarding the order and locations of the depositions so as to ensure that each party would have the full opportunity to take all expert depositions within the time allowed under the scheduling order. See, APP 001-002. This letter clearly notes that the scheduling suggestion in this letter was the starting point for scheduling the depositions where it states "[a]s far as which experts are deposed during which stretch, it would depend on the availability of the burden of proof expert and his/her corresponding opposing expert on the following day." APP 002.

4. On November 22, 2013, Toyota's counsel, without conferring with Plaintiffs' counsel to agree on a convenient and joint deposition schedule, submitted deposition notices for

each of Plaintiffs' experts, wherein Toyota's counsel arbitrarily chose deposition dates that wound up being inconvenient for several of the experts.  APP 003-004.

5. In response to Toyota's unilaterally issued notices, Plaintiffs' counsel notified all counsel that Plaintiffs objected to the deposition notices that were issued improperly.  In the November 27, 2013, letter Plaintiffs' counsel informed Defendants that the experts were not all available on the dates noticed and asked that the parties work together on mutually convenient scheduling.  APP 005-007.  The letter goes on to state,

> Moreover, if you refuse to work with Plaintiffs' counsel on mutual scheduling and/or Mr. Kern refuses to withdraw his improper and unworkable deposition notices, Plaintiffs will have no option but to file a motion to quash the deposition notices and/or a motion to compel production of your experts for depositions. However, as you are aware, the Court's Amended Order on Discovery Protocol requires, prior to a party filing a discovery motion, that counsel for the parties and the parties to meet face-to-face to fully confer on scheduling the depositions.
>
> Accordingly, if Defendants decide that they are not going to withdraw the deposition notices and/or choose to refuse to confer with Plaintiffs' counsel to ensure that all expert depositions are conveniently scheduled, please accept this as Plaintiffs' written request for available meeting or conference dates within 14 calendar days after this request.

6. On November 28, 2013, Toyota's counsel submitted an email indicating that he refused to withdraw the unilaterally issued deposition notices.  APP 008-009.

7. After receiving dates upon which to confer pursuant to the Court's Amended Discovery Protocol, on December 2, 2013, Plaintiffs' counsel again wrote to Defendants' counsels suggesting that the parties confer to arrange a mutually agreeable expert deposition schedule.  In addition, pursuant to the Court's Amended Discovery Protocol, Plaintiffs' counsel also asked for dates upon which the parties could confer on a discovery motion to quash the expert deposition notices that Toyota's counsel refused to discuss.  APP 010-012.

8. Eventually, the parties arranged a conference call for December 4, 2013, discuss a mutually agreeable schedule for the expert depositions.  In an email string among counsels,

Plaintiffs' counsel wrote that the purpose of the conference was to "work on completing this calendar and solidifying dates for the depositions of each of the experts during our call." The conference call bridge number was provided by Toyota's counsel. APP 013-019.

9. Just prior to the call, Toyota's counsel submitted an email to Plaintiffs' counsel expressing concerns Toyota had regarding expert scheduling. APP 020-022. Plaintiffs' counsel eventually addressed those concerns, then reiterated,

> As you know, our intention for the previous conference call was to obtain definite dates for the depositions of each of the Plaintiffs' and Defendants' experts. Therefore, we ask that each party be prepared today to provide the identity and dates for the depositions of each of the experts that you are sure you will designate. That way, we can finalize a schedule.

10. The parties then arranged a follow-up call to take place on December 6, 2013. This call was very brief; however, the parties did discuss a few potential dates and each agreed to speak with their experts to be able to provide definitive dates during the next call. A follow-up call was scheduled to take place on December 9, 2013.

11. The December 9, 2013, conference call number was also provided by Toyota's counsel. During the December 9, 2013, conference call, counsels for the parties discussed specific dates for the depositions of each of Plaintiffs' experts and each of Defendants' experts, including the most likely city where the depositions would take place.

12. Following an extended conference call, Plaintiffs' counsel submitted a schedule for the depositions of each of the experts setting dates and location for each expert expected to testify. APP 023-024.

13. Over the next day or so, Plaintiffs' counsel and Toyota's counsel exchanged email regarding the expert schedule. APP 025-031. In this email string, Plaintiffs' closing comment on the permanency of the experts' deposition schedule stated,

> Plaintiffs consider the schedule to be pretty close to final, although we certainly realize that things can change last minute and are willing to accommodate slight alterations if an expert has to make an adjustment, e.g. due to emergencies or trial.

14. Approximately a week after the parties convened to determine a fixed schedule for expert depositions, Toyota's counsel, unilaterally again, without prior notice to Plaintiffs' counsel, served deposition subpoenas on Burton and Friedman seeking depositions on December 23, 2013 and December 27, 2013, respectively. APP 032-039

15. For the reasons discussed herein, Plaintiffs ask the court to quash the Burton and Friedman subpoenas and any subpoenas issued inconsistent with the schedule at APP 023-024.

## ARGUMENT

### A. The Subpoenas Should Be Quashed Since They do Not Comport With the Experts' Deposition Schedule Prepared by the Parties.

Even if this Court exercises jurisdiction to consider objections to the Subpoenas on nonresidents, the Subpoenas should be quashed since they do not comply with the schedule for depositions that was compiled by the parties after full discussion. As discussed above, the parties held a conference call on December 9, 2013, wherein the parties prepared a schedule for the depositions of all experts, including Burton and Friedman. See, APP 025-031. According to the schedule, the deposition of Burton and Friedman is scheduled to take place on January 6 and 7, respectively. APP 020-022. As indicated by the final email exchange from Plaintiffs' counsel on the schedule, "Plaintiffs consider the schedule to be pretty close to final, although we certainly realize that things can change last minute and are willing to accommodate slight alterations if an expert has to make an adjustment, e.g. due to emergencies or trial." APP 029 Following the December 9, 2013, conference call, Plaintiffs informed the experts of the confirmed date for their depositions, long before Toyota's counsel purported to serve the Subpoenas. Accordingly, the Court should quash the Subpoenas.

> **B.     The Subpoenas Should Be Quashed Since They Impose an Undue Burden on the Witnesses and Fails to Allow a Reasonable Time to Comply.**

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas issued to non-parties. See FED.R.CIV.P. 45. Rule 45 provides that the Court must quash a subpoena that:

> (i)     fails to allow a reasonable time to comply;
>
> (iv)    subjects a person to undue burden.

Non–Parties are entitled to "reasonable time" to comply with subpoenas under Rule 45(c)(3)(A)(I). Courts must determine what is reasonable based on the circumstances of each particular case. *Paul v. Winco Holdings, Inc.*, 249 F.R.D. 643, 656 (D.Idaho 2008); *Fernandez v. Penske Truck Leasing Co., L.P.*, 2013 WL 438669 (D.Nev. Feb 01, 2013)(in quashing subpoenas the court took into consideration that subpoenas were served during the Christmas holidays). In this case the subpoenas were served just days before the beginning of the Christmas holiday and were served on Burton and Friedman during a time they thought that January 6 and 7 had been scheduled for their depositions. These expert reports are hundreds of pages in length, cite to hundreds of pieces of evidence, and rely on dozens of authoritative material. Accordingly, it will take time for the experts to get prepared. In addition, these are experts who would have to utilize their office assistants to prepare them for the depositions. The employees will be on holiday leave at the time and did not have a reasonable time to prepare before they departed. Dr. Burton has indicated that he and his staff are out until January 6, 2014. In addition, Friedman and his staff will be off for the Christmas break, and he will be out of the country. APP 040-41. Accordingly, considering that the parties have already reached an understanding that these experts will be deposed less than two weeks later, the subpoenas should be quashed.

Under Rule 45, a Court can also quash or modify a subpoena that "subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3) (A); *Linder v. National Sec. Agency*, 94 F.3d 693, 695

(D.C. Cir. 1996).  In this case, it is clear that the subpoenas subject these witnesses to an undue burden of having to keep their staffs around during the holidays to help prepare the deponents for a deposition.  Burton and his staff are out until January 6, 2014.   In addition, Friedman has prior holiday plans to be out of the country with his family.  He has already altered his plans once to accommodate Defendants' scheduling and modified his plans in good faith reliance on the scheduling calendar the parties discussed on December 9, 2013.  See, Friedman Declaration at APP 040-041.  Accordingly, it would constitute an undue burden to have these witnesses cancel pre-scheduled vacation plans for themselves and their families to appear at these depositions during the holiday period.

Instead, Plaintiffs ask simply that the Court quash the Subpoenas and allow Burton and Friedman to be deposed according to the deposition schedule prepared by the parties.  That way it results in less than a two-week delay in the depositions.  Doing so would not work a hardship on Defendants.

## CONCLUSION

For these reasons, Plaintiffs ask the Court to grant the Motion to Quash the Subpoenas.

Respectfully Submitted,

| | |
|---|---|
| /s/ Aubrey "Nick" Pittman | /s/ Daryl K. Washington |
| AUBREY "NICK" PITTMAN | DARYL K. WASHINGTON |
| State Bar No. 16049750 | State Bar No. 24013714 |
| | |
| **THE PITTMAN LAW FIRM, P.C.** | **LAW OFFICES OF DARYL K. WASHINGTON P.C.** |
| 100 Crescent Court, Suite 700 | 325 N. St. Paul St., Suite 1975 |
| Dallas, Texas 75201-2112 | Dallas, Texas 75201 |
| 214-459-3454 | 214-880-4883 |
| 214-853-5912 – fax | 469-718-0380 - fax |
| pittman@thepittmanlawfirm.com | dwashington@dwashlawfirm.com |

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that attempts were made to discuss the subject of this motion with Toyota's counsel.  On December 16, 2013, Plaintiffs' counsel received an email from Toyota's counsel, Kurt Kern, that stated, in part, "I definitely disagree that there is a need to discuss any Motion to Quash, as I have repeatedly stated any such Motion is untimely, hence no reason to discuss. Your witnesses have been subpoenaed. We will be there to take their depositions barring a Court Order or agreement, which we apparently cannot arrive at." Accordingly, Plaintiffs present this matter to the Court for resolution.

      /s/ Aubrey "Nick" Pittman
    AUBREY "NICK" PITTMAN

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 20, 2013, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

        /s/ Aubrey "Nick" Pittman
    AUBREY "NICK" PITTMAN