**From:** Kurt C. Kern [mailto:Kurt.Kern@bowmanandbrooke.com]
**Sent:** Monday, December 09, 2013 12:59 PM
**To:** Aubrey "Nick" Pittman; 'Kathleen Clark'
**Cc:** Robin L. Hart; dwashington@dwashlawfirm.com; rhowry@howrybreen.com; pfitzgerald@howrybreen.com; jcarlson@howrybreen.com; 'Network Administrator'; ashley.delacerda@wbclawfirm.com; 'Don Dawson'; msharp@feesmith.com; sself@feesmith.com; jkenefick@macdonalddevin.com; jhenderson@macdonalddevin.com; Brian E. Mason; David Stone; Donna M. Struke; Jama S. Reynolds; Jude T. Hickland; Julia A Campbell; Kelli Spencer; Kim Weiner
**Subject:** RE: Greene v Toyota - Expert Discovery

Nick:

As usual your e-mail is filled with inaccuracies that I will not take my time to address, other than to simply note the only party in violation of the Court's Amended Order and Discovery Protocol is Plaintiff. I'm sorry you have to attend a funeral today. Without knowing the timing of that I can't suggest an alternative time to resume the discussions regarding expert discovery. If you prefer an alternative time please let me know otherwise I'll speak to you at 1:30.

Kurt

**From:** Aubrey "Nick" Pittman [mailto:pittman@thepittmanlawfirm.com]
**Sent:** Monday, December 09, 2013 11:57 AM
**To:** Kurt C. Kern; 'Kathleen Clark'
**Cc:** Robin L. Hart; dwashington@dwashlawfirm.com; rhowry@howrybreen.com; pfitzgerald@howrybreen.com; jcarlson@howrybreen.com; 'Network Administrator'; ashley.delacerda@wbclawfirm.com; 'Don Dawson'; msharp@feesmith.com; sself@feesmith.com; jkenefick@macdonalddevin.com; jhenderson@macdonalddevin.com; Brian E. Mason; David Stone; Donna M. Struke; Jama S. Reynolds; Jude T. Hickland; Julia A Campbell; Kelli Spencer; Kim Weiner
**Subject:** RE: Greene v Toyota - Expert Discovery

Mr. Kern:

Obviously you are not reading my emails and/or you are intentionally evading my questions and ignoring my observations. First, as I have indicated on multiple occasions, the deposition notices that Toyota unilaterally submitted are in "clear" violation of the Court's Amended Discovery Protocol. We are considering them to be null and void. If you force Plaintiffs to file a motion with the Court to quash these notices, we will do so and will note that you refused to withdraw the notices and refused to schedule a face to face conference, with clients in attendance, to discuss the motion to quash.

Second, despite that on November 27, 2013, and again on December 2, 2013, Plaintiffs asked Toyota and the other Defendants for the identity of each of your experts and 4-5 dates upon which each expert could deposed, we have not received those dates. This is a violation of the Court's Amended Discovery Protocol.

Third, as I am sure your co-counsel informed you, during our last call Plaintiffs discussed tentative dates for the depositions of Plaintiffs' experts and asked for dates for the depositions of each of Defendants' experts. The final point made

during this call was that each party would have definite dates by the time of the conference call today.  We also discussed extending the deadline for the depositions of experts so that all experts could be deposed.  In accordance with that discussion, I have attached hereto a proposed stipulation to be signed by all counsel extending the deposition period and Daubert motion deadline for experts.

Finally, I will be attending a funeral today but will plan to be in a position to participate in the conference call today to finalize expert scheduling, although I may have to participate by cell phone.


**From:** Kurt C. Kern [mailto:Kurt.Kern@bowmanandbrooke.com]
**Sent:** Monday, December 09, 2013 7:27 AM
**To:** Aubrey "Nick" Pittman; 'Kathleen Clark'
**Cc:** Robin L. Hart; dwashington@dwashlawfirm.com; rhowry@howrybreen.com; pfitzgerald@howrybreen.com; jcarlson@howrybreen.com; 'Network Administrator'; ashley.delacerda@wbclawfirm.com; 'Don Dawson'; msharp@feesmith.com; sself@feesmith.com; jkenefick@macdonalddevin.com; jhenderson@macdonalddevin.com; Brian E. Mason; David Stone; Donna M. Struke; Jama S. Reynolds; Jude T. Hickland; Julia A Campbell; Kelli Spencer; Kim Weiner
**Subject:** RE: Greene v Toyota - Expert Discovery

All:

I'm sorry I missed Friday's call due to weather-related conflicts as I tried to get back into DFW on Friday. I spoke to David and he filled me in on the discussions. Nick, to the extent you feel your questions below haven't been answered, they have been. Please re-read the last sentence of Paragraph 1 of my e-mail below if you need any further clarification. Beyond that, I understand we still don't have a definitive schedule for the expert depositions, although I again point out that our previously issued Notices remain in effect, pending some type of agreement or Court Order to the contrary. Bottom line, it appears we should make one last attempt to see if these issues can be worked out by agreement. I propose that we conduct a final conference call at either 11 AM this morning or 1:30 PM this afternoon. Could at least one counsel for each of the parties confirm their availability/preference for those times? If we can get a consensus as to the timing of the conference I'll circulate call-in information.

Kurt

**From:** Aubrey "Nick" Pittman [mailto:pittman@thepittmanlawfirm.com]
**Sent:** Friday, December 06, 2013 1:11 PM
**To:** Kurt C. Kern; 'Kathleen Clark'
**Cc:** Robin L. Hart; dwashington@dwashlawfirm.com; rhowry@howrybreen.com; pfitzgerald@howrybreen.com; jcarlson@howrybreen.com; 'Network Administrator'; ashley.delacerda@wbclawfirm.com; 'Don Dawson'; msharp@feesmith.com; sself@feesmith.com; jkenefick@macdonalddevin.com; jhenderson@macdonalddevin.com; Brian E. Mason; David Stone; Donna M. Struke; Jama S. Reynolds; Jude T. Hickland; Julia A Campbell; Kelli Spencer; Kim Weiner
**Subject:** RE: Greene v Toyota - Expert Discovery

Counsel:

Somehow I missed your email (below) earlier.  The email rambles quite a bit so I am not sure what your bottom-line point is.  However, let me address a few items and ask a few questions:

1. With regard to your insistence that Plaintiffs provide you with "dates within 30 calendar days of this request" for the depositions of Plaintiffs' expert, certainly you are aware that on November 27, 2013, and again on December 2, 2013, Plaintiffs asked Toyota and the other Defendants for the identity of each of your experts and definite dates upon which each expert could deposed. Are you suggesting that Defendants do not have to comply with the Court's Amended Discovery Protocol while Plaintiffs have to do so?  We are still awaiting those dates.
2. You mentioned that some of your experts are not available "until the week of February 3." Are you saying that these experts are not available "on any date" in January, even operating under the current scheduling deadlines?
3. As you know, our intention for the previous conference call was to obtain definite dates for the depositions of each of the Plaintiffs' and Defendants' experts.  Therefore, we ask that each party be prepared today to provide the identity and dates for the depositions of each of the experts that you are sure you will designate.   That way, we can finalize a schedule.

Finally, please confirm whether we are proceeding with the call today considering some of you may not be in your offices.


**From:** Kurt C. Kern [mailto:Kurt.Kern@bowmanandbrooke.com]
**Sent:** Wednesday, December 04, 2013 7:09 PM
**To:** Aubrey "Nick" Pittman; 'Kathleen Clark'
**Cc:** Robin L. Hart; dwashington@dwashlawfirm.com; rhowry@howrybreen.com; pfitzgerald@howrybreen.com; jcarlson@howrybreen.com; 'Network Administrator'; ashley.delacerda@wbclawfirm.com; 'Don Dawson'; msharp@feesmith.com; sself@feesmith.com; jkenefick@macdonalddevin.com; jhenderson@macdonalddevin.com; Brian E. Mason; David Stone; Donna M. Struke; Jama S. Reynolds; Jude T. Hickland; Julia A Campbell; Kelli Spencer; Kim Weiner
**Subject:** Greene v Toyota - Expert Discovery


Nick:

Further to our conference call earlier today I understand that we will reconvene our discussions regarding scheduling of expert discovery on Friday. I know everyone indicated availability at 1 PM, but I have a slight conflict and would like to commence the call at 1:30 PM. Please let me know if that is a problem. The call-in information is as follows:

Call-in #: 877-380-2795
Conference Code: 9726161711

I have given a lot of thought to the matters we discussed today and believe there are basically three alternative approaches that exist to trying to get expert depositions conducted in this matter. In no particular order they are:

1. Proceed under the existing Court Orders. This seems like it would be extremely difficult to do, which of course lead to the alternative approaches discussed below. Still, if we have to proceed under those Orders, I believe that the only way to do so would be to get Plaintiffs' liability experts deposed as soon as possible. However, you have indicated that some of Plaintiffs' experts would not be available to be deposed in accordance with the deposition notices previously issued and for the first time today stated that your principal liability expert Keith Friedman was leaving the country in mid-December and not returning until January 14th. You also cryptically indicated that in some technical form or fashion you did not believe I or the Defendants had properly requested deposition dates for your designated experts. I can only assume that you are saying that my November 18th e-mail to you at 11:19 AM (to which you responded at 11:35 AM) wherein I asked that you "please provide alternative dates and locations for the depositions of each of Plaintiffs testifying experts" is technically deficient because the request came before your expert designation deadline of November 20th or because I did not enumerate by name the witnesses I wished to depose. While I continue to believe that the previously issued Notices are proper and are in effect (pending some agreement or Court Order), in the spirit of exploring all alternatives I hereby request pursuant to Paragraph I(2) of the Court's September 19, 2013 Amended Order and Discovery Protocol that Plaintiffs provide dates within 30 calendar days of this request, i.e. January 4, 2014, for the depositions of Keith Friedman, Rhoades Stephenson, Joseph Burton, Jeff Vick, Stan Smith, Darrell Henderson and Trudi Zapla. Given our discussions today, in order to comply with the Court's Order you will need to supply dates for Mr. Friedman to be deposed before he leaves for South Africa. This is the only way I can see for the parties to accomplish all expert depositions in compliance with the existing Court Orders. As for your request for my experts' depositions I again remind you I haven't made a final determination as to who they will be, but when I do designate them on December 20th I will supply you dates for their depositions within 30 days of that date, and in advance of the current expert deadline of January 17th.

2. Agree to an extension of deadlines as permitted by Paragraph 3 of the Court's Second Amended Scheduling Order of June 19, 2013. You proposed today that the parties agree to a 10 day extension to conduct expert witness discovery. In that regard you stated that you would produce Mr. Friedman and/or Mr. Stephenson for deposition commencing on Wednesday January 15th and acknowledged that it could take more than a day to depose those experts given the breadth of their multiple reports. You also acknowledged that Defendants' liability experts would only be presented for deposition after Plaintiffs' liability experts.  Your proposed 10 day extension would move the expert discovery deadline to January 27th. After hearing from all parties today, it appears there are a total of at least 10 defense experts that would need to address the myriad of issues raised by Mr. Friedman and/or Mr. Stephenson. Trying to shoe horn in that many depositions in various locations around the country within 5 business days would be difficult, if not impossible. Moreover, as I stated on the conference call I had only asked my prospective testifying experts for their availability to give a deposition up to and including the current expert discovery deadline of January 17th. I have begun contacting all of Toyota's prospective testifying experts to check on their availability for depositions in the 10 day expanded window you propose, and the short story is it doesn't look good. Due to pre-existing commitments at least 2 of my prospective experts would not have any possible availability until the week of February 3rd, and even that would require some serious re-working of their schedules. In sum, I don't believe a 10 day extension would be sufficient and if we are to proceed under this approach we would need to extend the expert deadline further, perhaps by 20 days or even more to fit the various experts' schedules. Also, if we are going to be moving that deadline, we will need to consider moving other deadlines, including those in Paragraph 3

(e). In sum, trying to move certain deadlines, piecemeal, seems problematic and, is in part, what has the parties in the current situation.

3. Agree to an Amended Scheduling Order which moves the trial date and expert discovery deadline approximately 60 days. This was John Carlson's proposal and while you indicated that your clients would not be amenable to such an approach, given the alternatives, which in the worst case scenario is going to possibly involve experts being struck, this is an approach that should be considered. I agree with John that if the parties were somehow able to come to an agreement and actually submit an Agreed Order to the Court, Judge Godbey, after he got over the initial shock that the parties finally agreed on something in this case, would likely enter the Agreed Order.

Nick, please accept this e-mail in the spirit it is intended. It is meant to be factual and in advance of Friday's call summarize the various alternatives discussed today. I hear you loud and clear that you don't believe these expert scheduling issues are Plaintiffs' fault. I'm sure you hear the Defendants being loud and clear that they don't believe these expert scheduling issues are Defendants' fault. But as you point out we are where we are, and it is the schedules of Plaintiffs' experts Keith Freidman and Rhoades Stephenson that are at the heart of these scheduling challenges.

I will continue to give thought to each of these approaches, will confer with my prospective experts as to their schedules, get input from my client, and remain open to other considerations, but hope that the foregoing provides some framework for our discussions on Friday.

Kurt

Kurt Christopher Kern
Managing Partner, Dallas
Bowman and Brooke LLP
2501 North Harwood Street, Suite 1700
Dallas, Texas 75201
Direct: 972.616.1711
Fax: 972.616.1701
KKern@BowmanandBrooke.com