IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **OLLIE GREENE**, *et al.,* | § § § | |
| Plaintiffs, | § | |
| v. | § § | |
| **TOYOTA MOTOR CORPORATION, et al.,** | § § | CAUSE NUMBER: 3:11-cv-0207-N |
| Defendants. | § § | |

**THE TOYOTA DEFENDANTS' RESPONSE TO PLAINTIFFS'
SUBMISSION REGARDING PLAINTIFFS' EMERGENCY MOTION TO QUASH**

TO THE HONORABLE COURT:

Defendants Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Engineering & Manufacturing North America, Inc. (collectively "the Toyota Defendants") file this their Response to Plaintiffs' Submission Regarding Plaintiffs' Emergency Motion to Quash December 23, 2013, and December 27, 2013, Subpoenas and Brief in Support, and for such would show as follows:

### I.   SUMMARY

Plaintiffs' motion to quash should be denied. The subpoenas and the previously issued underlying deposition notices comply with the Federal Rules of Civil Procedure, and were valid and enforceable.  Contrary to Plaintiffs' insinuations, no alternative deposition schedule has ever been agreed to by the parties and the Toyota Defendants have never represented that they were withdrawing the notices.  Plaintiffs waited for almost four full weeks after receiving notices of deposition to file a motion to quash regarding the related subpoenas less than two business days before the depositions were scheduled to begin.  Plaintiffs claim that they didn't believe such a Motion was necessary until they learned that the deponents had actually been subpoenaed commencing on December 13, 2013 (thus rendering moot any claim of Defendants failing to meet and confer regarding the quashing of the subpoenas, as any such meet and

confer, even if it had been requested, would not have been required to take place up until December 27, 2013).  In sum, the Toyota Defendants made arrangements to commence the depositions as properly scheduled, Plaintiffs offered no evidence as to the inability to present the first noticed and subpoenaed expert for deposition and despite repeated requests never provided timely alternative dates for the deposition of their experts.  Quashing the subpoenas and the depositions, as has now occurred as a practical matter, solidifies the need for a continuance of the trial date and pending deadlines in this matter.

## II.     RELEVANT BACKGROUND

On June 19, 2013, the Court entered its Second Amended Scheduling Order, which provides in relevant part, "a motion or objection to the taking of a deposition that is filed within three business days of the notice has the effect of staying the deposition pending court order on the motion or objection; otherwise the deposition will not be stayed except by court order." (Doc. No. 161 at 2).  On September 19, 2013, the Court entered its Amended Order and Discovery Protocol that provides once a written request for deposition of another party's witness has been made, within seven days of the request counsel for the producing party must provide at least five proposed dates for the deposition that are within thirty calendar days of the initial request.  (Doc. No. 200 at 1).

On October 15, 2013, the Toyota Defendants recognized that in light of the two requested extensions of time for the service of expert reports Plaintiffs received, it was going to be difficult, if not impossible, to complete expert discovery within the time limits provided under the Court's orders.  Accordingly, the Toyota Defendants requested dates for the depositions of Plaintiffs' experts in December 2013, recognizing they would finally provide expert reports on November 20, 2013. App. at 1.  The Toyota Defendants renewed their request on November 4, 2013 with a second letter.  App. at 3.  Plaintiffs repeatedly took the position that they were not sure who their experts would be, and would provide dates once they made that determination. On November 18, 2013, the Toyota Defendants once again requested deposition dates for

Plaintiffs' experts. App. at 5. Plaintiffs made their expert designation on November 20, 2013. On November 21, 2013, Plaintiffs offered "December 23, 27, 30 and January 2, 3, 6-10, and 13-16" as available dates for the depositions of their experts. Plfs' App. at 1. On November 22, 2013, the Toyota Defendants noticed Plaintiffs' experts for depositions on the globally offered dates. Plaintiffs did not file an objection or motion to quash the deposition within three business days of the service of the same.

Following the service of the notices, counsel for all parties participated in multiple conference calls and exchanged correspondence to discuss possible alternative schedules for the depositions, however, these discussions ultimately proved unfruitful. Throughout those discussions, the Toyota Defendants made clear that they were not withdrawing the deposition notices unless and until an alternative, acceptable schedule could be agreed upon. Moreover, the Toyota Defendants advised Plaintiffs on multiple occasions that if they did not intend to honor the properly served deposition notices that they would need to obtain a court order staying the depositions. *E.g.*, December 2, 2013 email correspondence, App. at 8-9 (stating, "in the absence of some Court order granting you relief…we will take the depositions as noticed.").

Subpoenas for Keith Friedman and Dr. Joseph Burton were issued from the United States District Court for the Northern District of Texas on December 13, 2013. Keith Friedman was served on December 13, 2013. Dr. Joseph Burton was served on December 16, 2013. Plaintiffs claim that the served subpoenas caused them to file their first "emergency" motion to quash on December 19, 2013, 27 days after the deposition notices were served, and less than two business days before the first of the depositions was scheduled to take place in Georgia. December 20, 2013 email correspondence from Nick Pittman, App. at 18. Plaintiffs never requested a meet and confer following service of the subpoenas. Plaintiffs' Emergency Motion to Quash was unfiled by the Court on December 20, 2013 for failing to comply with the Amended Order and Discovery Protocol. (Doc. No. 287). Plaintiffs then re-titled and re-submitted their now second Emergency Motion to Quash on December 20, 2013 as a portion of

a "Joint" submission. (Doc. No. 291). However, Plaintiffs never mentioned or proposed such a Joint Submission to the Toyota Defendants prior to filing it. December 20, 2013 email correspondence with Marie Ramos, App. at 22. The Court entered an Order on Saturday, December 21, 2013 staying all expert depositions that had previously been noticed and setting a hearing for January 2, 2014. (Doc. No. 297).

The current deadline for expert discovery is January 17, 2014. Plaintiffs have requested that Defendants make their experts available for deposition by that time. Given the stay put in place by the Court, the earliest any expert depositions could commence is January 3, 2014. December 17, 2013 letter of Aubrey "Nick" Pittman, App. at 14. There is simply insufficient time to complete all of the depositions because Plaintiffs have effectively prevented the defendants from deposing any of their experts for six weeks from when they issued their reports.

### III.   ARGUMENT

#### A.   The Deposition Notices are Proper under the Rules and Court's Orders.

The subpoenas and previously issued notices complied with the rules and the Court's orders. Plaintiffs do not contest that the deposition notices themselves comply with the applicable rules and court orders. The notices were properly served pursuant to Federal Rule of Civil Procedure 30 and for dates globally offered in Plaintiffs' November 21, 2013 correspondence. That correspondence is Plaintiffs only apparent attempt (which they now deny was an attempt) to comply with the Court's Discovery Protocol.

Plaintiffs' argument that the deposition subpoenas should be quashed because they do not comport with the proposed expert deposition schedule circulated by Plaintiffs and never agreed to by the parties is without merit. Contrary to Plaintiffs claim, the deposition dates were not arbitrarily selected by Toyota. The dates were globally provided by Plaintiffs in their November 21, 2013 correspondence. Plfs' App. at 1. The parties subsequently engaged in discussions regarding a possible alternative schedule. The Toyota Defendants consistently represented that the notices would not be withdrawn absent an agreement of the parties. In

fact, the Toyota Defendants repeatedly advised Plaintiffs of their need to timely obtain an order if they would not proceed with the depositions as noticed.

Plaintiffs now contend that they informed Burton and Friedman at some point that the date of their depositions was confirmed for January 6, 2014 and January 7, 2014. No agreement has ever been reached to conduct the depositions on those dates. It is no fault of the Toyota Defendants that Plaintiffs told their experts inaccurate information. The Toyota Defendants had repeatedly made clear that they intended to proceed with the depositions unless or until acceptable alternative dates for the depositions were agreed upon, or Plaintiffs obtained a court order granting relief from the noticed depositions. The fact that Plaintiffs misinformed their experts is not a valid reason for quashing the Toyota Defendants' properly issued deposition notices.

Likewise, Plaintiffs' contention that the witnesses have not been allowed a reasonable time to comply and the subpoenas place an undue burden upon the witnesses is without merit. The deposition notices were served November 22, 2013. Since that time, Plaintiffs have known, and Burton and Friedman have had constructive, if not actual, knowledge that their depositions were scheduled for Plaintiffs' proposed dates of December 23, 2013 and December 27, 2013. After Plaintiffs' counsels' threats to no-show for the properly noticed depositions, out of an abundance of caution, the Toyota Defendants had the witnesses subpoenaed to further ensure their attendance irrespective of Plaintiffs' counsels' actions, and to hopefully avoid the unnecessary expense and wasted time of having the parties appear for a properly scheduled deposition without the witness present.

### B. The Toyota Defendants have been Prejudiced by the Motion to Quash.

The Toyota Defendants have been prejudiced by the motion to quash. In fact, all defendants have been prejudiced because the unwarranted delay in commencing with expert depositions forces the parties to proceed under an unreasonably compressed schedule. The

prejudice to the Toyota Defendants is compounded by the unavailability of its counsel, David P. Stone, for most of the remaining time for expert depositions.

The motion to quash and resulting stay have forced the parties to proceed under an unreasonably compressed schedule. After the hearing on this motion, assuming the stay is lifted, there will be eleven business days remaining to conduct expert discovery. In that time, more than twenty expert depositions will need to be conducted. Proceeding under Plaintiffs' proposed schedule for the depositions alone would have prejudiced the defendants. That schedule allowed insufficient opportunity to complete full depositions of Plaintiffs' experts and for defendants to properly prepare their own. For example, Plaintiffs' schedule allows a single day for the deposition of Keith Friedman. Friedman authored four reports totaling hundreds of pages. Each report contained allegations unique to each set of defendants. The quashing of the subpoenas and January 2, 2014 hearing date for same has prevented the parties from proceeding under even that schedule. A new schedule would require more double or triple tracking of depositions than Plaintiffs' already unreasonable proposal. Consequently, it could deny the Toyota Defendants, and possibly others, the opportunity to depose one or more of Plaintiffs' experts at all.

Second, by delaying the depositions of Plaintiffs' liability experts, the Toyota Defendants are uniquely prejudiced. David P. Stone, counsel for the Toyota Defendants, will be out of the country on travel from January 6 to January 16, 2014. Declaration of David P. Stone, App. at 24-25. By not completing the depositions of Plaintiffs' liability experts as scheduled, lead counsel Kurt C. Kern will have to take the depositions of all of Plaintiffs' and Defendants' liability experts under the schedule created by Plaintiffs. Plaintiffs' proposed schedule would require Mr. Kern to depose Dr. Joseph Burton on January 6, 2014 in Alpharetta, Georgia, then Keith Friedman on January 7, 2014 in Austin, Texas and then Dr. Rhoads Stephenson on January 8, 2014, also in Austin, Texas. And yet Mr. Kern would also have to prepare and present the Toyota Defendants' biomechanical expert, Dr. Catherine Corrigan, for deposition on Thursday

January 9, 2014 in Philadelphia and then presumably depose Plaintiffs' expert Dr. Trudi Zaplac on Friday, January 10, 2014 in Houston, Texas. It is not certain that travel could be arranged to accommodate that schedule, but even if it could, it would place an undue burden on the Toyota Defendants' counsel and deny them of a full and fair deposition of Plaintiffs' witnesses.

The schedule for the week of January 13–17, 2014 is similarly prejudicial. Mr. Kern would be defending the depositions of six experts in a span of five days while travelling from Kansas City to Los Angeles, from Los Angeles to Phoenix, from Phoenix to Boston, and from Boston to Detroit. During that time depositions of four other experts, including one of Plaintiffs' experts would also be taking place in Arizona, Louisiana, and Detroit.

Plaintiffs' eleventh hour motion to quash the properly served subpoenas for previously noticed depositions has denied the Toyota Defendants a reasonable opportunity to depose Plaintiffs' experts and prepare their experts for deposition before the current expert discovery deadline. Additionally, the Toyota Defendants have incurred the cost of having the witnesses subpoenaed for the properly noticed depositions and attorneys' fees in responding to Plaintiffs' two emergency motions to quash the subpoenas. The Toyota Defendants should be reimbursed for these costs by Plaintiffs.

    **C.**    **The Toyota Defendants Have Not Violated the Discovery Protocol.**

The Toyota Defendants have not violated the Amended Order and Discovery Protocol. Plaintiffs allege that the Toyota Defendants have violated paragraph 17 of the order by failing to provide dates to confer on the motion to quash. Plaintiffs cite two pieces of correspondence as evidence that the Toyota Defendants "refused" to comply with paragraph 17.

The first evidence relied upon by Plaintiffs is a letter dated December 2, 2013. In that letter, counsel for Plaintiffs invited responses from defense counsel to four inquiries. (Doc. No. 291-1 at 2). The only of those four inquiries that comes close to a request for dates to confer on a motion to quash is number 4. That inquiry makes a conditional request for conference dates. The inquiry provided that if the Toyota Defendants would not either withdraw their notices **or**

confer with Plaintiffs' counsel regarding the scheduling of expert depositions, then they should provide dates. Plaintiffs' own submission memorializes that the Toyota Defendants did in fact confer with Plaintiffs regarding the scheduling of expert depositions on multiple occasions after December 2. Therefore, the condition precedent to Plaintiffs' request for meet and confer dates never materialized.

Second, Plaintiffs cite to an email in which Plaintiffs' counsel makes the self-serving statement that the Toyota Defendants "refused to schedule a face to face conference." Doc. No. 291-2 at 1. Plaintiffs' fail to note, however, the response by the Toyota Defendants' counsel. The first sentence of the response was "[a]s usual your e-mail is filled with inaccuracies that I will not take time to address, other than to simply note the only party in violation of the Court's Amended Order and Discovery Protocol is Plaintiff." (Doc. No. 291-2 at 1). Plaintiffs' bald assertion that the Toyota Defendants defied the Court's protocol does not make it so. In fact, the assertion was immediately denied by the Toyota Defendants. Moreover, any response Plaintiffs may have anticipated from an actual request for dates to confer on the motion, Plaintiffs simply never sent a request for the dates. Without a proper request pursuant to paragraph 16 of the Discovery Protocol, the obligation contained in paragraph 17 was never triggered and the Toyota Defendants could therefore not have violated it.

Third, and most telling, is that there was insufficient time for a conference before the actual motion before the Court was filed. Plaintiffs Motion is targeted at the subpoenas that were not issued until December 13, 2013. The first deposition was scheduled for December 23, 2013. Because Plaintiffs waited several weeks after the depositions were noticed, the Motion regarding the service of the subpoenas was necessarily going to be filed before the expiration of the fourteen day conference period. Plaintiffs delay in seeking the requested relief made it impossible for the Toyota Defendants to violate the Court's meet and confer process.

confer with Plaintiffs' counsel regarding the scheduling of expert depositions, then they should provide dates. Plaintiffs' own submission memorializes that the Toyota Defendants did in fact confer with Plaintiffs regarding the scheduling of expert depositions on multiple occasions after December 2. Therefore, the condition precedent to Plaintiffs' request for meet and confer dates never materialized.

Second, Plaintiffs cite to an email in which Plaintiffs' counsel makes the self-serving statement that the Toyota Defendants "refused to schedule a face to face conference." Doc. No. 291-2 at 1. Plaintiffs' fail to note, however, the response by the Toyota Defendants' counsel. The first sentence of the response was "[a]s usual your e-mail is filled with inaccuracies that I will not take time to address, other than to simply note the only party in violation of the Court's Amended Order and Discovery Protocol is Plaintiff." (Doc. No. 291-2 at 1). Plaintiffs' bald assertion that the Toyota Defendants defied the Court's protocol does not make it so. In fact, the assertion was immediately denied by the Toyota Defendants. Moreover, any response Plaintiffs may have anticipated from an actual request for dates to confer on the motion, Plaintiffs simply never sent a request for the dates. Without a proper request pursuant to paragraph 16 of the Discovery Protocol, the obligation contained in paragraph 17 was never triggered and the Toyota Defendants could therefore not have violated it.

Third, and most telling, is that there was insufficient time for a conference before the actual motion before the Court was filed. Plaintiffs Motion is targeted at the subpoenas that were not issued until December 13, 2013. The first deposition was scheduled for December 23, 2013. Because Plaintiffs waited several weeks after the depositions were noticed, the Motion regarding the service of the subpoenas was necessarily going to be filed before the expiration of the fourteen day conference period. Plaintiffs delay in seeking the requested relief made it impossible for the Toyota Defendants to violate the Court's meet and confer process.

___

**THE TOYOTA DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**SUBMISSION REGARDING PLAINTIFFS' EMERGENCY MOTION TO QUASH** **PAGE 8**

### D. Plaintiffs have failed to comply with the Amended Discovery Protocol.

Plaintiffs have failed to comply with the Court's Amended discovery protocol. Plaintiffs took the position that they need not provide dates for the depositions of their experts until after Plaintiffs' expert designations. Plaintiffs were in receipt of numerous requests from the Toyota Defendants and others by the time of their expert designations. Plaintiffs provided a letter with what purported to be available dates for the depositions of their experts the day after their expert disclosures. The dates provided were all more than thirty days after the date of the letter, meaning none complied with the Discovery Protocol's requirement that five dates be provided for within thirty days of the request. (Doc. No. 200 at 1; Doc. No. 286-1 at 1). Plaintiffs now deny that the dates referenced in the letter were actually offered by them for the depositions. Plaintiffs, however, made no other offer of dates whatsoever within five days of their expert disclosures. Taking their representation at face value, they have wholly failed to even attempt to comply with the Court's Discovery Protocol.

## IV.    PRAYER

The Toyota Defendants respectfully request that Plaintiffs' Emergency Motion to Quash December 23, 2013, and December 27, 2013, Subpoenas be denied, that Plaintiffs be ordered to pay the Toyota Defendants costs of having the subpoenas properly issued and served, that Plaintiffs be ordered to pay the Toyota Defendants' attorneys' fees incurred in responding to the emergency motions to quash, and for such other and further relief to which they may show themselves to be entitled.

Respectfully submitted,

*/s/ David P. Stone*
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 N. Harwood Street, Suite 1700
Dallas, Texas  75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR DEFENDANTS TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., AND TOYOTA MOTOR SALES, U.S.A., INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 27th day of December, 2013.

*/s/ David P. Stone*