**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **OLLIE GREENE**, *et al.*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CAUSE NUMBER: 3:11-cv-0207-N** |
| **v.** | § | |
| | § | |
| **TOYOTA MOTOR CORPORATION**, *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**APPENDIX IN SUPPORT OF THE TOYOTA DEFENDANTS' RESPONSE TO**
**PLAINTIFFS' SUBMISSION REGARDING PLAINTIFFS' EMERGENCY MOTION TO QUASH**

TO THE HONORABLE COURT:

COME NOW, Defendant Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Engineering & Manufacturing North America, Inc. (collectively "Toyota") and would respectfully show the Court as follows:

| EXHIBIT | DESCRIPTION | PAGE NUMBERS |
|---|---|---|
| Exhibit 1 | October 15, 2013 Letter from Toyota to Plaintiffs | APP 1-2 |
| Exhibit 2 | November 4, 2013 Letter from Toyota to Plaintiffs | APP 3-4 |
| Exhibit 3 | November 18, 2013 Email from Toyota to Plaintiffs | APP 5 |
| Exhibit 4 | November 21, 2013 correspondence from Plaintiffs | APP 6-7 |
| Exhibit 5 | December 2, 2013 Email correspondence | APP 8-11 |
| Exhibit 6 | December 4, 2013 Email from Toyota | APP 12-13 |
| Exhibit 7 | December 17, 2013 Letter of Aubrey "Nick" Pittman | APP 14-16 |
| Exhibit 8 | December 20, 2013 Email from Toyota | APP 17 |
| Exhibit 9 | December 20, 2013 Email from Plaintiff | APP 18-20 |
| Exhibit 10 | December 20, 2013 Email from Toyota | APP 21 |
| Exhibit 11 | December 20, 2013 Email from Toyota to Marie Ramos | APP 22-23 |
| Exhibit 12 | Declaration of David P. Stone | APP 24-25 |

Respectfully submitted,

*/s/ David P. Stone*
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 North Harwood Street, Suite 1700
Dallas, Texas  75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR DEFENDANTS
TOYOTA MOTOR CORPORATION,
TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA,
INC., AND TOYOTA MOTOR SALES,
U.S.A., INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 27th day of December, 2013.

*/s/ David P. Stone*



## **Bowman and Brooke** LLP
### *Attorneys at Law*

2501 North Harwood Street, Suite 1700
Dallas, TX 75201
Main: 972.616.1700
Fax: 972.616.1701
www.bowmanandbrooke.com

Jude T. Hickland
Direct: 972.616.1754
Email: jude.hickland@bowmanandbrooke.com

October 15, 2013

**Via Email**
Mr. Aubrey "Nick" Pittman
The Pittman Law Firm, P.C.
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
pittman@thepittmanlawfirm.com

**Via Email**
Mr. Daryl K. Washington
Law Offices of Daryl K. Washington, P.C.
325 N. St. Paul, Suite 1975
Dallas, Texas 75201
dwashington@dwashlawfirm.com

Re:   Cause No. 3-1-CV-0207-N;
       **Ollie Greene, et al v. Toyota Motor Corporation, et al,** In the United States
       District Court for the Northern District of Texas, Dallas Division

Dear Counsel:

Given the approaching deadlines in this case and to prevent any unnecessary delay, I write regarding the scheduling of expert depositions. The Toyota Defendants are currently working to secure dates that their experts can be made available for deposition on or before the January 9, 2014 deadline. Please advise of what dates your experts can be made available for deposition after their reports have been served, including any dates during the week of December 16, 2013, December 30, 2013 and 31, 2013.

Thank you for your consideration and cooperation.

Sincerely,

Jude T. Hickland

JTH

October 15, 2013
Page 2 of 2

cc:    Randy Howry - Via email at rhowry@howrybreen.com
       Pat Fitzgerald - Via email at pfitzgerald@howrybreen.com
       John Carlson - Via email at jcarlson@howrybreen.com
       S. Todd Parks - Via email at todd.parks@wbclawfirm.com
       Jason L. Wren - Via email at Jason.wren@wbclawfirm.com
       Ashley De La Cerda - Via email at Ashley.delaCerda@wbclawfirm.com
       Donald H. Dawson, Jr. - Via email at ddawson@dawson-clark.com
       Kathleen A. Clark - Via kclark@dawson-clark.com
       Michael P. Sharp - Via email at msharp@feesmith.com
       Scott W. Self - Via email at sself@feesmith.com
       John S. Kenefick - Via email at jkenefick@macdonalddevin.com
       Joseph F. Henderson - Via email at jhenderson@macdonalddevin.com



# Bowman and Brooke LLP

*Attorneys at Law*

2501 North Harwood Street, Suite 1700
Dallas, TX 75201
Main: 972.616.1700
Fax: 972.616.1701
www.bowmanandbrooke.com

Jude T. Hickland
Direct: 972.616.1754
Email: jude.hickland@bowmanandbrooke.com

November 4, 2013

**Via Email**
Mr. Aubrey "Nick" Pittman
The Pittman Law Firm, P.C.
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
pittman@thepittmanlawfirm.com

Re:   Cause No. 3:11-CV-0207-N;
      ***Ollie Greene, et al v. Toyota Motor Corporation, et al,*** In the United States
      District Court for the Northern District of Texas, Dallas Division

Dear Counsel:

I am writing in response to your October 16, 2013 letter regarding the scheduling of expert depositions. I understand that you are having your experts hold dates following the dissemination of expert reports, and we have contacted our experts in order to do the same.

The approaching deadlines, however, leave us with a limited window in which to conduct the numerous expert depositions required in this case. The schedule is further tightened by the multiple holidays that fall between the dissemination of expert reports and the discovery deadline. It appears that the best, if not only workable schedule would be to conduct the depositions of all Plaintiffs' experts during the week of December 16, 2013. Please confirm that dates during that week are being held by you and your experts for their depositions. We do not request or expect you to identify experts by name at this time, but would like that general confirmation. We, of course, will be noticing your experts for deposition upon receipt of their reports and will need that specific information as well as the preferred location for each of the depositions at that time. We will reciprocate with dates in January 2014 for the depositions of our experts.

Thank you for your cooperation.

Sincerely,

*Jude T. Hickland*

Jude T. Hickland

JTH

MINNEAPOLIS     PHOENIX     DETROIT     SAN JOSE

LOS ANGELES     RICHMOND     COLUMBIA     **DALLAS**     AUSTIN

November 4, 2013
Page 2 of 2

cc:    Daryl K. Washington – Via email at dwashington@dwashlawfirm.com
       Randy Howry - Via email at rhowry@howrybreen.com
       Pat Fitzgerald - Via email at pfitzgerald@howrybreen.com
       John Carlson - Via email at jcarlson@howrybreen.com
       S. Todd Parks - Via email at todd.parks@wbclawfirm.com
       Ashley De La Cerda - Via email at Ashley.delaCerda@wbclawfirm.com
       Donald H. Dawson, Jr. - Via email at ddawson@dawson-clark.com
       Kathleen A. Clark - Via email at kclark@dawson-clark.com
       Michael P. Sharp - Via email at msharp@feesmith.com
       Scott W. Self - Via email at sself@feesmith.com
       John S. Kenefick - Via email at jkenefick@macdonalddevin.com
       Joseph F. Henderson - Via email at jhenderson@macdonalddevin.com

APP 4

## Kurt C. Kern

| | |
|---|---|
| **From:** | Kurt C. Kern |
| **Sent:** | Monday, November 18, 2013 11:19 AM |
| **To:** | 'Kathleen Clark'; Aubrey "Nick" Pittman; Mary Lindsey; Don Dawson |
| **Cc:** | 'Daryl Washington'; sself@feesmith.com; 'Diana Holder'; rhowry@howrybreen.com; jkenefick@macdonalddevin.com; 'Julie Ritch'; todd.parks@wbclawfirm.com; 'Ashley De la Cerda'; 'Jennifer French'; Matthew Woodworth |
| **Subject:** | RE: Greene v Toyota, et al |

Nick:

Just to echo Kathleen's request (and the earlier requests from our office, i.e., see correspondence from Jude Hickland dated October 15 and November 4) we would again request that you provide some alternative dates for the depositions of your experts. I saw in one of your e-mails today that you will provide dates once you determine who your testifying experts are. Given that your expert reports are due to be provided tomorrow I'm reasonably certain you know who Plaintiffs will use as testifying experts in this case. As we have repeatedly discussed (as well as seen in conjunction with coordination of other depositions), scheduling all of the expert discovery that needs to be done in the limited time frame available, taking into account the witnesses' availability along with all the schedules of all the attorneys involved in this case, is going to be a very challenging undertaking. Accordingly, either today, or tomorrow when you formally produce their reports please provide alternative dates and locations for the depositions of each of Plaintiffs testifying experts. Thanks.

Kurt

**From:** Kathleen Clark [mailto:kathleen@dawson-clark.com]
**Sent:** Monday, November 18, 2013 10:32 AM
**To:** Aubrey "Nick" Pittman; Mary Lindsey; Don Dawson
**Cc:** 'Daryl Washington'; Kurt C. Kern; sself@feesmith.com; 'Diana Holder'; rhowry@howrybreen.com; jkenefick@macdonalddevin.com; 'Julie Ritch'; todd.parks@wbclawfirm.com; 'Ashley De la Cerda'; 'Jennifer French'; Matthew Woodworth
**Subject:** RE: Greene v Toyota, et al

Mr. Pittman:

As I told you, Mr. Parks' office is working hard to confirm the answer to your inquiry.   I am reasonably confident they will have your answer very soon.    As I understand the court's Amended Order and Discovery Protocol dated 9/19/13, a face-to-face meet and confer is mandatory prior to filing any discovery motion.   I trust you will comply with the court's order.    If you wish to demand one now, that request should be made to Mr. Parks.

We emailed, and mailed a hard copy, of a demand for expert dates to you on November 7.   Under the Court's Amended Order and Discovery Protocol dated 9/19/13,  your response providing five possible dates for depositions of each of your experts (to be conducted no later than 30 days after November 7), was required 7 calendar days, or by November 14.   We have not received a response.    We would appreciate it if you would remedy this forthwith.

Kathleen A. Clark
**Dawson & Clark, P.C.**
243 W Congress Ave, Ste 600
Detroit, MI 48225
313-256-8900;  Fax 313-256-8913
kclark@dawson-clark.com

1

APP 5

To:   Page 2 of 3                           2013-11-21 20:59:49 (GMT)                      From: Aubrey Pitt

# The Pittman Law Firm, P.C.

## ATTORNEYS AT LAW

AUBREY "NICK" PITTMAN
DIRECT DIAL (214) 459-3325

November 21, 2013

**VIA EMAIL AND FAX**
Kathleen A. Clark
**DAWSON & CLARK, P.C.**
243 West Congress, 600 Marquette Bldg.
Detroit MI 48266-6243

Jude T. Hickland
**BOWMAN AND BROOKE, LLP**
2501 North Harwood St., Suite 1700
Dallas, TX 75201

> RE:   *Ollie Greene, et al v. Toyota Motor Corporation et al*; Cause No. 3:11-cv-00207-N
> in the USDC for the Northern District of Texas, Dallas Division.

Dear Counsel:

I am writing in response to Ms. Clark's and Mr. Hickland's letters regarding scheduling expert depositions in this matter. Subject to changes that may be necessitated as a result of potential Court rulings on matters currently before it, Plaintiffs propose the following arrangements for expert discovery:

First, in light of the seemingly constricted schedule for expert depositions, Plaintiffs propose that all expert depositions take place in Dallas, where the lawsuit is pending. Considering that all parties (except Volvo) have counsel in Dallas, it would be more efficient to fly one expert into DFW, if necessary, than to have six (6) or more counsels flying across the country, wasting valuable days traveling instead of taking depositions. The depositions can all take place at a central location, e.g., at the offices of Toyota's counsel, Fayard's counsel, Strick's counsel, Plaintiffs' counsel, or a neutral location in Dallas.

Second, Plaintiffs propose conducting depositions of Plaintiffs' experts and Defendants' experts on back-to-back days. That way, we can allow experts to set aside consecutive days to be deposed and attend his/her adversary's deposition. Thus, Plaintiffs propose the following plan:

    a.      Assuming Defendants, collectively, determine you wish to depose experts before rebuttal reports are served, the available dates appear to be December 23, 27, 30 and January 2, 3, 6-10, and 13-16. The deposition schedule would tentatively be set up on consecutive days as follows:

    1.      Day 1: Plaintiffs' Expert (Issue 1)
    2.      Day 2: Defendants' experts (Issue 1)
    3.      Day 3: Defendants' remaining experts (Issue 1)

**The Pittman Law Firm, P.C.**

100 Crescent Court, Suite 700 • Dallas, Texas 75201 • 214-459-3454 tel • 214-853-5912 fax
Dallas • Houston • www.thepittmanlawfirm.com

Letter to Hickland and Clark
November 21, 2013
Page 2

| | | |
|---|---|---|
| 4. | Day 4: | Plaintiffs' Expert (Issue 2) |
| 5. | Day 5: | Defendants' experts (Issue 2) |
| 6. | Day 6: | Defendants' remaining experts (Issue 2) |
| 7. | Day 7: | Plaintiffs' Expert (Issue 3) |
| 8. | Day 8: | Defendants' experts (Issue 3) |
| 9. | Day 9: | Defendants' remaining experts (Issue 3) |
| 10. | Day 10: | Plaintiffs' Expert (Issue 4) |
| 11. | Day 11: | Defendants' experts (extended day) (Issue 4) |
| 12. | Day 12: | Plaintiffs' Expert (Issue 5) |
| 13. | Day 13: | Defendants' experts (extended day) (Issue 5) |
| 14. | Day 14: | Plaintiffs' Expert (Issue 6) |
| 15. | Day 15: | Defendants' experts (extended day) (Issue 6) |

     b.     On the other hand, if Defendants, collectively, prefer to take the depositions of the experts "after" rebuttal reports have been served, Plaintiffs would still insist on an alternating schedule of Plaintiffs' and Defendants' experts by Issue. However, the schedule would be a little more compacted. Depositions would have to be set to take place on January 6-10 and 13-17. We could also discuss whether we should schedule one or more of the depositions on Saturdays.

     For your information, the references above as Issue 1, Issue 2, etc. are not meant to denote any particular issue or expert. It is just a placeholder for now. As far as which experts are deposed during which stretch, it would depend on the availability of the burden of proof expert and his/her corresponding opposing expert on the following day.

     Plaintiffs believe this to be only proposal that would work, considering the current Scheduling Order. Therefore, we encourage you to work within this framework and ask your experts to set aside these dates upon which they can be deposed.

Sincerely,

Aubrey "Nick" Pittman

cc:    All Counsel

**The Pittman Law Firm, P.C.**
100 Crescent Court, Suite 700 • Dallas, Texas 75201 • 214-459-3454 tel • 214-853-5912 fax
Dallas • Houston • www.thepittmanlawfirm.com

## Jude T. Hickland

| | |
|---|---|
| **From:** | Kurt C. Kern |
| **Sent:** | Monday, December 02, 2013 2:47 PM |
| **To:** | Aubrey "Nick" Pittman |
| **Cc:** | Robin L. Hart; dwashington@dwashlawfirm.com; rhowry@howrybreen.com; pfitzgerald@howrybreen.com; jcarlson@howrybreen.com; todd.parks@wbclawfirm.com; ashley.delacerda@wbclawfirm.com; ddawson@dawson-clark.com; kclark@dawson-clark.com; msharp@feesmith.com; ssel@feesmith.com; jkenefick@macdonalddevin.com; jhenderson@macdonalddevin.com; Brian E. Mason; David Stone; Donna M. Struke; Jama S. Reynolds; Jude T. Hickland; Julia A Campbell; Kelli Spencer; Kim Weiner |
| **Subject:** | RE: Greene v Toyota: December 2, 2013, correspondence regarding scheduling expert depositions |

Nick:

I'm in receipt of your referenced correspondence. As I indicated in my e-mail of Thursday I'm glad to discuss these issues if you desire, but in the meantime let me answer the questions you posed in your letter as follows:

1. As previously stated I will not voluntarily withdraw the Notices. They were properly issued. But as noted in my initial transmittal of the Notices if your witnesses are available on the dates noticed in a different order than noticed I will certainly work with you in coordinating the order of the witnesses on the dates noticed. And to clarify, I did not issue the Notices on behalf of all Defendants (and accordingly your request for them to voluntarily withdraw my Notices is misplaced), rather as set forth in earlier correspondence I communicated with Defendants' counsel to confirm their availability for deposition on the dates proposed in your correspondence of November 21, 2013.

2. Your request for dates for Defendants' expert's depositions, consistent with the position you took in response to our repeated requests for you to provide dates for your expert's depositions in advance of production of their reports, is premature. Per your own interpretation of the Amended Order on Discovery Protocol the parties do not have to provide dates for their experts' depositions until such time as a final determination is made as to what experts will actually be designated, which for Plaintiffs was November 20th and for Defendants is December 20th. I'm sure you'll recall I repeatedly proposed that you give us dates for your expert's depositions (even if you would not identify the experts by name) in advance of their report date. I was hoping that everyone could coordinate their calendars more efficiently in that matter. You declined to provide dates until November 21st, the day after you designated experts. We will do likewise.

3. I am glad to participate in a conference call to see what, if any, agreements can be arrived at regarding expert discovery. Let me know when you would like to coordinate such a call.

4. As noted I'm willing to participate in a conference call regarding expert discovery, but as I have stated on prior occasions your multiple requests to extend Plaintiffs' expert deadlines, combined with your decision not to give us dates for your expert depositions until November 21st, is going to make scheduling very challenging. This is particularly so, since your requested extensions have pushed expert discovery squarely into the Christmas and New Year's Holidays. Again, I'm glad to discuss this in a call at your convenience. As for a Meet and Confer regarding the Toyota Defendant's Notices, I have not provided with you dates for same because no Meet and Confer on this issue is necessary or even contemplated by the Court's (both Judge Godbey and Judge Ramirez's) Orders. Judge Ramirez's final Order set up a definitive process by which depositions would be scheduled. Since you have the Order there is no reason for me to set forth the process here, but bottom line is her procedure provided a format by which depositions of witnesses, including the dates upon which same would take place, would in effect be scheduled by agreement. When you offered dates for your experts' depositions on November 21st, even though it was not in strict compliance with our myriad requests for same or

1

the letter of the Court's Order, I corresponded to you noting I construed the dates provided as a good faith effort to comply with the Court's Order. Accordingly, I issued Notices that were in effect agreed to, despite your position to the contrary now. In short, you either violated the Court's Order in failing to give us dates, or as I gave you the benefit of the doubt, complied with the spirit of the Court's Order and gave us dates that we then noticed for deposition. Finally, if you did not believe that the Notices were properly issued you were obligated under Judge Godbey's Second Amended Scheduling Order dated June 19th, to file a Motion to Quash within 3 business days of your receipt of the Notices. This you failed to do. Accordingly, in the absence of some Court Order granting you relief from Judge Godbey's prior Order we will take the depositions as noticed.

Kurt

**From:** Aubrey "Nick" Pittman [mailto:pittman@thepittmanlawfirm.com]
**Sent:** Monday, December 02, 2013 8:28 AM
**To:** Kurt C. Kern
**Cc:** Robin L. Hart; dwashington@dwashlawfirm.com; rhowry@howrybreen.com; pfitzgerald@howrybreen.com; jcarlson@howrybreen.com; todd.parks@wbclawfirm.com; ashley.delacerda@wbclawfirm.com; ddawson@dawson-clark.com; kclark@dawson-clark.com; msharp@feesmith.com; sself@feesmith.com; jkenefick@macdonalddevin.com; jhenderson@macdonalddevin.com; Brian E. Mason; David Stone; Donna M. Struke; Jama S. Reynolds; Jude T. Hickland; Julia A Campbell; Kelli Spencer; Kim Weiner
**Subject:** Greene v Toyota: December 2, 2013, correspondence regarding scheduling expert depositions

Please find attached a copy of my correspondence of today's date regarding Mr Kern's Thanksgiving Day email (below) and Ms. Clark's December 2, 2013 email

**From:** Kurt C. Kern [mailto:Kurt.Kern@bowmanandbrooke.com]
**Sent:** Thursday, November 28, 2013 2:41 PM
**To:** Aubrey Nick Pittman
**Cc:** Robin L. Hart; dwashington@dwashlawfirm.com; rhowry@howrybreen.com; pfitzgerald@howrybreen.com; jcarlson@howrybreen.com; todd.parks@wbclawfirm.com; ashley.delacerda@wbclawfirm.com; ddawson@dawson-clark.com; kclark@dawson-clark.com; msharp@feesmith.com; sself@feesmith.com; jkenefick@macdonalddevin.com; jhenderson@macdonalddevin.com; Brian E. Mason; David Stone; Donna M. Struke; Jama S. Reynolds; Jude T. Hickland; Julia A Campbell; Kelli Spencer; Kim Weiner
**Subject:** Re: Greene v Toyota: November 27, 2013, correspondence regarding scheduling expert depositions

Nick:

I was traveling across the country yesterday afternoon when you sent your referenced fax. I've had an opportunity to review your correspondence now and rather than articulate all the disagreements I have with it, I'll simply say we are standing by our previously and properly issued deposition notices. I will gladly discuss this with you after the Holiday weekend, but at this point we need to go forward with the depositions as noticed. Setting aside the adversarial process that is our profession, I hope you have a healthy and Happy Thanksgiving.

Kurt

Sent from my wireless device
Please excuse brevity, typos, etc.

On Nov 27, 2013, at 11:53 AM, "Aubrey "Nick" Pittman" <pittman@thepittmanlawfirm.com> wrote:

Counsel:

Please find attached a copy of correspondence sent by fax today to Kathleen Clark and Kurt Kern regarding scheduling expert depositions in this matter.

Regards,

Aubrey "Nick" Pittman,
**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court
Suite 700
Dallas, Texas 75201
(214) 459-3454
(214) 853-5912 (fax)
pittman@thepittmanlawfirm.com

**NOTE:**

3

Ce courriel est confidentiel et protégé. L'expéditeur ne renonce pas aux droits et obligations qui s'y rapportent. Toute diffusion, utilisation ou copie de ce message ou des renseignements qu'il contient par une personne autre que le (les) destinataire(s) désigné(s) est interdite. Si vous recevez ce courriel par erreur, veuillez m'en aviser immédiatement, par retour de courriel ou par un autre moyen.

**CIRCULAR 230 NOTICE**: To ensure compliance with requirements imposed by U.S. Treasury Regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message and any attachments to it may contain PRIVILEGED AND CONFIDENTIAL ATTORNEY CLIENT INFORMATION AND/OR ATTORNEY CORE WORK PRODUCT and is intended only for the use of the specific individual(s) to which it is addressed. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use, dissemination or copying of this e-mail or the information contained in it or attached to it is strictly prohibited. If you have received this e-mail in error, please delete it and immediately notify the person named above by reply e-mail. Thank you.

<Fax of November 27, 2013, letter to Kathleen Clark and Kurt Kern regarding scheduling expert depositions.pdf>

---

Note: This electronic mail is intended to be received and read only by certain individuals. It may contain information that is attorney-client privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you have received this in error, please notify me by replying and then delete both the message and reply. Thank you.

4

## Kurt C. Kern

| | |
|---|---|
| **From:** | Kurt C. Kern |
| **Sent:** | Wednesday, December 04, 2013 7:09 PM |
| **To:** | 'Aubrey "Nick" Pittman'; 'Kathleen Clark' |
| **Cc:** | Robin L. Hart; dwashington@dwashlawfirm.com; rhowry@howrybreen.com; pfitzgerald@howrybreen.com; jcarlson@howrybreen.com; 'Network Administrator'; ashley.delacerda@wbclawfirm.com; 'Don Dawson'; msharp@feesmith.com; sself@feesmith.com; jkenefick@macdonalddevin.com; jhenderson@macdonalddevin.com; Brian E. Mason; David Stone; Donna M. Struke; Jama S. Reynolds; Jude T. Hickland; Julia A Campbell; Kelli Spencer; Kim Weiner |
| **Subject:** | Greene v Toyota - Expert Discovery |

Nick:

Further to our conference call earlier today I understand that we will reconvene our discussions regarding scheduling of expert discovery on Friday. I know everyone indicated availability at 1 PM, but I have a slight conflict and would like to commence the call at 1:30 PM. Please let me know if that is a problem. The call-in information is as follows:

Call-in #: 877-380-2795
Conference Code: 9726161711

I have given a lot of thought to the matters we discussed today and believe there are basically three alternative approaches that exist to trying to get expert depositions conducted in this matter. In no particular order they are:

1. Proceed under the existing Court Orders. This seems like it would be extremely difficult to do, which of course lead to the alternative approaches discussed below. Still, if we have to proceed under those Orders, I believe that the only way to do so would be to get Plaintiffs' liability experts deposed as soon as possible. However, you have indicated that some of Plaintiffs' experts will not be available to be deposed in accordance with the deposition notices previously issued and for the first time today stated that your principal liability expert Keith Friedman was leaving the country in mid-December and not returning until January 14th. You also cryptically indicated that in some technical form or fashion you did not believe I or the Defendants had properly requested deposition dates for your designated experts. I can only assume that you are saying that my November 18th e-mail to you at 11:19 AM (to which you responded at 11:35 AM) wherein I asked that you "please provide alternative dates and locations for the depositions of each of Plaintiffs testifying experts" is technically deficient because the request came before your expert designation deadline of November 20th or because I did not enumerate by name the witnesses I wished to depose. While I continue to believe that the previously issued Notices are proper and are in effect (pending some agreement or Court Order), in the spirit of exploring all alternatives I hereby request pursuant to Paragraph I(2) of the Court's September 19, 2013 Amended Order and Discovery Protocol that Plaintiffs provide dates within 30 calendar days of this request, i.e. January 4, 2014, for the depositions of Keith Friedman, Rhoades Stephenson, Joseph Burton, Jeff Vick, Stan Smith, Darrell Henderson and Trudi Zapla. Given our discussions today, in order to comply with the Court's Order you will need to supply dates for Mr. Friedman to be deposed before he leaves for South Africa. This is the only way I can see for the parties to accomplish all expert depositions in compliance with the existing Court Orders. As for your request for my experts' depositions I again remind you I haven't made a final determination as to who they will be, but when I do designate them on December 20th I will supply you dates for their depositions within 30 days of that date, and in advance of the current expert deadline of January 17th.

2. Agree to an extension of deadlines as permitted by Paragraph 3 of the Court's Second Amended Scheduling Order of June 19, 2013. You proposed today that the parties agree to a 10 day extension to conduct expert witness discovery. In that regard you stated that you would produce Mr. Friedman and/or Mr. Stephenson for

1

deposition commencing on Wednesday January 15th and acknowledged that it could take more than a day to depose those experts given the breadth of their multiple reports. You also acknowledged that Defendants' liability experts would only be presented for deposition after Plaintiffs' liability experts. Your proposed 10 day extension would move the expert discovery deadline to January 27th. After hearing from all parties today, it appears there are a total of at least 10 defense experts that would need to address the myriad of issues raised by Mr. Friedman and/or Mr. Stephenson. Trying to shoe horn in that many depositions in various locations around the country within 5 business days would be difficult, if not impossible. Moreover, as I stated on the conference call I had only asked my prospective testifying experts for their availability to give a deposition up to and including the current expert discovery deadline of January 17th. I have begun contacting all of Toyota's prospective testifying experts to check on their availability for depositions in the 10 day expanded window you propose, and the short story is it doesn't look good. Due to pre-existing commitments at least 2 of my prospective experts would not have any possible availability until the week of February 3rd, and even that would require some serious re-working of their schedules. In sum, I don't believe a 10 day extension would be sufficient and if we are to proceed under this approach we would need to extend the expert deadline further, perhaps by 20 days or even more to fit the various experts' schedules. Also, if we are going to be moving that deadline, we will need to consider moving other deadlines, including those in Paragraph 3 (e). In sum, trying to move certain deadlines, piecemeal, seems problematic and, is in part, what has the parties in the current situation.

3. Agree to an Amended Scheduling Order which moves the trial date and expert discovery deadline approximately 60 days. This was John Carlson's proposal and while you indicated that your clients would not be amenable to such an approach, given the alternatives, which in the worst case scenario is going to possibly involve experts being struck, this is an approach that should be considered. I agree with John that if the parties were somehow able to come to an agreement and actually submit an Agreed Order to the Court, Judge Godbey, after he got over the initial shock that the parties finally agreed on something in this case, would likely enter the Agreed Order.

Nick, please accept this e-mail in the spirit it is intended. It is meant to be factual and in advance of Friday's call summarize the various alternatives discussed today. I hear you loud and clear that you don't believe these expert scheduling issues are Plaintiffs' fault. I'm sure you hear the Defendants being loud and clear that they don't believe these expert scheduling issues are Defendants' fault. But as you point out we are where we are, and it is the schedules of Plaintiffs' experts Keith Freidman and Rhoades Stephenson that are at the heart of these scheduling challenges.

I will continue to give thought to each of these approaches, will confer with my prospective experts as to their schedules, get input from my client, and remain open to other considerations, but hope that the foregoing provides some framework for our discussions on Friday.

Kurt

Kurt Christopher Kern
Managing Partner, Dallas
Bowman and Brooke LLP
2501 North Harwood Street, Suite 1700
Dallas, Texas 75201
Direct: 972.616.1711
Fax: 972.616.1701
KKern@BowmanandBrooke.com

2



# The Pittman Law Firm, P.C.

## ATTORNEYS AT LAW

AUBREY "NICK" PITTMAN
DIRECT DIAL (214) 459-3325

December 17, 2013

**VIA FACSIMILE AND EMAIL**

David Stone
Kurt Kern
**BOWMAN AND BROOKE, LLP**
2501 North Harwood St., Suite 1700
Dallas, Texas 75201

Pat Fitzgerald
Randy Howry
**HOWRY BREEN & HERMAN, L.L.P.**
1900 Pearl Street
Austin, Texas 78705-5408

S. Todd Parks
Ashley E de la Cerda
**WALTERS, BALIDO & CRAIN, L.L.P.**
900 Jackson Street, Suite 600
Dallas, Texas 75202

John S. Kenefick
**MACDONALD DEVIN, P.C.**
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270

Scott W. Self
**FEE, SMITH, SHARP & VITULLO, LLP**
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 752440

Kathleen A. Clark
Don Dawson
**DAWSON & CLARK, P.C.**
243 West Congress, 600 Marquette Bldg.
Detroit MI 48266-6243

RE:   *Ollie Greene, et al v. Toyota Motor Corporation et al*; Cause No. 3:11-cv-00207-N in the United States District Court for the Northern District of Texas, Dallas Division.

Dear Counsel:

As you know, on November 27, 2013, and again on December 2, 2013, Plaintiffs asked Toyota and the other Defendants for the identity of each of your experts and 5 dates upon which each expert could be deposed. None of the Defendants has provided this information. Please accept this as a final request that, in accordance with the Court's Amended Order on Discovery Protocol each Defendant provide Plaintiffs with the name of your expert(s) and "at least 5 proposed dates for the individual's deposition that are within 30 calendar days of the initial request for the deposition. The Producing Party shall keep the dates provided available for at least 5 calendar days after providing them."

As you also know, expert discovery closes on or about January 17, 2014. If we do not receive 5 dates from each of you as required by the Court's Order we will bring your noncompliance to the Court's attention and seek the maximum sanctions available for your contempt.

**The Pittman Law Firm, P.C.**
100 Crescent Court, Suite 700 • Dallas, Texas 75201 • 214-459-3454 tel • 214-853-5912 fax
Dallas • Houston • www.thepittmanlawfirm.com

To:   Page 3 of 3                    2013-12-16 02:29:41 (GMT)                    From: Aubrey Nick Pittman

**Letter to all counsel**
**December 17, 2013**
**Page 2**

We look forward to receiving your prompt responses.

Sincerely,

Aubrey "Nick" Pittman

**The Pittman Law Firm, P.C.**
100 Crescent Court, Suite 700 ● Dallas, Texas 75201 ● 214-459-3454 tel ● 214-853-5912 fax
Dallas ● Houston ● www.thepittmanlawfirm.com

# The Pittman Law Firm, P.C.
### 100 CRESCENT COURT, SUITE 700
### Dallas, TX 75201
### (214) 459-3454
### (214) 853-5912 (fax)

## FACSIMILE TRANSMITTAL COVER SHEET

| | |
|---|---|
| TO: **Kurt Kerns/David Stone** | FACSIMILE: 972-616-1701 |
| COMPANY: Bowman and Brooke, LLP | TELEPHONE: 972-616-1700 |
| TO: **Pat Fitzgerald/Randy Howry** | FACSIMILE: 512-474-8557 |
| COMPANY: Howry Breen & Herman, LLP | TELEPHONE: 512-474-7300 |
| TO: **Kathleen Clark/Don Dawson** | FACSIMILE: 313-256-8913 |
| COMPANY: Dawson & Clark, P.C. | TELEPHONE: 313-256-8900 |
| TO: **John Kenefick** | FACSIMILE: 214-747-0942 |
| COMPANY: Macdonald Devin, P.C. | TELEPHONE: 214-744-3300 |
| **Todd Parks/Ashley de la Cerda** | FACSIMILE: 214-760-1670 |
| COMPANY: Walters, Balido & Crain, LLP | TELEPHONE: 214-749-4805 |
| TO: **Michael Sharp/Scott Self** | FACSIMILE: 972-934-9200 |
| COMPANY: Fee, Smith, Sharp & Vitullo, LLP | TELEPHONE: 972-934-9100 |
| FROM: Aubrey "Nick" Pittman | SENDER'S FACSIMILE NUMBER: 214-853-5912 |
| COMPANY: THE PITTMAN LAW FIRM, P.C. | DATE/TIME: December 17, 2013 |
| TELEPHONE NUMBER: (214) 459-3454 | CLIENT/MATTER NUMBER: 00179/0002 |
| TOTAL NUMBER OF PAGES, INCLUDING COVER: 3 | CC: |

☑ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

*Confidentiality Notice: This transmission is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and we will arrange for the return of this transmission to us at the above address by mail*

## Kurt C. Kern

| | |
|---|---|
| **From:** | Kurt C. Kern |
| **Sent:** | Friday, December 20, 2013 12:14 AM |
| **To:** | Aubrey "Nick" Pittman (pittman@thepittmanlawfirm.com) |
| **Cc:** | dwashington@dwashlawfirm.com; David Stone; Jude T. Hickland; Brian E. Mason; Pat Fitzgerald (pfitzgerald@howrybreen.com); John Carlson (jcarlson@howrybreen.com); Randy Howry (rhowry@howrybreen.com); Don Dawson; Kathleen Clark (kathleen@dawson-clark.com); todd.parks@wbclawfirm.com; Ashley.delaCerda@wbclawfirm.com; Scott W. Self (sself@feesmith.com); jkenefick@macdonalddevin.com; jhenderson@macdonalddevin.com; Kurt C. Kern |
| **Subject:** | Plaintiffs' Emergency Motion to Quash |

Mr. Pittman:

I am in receipt of Plaintiffs' so-called Emergency Motion to Quash. One truly has to wonder, if only for a moment, why you delayed so long in filing the Motion, if it really is an Emergency. The ulterior motive for waiting so long is pretty transparent and basically not worth taking the time to memorialize here. In any event I again refer you to Judge Godbey's controlling June 19, 2013 Second Amended Scheduling Order that states:

"A Motion or objection to the taking of a deposition that is filed within three business days of the notice has the effect of staying the deposition pending court order on the motion or objection: otherwise the deposition will not be stayed except by court order."

Judge Godbey's Order is not "trumped" by referral (in the body of the same Order) of other discovery matters to the Magistrate for several reasons, not the least of which is Judge Godbey, subsequent to the referral, specifically reserved management of certain discovery matters (including the referenced procedure). Further there is the fact that Judge Ramirez's subsequent Amended Order and Discovery Protocol never even contemplated a Motion to Quash since there was a procedure in place for you to provide specific dates for the expert depositions (which you failed to do) which should have resulted in no need for any such Motion to Quash. In short your Motion to Quash, even if it were somehow tied to Judge Ramirez's Amended Order and Discovery Protocol is untimely. You've known for almost a month about these Notices and even in your own Motion you acknowledge that Toyota's position has been consistently communicated to you in writing that the Notices were not being withdrawn. Any Motion to Quash should have been filed long ago and pursuant to Judge Godbey's Order we will be going forward with Dr. Burton's deposition on Monday in Alpharetta. By the way I do note that in your Motion you state that the Notices are invalid on their face and cite Rule 45. You might want to note that Rule was Amended effective December 1, 2013. The Notices are valid and in effect.

As to the deposition of Dr. Burton, I also note that you provided no Affidavit, letter or evidence of any kind regarding any purported conflict he has for his deposition on Monday. I repeatedly asked you what Dr. Burton's conflict was and you cavalierly told me to ask him what his conflict was when I took his deposition. In the absence of any demonstrated conflict or Court Order staying the deposition I will travel to Atlanta on Sunday night and be at Dr. Burton's office in Alpharetta on Monday morning to take his deposition. You are, of course, free to join me or not, but please know that if Dr. Burton refuses to honor the subpoena we will move to strike him and seek to recover costs associated with the efforts to take his deposition. Please also be advised that we will be responding to your Motion to Quash and seeking our costs incurred in doing so since the Motion is untimely, cites incorrect Rules and offers no conflict as to the taking of at least Dr. Burton's deposition.

As always, I remain available to discuss these issues if you so desire.

Kurt

Kurt Christopher Kern

1

## Kurt C. Kern

| | |
|---|---|
| **From:** | Aubrey "Nick" Pittman <pittman@thepittmanlawfirm.com> |
| **Sent:** | Friday, December 20, 2013 1:08 AM |
| **To:** | Kurt C. Kern |
| **Cc:** | dwashington@dwashlawfirm.com; David Stone; Jude T. Hickland; Brian E. Mason; 'Pat Fitzgerald'; 'John Carlson'; 'Randy Howry'; 'Don Dawson'; 'Kathleen Clark'; todd.parks@wbclawfirm.com; Ashley.delaCerda@wbclawfirm.com; 'Scott W. Self'; jkenefick@macdonalddevin.com; jhenderson@macdonalddevin.com; Aubrey "Nick" Pittman |
| **Subject:** | RE: Plaintiffs' Emergency Motion to Quash |

Counsel:

I would also suggest that you read the entirety of Rule 45, even as amended, as well as the rationale for the amendment and effect of it. Nevertheless, as you know, there are substantive objections to the subpoena even if the procedural objection is overcome. As to the rationale for quashing Dr. Burton's deposition, the Motion clearly states that he did not have reasonable notice of it and that it is an undue burden when you serve it on him just two days before Christmas vacation for him and his staff. As far as the reason for Dr. Burton's initial unavailability, he was scheduled to attend two trials in December. Consequently, he has not had any time to begin preparation for this case or any deposition. And I advised you to ask Dr. Burton about his schedule during his deposition only after you suggested that I allow you to call Plaintiffs' expert directly, which would have been completely inappropriate.

As to why the Motion to Quash was just filed, it is because it wasn't until we learned of your newly-served subpoenas that we became aware that you chose to violate the schedule that we all worked diligently to prepare. If you truly had planned to dishonor the schedule we compiled, why did you wait so many days before serving your subpoenas? Therefore, the "emergency" was caused by your recent subpoenas. Also, not that the rules required it but I will also note that you did not give Plaintiffs the courtesy of advance notice that you would issue the subpoenas. And if you had served subpoenas earlier, Plaintiffs could have filed a motion to quash at that time. Furthermore, as you claim that Plaintiffs had a nefarious motive for the timing of the Motion to Quash, I could easily say that you clearly waited until a few days before December 23 to serve the subpoenas, thinking that Plaintiffs could not obtain a ruling on the Motion to Quash before December 23.

As far as your threat to file a request for sanctions, we will file a reply to your response and likewise ask the Court to impose sanctions for your refusal to agree to a few days delay in taking these depositions on the dates that we discussed along with all other counsels. There is absolutely no prejudice to your client in taking these depositions a few days later. You were assured of getting to take full depositions of each of Plaintiffs' experts prior to the expiration of the expert discovery period. Indeed, the delay caused by Plaintiffs' experts schedules affects Plaintiffs more than Defendants since the dates for the depositions of your experts will be pushed up against other pre-trial deadlines, while you would already have had the luxury of completing the depositions of Plaintiffs experts.

In short, we do not understand your complete opposition to keeping the deposition dates that the parties discussed during our December 9 conference call. Plaintiffs have done everything in their power to ensure that you will be able to take the depositions of the experts at a time that is convenient for the experts, tolerable to all counsel, and within the allowable discovery period. I simply do not get your point here in pushing the issue. However, if you insist on forcing Plaintiffs to involve the Court simply so that you can demonstrate an

1

apparent unwillingness to compromise, then Plaintiffs have no option other than to respond accordingly by seeking court intervention.

Good night.

**From:** Kurt C. Kern [mailto:Kurt.Kern@bowmanandbrooke.com]
**Sent:** Friday, December 20, 2013 12:14 AM
**To:** Aubrey "Nick" Pittman (pittman@thepittmanlawfirm.com)
**Cc:** dwashington@dwashlawfirm.com; David Stone; Jude T. Hickland; Brian E. Mason; Pat Fitzgerald (pfitzgerald@howrybreen.com); John Carlson (jcarlson@howrybreen.com); Randy Howry (rhowry@howrybreen.com); Don Dawson; Kathleen Clark (kathleen@dawson-clark.com); todd.parks@wbclawfirm.com; Ashley.delaCerda@wbclawfirm.com; Scott W. Self (sself@feesmith.com); jkenefick@macdonalddevin.com; jhenderson@macdonalddevin.com; Kurt C. Kern
**Subject:** Plaintiffs' Emergency Motion to Quash

Mr. Pittman:

I am in receipt of Plaintiffs' so-called Emergency Motion to Quash. One truly has to wonder, if only for a moment, why you delayed so long in filing the Motion, if it really is an Emergency. The ulterior motive for waiting so long is pretty transparent and basically not worth taking the time to memorialize here. In any event I again refer you to Judge Godbey's controlling June 19, 2013 Second Amended Scheduling Order that states:

"A Motion or objection to the taking of a deposition that is filed within three business days of the notice has the effect of staying the deposition pending court order on the motion or objection: otherwise the deposition will not be stayed except by court order."

Judge Godbey's Order is not "trumped" by referral (in the body of the same Order) of other discovery matters to the Magistrate for several reasons, not the least of which is Judge Godbey, subsequent to the referral, specifically reserved management of certain discovery matters (including the referenced procedure). Further there is the fact that Judge Ramirez's subsequent Amended Order and Discovery Protocol never even contemplated a Motion to Quash since there was a procedure in place for you to provide specific dates for the expert depositions (which you failed to do) which should have resulted in no need for any such Motion to Quash. In short your Motion to Quash, even if it were somehow tied to Judge Ramirez's Amended Order and Discovery Protocol is untimely. You've known for almost a month about these Notices and even in your own Motion you acknowledge that Toyota's position has been consistently communicated to you in writing that the Notices were not being withdrawn. Any Motion to Quash should have been filed long ago and pursuant to Judge Godbey's Order we will be going forward with Dr. Burton's deposition on Monday in Alpharetta. By the way I do note that in your Motion you state that the Notices are invalid on their face and cite Rule 45. You might want to note that Rule was Amended effective December 1, 2013. The Notices are valid and in effect.

As to the deposition of Dr. Burton, I also note that you provided no Affidavit, letter or evidence of any kind regarding any purported conflict he has for his deposition on Monday. I repeatedly asked you what Dr. Burton's conflict was and you cavalierly told me to ask him what his conflict was when I took his deposition. In the absence of any demonstrated conflict or Court Order staying the deposition I will travel to Atlanta on Sunday night and be at Dr. Burton's office in Alpharetta on Monday morning to take his deposition. You are, of course, free to join me or not, but please know that if Dr. Burton refuses to honor the subpoena we will move to strike him and seek to recover costs associated with the efforts to take his deposition. Please also be advised that we will be responding to your Motion to Quash and seeking our costs incurred in doing so since the Motion is untimely, cites incorrect Rules and offers no conflict as to the taking of at least Dr. Burton's deposition.

2

As always, I remain available to discuss these issues if you so desire.

Kurt

Kurt Christopher Kern
Managing Partner, Dallas
Bowman and Brooke LLP
2501 North Harwood Street, Suite 1700
Dallas, Texas 75201
Direct: 972.616.1711
Fax: 972.616.1701
KKern@BowmanandBrooke.com

Note: This electronic mail is intended to be received and read only by certain individuals. It may contain information that is attorney-client privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you have received this in error, please notify me by replying and then delete both the message and reply. Thank you.

APP 20

## Kurt C. Kern

| | |
|---|---|
| **From:** | Kurt C. Kern |
| **Sent:** | Friday, December 20, 2013 10:14 AM |
| **To:** | 'Aubrey "Nick" Pittman' |
| **Subject:** | RE: 3:11-cv-00207-N; Greene et al v. Toyota Motor Corporation et al |

Nick:

The scheduling challenges confronting all the parties is being driven by the timing of the availability/unavailability of Plaintiffs' experts for deposition so as to allow for an orderly completion of expert discovery. If Plaintiffs will agree to the short continuance proposed by the Defendants and agree to present Freidman and Stephenson for 2 days of deposition, if needed, then all issues would be resolved and we can withdraw our Notices for your experts' depositions and work toward putting in place a meaningful and reasonable expert deposition schedule. Please let me know if Plaintiffs will agree to this, otherwise given the incredibly compressed time remaining for expert discovery we will continue to have no choice but to press on with the depositions as noticed. Thanks for your consideration of this proposal.

Kurt

-----Original Message-----
From: Aubrey "Nick" Pittman [mailto:pittman@thepittmanlawfirm.com]
Sent: Friday, December 20, 2013 9:59 AM
To: Marie_Ramos@txnd.uscourts.gov; dwashington@dwashlawfirm.com; Kurt C. Kern; Jude T. Hickland; David Stone; rhowry@howrybreen.com; pfitzgerald@howrybreen.com
Subject: RE: 3:11-cv-00207-N; Greene et al v. Toyota Motor Corporation et al

If Toyota's counsel is unwilling to reschedule the depositions for next week
that were the subject of Plaintiffs' Motion to Quash, Plaintiffs counsel are
not available for any hearings next week.

-----Original Message-----
From: Marie_Ramos@txnd.uscourts.gov [mailto:Marie_Ramos@txnd.uscourts.gov]
Sent: Friday, December 20, 2013 9:37 AM
To: dwashington@dwashlawfirm.com; pittman@thepittmanlawfirm.com; kurt.kern@bowmanandbrooke.com; jude.hickland@bowmanandbrooke.com; david.stone@bowmanandbrooke.com; rhowry@howrybreen.com; pfitzgerald@howrybreen.com
Subject: 3:11-cv-00207-N; Greene et al v. Toyota Motor Corporation et al
Importance: High

Good morning,

Are counsel available for a hearing on the referred motions, Monday, December 23rd, at 2PM?

MCR

---

Marie Ramos
Court Coordinator to
Magistrate Judge Irma Carrillo Ramirez

1

## Jude T. Hickland

| | |
|---|---|
| **From:** | Kurt C. Kern |
| **Sent:** | Friday, December 20, 2013 4:42 PM |
| **To:** | Aubrey "Nick" Pittman; Marie_Ramos@txnd.uscourts.gov; dwashington@dwashlawfirm.com; Jude T. Hickland; David Stone; rhowry@howrybreen.com; pfitzgerald@howrybreen.com |
| **Subject:** | RE: 3:11-cv-00207-N; Greene et al v. Toyota Motor Corporation et al |

Ms. Ramos:

No Joint Submission pursuant to Paragraph 21 and 22 of the Court's Amended Order and Discovery Protocol has ever been mentioned or proposed by Plaintiffs prior to their filing of late this afternoon. Nor does the Plaintiffs' purported and re-named "Submission" of their previously unfiled Emergency Motion to Quash comply with the process set forth in the Court's Order. We have made multiple proposals to Plaintiffs' counsel to resolve pending issues and remain willing to discuss same. Additionally, we are available on Monday afternoon to discuss the pending Motions that have been referred to Judge Ramirez. Thank you and have a nice weekend.

Kurt

-----Original Message-----
From: Aubrey "Nick" Pittman [mailto:pittman@thepittmanlawfirm.com]
Sent: Friday, December 20, 2013 4:20 PM
To: Marie_Ramos@txnd.uscourts.gov; dwashington@dwashlawfirm.com; Kurt C. Kern; Jude T. Hickland; David Stone; rhowry@howrybreen.com; pfitzgerald@howrybreen.com
Subject: RE: 3:11-cv-00207-N; Greene et al v. Toyota Motor Corporation et al

Pursuant to paragraph 26 of the Court's Amended Order and Discovery
Protocol, dated 9/19/2013, Plaintiffs are nofying the Court that as a result
of Defendants' noncompliance with paragraph 17 of the Order, Plaintiffs have
filed their portion of the joint submission on the Motion to Quash.  It
appears as doc. 291 in the record.

-----Original Message-----
From: Marie_Ramos@txnd.uscourts.gov [mailto:Marie_Ramos@txnd.uscourts.gov]
Sent: Friday, December 20, 2013 9:37 AM
To: dwashington@dwashlawfirm.com; pittman@thepittmanlawfirm.com;
kurt.kern@bowmanandbrooke.com; jude.hickland@bowmanandbrooke.com;
david.stone@bowmanandbrooke.com; rhowry@howrybreen.com;
pfitzgerald@howrybreen.com
Subject: 3:11-cv-00207-N; Greene et al v. Toyota Motor Corporation et al
Importance: High

Good morning,

Are counsel available for a hearing on the referred motions, Monday,
December 23rd, at 2PM?

MCR

Marie Ramos
Court Coordinator to
Magistrate Judge Irma Carrillo Ramirez
1100 Commerce St., #1452
Dallas, Texas 75242
214.753.2167
marie_ramos@txnd.uscourts.gov

2

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **OLLIE GREENE, *et al.*,** | § | |
|      **Plaintiffs,** | § | |
| **v.** | § | |
| | § | |
| **TOYOTA MOTOR CORPORATION, et al.,** | § | |
| | § | **CAUSE NUMBER: 3:11-cv-0207-N** |
|      **Defendants.** | § | |
| | § | |
| | § | |
| | § | |

## DECLARATION OF DAVID P. STONE

1.      My name is David P. Stone.  I am over 18 years old, of sound mind and am capable of making this declaration.  The information set forth in this Declaration is personally known to me, unless otherwise stated or attributed to others, and is true and correct.

2.      I am counsel for Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Engineering & Manufacturing North America, Inc. (collectively, the "Toyota Defendants") in the above captioned lawsuit.  I am one of only two partners who are representing the Toyota Defendants in this suit, the other being their lead counsel Kurt C. Kern.

3.      I will be travelling out of the country and unavailable to assist with expert depositions in this case from January 6, 2014 through and including January 16, 2014. The purpose of this travel is the celebration of my twenty-fifth wedding anniversary.  In addition to the obvious need for this travel to coincide with the date of my wedding anniversary, the expenses for this trip, which was booked over six months ago, have been pre-paid and are non-refundable.

4.      If the deposition schedule suggested by Plaintiffs in their submission regarding Plaintiffs' emergency motion to quash, then Mr. Kern will be required to conduct the depositions of all Plaintiffs' liability experts, and present six of Toyota's expert witnesses in eight cities in a ten day period.  I will be unable to assist during that time period on multiple dates that require double tracking of depositions under Plaintiffs' proposed schedule.

5.     The Toyota Defendants have incurred over $2,500 in attorneys' fees in responding to Plaintiffs' Emergency Motion to Quash December 23, 2013 and December 27, 2013 subpoenas and Plaintiffs' Submission regarding the same.  I have been practicing law in the State of Texas and Dallas-Fort Worth region for twenty-seven years.  As part of my practice I have become familiar with the billable time required and rates customarily charged by law firms for work comparable to the preparation of the Toyota Defendants' response.  Based on my knowledge and experience $2,500 is a reasonable amount to charge a client for this necessary work.

6.     The Toyota Defendants have incurred approximately $500 in costs for the issuance and service of the subpoenas that are the subject of Plaintiffs' Motion.  Based on my experience and knowledge this was a reasonable and necessary expense.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on December 27, 2013.

DAVID P. STONE