IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, <br><br>Plaintiffs, <br><br>v. <br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, LLC., VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC., STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC, and DOLPHIN LINE, INC. <br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § <br><br>CAUSE NUMBER: 3:11-cv-0207-N <br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' RESPONSE TO STRICK TRAILERS, LLC'S
MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT**

Ollie Greene, Individually and as the surviving parent of Wyndell Greene, Sr., William Greene, as the Administrator of the Estate of Wyndell Greene, Sr. and Marilyn Burdette Hardeman, Individually and as the surviving parent of LaKeysha Greene (collectively referred to as "Plaintiffs") file this Response to Strick Trailers, LLC's ("Strick") Motion for Leave to File Motion for Summary Judgment and show the Court as follows:

**PRELIMINARY STATEMENT**

As of the filing of this motion, Plaintiffs have already had to respond to eleven (11) motions for summary judgment, two of which were filed by Strick. Stick has had over two years

1

to file an omnibus motion for summary judgment. It chose not to do so, opting instead to piecemeal motions for summary judgment. Now, the parties are swamped with expert discovery of over twenty (20) experts and diligently working on pre-trial matters for a trial that is scheduled to begin in approximately two (2) months. It would be extremely prejudicial for Plaintiffs to have to divert resources from expert discovery and significant pre-trial preparation to allot time to respond to Strick's belated attempt to gain an unfair advantage just before trial.

## ARGUMENT AND AUTHORITIES

Rule 16(b) of the Federal Rules of Civil Procedure authorizes the district court to control and expedite pretrial discovery through a scheduling order, which this Court has twice provided. The first scheduling order set the trial for September 10, 2012. The Second Scheduling Order dated June 19, 2013, set the trial for March 10, 2014. Strick participated in the scheduling conferences that led to each of these scheduling orders.

"Adherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," *Rouse v. Farmers State Bank*, 866 F.Supp. 1191, 1199 (N.D.Iowa 1994), and pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." *Id*. at 1198. When a party fails to meet a deadline, the district court should determine if such failure was the result of excusable neglect, FED.R.CIV.P. 6(b). The governing legal standard for excusable-neglect determinations is a balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993). Consideration of these factors weighs heavily in favor of denying Strick's motion

for leave to file its third motion for summary judgment. FRCP 6(b) still requires that Strick first make a showing of good cause.

### A.      Strick Cannot Establish Good Cause For a Late Motion.

"A schedule may be modified only for good cause...." FED.R.CIV.P. 16(b)(4) (emphasis added). "[T]he touchstone of 'good cause' under [Federal] Rule [of Civil Procedure] 16(b) is diligence." *Marcum v. Zimmer*, 163 F.R.D. 250, 255 (S.D.W.Va.1995) (emphasis added); see also FED.R.CIV.P. 16 advisory committee's note, 1983 Amend., Discussion, Subdiv. (b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." (emphasis added)). In its motion, although Stick claims that its counsel's scheduling calendar reflected an erroneous filing deadline, Strick offers no explanation why it would wait until the last day of the allowable period to work on or to file a dispositive motion. The explanation seems disingenuous. At best, Strick's failure to file the clearly meritless motion for summary judgment evinces carelessness, which is not the equivalent of good cause. *See Marcum*, 163 F.R.D. at 254 ("'[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.'" (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992) (ellipses and emphasis omitted))); accord, e.g., 3 James Wm. Moore et al., Moore's Fed. Prac.—Civil § 16.14[b] (3d.2009).

In addition, Plaintiffs note that the other four (4) Defendants filed five (5) other motions for summary judgment on December 10, 2013, the final day to file dispositive motions. All four of Strick's counsels of record received electronic notification of the filing of the other defendants' motions for summary judgment. Surely, the filing of these motions by the other defendants should have alerted Strick to its alleged erroneous calendar. Indeed, it seems that it was not until after Strick had an opportunity to review the other defendants' motions for

Summary Judgment did it make a decision that it would file. There is simply no way that four separate counsels for Strick, in two different law firms, as well as different secretaries and legal assistants, can legitimately argue ignorance of the deadline.

### B. Plaintiffs Will Be Prejudiced if the Motion for Leave is Granted

Strick misleadingly claims that it is asking for a one day delay and that "Plaintiff will not suffer any prejudice whatsoever" if the Court grants the Motion for Leave. Mot. At 3. This is completely untrue. First, as the Court is aware, the focus of a motion for leave is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D.Ind.1995). Nevertheless, if Strick's motion for leave were granted, it will work a substantial hardship on Plaintiffs. Second, the parties are actively involved in preparing, presenting and defending approximately twenty experts for depositions that will begin on January 3, 2013, and are scheduled to take place on virtually every day in January, with counsels having to travel coast to coast and occasional double-tracking the depositions. In addition, Plaintiffs' are busy working with their experts to prepare rebuttal reports, which are due in the next few days. This leaves Plaintiffs no time to research, obtain expert affidavits, and prepare a meaningful response to a third motion for summary judgment from Strick.

Third, this matter is set for trial on March 10, 2014, and Plaintiffs are busy rounding up witnesses for the trial as well as working on preparing the final pretrial order that will govern the trial, exhibits lists, designations of deposition testimony, jury charge and verdict forms, jury questionnaires, etc. With the trial looming ahead, along with other matters in which Plaintiffs' counsels are involved, Plaintiffs have no available time to work on yet another motion for summary judgment, especially from a party that has already filed two other motions for summary

judgment. Plaintiffs will also note that on December 31, 2013, Plaintiffs' counsel was just forced to have to respond to five (5) other meritless motions for summary judgment. Having to respond to a third motion for summary judgment from Strick under the circumstances would work a substantial prejudice on Plaintiffs. On the other hand, the law supports denial of Strick's motion for leave since denying it will cause no prejudice to Strick. *Wilson v. Hill*, 2012 WL 5511117 (S.D.Ohio Nov 13, 2012)(defendant will not be prejudiced by the denial of Defendant's motion for leave to file a third motion for summary judgment since Defendant can bring those claims at trial); *Wilson v. Hill*, 2012 WL 5511117 (S.D.Ohio Nov 13, 2012).

      C.     **Strick Has Already Exceeded its Allotment of Summary Judgment Motions**

Local Rule of Civil Procedure 56.2(b) sets a limit on the number of summary judgment motions that can be filed without leave of court and provides: "Unless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment." *See also, Home Depot U.S.A., Inc. v. Nation Fire Ins. Co. of Hartford*, 3:06–CV–0073–D, 2007 WL 1969752, at *2 (N.D.Tex. June 27, 2007); *Martin v. Zoley*, 2011 WL 6976311 (N.D.Tex. Oct 25, 2011); *Senior Living Properties LLC Trust v. Clair Odell Ins. Agency LLC*, 2005 WL 1862172 (N.D.Tex. Aug 05, 2005); *Capers v. Dallas Independent School Dist.*, 2004 WL 993549 (N.D.Tex. May 03, 2004). Strick has already filed two separate motions for summary judgment: Document No. 147 was filed on March 28, 2013, and Document 162 was filed on July 30, 2013. Therefore, Stick has already violated Local Rule 56.2(b), where it did not request leave of Court to file the second motion for summary judgment. Filing two motions without Court approval and now seeking to file a third one evinces a clear intent to ignore or circumvent the rules.

**CONCLUSION**

As discussed above, granting Strick's motion will prejudice Plaintiffs and will require Plaintiffs to respond to the Motion during the time the parties will be deposing experts out of state, practically on a daily basis throughout the month of January. Strick had two years to file its motion for summary judgment, knew six months ago when the approximate deadline would be for filing dispositive motions. Strick has not shown any good cause why it should be allowed to file a Motion for Summary Judgment after the December 10, 2013 deadline or that its reasons for not filing the Motion within the deadline was a result of excusable neglect. Therefore, Strick's Motion should properly be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court deny the Motion in its entirety and for such other and further relief to which Plaintiffs may be allowed in law or equity.

Respectfully Submitted,

/s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN
State Bar No. 16049750

**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax
pittman@thepittmanlawfirm.com

/s/ Daryl K. Washington
DARYL K. WASHINGTON
State Bar No. 24013714

**LAW OFFICES OF DARYL K. WASHINGTON P.C.**
325 N. St. Paul St., Suite 1975
Dallas, Texas 75201
214-880-4883
469-718-0380 - fax
dwashington@dwashlawfirm.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 1, 2014, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

                                                     /s/ Aubrey "Nick" Pittman
                                                  AUBREY "NICK" PITTMAN