IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OLLIE GREENE, et al.,    § | |
| § | |
| Plaintiffs,    § | |
| § | |
| v.    § | Civil Action No. 3:11-CV-207-N |
| § | |
| TOYOTA MOTOR CORPORATION, et al.,  § | |
| § | |
| Defendants.    § | |

## ORDER

Pursuant to the standing order of discovery reference dated June 19, 2013, before the Court is *Plaintiffs' Joint Submission Regarding Plaintiffs' Emergency Motion to Quash December 23, 2013 and December 27, 2013 Subpoenas and Brief in Support*, filed December 20, 2013 (doc. 291).

An oral argument was conducted concerning this motion on January 2, 2014. All parties appeared in person and through counsel. After consideration of the relevant filings, evidence, oral argument, and applicable law, and for the reasons stated on the record during the oral argument, the motion to quash is **DENIED.** Within three business days of the date of this order, the plaintiffs shall provide the defendants, with a copy to the Court, of at least 3 alternate dates for the depositions of each of the two experts whose depositions were the subject of the motion to quash. Those proposed alternate dates shall be within fourteen days of the date of this order.

The responding defendants seek attorneys' fees and costs, and the *Amended Order and Discovery Protocol* provides that attorneys' fees shall be awarded to the prevailing party in a discovery dispute in accordance with Rule 37 of the Federal Rules of Civil Procedure. The responding defendants may file an application for reasonable expenses and attorney's fees incurred in responding to the motion to quash. Local Rule 7.1(a) and (h) of the Local Civil Rules for the Northern District of Texas require that parties confer before filing an application for attorney's fee and expenses.

Accordingly, counsel for any responding defendant seeking fees and counsel for the plaintiffs are hereby ordered to meet **face-to-face** and confer about whether fees may and/or should be awarded, and the reasonableness of any requested fees. The "face-to-face" requirement is not satisfied by a telephonic conference. Any attorney required to appear for this meeting who fails to appear or to confer as directed in this Order will be subject to sanctions.

No later than **5:00 p.m. on January 16, 2014**, counsel for any responding defendant seeking fees must notify the Court of the results of the conference in writing. If the disputed issues have been resolved, counsel for any responding defendant seeking fees shall also forward an agreed proposed order in word or wordperfect format to "ramirez_orders@txnd.uscourts.gov". If the parties to the fee application do not reach an agreement, or if counsel fails to appear for the conference, counsel for any responding defendant seeking fees may file an application for reasonable expenses and attorneys' fees **no later than 5:00 p.m. on January 16, 2014.** The fee application must be supported by documentation evidencing the "lodestar"[1] calculation, including affidavits and billing records, and citations to relevant authorities. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002) (using the "lodestar" method to award attorney's fees under Rule 37). Counsel for the plaintiffs may file a response **no later than 5:00 p.m. on January 23, 2014.** The response should also address whether fees should be assessed against the plaintiffs, counsel, or both. Counsel for any responding defendant seeking fees may file a reply **no later than 5:00 p.m. on January 30, 2014**.

All relief not expressly awarded herein is hereby denied.

**SO ORDERED** on this 2nd day of January, 2014.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] The "lodestar" method is explained in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).