IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE,<br><br>    Plaintiffs,<br>v.<br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, LLC., VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC., STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC, and DOLPHIN LINE, INC.<br><br>    Defendants. | CAUSE NUMBER: 3:11-cv-0207-N<br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' EMERGENCY MOTION
TO EXTEND DATE FOR REBUTTAL EXPERT DISCLOSURE AND REPORTS**

Plaintiffs Ollie Greene, Individually and as the surviving parent of Wyndell Greene, Sr., William Greene, as the Administrator of the Estate of Wyndell Greene, Sr. and Marilyn Burdette Hardeman, Individually and as the surviving parent of LaKeysha Greene (collectively hereinafter referred to as "Plaintiffs") file this motion to extend the deadline for designation and serving reports of rebuttal experts and in support thereof states the following:

**I.    NATURE OF THE EXPEDITED REQUEST**

Pursuant to the October 10, 2013, Order (Dkt. Entry No. 219), Plaintiffs' **expert rebuttal reports are due on or about January 4, 2014**. However, Plaintiffs' potential rebuttal experts

have been unable to review or fully analyze Defendants' expert reports and/or inspect the crash and exemplar vehicles that are being used by Defendants' experts to form their opinions. Therefore, Plaintiffs' experts are unable to complete rebuttal expert reports by the January 4, 2014, due date. Accordingly, Plaintiffs respectfully request that the Court consider this motion on an expedited basis before January 4, 2014, and extend the time for designation of all rebuttal experts and written reports to be produced from those experts. Plaintiffs' counsel have asked Defendants' counsels whether they will agree to this extension and have either been told that this request is opposed or defendants have not responded. Due to the immediate need for the relief requested, the matter is presented to the Court for expedited consideration.

## II. PRELIMINARY STATEMENT

The purpose of this motion is to request a short extension of time for Plaintiffs to submit expert rebuttal reports. As a result of Defendants' expert reports being served just prior to the Christmas holidays and since one Defendant's expert report was not available to Plaintiffs until after Christmas,[1] Plaintiffs' potential rebuttal experts have been unable to review Defendants' expert reports and accompanying source material, at all and/or adequately, to be in a position to present timely and complete rebuttal expert disclosures satisfying FED.R.CIV.P. 26(a)(2). Therefore, Plaintiffs ask for a short extension of time, until January 20, 2014, to present rebuttal expert disclosures and reports.

## III. ARGUMENT AND AUTHORITIES

Under FED.R.CIV.P. 15, this Court has the authority to modify the unexpired deadlines in the June 9, 2013, Scheduling Order and should do so freely. The Fifth Circuit has made it clear

---

[1] Although the due date for Defendants' expert reports was December 20, 2013, the expert reports from Volvo Group North America ("VGNA") were received several days late, since the reports were apparently submitted by U.S. mail on or after the due date, during the busy holiday season. As a result, the expert reports were not available to Plaintiffs' experts until after Christmas. Accordingly, Plaintiffs also ask that the VGNA expert reports be stricken as untimely.

that the good-cause standard to modify a scheduling order under Rule 16(b) applies only "after a scheduling order deadline has expired." *S & W Enter., L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir.2003).  Nevertheless, even if the Court were to apply the principles of FED.R.CIV.P. 16(b), this Court with good cause can modify the deadlines in the June 9, 2013, Order. FED.R.CIV.P. 16(b)(4). The Fifth Circuit considers four factors in deciding whether there is good cause to amend a scheduling order: (1) the explanation for the failure to adhere to the deadline at issue; (2) the importance of the proposed modification to the scheduling order; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice. *See Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir.1997). When the moving party shows good cause to modify the scheduling order, then the district court applies "the more liberal standard of Rule 15(a)" and "freely gives leave when justice so requires." *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir.2005).

> A. **Plaintiffs Have Not Failed to Adhere to Any Scheduling Order Deadlines and Have Exercised Due Diligence in Attempting to Meet the Upcoming Expert Deadline.**

The October 10, 2013, Order provides that Plaintiffs' rebuttal expert reports are due on January 4, 2014. (Dkt. Entry No. 197).  Accordingly, Plaintiffs have not missed any deadlines in the scheduling order.  Plaintiffs seek an Order from this Court extending the upcoming deadline since it is clear that Plaintiffs will not be able to meet the rebuttal expert disclosure date.  Plaintiffs' experts will need additional time to consider the massive volume of expert discovery that was provided to Plaintiffs' counsel just prior to and/or after Christmas.

> 1. **Although Plaintiffs' experts are working diligently, the volume of expert information received from Defendants has made rebuttal reports more difficult and time consuming.**

On or about December 20, 2013, Defendants designated the following fourteen individuals as testifying experts:

      1.     David Viano
      2.     Michelle Vogles
      3.     Lee Carr
      4.     Tom Truss
      5.     Helen Reynolds
      6.     William Arsdell
      7.     Catherine Corrigan
      8.     Mickey Marine
      9.     Robert Lange
     10.    Dolph Lohwasser
     11.    Richard Dyer
     12.    Kenneth Tandy
     13.    Stephen Werner
     14.    Timothy Cheek

Defendants' experts all submitted written reports, including many that were in excess of one-hundred pages in length and one that was over two hundred and fifty pages long. In addition, these reports contained references to hundreds of underlying documents and source material that the experts considered. Furthermore, some of these written reports indicate that the experts reviewed exemplar vehicles and allegedly performed crash or other tests using actual vehicles. Considering the sheer number of the expert reports, the need to carefully analyze these reports and the requirement that Plaintiffs' rebuttal experts would have to travel to several different cities across the country to inspect the crash and exemplar vehicles, it is impossible for Plaintiffs' experts to be able to provide rebuttal reports by January 4, 2014.

Moreover, considering that Defendants' expert reports were provided to some potential experts just before the experts were actually leaving their home cities for the Christmas and New Year's holidays, it was inconceivable that the experts would be able to work on rebuttal reports over the holidays. For these experts, Plaintiffs were diligent in getting the materials to the experts but were informed by the experts that they would likely not be able to have rebuttal reports by January 4, 2014. In other cases, although Plaintiffs worked diligently to provide the Defendants' expert reports to experts who Plaintiffs identified, these experts were out of the

country and unavailable to do anything as far as reviewing reports or preparing rebuttal reports. Therefore, Plaintiffs have done everything in their power to obtain timely rebuttal reports. However, the large number of Defendants' designated experts, the volume of Defendants' expert reports, and disclosure over the Christmas holidays made it impossible for Plaintiffs' experts to meet the current deadline. It is not from lack of diligence that Plaintiffs will be unable to meet the current rebuttal date.

### 2. Plaintiffs' late receipt of VGNA's expert reports make it impossible for Plaintiffs' experts to meet the current deadline.

The due date for Defendants' expert reports was December 20, 2013. In accordance with the practice and agreement between the parties, the expert reports from Toyota, Strick, Fayard and Dolphin were served by email[2] (ensuring receipt on December 20, 2013). However, the expert reports from Volvo Group North America's ("VGNA") designees, Kenneth Tandy, Stephen Werner, and Timothy Cheek, were received several days after this due date since they were apparently submitted from Austin, TX by U.S. mail on or after the deadline. The late receipt is not surprising considering the package was being delivered during the busy holiday season. As a result, VGNA's expert reports were not available to Plaintiffs' experts until after Christmas. The VGNA reports are also unclear photocopies and the photographs in the reports are indecipherable. Plaintiffs hereby ask that the VGNA expert reports be stricken as untimely. Arguing in the alternative, the late receipt of VGNA's expert reports have made it impossible for Plaintiffs to have their rebuttal experts review the VGNA reports as well as their source material and provide a timely rebuttal.

---

[2] Plaintiffs' expert reports, which were submitted to Defendants on November 20, 2013, were submitted to all Defendants by email on the due date.

### 3. Plaintiffs did not unnecessarily delay making this request.

As indicated, Plaintiffs received some of the expert reports just prior to Christmas and VGNA's reports were received after Christmas. During this same time, Plaintiffs' counsel was in the process of preparing substantial responses to five (5) motions for summary judgment from four defendants and a motion for leave to file a motion for summary judgment from the fifth defendant. Plaintiffs' responses to Defendants' motions included several thousand pages of evidence, requiring Plaintiffs' counsels to review dozens of depositions and other documentary evidence and conduct research on virtually all of the issues in the lawsuit. In addition, the Court ordered expedited briefing on Defendants' motion for continuance, the response to which Plaintiffs filed on December 27, 2013. Therefore, Plaintiffs' counsels were unavailable earlier to work on this seeking this relief. More importantly, however, once the Court scheduled a January 2, 2014, hearing on discovery matters involving expert witnesses, Plaintiffs hoped the Court, at that hearing, could have considered and granted the relief Plaintiffs now seek. Plaintiffs raised the issue with the Court. However, on January 2, 2014, the Court informed Plaintiffs that the present motion was necessary. The Plaintiffs proceeded immediately to try and confer with Defendants to obtain an agreement for the relief requested or to get the motion on file. Thus, there has been no inordinate or unexplained delay in seeking this extension.

### B. The Modification to the Scheduling Order is Important to Plaintiffs.

Plaintiffs' Complaint specifically alleges that Toyota, *inter alia*, failed to design and incorporate widely available, safer and feasible, alternative designs into the Toyota 4Runner's fuel system, fire prevention and suppression systems, seat restraints, air bag systems, rear occupant compartment and structural integrity of the Toyota 4Runner that would have prevented or significantly reduced the injuries and deaths to the Greene Family. The Complaint also alleges that the Volvo Defendant, *inter alia*, failed to design and incorporate widely available,

safer and feasible, alternative designs into the Volvo Heavy Truck's absent or defective collision warning system and energy-absorption capabilities, and that the Volvo Heavy Truck was defectively designed because it was an incompatible mismatch, in a crash, with other vehicles on the road. In addition, the Complaint makes various allegations in strict liability and negligence against Strick Trailers, LLC, Dolphin Lines Inc., and John Fayard Moving & Warehouse regarding the underride guard on Strick's trailer, as well as negligence of the Fayard/Dolphin truck driver.

It is undisputed that Texas law requires expert testimony for Plaintiffs to meet their burden on many of their claims and consequently to rebut the opinions of Defendants' experts. Thus, it is clear that the expert rebuttal opinions for which Plaintiffs seek an extension through this motion are vital to Plaintiffs' case. Without this expert testimony, Plaintiffs will have difficulty providing expert testimony in support of their claims. Therefore, this second factor weighs completely in Plaintiffs' favor. Additionally, these rebuttal experts will also be essential to rebutting Defendants' defenses.

**C.     Defendants Will Suffer No Prejudice If the Modification is Granted.**

The third factor also strongly favors Plaintiffs. As of the filing of this motion, no experts have been deposed. The trial date is most likely at least six (6) months away. Accordingly, Defendants face absolutely no prejudice from an extension of the rebuttal experts' deadline. On the other hand, Plaintiffs will face severe prejudice if they are not provided additional time to allow their experts to analyze and consider fully the reports of Defendants' experts as well as the source materials, crash vehicles and exemplar vehicles used by Defendants' experts in rendering their opinions.

### D. Defendants' Prejudice, if Any, Has Been Cured with the Court's January 2, 2014, Continuance.

Plaintiffs' modest request for modification of the scheduling order can be accomplished without any prejudice to Defendants. If Defendants were to contend that they would suffer some prejudice from a modification of the June 9, 2013, Scheduling Order, the prejudice, if any, has already been remedied by the continuance granted to Defendants on January 2, 2014. Indeed, the January 2, 2014, continuance provides that expert discovery remains open until March 10, 2014. Thus, this factor weighs in favor of granting this request.

### IV. CONCLUSION

As discussed above, there has been no undue delay by Plaintiffs in attempting to meet the current scheduling order deadline. Nor has there been any bad faith on Plaintiffs' behalf. Defendants will also not be prejudiced as they are still being provided with a full opportunity to take discovery from the experts.

WHEREFORE, Plaintiffs pray that this Court enter an Order modifying the June 9, 2013, Scheduling Order as follows: The time in which the Plaintiffs must disclose rebuttal experts pursuant to FRCP 26(a)(2) is extended to **January 20, 2014**.

Respectfully Submitted,

/s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN
State Bar No. 16049750

THE PITTMAN LAW FIRM, P.C.
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax
pittman@thepittmanlawfirm.com

/s/ Daryl K. Washington
DARYL K. WASHINGTON
State Bar No. 24013714

LAW OFFICES OF DARYL K. WASHINGTON P.C.
325 N. St. Paul St., Suite 1975
Dallas, Texas 75201
214-880-4883
469-718-0380 - fax
dwashington@dwashlawfirm.com

## **CERTIFICATE OF CONFERENCE**

The undersigned certifies that following receipt of guidance from the Court during the June 2, 2014, that this motion was necessary, communication regarding the relief requested in this motion was submitted to counsel for each defendant, and none responded. The emergency nature of this request does not allow Plaintiffs to make additional attempts to obtain responses from Defendants' counsels. Accordingly, Plaintiffs present this matter to the Court for resolution.

/s/ Aubrey "Nick" Pittman<br>
AUBREY "NICK" PITTMAN

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2014, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

                                                  /s/ Aubrey "Nick" Pittman
                                                AUBREY "NICK" PITTMAN