IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OLLIE GREENE, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 3:11-CV-207-N |
| § | |
| TOYOTA MOTOR CORPORATION, et al., § | |
| § | |
| Defendants. § | |

## ORDER

Pursuant to the order of reference dated January 3, 2014, before the Court is *Plaintiffs' Emergency Motion to Extend Date for Rebuttal Expert Disclosure and Reports*, filed January 3, 2014 (doc. 329).[1]

Plaintiffs' motion does not comply with the spirit of Local Rule 7.1 of the Local Civil Rules for the Northern District of Texas. Local Rule 7.1(a) requires that parties confer before filing this type of motion. Plaintiffs first raised this issue orally at the conclusion of a hearing conducted on January 2, 2014, concerning their discovery motion and the defendants' motions for continuance, in response to the question of whether there were any additional matters for the Court's consideration. Plaintiffs' motion suggests that they intended to raise this issue at the hearing once it was scheduled (it was scheduled by order dated December 21, 2013). The motion reflects no attempts to confer concerning the issue prior to making the oral request concerning a subject that was outside the scope of the district judge's orders of reference of matters to be determined by the magistrate judge, however, or to provide the other parties advance notice of the issue.[2]

---

[1] In footnote 1, Plaintiffs' motion also asks that certain expert reports be stricken as untimely. This portion of the motion is not specifically addressed by the order of reference, but it will require an adequate opportunity for response and briefing and will not be addressed on an expedited basis.

[2] Plaintiffs' motion states:

More importantly, however, once the Court scheduled a January 2, 2014, hearing on discovery

After the hearing, the parties were invited to use the courtroom to confer regarding certain matters, but the courtroom was vacated shortly after the hearing concluded.  Plaintiffs' motion does not address why a meaningful conference concerning the relief they now seek could not have occurred after the hearing in the courtroom.  It does not specify what efforts Plaintiffs made to meaningfully confer regarding the issue prior to filing their motion.

In addition, the deadline for rebuttal reports after the holidays resulted from two extensions of the expert disclosure deadlines requested by Plaintiffs.  Because the last extension was granted on November 8, 2013 (*see* doc. 239), the deadline for rebuttal reports was known on that date.  Plaintiffs' motion does not address why potential scheduling issues arising from the Christmas holiday were not foreseeable earlier, or why they could not have been raised before the conclusion of the January 2, 2014 hearing.

Given the lack of a meaningful conference as required by the local rules and the ongoing scheduling issues for expert depositions that were discussed during the January 2, 2014 hearing, an opportunity for the defendants to be heard in response to the emergency motion is appropriate.  Accordingly, the defendants may file a response to the emergency motion no later than 5:00 p.m. on January 3, 2014.

**SO ORDERED** on this 3rd day of January, 2014.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

matters involving expert witnesses, Plaintiffs hoped the Court, at that hearing, could have considered and granted the relief Plaintiffs now seek. Plaintiffs raised the issue with the Court. However, on January 2, 2014, the Court informed Plaintiffs that the present motion was necessary. The Plaintiffs proceeded immediately to try and confer with Defendants to obtain an agreement for the relief requested or to get the motion on file. Thus, there has been no inordinate or unexplained delay in seeking this extension.

*Id.* at 6.