IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **OLLIE GREENE**, *et al.*, | § § § | |
| Plaintiffs, | § | |
| v. | § § | |
| **TOYOTA MOTOR CORPORATION, et al.**, | § § | **CAUSE NUMBER: 3:11-cv-0207-N** |
| Defendants. | § § § | |

**JOINT STATUS REPORT REGARDING THE
SCHEDULING OF EXPERT DEPOSITIONS**

TO THE HONORABLE COURT:

Defendants Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc.; Volvo Group North America, LLC f/k/a Volvo Trucks North America; Strick Trailers, LLC; John Fayard Moving & Warehouse, LLC; and Dolphin Line, Inc. (collectively "Defendants"), and Plaintiffs, in the above-styled and numbered action, file this Joint Status Report Regarding the Scheduling of Expert Depositions and for such would respectfully show the Court as follows:

**I.
BACKGROUND**

On January 7, 2014, in compliance with the Court's January 2, 2014 Order, counsel for all parties held a face-to-face conference regarding the scheduling of expert depositions. During the conference, the parties agreed in principle on a number of dates for expert depositions, and have submitted a proposed agreed order to the Court. *See* APP 1-2; *see also* the Parties Current Proposed Expert Scheduling Calendar, APP 3-4. However, the parties were unable to fully agree on all issues regarding the scheduling of expert depositions, and accordingly present this Joint

Status Report to the Court.

## II.
## SUMMARY OF THE REMAINING DISPUTES

**A.     Defendants' Contention**

Defendants have discussed with Plaintiffs numerous times, and the Court is now aware, that Defendants do not believe one seven hour day is an appropriate amount of time to collectively depose Keith Friedman, nor is one seven hour day an appropriate amount of time to depose Rhoades Stephenson, given the number and sheer breadth of their four jointly signed expert reports.  As a result, the parties conferred about possible alternative dates for the continuation or completion of Mr. Friedman's and Dr. Stephenson's depositions, contingent upon the Court's ruling regarding the parties Joint Submission Regarding Defendants' Expedited Motion for Enlargement of Time for the Depositions of Plaintiffs' Experts.  *See* Doc. No. 337.  In an effort to avoid further face-to-face conferences and Court intervention, Defendants inquired as to potential additional days that Mr. Friedman and Dr. Stephenson would be available should the Court order that Mr. Friedman and Dr. Stephenson be presented for additional time.  However, Plaintiffs were unwilling to offer more than one day for each of these experts until the parties received a ruling from the Court regarding the parties Joint Submission.  Therefore, Defendants request that the Court order Mr. Friedman be presented for no more than sixteen total hours, or two consecutive eight-hour days, and that Dr. Stephenson be presented for no more than sixteen total hours, or two consecutive eight-hour days, so that the parties can agree on additional days to continue or complete the depositions of Mr. Friedman and Dr. Stephenson.

Further, Plaintiffs advised Defendants that Mr. Stephenson will be having surgery during the week of January 20, 2014.  Although the parties discussed conducting Mr. Stephenson's deposition on January 28, 2014, Plaintiffs are unsure whether Mr. Stephenson will be able to

proceed with his deposition on January 28, 2014, depending on the success of the surgery and the extent of recovery needed. APP 5. Although Plaintiffs offered January 16, 2014 and January 17, 2014 for Dr. Stephenson's deposition, these dates are not workable. Counsel for Toyota previously indicated that they were not available on January 16, 2014, and the parties previously discussed continuing or completing the deposition of Mr. Friedman on January 17, 2014, if necessary. APP 9.

Finally, Plaintiffs have advised Defendants that Dr. Joseph Burton was recently involved in a motor vehicle accident, and is currently being hospitalized in the intensive care unit. APP 10, 13, 17. The Court's January 2, 2014 Order requires Dr. Burton and Keith Friedman to be presented before all other experts. *See* Doc. No. 328. However, given the circumstances surrounding Dr. Burton's current medical situation, Defendants have agreed to conduct depositions of other experts prior to Dr. Burton's. Plaintiffs have acknowledged that Defendants' comparable experts will not be presented until after Dr. Burton is presented. APP 17. The parties agreed to schedule Dr. Burton's deposition for January 30, 2014, contingent upon his medical condition improving, and agreed to schedule Dr. Catherine Corrigan's deposition for February 6, 2014, and Dr. David Viano's deposition for February 19, 2014, respectively. However, because of the uncertainty surrounding Dr. Burton's medical condition, all three of these dates are tentative. Further, the parties have not agreed upon alternative dates for Dr. Burton, Dr. Corrigan, and Dr. Viano, if Dr. Burton's medical condition does not allow for him to be presented on January 30, 2014.

**B.    Plaintiffs' Contention**

As Plaintiffs argue in the Joint Submission Regarding Defendants' Expedited Motion for Enlargement of Time for the Depositions of Plaintiffs' Experts, Dkt. Entry No. 337, Defendants

cannot demonstrate good cause to subject Friedman and Stephenson to thirty-two (32) hours of deposition questioning. The one jointly authored opinion (the "Friedman Research Opinion") was submitted in separate documents, solely for Defendants' convenience, and contains just 87 pages of analyses and opinions. Allowing more than 7 hours (or a maximum of 9 hours even if the Defendants had established good cause, which they have not) per deponent would clearly constitute harassment of these experts and a waste of precious time during an already hectic expert deposition schedule. In accordance with the Court's January 2, 2014, Order, Plaintiffs made it known to Defendants that Friedman is available for a deposition on one day among the dates of January 14, 15, 16, and 17. The Defendants have chosen January 15, 2014 as the date on which they wish to depose Friedman for the seven-hour time allotted by the rules. Accordingly, Mr. Friedman wishes to reschedule his other matters for the dates not selected and asks that the Court confirm January 15 as the date upon which his full deposition is taken.

     As to Dr. Stephenson's deposition, Plaintiffs have made it known to Defendants that Dr. Stephenson is scheduled to have surgery in Los Angeles the week of a January 20, 2014. As a result, Plaintiffs have offered several dates, prior to his surgery, upon which Defendants can take Dr. Stephenson's deposition. This way, his surgery and the unknown extent of his recovery time would not cause any delay in Defendants taking his deposition. Plaintiffs offer January 15, 16, 17, and 18 (a Saturday) for Dr. Stephenson's deposition, have asked Defendants to choose from among these dates, and have strongly recommended January 16 or 17. Although Plaintiffs are aware that one of Toyota's counsels has indicated some initial unavailability to take Stephenson's deposition on January 16, Plaintiffs' counsel has had to make significant business and personal in their schedules to ensure that all depositions can occur within the discovery period and asked that Toyota's counsel strongly consider rescheduling the other matter he has for

January 16 so that at least one of Toyota's counsels can proceed to depose Dr. Stephenson. If, on the other hand, Toyota's counsel is unable or unwilling to reschedule the conflict he has on January 16, Dr. Stephenson could be made available for deposition on January 17 or 18 in Austin. Accordingly, Plaintiffs ask that the Court instruct Defendants to take Dr. Stephenson's deposition prior to his surgery on one of the dates offered by Plaintiffs.

With regard to Dr. Joseph Burton, Plaintiffs have agreed to schedule Dr. Burton's deposition on or about January 30, 2014, contingent upon his medical condition improving. As of today, Dr. Burton remains in the hospital following his motor vehicle accident. In the event Dr. Burton becomes available earlier than January 30, 2014, Plaintiffs will confer with Defendants to determine if there is another mutually available date on which Dr. Burton can be presented for his deposition. If Dr. Burton's deposition is taken on or before January 30, 2014, the parties have agreed to schedule Dr. Catherine Corrigan's deposition for February 6, 2014, and Dr. David Viano's deposition for February 19, 2014, respectfully.

Respectfully submitted,

/s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN
State Bar No. 16049750

**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax
pittman@thepittmanlawfirm.com

/s/ Daryl K. Washington
DARYL K. WASHINGTON State
Bar No. 24013714

**LAW OFFICES OF DARYL K. WASHINGTON**
325 N. St. Paul St., Suite 1975
Dallas, Texas  75201
214-880-4883
469-718-0380 - fax
dwashington@dwashlawfirm.com

**ATTORNEYS FOR PLAINTIFFS**


*/s/ Kurt C. Kern*
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 N. Harwood Street, Suite 1700
Dallas, Texas  75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR DEFENDANTS TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., AND TOYOTA MOTOR SALES, U.S.A., INC.**


*/s/ Pat Fitzgerald*
**Randy Howry**
State Bar No. 10121690
rhowry@howrybreen.com
**Pat Fitzgerald**
State Bar No. 24036566
pfitzgerald@howrybreen.com
**John Carlson**
State Bar No. 00790426
jcarlson@howrybreen.com

**HOWRY BREEN & HERMAN, LLP**
1900 Pearl Street
Austin, Texas  78705-7300
512-474-7300
512-439-4106 - Direct Line
512-474-8557 – Facsimile

**ATTORNEYS FOR DEFENDANT VOLVO GROUP NORTH AMERICA, LLC f/k/a VOLVO TRUCKS NORTH AMERICA**


*/s/ S. Todd Parks*
**Donald H. Dawson, Jr.**
State Bar No. 05606500
ddawson@dawson-clark.com
**Kathleen A. Clark**
State Bar No. 00788830
kclark@dawson-clark.com

**DAWSON & CLARK, P.C.**
243 W. Congress
600 Marquette Building
Detroit, MI  48226
313-256-8900
313-256-8913 (Fax)

and

**S. Todd Parks**
State Bar No. 15526520
Todd.parks@wbclawfirm.com
**Ashley De La Cerda**
State Bar No. 24045760
Ashley.delacerda@wbclawfirm.com

**WALTERS, BALIDO & CRAIN, LLP**
900 Jackson Street, Suite 600
Dallas, Texas  75202
214.749.4805
214.760.1670 (fax)

**ATTORNEYS FOR DEFENDANT STRICK TRAILERS, LLC**

___

/s/ Scott W. Self
**Michael P. Sharp**
State Bar No. 00788857
msharp@feesmith.com
**Scott W. Self**
State Bar No. 24033176
sself@feesmith.com

**FEE, SMITH, SHARP & VITULLO, LLP**
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas  75240
972-934-9100
972-934-9200 (fax)

**ATTORNEYS FOR DEFENDANT JOHN FAYARD MOVING & WAREHOUSE, LLC**


/s/ Joseph F. Henderson
**John S. Kenefick**
State Bar No. 24006294
jkenefick@macdonalddevin.com
**Joseph F. Henderson**
State Bar No. 24036751
jhenderson@macdonalddevin.com

**MACDONALD DEVIN, P.C.**
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas  75270
214-744-3300
214-747-0942 (fax)

**ATTORNEYS FOR DEFENDANT DOLPHIN LINE, INC.**

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on January 7, 2014 counsel all parties held a face to face conference regarding the scheduling of expert depositions. The parties were unable to come to an agreement on all issues.

*/s/ Kurt C. Kern*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 8th day of January, 2014.

*/s/ Kurt C. Kern*