IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **OLLIE GREENE, et al.,** § | |
| § | |
| **Plaintiffs,** § | |
| § | |
| v. § | Civil Action No. 3:11-CV-207-N |
| § | |
| **TOYOTA MOTOR CORPORATION, et al.,** § | |
| § | |
| **Defendants.** § | |

## ORDER

Pursuant to the standing order of discovery reference dated June 19, 2013, before the Court is the *Joint Submission Regarding Defendants' Expedited Motion for Enlargement of Time for the Depositions of Plaintiffs' Experts*, filed January 7, 2014 (doc. 337).

A status conference concerning the scheduling of expert depositions was conducted on January 9, 2014. All parties appeared through counsel. Because the length of depositions was a significant impediment in the scheduling of expert depositions, and given the time constraints with initiating expert depositions, the Court dictated its ruling concerning the motion for enlargement of time into the record rather than issuing a written opinion. After consideration of the relevant filings, evidence, and applicable law, and for the reasons stated on the record, the motion is **GRANTED IN PART.** The Court finds good cause to extend the depositions of the plaintiffs' experts, Keith Friedman and Dr. Rhoades Stephenson, from the presumptive limit of 7 hours each to 14 hours each based on the number of defendants and the lack of overlap in the opinions concerning each defendant's role in the automobile crash at issue and the numerous alleged defects in two different vehicles. The time for each of the two depositions shall be apportioned as follows, unless otherwise agreed by the defendants: Toyota defendants, 5 hours; Volvo defendants, 4 hours; Strick, 3 hours; and Fayard and Dolphin, 2 hours.

The *Amended Order and Discovery Protocol* provides that attorneys' fees shall be awarded to the prevailing party in a discovery dispute in accordance with Rule 37 of the Federal Rules of Civil Procedure. The defendants may file an application for reasonable expenses and attorney's fees incurred in bringing the motion to enlarge time. Local Rule 7.1(a) and (h) of the Local Civil Rules for the Northern District of Texas require that parties confer before filing an application for attorney's fee and expenses. Accordingly, counsel for any defendant seeking fees and counsel for the plaintiffs are hereby ordered to meet **face-to-face** and confer about whether fees may and/or should be awarded, and the reasonableness of any requested fees. The "face-to-face" requirement is not satisfied by a telephonic conference. Any attorney required to appear for this meeting who fails to appear or to confer as directed in this Order will be subject to sanctions.

No later than **5:00 p.m. on January 23, 2014**, counsel for any defendant seeking fees must notify the Court of the results of the conference in writing. If the disputed issues have been resolved, counsel for any defendant seeking fees shall also forward an agreed proposed order in word or wordperfect format to "ramirez_orders@txnd.uscourts.gov". If the parties to the fee application do not reach an agreement, or if counsel fails to appear for the conference, counsel for any responding defendant seeking fees may file an application for reasonable expenses and attorneys' fees **no later than 5:00 p.m. on January 23, 2014.** The fee application must be supported by documentation evidencing the "lodestar"[1] calculation, including affidavits and billing records, and citations to relevant authorities. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002) (using the "lodestar" method to award attorney's fees under Rule 37). Counsel for the plaintiffs may file a response **no later than 5:00 p.m. on January 30, 2014.** The response should also address whether fees should be assessed against the plaintiffs, counsel, or both. Counsel for any responding defendant seeking fees

---

[1] The "lodestar" method is explained in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

may file a reply **no later than 5:00 p.m. on February 6, 2014**.

All relief not expressly awarded herein is hereby denied.

**SO ORDERED** on this 9th day of January, 2014.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE