IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the Surviving Parent of WYNDELL GREENE, SR., et al., | § § § § | CASE NO.: 3:11-CV-00207-N |
| Plaintiffs, | § § | |
| vs. | § § | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION et al., | § § § | |
| Defendants. | § § | |

**DEFENDANT VOLVO GROUP NORTH AMERICA, LLC'S (VNGA'S) RESPONSE TO PLAINTIFFS' REQUEST TO STRIKE VGNA'S EXPERT WITNESS REPORTS**

Defendant VOLVO GROUP NORTH AMERICA, LLC ("VGNA") files this response to Plaintiffs' request to strike the expert witness reports of VGNA's testifying experts Ken Tandy, Steve Werner and Tim Cheek. Plaintiffs' request was not made in a separate motion, but instead was embedded in Plaintiffs' January 3, 2014 Emergency Motion to Extend Date for Rebuttal Expert Disclosure and Reports (Document #329).

## I. INTRODUCTION

On January 3, 2014, Plaintiffs filed yet another "emergency" motion – this time their "Emergency Motion to Extend Date for Rebuttal Expert Disclosure and Reports" – claiming, in part, that VGNA's expert disclosures were mailed "on or after" December 20th and were allegedly served "untimely." Despite the fact that service by U.S. mail is perfectly acceptable under the Federal Rules, they have asked the Court to strike VGNA's testifying experts' reports. In fact, VGNA's disclosures were served both timely (on Friday, December 20th) and properly (via certified mail, return receipt requested, to the offices of both law firms representing

1

Plaintiffs).  The U.S. Postal Service tracking information for these mailings indicates that the Postal Service attempted to deliver them shortly after noon the very next business day (Monday, December 23rd), but had to leave a notice because nobody was apparently there to receive or sign for the mail.

Plaintiffs' request to strike, which was made without even trying to confer and apparently with no attempt to investigate, is totally meritless on these facts.

## II. ARGUMENT AND AUTHORITIES

### Plaintiffs' Request

Plaintiffs filed their "Emergency Motion to Extend Date for Rebuttal Expert Disclosure and Reports" on January 3, 2014.  (Document #329)  On page 2 (footnote 1) and on page 5 of that motion, they assert that the reports of VGNA's retained testifying experts (Ken Tandy, Steve Werner and Tim Cheek) "were apparently submitted by U.S. mail on or after the [December 20th] due date" and should be stricken as "untimely."[1]  This request, which was not made in a separate motion and was made without any attempt to confer with VGNA's counsel, lacks any merit.

### The Facts

In fact, as the attached Appendix documents show, VGNA's expert disclosures and requests were both timely and properly served:

(1)     VGNA e-filed a "Notice of Service" of its Rule 26(a)(2) expert disclosures at 4:23 pm CST on Friday, December 20, 2013, identifying its expert witnesses by name and address.  (*See* APP 2 & 5-11)  All counsel of

---

[1]  The Court's June 19, 2013 scheduling order (Document #161) was modified by the Magistrate's orders of October 20, 2013 (Document #219) and November 8, 2013 (Document #239), which established the December 20, 2013 deadline for the defendants to designate/disclose their experts.

record, including Plaintiffs' counsel Aubrey "Nick" Pittman and Daryl
Washington, were contemporaneously e-served with notice of this filing.
(*See* APP 2 & 12-14)

(2)     At the same time (*i.e.*, on the afternoon of Friday, December 20, 2013),
VGNA prepared a mailout to all counsel of record in this case – including
both Mr. Pittman and Mr. Washington – that included VGNA's expert
disclosures; the experts' reports; the experts' resumés; the experts' lists of
prior testimony; and the experts' fee schedules.  (*See* APP 2-3 & 15-151)

(3)     One envelope including these expert disclosure materials was addressed to
Mr. Pittman at his law firm's current address of 100 Crescent Court, Suite
700, Dallas, Texas  75201.  (APP 3)

(4)     Another envelope including these expert disclosure materials was
addressed to Mr. Washington at his law firm's current address of 325 N.
St. Paul St., Suite 1975, Dallas, Texas  75201.  (APP 3)

(5)     Both of these envelopes (as well as the envelopes to counsel for VGNA's
co-defendants) were deposited in a U.S. Postal Service drop box in Austin,
Texas (where VGNA's counsel is) by the firm's "runner" on the same
afternoon (Friday, December 20, 2013).   (*See* APP 3 & 161-63)

(6)     Both envelopes were mailed through the U.S. Postal Service via certified
mail.  The "article number" for the certified mailing to Mr. Pittman was
7012 2210 0000 5874 5864.  (*See* APP 3 & 152-53)  The "article number"
for the certified mailing to Mr. Washington was 7012 2210 0000 5874
5833.  (*See* APP 3 & 154-55)

(7)     The U.S. Postal Service's tracking information for these mailings indicates that both envelopes were processed for mailing at a U.S. Postal Service sorting facility in Austin, Texas, at 8:22 CST on Friday, December 20, 2013, and were forwarded to Dallas later that evening.  (*See* APP 3, 157 & 160)

(8)     The U.S. Postal Service's tracking information for the mailing to Mr. Pittman indicates that the postal service attempted to deliver the envelope to Mr. Pittman at his office at 12:32 p.m. CST on Monday, December 23, 2013 (a business day; not a federal holiday; two days before Christmas and the next business day after the letter had been mailed), and the Postal Service left a notice regarding the delivery of that letter at that time.  (*See* APP 3 & 157)

(9)     The U.S. Postal Service's tracking information for the mailing to Mr. Washington indicates that the envelope was "Out for Delivery" to Mr. Washington's office in Dallas at 10:48 a.m. CST on Monday, December 23, 2013 (again, a business day; not a federal holiday).  (*See* APP 3 & 160)

(10)    Plaintiffs' counsels' assertion that they did not receive VGNA's expert disclosures until "after Christmas" appears to result from the fact that neither attorney's office was open to receive and sign for the envelopes before Christmas.  Their apparent decision to close their offices on a business day, and thus not receive or accept mail, was just that:  their decision.

**Applicable Rules**

Service by Mail.  Service of documents by mail is expressly permitted by the Federal Rules.  FED. R. CIV. P. 5(b)(2)(C).  To serve by mail, a party must serve the document to the other party's attorney's last known address through the U.S. Postal Service.  *Id.*  Service by mail is complete upon mailing.  *Id.*; *Theede v. Dept. of Labor*, 172 F. 3d 1262, 1266 (10th Cir. 1999); *Vincent v. Consolidated Oper. Co.*, 17 F.3d 782, 785 n.9 (5th Cir. 1994).  The time of delivery is irrelevant when a document is served by mail.  *Kim v. Commandant*, 772 F.2d 521, 524 (9th Cir. 1985).  The date of mailing is the date that the envelope is deposited at a post office or placed in a mailbox.  *Theede*, *supra*, at 1266.

As shown above and in the materials in the appendix that accompanies this filing, VGNA's service of its expert disclosures (including the expert reports) clearly satisfied the Federal Rules regarding service.

Requirement of Conference Before Filing.  Local Rule 7.1(a) requires counsel for a moving party to confer with an attorney for a party affected prior to filing the motion.  That did not occur here:  Plaintiffs' counsel never conferred with VGNA's counsel about their request to strike VGNA's experts' reports prior to filing their motion.  (In fact, the first and only time VGNA learned that Plaintiffs' counsel were claiming "late receipt of Volvo experts' reports" was in an e-mail sent to all parties at 3:46pm on Thursday, January 2, 2014.[2]  *See* APP 164-65.  That e-mail was plainly not an effort to confer regarding Plaintiffs' request to strike.  In fact, Plaintiffs' counsel never bothered to pick up the phone or send an e-mail to VGNA's counsel regarding the supposedly-late disclosures before filing their "emergency" motion including the request to strike.)

---

[2]  VGNA e-mailed a .pdf copy of its expert disclosures and reports to all counsel, including counsel for Plaintiffs, on the morning of Friday, January 3, 2014.

The request to strike should be rejected on the failure-to-confer ground alone.

## No Harm or Prejudice

Finally, VGNA notes parenthetically that Plaintiffs' receipt of VGNA's experts' reports "after Christmas" caused no harm or prejudice.  No expert for any party has even been deposed in this case; the first expert deposition of any party is scheduled for January 15, 2014.

## III. CONCLUSION AND PRAYER

The fact that Plaintiffs are requesting that VGNA's expert reports be stricken because they were "apparently submitted by U.S. mail on or after the due date" (emphasis added) should give this Court pause for concern – for a couple of reasons.  EMERGENCY MOTION at p.2, n.1. First, the assertion ("apparently …") clearly indicates that Plaintiffs' counsel did not bother to investigate, much less confer, before filing their motion.  Second, Plaintiffs are requesting that the reports be stricken even if they were served via U.S. Mail on the due date, and even though the rules and case law expressly provide that service by U.S. Mail is appropriate.  This is the first time the undersigned counsel has seen what is essentially a motion for sanctions based on *compliance* with the applicable rules.

For the reasons stated herein, service of the reports was both timely and proper, and the request to strike is meritless – if not frivolous – and should be denied.  VGNA prays for all other relief to which it is entitled.

Respectfully submitted,

_____
Randy Howry
State Bar No. 10121690
rhowry@howrybreen.com
Pat Fitzgerald
State Bar No. 24036566
pfitzgerald@howrybreen.com
John Carlson
State Bar No. 00790426
jcarlson@howrybreen.com

HOWRY BREEN & HERMAN, LLP
1900 Pearl Street
Austin, Texas  78705
Phone:  (512) 474-7300
Fax:  (512) 474-8557

**ATTORNEYS FOR DEFENDANT VOLVO
GROUP NORTH AMERICA, LLC f/k/a
VOLVO TRUCKS NORTH AMERICA**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 10th day of January, 2014, a true and correct copy of the above and foregoing was forwarded to all non-registered counsel of record in accordance with the Federal Rules of Civil Procedure to all registered counsel of record by electronic service through the court's ECF system in compliance with Federal Rule of Civil Procedure 5(b)(2)(E) and 5(b)(3).


_____

Randy Howry