IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **OLLIE GREENE,** *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | |
| **TOYOTA MOTOR CORPORATION,** *et al.*, | § | **CAUSE NUMBER: 3:11-cv-0207-N** |
| | § | |
| Defendants. | § | |

**THE TOYOTA DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT**

TO THE HONORABLE COURT:

Defendants Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Engineering & Manufacturing North America, Inc. (collectively "the Toyota Defendants"), Defendants in the above-styled and numbered action, file this Reply in Support of Defendants' Motions for Summary Judgment (Doc. Nos. 253, 256), and respectfully show the Court as follows:

**I.
SUMMARY OF REPLY**

The Toyota Defendants Motions for Summary Judgment should not be stricken on the grounds that multiple partial motions for summary judgment were filed, or based on Plaintiffs' meritless spoliation motion. Plaintiffs' rely on improper evidence in their response to the motions for summary judgment that does not create a genuine issue of material fact. The motions should, therefore, be granted. Moreover, Plaintiffs have failed to identify any evidence that in any way demonstrates TEMA is a proper defendant in this case.

**II.
REPLY**

A.   **The Filing of Multiple Partial Motions for Summary Judgment was Appropriate.**

Plaintiffs' request to have the Toyota Defendants' Motions for Summary Judgment stricken on the basis that they have filed multiple, partial motions for summary judgment should be denied. The purpose

of Local Rule 56.2 is to prevent parties to take a "second bite at the apple" on issues that have already been determined against them at the summary judgment phase. *See Lexxus Int'l, Inc. v. Loghry*, 512 F. Supp. 2d 647, 656-57 (N.D. Tex. 2007). Therefore a party may file multiple motions for summary judgment without leave of court, provided that the motions are in "good faith" and not an attempt "to lay the groundwork to later file another dispositive motion in the event the first one did not succeed." *Id.* at 658. The Toyota Defendants' motions for summary judgment were filed in good faith and do not raise the same issue twice. The motions are, therefore, proper. *See id.*

Contrary to Plaintiffs' assertion, the Toyota Defendants have filed their request for summary relief in the form of multiple motions to delineate and streamline the issues and avoid unnecessary and additional work for all counsel. *See* Doc. No. 319 at 1. The first partial motion for summary judgment addressed issues related to the standing of certain Plaintiffs to bring claims for damages. Doc. No. 88. That motion was granted in its entirety. Doc. No. 130. That partial motion for summary judgment significantly narrowed the issues in this case, limiting the need for written discovery and deposition testimony on topics that will not be relevant at trial. The Toyota Defendants' second partial motion for summary judgment relates to Plaintiffs' marketing defect and misrepresentation claims, and was filed in advance of corporate representative depositions on these topics in an attempt to establish the appropriate scope for that discovery and save all counsel's time. Doc. No. 179. The third partial motion for summary judgment was filed on behalf of all Toyota Defendants at the end of discovery on the claims not already addressed by the first two motions in order to limit the issues for trial. Doc. No. 253. Finally, the fourth motion for summary judgment was filed by Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA") because TEMA was not involved in the design, manufacturing, or marketing of the 2010 Toyota 4Runner. Doc. No. 256. None of the motions raises issues that were addressed in a previous motion. In other words, the motions do not take a "second bite at the apple" or force Plaintiffs to respond to the same argument twice. Had the Toyota Defendants waited until all of the motions were ripe and filed them as a single motion, it would have resulted in unnecessary effort on the part of all parties.

___

In the event that the Court finds that the motions should be stricken on this basis, the Toyota Defendants hereby move for leave to have the motions considered by the Court. To do so will serve the interests of justice and judicial economy. The Toyota Defendants have not filed any of the motions in an attempt to lay the groundwork for a later filed dispositive motion. To the contrary all of the partial motions raise unique issues and have streamlined the issues, without creating unnecessary or additional work. Further, to not consider the motions at this point could result in a waste of the Court and jury's time at trial. To the extent Plaintiffs do not have legally sufficient evidence in support of their claims; they will nevertheless pursue those claims at trial only to have them properly defeated by a directed verdict motion. The Court should narrow the issues for trial now in the interests of judicial economy.

### B. Plaintiffs' Spoliation Motion and Request to Strike the Motions for Summary Judgment on that Basis is Without Merit.

As previously set forth in the Toyota Defendants' Response to Plaintiffs' Motion for Sanctions for Alleged Destruction and/or Concealment of Evidence, the Toyota Defendants have not spoliated evidence. Doc. No. 308. Consequently, Plaintiffs' request that the Toyota Defendants' motions for summary judgment be stricken on this basis should be denied. Plaintiffs' reliance on their meritless spoliation motion in their response to the motions for summary judgment is indicative of their lack of legally sufficient evidence in support of their claims.

### C. Plaintiffs Rely on Improper Summary Judgment Evidence to Support Their Response.

"A district court may only consider admissible evidence in ruling on a motion for summary judgment." *Coleman v. Jason Pharmaceuticals*, 2013 WL 5203559, at *3 (5th Cir. Sept. 17, 2013); Fed. R. Civ. Pro. 56(c)(2); *Mersh v. City of Dallas, Tex.*, 207 F.3d 732, 734-35 (5th Cir. 2000); *see also Axcess Marketing Group v. Western Creative, Inc.*, 2011 WL 611630, at *4 (N.D. Tex. Feb. 16, 2011) ("the evidence offered must be the type that would be admissible at trial."); *Mosley v. White*, 464 Fed. Appx. 206, 210 (5th Cir. 2010) (admissible evidence is required to support a fact issue). The evidence relied upon by Plaintiffs is hearsay, conclusory and not competent summary judgment evidence of the existence of a genuine issue of fact. *See* Fed. R. Evid. 402, 802. Hearsay evidence, unless it falls within a

recognized exception, is not admissible summary judgment evidence. *See Roberts v. City of Sherveport*, 397 F.3d 287, 295 (5th Cir. 2005); *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995). Mere conclusory allegations are insufficient to defeat a motion for summary judgment. *Eason v.Thaler*, 73 F.3d 1322 (5th Cir. 1996). As Plaintiffs have failed to make a showing sufficient to establish the existence of essential elements of all of their claims, the Toyota Defendants are entitled to summary judgment on all claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

In their response Plaintiffs rely heavily on hearsay, including the report of Keith Friedman and Dr. Rhoads Stephenson against the Toyota Defendants (the "Friedman Report"). The Friedman Report is hearsay because it is a written statement not made while testifying at trial or hearing, that Plaintiffs are offering to prove the truth of the matters asserted therein. Fed. R. Evid. 801. The Fifth Circuit has referred to out of court written statements as "classic, inadmissible hearsay" that is not competent summary judgment evidence. *Roberts*, 397 F.3d at 295 (newspaper articles are not competent summary judgment evidence). The Freidman Report is not competent summary judgment evidence and therefore does not create any genuine issue of fact. *Id.*; *Fowler*, 68 F.3d at 126.

Even if the Friedman Report is somehow considered sufficient to establish a defect in the 4Runner, Plaintiffs have provided no competent evidence that the defect caused injury to Plaintiffs. Plaintiffs cite the Friedman Report in support of their contention that "burn injuries caused the death of one or more of the Greene family members." Doc. No. 319 at 12-13. Neither Friedman nor Stephenson has been designated as a cause of death expert by Plaintiffs. To the extent their report even expresses such an opinion, they lack the necessary expertise to make such a determination. Plaintiffs have not cited to any expert testimony, or documentary evidence as to the actual cause of the deaths of the Greene Family. Plaintiffs therefore have not provided competent summary judgment evidence that any alleged defect in the Toyota 4Runner actually caused any of the deaths. Summary judgment should be granted in favor of the Toyota Defendants.

### D.     TEMA's Motion for Summary Judgment Should be Granted

TEMA's motion for summary judgment should be granted because Plaintiffs have failed to identify any evidence that TEMA participated in the design, manufacture, assembly, promotion, advertising for, distribution, or sale of the 2010 U.S. bound 4Runner. In their response, Plaintiffs rely upon a statement provided by TEMA regarding the general scope of its operations. Nothing in that statement, however, indicates TEMA had any involvement with the 2010 U.S. bound 4Runner. For example, the statement that "TEMA conducts engineering design, development, and testing for certain Toyota vehicles in North America" is no evidence that the 2010 U.S. bound 4Runner was such a vehicle. Plaintiffs also point to the fact that TEMA had some limited involvement in durability testing of the 2010 U.S. bound 4Runner as evidence that summary judgment should not be granted. Plaintiffs do not, however, show any connection between durability testing and their allegations in this case. Plaintiffs defect allegations relate to the design and performance, not the durability of the 4Runner and its components. As such, TEMA's limited involvement in some durability testing does not make it a proper defendant in this case. As Plaintiffs have not identified any evidence to create a genuine issue of fact on any matter material to their claims against TEMA, summary judgment should be granted in favor of TEMA.

Respectfully submitted,

*/s/ Kurt C. Kern*
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR DEFENDANTS TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., AND TOYOTA MOTOR SALES, U.S.A., INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 14th day of January, 2014.

*/s/ Kurt C. Kern*