IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the | § | |
| Surviving parent of WYNDELL GREENE, | § | |
| SR., WILLIAM GREEN, as the | § | |
| Administrator of the Estate of WYNDELL | § | |
| GREENE, SR., and MARILYN BURDETTE | § | |
| HARDEMAN, Individually and as the | § | CAUSE NUMBER 3:11-cv-0207-N |
| Surviving parent of LAKEYSHA GREEN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| TOYOTA MOTOR CORPORATION, | § | |
| TOYOTA MOTOR ENGINEERING & | § | |
| MANUFACTURING NORTH AMERICA, | § | |
| INC., TOYOTA MOTOR SALES USA, INC., | § | |
| VOLVO GROUP NORTH AMERICA, IND., | § | |
| VOLVO TRUCKS NORTH AMERICA, A | § | |
| A DIVISION OF VOLVO GROUP | § | |
| NORTH AMERICA, LLC., STRICK | § | |
| CORPORATION, INC., JOHN FAYARD | § | |
| MOVING & WAREHOUSE, LLC and | § | |
| DOLPHINE LINE, INC. | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

======================================================================

**DEFENDANT STRICK TRAILERS, LLC'S REPLY TO
PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION
FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Strick Trailers, LLC ("Strick"), pursuant to Fed. R. Civ. P. 6(b)(1)(B) and

Local Rule 7.1, states as follows for its Reply to Plaintiffs Response to Strick's Motion for Leave

to File Motion for Summary Judgment (the "Plaintiffs' Response") (R.E. 324):

1

**Introduction**

On December 11, 2013, Strick filed its Motion for Leave to File Motion for Summary Judgment (the "Motion for Leave") with Strick's Motion for Summary Judgment and Brief in Support attached as exhibits. (R.E. 271).  The Motion for Leave and accompanying exhibits were filed approximately 18½ hours past the December 10, 2013 deadline imposed by this Court's June 19, 2013 Scheduling Order (the "June 19 Scheduling Order"). (R.E. 161).  Plaintiffs oppose the relief requested in the Motion for Leave and argue in the Plaintiffs' Response that (1) Strick cannot establish good cause for the filing of a (18½hours) late motion because its counsel was "careless" and its explanation for the late filing is "disingenuous,"[1]  (2) Plaintiffs will be prejudiced if the Motion for Leave is granted because (a) Plaintiffs' counsel is "actively involved in preparing, presenting and defending approximately 20 experts for depositions that will begin on January 3, 2013, and are scheduled to take place on virtually every day in January … ", (b) Plaintiffs' counsel is busy working with its experts to prepare rebuttal reports, and (c) Plaintiffs' counsel is busy preparing for trial that is scheduled for March 10, 2014, and (3) Strick has exceeded the number of Motions for Summary Judgment it is permitted to file pursuant to Local Rule 56.2(b). (R.E. 324, Page ID 14820-14823).   Plaintiffs' arguments in the Plaintiffs' Response lack merit as demonstrated below, and this Court should grant the Motion for Leave.

*1. Strick Can Establish Good Cause and/or Excusable Neglect for its Late Filing.*

Strick filed the Motion for Leave approximately 18 ½ hours beyond the deadline

---

[1] Attached to the Appendix to this Reply Brief is the Declaration of Andrew J. Huige (the "Declaration"), an attorney who works with the law firm of Dawson & Clark, P.C. (the "Firm"). The Firm represents Strick in this action jointly with its co-counsel, Walters, Balido & Crain, LLP.   The Declaration sets forth the precise events that resulted in the missed deadline necessitating the filing of the Motion for Leave.  Strick's failure to timely file the Motion for Summary Judgment was not the result of "carelessness" and the explanation is not "disinguous" as is claimed by Plaintiffs' counsel in the Response as demonstrated by the Declaration.

established in the June 19 Scheduling Order.  In the Motion for Leave, Strick informed the Court that its failure to meet this deadline was due to a calendaring error. (R.E. 271, Page ID 10133). Plaintiffs' Response explicitly states that this late filing was a result of carelessness and that the explanation "seems disingenuous." (R.E. 324, Page ID 14820).   Plaintiffs' statements are categorically untrue.

Strick retained the law firm of Dawson & Clark, P.C. (the "Firm") to represent it in the present action on or about May 10, 2013. (R.E. 154, 155) (Declaration, ¶ 5).  This Court entered the June 19 Scheduling Order on June 19, 2013. (R.E. 161).  The Firm correctly calculated and calendared the December 10, 2013 deadline (the "December 10 Deadline") for the filing of Strick's Motion for Summary Judgment on June 20, 2013, the day immediately following the entry of the June 19 Scheduling Order. (Declaration, ¶ 5-9).  This December 10 Deadline was correctly calculated and calendared in accordance with the Firm's then existing policies and procedures. (Declaration, ¶ 3-5).

The Court entered a new Scheduling Order on October 10, 2013 (the "October 10 Order"). (R.E. 219).   The October 10 Order provided for an extension of 30 days (the "Extension") for some of the deadlines imposed by the June 19 Scheduling Order.   The Extension did not apply to the December 10 Deadline (Declaration ¶ 10).  A legal assistant with the Firm mistakenly applied the Extension to the December 10 Deadline on the Firm's deadline calendar on October 10, 2013, the same day the October 10 Order was issued.  (Declaration, ¶ 12-13).   This resulted in an amendment of the Firm's filing deadlines calendar to reflect an erroneous date of January 9, 2014 as the new filing deadline for Strick's Motion for Summary Judgment. (Declaration, ¶ 12-13).   The Firm began work on Strick's Motion for Summary Judgment prior to the expiration of the December 10 Deadline notwithstanding. (Declaration, ¶

17).   The Firm learned and confirmed that it had missed the December 10 Deadline on the morning of December 11, 2013, after several of Strickø Co-Defendants timely filed their Motions for Summary Judgment on the afternoon and evening of December 10, 2013. (R.E. 253, 256, 262, 265) (Declaration, ¶ 20).   The associate responsible for missing the December 10 Deadline and the remainder of the Firmø staff that was present in the office on December 11, 2013, worked diligently to draft, finalize, and file the Motion for Leave together with the Motion for Summary Judgment and Brief in Support later that same day. (Declaration, ¶ 20-22).   The associate responsible for missing the December 10 Deadline was no longer employed by the Firm as of December 13, 2013.  (Declaration, ¶ 17).

Strickø failure to meet the December 10 Deadline was due entirely to an innocent calendaring error which arose as a result of a staff memberø actions.   Similar circumstances have been deemed to amount to good cause or excusable neglect as required by Fed. R. Civ. P. 6(b).  See *Ruiz v. Carmeuse Lime, Inc*., 2:10-cv-21, July 14, 2011, 2011 WL 3290376 (N.D. Ind. 2011).   In *Ruiz*, the District Court for the Northern District of Indiana determined that the moving party had established excusable neglect for missing a filing deadline when (1) a calendaring error occurred as a result of an employeeø mistake, (2) the attorney responsible for missing the deadline promptly left the employment of the firm, (3) and the firm responsible for missing the filing deadline acted immediately (filed the same day as discovery of the error) in addressing the error once it was discovered (17 days after the missed deadline).   The facts in *Ruiz* are nearly identical to the facts present in this matter, except that in the present action, the deadlines were originally calendared correctly and the resulting delay from the mistake was less than 18½   hours as opposed to the 17 day delay present in that case.   Despite Plaintiffsø unfounded accusations otherwise, good cause and/or excusable neglect are present here which

warrant the granting of the Motion for Leave.

     **2. *Plaintiffs Will Not Be Prejudiced if the Motion for Leave is Granted.***

     Plaintiffs assert three different examples of how they will be prejudiced if this Court grants the relief requested in the Motion for Leave.  Those examples are (1) Plaintiffs' counsel is "actively involved in preparing, presenting and defending approximately 20 experts for depositions that will begin on January 3, 2013, and are scheduled to take place on virtually every day in January ... ", (2) Plaintiffs' counsel is busy working with its experts to prepare rebuttal reports, and (3) Plaintiffs' counsel is busy preparing for trial that is scheduled for March 10, 2014.

     Many deadlines and dates have been adjourned and/or continued since Plaintiffs filed the Plaintiffs' Response on January 1, 2014.  First, the expert depositions that Plaintiffs referenced have been rescheduled and are now taking place, in large part due to motions filed by Plaintiffs' counsel, over a period of two months in January and February 2014.  Plaintiffs' deadline for filing its expert rebuttal reports, continued several times due to motions filed by Plaintiffs' counsel requesting additional extensions, has come and gone (January 10, 2014). (R.E. 335). Most importantly, the trial date of March 10, 2014, has now been continued more than three months to June 23, 2013. (R.E. 332).  All of Plaintiffs' claims of potential prejudice generally boil down to a claim that their counsel is simply too busy to respond to a Motion for Summary Judgment.  Counsel's busy calendar should not be taken into account under these circumstances. *See Maryland Cas. Co. v. Conner,* 382 F.2d 13, 16-17 (10th Cir. 1967) (excuse that a lawyer is too busy to meet deadlines could be used truthfully in almost every case and therefore should not be given weight).  Plaintiffs will not be prejudiced if they are required to respond to Strick's

Motion for Summary Judgment.[2]

### 3. Strick's Motion for Leave Complies with Local Rule 56.2(b) and the Strick's Motion for Summary Judgment Does Not Violate the Intent and Purpose Behind Local Rule 56.2(b).

Plaintiffs claim that Strick's Motion for Leave and attached Motion for Summary Judgment and Brief in Support were filed in violation of Local Rule 56.2(b).  Local Rule 56.2(b) provides "Number. Unless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment."  Rule 56.2(b) controls the number of summary judgment motions that can be filed without leave of court.  It is designed to (1) prevent the practice of circumventing the page limits on summary judgment motions by dividing arguments among several motions and also (2) enables the court to regulate successive motions that are filed by litigants after the court has devoted time and effort to deciding an initial motion and has identified issues that are not subject to summary disposition from seeking a second bite at the apple. *Home Depot U.S.A., Inc. v. Nat'l Fire Ins. Co. of Hartford*, 3:06 CV 0073 D, 2007 WL 1969752 (N.D. Tex. June 27, 2007).  Therefore a party may file multiple motions for summary judgment without leave of court, provided that the motions are in "good faith" and not an attempt "to lay the groundwork to later file another dispositive motion in the event the first one did not succeed."  See *Lexxus Int'l, Inc. v. Loghry*, 512 F.Supp. 2d 647, 656-57 (N.D. Tex. 2007).  Strick filed its first Motion for Partial Summary Judgment (R.E. 147) on March 28, 2013 (the "First Motion"), and second Motion for Summary Judgment on Plaintiffs' Claim of Negligent Misrepresentation (R.E. 162) on July 30, 2013 (the "Second Motion").

The First Motion requested summary adjudication on Plaintiffs' claims of (1) wrongful

---

[2] In fact, Plaintiffs' counsel specifically refers to Strick's Motion for Summary Judgment as "clearly meritless." (R.E. 34, Page ID 14820).  If Strick's Motion is in fact clearly meritless, as Plaintiffs' counsel contends, it should not take Plaintiffs' counsel long to prepare and file a response which demonstrates as much to this Court.

W:\Greene\Motions\Mtn Leave SJ\Reply Br. Mot. Leave SJ5.docx

death asserted in various capacities based on the law which holds that representative Plaintiffs have no standing to recover for the wrongful death damages related to certain of the Greene family members and (2) exemplary damages for the deaths of certain Greene family members based on the fact those claims were asserted by Plaintiffs that are not authorized by statute to recover exemplary damages. (R.E. 148, Page Id 3133-3135).  The First Motion was filed based on identical Motions for Summary Judgment filed by Co-Defendants Toyota (R.E. 88) and Volvo (R.E. 90) that were granted by this Court on December 19, 2012 (R.E. 130). This Court similarly granted the relief requested in the First Motion on March 16, 2013. (R.E. 156).

The Second Motion requested summary adjudication of Plaintiffsø claims against Strick for Negligent Misrepresentation based on Plaintiffsø failure to establish the element of reliance which is a necessary element required of any negligent misrepresentation claim. (R.E. 163).  This Motion was also granted by this Court. (R.E. 245).

The Motion for Summary Judgment that is currently at issue in this matter seeks summary adjudication on all of Plaintiffsø claims against Strick based on entirely new legal theories wholly unrelated to the First Motion or Second Motion.  The arguments asserted in the present Motion for Summary Judgment are (1) the ICC bumper at issue in this case was not sold, designed, or manufactured by Strick, (2) the subject trailer had been substantially altered since it was sold by Strick, and (3) Strick had not duty to test the aftermarket bumper installed by others and no duty to warn users of the aftermarket bumper. (R.E. 271-2, Page ID 10137-10138).

None of the stated purposes behind this Courtøs adoption of Local Rule 56.2(b) are implicated here.  The current Motion for Summary Judgment under consideration by this Court is not an attempt to file piecemeal Motions for Summary Judgment to evade page limitation rules or to seek a second bite at the apple for a previously unsuccessful Motion.  The First Motion and

Second Motion were both granted in their entirety by this Court and total no more than 16 pages - Brief in Support of First Motion (5 Pages) and Brief in Support of Second Motion (11 pages). More importantly, Strick has requested leave of Court to file the present Motion for Summary Judgment as is required by Local Rule 56.2(b). (R.E. 271).  Strick has also filed the Motions for Summary Judgment in good faith and they do not raise the same issues twice.  Plaintiffs' reliance on Local Rule 56.2(b) to defeat the Motion for Leave is misplaced and the Motion for Leave should be granted.

**WHEREFORE**, Defendant Strick Trailers, LLC, respectfully requests this Court enter an order (1) permitting it to file its Motion for Summary Judgment, Brief in Support, and Appendix one single day later than was permitted by the Second Scheduling Order, (2) to declare the exhibits filed together with the Motion for Leave as having been filed with the Court on December 11, 2013, and (3) to grant such other and further relief as this Court deems necessary and just.

DAWSON & CLARK, P.C.


 /s/  Donald H. Dawson, Jr.
 DONALD H. DAWSON, JR.
Texas State Bar No. 05606500
KATHLEEN A. CLARK
Texas State Bar No. 00788830
243 West Congress, Suite 600
Detroit, MI 48226
(313) 256-8900 *(Office)*
(313) 256-8913 *(Facsimile)*


WALTERS, BALIDO & CRAIN, LLP

 /s/  S. Todd Parks

S. TODD PARKS
Texas State Bar No. 15526520
900 Jackson Street, Suite 600
Dallas, TX 75202
(214) 749-4805 *(Office)*
(214) 760-1670 *(Facsimile)*
**ATTORNEYS FOR DEFENDANT STRICK**


## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2014, I electronically filed a copy of the foregoing, together with all exhibits, if any, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants and I hereby certify that I have mailed by United States Postal Service the document to any non CM/ECF participants.


_____/s/  Donald H. Dawson, Jr._____
DONALD H. DAWSON, JR.

W:\Greene\Motions\Mtn Leave SJ\Reply Br. Mot. Leave SJ5.docx