IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the Surviving Parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE-HARDEMAN, Individually and as the Surviving Parent of LAKEYSHA GREENE D;<br><br>Plaintiffs<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, LLC, VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC, STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC and DOLPHIN LINE, INC.<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § | CAUSE NUMBER: 3:11-cv-0207-N<br><br>JURY TRIAL DEMANDED |

## REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant DOLPHIN LINE, INC., Defendant in the above-reference action and files this reply in support of its Motion for Summary Judgment (Doc. No.: 262), and respectfully shows unto the Court as follows:

## I. Summary

1. Dolphin Line, Inc.'s ("Dolphin Line") Motion for Summary judgment should be granted. There is no genuine issue of material fact created by Plaintiffs' response and Plaintiffs' reference to the meritless spoliation motion should not preclude summary judgment.

## II. Reply

### A. Plaintiffs' Spoliation Motion and Request to Strike Dolphin's Motion for Summary Judgment on that Basis is without Merit.

2. Dolphin Line has not spoiled evidence in this matter and previously responded to Plaintiffs' Motion. Doc. No. 92. Consequently, Plaintiffs' request to strike Dolphin Line's Motion for Summary Judgment on this basis should be denied.

### B. Plaintiffs Rely on Improper Summary Judgment Evidence to Support Their Response

3. "A district court may only consider admissible evidence in ruling on a motion for summary judgment." *Coleman v. Jason Pharmaceuticals*, 2013 WL 5203559, at *3 (5th Cir. Sept. 2013); FED. R. CIV. PRO. 56(c)(2); *Mersh v. City of Dallas*, Tex. 207 F.3d 732, 734-5 (5th Cir. 2000). Plaintiffs' attempt to rely upon their expert's reports to establish causation is hearsay and conclusory and does not constitute competent summary judgment evidence of the existence of a genuine issue of fact. FED. R. EVID. 402, 802. Hearsay evidence, unless it falls within a recognized exception, is not admissible summary judgment evidence. *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005); *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995). Mere conclusory allegations are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322 (5th Cir. 1996). As Plaintiffs failed to make a showing sufficient to establish the existence of genuine issues of fact with respect to the challenged elements of their

claims against Dolphin Line, summary judgment is warranted with respect to all of their claims against Dolphin Line. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-3 (1986).

4. In their Response, Plaintiffs rely heavily upon hearsay evidence, namely the reports of Keith Friedman and Dr. Rhoads Stephenson and Jeff Vick against Dolphin Line. These reports are hearsay because they are written statements, not made while testifying at trial or hearing, that Plaintiffs are offering as testimony to prove the truth of the matter asserted therein. FED. R. EVID. 801. These reports are not competent summary judgment evidence and therefore do not create a genuine issue of fact. *Fowler*, 68 F.3d at 126.

5. Even if these reports are ruled admissible, Plaintiffs have not provided competent evidence that any act of Dolphin Line caused injury to the Plaintiffs. Neither Keith Friedman and Dr. Rhoads Stephenson or Jeff Vick have been designated as a medical expert capable of testifying as to the cause of injury claimed in this matter. They do not possess the necessary training, education, or expertise to offer such opinions. Plaintiffs have not cited to any expert testimony, or documentary evidence as to the actual cause of the deaths of the Greene family. Plaintiffs have, therefore, not provided competent summary judgment evidence that any act by Dolphin proximately caused them injury. Summary Judgment should be granted in favor of Dolphin Line.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Dolphin Line, Inc. respectfully pray that the Court set Defendant's motion for hearing, and that upon such hearing, that the Court grant summary judgment as to all of Plaintiffs' claims against Dolphin Line, Inc., and for such other and further relief, both general and special, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

By: _____
**John S. Kenefick**
State Bar No. 24006294
Attorney-in-Charge
jkenefick@macdonalddevin.com
**Joseph F. Henderson**
State Bar No. 24036751
jhenderson@macdonalddevin.com
MACDONALD DEVIN, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2130
214.744.3300 Telephone
214.747.0942 Facsimile

**ATTORNEYS FOR DEFENDANT
DOLPHIN LINE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2014, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

_____
JOHN S. KENEFICK/JOSEPH F. HENDERSON