IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the Surviving parent of WYNDELL GREENE, SR., WILLIAM GREEN, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the Surviving parent of LAKEYSHA GREEN, <br><br>Plaintiffs, <br><br>v. <br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, IND., VOLVO TRUCKS NORTH AMERICA, A A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC., STRICK CORPORATION, INC., JOHN FAYARD MOVING & WAREHOUSE, LLC and DOLPHINE LINE, INC. <br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § | CAUSE NUMBER 3:11-cv-0207-N <br><br><br><br>JURY TRIAL DEMANDED |

==================================================================

## DEFENDANT STRICK TRAILERS, LLC'S MOTION FOR LEAVE TO CROSS-DESIGNATE TOYOTA EXPERT ROBERT LANGE

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Strick Trailers, LLC ("Strick"), pursuant to Fed. R. Civ. P. 26(a)(2)(A) and Local Rule 7.1, states as follows for its Motion for Leave to Cross-Designate Toyota Expert Robert Lange:

1

**Motion For Leave To Cross-Designate Expert Testimony**

Strick motions this Court to permit it to cross-designate expert Robert Lange ("Lange") who was designated by Defendants Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Engineering & Manufacturing North America Inc. (jointly the "Toyota Defendants") on December 20, 2013. (R.E. 295). Plaintiffs designated their experts on November 20, 2013. (R.E. 244). Strick timely designated its experts on December 20, 2013. (R.E. 288). Strick did not blindly cross-designate all of its Co-Defendants' experts because it did not know what those experts would testify about or what opinions those experts might offer. One of the Toyota Defendants' designated experts was Lange, for whom the Toyota Defendants submitted a 261 page report on December 20, 2013 (the "Lange Report") covering many issues, among them the relative severity of each of the impacts to which the subject 4Runner was subjected in relation to other real world impacts. Some of Mr. Lange's opinions are relevant to the severity of the 4Runner's impact with the Strick trailer. Strick moves this Court to allow it to file a cross-designation of Lange as a non-retained expert. Strick's proposed cross-designation of Lange is attached to the Appendix to this Motion as **Exhibit 1**.

Strick's proposed cross-designation would cause no prejudice to Plaintiffs. Strick does not ask to enlarge or change Lange's designation or the opinions, reasoning or basis therefore set forth in the Lange Report. The parties' experts have just started to be deposed and Lange is not scheduled to be deposed until February 17, 2014.

Strick's "failure" to meet its December 20, 2013 deadline is also reasonable under the circumstances presented here. Strick received the voluminous Lange Report on December 20, 2013. It was only after having received the Lange Report, reviewing it, and now having taken time to digest the contents therein, that Strick seeks to cross-designate Lange as a non-retained

2

expert. Strick's counsel approached the Plaintiffs' for preliminary concurrence in this relief by telephone conference on January 8, 2014 and again by email on January 9, 2014, at which time concurrence was refused. However, due to the office locations of counsel, the in person meet and confer could not take place until all counsel were in the same room for the start of expert depositions. The slight delay in making the request, and the slightly longer delay in bringing the Motion to satisfy the in-person meet and confer requirement, is not unreasonable given the other discovery orders that have been entered, the recently continued trial date of June 23, 2014, and the fact that the parties have just started deposing experts at this stage in the litigation.[1] Similar motions for leave have been granted under similar circumstances.

### Brief in Support of Motion

District courts have "wide latitude" and are allowed to act with "intelligent flexibility" in allowing parties to designate experts beyond the deadline. *Mungia v. Judson Independent School Dist.*, A SA09CV395XR, 2010 WL 707377 (W.D. Tex. Feb. 24, 2010) citing *Campbell v. Keystone Aerial Surveys, Inc.,* 138 F.3d 996, 1000 (5th Cir.1998). In determining whether to grant a party's request to designate an expert witness beyond the deadline, the court considers: (1) the importance of the testimony; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility that a continuance would cure potential prejudice; and (4) the explanation provided for the failure to identify the witness. *Id.* (citing *Bradley v. United States,* 866 F.2d 120, 124 (5th Cir.1989)).

**1. The Opinions of the Expert Strick Seeks to Cross-Designate are Relevant to Plaintiffs' Claims Against Strick.**

Strick seeks to cross-designate Lange as an expert witness in this case. Lange will offer opinions and testimony regarding the severity of the multi-collision accident, including the

---

[1] Lange is currently scheduled to be deposed by Plaintiffs on February 17, 2014, in Detroit, Michigan.

Toyota 4Runner's impact with the Strick trailer.  Lange's testimony also addresses a number of subjects which are relevant to the Plaintiffs' claims against Strick including, but not limited to the severity of the accident sequence and the damage sustained by the subject vehicle.  Although not retained by Strick, Lange's opinions and the Lange Report are relevant and important to Strick, as they support Strick's defenses asserted in this action.

### 2. Plaintiffs Will Not be Prejudiced if the Court Grants the Present Motion.

The designation of Lange, which Strick seeks to cross-designate, has already been designated and fully disclosed to Plaintiffs by the Toyota Defendants and generically cross-designated by other Co-Defendants.  On December 20, 2013, the Toyota Defendants designated the testimony of Lange. (R.E. 295).  The Plaintiffs have not presented a rebuttal expert report to Lange (and even if they had elected to do so, the substance of Lange's opinions would be unchanged by the cross-designation and not affect the content of a rebuttal).  The Plaintiffs are also still scheduled to depose Lange on February 17, 2014, in Detroit, Michigan so Plaintiffs will have an opportunity to ask Lange about his testimony and opinions.  Given the timely designations of Lange by the Toyota Defendants, cross-designations by Co-Defendants, and Lange's upcoming deposition date, there is simply no way Plaintiffs will be prejudiced by Strick's cross-designation of Lange as an expert who will be providing the same opinions and testimony that have already been designated by the Toyota Defendants and cross-designated by Strick's other Co-Defendants in this litigation.  Moreover, the Court should note Plaintiffs previously requested and received two extensions of time for the designation of their own expert witnesses and reports, and an additional extension of time to January 10, 2014 for rebuttal reports.

### 3. The Court has Already Provided Plaintiffs With Multiple Continuances Which Would Cure Any Potential Prejudice.

4

This Court has already provided Plaintiffs with multiple continuances of expert disclosure and designation deadlines.[2] Plaintiffs should not need the Court to provide it with yet another continuance to address designations that were already made by the Toyota Defendants on December 20, 2013. Additionally, the Court recently continued the trial date of this litigation to June 23, 2014. No additional continuance is necessary under these circumstances.

**4. Strick's Failure to Timely Cross-Designate Lange is Reasonable Given the Procedural History of this Action.**

Plaintiffs have made repeated requests for extensions of disclosure and designation deadlines. (R.E. 212, 231, 329). Those requests have been routinely granted by this Court. (R.E. 219, 239, 335). Plaintiffs' failure to meet the deadlines that were initially imposed by this Court, and failure to meaningfully cooperate in the discovery process as demonstrated, in part, at the hearing on January 2, 2014 (see R.E. 325, 327), form part of the basis for Strick's failure to make these cross-designations pursuant to the deadlines imposed by this Court. Additionally, Strick only became aware of Lange's testimony and opinions when his report was filed by the Toyota Defendants on December 20, 2013.[3] The Lange report was voluminous and now having had an adequate period of time to review the Lange Report, in light of the scheduling extensions and the holidays, Strick's request is reasonable.

**WHEREFORE**, Defendant Strick Trailers, LLC, respectfully requests this Court enter an order (1) permitting it to file its cross-designation of Robert Lange as an expert in this action, (2) to declare the cross-designation as having been filed with the Court on January 20, 2014, and (3) to grant such other and further relief as this Court deems necessary and just.

---

[2] Strick has concurred in, or not opposed, some of the relief requested by Plaintiffs with regard to discovery deadline extensions in this action, including its own request for extension of the deadline for disclosing expert reports.

[3] A total of 16 expert reports were filed by Strick's Co-Defendants in this matter on December 20, 2013.

Respectfully submitted,

                              DAWSON & CLARK, P.C.

                        /s/ Donald H. Dawson, Jr.
                        DONALD H. DAWSON, JR.
Texas State Bar No. 05606500
KATHLEEN A. CLARK
Texas State Bar No. 00788830
243 West Congress, Suite 600
Detroit, MI 48226
(313) 256-8900 *(Office)*

WALTERS, BALIDO & CRAIN, LLP

                        /s/ S. Todd Parks
S. TODD PARKS
Texas State Bar No. 15526520
ASHLEY DE LA CERDA
Texas State Bar No. 24045760
900 Jackson Street, Suite 600
Dallas, TX 75202
(214) 749-4805 *(Office)*

**ATTORNEYS FOR DEFENDANT STRICK**

### CERTIFICATE OF CONFERENCE

      This will certify that the undersigned or his co-counsel has conferred with all counsel for parties affected by the requested relief on January 8, 2014 (via telephone conference), January 9, 2014 (via email), and again on January 20, 2014 (face-to-face meet and confer). Plaintiffsø counsel opposes the relief requested herein and there is a fundamental disagreement regarding the merits of this Motion. All Co-Defendants in this matter concurred in, and do not oppose the relief requested herein.

                        /s/ Donald H. Dawson, Jr.
                        DONALD H. DAWSON, JR.

### CERTIFICATE OF SERVICE

      I hereby certify that on January 20, 2014, I electronically filed a copy of the foregoing, together with all exhibits, if any, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants and I hereby certify that I have mailed by United States Postal Service the document to any non CM/ECF participants.

                        /s/ Donald H. Dawson, Jr.
                        DONALD H. DAWSON, JR.