**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **OLLIE GREENE, *et al.*,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CAUSE NUMBER: 3:11-cv-0207-N** |
| **v.** | § | |
| | § | |
| **TOYOTA MOTOR CORPORATION, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

**APPENDIX IN SUPPORT OF TOYOTA DEFENDANTS' MOTION TO QUASH NOTICE OF DEPOSITION, *DUCES TECUM*, OF LEE CARR**

TO THE HONORABLE COURT:

COME NOW Defendants Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc. (collectively “Toyota Defendants"), and would respectfully show the Court as follows:

| **EXHIBIT** | **DESCRIPTION** | **PAGE NUMBERS** |
|---|---|---|
| Exhibit A | Plaintiffs' FRCP Rule 30 Notice of Deposition, *Duces Tecum*, of Lee Carr | APP 1-11 |
| Exhibit B | Correspondence from Kurt C. Kern Re: Notice of Deposition of Lee Carr | APP 12-13 |
| Exhibit C | Correspondence from Kurt C. Kern Re: Notice of Deposition of Lee Carr | APP 14 |

Respectfully submitted,

*/s/ Kurt C. Kern*
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 North Harwood Street, Suite 1700
Dallas, Texas 75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR DEFENDANTS TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., AND TOYOTA MOTOR SALES, U.S.A., INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 23rd day of January, 2014.

*/s/ Jude T. Hickland*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE,** | § | **CAUSE NUMBER: 3:11-cv-0207-N** |
| **Plaintiffs,** | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| **TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, LLC., VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC., STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC, and DOLPHIN LINE, INC.** | § | |
| **Defendants.** | § | |

**PLAINTIFFS' FRCP RULE 30**
**NOTICE OF DEPOSITION, *DUCES TECUM*, OF LEE CARR**

PLEASE TAKE NOTICE that Plaintiffs will take the deposition of Lee Carr ("Carr") pursuant to Rule 30 of the Federal Rules of Civil Procedure. The deposition will take place on **January 23, 2014, beginning at 9:30 a.m. at** CARR ENGINEERING, INC., 12500 Castlebridge Dr., Houston, TX 77065, and will continue day to day until completed. The deposition will also be videotaped.

***DUCES TECUM.*** **PLEASE TAKE NOTICE FURTHER** that the witness is hereby requested to produce at, or prior to, this deposition the items requested on Exhibit "B" attached hereto.

Respectfully Submitted,

/s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN
State Bar No. 16049750

**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax
pittman@thepittmanlawfirm.com

/s/ Daryl K. Washington
DARYL K. WASHINGTON
State Bar No. 24013714

**LAW OFFICES OF DARYL K. WASHINGTON P.C.**
325 N. St. Paul St., Suite 1975
Dallas, Texas 75201
214-880-4883
469-718-0380 - fax
dwashington@dwashlawfirm.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of this document was served upon Defendants' counsels of record on January 20, 2014, in the manner described below:

| | | |
|---|---|---|
| RANDY HOWRY<br>**HOWRY BREEN & HERMAN, L.L.P.**<br>1900 Pearl Street<br>Austin, Texas 78705-5408 | ____<br>____<br>____<br>____<br>____<br>_X_ | Via Hand Delivery<br>Via CMRRR<br>Via Telecopy [512-474-8557]<br>Via Regular U.S. Mail<br>Via Overnight Courier<br>Via Email |
| KURT C. KERN<br>**BOWMAN AND BROOKE, LLP**<br>2711 North Haskell Avenue, Suite 650<br>Dallas, Texas 75204 | ____<br>____<br>_X_<br>____<br>____<br>_X_ | Via Hand Delivery<br>Via CMRRR<br>Via Telecopy [972 616-1701]<br>Via Regular U.S. Mail<br>Via Overnight Courier<br>Via Email |
| DONALD DAWSON<br>**DAWSON & CLARK, P.C.**<br>243 W. Congress<br>600 Marquette Building<br>Detroit, MI 48226 | ____<br>____<br>____<br>____<br>____<br>_X_ | Via Hand Delivery<br>Via CMRRR<br>Via Telecopy [313-256-8913]<br>Via Regular U.S. Mail<br>Via Overnight Courier<br>Via Email |
| S. TODD PARKS<br>**WALTERS, BALIDO & CRAIN, L.L.P.**<br>900 Jackson Street, Suite 600<br>13155 Noel Road, Suite 1000<br>Dallas, Texas 752440 | ____<br>____<br>____<br>____<br>____<br>_X_ | Via Hand Delivery<br>Via CMRRR<br>Via Telecopy [214-760-1670]<br>Via Regular U.S. Mail<br>Via Overnight Courier<br>Via Email |
| JOHN S. KENEFICK<br>**MACDONALD DEVIN, P.C.**<br>3800 Renaissance Tower<br>1201 Elm Street<br>Dallas, TX 75270 | ____<br>____<br>____<br>____<br>____<br>_X_ | Via Hand Delivery<br>Via CMRRR<br>Via Telecopy [214-747-0942]<br>Via Regular U.S. Mail<br>Via Overnight Courier<br>Via Email |
| SCOTT W. SELF<br>**FEE, SMITH, SHARP & VITULLO, LLP**<br>Three Galleria Tower<br>13155 Noel Road, Suite 1000<br>Dallas, Texas 752440 | ____<br>____<br>____<br>____<br>____<br>_X_ | Via Hand Delivery<br>Via CMRRR<br>Via Telecopy [972-934-9200]<br>Via Regular U.S. Mail<br>Via Overnight Courier<br>Via Email |

/s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN

**EXHIBIT "A"**

**DEFINITIONS AND INSTRUCTIONS**

These Requests incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following definitions:

1. "Plaintiffs" shall mean and refer to Plaintiffs Ollie Greene, Individually and as the surviving parent of Wyndell Greene, Sr., William Greene, as the Administrator of the Estate of Wyndell Greene, Sr. and Marilyn Burdette Hardeman, Individually and as the surviving parent of LaKeysha Greene.

2. "Fayard" shall mean and refer to John Fayard Moving & Warehouse, LLC and all of its present and former officers, directors, employees, agents, attorneys, partners, corporate parent, predecessors, subsidiaries, affiliated companies, and all other persons acting or purporting to act on behalf of "Fayard."

3. "Toyota" shall mean and refer to Defendants Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, USA and all of their present and former officers, directors, employees, agents, attorneys, partners, corporate parent, predecessors, subsidiaries, affiliated companies, and all other persons acting or purporting to act on behalf of "Toyota."

4. "Volvo" shall mean and refer the Volvo Group, Volvo AB, Volvo Trucks, Mack Trucks, Volvo Europe, Volvo Sweden, and all other entities with which VGNA had/has a relationship as a predecessor, successor, affiliate, parent, subsidiary, sister, integrated organization, etc., and all of their present and former officers, directors, employees, agents, attorneys, partners, corporate parent, predecessors, subsidiaries, affiliated companies, and all other persons acting or purporting to act on behalf of "Volvo."

5. "VGNA" shall mean and refer to Defendant Volvo Group North America, LLC f/k/a Volvo Trucks North America, Inc. and all of its present and former officers, directors, employees, agents, attorneys, partners, corporate parent, predecessors, subsidiaries, affiliated companies, and all other persons acting or purporting to act on behalf of "VGNA."

6. "Dolphin" shall mean and refer to Defendant Dolphin Line, Inc. and all of its present and former officers, directors, employees, agents, attorneys, partners, corporate parent, predecessors, subsidiaries, affiliated companies, and all other persons acting or purporting to act on behalf of "Dolphin."

7. "Strick" shall mean and refer to Strick Trailers, LLC f/k/a Strick Corporation, Inc. and all of its present and former officers, directors, employees, agents, attorneys, partners, corporate parent, predecessors, subsidiaries, affiliated companies, and all other persons acting or purporting to act on behalf of "Strick."

8. "Lawsuit" or "matter" refers to all claims, cross-claims, counterclaims and defenses, whether now asserted or asserted hereafter by amendment, supplement or otherwise, of the parties in the above-styled and numbered cause.

9. "Incident in Question" refers to the incident that took place on May 28, 2010, when the vehicle driven by Plaintiff Wyndell Greene, Sr. was struck and ignited into flames, killing the occupants in the Toyota 4Runner. The incident is referred to in more detail in Plaintiffs' live Complaint filed in this Lawsuit.

10. "Greene Family 4Runner" or Greene SUV refers to the Toyota 4Runner that was being driven by Wyndell Greene, Sr. on May 28, 2010, when the Incident in Question occurred.

11. The "Subject Toyota Vehicle" means the U.S.-bound 2003-2009 and 2010-2012 Toyota 4Runners and any other vehicle modified to represent the U.S.-bound 2003-2009 and

2010-2012 Toyota 4Runners, including prototypes, concepts, conceptual designs, pre-production and production vehicles, systems, subsystems and components, roof structures, restraint system, side structures, rear structures, sub-assemblies, or other representations of the product line.

12. "The Volvo Truck" means the 2006-2008 Volvo VN Truck product line, including any other trucks or vehicles modified to represent the Volvo VN630 truck in any way, including prototypes, concepts, conceptual designs, pre-production and production vehicles, systems, subsystems and components, front structures, side structures, rear structures, sub-assemblies, or other representations of the product line, including other models in the VN Series.

13. "Subject Strick Trailer" refers to the trailer involved in the Incident in Question, the rear of which was struck by the Greene SUV, and identified in the Complaint as the Trailer manufactured by Strick, owned by Dolphin, and operated by Fayard.

14. "Document" means any writing and any other tangible thing in Your custody, possession or control, whether printed, recorded, reproduced by any process, or written or contained in a computer (mainframe or otherwise) or on a computer disc, tape, software or electronic media of any kind or data compilation or produced by hand. Set forth below is a list of examples of writings and tangible things which are included within this definition. The list is not an exclusive list of the writings and tangible things included within this definition, but rather are intended to aid you in producing the documents that are requested. Examples of writings and tangible things included within the definition of "document" are as follows:

> Letters; e-mails; faxes; reports; agreements; intracompany and intercompany communications; correspondence; telegrams; memoranda; summaries or records of conversations; diaries; calendars; photographs; tape recordings; models; charts; plans; drawings; agendas; minutes or records of conferences or meetings; expressions or statements of policy; lists of persons attending meetings or conferences; summaries; investigations; opinions or reports of consultants; appraisals; records; brochures; pamphlets; advertisements; circulars; trade letters; reports, summaries or analyses prepared by or for any governmental entity or agency; press releases; drafts of any

documents; revisions of drafts of any documents; canceled checks; bank statements; invoices; receipts; and notes.

15. "Communication" or "communications" means any contact or act by which any information or knowledge is transmitted or conveyed between two or more persons and shall include, without limitation, written contact by such means as letters, memoranda, e-mails, "instant messages," telegrams, telex, or by any document, and oral contact by such means as face-to-face meetings and telephone conversations.

16. "ESI" and "Electronically Stored Information" mean any type of information that is created, used, and stored in digital form, and uses a computer or other device for access. This necessarily includes, but is not limited to, the following examples:

       a. e-mails, texts, chats, and instant messages;
       b. memos, letters, and other correspondence;
       c. spreadsheets;
       d. drawings;
       e. simulations;
       f. databases;
       g. office documents;
       h. presentations;
       i. video, audio, and image files;
       j. word processing and spreadsheet files;
       k. website activity and history;
       l. information posted on social networking websites;
       m. voice mails and video mail;
       n. computer programming information; and
       o. all other electronic formats commonly found on computer, network hard drives, back-up tapes and off-line storage such as CDs, DVDs, ZIP drives, etc.

Pursuant to FED.R.CIV.P. 34(b)(2)(E)(ii), the ESI shall be produced in the form or forms in which it is ordinarily maintained or in a reasonably usable form or forms including, but not limited to its native format.

17. The words "or," "and," "all," "every," "any," "each," "one or more," including," and similar words of guidance are intended merely as such and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the request. The word "including" shall not limit any general category or description that precedes it. The words "all," "every," "any," "each," and "one or more" shall include each other, when appropriate, to expand, not restrict, the scope of the Request.

18. The words "refer to," "relate to," "reflect" or "concern " a given subject means concerning, referring to, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, identifying or in any way pertinent to that certain subject.

19. The word "person" means any natural person or any business, legal or governmental entity or association, including, but not limited to, private and public partnerships, associations, corporations, joint ventures, sole proprietorships, firms, and governments.

20. The use of the singular form of any word includes the plural and vice versa.

21. These requests seek disclosure to the full extent of the Federal Rules of Civil Procedure and applicable laws and shall be interpreted as inclusive rather than exclusive.

22. If you do not understand or need clarification of a specific request, please contact Plaintiffs' counsel using the contact information above.

**EXHIBIT "B"**

Please produce all documents, communications, and items requested below that are within your possession, custody or control:

1. All documents, notes, ESI and communications that reflect the process, formula and calculations used by you to determine each Delta-V, PDOF and crush profile.

2. All documents, notes, ESI and communications that reflect the process, formulas, and/or calculations used by you to determine the number of impacts you contend were involved in the subject accident.

3. Any and all correspondence, e-mails, text messages, communications, memoranda, notes, ESI, charts, graphics, photographs, reports, documents, materials and/or notes of communications between representatives of Carr Engineering and any other expert regarding in any way this lawsuit, your work performed in connection with this lawsuit, and/or any facts related in any way to the subject matter of this lawsuit.

4. Any and all correspondence, e-mails, text messages, communications, memoranda, notes, ESI, charts, graphics, photographs, reports, documents, materials and/or notes of communications between representatives of Carr Engineering and Will Miller, Steve Nickels and Nathan Rogers regarding in any way this lawsuit, your work performed in connection with this lawsuit, and/or any facts related in any way to the subject matter of this lawsuit.

5. Any and all correspondence, e-mails, text messages, communications, memoranda, notes, charts, graphics, photographs, reports, documents, materials and/or notes of communications between representatives of Carr Engineering and Charles Shiver and/or Hermes Sargent Bates regarding in any way this lawsuit, your work performed in connection with this lawsuit, and/or any facts related in any way to the subject matter of this lawsuit.

6. Any and all documents and communications that identify facts or data that the attorneys for Toyota, Volvo, VGNA, Strick, Fayard and Dolphin provided to you that you considered in forming the opinions to be expressed.

7. All documents and communications that reflect, in whole or in part, any information or assumptions, provided to you by Defendants or by any of attorneys for Toyota, Volvo, VGNA, Strick, Fayard and Dolphin in this matter for the purpose of you considering, referring to or relying upon same, in arriving at your opinion(s) in this case.

8. Any and all documentary, demonstrative or other tangible evidence, including photographs, charts, presentations, software, hardware, drawings, models, reports or other documents, demonstrative aids or tangible things, that you may use at trial to explain or support your testimony.

9. Any and all documents that relate to or reveal any bias or potential bias of you in relation to the claims, the parties, the subject matter of this lawsuit and/or any of your opinions or analyses in connection with this case.

10. Any and all documents, communications, and things constituting, relating or referring to any proposal, solicitation, offer or proposition put forward either by you or attorneys for Toyota, Volvo, VGNA, Strick, Fayard and Dolphin that in any way concerns your retention or employment in this action or Defendants' retention of you.

11. Any and all documents reflecting the terms of your employment and/or the compensation paid or to be paid to you in connection with your involvement in this lawsuit, including, but not limited to, employment contracts or agreements, engagement letters, bills, statements, invoices, time records, acknowledgments, comments, reminders, observations, explanations or notations, log sheets and accounting summaries of amounts billed and/or paid and copies of checks received in connection with this lawsuit.

12. Copies of the following papers:
    a. The Relationship Between Delta V and Injury, Verne L. Roberts, Charles P. Compton, SAE 933111.
    b. Calculation of Stiffness Coefficient Changes for Varying Delta-V's, Carr Engineering, Inc.
    c. An Investigation into Vehicle Frontal Impact Stiffness, BEV and Repeated Testing for Reconstruction, John F. Kerkhoff, Stein E. Husher, Michael S. Varat, Alison M. Busenga, Kevin Hamilton, SAE 930899
    d. Final Report of Frontal Barrier Impacts of a 1985 Ford Escort 3-Door Hatchback in Support of Crash III Damage Algorithm Reformation, DOT HS 807 352, October 1988
    e. FMVSS 212/219/301, Electric Vehicle Testing – Group V, 1981 Ford Escort 3-Door Hatchback, NHTSA Test Report, November 1981
    f. FMVSS 212/219/301-75, 1981 Ford Escort 2-Door Hatchback, NHTSA 308-40-503, NHTSA Final Report 6525-V-40, October 10, 1980
    g. Energy Basis for Collision Severity, K. L. Campbell, General Motors Safety Research and Development Laboratory, July 1974

h. Further Validation of EDSMAC Using the RICSAC Staged Collisions, Terry D. Day and Randall L. Hargens, Engineering Dynamics Corp. SAE 900102

13. Any and all photographs, videotapes, drawings, diagrams, charts, demonstrative aids, ESI, and other documents that form a basis, either in whole or in part, for any of your opinions in this lawsuit.

**From:** Kurt C. Kern
**Sent:** Monday, January 20, 2014 2:29 PM
**To:** Aubrey "Nick" Pittman; dwashington@dwashlawfirm.com; rhowry@howrybreen.com; pfitzgerald@howrybreen.com; jcarlson@howrybreen.com; todd.parks@wbclawfirm.com; ashley.delacerda@wbclawfirm.com; ddawson@dawson-clark.com; kclark@dawson-clark.com; msharp@feesmith.com; sself@feesmith.com; jkenefick@macdonalddevin.com; jhenderson@macdonalddevin.com; Brian E. Mason; David Stone; Jude T. Hickland; Kelli Spencer; Julia A Campbell; Kim Weiner; Robin L. Hart; legalassistant@dwashlawfirm.com
**Subject:** RE: Notice of deposition of Lee Carr for January 23, 2014

Counsel:

I received your Notice for Lee Carr's deposition. Please be advised that given other commitments, including travel, Mr. Carr will not be able to commence his deposition until 11 AM. I recognize and confirm that he will be available for a full 7 hours of deposition testimony, if needed on Thursday. We will have lunch brought in around 1 PM and plan to take very short breaks that will allow the deposition to be completed at a reasonable time, even if the full testimony time is completed. You have listed the correct address for Mr. Carr's office. When entering the Carr Engineering premises you will see numerous buildings. His deposition will take place in the Conference Center, which is the first building on the left. I will address the Duces Tecum portion of your Notice in a separate e-mail, but wanted to get this information regarding the start time for the deposition to everyone as soon as possible for their consideration in terms of travel and logistics.

Kurt

---

**From:** Aubrey "Nick" Pittman [mailto:pittman@thepittmanlawfirm.com]
**Sent:** Monday, January 20, 2014 12:07 PM
**To:** pittman@thepittmanlawfirm.com; dwashington@dwashlawfirm.com; rhowry@howrybreen.com; pfitzgerald@howrybreen.com; jcarlson@howrybreen.com; todd.parks@wbclawfirm.com; ashley.delacerda@wbclawfirm.com; ddawson@dawson-clark.com; kclark@dawson-clark.com; msharp@feesmith.com; sself@feesmith.com; jkenefick@macdonalddevin.com; jhenderson@macdonalddevin.com; Brian E. Mason; David Stone; Jude T. Hickland; Kelli Spencer; Julia A Campbell; Kim Weiner; Kurt C. Kern; Robin L. Hart; legalassistant@dwashlawfirm.com
**Subject:** Notice of deposition of Lee Carr for January 23, 2014

Attached you will find the deposition notice *duces tecum* of Lee Carr for January 23, 2014. This notice was also sent by fax to Toyota's counsel.

Regards,

Aubrey "Nick" Pittman,
**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court
Suite 700
Dallas, Texas 75201
(214) 459-3454
(214) 853-5912 (fax)

pittman@thepittmanlawfirm.com

**NOTE:**

Ce courriel est confidentiel et protégé. L'expéditeur ne renonce pas aux droits et obligations qui s'y rapportent. Toute diffusion, utilisation ou copie de ce message ou des renseignements qu'il contient par une personne autre que le (les) destinataire(s) désigné(s) est interdite. Si vous recevez ce courriel par erreur, veuillez m'en aviser immédiatement, par retour de courriel ou par un autre moyen.

**CIRCULAR 230 NOTICE**: To ensure compliance with requirements imposed by U.S. Treasury Regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message and any attachments to it may contain PRIVILEGED AND CONFIDENTIAL ATTORNEY CLIENT INFORMATION AND/OR ATTORNEY CORE WORK PRODUCT and is intended only for the use of the specific individual(s) to which it is addressed. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use, dissemination or copying of this e-mail or the information contained in it or attached to it is strictly prohibited. If you have received this e-mail in error, please delete it and immediately notify the person named above by reply e-mail. Thank you.

**From:** Kurt C. Kern
**Sent:** Monday, January 20, 2014 4:07 PM
**To:** Aubrey "Nick" Pittman (pittman@thepittmanlawfirm.com); dwashington@dwashlawfirm.com
**Cc:** David Stone; Jude T. Hickland; Brian E. Mason; Kim Weiner; Kelli Spencer; Pat Fitzgerald (pfitzgerald@howrybreen.com); Randy Howry (rhowry@howrybreen.com); John Carlson (jcarlson@howrybreen.com); todd.parks@wbclawfirm.com; Ashley.delaCerda@wbclawfirm.com; Don Dawson; Kathleen Clark (kathleen@dawson-clark.com); Scott W. Self (sself@feesmith.com); jkenefick@macdonalddevin.com; jhenderson@macdonalddevin.com
**Subject:** Deposition of Lee Carr

Counsel:

As I mentioned in my prior e-mail we will present Lee Carr for deposition on Thursday January 23rd at Carr Engineering commencing at 11 AM. We will be presenting Mr. Carr consistent with the Court's Order regarding the scheduling of all expert's depositions. You have chosen to serve a Notice of Deposition which frankly is untimely. Accordingly, we will be filing a Motion for Protection/Motion to Quash the Deposition Notice. As previously stated we believe Motions to Quash are covered by Judge Godbey's prior Order and, as such, filing a Motion to Quash automatically stays the Notice. Again, we will present Mr. Carr for deposition consistent with Judge Ramirez's Order and the parties agreement to "swap" dates with Dr. Zaplac, but will rely on our Motion to Quash to stay your unilaterally selected start time of 9:30 AM, as well as your Duces Tecum. As to the Duces Tecum, like your Notice, that it is untimely. The Federal Rules basically provide that a Duces Tecum is to be treated as a Request for Production, which means that we (or the witness) would have 30 days to respond to the Duces Tecum, not the 2-3 days your Notice insists upon. Nonetheless, Mr. Carr's complete file will be available at his deposition for use or reference and, as I've previously noted (and confirmed), Mr. Carr's file was served the same day as his expert report as required by the Federal Rules and those file materials were received by Plaintiffs' counsel. As always, I'm available to discuss this or any other aspect of this case if you so desire. See you at Jeff Vick's deposition in the morning.

Kurt

Kurt Christopher Kern
Managing Partner, Dallas
Bowman and Brooke LLP
2501 North Harwood Street, Suite 1700
Dallas, Texas 75201
Direct: 972.616.1711
Fax: 972.616.1701
KKern@BowmanandBrooke.com