IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **OLLIE GREENE, et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | Civil Action No. 3:11-CV-0207-N |
| **TOYOTA MOTOR CORP., et al.,** | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' REPLY TO VGNA'S RESPONSE TO PLAINTIFFS' REQUEST TO STRIKE THE EXPERT WITNESS REPORTS OF VGNA'S TESTIFYING EXPERTS**

Plaintiffs Ollie Greene, Individually and as the surviving parent of Wyndell Greene, Sr., William Greene, as the Administrator of the Estate of Wyndell Greene, Sr. and Marilyn Burdette Hardeman, Individually and as the surviving parent of LaKeysha Greene (collectively hereinafter referred to as "Plaintiffs") submit this Reply to Volvo Group North America's ("VGNA") Response [Dkt. No. 345] to Plaintiffs' footnote request to strike the expert witness reports of VGNA's testifying experts Ken Tandy, Steve Werner and Tim Cheek as follows:

**Summary of Reply**

Considering that VGNA's Response contains misstatements and inaccuracies, Plaintiffs must submit this Reply in order to provide a more complete reasoning for Plaintiffs' initial request to strike the expert reports, as well as a more complete background of the facts that led to the initial request. As the Court is aware, Plaintiffs' initial motion contained a request for additional time in which to submit expert rebuttal reports. The late receipt of the expert reports of VGNA's testifying experts Ken Tandy, Steve Werner and Tim Cheek was simply one of the bases for the request for additional time. Defendants' Response, however, misrepresents the intent of the motion and the applicability of certain other rules of procedure.

**Argument in Reply**

A. **VGNA Cannot Refute That The Expert Reports Are Untimely**

  Rule 26(a)(2)(B) mandates that the disclosing party contemporaneously disclose an expert written report, which must contain a complete statement of the expert's opinions, the basis for such opinions, the information relied upon in forming the opinions, any summarizing or supporting exhibits, the expert's qualifications, the expert's publications from the preceding ten years, the expert's compensation, and a list of all cases in which the witness testified as an expert in the preceding four years. Rule 26(a)(2)(c) sets forth default deadlines for these disclosures, but also specifically provides that "[t]hese disclosures shall be made at the times and in the sequence directed by the court." (emphasis added). According to the Court's Scheduling Order, the opposing party's [Defendants] expert reports were "due" on December 20, 2013.

  In an effort to distract attention from its untimely production, VGNA relies on an unverified and vague computer record to argue that Plaintiffs' counsel "could have" received VGNA's expert reports on December 23, 2013 (which still would have been three days late) but that "nobody was <u>apparently</u> there to receive or sign for the mail." Resp. at 2. Plaintiffs' counsel cannot comment on veracity of the computer information that VGNA has supplied. However, Plaintiffs' counsel can confirm that Plaintiffs' counsel's office was open on December 23, 2013, and Plaintiffs' counsel did not obtain VGNA's expert reports until after Christmas. Nevertheless, the key fact here is that the expert reports were not provided to Plaintiffs' counsel on the due date, which was December 20, 2013. Therefore, the reports were untimely. As one court noted in its decision to strike to expert reports that were produced five days after the due date, "[l]ife is full of deadlines," and where a party disregards a deadline set by the court, they must suffer the consequences. *Wimblerly v. General Motors Corp.*, No. 95 C 1318, 1997 WL


30960, at *1 (N.D.Ill. Jan.17, 1997)(quoting *Nielsen v. International Assoc. of Machinists and Aerospace Workers, Local Lodge* 2569, 94 F.3d 1107, 1116 (7th Cir. 1996).

### B.  VGNA's Service by Mail Does Not Comport With the Parties' Practice.

The record in this case will also reveal that throughout most of the discovery history in this case, the parties had an accepted acknowledgement, albeit perhaps informal, and certainly a course of conduct, to serve discovery items by fax and/or email. The rare exception has been in those instances where the sheer size of the data being submitted required that a disk or thumb drive be used. And even in those infrequent instances, the parties also faxed correspondence to the adverse party alerting that receipt of discovery was forthcoming. By way of examples, Plaintiffs include in the appendix a representative sample of instances where the parties, including VGNA, have served various forms of written discovery (e.g. responses to request for production, responses to interrogatories, and supplemental initial disclosures, etc.) by fax and/or email or hand delivery. APP 001 - 025.

More importantly, with regard to the production of the written expert reports, Plaintiffs submitted their experts' written reports electronically on November 20, 2013, so that the parties would receive them contemporaneously on the due date. APP 026 - 027. Submitting the reports electronically ensured that the reports could be provided immediately to Defendants' expert in order that they could begin immediately with their analyses. Likewise, with the exception of VGNA, the other Defendants (*i.e.,* Toyota, Strick, Fayard, and Dolphin) all submitted their expert reports electronically so that they would be received on the actual due date. APP 028 - 031. Therefore, the Court should find disingenuous VGNA's contention that service of its expert reports by U.S. Mail (knowing that the reports would be received at least 3 days later, and

possible longer considering the Holiday period) was consistent with the intent and practice of the parties and the spirit of the order providing definitive deadlines.

### C. VGNA has not shown that its late disclosure was harmless or substantially justified.

As discussed above, Rule 26 of the Federal Rules of Civil Procedure requires the parties to disclose the identities of each expert and, for retained experts, requires that the disclosure includes the experts' written reports. Fed.R.Civ.P. 26(a)(2). Parties must make these expert disclosures at the times and in the sequence that the court orders. *Id*. Rule 37 "gives teeth" to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed. *Yeti by Molly Ltd*., 259 F.3d at 1106 (citing Fed.R.Civ.P. 37(c)(1)). Rule 37(c)(1) is a "self-executing," "automatic" sanction designed to provide a strong inducement for disclosure. Id. (quoting Fed.R.Civ.P. 37 advisory committee's note (1993)). The only exceptions to Rule 37(c)(1)'s exclusion sanction apply if the failure to disclose is substantially justified or harmless. Fed.R.Civ.P. 37(c)(1).

VGNA has not argued that the failure was substantially justified; indeed, in its response VGNA argues that its expert reports were served timely. Therefore, the Court should find that VGNA's failure to comply with Rule 26 was not substantially justified. Nor has VGNA shown that the delay was harmless. The burden to prove harmlessness is on the party seeking to avoid Rule 37's exclusionary sanction. *Yeti by Molly Ltd*., 259 F.3d at 1107. Here, VGNA's late production of its expert reports is one of the reasons Plaintiffs were not able to submit a timely rebuttal report.

### D. VGNA ignored Plaintiffs' overture to confer on the Motion.

In the Response, VGNA aptly notes that Local Rule 7.1(a) requires counsel for a moving party to confer with an attorney for a party affected prior to filing the motion. However, this rule

does not provide that a movant's counsel should continue to attempt to confer with the adverse party when the nonmovant demonstrates an overt refusal to respond to communication from the movant.  Indeed, VGNA fails to acknowledge that prior to filing the motion, Plaintiffs' counsel submitted an email to fourteen (14) Defendants' counsels asking for their clients' position on the Motion to extend the rebuttal deadline that Plaintiffs were contemplating filing.  APP 032.  Despite that Plaintiffs' counsel received "read receipts" from Defendants' counsels, Defendants did not give Plaintiffs the courtesy of a reply.  As a result of Defendants clear refusal to confer, Plaintiffs had no option but to proceed with the initial opposed motion.  Accordingly, Plaintiffs did not violate Rule 7.1 considering that VGNA ignored what was clearly an urgent request to confer.

Respectfully Submitted,

/s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN
State Bar No. 16049750

**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax
pittman@thepittmanlawfirm.com

/s/ Daryl K. Washington
DARYL K. WASHINGTON
State Bar No. 24013714

**LAW OFFICES OF DARYL K. WASHINGTON P.C.**
325 N. St. Paul St., Suite 1975
Dallas, Texas 75201
214-880-4883
469-718-0380 - fax
dwashington@dwashlawfirm.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 24, 2014, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

                                           /s/ Aubrey "Nick" Pittman
                                           AUBREY "NICK" PITTMAN