IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, | § § § § § § § § | |
| Plaintiffs, | § § | CAUSE NUMBER: 3:11-cv-0207-N |
| v. | § § | |
| | § | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, LLC., VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC., STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC, and DOLPHIN LINE, INC. | § § § § § § § § § § § § | |
| Defendants. | § § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT
VOLVO GROUP NORTH AMERICA'S MOTION TO STRIKE
DOCUMENTS IN PLAINTIFFS' SUMMARY JUDGMENT EVIDENCE**

TO THE HONORABLE COURT:

Ollie Greene, Individually and as parent of Wyndell Greene, Sr., William Greene, as Administrator of the Estate of Wyndell Greene, Sr. and Marilyn Burdette Hardeman, Individually and the parent of LaKeysha Greene (collectively "Plaintiffs") file this Response to Defendant Volvo Group North America, LLC's ("VGNA") Objections and Motion to Strike documents included in Dkt. Entry No. 323 and show the Court as follows:

**PLAINTIFFS' RESPONSE TO DEFENDANT VGNA'S
MOTION TO STRIKE PLAINTIFFS' SUMMARY JUDGMENT EVIDENCE – Page 1**

**I.**
**INTRODUCTION**

VGNA submitted its third motion for summary judgment on or about December 10, 2013, to which Plaintiffs responded on or about December 31, 2013. In the Response, Plaintiffs submitted significant admissible summary judgment evidence establishing (and/or creating a material fact dispute as to) each element of Plaintiffs' causes of action against VGNA. Perhaps realizing that its motion for summary judgment was doomed in its entirety, VGNA embedded in its Reply Brief a request to strike certain of Plaintiffs' summary judgment evidence. In the request, VGNA raises a host of improper objections that have no legal basis. In sum, VGNA's inserted motion to strike merits little attention and should be denied.

**II.**
**ARGUMENT AND AUTHORITIES**

**A.     VGNA's Obligations Under the Safety Act**

Prior to addressing VGNA's objections, Plaintiffs would like to put into context certain obligations or duties VGNA has, to which the subject objections relate. The United States Code, at section 49 U.S.C. 301, provides that, as a general rule, a person may not manufacture for sale, sell, offer for sale, introduce or deliver for introduction in interstate commerce, or import into the United States, any motor vehicle or motor vehicle equipment manufactured on or after the date an applicable motor vehicle safety standard prescribed under this chapter takes effect unless the vehicle or equipment complies with the standard and is covered by a certification issued under section 30115. Under the National Traffic and Motor Vehicle Safety Act of 1966 (the "Safety Act") manufacturers self-certify that their vehicles and equipment comply with applicable federal standards. 49 U.S.C. §30115. In other words, it is the responsibility of a manufacturer of vehicles and/or items of motor vehicle equipment to certify that each motor vehicle and/or equipment item is in full compliance with the minimum performance requirements of all

applicable Federal Motor Vehicle Safety Standards (FMVSSs). This self-certification process is unlike the approval process that is used in some other countries such as Japan. The NHTSA does not issue approval tags, stickers or labels for vehicles or equipment items before or after the first sale.

The Safety Act defines a motor vehicle safety standard as a "minimum" standard for motor vehicle or motor vehicle equipment performance. 49 U.S.C. § 30102(a)(9). Thus, a FMVSS does not establish the state of the art, or an optimal level of performance, but rather a minimum level of performance that a manufacturer must meet in order to sell its product. It has long been NHTSA's position that a FMVSS "establishes only a minimum performance level." *Id*. Congress has made it clear that compliance with a FMVSS does not constitute a defense in a product liability suit. 49 U.S.C. § 30103. See H.R. Rep. No. 1776, 89th Cong. 2nd Sess. (1966) at 24 ("It is intended, and this subsection [§ 108(c) of the original Safety Act] specifically establishes, that compliance with safety standards is not to be a defense or otherwise to affect the rights of parties under common law particularly those relating to warranty, contract, and tort liability."). In other words, FMVSSs do not define a manufacturer's total or complete responsibility for the safe design of its motor vehicles; and <u>mere compliance with applicable Federal Motor Vehicle Safety Standards does not relieve a manufacturer of its duty to safely design its products</u>. FMVSS are not intended to define what a safe product is under all circumstances, or to relieve a manufacturer from its responsibility to design a safe product. VGNA and its parent Volvo were clearly negligent in its responsibility to design a safe tractor.

With regard to a manufacturer's duty to report defects it discovers about its products, 49 CFR Part 573 requires manufacturers of products determined to be noncompliant with an applicable FMVSS or determined to contain safety-related defects, to furnish notification to the

Secretary, and to remedy the defect or the failure to conform, without cost to the consumer. Chapter 301 defines motor vehicle safety as "the performance of a motor vehicle or motor vehicle equipment in a way that protects the public against unreasonable risk of accidents occurring because of the design, construction, or performance of a motor vehicle, and against unreasonable risk of death or injury in an accident, and includes nonoperational safety of a motor vehicle." 49 U.S.C. § 30102(a)(8). A defect includes "any defect in performance, construction, a component, or material of a motor vehicle or motor vehicle equipment." 49 U.S.C. § 30102(a)(2). If a manufacturer determines that a product does not comply with the FMVSS **or** there is a safety-related defect, the manufacturer must notify NHTSA within 5 days of making such a determination. 49 U.S.C. § 30166(l)(1). In this case, as discussed herein, the evidence is undisputed that Volvo and VGNA were aware of the existence of a front underrun protection design ("FUPS") that existed on Volvo's European trucks that made the European-manufactured trucks safer and more energy absorbent when they collided with passenger vehicles. VGNA did not include this alternative and safer design into trucks sold in the United States.

      VGNA, Volvo and others in the industry were aware that heavy trucks such as the Volvo truck that crashed into the 4Runner are too aggressive in an accident, lack energy absorbing features in the front end and need collision warning systems to save lives. Indeed, as discussed in more detail in Plaintiffs' Brief in Support of Response to VGNA's Motion for Summary Judgment, several of these life-saving technologies were tested by Volvo and VGNA as part of a government pilot program, whereby the technology was found to be extremely effective in saving lives. Finally, VGNA knew that the disc brake systems it was supplying provided about 50% improvement in braking effectiveness from 75 mph compared with drum brakes. Disc

brakes have been available since the 1980s and almost all heavy trucks in Europe, where Volvo is headquartered, use them.

### B. The Friedman Report Constitutes Competent Evidence and VGNA's Objections to it Should Be Overruled

Relying on an overly expansive reading of *Highland Capital Management L.P. v. Bank of America, Nat. Ass'n,* 2013 WL 4502789 (N.D.Tex. Aug 23, 2013), VGNA argues for a wholesale exclusion of the expert report of Keith Freidman ("Friedman"). However, *Highland* is limited to its facts and is distinguishable from this case. The court in *Highland* also found other reasons to exclude the Highland expert report besides it being unsworn. It is undisputed that Friedman's declaration is proper summary judgment evidence since it satisfies the criteria in Rule 56(e) of the Federal Rules of Civil Procedure: it is made by a person with personal knowledge (of the opinions in the report) and demonstrates that Friedman is competent (as an expert and/or lay person) to testify on the matters stated therein. Additionally, the Friedman report is admissible since it contains facts that are admissible into evidence, relies on expert opinions and the declaration attaches a copy of the report. *Floyd v. Hefner*, 556 F.Supp.2d 617, 633 (S.D.Tex.2008)(the general rule regarding inadmissibility of unsworn reports has no bearing in cases where expert reports are attached to a declaration, authenticated and incorporated by reference). In addition, the law is clear that in reviewing evidence favorable to the party opposing a motion for summary judgment, a court should be more lenient in allowing evidence that is admissible, although it may not be in admissible form. See *Richoux v. Grand Isle Shipyard, Inc.*, 2013 WL 5935172 (E.D.La. Nov 05, 2013); *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80 (5th Cir.1988). Given the court's flexibility in dealing with the evidence used in a summary judgment proceeding, see 10A Wright, Miller & Kane, Federal Practice and Procedure § 2721 at 40, and the fact that the "papers of a party opposing summary

**PLAINTIFFS' RESPONSE TO DEFENDANT VGNA'S
<u>MOTION TO STRIKE PLAINTIFFS' SUMMARY JUDGMENT EVIDENCE</u> – Page 5**

judgment are usually held to a less exacting standard," *Lodge Hall*, 831 F.2d at 80.  Here, it is clear that Freidman's opinions are admissible under Federal Rule of Evidence 702.  He has authenticated his report and all facts and opinions contained therein that serve as the basis of his opinions.  Accordingly, the Court should accept the Friedman report as evidence.

Alternatively, if the Court concludes that the Friedman declaration is somehow deficient, Federal Rule of Civil Procedure 56(e)(1) states that "[i]f a party fails to properly support an assertion of fact[,] ... the court may give an opportunity to properly support ... the fact." Fed.R.Civ.P. 56(e)(1).  In addition, the rule also provides that "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion, <u>much less when an attempted response fails to comply with Rule 56(c)</u>."  Consistently with Rule 56, courts have permitted affidavits to cure previously unsworn materials.  *See Straus v. DVC Worldwide, Inc*., 484 F.Supp.2d 620, 634 (S.D.Tex.2007) (Fed.R.Civ.P. 56(e) allows a deficiency to be cured by filing the sworn declaration.") (alteration supplied); *Medtronic Xomed, Inc. v. Gyrus ENT LLC*, 440 F.Supp.2d 1300, 1310 n.6 (M.D.Fla.2006) (holding that an expert report was properly before the court in considering motions for summary judgment because the expert had identified his unsworn report during his deposition); *Volterra Semiconductor Corp. v. Primarion, Inc*., 796 F.Supp.2d 1025, 1038–39 (N.D.Cal.2011) (overruling an objection to unsworn expert reports where the proponent provided a sworn declaration from the expert with the challenged reports attached); *DG & G, Inc. v. FlexSol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 825–26 (8th Cir.2009) (holding that an unsworn expert report subsequently verified by an affidavit may be considered at the summary judgment stage); *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 4, 29 n. 20 (1st Cir.2005) (finding that the district court erred in declining to consider an expert report in ruling on a motion for summary judgment because "[t]he report was sworn to

with an affidavit"); *Capobianco v. City of N.Y.*, 422 F.3d 47, 55 (2d Cir.2005) (suggesting that unsworn letters could have been considered if accompanied by an affidavit that "merely reiterated what was already in the letters"); *Maytag Corp. v. Electrolux Home Products, Inc.*, 448 F.Supp.2d 1034, 1064 (N.D.Iowa 2006) ("This court concludes that subsequent verification or reaffirmation of an unsworn expert's report allows the court to consider the unsworn expert's report on a motion for summary judgment."); *Gache v. Town of Harrison*, 813 F.Supp. 1037, 1052 (S.D.N.Y.1993) ("To the extent defendants seek to strike the submissions ... as unsworn reports by experts, the issues have been mooted by plaintiff's submission of sworn declarations by each of these individuals swearing to the veracity of their statements."). In accordance with these authorities, Plaintiffs attach hereto as Exhibit 1 a copy of the expert affidavit of Keith Friedman wherein he re-authenticates his previously-submitted expert report, attests to his personal knowledge of the opinions in his report, including his use of facts to form the opinions, and swears to the truth of certain facts and opinions contained in the expert report. Plaintiffs ask that the Court consider this evidence among the summary judgment evidence. Plaintiffs also ask that the Court overrule VGNA's objections to Plaintiffs' submission of Friedman's expert report.

Substantively, Friedman's affidavit and report rebuts all of the arguments contained in VGNA's reply. Friedman's report and affidavit establish conclusively that Friedman has the qualifications to render his opinions and he applied well-accepted methodology in doing so. His opinions relate specifically to the facts in the May 28, 2010, incident and demonstrate that the Greene family would not have suffered as they did if Volvo and VGNA had designed its trucks with readily available front underride protection, an energy absorbing front-end, readily available collision warning radar and disc brakes. In addition, although VGNA argues that an "absent" component cannot establish a defective design, it cites no case law for this proposition. Indeed, a

trailer with an "absent" underride guard or a vehicle "without" a frame surrounding a fuel tank or "without" headlights can all demonstrate a defect in the product by the mere absence of safe components. In the expert report, Friedman clearly explains how VGNA's tractor, sans front underride protection, an energy absorbing front-end, collision warning radar and disc brakes, contributed to the deaths of the Greene family.

      C.    **VGNA's Objection to the 2009 NHTSA Report Lacks Merit and Should Be Overruled.**

Without argument or authorities, VGNA states that the June 2009 NHTSA Report is inadmissible. However, this does not comport with the law. Federal Rule of Evidence 803(8) states that public records and reports are not excluded by the hearsay rule. Admissible public reports include "[r]ecords, reports, statements or data compilations, in any form, of public offices or agencies, setting forth ... factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." Fed.R.Evid. 803(8). The NHTSA report falls squarely within this exception. *See, e.g. Hyundai Motor Co. v. Alvarado*, 989 S.W.2d 32, 40 (Tex.App.-San Antonio 1998, pet. granted, judgm't vacated w.r.m.); *Jones v. Ford Motor Co.*, 2006 WL 3055492 (4th Cir.2006); *In re Multi–Piece Rims Products Liability Litigation*, 545 F.Supp. 149, 150–51 (W.D.Mo.1982) (admitting NHTSA letters in the nature of evaluative reports). Therefore, VGNA's objection to the NHTSA report should be overruled.

      D.    **VGNA's Objections to Exhibits 15, 21, and 25 Should be Overruled.**

VGNA has not submitted any evidence proving its contention that these exhibits reference a company not owned by Volvo. It is clear that these companies received benefit from Volvo's representations to the public and these companies participated in publicizing Volvo products and components. VGNA's objections should be overruled.

### E. VGNA's Objections to the Website Related Product Recall Information Lack Merit and Should Be Overruled.

Federal Rule of Evidence 803(8) states that public records and reports are not excluded by the hearsay rule. Admissible public reports include "[r]ecords, reports, statements or data compilations, in any form, of public offices or agencies, setting forth ... factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." Fed.R.Evid. 803(8). Volvo's many recalls fall within the public records exception. *See also McLaughlin v. Volkswagen of Am., Inc.*, 2000 WL 1793071, at *1 (E.D.Pa.2000)(taking judicial notice of National Highway Traffic Safety Administration's website description of vehicle recall). These recalls are clearly relevant to Plaintiffs' claims in this lawsuit, including foreseeability, notice and misrepresentation.

## III.
## PRAYER

Wherefore, Plaintiffs respectfully request that the Court overrule VGNA's objections to Plaintiffs' evidence, deny VGNA's motion to strike, deny VGNA's motion for summary judgment and grant Plaintiffs such other and further relief to which they may be justly entitled.

Respectfully Submitted,

| | |
|---|---|
| /s/ Aubrey "Nick" Pittman | /s/ Daryl K. Washington |
| AUBREY "NICK" PITTMAN | DARYL K. WASHINGTON |
| State Bar No. 16049750 | State Bar No. 24013714 |
| | |
| **THE PITTMAN LAW FIRM, P.C.** | **LAW OFFICES OF DARYL K. WASHINGTON P.C.** |
| 100 Crescent Court, Suite 700 | |
| Dallas, Texas 75201-2112 | 325 N. St. Paul St., Suite 1975 |
| 214-459-3454 | Dallas, Texas 75201 |
| 214-853-5912 – fax | 214-880-4883 |
| pittman@thepittmanlawfirm.com | 469-718-0380 - fax |
| | dwashington@dwashlawfirm.com |

**PLAINTIFFS' RESPONSE TO DEFENDANT VGNA'S**
**MOTION TO STRIKE PLAINTIFFS' SUMMARY JUDGMENT EVIDENCE – Page 9**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2014, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

    /s/ Aubrey "Nick" Pittman  
AUBREY "NICK" PITTMAN