IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, <br><br> Plaintiffs, <br> v. <br><br> TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, LLC., VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC., STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC, and DOLPHIN LINE, INC. <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § | CAUSE NUMBER: 3:11-cv-0207-N <br><br><br><br> JURY TRIAL DEMANDED |

**PLAINTIFFS' RESPONSE AND BRIEF IN SUPPORT OF
PLAINTIFFS' RESPONSE TO STRICK TRAILERS, LLC'S MOTION
FOR LEAVE TO CROSS-DESIGNATE TOYOTA EXPERT ROBERT LANGE**

TO THE HONORABLE COURT:

Ollie Greene, Individually and as parent of Wyndell Greene, Sr., William Greene, as Administrator of the Estate of Wyndell Greene, Sr. and Marilyn Burdette Hardeman, Individually and the parent of LaKeysha Greene (collectively "Plaintiffs") file their Response and Brief in Support of Plaintiffs' Response to Strick Trailers, LLC's ("Strick") Motion for Leave ("Strick's Motion") to Cross-Designate Toyota Expert Robert Lange ("Lange") and show the Court as follows:

**PLAINTIFFS' RESPONSE TO STRICK'S MOTION FOR LEAVE
TO CROSS-DESIGNATE TOYOTA EXPERT ROBERT LANGE – Page 1**

**PRELIMINARY STATEMENT**

As subtly mentioned in Strick's Motion, the Defendants have already designated approximately sixteen (16) experts in this matter and Plaintiffs have designated another seven (7) experts. There is simply no good cause for Strick to late designate another expert, especially since Strick cannot establish good cause for the Court to disregard the prejudice that could befall Plaintiffs from a late designation of another expert. Additionally, even without a showing of prejudice upon Plaintiffs, Strick should be held to the deadlines established in this case. This is not the first time that Strick has missed a deadline and sought to be bailed out by the Court. Plaintiffs, therefore, ask that the Court deny Strick's Motion.

**ARGUMENT AND AUTHORITIES**

As aptly stated in Strick's Motion, courts in the Fifth Circuit examine four factors in determining whether to allow a late expert designation: (1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the importance of the witness' testimony; (3) the prejudice to the opposing party of allowing the witness to testify; and (4) the possibility of curing such prejudice with a continuance. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). All of these factors weigh in favor of denying Strick's Motion.

    **A.**     **The Explanation for the Failure to Comply With Discovery Order.**

In its Motion, Strick offers no valid reason for its dilatory conduct. Plaintiffs filed their First Amended Complaint on August 24, 2011, adding Strick and other defendants to the lawsuit. Each of the scheduling orders entered in this matter provided a date specific for expert designations. At the time of the filing of Plaintiffs' First Amended Complaint and throughout discovery, Strick has been acutely aware of the need for expert testimony to support its affirmative defenses and/or respond to Plaintiffs' experts. There was nothing preventing Strick

**PLAINTIFFS' RESPONSE TO STRICK'S MOTION FOR LEAVE
TO CROSS-DESIGNATE TOYOTA EXPERT ROBERT LANGE – Page 2**

from locating Lange and retaining his services, or the services of any other expert, if Strick believed such testimony was necessary. Strick deliberately did not seek Lange for his expert assistance on Strick's behalf. Additionally, Strick is aligned with Toyota and the other defendants and clearly could have obtained the specifics from Toyota, prior to December 20, 2013, as to what Lange's expert report would contain. There is no valid explanation for Strick's failure to act timely to discover the contents of Lange's report or to retain him. Courts in this circuit hold that in the absence of a mitigating excuse for the delay, the first factor must militate against allowing the testimony from the untimely disclosed expert. *See, Williams v. Gonzales*, 2005 WL 3447885 (E.D. Tex., Dec. 14, 2005)(citing *Geiserman*, 893 F.2d at 792).

Indeed, Strick's designation on December 20, 2013, of other Strick-retained experts to give testimony similar to what Strick now seeks from Lange is an admission that Strick did not properly and timely designate Lange. Equally indicative of Strick's lack of diligence is that several of Strick's co-Defendants cross-designated or jointly-designated other experts[1], while Strick did not. Now, over seven (7) weeks after the deadline for the designation of experts Strick asks for leave of Court to designate a new expert on its behalf. Strick has not received permission from Lange to designate him to provide testimony on behalf of Strick. Nevertheless, there is simply no justification for Strick's failure to ask Lange for permission to designate him and to timely designate Lange, especially considering that all of the information required for Strick to have retained Lange in advance of the due date was in Strick's possession.

B. The Lack of Importance of the Witness' Testimony.

The second factor courts consider is the importance of the witness' testimony. Strick has set forth no valid reason for the need for the untimely disclosed expert witness. First, Strick fails

---

[1] It is worth noting that although several defendants designated Lee Carr as an expert on reconstruction, Carr testified under oath that none of the other defendants asked for his permission to designate him as an expert and that he was not speaking on their behalves.

**PLAINTIFFS' RESPONSE TO STRICK'S MOTION FOR LEAVE
TO CROSS-DESIGNATE TOYOTA EXPERT ROBERT LANGE – Page 3**

to mention that it has already designated two experts to testify on its behalf, Dr. Michelle Vogler and Dr. David Viano. Strick's Motion does not specify any testimony to be offered by Lange that is distinct from testimony to be offered by Vogler and Viano. Second, Strick refuses to acknowledge that much of the testimony to be offered by Lange is actually duplicative of the testimony to be offered by one or more of the other 15 or so expert witnesses. Third, Strick alleges only that "Lange's opinions…support Strick's defenses asserted in this action." Mot. at 4. This statement is simply too vague to provide the Court with any information as to the alleged "need" for Lange's testimony. In addition, Plaintiffs anticipate that much of Lange's testimony will be disallowed under *Daubert* since much of it is irrelevant to the issues in this case and/or the product of a faulty methodology. Nevertheless, even if Strick could have somehow demonstrated that Lange's testimony is crucial, the importance of the testimony alone cannot "override the enforcement of local rules and scheduling orders." *Hamburger v. State Farm Mut. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). Accordingly, this factor weighs in favor of denying the Motion.

### C. Plaintiffs Will Be Prejudiced if the Motion for Leave is Granted

Strick misleadingly claims "there is simply no way Plaintiffs will be prejudiced by Strick's cross-designation of Lange as an expert." Mot. At 4. This is completely untrue. To begin with, however, as the Court is aware, the focus of a motion for leave is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D.Ind.1995). Nevertheless, if Strick's motion for leave were granted, it would work a substantial hardship on Plaintiffs. The parties have been actively involved in preparing, presenting and defending more than twenty experts for depositions that began on January 15, 2014, and are scheduled to take

place through the end of February 2014, with counsels having to travel coast to coast for the depositions. Strick misleadingly suggests to the Court that since Plaintiffs are scheduled to depose Lange on February 17, 2014, there is no prejudice. However, Strick fails to mention that Plaintiffs are also scheduled to take four (4) expert depositions in Kansas City, Phoenix and Charlotte the week of February 10, 2014. Then, Plaintiffs will take four (4) more expert depositions in Detroit the week of February 17, 2014. This leaves Plaintiffs with absolutely no time to prepare for additional expert opinions that would be expressed by Lange relative to Strick's defenses.

Moreover, Lange's current report addresses only the defenses raised by his client, Toyota. If Strick is allowed to cross-designate Lange as an expert on its behalf, this could give Strick license to obtain expert opinions from Lange as to "Strick's defenses asserted in this action." Mot. at 4. This is clearly Strick's transparent and ulterior motive.[2] At this late date, Plaintiffs could not retain an expert to rebut the new opinions that Lange would express as to Strick's claims and defenses. Additionally, Plaintiffs would not have the ability to question the other fourteen experts, who will have already been deposed, about any opinions that Lange will now offer relative to Strick. Accordingly, this factor weighs heavily in favor of denying Strick's Motion.

> D. **The Court Should Disregard Strick's Argument Regarding Plaintiffs' Previous Requests for Continuance.**

In an effort to bolster its request for leave to cross-designate Lange, Strick speciously claims that Plaintiffs have failed to meet court ordered deadlines and that Plaintiffs requests for extensions of designations have been "routinely granted" by the Court. Strick then uses these

---

[2] Strick disingenuously states "Strick does not ask to enlarge or change Lange's designation or the opinions, reasoning or basis therefore set forth in the Lange Report." Mot. at 2. However, if this were true, there would be no need for Strick to counter-designate Lange. Lange currently does not render any opinions specifically for Strick. Strick hopes to change this, however, with a counter-designation.

**PLAINTIFFS' RESPONSE TO STRICK'S MOTION FOR LEAVE
TO CROSS-DESIGNATE TOYOTA EXPERT ROBERT LANGE – Page 5**

misrepresentations to bootstrap its request for leave to late designate Lange as an expert. First, however, Plaintiffs have not "failed" to meet any scheduling deadlines. On the rare occasion where Plaintiffs requested an extension of time, the request was made "before" the deadline arrived. That is not the case here with Strick's Motion. Second, the Court has not routinely granted Plaintiffs' requests. And even when the Court granted an extension, the length of the extension was usually less than what Plaintiffs requested and worked no prejudice to the defendants. In fact, the last time the Court gave Plaintiffs a ten-day extension, it actually led to the Court granting a continuance of several months as requested by Strick and its co-defendants. Third, Strick offers no logical explanation as to how the January 2, 2014, hearing can form the basis for Strick's designation of experts that were due on December 20, 2013. Nonetheless, the Court should ignore these arguments in making its determination whether to deny Strick's Motion.

      E.      **Whether a Continuance Can Cure The Prejudice.**

The fourth factor requires a court to address whether a continuance may have cured such prejudice. Courts in this district conclude "the fact that potential prejudice may be cured by granting a continuance is not dispositive." *Williams*, 2005 WL 3447885 at *6. When the other three factors "militate against permitting the testimony" a trial court is not obligated to continue the trial. *Hamburger*, 361 F.3d at 883-84. Furthermore, this Court has already continued this matter on multiple occasions. This case is otherwise ripe for a jury trial. Therefore, analysis of the four factors demonstrates that Strick's Motion should be denied and that Lange should be precluded from offering expert testimony or testimony in this case relative to Strick's involvement, claims or defenses.

**PLAINTIFFS' RESPONSE TO STRICK'S MOTION FOR LEAVE
TO CROSS-DESIGNATE TOYOTA EXPERT ROBERT LANGE – Page 6**

## CONCLUSION

As discussed above, granting Strick's Motion will prejudice Plaintiffs and require that Plaintiffs take additional testimony from Lange as to Strick's claims.  The prejudice to Plaintiffs could also possibly require that Plaintiffs designate new rebuttal experts for Lange's new Strick-related opinions.  Strick has had several years to obtain and designate expert witnesses.  Strick has not shown any good cause why it should be allowed to file a cross-designation of experts after the December 20, 2013, deadline or that its reasons for not filing the designation of Lange within the deadline was a result of excusable neglect.  Therefore, Strick's Motion should properly be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court deny the Motion in its entirety and for such other and further relief to which Plaintiffs may be allowed in law or equity.

Respectfully Submitted,

| | |
|---|---|
| /s/ Aubrey "Nick" Pittman | /s/ Daryl K. Washington |
| AUBREY "NICK" PITTMAN | DARYL K. WASHINGTON |
| State Bar No. 16049750 | State Bar No. 24013714 |
| | |
| THE PITTMAN LAW FIRM, P.C. | LAW OFFICES OF DARYL K. WASHINGTON P.C. |
| 100 Crescent Court, Suite 700 | 325 N. St. Paul St., Suite 1975 |
| Dallas, Texas 75201-2112 | Dallas, Texas 75201 |
| 214-459-3454 | 214-880-4883 |
| 214-853-5912 – fax | 469-718-0380 - fax |
| pittman@thepittmanlawfirm.com | dwashington@dwashlawfirm.com |

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 10, 2014, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

                                                  /s/ Aubrey "Nick" Pittman
                                                  AUBREY "NICK" PITTMAN