IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE-HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, | § § § § § § § § | CAUSE NUMBER 3:11-cv-0207-N |
| Plaintiffs, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC. VOLVO GROUP NORTH AMERICA, INC. VOLVO TRUCKS NORTH AMERICA, a DIVISION OF VOLVO GROUP NORTH AMERICAN, LLC., STRICK CORPORATION, INC., JOHN FAYARD MOVING & WAREHOUSE, LLC and DOLPHIN LINE, INC. | § § § § § § § § § § § § § | |
| Defendants. | § | |

**DEFENDANT STRICK'S REPLY BRIEF TO PLAINTIFFS' RESPONSE AND BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO STRICK TRAILERS, LLC'S MOTION FOR LEAVE TO CROSS-DESIGNATE TOYOTA EXPERT ROBERT LANGE**

Defendant Strick Trailers respectfully submits that the accusatory tone of Plaintiffs' response to Strick's motion for leave to cross-designate Toyota's expert Robert Lange is unwarranted.

1

*Plaintiffs Have Not Articulated Any Legal Prejudice from Allowing Cross-Designation of Mr. Lange And There Is None*

Plaintiffs have not articulated any prejudice. Permitting a cross-designation of Mr. Lange puts Plaintiffs in no different position than if Strick had made a blind "boiler plate" designation of all other parties' experts when it served its initial disclosure. Nothing in the substance of Mr. Lange's report has changed. Since the motion was filed, Plaintiffs have had full discovery on Mr. Lange's opinions through his report and recent completion of his deposition on February 17, 2014.

In *United States of America v Garrett*, 283 F.2d 293 (5th Cir. 2000), the Court reversed a trial court's exclusion of government witnesses for late disclosure. The trial court had concluded the defendant was prejudiced by having to do extra work to prepare for trial. The Court of Appeals rejected this and articulated the proper standard for prejudice from a late witness disclosure:

> The government properly notes that the prejudice referred to in *Sarcinelli* **is prejudice to the defendants' *substantial rights*, that is, injury to their right to a fair trial, and that prejudice does not encompass putting trial preparation into minor disarray**. See United States v. Webster, 162 F.3d 308, 336 (5th Cir.1998), *cert. denied,* 528 U.S. 829, 120 S.Ct. 83, 145 L.Ed.2d 70 (1999); *see also* United States v. Neal, 27 F.3d 1035, 1050 (5th Cir.1994). As we noted in our decision in United States v. Martinez–Perez, 941 F.2d 295, 302 (5th Cir.1991), the question of prejudice is whether the defendant had time to put the information to use, not whether some extra effort was required by defense counsel.
> 
> *Id. @ 299 (emphasis added).*

Plaintiffs have articulated no prejudice to their substantial rights, and there could be done because nothing is new. Although they complain about their workload, their workload did not change before Mr. Lange's deposition. Mr. Lange testified that he completed his work on the

2

date of his report (12/20/13) and there was nothing he wanted to do that he had not done. {Ex. A - p 55-56}. He further testified he had not talked to Strick's lead counsel, Donald H. Dawson, Jr., had not analyzed the Strick bumper guard and had no opinions on whether the fuel system breach had anything to do with the rear bumper guard. {Ex. A, p. 55, 204-5}. Mr. Dawson did not inquire about new subjects. He asked Mr. Lange the meaning of the enumerated paragraphs in page 211 of Mr. Lange's report concerning the NASS and CDS data base searches he had done regarding the severity of the subject accident events. Mr. Lange testified he had not found a similar crash in 67 million crashes and about the conclusions he drew as a designer, from that information, which were equally applicable to all the vehicles involved in the accident. {Ex. A, p. 207-210}. This is no more than a fair cross-examination question on a subject Strick would have a right to inquire about if Mr. Lange were testifying at trial.

Plaintiffs' suspicions that somehow Strick is going to obtain new expert opinions from Mr. Lange in the future are unreasonable. Mr. Lange is Toyota's retained expert witness. Strick has no contact with him nor any right to ask him to write a supplemental report or proffer new opinions, even if it wished to (which it does not).

Plaintiffs suggest they are prejudiced because they have a lot of work to do. But, in addition to the fact, this argument is not legally viable, Strick's motion requesting leave to cross-designate did not add any work to Plaintiffs' schedule or workload (other than responding to the motion). Mr. Lange's deposition proceeded on a date offered by Toyota and accepted by Plaintiffs, and was completed. There was and is no more work for Plaintiffs to do if the Court grants the request for cross-designation. The opinions of Mr. Lange's which are relevant to Plaintiffs' case against Strick have been fully discovered because those opinions are also relevant

to Plaintiffs' case against Toyota.

In expressing their fear of prejudice, Plaintiffs have overlooked the fact that when Toyota calls Mr. Lange at trial, Strick has a right to ask questions of Mr. Lange on the opinions which are the subject matter of his report and deposition testimony. The reason cross-designation is needed is to eliminate a future dispute over utilizing Mr. Lange's deposition testimony should Toyota settle out of the case.[1] No change whatsoever would occur in the substance of, the basis for, or reasoning behind Mr. Lange's opinions. It is merely the requested cross-designation of an expert witness of another party who filed a time, fully-compliant Rule 26 report, who produced his file materials concurrently therewith, and who has now been fully deposed on those opinions.

*Mr. Lange's Opinions Are Important*

Mr. Lange's opinions are relevant to the severity of the impact of the 4Runner with the Strick Trailer. His work is not duplicative of Strick's other witnesses. Mr. Lange, based on his extensive experience in the automotive industry, his reliance on the reconstruction of Toyota expert Lee Carr and searches of industry data base(s) reporting accidents, was able to express opinions on the extreme severity of the impact of the 4Runner into the Strick trailer, as well as the ability of the automotive industry to design for such impacts. Strick's reconstructionist, Dr. Vogler, opined on the severity, but did not do the data base searches of Mr. Lange which put the magnitude of this crash into perspective for the jury. It is a relevant, additional set of information that provides relevant information for an impact which led to Plaintiffs' criticisms of both

---

[1] Whether Toyota would allow Strick to ask Mr. Lange if he would testify live in Strick's case, should Toyota settle out, or whether Mr. Lange would agree, is unknown. So far, that has not happened. If it did, Mr. Lange's testimony would be limited to the relevant opinions already expressed in his report and deposition.

Toyota's 4Runner and Strick's bumper guard. The testimony is highly relevant to defect and proximate cause, and it is important.

## CONCLUSION

For the reasons stated in its moving papers and above, Strick Trailers respectfully requests the Court permit its cross-designation of Toyota's expert Robert Lange.

Respectfully submitted,

DAWSON & CLARK, P.C.

  /S/ Donald H. Dawson, Jr.
DONALD H. DAWSON, JR.
Texas State Bar No. 05606500
KATHLEEN A. CLARK
Texas State Bar No. 00788830
243 West Congress, Suite 600
Detroit, MI 48226
(313) 256-8900

WALTERS, BALIDO & CRAIN, LLP

  /S/ S. Todd Parks
S. TODD PARKS
Texas State Bar No. 15526520
ASHLEY DE LA CERDA
Texas State Bar No. 24045760
900 Jackson Street, Suite 600
Dallas, TX 75202
(214) 749-4805

**ATTORNEYS FOR DEFENDANT STRICK**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of February, 2014, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Texas Rules of Civil Procedure.

  /S/ Donald H. Dawson, Jr.
DONALD H. DAWSON, JR.