**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **OLLIE GREENE**, *et al.*, | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **CAUSE NUMBER: 3:11-cv-0207-N** |
| | § | |
| **TOYOTA MOTOR CORPORATION,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**BRIEF IN SUPPORT OF TOYOTA DEFENDANTS' MOTION TO EXCLUDE**
**UNTIMELY DISCLOSED FILE MATERIALS AND DATA OF**
**PLAINTIFFS' EXPERT JEFF G. VICK**

TO THE HONORABLE COURT:

COME NOW Defendants Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc. (collectively "Toyota Defendants") in the above-styled and numbered action, and file this Brief in Support of their Motion to Exclude Untimely Disclosed File Materials and Data of Plaintiffs' Expert Jeff G. Vick and for such would respectfully show the Court as follows:

## I. SUMMARY OF ARGUMENT

Plaintiffs failed to timely disclose facts and data considered by their retained accident reconstruction expert Jeff G. Vick ("Vick") in forming his opinions. Specifically, Vick's expert report omitted and made no reference to significant data and other materials considered by Vick. The Toyota Defendants long ago had, formally requested production all expert materials. Not only did Plaintiffs fail to produce the expert file materials in response to a specific discovery request for same, they also failed to disclose the material as required by Rule 26(a)(2). Plaintiffs

and Vick should therefore be precluded from rely on or using the materials or providing testimony based on them.

## II. RELEVANT BACKGROUND

Plaintiffs designated Vick as a testifying expert on November 20, 2013, the deadline established by the Court for Plaintiffs' expert designations and reports. At that time, Plaintiffs served Vick's report containing his accident reconstruction. As part of that disclosure, Plaintiffs were required to produce all of the facts and data considered by Vick in forming his opinions, as well as any exhibits that would be used to support them. Fed. R. Civ. P. 26(a)(2)(B). Additionally, on June 13, 2011, more than two years before that deadline, the Toyota Defendants served requests for production to Plaintiffs. Included in those requests was the following:

**REQUEST NO. 52:**

The complete file of all testifying experts.

**RESPONSE**:

Plaintiffs object to this request on the basis that it is vague, overly broad and can be read to seek the production of attorney work product or other protected matter. Plaintiffs also object to this request as a premature request for expert disclosures. Subject to these objections, Plaintiffs will produce, or make available for inspection and/or copying, unobjectionable information required by FRCP 26(a)(2) that is responsive to this Request, in accordance with the Court's Scheduling Order.

Plaintiffs' Responses to Toyota Motor Corporation's First Request for Production, attached hereto as Exhibit "A," App. at 1-4. Nevertheless, Plaintiffs did not produce any materials in response to the request, nor were the file materials provided with Plaintiffs' expert designations and reports as required by the Court's scheduling order and the Federal Rules of Civil Procedure.

Having not received the file materials for Vick at the time of Plaintiffs' expert disclosures, counsel for various defendants, including the Toyota Defendants, requested that Plaintiffs furnish the file materials in advance of their depositions so that defendants could

review such materials and properly prepare to examine Plaintiffs' experts at their depositions. *See e.g.*, December 9, 2013 letter from Toyota Defendants to Plaintiffs, attached hereto as Exhibit "B," App. at 5 (Requesting Plaintiffs produce all materials referenced in the expert reports or otherwise relied upon in forming their opinions by December 13, 2013); correspondence between K. Clark and N. Pittman, attached hereto as Exhibit "C," App. at 6-11.

None of Vick's file materials were produced to the Toyota Defendants until January 20, 2014, the day before his deposition.  January 21, 2014 Deposition of Jeff G. Vick at 9:12-23, attached hereto as Exhibit "D," App. at 17. It was apparent when Vick was deposed that important facts and data considered by Vick were not a part of the January 20, 2014 production, and were not available for review at the deposition.  Notably, none of the calculations that Vick had performed as the basis of his reconstruction opinions were disclosed, and Vick could not answer specific questions about the calculations he performed.  *Id.* at 32:19-33:1, 49:12-18, 69:1-10, 173:8-21, 270:10-13, App. at 18-19, 21, 22, 29, 32.   Vick testified that it was probably the first deposition where he had not disclosed his calculations.  *Id.* at 110:11-111:2, App. at 24-25. He further testified that he had not disclosed his specific calculations, including speeds trajectory and angles with his report because that's what he "thought depositions were for."  *Id.* at 115:25-116:8, App. at 26-27.  He went on to testify that the diagrams he had created, but not disclosed until the day before the deposition "should" allow one to double check his calculations.  *Id.* at 117:13-24, App. at 28.  Counsel for the Toyota Defendants went on the record during Vick's deposition explaining that the failure of Vick to bring the calculation data underlying his opinions prevented him from conducting a meaningful examination on those issues.  *Id.* at 87:8-14, App. at 23.

Similarly, electronic data compiled by a scan of the accident scene was not disclosed.  *Id.*

at 44:1-15, App. at 20. Vick also failed to bring copies or a list of the depositions he had considered in forming his opinions, and could not answer whether he had reviewed certain witness depositions. *Id.* at 204:25-205:6, App. at 30-31 (Q: "Do you recall reading Trooper Cummins's deposition?"  A: "I don't know if I did or not.  I don't know.  I don't recall.").

On February 17, 2014, the Toyota Defendants were finally supplied with copies of "some" of Vick's calculations.  February 17, 2014 email correspondence from Plaintiffs, attached hereto as Exhibit "E," App. at 33-34.  None of the other materials missing at Vick's deposition have been provided to the Toyota Defendants.

## III. ARGUMENT AND AUTHORITIES

### A.    Legal Standard for Preclusion

Federal Rule of Civil Procedure 26(a)(2)(B) requires retained experts to include in their reports not only their opinions and the basis for the same, but also all facts or data considered in forming them.  "The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them…"  Fed. R. Civ. P. 26(a)(2)(B).  The rule was worded specifically to provide opposing parties with *access* to all materials reviewed or considered by the expert, whether or not the expert report ultimately refers to them.  *In re Google Adwords Litigation*, 2010 WL 5185738, at *3 (N.D. Cal. Dec. 8, 2010) (emphasis added) (citing *City of Owensboro v. Kentucky Utilities Co.*, 2008 WL 452674, at *1 (W.D. Ky. Oct. 8, 2008); *Allstate Ins. Co. v. Electrolux Home Products, Inc.*, 840 F. Supp. 2d 1072, 1079 (N.D. Ill. 2012) ("The rule contemplates *production* of the materials an expert considered) (emphasis added)); *see also Regional Airport Authority of Louisville v. LFG, LLC*, 460 F.3d 697, 715 (6th Cir. 2006) (Rule 26 requires disclosure of all information that has been provided to testifying experts).  Any disclosures pursuant to Rule 26(a) must be supplemented or

corrected pursuant to Rule 26(e)(1) in a timely manner if the party learns that in some material respect the disclosure is incomplete or inaccurate.

Failure to timely disclose any such expert materials precludes use of that information in support of a motion, at hearing or at trial, unless the failure was substantially justified or harmless.  Fed. R. Civ. P. 37(c)(1); *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 379-82 (5th Cir. 1996).  Rule 37 sanctions must be just and specifically related to the particular "claim" at issue. *Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004).  Additionally, the court has inherent powers to enter sanctions.  *Green v. Blitz U.S.A., Inc.*, Civ. A. No. 2:07-CV-372, 2011 WL 806011 at *3 (E.D. Tex March 1, 2011).  The trial court is to be guided by four factors in determining whether late designated expert testimony should be permitted: (1) the importance of the testimony; (2) the prejudice to the Toyota Defendants in allowing the testimony; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to identify the materials.  *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998); *Bradley v. U.S.*, 866 F.2d 120, 125 (5th Cir. 1989).

### B.    The Untimely Disclosed Facts and Data Should be Excluded.

The Court should exclude the untimely disclosed facts and data considered by Vick in preparing his report along with any untimely disclosed exhibits that will be used to summarize his opinions, and exclude any testimony related to them.  Plaintiffs were required by the Federal Rules of Civil Procedure and this Court's scheduling to disclose all such materials by November 20, 2013, and to timely make any necessary supplementations.  Plaintiffs failed to disclose any of Vick's file materials until January 20, 2014.  The key underlying data calculations Vick used were not disclosed until February 17, 2014, well after his deposition.  As is evident upon an application of the four factor test, the failure to timely provide the materials was neither

substantially justified nor harmless.

1.   The material and data is not important to Plaintiffs.

As to the first factor, the materials and related testimony is not of critical importance to Plaintiffs' case, given Plaintiffs' counsel's decision that they were not important enough to produce them.  Plaintiffs would still, subject to surviving any appropriate, independent *Daubert* challenge, offer the expert testimony of Vick including his ultimate opinions in this case based upon the facts and data timely disclosed with his report.  Vick would not, however, be allowed to discuss facts, data or use materials as exhibits that were not properly and timely disclosed to the Toyota Defendants.  The limited importance of the materials is best demonstrated by Plaintiffs failure to disclosure them with Vick's expert report.  The relative lack of importance of the materials weighs in favor of precluding their use.

2.   The Toyota Defendants would be prejudiced if Plaintiffs are allowed to use the materials and data.

The second factor also weighs heavily in favor of precluding the materials and data, because the Toyota Defendants would clearly be prejudiced if Plaintiffs are allowed to use Vick's untimely disclosed materials.  The Toyota Defendants did not have a meaningful opportunity to review the untimely disclosed materials prior to Vick's deposition.   Some materials were disclosed late the day before the deposition and the Vick's calculations were not disclosed until well after his deposition.  This is a highly complex and technical wrongful death, product liability case.   The Toyota Defendants have been denied an opportunity to examine and meaningfully depose Vick regarding the fundamental calculations he made in arriving at his accident reconstruction.  The Toyota Defendants had no opportunity to access or review his calculations until after Vick's deposition.

3.      There should be no further continuances.

There should be no further continuances of the trial setting for this case, and the trial setting would have to be continued to cure the prejudice resulting from the untimely disclosure. This suit was filed in February 2011. After multiple amendments to the scheduling order in this case, this case was set for trial in March 2014 by Judge Godbey on June 19, 2013. Second Amended Scheduling Order, Doc. No. 161. At the request of Plaintiffs, multiple deadlines related to that trial setting were changed, and due to Plaintiffs' failure to offer their experts for deposition as required, trial was reset for June 23, 2014 by Magistrate Ramirez on January 3, 2014. Order Setting Trial Date, Doc. No. 332. In order to cure the prejudice created by Plaintiffs' untimely disclosure, new deadlines for the Toyota Defendants to designate responsive experts, the completion of expert discovery, and for challenges to expert testimony would need to be established. The necessary result of the changes to these deadlines would be an unjustified delay in the trial of this case. It is also worth noting that Plaintiffs have vigorously opposed prior requests for a continuance from defendants which was necessitated by delays caused by Plaintiffs.

4.      Plaintiffs have no justification for the untimely disclosure.

Plaintiffs have no justification for the untimely disclosure of the materials. Federal Rule of Civil Procedure 26(a)(2)(B) requires retained experts to include with their reports not only their opinions and the basis for the same, but also all facts or data considered in forming them. Fed. R. Civ. P. 26(a)(2)(B). A party must, without the need for a discovery request, disclose to the other parties the identity of its expert witnesses. *Id.* at 26(a)(2)(a). The disclosure of retained expert witnesses must be accompanied by a report. The report must contain, among other things, (1) the facts or data considered by the witness in forming all his opinions, and (2) any exhibits the witness will use to summarize or support his opinions. *Id.* Plaintiffs therefore were obligated

to produce the materials without the need for a request from the Toyota Defendants. Additionally, the Toyota Defendants had made a formal discovery request for the materials more than two years prior, and Plaintiffs indicated in their response that they would produce or make the materials available for copying. App. at 1-4. Plaintiffs cannot now claim that they simply forgot to disclose the materials. The record is clear that this was not a simple oversight by Plaintiffs. They made a conscious, strategic decision not to produce this information that was requested on multiple occasions. Plaintiffs' intentional refusal to disclose the materials in a timely manner, despite repeated requests they do so, weighs heavily in favor of preclusion.

## III. CONCLUSION

In conclusion, Plaintiffs had an obligation to disclose the facts and data that their testifying experts considered as well as any materials used to summarize or support their opinions on November 20, 2013. Despite repeated requests made by various defendants that Plaintiffs supplement their disclosures to include such information, Plaintiffs failed to do so until finally producing some materials just before Vick's deposition and his calculations well after that. Plaintiffs' failure to timely disclose the materials was neither justified nor harmless. As a result Vick should be precluded from relying upon, alluding to, or testifying regarding any untimely disclosed materials. Stated another way, Vick should only be allowed to rely upon, allude to, or mention in his testimony the materials that are contained within his expert report.

WHEREFORE, PREMISES CONSIDERED, Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc. respectfully request that this Court preclude Plaintiffs and Jeff G. Vick from relying upon, alluding to, testifying about, or otherwise offering into evidence the untimely disclosed file materials and data of Jeff G. Vick, at trial, at any hearing and for any other purpose, and for such

other and further relief to which they may show themselves to be entitled.

Respectfully submitted,

*/s/ Kurt C. Kern*_____
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR DEFENDANTS
TOYOTA MOTOR CORPORATION,
TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA,
INC., AND TOYOTA MOTOR SALES,
U.S.A., INC.**

## CERTIFICATE OF CONFERENCE

I hereby certify that David P. Stone, counsel for the Toyota Defendants, conferred with Aubrey "Nick" Pittman, counsel for Plaintiffs, concerning the issues presented and relief requested by this motion, and Plaintiffs are opposed to this motion.

*/s/ Jude T. Hickland*_____

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 28th day of February 2014.

*/s/ Jude T. Hickland*_____