**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **OLLIE GREENE, *et al.*,** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **CAUSE NUMBER: 3:11-cv-0207-N** |
| | § | |
| **TOYOTA MOTOR CORPORATION, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

**BRIEF IN SUPPORT OF TOYOTA DEFENDANTS' MOTION TO EXCLUDE UNTIMELY DISCLOSED FILE MATERIALS AND DATA OF PLAINTIFFS' EXPERTS KEITH FRIEDMAN AND RHOADS STEPHENSON**

# TABLE OF CONTENTS

**I. SUMMARY OF ARGUMENT**……………………………………………………………4

**II. RELEVANT BACKGROUND**…………………………………………………………...4

**III. ARGUMENT AND AUTHORITIES**……………………………………………………8

**A. Legal Standard For Preclusion**…………………………………………….………8

**B. The Untimely Disclosed Facts and Data Should be Stricken**………………...10

1. The Material And Data Is Not Important To Plaintiffs………………………10

2. The Toyota Defendants would be prejudiced if Plaintiffs are allowed to use the materials and data……………………………………………………………..11

3. There should be no further continuances……………………………………...12

4. Plaintiffs have no justification for the untimely disclosure…………………...12

**C. The Testing and Simulation Work Performed After the Expert Deadline Should be Stricken**……………………………………………………………...13

1. The testing is not important to Plaintiffs………………………………………14

2. The Toyota Defendants would be prejudiced…………………………………14

3. There should be no further continuances……………………………………...14

4. Plaintiffs have no justification for the untimely disclosure…………………...14

**IV. CONCLUSION**…………………………..……………………………………………15

# TABLE OF AUTHORITIES

**Cases**

*Allstate Ins. Co. v. Electrolux Home Products, Inc.*, 840 F.Supp.2d 1072, 1079 (N.D. Ill. 2012)..9

*Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 379-82 (5th Cir. 1996).................................................9

*Bradley v. U.S.*, 866 F.2d 120, 125 (5th Cir. 1989).......................................................................10

*Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998)..........................10

*City of Owensboro v. Kentucky Utilities Co.*, 2008 WL 452674 (W.D. Ky. Oct. 8, 2008)............9

*Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004)............................9

*Green v. Blitz U.S.A., Inc.*, 2011 WL 806011 (E.D. Tex March 1, 2011)......................................9

*In re Google Adwords Litigation*, 2010 WL 5185738 (N.D. Cal. Dec. 8, 2010)............................9

*Regional Airport Authority of Louisville v. LFG, LLC*, 460 F.3d 697, 715 (6th Cir. 2006)............9

**Rules**

Federal Rule of Civil Procedure 26.....................................................................................5, 8, 9, 12

Federal Rule of Civil Procedure 37..........................................................................................9

TO THE HONORABLE COURT:

COME NOW Defendants Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc. (collectively "Toyota Defendants") in the above-styled and numbered action, and file this Brief in Support of Motion to Exclude Untimely Disclosed File Materials and Data of Plaintiffs' Experts Keith Friedman and Rhoads Stephenson and for such would respectfully show the Court as follows:

## I. SUMMARY OF ARGUMENT

Plaintiffs failed to timely disclose facts and data considered by their experts Keith Friedman ("Friedman") and Dr. Rhoads Stephenson ("Stephenson") in forming their opinions. Specifically, Friedman and Stephenson's report omitted and failed to make reference to data and other materials considered by them. The Toyota Defendants long ago had formally requested production of all expert materials. Not only did Plaintiffs fail to produce the expert file materials in response to a specific discovery request for same, they also failed to disclose the material as required by Rule 26(a)(2). Plaintiffs and their experts should therefore be precluded from relying on or using the materials or providing testimony based on them.

Plaintiffs also failed to timely disclose testing and simulation work that Friedman and Stephenson performed both before and after Plaintiffs' expert disclosure deadline. Plaintiffs and their experts should also be precluded from relying on, using, or providing testimony about any of this undisclosed and untimely work.

## II. RELEVANT BACKGROUND

Plaintiffs designated Friedman and Stephenson as testifying experts on November 20, 2013, the deadline established by the Court for Plaintiffs' expert designations and reports. Friedman and Stephenson co-authored various expert reports against all of the defendants, including a report against the Toyota Defendants. As part of that disclosure, Plaintiffs were

required to produce all of the facts and data considered by the witnesses in forming their opinions, as well as any exhibits that would be used to support them. Fed. R. Civ. P. 26(a)(2)(B). Additionally, on June 13, 2011, more than two years before that deadline, the Toyota Defendants served requests for production to Plaintiffs. Included in those requests was the following:

> **REQUEST NO. 52:**
>
> The complete file of all testifying experts.
>
> **RESPONSE**:
>
> Plaintiffs object to this request on the basis that it is vague, overly broad and can be read to seek the production of attorney work product or other protected matter. Plaintiffs also object to this request as a premature request for expert disclosures. Subject to these objections, Plaintiffs will produce, or make available for inspection and/or copying, unobjectionable information required by FRCP 26(a)(2) that is responsive to this Request, in accordance with the Court's Scheduling Order.

Plaintiffs' Responses to Toyota Motor Corporation's First Request for Production, attached hereto as Exhibit "A," App. at 1-4. Nevertheless, Plaintiffs did not produce any materials in response to the request, nor were the file materials provided with Plaintiffs' expert designations and reports as required by the Court's scheduling order and the Federal Rules of Civil Procedure. Plaintiffs now contend that the Toyota Defendants never made a "formal" request that these materials be made available for inspection and copying. January 16, 2014 email from Plaintiffs' counsel to Defense Counsel, attached hereto as Exhibit "B," App. at 5-6.

Having not received the file materials for Friedman or Stephenson at the time of Plaintiffs' expert disclosures, counsel for various defendants, including the Toyota Defendants, requested that Plaintiffs furnish the file materials in advance of their depositions so that defendants could review such materials and properly prepare to examine both Friedman and Stephenson at their depositions regarding the materials that they relied upon in forming their

opinions. *See e.g.*, December 9, 2013 letter from Toyota Defendants to Plaintiffs, attached hereto as Exhibit "C," App. at 7 (Requesting Plaintiffs produce all materials referenced in the expert reports or otherwise relied upon in forming their opinions by December 13, 2013); correspondence between K. Clark and N. Pittman, attached hereto as Exhibit "D," App. at 8-13. Plaintiffs failed, however, to comply with the Rules of Civil Procedure and defendants' requests.

Friedman was deposed on January 15, 2014 and January 17, 2014, and Stephenson was deposed on January 18, 2014. When Friedman's deposition began, the only file material he brought to the deposition was his expert report. January 15, 2014 Deposition of Keith Friedman at 41:6-15, attached hereto as Exhibit "E," App. at 22. Friedman represented that all of their file materials were being brought to the deposition in various banker's boxes.

After counsel for the Toyota Defendants' had started his examination, Friedman's file materials finally arrived. The voluminous file materials were contained in approximately seventeen boxes. *Id.* at 163:21—164:1, App. at 33-34. Then, after counsel for the Toyota Defendants explicitly asked to review the file materials during a break, Friedman refused. *Id.* at 85:15-24, App. at 30. In fact, defense counsel was not allowed to review the file materials at all on the first day of Friedman's deposition.

Friedman admitted that the full extent of Friedman and Stephenson's opinions and/or basis for those opinions was not contained in the materials that had previously been disclosed. Friedman stated, "Well, I was thinking about your question about there's is [sic] additions to the report. And I was looking at all the boxes and I was thinking, 'Well, yeah, obviously, all the work that we've done couldn't be put into the report.' So these sort of highlight the opinions." *Id.* at 55:11-16, App. at 23. Friedman later acknowledged that these materials were brought in order to illustrate and support his opinions in this case. *Id.* at 163:11-17, App. at 33. When asked

whether he was aware that counsel for multiple defendants had requested his file materials prior to his deposition, Friedman made clear that he was not aware. *Id.* at 86:9-13, 89:1-7, App. at 31-32. Because the Toyota Defendants were unable to review and examine the file materials of Friedman and Stephenson prior to their depositions, they were not able to properly examine him during the deposition regarding information that they intend to rely on at trial.

During Friedman's deposition, it became apparent that not only did Plaintiffs fail to produce Friedman's then existing file materials at the time of his designation, but Friedman had conducted a significant amount of work after his report was produced without any supplementation or notification of the same to the Toyota Defendants. *Id.* at 57:18-58:14, 59:10-13, App at 24-26. More specifically, Friedman claims to have performed simulation and analysis work after November 20, 2013, but did not disclose this until his deposition. *Id.* at 58:5-6, App. at 25. This "testing" involved a trailer with air ride suspension, a fuel tank, analysis of certain trailer conditions, and incorporation of various components on a Volvo tractor. *Id.* at 58:7-24, App at 25. Friedman also claims to have conducted finite element analysis to simulate impacts between a Volvo tractor and Toyota 4Runner, and a Toyota 4Runner and Strick Trailer. *Id.* at 59:4-60:1, App. at 26. Friedman contends that this additional work was conducted in order to "illustrate" his opinions. *Id.* at 61:3-9, App. at 28. However, Friedman could not identify in his expert report where he disclosed that he has conducted such "testing." *Id.* at 61:18—62:17, App. at 28-29. Plaintiffs' counsel has stated that this work was done in preparation for a rebuttal expert report. *Id.* at 204:6-11, App. at 35. That deadline has passed and neither Friedman nor Stephenson provided a rebuttal report. Stephenson confirmed at his deposition that Friedman and Stephenson maintained a joint file, which was contained in the boxes produced during the Friedman deposition. January 18, 2014 Deposition of Rhoads Stephenson at 238:6-17, attached

hereto as Exhibit "F," App. at 53.

During Friedman's deposition, counsel for various defendants questioned Friedman to determine whether the finite element analysis conducted by Friedman and Stephenson would be accessible during the deposition. However, Friedman indicated that this kind of simulation work cannot be simply plugged into a computer and analyzed. Exhibit E at 684:3-22, App. at 46. Instead, it requires special software. *Id.* at 650:6-25, App. at 42. Therefore, none of the defendants were able to question Friedman or Stephenson about their finite element analysis work.

Because counsel for the defendants was unable to question Friedman on the finite element analysis during the deposition, counsel for Strick requested that Plaintiffs remove the finite element analysis simulations DVDs from the voluminous seventeen boxes of material so that they could be marked as a separate exhibit and more accessible for the parties. However, counsel for Plaintiffs refused. *Id.* at 675:3-17; 686:10-24, App. at 45, 47.

After the depositions of Friedman and Stephenson, the seventeen boxes of file materials were given to a local copy service in Austin, Texas. Because of the volume of materials, the Toyota Defendants did not receive copies of the file materials until February 27, 2014. The file materials contained over 100 gigabytes of data, and over 10,000 files. In any event, the Toyota Defendants and their counsel were deprived of the right to analyze this voluminous data and meaningfully question Friedman and Stephenson.

## III. ARGUMENT AND AUTHORITIES

### A. Legal Standard for Preclusion

Federal Rule of Civil Procedure 26(a)(2)(B) requires retained experts to include in their reports not only their opinions and the basis for the same, but also all facts or data considered in forming them. "The report must contain: (i) a complete statement of all opinions the witness will

express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them…" Fed. R. Civ. P. 26(a)(2)(B). The rule is unequivocal and was worded specifically to provide opposing parties with *access* to all materials reviewed or considered by the expert, whether or not the expert report ultimately refers to them. *In re Google Adwords Litigation*, 2010 WL 5185738, at *3 (N.D. Cal. Dec. 8, 2010) (emphasis added) (citing *City of Owensboro v. Kentucky Utilities Co.*, 2008 WL 452674, at *1 (W.D. Ky. Oct. 8, 2008); *Allstate Ins. Co. v. Electrolux Home Products, Inc.*, 840 F. Supp. 2d 1072, 1079 (N.D. Ill. 2012) ("The rule contemplates *production* of the materials an expert considered) (emphasis added)); *see also Regional Airport Authority of Louisville v. LFG, LLC*, 460 F.3d 697, 715 (6th Cir. 2006) (Rule 26 requires disclosure of all information that has been provided to testifying experts). Any disclosures pursuant to Rule 26(a) must be supplemented or corrected pursuant to Rule 26(e)(1) in a timely manner if the party learns that in some material respect the disclosure is incomplete or inaccurate.

Failure to timely disclose any such expert materials precludes use of that information in support of a motion, at hearing or at trial, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 379-82 (5th Cir. 1996). Rule 37 sanctions must be just and specifically related to the particular "claim" at issue. *Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004). Additionally, the court has inherent powers to enter sanctions. *Green v. Blitz U.S.A., Inc.*, Civ. A. No. 2:07-CV-372, 2011 WL 806011 at *3 (E.D. Tex March 1, 2011). The trial court is to be guided by four factors in determining whether untimely disclosed expert testimony or materials should be permitted: (1) the importance of the testimony or materials; (2) the prejudice to the Toyota Defendants in allowing the testimony or materials; (3) the possibility of curing such prejudice by

granting a continuance; and (4) the explanation, if any, for the party's failure to disclose the testimony or materials. *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998); *Bradley v. U.S.*, 866 F.2d 120, 125 (5th Cir. 1989).

**B. The Untimely Disclosed Facts and Data Should be Stricken.**

The Court should strike the untimely disclosed facts and data considered by Friedman and Stephenson in preparing their expert report along with any exhibits that will be used to summarize their opinions. Plaintiffs were required by the Federal Rules of Civil Procedure and this Court's scheduling order to disclose all the facts and data considered by their experts in forming their opinions by November 20, 2013, and to timely make any necessary supplementations. Plaintiffs failed to disclose the vast majority of the materials considered by Friedman and Stephenson until their depositions on January 15, 2014 and January 18, 2014. As is evident upon an application of the four factor test, the failure to timely provide the materials was neither substantially justified nor harmless.

1. <u>The material and data is not important to Plaintiffs.</u>

As to the first factor, the materials and related testimony is not of critical importance to Plaintiffs' case, given Plaintiffs' counsel's decision that they were not important enough to produce them. Friedman stated in his deposition that the undisclosed materials simply "illustrate" his opinions. Exhibit E at 163:8-17, App. at 33. Plaintiffs would still, subject to any appropriate, independent *Daubert* challenge, offer the expert testimony of Friedman and Stephenson including their ultimate opinions in this case. Plaintiffs' experts would not, however, be allowed to discuss facts, data or use materials as exhibits that were not properly and timely disclosed to the Toyota Defendants. The limited importance of the materials is best demonstrated by Plaintiffs' failure to disclose them with the expert reports, as Plaintiffs did furnish lengthy reports accompanied by some materials. The relative lack of importance of the

materials weighs in favor of precluding its use.

2. The Toyota Defendants would be prejudiced if Plaintiffs are allowed to use the materials and data.

The second factor also weighs heavily in favor of precluding the materials and data, because the Toyota Defendants would clearly be prejudiced if Plaintiffs were allowed to use them. As discussed above, the Toyota Defendants did not have proper access or an opportunity to review the untimely disclosed materials prior to Friedman and Stephenson's depositions. The sheer volume of materials untimely disclosed could not, as a practical matter, be reviewed within the time allotted for the witnesses' depositions. Moreover, Friedman would not even allow the Toyota Defendants to review his materials on the first day of his deposition. Regarding the finite element analysis, even if Friedman had allowed the Toyota Defendants access to the DVDs during the deposition, there was no way to access the information because it required special software. Exhibit E at 650:6-25, App. at 42. Friedman tacitly admitted that it would take experts for the defendants hours, if not days, to fully analyze the data. *Id.* at 673:10—674:5, App. at 43-44. The Toyota Defendants have been denied an opportunity to examine and meaningfully depose Friedman and Stephenson regarding these materials.

Additionally, this is a highly complex and technical wrongful death, product liability case. The parties have collectively designated more than twenty testifying experts. Plaintiffs alone have designated six testifying experts and made wide-ranging and disparate claims against the Toyota Defendants related to, among other things, the fuel system of the 2010 U.S. Bound 4Runner, its vehicle structure, and restraint systems. The Toyota Defendants have already designated their own technical experts based upon the timely disclosed opinions and materials furnished by Friedman and Stephenson. The Toyota Defendants will be denied the opportunity to designate experts responsive to the untimely disclosed materials of Friedman and Stephenson.

3. There should be no further continuances.

There should be no further continuances of the trial setting for this case, and the trial setting would have to be continued to cure the prejudice resulting from the untimely disclosure. This suit was filed in February 2011. After multiple amendments to the scheduling order in this case, this case was set for trial in March 2014 by Judge Godbey on June 19, 2013. Second Amended Scheduling Order, Doc. No. 161. At the request of Plaintiffs, multiple deadlines related to that trial setting were changed, and due to Plaintiffs' failure to offer their experts for deposition as required, trial was reset for June 23, 2014 by Magistrate Ramirez on January 3, 2014. Order Setting Trial Date, Doc. No. 332. In order to cure the prejudice created by Plaintiffs' untimely disclosure, new deadlines for the Toyota Defendants to designate responsive experts, the completion of expert discovery, and for challenges to expert testimony would need to be established. The necessary result of the changes to these deadlines would be an unjustified delay in the trial of this case. It is also worth noting that Plaintiffs have vigorously opposed prior requests for a continuance from the defendants which was necessitated by delays caused by the plaintiffs.

4. Plaintiffs have no justification for the untimely disclosure.

Plaintiffs have no justification for the untimely disclosure of the materials. Federal Rule of Civil Procedure 26(a)(2)(B) requires retained experts to include with their reports not only their opinions and the basis for the same, but also all facts or data considered in forming them. Fed. R. Civ. P. 26(a)(2)(B). A party must, without the need for a discovery request, disclose to the other parties the identity of its expert witnesses. *Id.* at 26(a)(2)(a). The disclosure of retained expert witnesses must be accompanied by a report. The report must contain, among other things, (1) the facts or data considered by the witness in forming all his opinions, and (2) any exhibits the witness will use to summarize or support his opinions. *Id.* Plaintiffs therefore were obligated

to produce the materials without the need for a request from the Toyota Defendants. Additionally, the Toyota Defendants had made a formal discovery request for the materials more than two years prior, and Plaintiffs had indicated in their response to the same that they would produce or make the materials available for copying. The Toyota Defendants reminded Plaintiffs on December 9, 2013 in writing of their obligation to produce the materials, but Plaintiffs did not respond.

The record is clear that this was not a simple oversight by Plaintiffs. They made a conscious, strategic decision not to produce this information that was requested on multiple occasions. However, Plaintiffs repeatedly denied that they had an obligation to produce such materials. Exhibit E at 23:4—24:10, App. at 20-21. Plaintiffs' intentional refusal to disclose the materials in a timely manner, despite repeated requests they do so, weighs heavily in favor of preclusion.

### C. The Testing and Simulation Work Performed After the Expert Deadline Should be Stricken.

Plaintiffs should be precluded from relying upon, using, or eliciting testimony about the testing and simulation work performed after the expert deadline. Plaintiffs were required by the Federal Rules of Civil Procedure and this Court's scheduling order to disclose all the facts and data considered by their experts in forming their opinions by November 20, 2013, and to timely make any necessary supplementations. Plaintiffs neither disclosed at the time of their expert disclosures that Friedman and Stephenson would conduct additional testing, nor did they advise the Toyota Defendants of the same prior to the depositions. Further, the expert report of Friedman and Stephenson did not disclose that any such testing had been conducted. Moreover, the deadline for rebuttal reports has passed, and Friedman and Stephenson failed to provide a

rebuttal report. As is evident upon an application of the four factor test, Plaintiffs and their experts should be precluded from using the testing and simulation work.

1. The testing is not important to Plaintiffs.

As to the first factor, the testing is not of critical importance to Plaintiffs' case. Despite having time to conduct the work before rebuttal reports were due, Plaintiffs did not submit any rebuttal reports. Plaintiffs' decision to not submit rebuttal report speaks to the lack of critical importance of the testing and simulation work.

2. The Toyota Defendants would be prejudiced.

The second factor also weighs heavily in favor of precluding the testing, as the Toyota Defendants would be prejudiced by allowing the testing into evidence. The Toyota Defendants did not even know about the work prior to Friedman and Stephenson's depositions. Even if they had known generally that work was being done, they still would have been prejudiced by the inability to meaningfully prepare to examine them about the work without any information related to what testing and simulations were performed.

3. There should be no further continuances.

As more fully explained above, there should be no further continuances of the trial setting for this case, and the trial setting would have to be continued to cure the prejudice resulting from the untimely disclosure.

4. Plaintiffs have no justification for the untimely disclosure.

Plaintiffs lack any justification for untimely disclosing the testing and simulation work. Plaintiffs clearly knew about the work at the time of their expert disclosures, as Friedman testified that it was something that going on "in parallel" to the report, and the report included what Friedman identified at his deposition as an FE diagram. Exhibit E at 61:10-24, App. at 28.

If the work was being conducted in support of a potential rebuttal report, then Plaintiffs should have provided such a report in a timely fashion.

## IV. CONCLUSION

In conclusion, Plaintiffs had an obligation to disclose the facts and data that their testifying experts considered as well as any materials used to summarize or support their opinions on November 20, 2013. Despite repeated requests made by various defendants that Plaintiffs supplement their disclosures to include such information, Plaintiffs failed to do so until Friedman and Stephenson's respective depositions. Plaintiffs' failure to timely disclose the materials was neither justified nor harmless. Plaintiffs also failed to disclose that Friedman and Stephenson were conducting testing and simulations. As a result, Plaintiffs' experts should be precluded from relying upon, alluding to, or testifying regarding any untimely disclosed materials. Stated another way, Plaintiffs' experts should only be allowed to rely upon, allude to, or mention in their testimony the materials that were produced with their expert reports.

WHEREFORE, PREMISES CONSIDERED, Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc. respectfully request that this Court preclude Plaintiffs and their experts from relying upon, alluding to, testifying about, or otherwise offering into evidence the untimely disclosed file materials and data of, or the testing and simulations performed by, Keith Friedman and Dr. Rhoads Stephenson, at trial, at any hearing and for any other purpose, and for such other and further relief to which they may show themselves to be entitled.

Respectfully submitted,

*/s/ Kurt C. Kern*_________________________
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR DEFENDANTS TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., AND TOYOTA MOTOR SALES, U.S.A., INC.**

## CERTIFICATE OF CONFERENCE

I hereby certify that David P. Stone, counsel for the Toyota Defendants, conferred with Aubrey "Nick" Pittman, counsel for Plaintiffs, concerning the issues presented and relief requested by this motion, and Plaintiffs are opposed to this motion.

*/s/ Jude T. Hickland*_________________________

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 28th day of February 2014.

*/s/ Jude T. Hickland*_________________________