## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CAUSE NUMBER: 3:11-cv-0207-N |
|     Plaintiffs, | §<br>§ | |
| v. | §<br>§ | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, LLC., VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC., STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC, and DOLPHIN LINE, INC. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
|     Defendants. | §<br>§ | |

### PLAINTIFFS' MOTION TO STRIKE
### (AND ALTERNATIVELY OBJECTIONS TO) STRICK'S REPLY
### AND EVIDENCE TO STRICK'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs Ollie Greene, Individually and as the surviving parent of Wyndell Greene, Sr.,

William Greene, as the Administrator of the Estate of Wyndell Greene, Sr. and Marilyn Burdette

Hardeman, Individually and as the surviving parent of LaKeysha Greene (collectively hereinafter

referred to as "Plaintiffs") file this motion to strike improper argument in Strick Trailers, LLC's

("Strick") Reply to its Motion for Summary Judgment as well as the accompanying evidence and

in support thereof states as follows:

## I.    PRELIMINARY STATEMENT

Rule 56 of the Federal Rules of Civil Procedure places straightforward requirements upon motions for summary judgment and the evidence that is filed in support of the motion.  In this case, however, Strick violates these tenets by attempting to use in a reply brief new evidence that was not disclosed before discovery closed, that was not contained in the opening motion, and evidence that actually creates more material fact disputes than it resolves.  In addition, the reply brief contains impermissible argument of counsel, while the declaration of James Jackson contains many factual allegations for which he has no personal knowledge.  Consequently, the Court should strike this new, internally inconsistent and previously undisclosed, evidence.

## II.    ARGUMENT AND AUTHORITIES

As the moving party, Strick had the initial burden of identifying the basis for seeking summary judgment.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)("Only after the movant has articulated with references to the record and to the law specific reasons why it believes there is no genuine issue of material fact must the nonmovant present evidence sufficient to demonstrate an issue for trial.").  The purpose of Rule 56(c) is to afford the nonmoving party notice and a reasonable opportunity to respond to the moving party's summary judgment motion and supporting evidence. *See Celotex*, 477 at 326 (holding that summary judgment is to be entered only if the nonmovant is on notice that it must come forward with all of its evidence).

The nonmovant is not required to present evidence on an issue not raised by the movant. *See e.g., Sublett v. John Wiley & Sons, Inc*., 463 F.3d 731, 736 (7th Cir.2006) ("[I]f the moving party does not raise an issue in support of its motion for summary judgment, the nonmoving party is not required to present evidence on that point, and the district court should not rely on that ground in its decision."); *Pourghoraishi v. Flying J, Inc*., 449 F.3d 751, 765 (7th Cir.2006)

("The party opposing summary judgment has no obligation to address grounds not raised in a motion for summary judgment.").

> **A.   Strick's Reply Improperly Asserts New Argument and Introduces New Evidence Not Contained in Its Initial Motion.**

In its "motion" for summary judgment Strick merely states a desire for judgment "on all claims." [Dkt. Entry No. 271-1].  However, in its "brief in support," Strick asserted the following grounds upon which it alleged to have moved for summary judgment:

> (1) the ICC bumper contained on the Strick trailer at the time of the accident was not the bumper sold by Strick and was not designed, manufactured, installed, or sold by Strick, but instead was a non-Strick aftermarket part independently designed, manufactured, sold and installed third parties, without any involvement of Strick whatsoever; (2) that the trailer had been substantially altered since it was sold by Strick by the replacement of the bumper and significant changes in the mounting of the bumper from its original condition; and (3) Strick had no duty to test the aftermarket bumper installed by others and no duty to warn users of the aftermarket bumper, thereby eliminating any liability by Strick related to the bumper in place at the time of the accident.

As a result, Strick had the burden, on each of these points, to articulate "with references to the record and to the law specific reasons why it believes there is no genuine issue of material fact."  See, *Celotex*, 477 U.S. at 323.  In support of its motion, Strick filed an appendix that contained the following: (1) excerpts from the deposition Gary Hatfield; (2) excerpts from the deposition of James Jackson, a Strick employee; (3) photographs of the Strick bumper that failed in the accident; and (4) various alleged, but unauthenticated, "repair orders."  In the response to Strick's motion for summary judgment, Plaintiffs asserted substantive objections to all of Strick's purported evidence.  See, Dkt. Entry 368.  In addition, Plaintiffs submitted substantial summary judgment evidence that refuted each of Strick's points and demonstrated conclusively the following:

> 1.   Strick did not establish as an undisputed fact that the underride guard involved in the May 28, 2010, accident was not a Strick-

3

manufactured underride guard, or that Strick is entitled to judgment as a matter of law;

2.     Strick cannot meet its burden of establishing as an undisputed fact that the underride guard involved in the May 28, 2010, accident was substantially altered, and that Strick is entitled to judgment as a matter of law;

3.     Strick breached its duty to provide installation or other instructions to its aftermarket parts distributor, which could have been used by the end users to install sufficient underride guards that could help save lives;

4.     Strick was negligent, even grossly negligent, in refusing to provide NTHSA with information regarding the need for, and availability of, stronger underride guards;

5.     Strick was negligent in failing to warn others of the inadequacy of its underride guards and to notify trailer owners of the availability of stronger underride guards, of which Strick was aware;

6.     The Strick Trailer was defective and unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested because of the following design, manufacturing and/or marketing defects, among others: the trailer did not have strength and energy-absorbing features that optimized the prevention of the underride hazard for vehicles that might crash into the rear of the trailer; and the ICC rear bumper was grossly ineffective in its failure to prevent the intrusion into and crushing of compartments of the Toyota 4Runner; and

7.     Any applicable FMVSS were inadequate to protect the public from unreasonable risks of injury or danger, or Strick, before or after marketing the trailer, withheld or misrepresented the information or material relevant to the federal government's or agencies' determination of the adequacy of the safety standards or regulations at issue.

The facts demonstrate further that after Plaintiffs filed opposition papers and objections to Strick's evidence, Strick filed a reply brief, to which it attached new evidence in the form of a new declaration from Strick employee James Jackson, complete with ninety-nine (99) pages of new exhibits. Most, if not all, of the additional evidence was not included with Strick's original motion. Therefore, it is improper to use the Reply as a vehicle for new evidence or new declarations. *See, Eguia v. Tompkins*, 756 F.2d 1130, 1136 n.6 (5th Cir. 1985) (concluding party

may not —shore up . . . a motion for summary judgment with subsequently filed affidavits).  In addition, the Reply itself is rife with new argument regarding Strick's supposed manufacturing process, quality assurance process, company policy, distributor assembly requirement, electronic database, and inspection process.  Another example of completely new argument is a statement in Jackson's declaration that he "searched Strick's ICC rear bumper guard data base, which contains drawings and other information on all Strick bumper assemblies and components from approximately the early 1990's to present. Under my direction, Jan Hoover, Strick's Vice President of Customer Solutions - Engineering, searched the Symex data base, which contains records from Strick's Danville plant from 1995 to 2001, when the plant operated."  See, Jackson Declaration (Strick APP 008).  It is important to note that the new arguments in the Reply and evidence in the appendix were not contained in Strick's original motion and, as such, Strick is not permitted to raise new facts or arguments in its reply brief.  *See Wallace v. County of Comal,* 400 F.3d 284, 291–92 (5th Cir.2005) (issues raised for the first time in a reply brief are waived); *Santamaria v. Dallas Indep. Sch. Dist.*, 2007 WL 1073850, *6 (N.D.Tex. Apr.10, 2007) (same); *Quinstreet, Inc. v. Ferguson*, 2008 WL 5102378, at *4 (W.D.Wash.2008) (citing *United States v. Puerta*, 892 F.2d 1297, 1300 n. 1 (9th Cir.1992).

Indeed, courts have been found to abuse their discretion when they grant summary judgment based on new evidence introduced in the moving party's reply brief.  *See, e.g., Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir.2007); *see also, O'Connell v. Smith*, No. CV 07-0198-PHX-SMM, 2007 WL 4189504, at *1 (D. Ariz. Nov. 21, 2007) (noting prejudice to non-movant and conflict with principles of Federal Rules when evidence submitted after response); *FM 103.1, Inc. v. Universal Broad. of N.Y., Inc.*, 929 F. Supp. 187, 197 n.5 (D.N.J. 1996) ("[s]aving important factual evidence for reply papers is improper and unfair to the movant's adversary.");

*see also Viero v. Bufano*, 925 F. Supp. 1374, 1380 (N.D. Ill. 1996). In *Viero* , the court held that a party moving for summary judgment must apprise the opposing party of all of the evidence the moving party plans to utilize before the opposing party's response to the motion is due. *See id.* at 1379-80 (admonishing defendants' ―last-minute attempts to bolster the record in their favor with new evidence in reply). The court in *Viero* noted that the moving party's reply included facts that could have been included in the initial filing. *Id*. The court also indicated that the moving party's purported need to submit a reply affidavit, in an attempt to ―beef up the evidence the party presented (or failed to present) with its initial motion, necessarily reflected either a lack of preparation or intentional sandbagging. *Id*. at 1380 (declining to consider defendant's supplemental affidavit). In the court's view, neither possibility provided a legitimate basis for considering such untimely evidence. *Id*. The Viero court explained:

> Whatever the case may be, any consideration of [the] affidavit would involve a one-sided and unfair analysis, where [the opposing party] would be left without an opportunity to respond….Trial by ambush is the stuff of Hollywood or TV movies, and it was once a recognized part of the sporting (or ―fox-hunt) theory of justice, but today it has no place in a court of law, and particularly not in the well-ordered world of summary judgment motions.

*Id*.; *see also Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc*., 235 F.R.D. 435, 437 (N.D. Ill. 2006) (admonishing sandbagging tactics). "The courts have characterized this tactic in a variety of ways - all negative. Blind-siding, gamesmanship, and sandbagging are the most commonly used epithets. Regardless of the name applied, the gambit has no place in the judicial system." *Id*. Accordingly, the Court should strike Strick's Reply and the evidence submitted in support of the Reply.

**B.    Strick's Reply Introduces New Evidence Not Provided Timely to Plaintiffs During Discovery in this Matter.**

During the course of discovery in this matter, Strick never disclosed its alleged quality assurance notes, historical records, electronic databases, and other supposed policies, to Plaintiffs

6

before the close of discovery in this matter.  If Strick knew it would rely on these newly-asserted policies, it should have produced this information in its initial disclosures.  Therefore, whether indeed Strick's records or its policies would show that the horizontal bar was proper or adaptable for the trailer in question cannot be tested through discovery now that Strick waited in a calculated manner until after the conclusion of discovery to make this dubitable assertion. Despite Strick having control of this putative information since long before the 3 years this lawsuit has been pending, not once did Strick disclose any documents, information, testimony or affidavits suggesting in any way what it now contends in the new evidence.  At best, Strick's behavior simply raises the question of whether its records are relevant, complete and/or accurate, a question whose answer Strick artfully foreclosed by bringing it to first light after the close of discovery.  Indeed, Strick's reply asks the Court to stand in the stead of the trial jury and resolve a fact dispute by comparing Keith Friedman's expert testimony, and other testimony, with Strick's newly minted testimony and records withheld until after discovery's end.  To accept only the unsupported and undisclosed evidence from one of Strick's employee, as Strick argues, would involve the Court making a credibility assessment of witnesses and the evidence, a process in which courts do not engage during the pre-trial phase.  *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir.1987) (the court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence").

Moreover, even if Strick were to attempt to introduce this new evidence at trial, this Court would most likely prohibit the introduction of the tardily disclosed records pursuant to Plaintiffs' forthcoming motion *in limine* in this case.  That is because a party should never be permitted to "lay in the weeds" in this manner.  Indeed, Federal Rule of Civil Procedure 37(c) (1) prohibits the introduction of evidence that, without substantial justification, has not been

disclosed as required by Rule 26(a) unless the failure to disclose is harmless. *Terrance v. Pointe Coupee Parish Police Jury*, 177 F. App'x 457, 459 (5th Cir. 2006). Where Strick deliberately waits until the conclusion of discovery to disclose evidence it has always had, such lack of timeliness can hardly be characterized as harmless.  *Useden v. Acker*, 947 F.2d 1563, 1572 (11th Cir. 1991) (affirming district court's decision to strike untimely affidavit because its information was available during discovery).

### C.    Strick's Reply Admits Material Fact Disputes That Clearly Preclude The Grant of Summary Judgment on Any Issue.

Despite a transparent, but hopeless, attempt to create an entitlement to summary judgment on the issue of whether the "entire" underride guard was a Strick-assembled underride guard, Strick does finally admit "Strick is unable, however, to say with absolute certainty that the uprights attached to the Strick trailer at the time of the accident are not Strick uprights."  Reply at 9.  This creates a clear issue of disputed fact that should be determined by a jury, not by the Court during a summary judgment motion.  In addition, there remains a fact dispute whether the horizontal bar is a Strick component.  Indeed, in carefully crafted language, Strick alleges that the horizontal bar "is not the OEM horizontal bar originally designed and manufactured for that particular Strick trailer."  *Id*.  Strick also alleges that its records show historically that Strick has manufactured horizontal bars that "meet some, but not all of the characteristics of the horizontal bar" that form a small portion of the underride guard at issue.  This mere possibility does not establish any of the elements that Strick is required to establish as a matter of law and is simply a divertive tactic. *See, e.g., Charles O. Bradley Trust v. Zenith Capital LLC*, No. C 04-02239 JSW, 2008 WL 3400340, at *6 n.2 (N.D. Cal. Aug. 11, 2008) (noting defendant's introduction of new evidence —creates a dispute of fact precluding summary judgment); *Pieszak v. Glendale Adventist Med. Ctr.*, 112 F. Supp. 2d 970, 984 n.13 (C.D. Cal. 2000) (pointing out defendants'

reply evidence —merely creates a genuine issue for trial.); *Johnson v. Freeburn*, 29 F. Supp. 2d 764, 768 (E.D. Mich. 1998) (reasoning defendant's reply affidavits created dispute of material fact which precluded summary judgment); *Fasules v. D.D.B. Needham Worldwide, Inc.*, No. 89 C 1078, 1989 WL 105264, at *4 (N.D. Ill. Sept. 7, 1989) (asserting contrary evidence in defendants' reply brief undermined summary judgment); *Ry. Labor Executives Ass'n v. Long Island R.R. Co.*, 651 F. Supp. 1284, 1285 (E.D.N.Y. 1987) (holding movant's reply affidavits raised more factual issues than they resolved); *Cook v. Shaw Indus.*, 953 F. Supp. 379, 383 (M.D. Ala. 1996) (observing movant's submission of —rebuttal evidence only confirms . . . a material issue of fact exists); *Warren v. Williams*, No. Civ. A. 304CV537 (JCH) 2006 WL 860998, at *9 n.5 (D. Conn. Mar. 31, 2006) (noting reply briefs highlighting factual misrepresentations ineffective to support summary judgment). "The . . . 'misrepresentations of fact' by the plaintiffs highlighted by the defendants in their reply brief largely demonstrate the number of material issues of fact that exist in this action, and do not, contrary to the defendants' assertions, demonstrate their entitlement to summary judgment." *Id.*

Strick also cannot dispute that it did not provide proper installation instructions to its aftermarket distributor or to the trailer's owner. Accordingly, there remains yet another material fact dispute as to whether Strick's failure to provide proper installation instructions to its distributor or the end-user could have led to a shoddy installation of improper (albeit not substandard) components. Therefore, Strick's failure to satisfy its burden of proof precludes summary judgment upon on any grounds.

### D.    Alternatively, Plaintiffs Object to Strick's Reply and New Evidence.

Without waiver of the request to strike Strick's Reply and Reply Evidence, Plaintiffs also assert objections to the evidence submitted by Strick in the Reply. First, Plaintiffs object to the Reply since it contains substantial argument of counsel. *See Thompson v. INS*, 51 F.3d 1045,

1995 WL 153412, at *2 (5th Cir.1995) (noting authorities holding that an attorney's statements in a brief or motion do not constitute evidence).   Second, there are multiple assertions in the Jackson declaration that are clearly hearsay and for which he does not have personal knowledge. For instance, in paragraph 2, Jackson acknowledges that he has no personal knowledge of the sale of the very trailer that forms the basis of the lawsuit ("I have been **informed** that RC Trailers then sold the Dry Van Trailer to Dolphin Lines, Inc.").   In paragraph 6, Jackson contends that "New Life (the aftermarket distributor) was required to obtain [certain information from buyers]"  However, Jackson was not an employee of New Life and cannot attest as to what New Life did, if anything, when Dolphin Line purchased original equipment from it.   Similarly, Jackson has no first-hand knowledge as to whether alleged warning information was provided to Dolphin Line, as craftily implied in paragraph 7.   In addition, since defendants did not maintain the underride guard that was involved in the accident, Jackson has no first-hand knowledge with which to challenge Plaintiffs' assertion that the bar did not have a required certification label as Jackson purports to do in paragraph 8.   Furthermore, since defendants did not maintain the damaged underride guard, Jackson has no first-hand knowledge with which to assert that the underride guard was allegedly "jerry rigged" together as he alleges in paragraph 15 (viii). Therefore, Strick still has no evidence to support its substandard replacement theory.   Finally, Plaintiffs object to each of the exhibits attached to the Jackson declaration to the extent they are hearsay.

### III.   CONCLUSION

As explained herein, Strick has no justifiable grounds for its submission of new argument and new evidence never before disclosed during discovery.   Accordingly, Strick's Reply and accompanying evidence should be stricken and summary judgment in Strick's favor should be

denied.   In the alternative, the Court should sustain Plaintiffs' objections to Strick's Reply

evidence and deny summary judgment in Strick's favor.   In addition, the Court should grant

Plaintiffs such other and further relief, in law or in equity, to which Plaintiffs may be entitled.

Respectfully Submitted,


/s/ Aubrey "Nick" Pittman          | /s/ Daryl K. Washington
AUBREY "NICK" PITTMAN | DARYL K. WASHINGTON
State Bar No. 16049750 | State Bar No. 24013714

**THE PITTMAN LAW FIRM, P.C.** | **LAW OFFICES OF DARYL K. WASHINGTON P.C.**
100 Crescent Court, Suite 700 | 325 N. St. Paul St., Suite 1975
Dallas, Texas 75201-2112 | Dallas, Texas  75201
214-459-3454 | 214-880-4883
214-853-5912 – fax | 469-718-0380 - fax
pittman@thepittmanlawfirm.com | dwashington@dwashlawfirm.com


11

## **CERTIFICATE OF CONFERENCE**

The undersigned certifies that a conference on the merits of this motion was held with counsel for Strick Trailers, during which time Strick's counsel indicated that Strick was opposed to the relief being sought in this motion. Accordingly, Plaintiffs present this matter to the Court for resolution.

  /s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 4, 2014, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

   /s/ Aubrey "Nick" Pittman      
AUBREY "NICK" PITTMAN