IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the Surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the Surviving parent of LAKEYSHA GREENE, | § § § § § § § § § § § § § § § § § § § § § § § § § | CAUSE NUMBER 3:11-cv-0207-N |
| Plaintiffs, | | |
| v. | | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, IND., VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC., STRICK CORPORATION, INC., JOHN FAYARD MOVING & WAREHOUSE, LLC and DOLPHIN LINE, INC. | | |
| Defendants. | | |

================================================================

**DEFENDANT STRICK TRAILERS, LLC'S MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Strick Trailers, LLC ("Strick"), pursuant to Fed. R. Civ. P. 6(b)(1)(B) and Local Rule 7.1, states as follows for its Motion for Leave to File Motion for Partial Summary Judgment and Brief in Support of Motion for Partial Summary Judgment:

**Motion For Leave To File Motion for Summary Judgment**

On June 19, 2013, this Court entered the Second Amended Scheduling Order (the "Second Scheduling Order") (R.E. 161).  The Second Scheduling Order provides that "all motions, including any objections to expert testimony ..." must be filed 90 days prior to the trial date which equates to December 10, 2013 (the "MSJ Deadline"). *Id*. at 2.  On January 3, 2014, the Court entered an Order extending the deadlines for expert discovery to March 10, 2014, and the deadline for filing expert motions to March 17, 2014 (the "January 3rd Order").  (R.E. 332). The January 3rd Order did not however, change the applicable MSJ Deadline of December 10, 2013, for the filing of motions for summary judgment based on evidence obtained as a result of the ongoing expert discovery process.

Strick moves this Court for leave to file its Motion for Partial Summary Judgment (the "Motion for Partial Summary Judgment"), Brief in Support of the Motion for Partial Summary Judgment (the "Brief in Support"), and Appendix with exhibits referenced in the Brief in Support (the "Appendix") later than the Second Scheduling Order permits but before the expiration of expert motions deadline of March 17. 2014.[1]  The Motion for Partial Summary Judgment relies entirely upon evidence obtained through expert depositions that were conducted after the MSJ Deadline expired but within the deadlines imposed by the January 3rd Order.

**Brief in Support**

A district court has broad discretion to expand deadlines for filing dispositive motions. *Henderson v. Johnson*, 201 F. App'x 284, 286 (5th Cir. 2006) citing *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995).  In this case, Strick seeks leave of court to file its

---

[1] The Motion for Summary Judgment is attached to the appendix to this motion as **Exhibit 1**. The Brief in Support is attached to the appendix to this motion as **Exhibit 2**.  The Appendix for the Motion for Partial Summary Judgment and Brief in Support is attached to the appendix to this motion as **Exhibit 3**.

2

Motion for Partial Summary Judgment past the MSJ Deadline. Strick can demonstrate that (1) it has good cause for the late filing of the present motion; (2) plaintiffs will not be prejudiced if the relief requested in this motion is granted; (3) the reason for the delay in the filing of the Motion for Partial Summary Judgment was beyond Strick's control; and (4) that the undersigned have not engaged in bad faith, dilatory conduct, or intentionally caused any unnecessary delay.

### A. Strick Can Demonstrate Good Cause for the Late Filing of the Motion for Partial Summary Judgment

The Motion for Partial Summary Judgment seeks dismissal of (1) the wrongful death claim asserted by Ollie Greene as the surviving parent of Wyndell Greene, Sr. ("Mr. Greene"); and (2) the survival action asserted by William Greene, the administrator of Mr. Greene's estate (jointly, the "Claims"). Plaintiffs' basis for the assertion of the Claims against Strick rests solely upon allegations of failures in the design and manufacture of the ICC rear bumper attached to the Strick trailer involved in the underlying multi-vehicle accident. (R.E. 113, ¶¶ 68, 89, 95).

Three of Plaintiffs' experts in this case, Keith Friedman ("Friedman"), Dr. R. Rhoads Stephenson ("Stephenson"), and Dr. Joseph L. Burton, M.D. ("Burton"), were not deposed until January 15 and 17, 18, and 30th, respectively. These depositions occurred after Plaintiffs' counsel requested and received an extension from the Court for the designation of their experts (R.E. 231, 239), and after considerable disagreement among the parties regarding the scheduling of these depositions. (R.E. 344). Strick deposed Friedman, Stephenson, and Burton on the first available dates provided by Plaintiffs' counsel.

The undisputed testimony from these depositions shows that (1) Mr. Greene died solely as a result of complications related to burns from a fire that started in the Toyota 4Runner (the "Fire"); and (2) the ICC bumper that was attached to the Strick trailer "might have" or "could have been" a cause, in part, of the Fire that caused Mr. Greene's death. However, Stephenson's

3

W:\Greene\Motions--Non Trial\MPSJ re Mr. Greene Claims\Mtns & briefs for lvs - Mr. Greene Claims\Mot Leave File MPSJ7.docx

testimony shows that no trier of fact can attribute the cause of the Fire to Strick without engaging in speculation regarding the ignition source of the Fire.

Strick only became aware that these facts were undisputed when Friedman, Stephenson, and Burton were deposed in the middle and end of January 2014 – more than a month after the MSJ Deadline had already passed. Strick played no part in the delayed scheduling of Plaintiffs' expert depositions which was in large part, a situation of Plaintiffs' own making. Strick has timely prepared its Motion for Partial Summary based on the testimony that was only elicited on the January 15, 17, 18, and 30th dates. Strick has good cause for the late filing of the present motion because the evidence needed to support the Motion for Partial Summary Judgment was not available to Strick until very recently and the MSJ Deadline had already passed.

### B. Plaintiffs Will Not be Prejudiced if the Court Grants the Relief Requested in the Present Motion

The only evidence Strick cites in support of its Motion for Partial Summary Judgment are the depositions and expert reports of Friedman, Stephenson, and Burton. Plaintiffs have been responsible, in large part, for the delay in scheduling and taking the expert depositions of Friedman, Stephenson, and Burton. However, Plaintiffs have been aware that they were retaining and relying on the opinions of Friedman, Stephenson, and Burton since those experts were retained by Plaintiffs and have been the only parties with access to these experts to inquire about the basis and reasoning for their opinions. Plaintiffs cannot argue prejudice now that they have no evidentiary support for the Claims since Plaintiffs have been in exclusive control of that information, or lack thereof, until Friedman, Stephenson, and Burton were recently deposed. Plaintiffs will not suffer prejudice if the Court grants the relief requested in the present motion.

4

W:\Greene\Motions--Non Trial\MPSJ re Mr. Greene Claims\Mtns & brifs for lvs - Mr. Greene Claims\Mot Leave File MPSJ7.docx

### C. The Reason for the Delay in the Filing of the Motion for Partial Summary Judgment Was Beyond Strick's Control and Strick Has Not Engaged in Bad Faith Dilatory Conduct or Intentionally Caused Unnecessary Delay

Strick scheduled deposition dates for Friedman, Stephenson, and Burton on the first available days that Plaintiffs' counsel would make them available. Strick had been requesting available dates for these depositions from Plaintiffs' counsel for months prior to the dates that those depositions actually occurred. In fact, these depositions were only scheduled after the Court entered orders on January 2, 2014 compelling Plaintiffs to provide expert deposition dates. (R.E. 327, 328). There was nothing more Strick could do to elicit the testimony necessary to support the Motion for Partial Summary Judgment which is being filed contemporaneously with the completion of the transcripts of Friedman, Stephenson, and Burton and Strick's ability to have the necessary face-to-face meet and confer that is a prerequisite to the filing of the present motion. Plaintiffs cannot dispute that Strick has done everything within its power to obtain the testimony necessary to support the Motion for Partial Summary Judgment or that the filing of the present motion was not timely in light of the dates that the relevant deposition transcripts became available and the face-to-face conference was able to take place. Strick has not engaged in bad faith, dilatory conduct, or intentionally caused any unnecessary delay.

### D. Strick's Motion for Leave Complies with Local Rule 56.2(b)

Rule 56.2(b) is designed to (1) prevent the practice of circumventing the page limits on summary judgment motions by dividing arguments among several motions; and (2) enables the court to regulate successive motions that are filed by litigants after the court has devoted time and effort to deciding an initial motion and has identified issues that are not subject to summary disposition from seeking a second bite at the apple. *Home Depot U.S.A., Inc. v. Nat'l Fire Ins. Co. of Hartford*, 3:06 CV 0073 D, 2007 WL 1969752 (N.D. Tex. June 27, 2007). Therefore, a

5

W:\Greene\Motions--Non Trial\MPSJ re Mr. Greene Claims\Mtns & brifs for lvs - Mr. Greene Claims\Mot Leave File MPSJ7.docx

party may file multiple motions for summary judgment without leave of court, provided that the motions are filed in good faith and are not an attempt to "lay the groundwork to later file another dispositive motion in the event the first one did not succeed." *Lexxus Int'l, Inc. v. Loghry*, 512 F.Supp. 2d 647, 656-57 (N.D. Tex. 2007).

The Motion for Partial Summary Judgment Strick seeks to file now (1) does not raise any of the same issues identified in Strick's previous motions for summary judgment (R.E. 147, 162, 271-1); (2) is not an attempt to circumvent rules related to page or word count limitations; and (3) is filed in good faith. Therefore, Local Rule 56.2(b) authorizes the filing of the Motion for Partial Summary Judgment. Strick hereby requests leave to file the Motion for Partial Summary Judgment to the extent the Court disagrees with this position.

**WHEREFORE**, Defendant Strick Trailers, LLC, respectfully requests this Court enter an order (1) permitting it to file its Motion for Partial Summary Judgment, Brief in Support, and Appendix after the expiration of the deadline established in the Second Scheduling Order; (2) to declare the exhibits filed together with this Motion as having been filed with the Court on the date the Court grants the relief requested in the present motion; and (3) to grant such other and further relief as this Court deems necessary and just.

        Respectfully submitted,

        DAWSON & CLARK, P.C.

        /s/ Donald H. Dawson, Jr.
        DONALD H. DAWSON, JR.
        Texas State Bar No. 05606500
        KATHLEEN A. CLARK
        Texas State Bar No. 00788830
        243 West Congress, Suite 600
        Detroit, MI 48226
        (313) 256-8900 *(Office)*
        (313) 256-8913 *(Facsimile)*

                WALTERS, BALIDO & CRAIN, LLP

                /s/ S. Todd Parks
                S. TODD PARKS
                Texas State Bar No. 15526520
                ASHLEY DE LA CERDA
                Texas State Bar No. 24045760
                900 Jackson Street, Suite 600
                Dallas, TX 75202
                (214) 749-4805 *(Office)*
                (214) 760-1670 *(Facsimile)*

                **ATTORNEYS FOR DEFENDANT STRICK**

## CERTIFICATE OF CONFERENCE

This will certify that the undersigned has met and conferred face-to-face with all counsel for parties affected by the requested relief. Plaintiffs' counsel, Aubrey "Nick" Pittman, opposes the relief requested herein and there is a fundamental disagreement regarding the merits of this motion.

                /s/ Donald H. Dawson, Jr.
                DONALD H. DAWSON, JR.

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2014, I electronically filed a copy of the foregoing, together with all exhibits, if any, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants and I hereby certify that I have mailed by United States Postal Service the document to any non CM/ECF participants.

                /s/ Donald H. Dawson, Jr.
                DONALD H. DAWSON, JR.

7

W:\Greene\Motions--Non Trial\MPSJ re Mr. Greene Claims\Mtns & brifs for lvs - Mr. Greene Claims\Mot Leave File MPSJ7.docx