IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE-HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, | § § § § § § § § § § § § § § § § § § § § § § § § | CAUSE NUMBER 3:11-cv-0207-N |
| Plaintiffs, | | |
| v. | | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC. VOLVO GROUP NORTH AMERICA, INC. VOLVO TRUCKS NORTH AMERICA, a DIVISION OF VOLVO GROUP NORTH AMERICAN, LLC., STRICK CORPORATION, INC., JOHN FAYARD MOVING & WAREHOUSE, LLC and DOLPHIN LINE, INC. | | |
| Defendants. | | |

**DEFENDANT STRICK TRAILERS, LLC'S MOTION
TO EXCLUDE DR. BURTON'S OPINION THAT THE GREENE
CHILDREN EXPERIENCED ANY CONSCIOUS PAIN AND SUFFERING**

Defendant, Strick Trailers, LLC ("Strick") respectfully moves the Court for the entry of an order excluding any evidence or reference, direct or indirect, to Dr. Joseph L. Burton's opinion that Wyndell Greene, Jr. ("Wyndell II") or Wesleigh Greene ("Wesleigh") (jointly the "Greene Children") experienced a brief period of conscious pain and suffering prior to sustaining the impacts which were instantaneously fatal for each child.

The grounds for this motion are that (1) Texas law does not provide for the recovery of conscious pain and suffering damages when there is an immediacy of occurrence between the impact that causes the injury and the victim's death or unconsciousness; and (2) where the immediacy of the circumstances renders the element of pain and suffering too speculative for recovery, an expert opinion on the subject is irrelevant and more prejudicial than probative.

## BRIEF IN SUPPORT OF STRICK'S MOTION

### *Pertinent Facts*

The Greene Children were seated in the rear seat of the family's Toyota 4Runner on May 28, 2010 when the tragic, multi-impact accident which is the subject of this lawsuit occurred. (R.E. 113, ¶¶ 1, 16, 17, 20, 26, 27). Wesleigh was in the left rear seat of the 4Runner, Wyndell II in the right rear seat. The accident commenced with the collision of the Volvo tractor into the rear of the Greene's 4Runner. (R.E. 113, ¶ 1). Plaintiffs allege that after a second collision into a Toyota Corolla, the 4Runner rotated counterclockwise and slid sideways into the rear of the stopped Strick trailer. (R.E. 113, ¶¶ 1, 81, 82). During this impact, the trailer's ICC rear bumper guard detached from the right side of the trailer and the 4Runner underrode the Strick trailer.

The Greene Children died from blunt force head injuries sustained during one of the impacts. (R.E. 113, ¶ 22; Ex. A- Gwin Dep p 14-15, App. 5-6; Ex. B -Dyer Dep p 12, App. 15). Plaintiffs' biomechanical expert, Dr. Joseph Burton, has opined that the Strick children sustained fatal blunt force head injuries as a result of the rear bumper guard's detachment. Dr. Burton attributed Wyndell II's fatal head injuries to contact with the underbody of the trailer and Wesleigh's fatal head injuries to contact with intruding structures of the 4Runner associated with the underride. (Ex. C - Burton Dep. p 46-47, App. 25-26). A fire subsequently consumed the 4Runner and the children's bodies. Dr. Burton acknowledged that the Greene Children's burn

injuries were post-mortem. (Ex. C - Burton Dep. p 52-3, App. 27-28). Strick disagrees with Dr. Burton's opinion on which impact caused the fatal injuries and the details of the fatal injuries, but assuming <u>solely</u> for the purpose of this motion, that Dr. Burton is correct, his opinion the children sustained a brief period of conscious pain and suffering prior to sustaining the fatal injuries is still inadmissible.

*The Greene Children's Injuries Were Instantly Fatal*

Dr. Joseph Burton, Plaintiffs' biomechanical expert, opined that the Greene Children's head injuries were instantaneously fatal:

> Q. Okay, and then for the injury for [Wyndell II] with his head being pinched in the manner which you have described, is that essentially an instantaneous fatal blow as well?
> A. Yes. I mean, it's taking some milliseconds to occur but as it occurs and when it occurs, he is dead.
> Q. And then the–
> A. The same is true for the little girl. Her injuries, once they happen, she's dead. There's no lag period between the injury and her death or his death.
> (Ex. C - Burton Dep. p. 52, App. 27).

Dr. Burton acknowledged he did not know what perception of pain either child sustained. (Ex. C - Burton Dep. p 119, App. 29). Dr. Burton's opinions that the Greene Children's deaths were instantaneous and the burns were post-mortem are consistent with the testimony of each of the Dallas County Medical examiners who performed the autopsies. Dr. Chester Gwin, who performed Wyndell II's autopsy, testified that the fatal blunt force injuries were consistent with immediate unconsciousness and death and that the burns were post-mortem. (Ex. A- Gwin Dep. 16-17, 23-24; App 7-10). Dr. Tracy Dyer, who performed Wesleigh's autopsy concluded the fatal blunt force head injuries were consistent with an almost immediate

loss of consciousness and the burns were post-mortem. (Ex. B - Dyer Dep. 24-25, 32, 53, 70, App. 16-20).

*Burton's Opinions On Conscious Pain and Suffering*

Dr. Burton opines that the Greene Children "experienced a very brief period of conscious pain and suffering **prior to** receiving the severe traumatic injuries which resulted in almost loss of consciousness and death." (Ex. D - Burton Rpt. p 18, App. 32; Ex. E - Burton 2/4/14 Affidavit ¶ 13, App. 36).  Dr. Burton did not explain what was meant by this statement. However, it is surmised that Dr. Burton is opining either (i) the Greene Children sustained conscious pain and suffering between the initial rear impact with the Volvo tractor and the fatal injuries at the trailer; or (ii) the Greene Children experienced conscious pain and suffering in the incredibly short period of time between 4Runner impact with the Strick trailer and the fatal blows after the rear bumper guard separated.

For the reasons discussed below, this opinion is not admissible.

## ARGUMENT

The Texas Survival Statute, Tex. Civ. Prac & Rem. Code Ann. ¶ 71.004, provides that "the estate has the burden of establishing by a preponderance of the evidence that decedent actually suffered some conscious pain as a result of the accident and prior to his death." *Vasquez-Lopez v United States of America*, 2006 WL 87036, *3 (S.D. Tex. 2006) citing to *Moore v. Lillebo*, 674 S.W.2d 474 (Tex. App. 1984) **rev'd on** other grounds by *Moore v. Lillebo*, 722 S.W.2d 683 (Tex. 1986).

In the context of this case, this means Plaintiffs must prove the Greene Children experienced conscious pain and suffering as a result of the failure of the ICC rear bumper guard.

Pain, suffering and fright, if any, experienced by the Greene Children before the part of the accident in which the bumper guard failed such as (1) the first impact between the Volvo tractor and the 4Runner; (2) the 4Runner's frontal impact with the Corolla; and the (3) 4Runner's impact with the Strick trailer prior to failure of the ICC rear bumper guard assembly are not attributable to Strick.  Strick did not cause the accident or set the 4Runner onto this collision path.  Dr. Burton has acknowledged the Greene Children's head injuries sustained following failure of the bumper guard were immediately fatal.  When unconsciousness is immediate, the estate cannot cover for the decedent's conscious pain and suffering.  *Stanford v. McLean Trucking*, 506 F. Supp. 1252, 1255 (E.D. Tex. 1981) citing to *Mpiliris v. Hellenic Lines, Ltd.*, 323 F.Supp. 865 (S.D.Tex.1969), affirmed, 440 F.2d 1163 (5th Cir. 1971) (because decedent was struck by a falling boom rectangle and was immediately rendered unconscious by his injuries the estate could not recover for decedent's pain and suffering).

Plaintiffs may assert there was a brief period of conscious pain and suffering between the failure of the underride guard and the fatal impacts with underbody structures or intruding structures.  However, such an assertion, if made, is too speculative to allow recovery under Texas law.  "[W]here the immediacy of the occurrence and the absence of other evidence renders too speculative a finding that the decedent suffered conscious pain, an award for pain and suffering is improper."  *Stanford* 506 F.Supp at 1255 (citing *In Re Dearborn Marine Service, Inc.*, 499 F.2d 263 (5th Cir. 1974); see also *Sanchez ex rel. Estate of Galvan v. Brownsville Sports Center, Inc.*, 51 S.W.3d 643 (Tex. App. 2001) (parents of child killed in an ATV accident did not establish that child sustained conscious pain and suffering before death where the doctor who performed the autopsy testified that the cause of death was severe cranial trauma that

produced fractures in skull, cerebral lacerations, hemorrhaging and other injuries that rendered the child unconscious).

Here, there is an "immediacy of occurrence" between the impact of the 4Runner and the rear of the Strick trailer and the failure of the rear bumper guard assembly and the Greene Children's contact with unidentified parts on the underside of the Strick trailer. The Court can take judicial notice, as a matter of mathematics, that the impact speed of at least 31 mph (the minimum impact speed projected by any party's reconstructionist, in this case Plaintiffs' expert Jeff Vick), is over 45 feet per second. No one knows the precise trajectory of the rotating 4Runner beneath the Strick trailer, only that the furthest point of impact for the 4Runner was the tire on the rearmost axle, just seven feet forward of the rear of the Strick trailer. (Ex. F - Vick Dep. 76; App. 41).

Even assuming Dr. Burton's reference to a brief period of conscious pain suffering **before** the instantly fatal impacts means the period between collapse and the guard and impact with the intruding structures, the circumstances are too immediate and too speculative to permit a recovery for this element of damages. There is no evidence that, following the impact, the children had any perception of underride and imminent death. The case is similar to *Vogler v. Blackmore*, 352 F.3d 150 (5th Cir. 2003), in which the Fifth Circuit Court of Appeals reversed an award for a child's conscious pain and mental anguish because there was no evidence the child, secured in a child restraint behind the parents, had any awareness of the impending crash.

The immediacy of death of the Greene Children and complete lack of other supporting evidence renders any conclusion, whether from Dr. Burton or a surmisal by the jury that the

Greene Children sustained a brief period of mental anguish prior to the fatal injuries too speculative to support an award for conscious pain, suffering or mental anguish. Where the immediacy of the circumstances renders the element of pain and suffering too speculative for recovery, an expert opinion on the subject is irrelevant and more prejudicial than probative. Fed. R. Evid. 401, 402 and 403.

On the same basis, any opinion by Dr. Burton that the children suffered conscious pain and suffering **after** the underride guard broke and **before** the fatal head impacts (if that is his opinion) would be too speculative to be received in evidence. Such an opinion would not be based upon sufficient facts or data, nor involve the application of scientific, technical other knowledge that would help the trier of fact understand the evidence of determine the factual issue of conscious pain and suffering, as required by Fed. R. Evid. 702.

Moreover, even though Dr. Burton is qualified, such an opinion would be too conclusory and speculative to constitute relevant evidence. See, e.g., *General Motors Corp. v. Iracheta*, 161 S.W.3d 462 (Tex. 2005)(a conclusory opinion of a qualified expert is irrelevant); *Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex.1997) ("[A]n expert witness' conclusory statement ... will neither establish good faith at the summary judgment stage nor raise a fact issue to defeat summary judgment."). Furthermore, this Court has held that such conclusory statements cannot support a judgment even when no objection was made to the statements at trial. *Dallas Ry. & Terminal Co. v. Gossett*, 156 Tex. 252, 294 S.W.2d 377, 380 (1956) ("It is well settled that the naked and unsupported opinion or conclusion of a witness does not constitute evidence of probative force and will not support a jury finding even when admitted without objection."); *Casualty Underwriters v. Rhone*, 132 S.W.2d at 99 (holding that "bare conclusions" did not

"amount to any evidence at all," and that "the fact that they were admitted without objection add[ed] nothing to their probative force"); see also *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 712 (Tex.1997) ("When the expert 'brings to court little more than his credentials and a subjective opinion,' this is not evidence that would support a judgment.... If for some reason such testimony were admitted in a trial without objection, would a reviewing court be obliged to accept it as some evidence? The answer is no."). *Id*. at 471.

The principles of relevance in Texas state court are the same under federal law. The Texas Supreme Court's view of the lack of value of conclusory opinions is persuasive. The same result, however, is reached by application of the principles of Fed R. Civ. P. 26(a)(2) and Daubert, supra.

## CONCLUSION

For the reasons set forth above, Defendant Strick Trailers respectfully requests the Court to grant this motion.

        Respectfully submitted,

        DAWSON & CLARK, P.C.

        */s/ Donald H. Dawson, Jr.*
        DONALD H. DAWSON, JR.
        Texas State Bar No. 05606500
        KATHLEEN A. CLARK
        Texas State Bar No. 00788830
        243 West Congress, Suite 600
        Detroit, MI 48226
        (313) 256-8900 *(Office)*
        (313) 245-8913 *(Facsimile)*
        WALTERS, BALIDO & CRAIN, LLP

      /S/
S. TODD PARKS
Texas Bar No. 1552520
ASHLEY DE LA CERDA
Texas State Bar No. 24045760
10440 North Central Tower, 15th Floor
Dallas, TX 75231
(214) 749-4805 *(Office)*
(214) 760-1680 *(Facsimile)*

**ATTORNEY FOR STRICK TRAILERS, LLC**

## CERTIFICATE OF CONFERENCE

      This will certify that the moving party has conferred in a face-to-face meeting with all counsel for parties affected by the requested relief on March 7, 2014. Plaintiffs' counsel has opposed the relief requested herein and there is a fundamental disagreement regarding the merits of the present Motion. All other Defendants in this matter consent to this Motion and do not oppose the relief requested herein.

      */s/ Donald H. Dawson, Jr.*
DONALD H. DAWSON, JR.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 17th day of March, 2014, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

      */s/ Donald H. Dawson, Jr.*
DONALD H. DAWSON, JR.