IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE-HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, | § § § § § § § § § § § § § § § § § § § § § § § | CAUSE NUMBER 3:11-cv-0207-N |
| Plaintiffs, | | |
| v. | | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC. VOLVO GROUP NORTH AMERICA, INC. VOLVO TRUCKS NORTH AMERICA, a DIVISION OF VOLVO GROUP NORTH AMERICAN, LLC., STRICK CORPORATION, INC., JOHN FAYARD MOVING & WAREHOUSE, LLC and DOLPHIN LINE, INC. | | |
| Defendants. | | |

**DEFENDANT STRICK TRAILER, LLC'S MOTION TO EXCLUDE MR. FRIEDMAN'S OPINIONS THAT (1) THE FAILURE OF THE ICC REAR IMPACT GUARD CAUSED OR CONTRIBUTED TO THE BREACH OF THE 4RUNNER'S FUEL SYSTEM AND (2) THE FAILURE OF THE ICC REAR IMPACT GUARD IS THE MOST LIKELY CAUSE OF THE SPARKS THAT IGNITED THE FUEL LEAKING FROM THE 4RUNNER**

Defendant, Strick Trailers, LLC, respectfully moves the Court for the entry of an order excluding any evidence or reference, direct or indirect, to Plaintiffs' expert Keith Friedman's opinion that the failure of the ICC rear bumper guard attached to the Strick trailer (1) caused or contributed to cause the breach of the 4Runner's fuel system (the "Friedman Tank Breach

Opinion") and (2) was the most likely cause of the mechanical sparks that ignited the fuel leaking from the 4Runner (the "Friedman Sparks Opinion").

The basis for this motion is that the Friedman Tank Breach Opinion and the Friedman Sparks Opinion were not disclosed in Mr. Friedman's Rule 26 expert report (the "Friedman Report") or during Mr. Friedman's deposition taken on January 15 and 17, 2014. Mr. Friedman first disclosed the Friedman Tank Breach Opinion in a February 4, 2014 affidavit (the "February 4th Affidavit"), submitted in response to Strick's Motion for Summary Judgment.[1] The Friedman Sparks Opinion was never explicitly offered by Friedman. Fed. R. Civ. P. 37(c)(1) and the holding in *Daubert v. Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), provides that it is appropriate to exclude the Friedman Tank Breach Opinion and and the Friedman Sparks Opinion under the circumstances presented here.

## BRIEF IN SUPPORT OF STRICK'S MOTION

### *Relevant Background - Friedman Tank Breach Opinion*

Plaintiffs submitted the Friedman Report, jointly signed by Keith Friedman and Dr. R. Rhoads Stephenson, on November 20, 2013. The Friedman Report identified the first impact in the accident sequence between the Volvo tractor and the 4Runner as the impact that caused the breach to the 4Runner's fuel system:

> Sources of gasoline from the Toyota 4Runner: The Toyota 4Runner had severe deformation from the rear impact **by the Volvo tractor**. This severely reduced the space surrounding the fuel tank resulting in expulsion of a large quantity of flammable gasoline.
>
> (Ex. B - Friedman Rpt. 19, App. 12) (emphasis added).

---

[1] A copy of the February 4th Affidavit is attached to the Appendix as **Exhibit A,** App. 1-9.

Defendants deposed Mr. Friedman on January 15 and 17, 2014. Mr. Friedman indicated that Dr. Stephenson would be addressing the fire issues and Mr. Friedman would be addressing the bumper guard issues. Throughout his deposition, Mr. Friedman deferred to Dr. Stephenson as the expert that would be addressing the fire issues for Plaintiffs. (Ex. C - Friedman Dep. 73, App. ).

Nevertheless, when Toyota's counsel made a persistent inquiry into whether it was possible that the 4Runner's fuel system had not sustained any breach until the ICC rear bumper guard failed and the 4Runner underrode the Strick trailer, Mr. Friedman replied:

> No, I didn't -- wasn't - must not have been very succinct. So I think the -- we've considered various hypotheses, and I think that our conclusion -- **and I guess I would defer to Dr. Stephenson to say it the way he wants to say it. But it is my understanding that the most likely scenario is that the fuel tank failure is occurring in the Volvo to 4Runner impact.** The only issue had to do whether the fuel gets ignited at that point or it is occurring when-- in the underride with the Strick trailer because of the proclivity of sparks....
>
> (Ex. C - Friedman Dep. 72-73, App. 19-20)

Strick filed a Motion for Partial Summary Judgment on the causes of action related to Mr. Greene's death. Plaintiffs' response to the motion attached the February 4th Affidavit wherein Mr. Friedman offers the Friedman Tank Breach Opinion, not only given for the first time in this litigation, but which expressly contradicts Mr. Friedman's deposition testimony and the opinions contained in the Friedman Report:

> 25. Even if one were to assume, as some of Defendants' experts have, that the 4Runner's fuel system hadn't been leaking by the time of the impact with the trailer, **the increased loads induced as a result of the failure of the**

> **underride guard would then have contributed to the
> fuel system/tank failure and associated leakage**.

(Ex. A - February 4th Affidavit ¶ 25, App. 8).

Moreover, the Friedman Tank Breach Opinion was stated in conclusory form and does not comply with Rule 26(a)(2)(B)'s requirement that an expert's report contain (1) a complete statement of all opinions to be expressed and the basis or reasons therefore; and (2) the data or other information considered by the witness in forming the opinions. *Tompkin v. Phillip Morris*, 362 F.3d 882, 895 (6th Cir. 2004), *Brainard v. American Skandia Life Ins. Sopr.*, 2005 WL 3533545 (6th Cir. 2005).

The Friedman Tank Breach Opinion contradicts the express terms of the Friedman Report and Mr. Friedman's deposition testimony and constitutes unfair surprise to Strick, not curable at this stage of the litigation. It should be excluded by the Court pursuant to Fed. R. Civ. P. 37(c)(1) and/or this Court's inherent powers to enter such sanctions. *Green v. Blitz U.S.A., Inc.*, Civ. A No. 2:07-CV-372, 2011 WL 80611 at *3 (E.D. Tex. March 1, 2011).

### *Relevant Background - Friedman Sparks Opinion*

Friedman never explicitly offered the Friedman Sparks Opinion. The Friedman Report only states that:

> [t]he Toyota 4Runner then rotated and eventually impacted the Strick trailer at about 30 mph. The Strick trailer's underride guard fell off allowing the Toyota to underride the Strick trailer and subsequently catch fire.

(Ex. B - Friedman Rpt, 19, App.12). The Friedman Report did not state anything about the failure of the underride guard being the "most likely" or "most probable" cause of the mechanical sparks that ignited the fuel leaking from the breached tank of the 4Runner.

Friedman did not expressly state or offer the Friedman Sparks Opinion during his January 15 and 17 depositions.

> There can be failure that's occurring at that point. There can be leakage. And potentially, you know, there's the opportunity there, whether there's enough sparks in that particular situation to ignite it. I'm not clear if it was. It probably wasn't very big, but at least – then you go on to the Strick trailer and underride the Strick trailer, and the vehicle now sliding underneath the Strick trailer creates more sparks as you're being forced down by the trailer.

(Ex. C - Friedman Dep. 71-72, App.18-19). While Mr. Friedman is a little clearer about the possible ignition points for the fire in Mr. Friedman's deposition, Mr. Friedman did not state anything about the failure of the underride guard being the "most likely" or "most probable" cause of the mechanical sparks that ignited the fuel leaking from the breached tank of the 4Runner.

Finally, Mr. Friedman addresses the possible ignition sources for the fire in the February 4th Affidavit. Friedman states:

> It is also Dr. Stephenson's and my expert opinion that the fire was started by sparks. The failure of the underride guard created a large downward force which pushed the frame and undercarriage of the 4Runner into the pavement that led to a shower of mechanical sparks, which would be able to ignite, or reignite, the gasoline leaking in from the failed 4Runner fuel system.

(Ex. A - February 4th Affidavit p. 7, App. 8). Again, Mr. Friedman states that there are at least two possible ignition sources and either seems possible to Mr. Friedman. Mr. Friedman did not state anything about the failure of the underride guard being the "most likely" or "most probable" cause of the mechanical sparks that ignited the fuel leaking from the breached tank of the 4Runner in the February 4th Affidavit.

The Friedman Sparks Opinion would not have been admissible even if it had been explicitly offered by Mr. Friedman because the Friedman Sparks Opinion would not have been

5

admissible under the test for admissibility of expert opinions set forth in the United States Supreme Court's decision in *Daubert v. Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny.

## ARGUMENT

Federal Rule of Civil Procedure 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at trial, at a hearing, or on a motion, any witness or information not so disclosed."  See also, *Barrett v. Atl. Richfield Co.,* 95 F.3d 375, 379-82 (5th Cir. 1996).  Rule 37 sanctions must be just and must relate to the particular "claim" in question.  *Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004).  The court should consider four factors in deciding whether to exclude undisclosed expert matters: (1) the importance of the testimony or materials;  (2) prejudice to the defendant (Strick); (3) the possibility of granting a continuance; and (4) the explanation for the party's failure to disclose the testimony.  *Campbell v Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998); *Bradley v. U.S.*, 866 F.2d 120, 125 (5th Cir. 1989).

**A.   THERE IS NO JUSTIFICATION FOR THE TARDY SUBMISSION OF AN ENTIRELY NEW OPINION CONTRADICTING SWORN TESTIMONY AND THE RULE 26 REPORT**

There is no justification for Plaintiffs' tardy "tender" of a new opinion on the cause of the fuel system breach, implicating the underride guard for the first time in the case after Plaintiffs' experts on this topic were deposed.  Previously, Plaintiffs moved for and received two extensions of time to serve expert reports.  The court moved the trial date to provide time for this.  Two months elapsed between the production of the Friedman Report and the taking of Mr. Friedman's

deposition. No supplemental report was served. Three more weeks elapsed after the deposition before Strick received the February 4th Affidavit that contained the Friedman Tank Breach Opinion.

Mr. Friedman is an experienced expert who has submitted expert reports in numerous federal courts. Friedman was given the opportunity to make corrections or additions to his recorded testimony, however none were ever requested and none were ever made. Mr. Friedman jointly signed the Friedman Report with Dr. R. Rhoads Stephenson. Dr. Stephenson confirmed his opinion that the breach of the 4Runner's fuel system was caused in the Volvo tractor's initial impact with 4Runner during Dr. Stephenson's deposition. Dr. Stephenson's opinion happens to be the same opinion Mr. Friedman had endorsed in the Friedman Report.

1. **THE NON-DISCLOSURE IS INCURABLY HARMFUL AND PREJUDICIAL TO STRICK**

Strick did not retain a fuel system expert or a fire cause and origin expert. There was no reason to. Now, there is insufficient time to retain a fuel systems expert, have the expert inspect the subject vehicles and otherwise work-up opinions. No time remains in the schedule for expert reports or expert discovery, which closed on March 10, 2014.

2. **THE FRIEDMAN OPINION IS NOT IMPORTANT TO PLAINTIFFS**

Mr. Friedman identified Dr. Stephenson as the expert who would address all of the fire causation issues. Dr. Stephenson has done so (and has not submitted any change of opinion). It is difficult to see how calling two experts to contradict each other could be an important aspect of Plaintiffs' case.

### 3. A TRIAL CONTINUANCE IS NOT APPROPRIATE

The trial date was previously continued to allow Plaintiffs more time for expert disclosures. A trial continuance would have to be of a sufficient length to allow Strick to retain a qualified fuel system expert and possibly a fire cause and origin expert. These type of experts typically have very busy schedules, so considerable time would elapse in scheduling inspections of the vehicles, review of the file materials, etc. Strick anticipates the trial continuance would need to be a *minimum* of 8 months to address this new theory.

### B. THE FRIEDMAN SPARKS OPINION IS NOT ADMISSIBLE PURSUANT TO FRE 702, 703, AND *DAUBERT*

#### 1. THE FRIEDMAN SPARKS OPINION IS NOT ADMISSIBLE BECAUSE PLAINTIFFS' EXPERT DESIGNATED TO ADDRESS FIRE CAUSATION TO WHOM FRIEDMAN DEFERRED ON THESE ISSUES DOES NOT AGREE WITH THE FRIEDMAN SPARKS OPINION

Friedman explicitly stated during his deposition that Dr. Stephenson would be the Plaintiffs' expert responsible for addressing fire causation issues. Friedman repeatedly deferred to Dr. Stephenson's expertise and opinions throughout Mr. Friedman's deposition on issues related to fire causation. (Ex. C - Friedman Dep. 72-73, App. 19-20). Dr. Stephenson testified in his deposition that there were two likely sources for the mechanical sparks that Dr. Stephenson believes were the ignition source for the fire. The first possibility is the impact between the Volvo tractor and the 4Runner when the Volvo tractor pushed the frame of the 4Runner down onto the freeway causing a shower of mechanical sparks. (Ex. D - Stephenson Dep. 227-228, 315-316, 344-348, App. 27-28, 29-30, 31-35). The second possibility is the impact between the 4Runner and the Strick trailer when the underride causes mechanical sparks to shoot out from the bottom of the 4Runner where the frame is being pushed down into the highway. *Id*.

However, even Dr. Stephenson, with all of his training and expertise in the fire causation field, is unable to identify which of these two possible ignition source is the "most likely" or "most probable" source of the mechanical sparks that ignited the fuel leaking from the breached fuel tank on the 4Runner. (Ex. D - Stephenson Dep. 42-43, 227-228, 315-316, 344-348, App. 25-26, 27-28, 29-30, 31-35). If Dr. Stephenson is unable to choose which of these two possible ignition sources is the most likely or most probable cause for starting the fire, it is hard to imagine how Mr. Friedman would be able to opine upon which of the two possibilities is the more likely ignition source for the fire. Mr. Friedman should be prohibited from offering the Friedman Sparks Opinion.

  **2. FRE 702, FRE 703, AND THE DECISION IN *DAUBERT* AND ITS PROGENY PROHIBIT THE INTRODUCTION OF THE FRIEDMAN SPARKS OPINION**

Under FRE 702, FRE 703, and *Daubert*, a witness may not provide expert testimony at trial unless the testimony is both reliable and relevant. To be admissible, the expert's opinions must be (1) scientifically valid, (2) based on specialized knowledge, skill, experience, training, and (3) helpful to the trier of fact. *Id*.

Plaintiffs employed Dr. Stephenson to render opinions as to the cause and origin the fire that engulfed the 4Runner and killed Mr. Greene. Stephenson believes that the ignition source was because of sparks which occurred during either the first collision or the impact by the 4Runner to the Strick trailer. In his deposition, Dr. Stephenson admitted that each scenario was equally possible. The Friedman Sparks Opinion is not admissible because it is (1) not based on scientifically valid methods nor (2) based on sound fire investigation techniques, and (3) does not assist the trier of fact in reaching their conclusions. As a result, the Friedman Sparks Opinion fails


to satisfy the requirements of *Daubert* and should not be admissible in trial.

In this case, the Friedman Sparks Opinion fails. Mr. Friedman's proposed opinion that the collision between the 4Runner and the underride with the Strick trailer is not based on scientific inquiry and study, but merely on Mr. Friedman's personal views. The proposed testimony fails because (1) the Friedman Sparks opinion will not assist the jury, because it merely consists of Friedman's untested beliefs determined without following recognized fire investigation procedures; (2) the Friedman Sparks Opinion is not admissible because Mr. Friedman has not shown that Mr. Friedman successfully tested the Friedman Sparks Opinion; and (3) Mr. Friedman has failed to exclude other possible ignition sources for causing the fire. Strick asks this Court to exercise its gatekeeping function and exclude the Friedman Spark Opinion in its entirety.

## CONCLUSION

For the reasons set forth above, Defendant Strick Trailers respectfully requests the Court to grant this motion.

Respectfully submitted,

DAWSON & CLARK, P.C.

*/s/ Donald H. Dawson, Jr.*
DONALD H. DAWSON, JR.
Texas State Bar No. 05606500
KATHLEEN A. CLARK
Texas State Bar No. 00788830
243 West Congress, Suite 600
Detroit, MI 48226
(313) 256-8900 *(Office)*
(313) 245-8913 *(Facsimile)*

WALTERS, BALIDO & CRAIN, LLP

/S/
S. TODD PARKS
Texas Bar No. 1552520
ASHLEY DE LA CERDA
Texas State Bar No. 24045760
10440 North Central Tower, 15th Floor
Dallas, TX 75231
(214) 749-4805 *(Office)*
(214) 760-1680 *(Facsimile)*

**ATTORNEY FOR STRICK TRAILERS, LLC**

## CERTIFICATE OF CONFERENCE

This will certify that the moving party has conferred in a face-to-face meeting with all counsel for parties affected by the requested relief on March 7, 2014. Plaintiffs' counsel has opposed the relief requested herein and there is a fundamental disagreement regarding the merits of the present Motion. All other Defendants in this matter consent to this Motion and do not oppose the relief requested herein.

*/s/ Donald H. Dawson, Jr.*
DONALD H. DAWSON, JR.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of March, 2014, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Donald H. Dawson, Jr.*
DONALD H. DAWSON, JR.