IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the Surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the Surviving parent of LAKEYSHA GREENE, § § § § § § § § Plaintiffs, § § v. § § TOYOTA MOTOR CORPORATION, § TOYOTA MOTOR ENGINEERING & § MANUFACTURING NORTH AMERICA, § INC., TOYOTA MOTOR SALES USA, INC., § VOLVO GROUP NORTH AMERICA, IND., § VOLVO TRUCKS NORTH AMERICA, A § A DIVISION OF VOLVO GROUP § NORTH AMERICA, LLC., STRICK § TRAILERS, LLC, JOHN FAYARD § MOVING & WAREHOUSE, LLC and § DOLPHIN LINE, INC. § § Defendants. § § § | | CAUSE NUMBER 3:11-cv-0207-N

JURY TRIAL DEMANDED |

### DEFENDANT STRICK TRAILERS, LLC'S MOTION
### TO EXCLUDE MR. FRIEDMAN'S OPINION ON FMVSS 223 AND 224
### COMPLIANCE OF OEM STRICK TRAILER

PLEASE TAKE NOTICE that Defendant Strick Trailers, LLC, ("Strick") by and through their attorneys of record, hereby moves the Court, for an Order excluding Plaintiffs' expert Keith Friedman's opinion(s) that:

1. Strick failed to comply with Federal Motor Vehicle Safety Standard 223 and/or 224, 49 C.F.R. 571.223 and 224 ("FMVSS 223"and "FMVSS 224") because it did not supply

1

instructions for installation of replacement rear bumper guards when it sold the original equipment ("OEM") trailer to subsequent trailer owners, RC Trailers Sales & Service Co., Inc. ("RC Trailers").

  2. Strick failed to comply with FMVSS 223 and FMVSS 224 requirements by allegedly not supplying, when selling replacement guards for *other trailers than the subject trailer,* information on the type of trailer any guard should be installed on.

  3. Strick further moves the Court to preclude Plaintiff from attempting to elicit an opinion that Strick violated FMVSS 223 and 224 in the aforesaid manner from Strick witnesses, other expert witnesses or any witness who may testify in the case. The Court is further requested to order counsel for all parties to inform each of their witnesses of this Order and of these instructions, to redact any mention of such matters from each writing or document in the case, and to direct all witnesses not to make any reference to this subject matter in any fashion.

  The grounds for this Motion are as follows:

  1. Interpretation of federal regulations like the Federal Motor Vehicle Safety Std. is a matter of law for the Court, not for expert testimony.

  2. Mr. Friedman's opinions contradict the plain language of FMVSS 223 and 224.

  3. Mr. Friedman's opinions are without foundation and are unreliable and therefore inadmissible. Fed. R. Evid. 702 and 703.

## BRIEF IN SUPPORT OF DEFENDANT STRICK TRAILERS' MOTION

### BACKGROUND

#### The OEM Strick Trailer

The subject trailer is a Dry Van Trailer that Strick designed, manufactured and sold to dealer, RC Trailers on February 6, 2003. (Declaration of J. Jackson, R.E. 373-1, Ex. A - p. 3, ¶

2; APP 4). RC Trailers then sold the trailer to Dolphin Line. When sold, the trailer was equipped with a Strick-designed, Strick-manufactured rear bumper guard.[1] (Ex. A - p. 3 ¶ 3; APP 4). Strick supplied RC Trailers with an electronic copy of the Strick Trailer Care and Maintenance Manual, for distribution to end purchasers. The manual cautions purchasers to replace the bumper guard with Strick replacement parts and that any replacements must meet the original structural integrity requirements. (Ex. A p. 4 ¶ 7; APP 5). Strick did not, however, provide installation instructions for replacement bumper guards with the new trailer. The underride guard assembly which was on the trailer at the time of the accident seven years after Strick's sale of the trailer was not a Strick rear bumper guard assembly. (See generally, Ex. A - Jackson Declaration; APP 1-11 and Ex. B - Hatfield Deposition, Plaintiffs' Ex. 36; APP 12-13).

**Federal Motor Vehicle Safety Standards 223 and 224**

Federal Motor Vehicle Safety Standards (FMVSS) at 49 C.F.R. 571.223, §5.5 *Installation Instructions* provides:

> The **manufacturer of rear impact guards for sale to vehicle manufacturers** shall include with each guard printed instructions in English for installing the guard, as well as a diagram or schematic depicting proper guard installation. **The manufacturer of a rear impact guard for one of its own vehicles shall prepare and keep a copy of installation procedures applicable to each vehicle/guard combination for a period of one year** from the date of vehicle manufacture and provide them to NHTSA upon request....[2]

§5.2 *Installation Requirements* of FMVSS 224 similarly distinguishes between guard manufacturers and vehicle manufacturers:

> Guards shall be attached to the vehicle's chassis **by the vehicle manufacturer** in

---

[1] Strick contends that that the 94" ICC rear guard bumper that it manufactured and installed on the trailer was not the same bumper as the nearly 100" bumper with other differentiating characteristics involved in the accident at issue.

[2] Under the FMVSS, "motor vehicle" includes trailers. The definition of "trailer" in 49 CFR 571.3 provides "Trailer means a motor vehicle with or without motive power, designed for carrying persons or property and for being drawn by another motor vehicle."

accordance with the installation instructions or procedures provided pursuant to §5.5 of Standard No. 223, *Rear Impact Guards.* (§571.223). The vehicle must be of a type identified in the installation instructions as appropriate for the guard.

(Emphasis added in each)

### Keith Friedman's Opinion That Strick Failed to Comply With FMVSS 223 and 224 Instruction Requirements.

Mr. Friedman has opined that Strick did not comply with the requirements of FMVSS 223 because Strick did not sell the trailer to RC Trailers with instructions for installation of replacement guards. (Ex. C - Friedman Rpt, p. 31; APP 45). His opinion is contrary to the plain language of FMVSS 223. He also opines that Strick violated FMVSS 224 by not providing information to RC Trailers on the type of trailer upon which replacement guard should be installed. (Ex. C - Friedman Rpt, p. 36; APP 50).

### ARGUMENT

Mr. Friedman's opinions on Strick's compliance with FMVSS 223 and 224 are inadmissible. They are without basis on the following grounds: (1) Interpretation of federal regulations, including the Federal Motor Vehicle Safety Std., is a matter of law for the court, not for expert opinions; (2) Mr. Friedman's opinions contradict the plain language of Section §5.5 of FMVSS 223 and of FMVSS 224; (3) The lack of facts and data to support Mr. Friedman's opinions make them unreliable.

Therefore, Mr. Friedman's opinions regarding compliance with FMVSS 223 and 224 are inadmissible.

### I. INTERPRETATION OF FEDERAL MOTOR VEHICLE SAFETY STANDARDS IS A QUESTION OF LAW FOR THE COURT AND EXPERT OPINIONS ARE NOT ADMISSIBLE ON THE SUBJECT

As a matter of law, Mr. Friedman's opinions on the meaning of FMVSS are inadmissible.

The interpretation of a provision of the Federal Motor Vehicle Safety Standards is not an appropriate subject for expert testimony. "The meaning of federal regulations is not a question of fact, to be resolved by the jury after a battle of experts. It is a question of law, to be resolved by the court." *Bammerlin v. Navistar Intern. Transp. Corp.* 30 F.3d 898, 900 (7th Cir. 1994). In *Bammerlin*, several expert witnesses called by the plaintiff testified that the subject vehicle did not comply with certain Federal Motor Vehicle Safety Standards. The trial court refused to strike these witnesses and allowed them to reach their own conclusions about the meaning of the standards. In reversing, the appellate court provided that the district judge must resolve what FMVSS provisions mean and stated:

> By treating the meaning of the rules as if it were an issue of fact . . . the district judge left the jury adrift and permitted it to return a verdict on a basis that may have been legally and factually flawed. We cannot say that the error was harmless."

*Id*. at 900. See also *Contini v. Hyundai, Motor Co.*, 876 F. Supp. 540, 542 (S.D. N.Y. 1995).

The opinions provided by Mr. Friedman presumptively interpret the requirements of FMVSS 223 and 224. As only the Court can interpret these regulations, neither Mr. Friedman nor anyone else other than the Court can provide testimony or evidence of any kind on the meaning of FMVSS 223 and 224. Therefore, any such proposed evidence must be excluded.

    **II.    MR. FRIEDMAN'S OPINIONS CONTRADICT THE PLAIN LANGUAGE OF FMVSS 223 AND 224.**

Mr. Friedman's opinions on Strick's compliance with FMVSS 223 and 224 are inappropriate because they contradict the plain language of the regulations. As stated by the 5th Circuit Court of Appeals, "No authority need be cited for the rule that such plain meaning controls, unless it leads to an absurd result." *United States v. Solis-Campozano*, 312 F.3d 164, 166 (5th Cir. 2002). Mr. Friedman's opinion improperly extends the scope of FMVSS 223 and

5

224 to require OEMs to track and provide instructions upon every sale and resale between dealers, the initial owner, and subsequent owners. The plain language of FMVSS 223 and 224 are limited in scope between the bumper guard manufacturer and the trailer manufacturer. Mr. Friedman's opinions lead to absurd results. Therefore, his opinions on this matter are inadmissible.

### A. The Plain Language of FMVSS 223 Does Not Require a Bumper Guard Manufacturer to Provide Instructions for Installation of Replacement Bumper Guards.

By the plain language of FMVSS 233, rear impact bumper guard installation instructions are only for trailer manufacturers. FMVSS 223 provides the requirements for rear impact guards for trailers. 49 C.F.R. 571.223 § s.1. Section S.5.5 *Installation Instructions* provides:

> The manufacturer of rear impact guards for sale **to vehicle manufacturers** shall include with each guard printed instructions in English for installing the guard, as well as a diagram or schematic depicting proper guard installation. **The manufacturer of a rear impact guard for one of its own vehicles** shall prepare and keep a copy of installation procedures applicable to each vehicle/guard combination for a period of one year from the date of vehicle manufacture and provide them to NHTSA upon request....

Here, Strick manufactured the bumper guard for use on its own Dry Van trailer model. The plain language states Strick is to maintain a copy of installation instructions for a year and provide them to NHTSA when requested. Nothing in the language of FMVSS 223 requires a trailer manufacturer of guards for its own vehicle to provide these instructions to customers, as Mr. Friedman contends. (Ex. C - Friedman Rpt, pp. 31-32 APP 95-96). In fact, the only entity required to maintain a set of instructions is the manufacturer itself. As neither RC Trailer nor Dolphin was the vehicle manufacturer, Strick was not required to provide either company with instructions under FMVSS 223.

6

**B.     The Plain Language of FMVSS 224 Does Not Require Trailer Manufacturers To Identify the Trailer Upon Which Each Replacement Guard Goes to Purchasers.**

Similarly, FMVSS 224 limits guard installation requirements to vehicle manufacturers. The rule only addresses installation in Section S5.2 *Installation Requirements* as follows:

> Guards shall be attached to the vehicle's chassis **by the vehicle manufacturer** in accordance with the installation instructions or procedures provided pursuant to S5.5 of Standard No. 223, *Rear Impact Guards.* (§571.223).  The vehicle must be of a type identified in the installation instructions as appropriate for the guard.

Mr. Friedman improperly opines that Strick was required to provide this information to end purchasers. (Ex. C - Friedman Rpt., p. 36; APP 50).  The contention that FMVSS 224 required Strick to identify to owners what type of guard was appropriate for a vehicle with a previously, manufacturer installed guard is clearly erroneous and without support in the language of the standard.  To the contrary, FMVSS 224's reference to installation "by the vehicle manufacturer" illustrates that the instructions for installation and the installation of guards themselves is solely required by the vehicle manufacturer and not by end purchasers.

Thus, the plain language proves NHTSA's intent that FMVSS 223 and 224 apply only to vehicle manufacturers.  Strick cannot be held liable where there is no legal requirement. Therefore, testimony related to alleged requirements that installation instructions must be provided to anyone but the trailer manufacturer are impermissible.

**C.     Mr. Friedman's Opinions are Contrary to NHTSA's Written Requirements and Interpretations of FMVSS 223 and 224.**

The plain language limiting FMVSS 223 and 224 limitations between guard and trailer manufacturers is further supported by NHTSA's publications.  NHTSA limits the instruction supplying requirements of FMVSS 223 and 224 between the guard manufacturer and trailer

7

manufacturer through its publication, *"Requirements for Trailer Manufacturers,"* February 2000. (Ex. D; APP 55-97). NHTSA sent this publication to trailer manufacturers to provide information concerning the applicable legislation and regulations. In it, NHTSA provided a concise explanation of each of the standards applicable to trailers. As to installation instructions, NHTSA stated "The guard manufacturer must provide installation instructions **to the trailer manufacturer**." (Ex. D p 4; APP 61 (emphasis added)). Like the language of FMVSS itself, nowhere does NHTSA even suggest that the standard requires either the guard or trailer manufacturer to provide installation instructions to purchasers of the trailers. Therefore, Mr. Friedman's testimony lacks foundation and must be excluded.

### III. MR. FRIEDMAN'S OPINIONS ARE WITHOUT ANY FOUNDATION AND ARE UNRELIABLE UNDER FRE 702 AND 703.

Mr. Friedman's opinions are without any foundation and are unreliable under FRE 702 and 703. Federal Rule of Evidence 702 requires that opinions from an expert witness must be based on sufficient facts or data and be the product of reliable principles and methods. (FRE 702(b) and (c)). Mr. Friedman's opinion that installation instructions must be provided to trailer purchasers lacks any supportive facts or data. Instead, Mr. Friedman acknowledged that he spoke with two NHTSA personnel. (Ex. E - Friedman Dep. pp. 210 & 211; APP 102 & 103). Undocumented, second-hand conversations are hearsay and do not provide the requisite foundation for reliable expert witness testimony. Without adequate foundation, Mr. Friedman's testimony cannot be credible and must be excluded.

#### A. Mr. Friedman's Opinion That Installation Instructions Must Be Provided To Trailer Purchasers Lacks Any Supportive Facts Or Data.

Mr. Friedman repeatedly opines that Strick failed to comply with FMVSS 223 and 224 by not providing installation instructions to RC Trailer. (See generally, Ex. C - Friedman Rep;

8

APP 14-54). This opinion is predicated on a presumption that rear bumper guard manufacturers are required to provide installation instructions to trailer purchasers, but Mr. Friedman provides no facts or data to support this theory. As explained above, the plain language of FMVSS 223 or 224 is a stark contradiction to that notion. If there was any question of interpretation, Mr. Friedman could have searched for a NHTSA interpretation of FMVSS 223 and 224 to support his claims. He did not.[3] Further, Mr. Friedman could have directly requested an interpretation from the agency. NHTSA permits any person to request a formal interpretation of NHTSA regulations by writing the Office of the Chief Counsel. (Ex. D p 7; APP 64). He did not. Instead, Mr. Friedman's opinions are conclusory and non-compliant with FRE 702 and 703. Therefore, Mr. Friedman's opinions related to Strick's compliance with FMVSS 223 and 224 are inadmissible.

> **B.** **Mr. Friedman's Conversations With NHTSA Personnel Are Hearsay, Making Any Opinions Related To Them Inadmissible Under FRE 703.**

A week before his deposition (which was a month after his Rule 26(a)(2) report), Mr. Friedman made phone calls to NHTSA personnel. (Ex. E - Friedman Dep pp. 467-469; APP 109-111). He has not disclosed what they told him and he indicated there is no recording, letter, or notes of his conversations. [Id] Second hand accounts of what NHTSA officials may have said to Mr. Friedman in an undocumented conversation are hearsay. (FRE 801). They would not furnish competent evidence for the Court to use in interpreting the meaning of the standard. Because Mr. Friedman's hearsay conversations are inadmissible, under FRE 703, the opinions formed in reliance on those conversations are likewise inadmissible. Therefore, any of Mr. Friedman's testimony that relies in whole or in part on these conversations must be excluded.

---

[3] Counsel for Strick searched NHTSA's website for formal interpretations of FMVSS 223 and 224. No interpretations of these requirements were located.

## **CONCLUSION**

For the reasons stated, Defendant Strick respectfully requests this Court exclude any all evidence, or mention of evidence related to opinions on Strick's compliance with FMVSS 223 and 224 and enter an Order as requested in Strick's accompanying Motion.

        Respectfully submitted,
        DAWSON & CLARK, P.C.

        */s/ Donald H. Dawson, Jr.*
        DONALD H. DAWSON, JR.
        Texas State Bar No. 05606500
        KATHLEEN A. CLARK
        Texas State Bar No. 00788830
        243 West Congress, Suite 600
        Detroit, MI 48226
        (313) 256-8900 *(Office)*
        (313) 256-8913 *(Facsimile)*

        WALTERS, BALIDO & CRAIN, LLP

        ___/s/_____
        S. TODD PARKS
        Texas State Bar No. 15526520
        ASHLEY DE LA CERDA
        Texas State Bar No. 24045760
        10440 North Central Tower, 15th Floor
        Dallas, TX 75231
        (214) 749-4805 *(Office)*
        (214) 760-1670 *(Facsimile)*

        **ATTORNEYS FOR DEFENDANT**
        **STRICK TRAILERS, LLC**

**CERTIFICATE OF CONFERENCE**

  This will certify that the moving party has conferred in a face-to-face meeting with all counsel for parties affected by the requested relief on March 7, 2014.  Plaintiffs' counsel opposed the relief requested herein and there is a fundamental disagreement regarding the merits of the present Motion.  All other Defendants in this matter consent in, and do not oppose the relief requested herein.

              ___/s/_ Donald H. Dawson, Jr._____
              DONALD H. DAWSON, JR.

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on the 17th day of March, 2014, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

              ___/s/ Donald H. Dawson, Jr.____
              DONALD H. DAWSON, JR.