IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE-HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, | § § § § § § § § § | |
| Plaintiffs, | § § | CAUSE NUMBER 3:11-cv-0207-N |
| v. | § § § | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC. VOLVO GROUP NORTH AMERICA, INC. VOLVO TRUCKS NORTH AMERICA, a DIVISION OF VOLVO GROUP NORTH AMERICAN, LLC., STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC and DOLPHIN LINE, INC. | § § § § § § § § § § § | |
| Defendants. | § § | |

**DEFENDANT STRICK TRAILERS' MOTION TO LIMIT PLAINTIFFS' EXPERTS' OPINIONS AND PRECLUDE PLAINTIFFS FROM OFFERING REBUTTAL EXPERT TESTIMONY**

Defendant Strick Trailers, LLC, respectfully moves the Court for an order precluding Plaintiffs from offering any opinions beyond those provided within their Rule 26(a)(2)(B) reports and depositions and to preclude rebuttal expert testimony to the expert opinions of Defendant Strick's experts, Dr. Michelle Vogler and Dr. David Viano. The grounds for this motion are:

1.      Plaintiffs' experts did not supplement their Rule 26 reports or testimony provided in their

depositions within the time set for pretrial disclosures under Rule 26(a)(3) and as required by Rule 26(e).

2. Plaintiffs did not serve expert rebuttal reports and therefore any expert testimony seeking to rebut the opinions of Drs. Volger and Viano should be precluded.

## I. PERTINENT FACTS

Plaintiffs first filed a motion to continue expert deadlines on October 3, 2013 (Dkt No 212). Plaintiffs then filed a second motion to continue expert deadlines on November 5, 2013. (Dkt No 231). On November, 20, 2013, Plaintiffs served Defendant Strick with the Rule 26 expert reports of Keith Friedman, G. Rhodes Stephenson, Dr. Joseph Burton, and Jeff Vick. On January 3, 2014, the Court entered the following Order:

> ELECTRONIC ORDER granting in part and denying in part 329 Emergency Motion to Extend Time to File expert rebuttal reports due on January 4, 2014. The deadline for Plaintiffs to file their expert rebuttal reports is hereby extended until 1/10/2014. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 1/3/2014) (Magistrate Judge Irma Carrillo Ramirez) (Entered: 01/03/2014). (Dkt No 335).

Plaintiffs' experts were deposed on January 15 and 17, 2014 (Friedman), January 18th (Stephenson), January 20th (Burton) and January 21st (Vick). Despite numerous extensions and the passing of the Court's scheduling order, plaintiffs' experts continued to offer new undisclosed opinions and materials at their depositions. Mr. Keith Friedman, for example, disclosed (1) an extended digital computer simulation, and (2) a manual inspection of an exemplar trailer with notes, photos, and expanded opinions, conducted just one week before his deposition, which was still going on at the time of his testimony. Yet when Mr. Friedman was asked at deposition–well after the close of expert discovery–whether there were additional opinions that were not covered by his report:

> Q: I'm looking for you to tell me

> whether or not there are any corrections that need to be made to the report in terms of the opinions you expressed or the work that you outlined in this report.
>
> A: I think the general ideas are the same.
>
> Q: All right. So no corrections to your report. Is there any additions that you would want to make to your report?
>
> A: Nothing that comes to mind off the top of my head.

(Exhibit A, Friedman Dep. I, p19-20). Nor, as the deposition continued, did Mr. Friedman disclose rebuttal opinions directed at the work of Drs. Vogler and/or Viano.

Defendant Strick's experts in this matter are Dr. Michelle Vogel and Dr. David Viano. Their reports were served on Plaintiffs on December 20. Pursuant to the Court's scheduling order, Plaintiffs had until January 10, 2014 to file expert rebuttal reports. (R.E. 335) Expert discovery closed on March 10, 2014. Plaintiffs have not filed any supplemental reports or rebuttal reports. Plaintiffs did not seek any extension to file a rebuttal report, nor make any informal request of defendants to allow a late rebuttal report. Nor have Plaintiffs sought leave to file a late rebuttal report in the more than sixty days since the rebuttal report deadline passed.

**BRIEF IN SUPPORT OF DEFENDANT STRICK TRAILERS' MOTION TO LIMIT PLAINTIFFS' EXPERTS' OPINIONS AND PRECLUDE PLAINTIFFS FROM OFFERING REBUTTAL EXPERT TESTIMONY**

The time for the disclosure of expert testimony is codified in FRCP Rule 26(a)(2)(D):

*Time to Disclose Expert Testimony*. A party must make these disclosures at the times and in the sequence that the court orders.

The Court issued a scheduling order that closed all expert discovery on March 10, 2014. The

deadline for Plaintiff to file their expert rebuttal reports was January 10, 2014. (Dkt No 335.). The Court's scheduling order closed the door on rebuttal reports more than two months ago. The time for expert disclosures is now passed and the court should not permit an endless rolling period of disclosure by Plaintiffs experts. All the parties have completed expert depositions and are in the process of meeting the expert motions deadline, motions for which rely on the close of discovery. Plaintiffs made the decision to let the deadline pass without filing supplemental or rebuttal reports, and they have not since attempted to file any late reports. Thus it is clear that Plaintiffs knowingly elected to forego supplementing their Rule 26 reports or filing rebuttal reports and they should not be allowed to ambush Strick at trial with undisclosed opinions.

The Court is authorized to control and expedite pretrial discovery through its scheduling orders. *Geiserman v. MacDonald,* 893 F.2d 787, 790 (5th Cir. 1990); Fed. R. Civ. Pro. 16(b). In *Geiserman*, the district court's decision to exclude the plaintiff's expert witnesses was upheld when their disclosure was made two weeks after the deadline for the same. *Id.* at 791. Geiserman demonstrates the Court's broad authority to bar trial-by-ambush tactics which seek to evade the culture of disclosure inherent in the Federal Rules of Civil Procedure. Similarly, in *Barrett v. Atlantic Richfield Co.*, 95 F. 3d 375 (5th Cir. 1996), the plaintiffs also failed to comply with the district court's scheduling order regarding the disclosure of expert witnesses. The court issued an order striking the experts' testimony in its entirety. *Id.* at 377. On appeal to the Fifth Circuit, the court did not find an abuse of discretion. *Id.* at 379. See also *Spence v. Johnson*, 80 F. 3d 989 (5th Cir. 1996)(petitioner failed to file certain expert reports before the court's deadline, reports stricken, court's ruling upheld on appeal).

The Fifth Circuit employs a four-part test when reviewing a trial court's decision to exclude

evidence: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Geiserman*, supra at 791; see also *Ball v. Trusler*, 1998 WL 473901 (E.D. La 1998). In *Ball,* the trial court entered a six month continuance followed by due dates for plaintiff's expert reports and the subsequent completion of discovery. Two weeks after the completion of discovery, the plaintiff filed a motion in limine requesting the court to allow the testimony of two expert witnesses as part of its case-in-chief, or, alternatively, as rebuttal witnesses. *Id*. Defendants objected on the basis of untimeliness. The court denied the plaintiff's motion; the plaintiff then filed a second motion, requesting the court to permit the testimony of the purported experts as rebuttal witnesses. *Id*. The court disagreed, going so far as to describe the rebuttal testimony as an "attempt to subvert" the court's scheduling order:

> **By waiting until the discovery cut-off date to submit the reports, plaintiff has clearly prejudiced defendants.** Having already granted the parties a continuance of six months, the Court would be hesitant to grant a second continuance based solely on plaintiff's delinquency... Plaintiff timely submitted expert reports and treatment notes by eight expert witnesses. **Exclusion of plaintiff's 'rebuttal' expert witnesses will hardly make or break plaintiff's case.**

Strick respectfully urges the Court to reach the same result here. Plaintiffs have had ample time to supplement their testimony in accordance with this Court's discovery schedule and Rule 26(e). Similarly, Plaintiffs have had ample time to serve expert rebuttal reports. Numerous extensions and continuances have already been granted. The discovery cut-off has passed. Plaintiff has submitted numerous expert reports and conducted numerous depositions. There is no question that Defendant Strick will be prejudiced if Plaintiffs are permitted to ambush Defendant Strick and Strick's experts with heretofore undisclosed opinions or rebuttal opinions. Plaintiffs have had every opportunity to give opinions and after numerous delays, continuances, and extensions, there will be

considerable expenses and costs to every party if at this late date yet another continuance or extension is permitted to cure such prejudice. Even were a continuance or extension granted, it would result in enormous costs for every party as experts would then need to respond to new opinions and rebuttal and another round of depositions and expert motions would need to be made - obviating the Court's work reviewing motions to date.

### III. CONCLUSION

For all the foregoing reasons, Strick respectfully requests the Court enter an ORDER barring Plaintiffs' experts from offering opinions beyond those previously provided in their Rule 26(a)(2)(B) reports and depositions or from offering rebuttal opinions to Drs. Vogler and/or Viano.

Respectfully submitted,
DAWSON & CLARK, P.C.

*/s/ Donald H. Dawson, Jr.*
DONALD H. DAWSON, JR.
Texas State Bar No. 05606500
KATHLEEN A. CLARK
Texas State Bar No. 00788830
243 West Congress, Suite 600
Detroit, MI 48226
(313) 256-8900 *(Office)*
(313) 256-8913 *(Facsimile)*

WALTERS, BALIDO & CRAIN, LLP

/s/
S. TODD PARKS
Texas State Bar No. 15526520
10440 North Central Tower, 15th Floor
Dallas, TX 75231
(214) 749-4805 *(Office)*
(214) 760-1670 *(Facsimile)*
**ATTORNEYS FOR DEFENDANT STRICK**

## CERTIFICATE OF CONFERENCE

This will certify that the moving party has conferred in a face-to-face meeting with all counsel for parties affected by the requested relief on March 7, 2014.  Plaintiffs' counsel has opposed the relief requested herein and there is a fundamental disagreement regarding the merits of the present Motion.  All other Defendants in this matter consent to this Motion and do not oppose the relief requested herein.

   /s/ Donald H. Dawson, Jr.
   DONALD H. DAWSON, JR.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of March, 2014, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

   /s/ Donald H. Dawson, Jr.
   DONALD H. DAWSON, JR.