IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE-HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, | § § § § § § § § § § | CAUSE NUMBER 3:11-cv-0207-N |
| Plaintiffs, | | |
| v. | § § § | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC. VOLVO GROUP NORTH AMERICA, INC. VOLVO TRUCKS NORTH AMERICA, a DIVISION OF VOLVO GROUP NORTH AMERICAN, LLC., STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC and DOLPHIN LINE, INC. | § § § § § § § § § § § | |
| Defendants. | § | |

## DEFENDANT STRICK TRAILER'S MOTION TO EXCLUDE  CALCULATIONS AND OPINIONS BASED THEREON OF PLAINTIFFS' EXPERT JEFF G. VICK

Defendant Strick Trailers, LLC respectfully moves the Court for an order excluding any reference, direct or indirect, to accident reconstruction calculations by Plaintiffs' expert, Jeff G. Vick and any opinions based thereupon, including but not limited to the speed of the collision with the Strick trailer, orientation of the Strick trailer at impact, and the forces imparted to the trailer or underride guard. The grounds for this motion are that Strick has not had a fair opportunity to discover the facts and basis underlying Mr. Vick's reconstruction opinions because Mr. Vick failed  to bring the calculations supporting his reconstruction to his deposition.

In the alternative, Strick moves the Court for permission to take Mr. Vick's deposition on the subject of his calculations, with all costs to be borne by Plaintiffs counsel.

**BRIEF IN SUPPORT OF DEFENDANT STRICK TRAILERS, LLC'S MOTION TO EXCLUDE CALCULATIONS AND OPINIONS BASED THEREON OF PLAINTIFFS' EXPERT JEFF G. VICK**

## I.      SUMMARY OF ARGUMENT

Plaintiffs failed to timely disclose facts and data considered by their retained accident reconstruction expert Jeff G. Vick ("Vick") in forming his opinions.  Specifically, Vick's expert prepared calculations that he relied upon to form opinions including, but not limited to: 1) the speed of the collision with the Strick trailer; 2) orientation of the Strick trailer at impact; and 3) the forces imparted to the trailer or underride guard.  Plaintiffs failed to disclose these calculations until after his deposition.  Plaintiffs and Vick should therefore be precluded from relying on or using the materials or providing any testimony based on them, including testimony on the three opinions noted above.

## II.  RELEVANT BACKGROUND

Plaintiffs designated Vick as a testifying expert on November 20, 2013, the deadline established by the Court for Plaintiffs' expert designations and reports.  At that time, Plaintiffs served Vick's report containing his accident reconstruction.  Prior to deposing experts, counsel for various defendants, including Strick, requested that Plaintiffs furnish the file materials in advance so that defendants could properly review the materials and prepare to examine Plaintiffs' experts.  *[See e.g.*, correspondence between K. Clark and N. Pittman, attached hereto as Exhibit A, App. 2-5; December 9, 2013 letter from Toyota Defendants to Plaintiffs, attached hereto as Exhibit B, App. 7 (Requesting Plaintiffs produce all materials referenced in the expert

2

reports or otherwise relied upon in forming their opinions by December 13, 2013].

Vick's file materials were produced to Strick on January 20, 2014, the day before his deposition.  Notably, ***none of the calculations that Vick had performed as the basis of his reconstruction opinions were disclosed***.  Additionally, Vick could not answer specific questions about the calculations he performed.  (See Ex. C-Vick Dep pp 32:19-33:1, 49:12-18, 69:1-10, 173:8-21, 270:10-13, App. 24-25, 26, 27, 33, 34).

At deposition, Vick testified "I don't have any calculations today." *(Id.* at 49:18, App. 26).  Vick then testified that it was probably the first deposition where he had not disclosed his calculations. *(Id.* at 110:11-111:2, App. 28-29).  He further testified that he had not disclosed his specific calculations, including speeds trajectory and angles with his report because that is what he "thought depositions were for." *Id.* at 115:25-116:8, App. 30-31.  He went on to testify that the diagrams he had created, but not disclosed until the day before the deposition "should" allow one to double check his calculations. *Id.* at 117:13-24, App. 32.

On February 17, 2014, at 8:22 pm, Strick was finally supplied with copies of "some" of Vick's calculations.  February 17, 2014 email correspondence from Plaintiffs, attached hereto as Exhibit D; App. 36-37.  Plaintiffs' never supplemented Strick with the rest of Vick's calculations.

## III. ARGUMENT AND AUTHORITIES[1]

## A. Legal Standard for Preclusion

The primary purpose of the Rule 26 expert report "is to permit the opposing party to

---

[1]See also Toyota Defendants' Motion to Exclude Untimely Disclosed File Materials and Data of Plaintiffs' Expert, Jeff G. Vick and Brief in Support.

prepare an effective cross-examination." *Hoover v. United States*, 611 F.2d 1132, 1142 (5th Cir.

1980).  Federal Rule of Civil Procedure 26(a)(2)(B) requires retained experts to contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them…

Fed. R. Civ. P. 26(a)(2)(B).  The rule provides opposing parties access to the same materials

provided to the expert.  *Allstate Ins. Co. v. Electrolux Home Products, Inc.*, 840 F. Supp. 2d

1072, 1079 (N.D. Ill. 2012) ("The rule contemplates *production* of the materials an expert

considered) (emphasis added)); *see also Regional Airport Authority of Louisville v. LFG, LLC*,

460 F.3d 697, 715 (6th Cir. 2006) (Rule 26 requires disclosure of all information that has been

provided to testifying experts).  Any disclosures pursuant to Rule 26(a) must be supplemented or

corrected pursuant to Rule 26(e)(1) in a timely manner if the party learns that in some material

respect, the disclosure is incomplete or inaccurate.  Failure to timely disclose any such expert

materials precludes use of that information in support of a motion, at hearing or at trial, unless

the failure was substantially justified or harmless.  Fed. R. Civ. P. 37(c)(1); *Barrett v. Atl.*

*Richfield Co.*, 95 F.3d 375, 379-82 (5th Cir. 1996).

Additionally, the court has inherent powers to enter sanctions.  *Green v. Blitz U.S.A.,*

*Inc.*, Civ. A. No. 2:07-CV-372, 2011 WL 806011 at *3 (E.D. Tex March 1, 2011).  Rule 37

sanctions must be just and specifically related to the particular "claim" at issue.  *Compaq*

*Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004).  The trial court is to be

guided by four factors in determining whether late designated expert testimony should be

permitted: (1) the importance of the testimony; (2) the prejudice to Strick in allowing the

testimony; (3) the possibility of curing such prejudice by granting a continuance; and (4) the

explanation, if any, for the party's failure to identify the materials.  *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998); *Bradley v. U.S.*, 866 F.2d 120, 125 (5th Cir. 1989).

**B. The Untimely Disclosed Calculations Should be Excluded.**

The Court should exclude the untimely disclosed calculations considered by Vick in preparing his opinions, and exclude any testimony related to them.  Plaintiffs failed to disclose the key underlying data calculations Vick used until late February 17, 2014, well after his deposition. As is evident upon an application of the four factor test, the failure to timely provide the materials was neither substantially justified nor harmless.

*1. The importance of the testimony or materials.*

The calculations are integral to Vick's testimony.  They are the basis he uses to give opinions on the speed of the collision with the Strick trailer, orientation of the Strick trailer at impact, and the forces imparted to the trailer or underride guard.  These are significant issues in the allegations against Strick.

*2. Strick would be prejudiced if Plaintiffs are allowed to use the materials and data.*

Strick is severely prejudiced if Vick is allowed to rely on his calculations and provide opinions based on them.  Because Plaintiffs' failed to provide *any* calculations until a month after Vick's deposition, Defendants' ability to prepare for trial is hampered. This is a highly complex and technical wrongful death, product liability case. Strick was denied an opportunity to examine and meaningfully depose Vick regarding the fundamental calculations he made in arriving at his accident reconstruction.  Strick had no opportunity to access or review his calculations until after Vick's deposition. Plaintiffs' counsel only provided "some" calculations

on February 17, 2014. To date, Strick does not have all of Vick's calculations.  Considering the critical implications Vick's testimony could have on Strick, allowing him to provide opinions while denying Strick its right to prepare is extremely prejudicial.

### 3. There should be no further continuances.

There should be no further continuances of the trial setting for this case.  This suit was filed in February 2011.  This case was originally set for trial in March 2014.  Trial was reset for June 23, 2014 on January 3, 2014.  In order to cure the prejudice created by Plaintiffs' untimely disclosure, new deadlines would need to be established so Defendants could receive any calculations not already provided by Plaintiffs, prepare for deposition, re-depose Vick, and submit challenges to his expert testimony.  The necessary result of the changes to these deadlines would be an unjustified delay in the trial of this case.

### 4. Plaintiffs have no justification for the untimely disclosure.

Plaintiffs have no justification for their untimely disclosure. Plaintiffs cannot claim that they simply forgot to disclose the materials.  Plaintiffs' pattern of action shows that this was not a simple oversight.  They made a conscious, strategic decision not to produce this information. Plaintiffs' intentional refusal to disclose the materials in a timely manner, despite multiple requests, weighs heavily in favor of preclusion.

### III. CONCLUSION

In conclusion, Plaintiffs had an obligation to disclose Vick's calculations so that he could be questioned on them at his deposition.  Despite repeated requests made by various defendants that Plaintiffs supplement their disclosures to include such information, Plaintiffs failed to produce any materials until just before Vick's deposition and those materials failed to include

Vick's calculations.  Vick's calculations were not produced until well after his deposition was complete.  Plaintiffs' failure to timely disclose the materials was neither justified nor harmless.  As a result, Vick should be precluded from relying upon, alluding to, or testifying regarding the calculations or provide any opinions based thereon.  Specifically, this Court should preclude Vick from any opinions based on his calculations, including but not limited to: 1) the speed of the collision with the Strick trailer; 2) orientation of the Strick trailer at impact; and 3) the forces imparted to the trailer or underride guard.

WHEREFORE, Defendant Strick Trailers, LLC respectfully requests that this Court preclude Plaintiffs' expert Jeff G. Vick at trial, at any hearing and for any other purpose, from relying upon, alluding to, testifying about, or otherwise offering into evidence 1) the speed of the collision with the Strick trailer; 2) orientation of the Strick trailer at impact; 3) the forces imparted to the trailer or underride guard; and such other opinions that rely in whole, or in part, on the untimely disclosed data and calculations of Jeff G. Vick, and for such other and further relief to which they may show themselves to be entitled.

In the alternative, Strick moves the Court for permission to take Mr. Vick's deposition on the subject of his calculations, with all costs to be borne by Plaintiffs' counsel.[2]

---

[2] If this Court determines that re-taking Vick's deposition is in the best interest of justice, in order to minimize additional costs to the parties, Defendant Strick is amenable to a deposition by phone so long as Vick's calculations are received at least five business days in advance..

## CERTIFICATE OF CONFERENCE

This will certify that the moving party has conferred in a face-to-face meeting with all counsel for parties affected by the requested relief on March 7, 2014.  Plaintiffs' counsel has opposed the relief requested herein and there is a fundamental disagreement regarding the merits of the present Motion.  All other Defendants in this matter consent to this Motion and do not oppose the relief requested herein.

   */s/ Donald H. Dawson, Jr.*
DONALD H. DAWSON, JR.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 17, 2014 a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

   */s/ Donald H. Dawson, Jr.*
DONALD H. DAWSON, JR.