IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE-HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, | § § § § § § § | |
| | § | CAUSE NUMBER 3:11-cv-0207-N |
| Plaintiffs, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC. VOLVO GROUP NORTH AMERICA, INC. VOLVO TRUCKS NORTH AMERICA, a DIVISION OF VOLVO GROUP NORTH AMERICAN, LLC., STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC and DOLPHIN LINE, INC. | § § § § § § § § § § | |
| Defendants. | § § § | |

## DEFENDANT STRICK TRAILER, LLC'S MOTION TO EXCLUDE KEITH FRIEDMAN'S OPINIONS ON OTHER ACCIDENTS, INCIDENTS, CLAIMS, LAWSUITS, JUDGMENTS, VERDICTS OR SETTLEMENTS

Defendant Strick Trailers, LLC, respectfully moves the Court for an order excluding any

testimony, opinions, and/or reference by plaintiffs' expert, Keith Friedman, to other incidents,

claims, complaints, and/or lawsuits (hereinafter collectively referred to as "other incidents").

The grounds for this motion are: (1) Mr. Friedman's Rule 26(a)(2)(B) report does not refer to, or

opine about other accidents involving Strick rear underride guards nor did he disclose such

opinions during his deposition.  The circumstances are present for exclusion of any opinion on

other Strick accidents pursuant to Fed. R. Civ. P. 37(c)(1) including any reference to documents

concerning an Indiana accident produced in Mr. Friedman's file after the deposition or lawsuits

identified in Strick's discovery responses; (2) Mr. Friedman cannot establish the foundation for

reliability of any such opinion to be admitted under Fed. R. Evid. 702 and 703.

Defendant Strick further moves the court for an order excluding reference to any other

incident, lawsuit or claim unless Plaintiffs first establish a foundation of substantial similarity

outside the presence of the jury.  Fed. R. Evid. 402.  Strick requests the Court to require

Plaintiffs to present such foundational evidence in pretrial hearings or briefings, so that the

parties will know which incidents, if any, will be admitted in evidence, including whether any

such evidence is more prejudicial than probative because it creates  a risk of jury confusion and

decision based on different designs or circumstances. Fed. R. Evid. 403.

## BRIEF IN SUPPORT OF MOTION

## I.      FACTUAL BACKGROUND

On May 28, 2010, a Toyota 4Runner was shoved sideways by a tractor trailer into the

rear of a Strick trailer. The non-Strick replacement rear bumper guard broke, and the 4Runner

underrode the Strick trailer.  Plaintiffs' and Defendants' experts disagree whether the 4Runner

was crushed between the two tractor trailers.

*Reports of Accidents in Mr. Friedman's File*

After the deposition, Strick received Mr. Friedman's file from the court reporter.  The file

contained news clippings and a police report of four accidents where vehicles were crushed

between two tractor trailers.  These accidents were not referenced in Mr. Friedman's Rule 26

report.  With one exception it is impossible to tell from the data in Mr. Friedman's file whether underride occurred during the accident.

The 8/15/13 Indiana accident involve a vehicle being crushed between two tractor trailers, leading to a fire and 7 deaths.  (Ex. A-Indiana Accident Rpt.; App 1-8).  A handwritten note on the police accident report identifies the struck trailer as a 2007 Strick trailer.  The note does not identify how the trailer was determined to be a Strick trailer, nor do the photographs and papers shed light on the model.  There is no information allowing determination of whether the underride guard was a Strick guard or a replacement guard from another manufacturer (or if it was a Strick guard, whether it is the 1998 design or the 2007 stronger Canadian design).  The accident report does not identify the guard as a factor in the accident.  The occupants' deaths were horrific.  Strick was not sued and received no notice of this incident.

The three other files (concerning a Missouri, New Jersey and W. Virginia accident) contain no information identifying the make of the struck trailer and were all exceedingly violent.  (Ex. B-D; App. 9-15).

Mr. Friedman's Rule 26 report also does not proffer any opinions about the accidents on the list of cases Strick produced during discovery.  (Ex. E-Friedman Rpt.; App 16-90).  The list includes patently dissimilar accidents, such as but not limited to where a passenger vehicle impacted the *side* of a Strick trailer (where there is no underride guard) or impacts into Strick trailers manufactured prior to the effective date of FMVSS 223 and 224.

## II.   LEGAL ARGUMENT

### A.   ANY EXPERT OPINION ON OTHER ACCIDENTS SHOULD BE EXCLUDED FOR NON-DISCLOSURE

Federal Rule of Civil Procedure 37(c)(1) provides "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at trial, at a hearing, or on a motion, any witness or information not so disclosed."  Fifth Circuit law explains the requirements of FRCP 26: "An expert's report must be 'detailed and complete' in order to 'avoid the disclosure of sketchy and vague expert information.'"  *Sierra Club, Lone Star Chapter v Cedar Point Oil Co.*, 73 F.3d. 546, 569, 571 (5th Cir. 1996).  To avoid  a sanction excluding undisclosed opinions, the party alleged to have failed to comply with Rules 26 bears the burden to show that its actions were substantially justified or harmless.  *Avance v Kerr-McGee Chem LLC*, No. 5:04CV209, 2006 WL 3484246  (E.D. Tex., 11/30/06).  Mr. Friedman had ample time to offer opinions about other accidents, and obviously contemplated that possibility since media reports of four other accidents were in his file.  His report also indicates he received and reviewed Strick discovery responses.  Plaintiffs obtained two extensions of time to serve expert reports, and the trial date was moved to accommodate these extensions.  Approximately two more months elapsed before Mr. Friedman's deposition.

The lack of disclosure of an opinion is not harmless.  Other incidents can be significant evidence on the issue of liability as well as exemplary damages.  If Mr. Friedman holds any opinions about these other accidents, Strick has been denied the opportunity to probe Mr. Friedman's opinions, the discovery of which would have been important for evidence at a hearing or cross-examination at trial.

**B.     OTHER INCIDENTS ARE NOT ADMISSIBLE FOR ANY PURPOSE ABSENT A SHOWING OF SUBSTANTIAL SIMILARITY TO THE SUBJECT ACCIDENT**

In a product liability case, evidence of other  accidents are relevant only under certain carefully defined circumstances:  (1) the earlier failure occurred under conditions substantially similar to those existing during the failure in the accident central to the litigation, and (2) the earlier failure occurred at a time not too remote from the time of the failure in the accident central to the litigation.  *Edwards v Permobil, Inc*, No. CIV. A. 11-1900, 2013 WL 4508063 (ED La 8/22/13) citing *Ramos v. Liberty Mut. Ins. Co.*, 615 F.2d 334, 338–39 (5th Cir.1980); *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir.1993)(proponent must establish "that the facts and circumstances of other accidents or occurrences are 'closely similar' to the facts and circumstances at issue" (citing *McGonigal v. Gearhart Indus., Inc.*, 851 F.2d 774, 778 (5th Cir.1988); *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1082–83 (5th Cir.1986)).

The substantial similarity rule "rests on the concern that evidence of dissimilar accidents lacks the relevance required for admissibility under Federal Rules of Evidence 401 and 402." *Cooper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1105 (9th Cir. 1991).  This is of particular importance in cases where the evidence is proffered to show the existence of a defective condition or causation.  In *Barker v. Deere & Co.*, 60 F.3d 158, 162-63 (3d Cir. 1995), the Third Circuit described the importance of the rule when allegations of product defect are at issue:

> We note that every court of appeals to have considered this issue agrees that when a plaintiff attempts to introduce evidence of other accidents as direct proof of a design defect, the evidence is admissible only if the proponent demonstrates that the accident occurred under circumstances substantially similar to those at issue in the case at bar.
>
> The foundational requirement of establishing substantial similarity is especially

important in cases where the evidence is proffered to show the existence of a design defect. In such cases, the jury is invited to infer from the presence of other accidents that a design defect existed, which contributed to the plaintiffs' injuries. (Citations omitted).

Federal courts have interpreted "similarity of conditions" to mean that the occurrence or accidents must have involved the identical model or design of product, or, at the least, one which is substantially or virtually similar. See *Anderson v. Whitaker Corp.*, 894 F.2d 804, 813 (6th Cir. 1990); *Brock v. Caterpillar, Inc.*, 94 F.3d 220, 225-26 (6th Cir. 1990). Further, plaintiffs also must prove that the accident circumstances of the other claims and lawsuits are substantially similar to those at issue in this case. See *Barker*, 60 F.3d at 162 ("The almost universal requirement, however, is that the prior occurrence must involve facts and circumstances which are substantially similar to those involved in the case under consideration or they will be excluded.").

Plaintiff, as proponent of the evidence of other accidents, has the burden to apprise the court "of the specific facts of previous accidents in order to [allow] a reasoned determination as to whether the prior accidents are 'substantially similar.' Absent such a foundation, it is impossible for the district court in the first instance, and for [the court of appeals] to review the facts in order to make a determination as to similarity. Barker, 60 F.3d at 163. In applying the "substantial similarity" test, federal circuit courts have required plaintiffs to establish a high degree of similarity prior to admitting evidence of other accidents, claims, or lawsuits. For example, in *Johnson*, supra, a product liability suit involving a 1983 Ford Escort, plaintiff's beneficiary sought to introduce evidence of nine lawsuits and claims. The trial court held that the other lawsuits and claims - all of which involved different models, different model years, and/or different alleged defects - were not sufficiently similar to the vehicle and claims at issue

and therefore were inadmissible. *Id.* at 579-80.

Plaintiff has the burden to demonstrate that the other incidents, complaints, or lawsuits about which she wishes to present evidence at trial involved a Strick trailer, rear impact guard, alleged defect, and failure substantially similar to the Greene family's and occurred under circumstances substantially similar to those of the accident at issue in this lawsuit.  Unless and until Plaintiffs lay this foundation outside the presence of the jury, all evidence of other incidents must be excluded.

### C.     EVEN IF SIMILAR, THE COURT MAY EXCLUDE OTHER INCIDENTS UNDER RULE 403

Should this Court decide the some of the incidents are substantially similar, they should still be excluded from trial.  As the Fifth Circuits held, "even when a substantial similarity of circumstances is established, the District Court has broad discretion to exclude some or all of the proffered  evidence under Rule 403 of the Federal Rules of Evidence."  *Johnson*, 988 F.2d at 579.  FIX CITE  The Seventh Circuit noted the danger of taking the fact finder on any sort  of a prolonged, confusing excursion in an already complicated trial:

> As the circumstances and conditions of the other accidents become less similar to the accident under consideration, the probative force of such evidence decreases. At the same time, the danger that the evidence will be unfairly prejudicial remains. [T]he jury might infer from evidence of the [other] accidents alone that ultra-hazardous conditions existed ... and were the cause of the ... accident without those issues ever having been proved.

*Nachtsheim v. Beech Aircraft Corp.*, 847 F.2d 1261, 1269 (7th Cir. 1988); see also *Uitts v. General Motors Corp.*, 411 F. Supp. 1380, 1383 (E.D. Penn. 1974) (reports of similar accidents excluded under FRE 403 because the thirty-five reports offered by plaintiffs would have diverted attention from plaintiffs' claim to the claims contained in those reports), aff'd, 513 F.2d 626 (3d Cir. 1975).

## D.  EVIDENCE OF OTHER INCIDENTS IS INADMISSIBLE HEARSAY.

Since undisclosed expert testimony should be excluded for the reasons argued above, Plaintiffs cannot lay the foundation for admission of other forms of evidence without running afoul of the hearsay rule.  Documentary evidence of other accidents such as complaints, police reports, witness statements, photographs, media reports, and the like, constitute hearsay, and hearsay within hearsay, to which no exceptions apply.  Fed. R. Evid. 801, 802, 803, 804, 805.  (If a foundation could be laid that Strick had notice of particular details of the incident prior to the date of manufacture of the subject trailer, Plaintiffs could possibly argue the document is not admitted for the truth).

## E.     INCIDENTS OUTSIDE OF TEXAS ARE NOT ADMISSIBLE ON THE ISSUE OF EXEMPLARY DAMAGES

Any evidence of  "other incidents" which occurred outside the State of Texas may be impermissible because they  may violate the Strick's  Constitutional due process rights under the 5th Amendment to the United States Constitution.  Such evidence  risks  punishing Strick for other incidents which occurred outside of Texas.  Constitutional due process, however, requires that there be a nexus between any alleged misconduct and the injuries in the case at bar.  *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 409 (2003), U.S. Constitution Am. 5 & 14; Tex. Constitution Art. I, sec. 19.  Even if Plaintiffs establish the "substantial similarity" foundation to make any given incident relevant, they just also establish there is a nexus between Strick alleged misconduct and Texas, as to that incident.  Moreover, nothing in the Texas punitive damages statute permits Strick to be punished for conduct which did not cause the subject Plaintiffs' injuries.

III.    CONCLUSION

Strick respectfully requests the Court enter an order excluding evidence of other vehicles,

incidents, accidents, claims, and lawsuits under FRE 401, 402, 403, 703, 801, and 802.

Furthermore, Strick requests an order barring Plaintiffs and their experts from attempting to offer

any more as-yet undisclosed other incidents.

                                        Respectfully submitted,

                                        DAWSON & CLARK, P.C.

                                        /s/ Donald H. Dawson, Jr.
                                        DONALD H. DAWSON, JR.
                                        Texas State Bar No. 05606500
                                        KATHLEEN A. CLARK
                                        Texas State Bar No. 00788830
                                        243 West Congress, Suite 600
                                        Detroit, MI 48226
                                        (313) 256-8900 (Office)
                                        (313) 245-8913 (Facsimile)
                                        WALTERS, BALIDO & CRAIN, LLP


                                        /S/_____
                                        S. TODD PARKS
                                        Texas Bar No. 1552520
                                        ASHLEY DE LA CERDA
                                        Texas State Bar No. 24045760
                                        10440 North Central Tower, 15th Floor
                                        Dallas, TX 75231
                                        (214) 749-4805 (Office)
                                        (214) 760-1680 (Facsimile)

                                        ATTORNEY FOR STRICK
                                        TRAILERS, LLC

                          CERTIFICATE OF CONFERENCE

        This will certify that the moving party attempted to confer in compliance with LR 7.1
with all counsel for parties affected by the requested relief.  On March 11, 2014, at 9:31AM, the
moving party emailed plaintiffs' counsel to request a conference.  Plaintiffs' counsel, mistakenly
believing the motion deadline was in May, responded the same day and suggested deferring the
conference dates to a later time. On March 11, 2014, at 1:03PM, the moving party clarified that

the motion deadline was on March 17, 2014, and once again requested plaintiffs' counsel participate in a conference on this motion. No further response to the moving party's request to confer has been received.

Per LR 7.1(b)(3) it is presumed plaintiffs' counsel has opposed the relief requested herein and there is a fundamental disagreement regarding the merits of the present Motion.

   _/s/ Donald H. Dawson, Jr._
DONALD H. DAWSON, JR.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of March, 2014, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

   _/s/ Donald H. Dawson, Jr._
DONALD H. DAWSON, JR.