IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the Surviving Parent of WYNDELL GREENE, SR., et al., | § § § § | CASE NO.: 3:11-CV-00207-N |
| Plaintiffs, | § § | |
| vs. | § § | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION et al., | § § § | |
| Defendants. | § § | |

**DEFENDANT VOLVO GROUP NORTH AMERICA, LLC'S
BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE TESTIMONY OF
BIOMECHANICS EXPERTS JOSEPH BURTON, CATHERINE CORRIGAN
AND DAVID VIANO REGARDING THE INJURIES
<u>OR DEATHS OF THE GREENE CHILDREN</u>**

Respectfully submitted,

_(signature: Randy Howry)_

_____

Randy Howry
State Bar No. 10121690
rhowry@howrybreen.com
John Carlson
State Bar No. 00790426
jcarlson@howrybreen.com

HOWRY BREEN & HERMAN, LLP
1900 Pearl Street
Austin, Texas 78705
Phone: (512) 474-7300
Fax: (512) 474-8557

**ATTORNEYS FOR DEFENDANT VOLVO
GROUP NORTH AMERICA, LLC f/k/a
VOLVO TRUCKS NORTH AMERICA**

1

## TABLE OF CONTENTS

I.      SUMMARY OF MOTION  3

II.     ARGUMENT AND AUTHORITIES 3

        A.      Background. 3

        B.      The biomechanics experts' opinions and impressions regarding the Greene
                children are not relevant because *(i)* the Court has already ruled that no
                plaintiff has standing to bring claims based on the children's deaths; and *(ii)*
                there are no remaining causes or claims and no issues pertaining to the
                children's injuries and deaths.  5

III.    OBJECTIONS TO EXPERT TESTIMONY AND EVIDENCE 7

IV.     CONCLUSION AND PRAYER 8

## TABLE OF AUTHORITIES

**Federal Cases**

*Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) 3, 5, 7

*Diggs v. Citigroup, Inc.*, 2014 Tex.App. LEXIS 506 (5th Cir. Jan. 8, 2014) 5

*Mathis v. Exxon Corp.*, 302 F.3d 448 (5th Cir. 2002) 5

*Roman v. Western Mfg.*, 691 F.3d 686 (5th Cir. 2010) 5


**State Cases**

*Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 850-51 (Tex. 2005) 6


**Federal Rules**

FRE 702  (page 5)

FRE 401 (page 7);

FRE 403 (page 7)

# I. SUMMARY OF MOTION

Expert scientific testimony must be both relevant and reliable to be admissible under the Federal Rules of Evidence and *Daubert*. Three biomechanics experts have been designated by various parties to this suit: Joseph Burton (plaintiffs), Catherine Corrigan (the Toyota defendants), and David Viano (Strick). Each of these experts opines about the forces, mechanisms and causes of injury and death of the two Greene children, Wesleigh and Wyndell II, in this multi-vehicle collision. But none of that evidence is relevant to any remaining claim or fact issue because *(i)* this Court has already ruled that none of the plaintiffs have standing to assert wrongful death claims based on the deaths of the children; and *(ii)* no causes or claims have been asserted on behalf of the children's <u>estates</u>, by a personal representative or otherwise. There are no legal claims or causes in this action arising from the children's injuries or deaths. All such expert testimony and evidence should thus be excluded as irrelevant.

This brief also contains specific objections to the admissibility of certain testimony and evidence relating to experts Burton, Corrigan and Viano.

# II. ARGUMENT AND AUTHORITIES

## A.    Background

<u>The Collision</u>. This case arises from a multiple-vehicle collision on I-20 near Terrell, Texas on May 28, 2010. The Greene family – Wyndell Sr., LaKeysha and their two young children, Wesleigh and Wyndell II – were riding in a Toyota 4Runner that had slowed or stopped because the traffic in front of them had stopped. The Greenes' 4Runner was struck from behind by a tractor-trailer that was traveling at highway speed. The 4Runner was first pushed into a Toyota Corolla, and then collided with the rear of another tractor-trailer. Five-year-old Wesleigh and two-year old Wyndell II died in the collision itself. LaKeysha was ejected from the

passenger seat and died at the scene as well. Wyndell Sr., who was driving, suffered burns and other injuries. He died about three months later.

The Parties. The plaintiffs in this case are relatives of the Greene family (Wyndell Sr.'s mother, Ollie Greene, and LaKeysha's mother, Marilyn Burdette Hardeman) and the administrator of Wyndell Sr.'s estate (Wyndell Sr.'s brother William Greene). Each of these three plaintiffs asserted a variety of claims and causes of action – primarily product liability claims – against five defendants in connection with the deaths of the members of the Greene family. These defendants are: *(1)* Toyota, which made the 4Runner; *(2)* Volvo (VGNA), which made the tractor that struck the Greene vehicle; *(3)* Strick, which made the trailer that the Greene vehicle struck; *(4)* Dolphin, the owner of the trailer that the Greene vehicle struck; and *(5)* Fayard, the operator of the tractor-trailer that the Greene vehicle struck.

The Biomechanics Experts. As the Court is well aware, the parties have collectively designated a number of testifying experts in this case. Three parties have retained and designated biomechanics experts: the plaintiffs have designated Joseph Burton; the Toyota defendants have designated Catherine Corrigan; and Strick has designated David Viano. Each of these three experts have included and offered opinions in their expert reports and depositions regarding the biomechanics/occupant kinematics of each of the four occupants of the Greene vehicle during the collision sequence. A significant portion of Burton's report, for example, addresses matters pertaining to the "cause and mechanisms" of the children's injuries and death. *E.g.*, Burton Report at 9-13 (APP0010-APP0014) (cause of death), 15-16 (APP0016-APP0017) (use of passenger restraints), 18 (APP0019) (occupant kinematics) & 20 (APP0021) (pain and suffering). So, too, do Corrigan's and Viano's reports address matters pertaining to the children and their deaths. *E.g.*, Corrigan Report at 15-17 (APP0044-APP0046) (medical findings), 17-22

(APP0046-APP0051) (occupant kinematics and causes of death) & 22 (APP0051) (pain and suffering); Viano Report at 6-7 (APP0060-APP0061) (medical findings), 12 (APP0066) (cause of death), 14-15 (APP0068-APP0069) (body locations), 20 (APP0074) (injuries), 25-27 (APP0079-APP0081) (occupant kinematics and cause of death) & 31 (APP0085) (pain and suffering). Each of these individuals were deposed; the depositions included a numbers of questions and answers about the foregoing matters pertaining to the Greene children and their injuries and deaths.

**B.** **The biomechanics experts' opinions and impressions regarding the Greene children are not relevant because *(i)* the Court has already ruled that no plaintiff has standing to bring wrongful death claims based on the children's deaths; and *(ii)* there are no remaining causes or claims and no issues pertaining to the children's injuries and deaths.**

Any and all testimony and evidence of the three biomechanics experts – Burton, Corrigan and Viano – that pertains in any way to the Greene children and their deaths should be excluded regardless of these experts' qualifications or the reliability of their opinions. Any such testimony and evidence is <u>not relevant</u> to any claim, cause of action, or fact in issue in this case.

While Texas substantive law governs liability in this case, the Federal Rules of Evidence controls the admissibility of the expert testimony. *Mathis v. Exxon Corp.*, 302 F.3d 448 (5th Cir. 2002); *Roman v. Western Mfg.*, 691 F.3d 686, 692 (5th Cir. 2010). The Supreme Court explained in *Daubert* that any scientific testimony or evidence admitted must be both relevant and reliable. *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Diggs v. Citigroup, Inc.*, 2014 Tex. App. LEXIS 506, **4-5 (5th Cir. Jan. 8, 2014). In terms of relevance, the *Daubert* court explained that Rule 702 "requires that the evidence or testimony 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *Daubert*, 509 U.S. at 591. "Expert

testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Id.*

Here, any testimony or evidence that the parties' biomechanics experts – whether Burton, Corrigan or Viano – want to give regarding the Greene children, their injuries and deaths, and the biomechanics/kinematics pertaining to them in the crash sequence is not relevant because this Court has already ruled that none of the plaintiffs have standing to pursue claims in connection with the Greene children's deaths. Specifically, in its December 19, 2012 order granting partial summary judgment the Court held, among other things, that: *(1)* Wyndell Sr.'s mother Ollie Greene lacks standing to sue under Texas law for the wrongful deaths of her daughter-in-law LaKeysha and her two grandchildren; *(2)* LaKeysha's mother Marilyn Burdette Hardeman lacks standing to sue under Texas law for the wrongful deaths of her son-in-law Wyndell Sr. and her two grandchildren; and *(3)* any wrongful death claims that Wyndell Sr. once had based on the deaths of his children lapsed upon his death and cannot be maintained by his estate under Texas law. Order (Docket #130) at 4-5.

Moreover, no causes or claims – whether survival claims or otherwise – have <u>ever</u> been asserted by or on behalf of the estates of the Greene children or by a "personal representative" of the estates on their behalf. *See generally* Plaintiffs' Original Complaint (Docket #1), First Amended Complaint (Docket #24-1) and Second Amended Complaint (Docket #113). A survival claim belongs to the decedent, and the claim must be brought on the decedent's *estate's* behalf. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 850-51 (Tex. 2005). That has never occurred here.

There are, in short, no claims remaining by any plaintiff in this case arising from the Greene children's injuries or deaths. The *fact* of the occurrence of their deaths in the collision is

not in dispute; the (bio)mechanics, instrumentalities and circumstances of their injuries and deaths are not relevant to any remaining claims or issues, however. Thus, the testimony and evidence of the biomechanics experts relating to the Greene children and the causes and mechanisms of their injuries and deaths – whether regarding (without limitation) the internal and external forces exerted upon their bodies in the crash; occupant kinematics during the collision sequence; when and how any injuries were sustained; the nature of any injuries; the mechanisms, instrumentalities and causes of their deaths; autopsy results; pain and suffering; etc. – does not relate to any remaining legal issues in the case and is not relevant to any claims that might remain for trial. All such testimony should thus be excluded.

### III. OBJECTIONS TO EXPERT TESTIMONY AND EVIDENCE PERTAINING TO BURTON, CORRIGAN AND VIANO

VGNA will be filing case-specific motions in limine consistent with this Court's rules and per the time schedule set forth in the current scheduling order. Per the provisions of the scheduling order, however, VGNA objects to the admissibility of any expert testimony or evidence by or through Burton, Corrigan and/or Viano regarding the following:

1.  Any Testimony or Evidence Regarding the Mechanics, Instrumentalities, Causes or Circumstances of the Greene Children's Injuries and Deaths

For the foregoing reasons, VGNA objects to any testimony or evidence from biomechanics experts Burton, Corrigan and/or Viano regarding the mechanics, instrumentalities, causes or circumstances of the Greene children's injuries or deaths on relevance grounds. FED. R. EVID. 401. Also, the probative value of any such evidence is substantially outweighed by the danger of unfair prejudice to VGNA, confusing the issues, misleading the jury. FED. R. EVID. 403.

## IV. CONCLUSION AND PRAYER

VGNA moves the Court to exclude the testimony of the three biomechanics experts that have been designated by various parties to this suit – Joseph Burton (designated by plaintiffs), Catherine Corrigan (designated by the Toyota defendants), and David Viano (designated by Strick) – such that none of these individuals be allowed to offer testimony or evidence regarding or relating to the injuries or deaths of the Greene children. VGNA prays for any and all other relief to which it is entitled.

Respectfully submitted,

Randy Howry
State Bar No. 10121690
rhowry@howrybreen.com
John Carlson
State Bar No. 00790426
jcarlson@howrybreen.com

HOWRY BREEN & HERMAN, LLP
1900 Pearl Street
Austin, Texas 78705
Phone: (512) 474-7300
Fax: (512) 474-8557

**ATTORNEYS FOR DEFENDANT VOLVO
GROUP NORTH AMERICA, LLC f/k/a
VOLVO TRUCKS NORTH AMERICA**

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on March 17, 2013, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure by electronic service through the court's ECF system in compliance with Federal Rules of Civil Procedure 5(b)(2)(E) and 5(b)(3).

_____

Randy Howry