IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the Surviving parent of WYNDELL GREENE, SR., WILLIAM GREEN, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the Surviving parent of LAKEYSHA GREEN, | § § § § § § § § | |
| Plaintiffs, | § § § | CAUSE NUMBER 3:11-cv-0207-N |
| v. | § § § | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR\ SALES USA, INC., VOLVO GROUP NORTH AMERICA, IND., VOLVO TRUCKS NORTH AMERICA, A A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC., STRICK CORPORATION, INC., JOHN FAYARD MOVING & WAREHOUSE, LLC and DOLPHINE LINE, INC. | § § § § § § § § § § § § § | |
| Defendants. | § § § | |

=======================================================================
**DEFENDANT STRICK TRAILERS, LLC'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE (AND ALTERNATIVELY OBJECTIONS TO) STRICK'S REPLY AND EVIDENCE TO STRICK'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Strick Trailers, LLC ("Strick"), pursuant to Fed. R. Civ. P. 7 and Local Rule 7.1, states as follows for its Response to Plaintiffs' Motion to Strike (and Alternatively Objections to) Strick's Reply and Evidence to Strick's Motion for Summary Judgment (R.E. 384) (the "Motion to Strike"):

1

**Introduction**

The Motion to Strike should be denied because (1) Strick is only responding to a new a opinion disclosed by Plaintiffs' expert, Keith Friedman, for the first time in Mr. Friedman's January 17, 2014 deposition[1] and Mr. Friedman's February 4, 2014 Affidavit (R.E. 369-4, App. 1094 – 1101, ¶ 23); (2) Strick is not relying on any "new evidence" that was required to be disclosed previously in discovery pursuant to Fed. R. Civ. P. 26; (3) Strick is not raising any new arguments in the Reply Brief; and (4) other courts have permitted litigants to attach declarations and other evidence to their reply briefs in circumstances that are similar to those in the present case. *Springs Industries, Inc. v. American Motorists Ins. Co.*, 137 F.R.D. 238 (N.D. Tex. 1991).

The primary basis for Strick's Motion for Summary Judgment is that the ICC rear bumper guard assembly attached to the Strick trailer that Plaintiffs allege was defective is not an ICC rear bumper guard assembly that was "designed, manufactured, installed, or sold by Strick." (R.E. 271-2, Page ID 10137). The Plaintiffs' Response attempted to manufacture a disputed issue of fact by vaguely stating that the ICC rear bumper guard assembly is a Strick assembly because it resembles or looks like other ICC rear bumper guard assembly designs manufactured by Strick.

Strick's Reply Brief focused on addressing and refuting Plaintiffs' unsupported assertion that the bumper tube attached to the ICC rear bumper guard assembly on the date of the accident could have been a Strick bumper tube that was manufactured by Strick for use on a different style Strick trailer. (R.E. 372). The Declaration of James Jackson, Strick's Director of Sales Engineering, was attached to the Appendix in Support of the Reply Brief and showed that there is no possible way the bumper tube attached to the Strick trailer at the time of the accident could

---

[1] A copy of the relevant pages from Mr. Friedman's January 17, 2014 deposition is attached to the Appendix as **Exhibit A**.

have been a product manufactured by Strick. (R.E. 373-1; App. 2-10). The Reply Brief and the Jackson Declaration did not raise new arguments from those asserted in the Motion for Summary Judgment and only addressed and disproved Mr. Friedman's opinion, asserted for the first time in this litigation on January 17, 2014, that the bumper tube attached to the Strick trailer could have been a bumper tube designed and manufactured by Strick for a different model Strick trailer.

I. **The Reply Brief Only Addresses and Disproves Plaintiffs' Argument in Plaintiffs' Response that the Bumper Tube Attached to the Strick Trailer at the Time of Accident "Could Have Been" a Bumper Tube From a Different Strick Trailer.**

"The purpose for having a motion, response, and reply is to give the movant the final opportunity to be heard and to rebut the nonmovant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Kozack v. Medtronic, Inc.*, Civ. A. H-03-34400, 2006 WL 23700, at *4 (S.D. Tex. Jan. 31, 2006) citing *Murray v. TXU Corp.,* No. Civ. A. 3:03-CV-0888P, 2005 WL 1313412 at *4 (N.D. Tex. May 27, 2005). Strick filed the Reply Brief for this very same purpose – rebutting Mr. Friedman's conclusory opinion expressed in the Response that underride guard assembly attached to the Strick trailer at the time of the accident is "substantially similar, if not identical" to other ICC rear bumper tubes designed and manufactured by Strick. (R.E. 368, Page ID 16199).

Mr. Friedman submitted Rule 26 reports that were produced by Plaintiffs to Strick on November 20, 2013. A copy of Mr. Friedman's Rule 26 report, as to Strick, is attached to the Appendix as **Exhibit B**. Mr. Friedman does not state anywhere in that Rule 26 report that the bumper tube at issue could be from a different Strick trailer design. In fact, the first time Mr. Friedman disclosed this "expert opinion" regarding the manufacturer of the bumper tube involved in the accident was in Mr. Friedman's January 17, 2014 deposition (Ex. A, Friedman

Dep., App. 4 – 8) and subsequently in Mr. Friedman's February 4, 2014 Affidavit which was submitted with the Plaintiffs' Response. (R.E. 369-4, App. 1094-1101). Strick filed its Motion for Summary Judgment on December 11, 2013, more than a month before Mr. Friedman disclosed this opinion for the first time in his January 17, 2014 deposition. There is no way that Strick could have anticipated this argument from Plaintiffs and addressed it in its Brief in Support of Motion for Summary Judgment because Strick did not know this opinion even existed when the Motion for Summary Judgment was filed. (R.E. 271-1, 271-2).

Strick's Reply Brief, which is based in large-part on the Declaration of Jim Jackson and the attached exhibits, only refutes Mr. Friedman's opinion that the subject bumper tube could have come from a different model Strick trailer because it "looks like" other bumper tubes Strick makes for different Strick trailers. The Jackson Declaration irrefutably shows that the subject bumper tube (1) is 100 inches long and Strick does not make any designs or manufacture bumper tubes that are that length, (2) is made of structural steel whereas Strick uses fabricated steel to manufacture most of its designs, (3) does not have any perforations while Strick's bumper tubes do contain perforations, (4) is painted a different color than Strick's bumper tubes, and (5) is affixed to the underside of the trailer using welding whereas Strick's bumper tubes are bolt-on. (R.E. 373-1, Jackson Declaration ¶¶ 15(i) – 15(viii), App. 6 – 8). The Jackson Declaration, together with the exhibits that were attached to support the statements in the Declaration, was used entirely for the very proper purpose of disproving Mr. Friedman's opinion which amounts to nothing more than a statement that the bumper tubes basically look the same. This is an entirely proper purpose for the Reply Brief and shows that Mr. Friedman's statement regarding the manufacturer of the subject bumper tube is not true.

**II.     Strick is Not Relying On "New Evidence" That Should Have Been Previously Disclosed to Plaintiffs Pursuant to Fed. R. Civ. P. 26.**

4

Plaintiffs contend that the Jackson Declaration is based on new evidence that should have been produced by Strick in its initial disclosures that were required by Fed. R. Civ. P. 26. This statement is also incorrect. Fed. R. Civ. P. 26 requires party litigants to produce "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control **and may use to support its claims or defenses** …" Fed. R. Civ. P. 26(a)(1)(A)(ii) (emphasis added). The internal documents and drawings that Strick attached to Jackson's Declaration are documents that have been in Strick's possession, custody, and control. However, Strick did not know that these documents, which have nothing to do with the bumper tube that was attached to the Strick trailer, would be used to support Strick's claims or defenses until Mr. Friedman disclosed his opinion that the bumper tube involved in the accident was possibly a Strick bumper tube because it looks like other bumper tubes manufactured by Strick for different model trailers.

The documents that Plaintiffs complain about only show the differences between Strick's other bumper tubes and the bumper tube attached to the Strick trailer involved in the accident. Strick did not search for, identify, or produce these documents to its legal counsel until February 11, 2014 when it performed searches of its electronic databases at its counsel's request. Strick promptly served a formal supplemental Rule 26 Disclosure on February 26, 2014 which attached the documents from Jackson's Declaration (and a small number of additional documents which might be used in Strick's defense, but were not essential to the Motion) as soon as Strick determined the documents became relevant to one of Strick's defenses. (R.E. 376). The documents only became relevant to Strick's defenses when Mr. Friedman disclosed his opinion regarding the identity of the manufacturer of the bumper for the first time on January 17, 2014, or when Plaintiffs adopted this opinion in their Response filed on February 5, 2014. (R.E. 367,

5

368, 369). None of the documents attached to Jackson's Declaration were due to be produced until that time. Strick promptly supplemented its Rule 26 Disclosures when it became clear that those documents might be used to support its defenses.

### III. Strick Did Not Raise Any "New Arguments" in the Reply Brief.

Plaintiffs seek to strike the Reply Brief and the Appendix filed in support of the Reply Brief because, Plaintiffs argue, the Reply Brief raises "new arguments" that were not asserted by Strick in its original Motion for Summary Judgment.[2] This statement is demonstrably false. Strick's Brief in Support of its Motion for Summary Judgment argues, and puts Plaintiffs on notice, that the ICC rear bumper assembly attached to the Strick trailer at the time of the accident was not a Strick product **no less than eleven times in the first seven pages** of the Brief in Support of Motion for Summary Judgment. (R.E. 271-2, Page ID 10137-10143). Plaintiffs' Response to the Motion for Summary Judgment even states that "Strick's entire motion for summary judgment hinges on its allegations that the ICC underride guard –was not designed, manufactured, sold, or installed by Strick.'" (R.E. 368, Page ID 16199) citing Mot. at 6. Strick's argument in the Reply Brief is not a new argument and relates directly to the original argument set forth in Strick's Brief in Support of Motion for Summary Judgment. Plaintiffs' statement otherwise is simply untrue.

### IV. This Court and Other Courts have Permitted Litigant's to Attach Affidavits, Declarations, and Other Evidence to Summary Judgment Reply Briefs When the Circumstances Warrant It.

Courts have held that it is an acceptable practice for litigants to attach new materials to a reply brief that were not included in the original motion under certain circumstances. In *Springs*

---

[2] Plaintiffs' Motion to Strike never identifies the "new arguments" it claims that Strick is making in the Reply Brief. Strick acknowledges that it did attach new evidence to the Appendix in Support of the Reply Brief which may have incorporated new facts, but no new legal arguments were made in the Reply Brief.

6

*Industries, Inc. v. American Motorists Ins. Co.*, 137 F.R.D. 238 (N.D. Tex. 1991) this Court ruled that there are instances where additional supporting materials may be filed with a reply brief even though the materials were not raised in the initial motion:

> It cannot be seriously disputed that a movant is obligated to file with a motion the evidentiary materials necessary to justify the relief it seeks. The office of the reply brief permitted by Rule 5.1(f) is to rebut the nonmovant's response, thereby persuading the court the movant is entitled to the relief requested in the motion. The document is to contain argument, not new supporting materials. There may be occasions, however, when additional supporting materials should be presented to the court. When a movant finds it necessary to add new evidentiary support for relief it requests, it should first confer with the nonmovant. If no injustice is likely to result, the parties should agree to the filing of the reply brief and new supporting materials, as well as to submission of a further response and final reply brief … Acquiescence in additional submissions permits the appropriate evidence to be considered by the court, avoids depriving the nonmovant of a meaningful opportunity to oppose the factual and legal bases for a motion, and affords the movant the usual right of reply … In the case of the present motion, the court can discern no palpable injustice in considering new supporting materials, followed by an additional response and a final reply brief.

*Id.* at 239-240. Other courts have followed this line of reasoning in permitting litigants to file new materials with their reply briefs. See *Pennsylvania General Ins. Co. v. Story*, No. Civ.A.3:03CV0330-G, 2003 WL 2143511 (N.D. Tex. June 10, 2003) (Where no palpable injustice exists and where nonmovants are given an opportunity to respond by surreply, new materials submitted with a reply brief will be considered by the court); *Gump v. Trinity Christian Academy*, No. Civ.A.3:05CV0148 B, 2005 WL 1766296 n.1 (N.D. Tex. July 25, 2005).

Strick does not oppose the Court granting Plaintiffs, sua sponte, the right to file a surreply to the Strick Reply Brief now. If Plaintiffs are permitted to file a surreply, Plaintiffs will not suffer a palpable injustice and the Court will have all of the evidence it needs in order to properly rule on Strick's Motion for Summary Judgment. The arguments asserted in the Brief in Support

7

and the Reply Brief have been known to Plaintiffs since they deposed James Jackson on May 14, 2012, and Mr. Jackson testified that the bumper tube depicted in the photographs from the accident site is not a product Strick manufactures.[3] Plaintiffs would only need to show the Court that Mr. Jackson's statements in his Declaration regarding the identity of the manufacturer of the subject bumper tube are untrue in order to defeat Strick's Motion for Summary Judgment. Strick does not believe Plaintiffs can make that showing with competent summary judgment evidence.[4]

### Conclusion

Defendant Strick Trailers, LLC, respectfully requests this Court enter an order dismissing Plaintiffs' claims against Strick with prejudice pursuant to Fed. R. Civ. P. 56 and Local Rule 56.3 and to grant such other and further relief as this Court deems necessary and just.

DAWSON & CLARK, P.C.

 /s/ Donald H. Dawson, Jr.
 DONALD H. DAWSON, JR.
Texas State Bar No. 05606500
KATHLEEN A. CLARK
Texas State Bar No. 00788830
243 West Congress, Suite 600
Detroit, MI 48226
(313) 256-8900 *(Office)*
(313) 256-8913 *(Facsimile)*

WALTERS, BALIDO & CRAIN, LLP

---

[3] Plaintiff may try to argue that Mr. Friedman did not know about Strick's position regarding the identity of the manufacturer of the subject bumper tube. However, Mr. Friedman listed Mr. Jackson's deposition as one of the items Mr. Friedman reviewed in preparing his expert reports in this case. Mr. Jackson's deposition testimony, as cited in Strick's Brief in Support of Motion for Summary Judgment, is clear on this point.

[4] Mr. Friedman's unsupported conclusory opinion in paragraph 23 of the February 4th Affidavit, that the subject bumper tube must be a Strick component because it looks similar to other Strick components Mr. Friedman examined, is not competent summary judgment evidence that defeats Strick's Motion for Summary Judgment.

   /s/ S. Todd Parks  
S. TODD PARKS  
Texas State Bar No. 15526520  
ASHLEY DE LA CERDA  
Texas State Bar No. 24045760  
900 Jackson Street, Suite 600  
Dallas, TX 75202  
(214) 749-4805 *(Office)*  
(214) 760-1670 *(Facsimile)*  
**ATTORNEYS FOR DEFENDANT STRICK**

## CERTIFICATE OF SERVICE

    I hereby certify that on March 25, 2014, I electronically filed a copy of the foregoing, together with all exhibits, if any, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants and I hereby certify that I have mailed by United States Postal Service the document to any non CM/ECF participants.

   /s/ Donald H. Dawson, Jr.  
DONALD H. DAWSON, JR.