IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the Surviving parent of WYNDELL GREENE, SR., WILLIAM GREEN, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the Surviving parent of LAKEYSHA GREEN, | § § § § § § § § § § § § § § § § § § § § § § § § § | CAUSE NUMBER 3:11-cv-0207-N |
| Plaintiffs, | | |
| v. | | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, IND., VOLVO TRUCKS NORTH AMERICA, A A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC., STRICK CORPORATION, INC., JOHN FAYARD MOVING & WAREHOUSE, LLC and DOLPHINE LINE, INC. | | |
| Defendants. | | |

===================================================================

**DEFENDANT STRICK TRAILERS, LLC'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Strick Trailers, LLC ("Strick"), pursuant to Fed. R. Civ. P. 6(b)(1)(B) and Local Rule 7.1, states as follows for its Reply to Plaintiffs' Response to Strick's Motion for Leave to File Motion for Summary Judgment (the "Plaintiffs' Response") (R.E. 501):

1

**Introduction**

Strick's Motion for Leave to File Motion for Partial Summary Judgment (the "Motion for Leave") (R.E. 385) should be granted because (1) Strick could not file a "no evidence motion for summary judgment" in good faith before the expiration of the December 10, 2013 deadline as Plaintiffs suggest in the Plaintiffs' Response and (2) Plaintiffs will suffer no prejudice if the Motion for Leave is granted by this Court.

## I.  *Strick Could Not File a "No Evidence Motion for Summary Judgment" in Good Faith Before the Expiration of the Motion for Summary Judgment Deadline.*

The deadline for filing dispositive motions in this action was December 10, 2013. (R.E. 161). Strick was hesitant to file a motion for summary judgment until it deposed Plaintiffs' experts Dr. Burton and Dr. Stephenson on January 30th and 18th, respectively, to fully explore and understand their opinions. The only expert discovery Strick had received from Plaintiffs as of the December 10th deadline was Plaintiffs' Fed. R. Civ. P. 26 expert reports, notwithstanding Strick's ongoing (but ultimately unsuccessful) efforts to obtain additional discovery of Plaintiffs' experts prior to that date. Strick filed its Motion for Partial Summary Judgment (R.E. 386-1), Brief in Support (R.E. 386-2), and Appendix (R.E. 386-3) as attachments to the Motion for Leave on March 6, 2014.

The primary basis for Strick's Motion for Partial Summary Judgment is (1) Dr. Stephenson's deposition testimony that the failure of the ICC rear impact guard assembly attached to the Strick trailer did not cause the breach of the 4Runner's fuel tank and (2) Dr. Burton's deposition testimony that the underride guard attached to the Strick trailer at the time of the accident was not a contributing cause of Mr. Greene's death. Strick was not aware of Dr. Burton's opinion, which exonerates Strick from direct liability for Mr. Greene's death, prior to the expiration of the motion for summary judgment deadline. Dr. Burton's expert report, produced by Plaintiffs on

November 20, 2013, did not contain this opinion. Strick only obtained this evidence during Dr. Burton's deposition that occurred on January 30, 2014, nearly 50 days after the expiration of the December 10, 2013 summary judgment deadline.

Strick also required Dr. Stephenson's deposition testimony to show that the fire that did cause Mr. Greene's death was not legally attributable to the failure of the ICC underride guard assembly attached to the Strick trailer at the time of the accident. Dr. Stephenson's Fed. R. Civ. P. 26 expert report, disclosed by Plaintiffs for the first time on November 20, 2013, did not contain this opinion. It was only during Dr. Stephenson's January 18, 2014 deposition (38 days past the December 10 deadline for dispositive motions) that Strick discovered Dr. Stephenson (1) does not believe the impact with the Strick trailer caused the breach of the 4Runner's fuel tank and (2) is unable to determine to any degree of scientific certainty if the failure of the ICC underride guard is an actual ignition source for the fire that killed Mr. Greene.

Strick did not believe it had a good faith basis to file its Motion for Partial Summary Judgment until those opinions and evidence were elicited from Dr. Burton and Dr. Stephenson. Strick would have preferred to file its Motion for Partial Summary Judgment before the expiration of the December 10, 2013 deadline but it could not do so until it deposed Dr. Burton and Dr. Stephenson. Those depositions did not occur until the middle and end of January 2014. Strick attempted to schedule deposition dates for Dr. Burton and Dr. Stephenson prior to the expiration of the December 10 deadline, but was unsuccessful in that effort. Plaintiffs also sought and obtained two extensions of time from this Court to designate their experts which also delayed expert discovery. (R.E. 231, 239). The earliest dates Plaintiffs would make Dr. Burton and Dr. Stephenson available for depositions, after being compelled to do so by this Court's order (R.E. 344), were the January 18th and 30th dates that Strick utilized to obtain the evidence

that forms the very foundation of the Motion for Partial Summary Judgment.

The reality is that Strick did all it could do to obtain this evidence earlier in this litigation, which would have permitted compliance with this Court's scheduling order and December 10 dispositive motions deadline. However, through no fault of its own, Strick only obtained this evidence on January 18th and 30th 2014. The Plaintiffs' Response suggests that Strick should have filed a "no evidence" motion for summary judgment before the expiration of the December 10 deadline and assumed or guessed what deposition testimony Dr. Burton or Dr. Stephenson would have offered. Strick's counsel does not make such motions until it has a good faith basis for filing same.

Plaintiffs' suggestion that Strick should have filed a "no evidence" motion without any actual evidence or basis to support the motion should be an act that subjects a litigant and its counsel to Fed. R. Civ. P. 11 sanctions, a consequence that Strick's counsel actively strives to avoid. Strick also believes had it filed the "no evidence" motion Plaintiffs suggest by the December 10th summary judgment deadline, but before the close of expert discovery on March 10, 2014 (R.E. 332), Plaintiffs argument would have changed focus and Plaintiffs would be arguing that Strick did not have the requisite basis to file its motion in good faith and before the close of the expert discovery period. Strick has acted diligently and shown good cause for its late filed motion.

## II. *Plaintiffs Will Not Be Prejudiced if the Court Grants the Motion for Leave.*

Plaintiffs oppose the relief requested in the Motion for Leave and argue in the Plaintiffs' Response that Plaintiffs will be prejudiced if the Motion for Leave is granted because (a) Plaintiffs' will be required to "expend valuable hours and finances obtaining detailed affidavits from at least four of Plaintiffs' experts" in order to adequately respond the Motion for Partial Summary Judgment, (b) "Plaintiffs are in the midst of preparing responses and/or replies to the

4

46 *Daubert*-related motions that were filed on March 17, 2014" [1] and (c) "Plaintiffs are busy rounding up witnesses for the trial" that is set for June 23, 2014. (R.E. 501, Page ID 24087-24088).

    Plaintiffs' claims of potential prejudice boil down to a claim that their counsel is simply too busy to respond to the Motion for Partial Summary Judgment. Counsel's busy calendar does not amount to prejudice under these circumstances. *See United States v. Bowen,* 310 F.2d 45, (1962) (preoccupation of counsel with other matters does not dispense with compliance of deadlines); *Maryland Cas. Co. v. Conner,* 382 F.2d 13, 16-17 (10th Cir. 1967) citing Stern, *Changes in Federal Appellate Rules*, 41 F.R.C. 297, 298-299 (excuse that a lawyer is too busy to meet deadlines could be used truthfully in almost every case and fact that counsel is preoccupied with other matters does not equate to excusable neglect); *Sanchez-Orozco v. Livonia Police Dept.*, 2:08-cv-14297, 2010 WL 2287433, *3 (E.D. Mich. June 4, 2010) (excuse that counsel's busy schedule prohibited compliance with deadlines generally found to be insufficient to establish excusable neglect). Moreover, it should be relatively easy for Plaintiffs to prepare a response to the Motion for Partial Summary Judgment that Plaintiffs deem a "groundless" motion based on "clearly disputed facts."[2] (R.E. 501, Page ID 24084). Plaintiffs will not be prejudiced if they are required to respond to Strick's Motion for Summary Judgment and a ruling on the Motion for Partial Summary Judgment will streamline the issues for trial which benefits all litigants in this action and the Court.

---

[1] It is worthy of note that Plaintiffs will have had to respond or reply to these *Daubert*-related motions, filed on March 17, 2014, well before any 21 day period for responding to the merits of the Motion for Partial Summary Judgment is going to have expired.

[2] While Plaintiffs assert that Strick's Motion for Partial Summary Judgment is meritless, Plaintiffs do not cite any support or make any argument which demonstrates as much to the Court in the Plaintiffs' Response. If Plaintiffs could support this position, it is reasonable to believe Plaintiffs would have set forth the facts and argument that demonstrate that granting leave would be futile because the Motion for Summary Judgment could not be granted.

**Conclusion**

Strick did not believe it had a good faith basis to file its Motion for Partial Summary Judgment prior to the expiration of the relevant deadline. Strick has demonstrated good cause for its late filed Motion for Partial Summary Judgment and that Plaintiffs will suffer little or no prejudice in having to respond to same. Strick Trailers, LLC, respectfully requests this Court enter an order (1) permitting it to file its Motion for Summary Judgment, Brief in Support, and Appendix later than was permitted by the applicable scheduling order, (2) to declare the exhibits filed together with the Motion for Leave as having been filed with the Court as of the date of the order granting the relief requested in the Motion for Leave, and (3) to grant such other and further relief as this Court deems necessary and just.

DAWSON & CLARK, P.C.

 /s/ Donald H. Dawson, Jr.
 DONALD H. DAWSON, JR.
Texas State Bar No. 05606500
KATHLEEN A. CLARK
Texas State Bar No. 00788830
243 West Congress, Suite 600
Detroit, MI 48226
(313) 256-8900 *(Office)*
WALTERS, BALIDO & CRAIN, LLP

 /s/ S. Todd Parks
S. TODD PARKS
Texas State Bar No. 15526520
900 Jackson Street, Suite 600
Dallas, TX 75202
(214) 749-4805 *(Office)*
(214) 760-1670 *(Facsimile)*
**ATTORNEYS FOR DEFENDANT STRICK**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2014, I electronically filed a copy of the foregoing, together with all exhibits, if any, with the Clerk of the Court using the CM/ECF system which

will send notification of such filing to all CM/ECF participants and I hereby certify that I have mailed by United States Postal Service the document to any non CM/ECF participants.

                                            /s/ Donald H. Dawson, Jr.
                                            DONALD H. DAWSON, JR.