IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, *et al.*, | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | CAUSE NUMBER: 3:11-cv-0207-N |
| | § | |
| TOYOTA MOTOR CORPORATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**TOYOTA DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO EXCLUDE UNTIMELY DISCLOSED FILE MATERIALS AND DATA OF
PLAINTIFFS' EXPERTS KEITH FRIEDMAN AND DR. RHOADS STEPHENSON**

TO THE HONORABLE COURT:

Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc. (collectively "the Toyota Defendants") file this Reply Brief in Support of their Motion to Exclude Untimely Disclosed File Materials and Data of Plaintiffs' Experts Keith Friedman and Dr. Rhoads Stephenson as follows:

## I.
## SUMMARY OF REPLY

Plaintiffs have failed to justify their failure to timely disclose the facts and data considered by their experts Keith Friedman ("Friedman") and Dr. Rhoads Stephenson ("Stephenson") in forming their opinions and any exhibits they will use to summarize or support those opinions. Plaintiffs produced information at the deposition of Friedman that was not originally included or identified in the Friedman-Stephenson expert report. Despite repeated requests made by various defendants that Plaintiffs supplement their disclosures to include such information, Plaintiffs made the strategy decision to refuse to do so until Friedman and

Stephenson's respective depositions. The Toyota Defendants are not responsible for Plaintiffs' refusal to follow the rules, and have clearly been prejudiced by Plaintiffs' actions. Because of Plaintiffs' failure to timely disclose these materials, including the testing and simulation work, Plaintiffs and their experts should be precluded from relying on, using, or providing testimony about any of this untimely disclosed work and related materials.

## II.
## REPLY

**A.   Plaintiffs Provide No Valid Justification for Their Failure to Timely Disclose These Materials.**

### 1.   Information produced at the deposition of Keith Friedman was not identified or produced with his expert report on November 20, 2013.

In their Response, Plaintiffs assert that Friedman and Stephenson timely disclosed the facts and data considered in forming their opinions on November 20, 2013, Plaintiffs' expert designation deadline. Plaintiffs then cite a list of materials included in the Friedman-Stephenson report as materials they relied upon in forming their opinions. Plaintiffs contend that Friedman and Stephenson disclosed "very specific documents and categories" of documents they considered in forming their opinions. Plaintiffs' assertions are a disingenuous attempt to convince the Court that they timely disclosed all of the required information with their expert report on November 20, 2013. The record is clear they did not.

As was more fully discussed in the Toyota Defendants' Motion, Plaintiffs produced seventeen boxes of file materials at the deposition of Friedman on January 15, 2014. Included in those boxes were materials not identified in the Friedman-Stephenson expert report. For example, finite element modeling and x-ray scans of the 4Runner's fuel tank were included in the boxes, but not identified in the Friedman-Stephenson expert report. A substantial amount of other materials were found in these boxes, but never identified in the Friedman-Stephenson

report.[1] Therefore, Plaintiffs' claim that "there is no dispute that the information submitted to Defendants is disclosed in Friedman's and Stephenson's expert reports as information on which they relied" is false.

There were also materials listed in the Friedman-Stephenson report as information that they relied upon in forming their opinions, but they were not actually provided until Friedman's deposition on January 15, 2014. For example, Plaintiffs list the "Biokinetics report, '2010 Toyota 4Runner Fuel Tank Evaluations,' Ed Fournier et al., December 2011" as a document that was relied upon by Friedman and Stephenson in forming their opinions. But this report was not provided until Friedman's deposition. In fact, that the Toyota Defendants specifically requested this report from Plaintiffs in correspondence to Plaintiffs' counsel on December 9, 2013. *See* Doc. No. 382 at 7. But again, the report was not provided until January 15, 2014 at Friedman's deposition. Plaintiffs also list Will Miller's inspection photographs as materials they relied upon in forming their opinions. Again, these photographs were not provided until January 15, 2014. This is simply a snapshot of the numerous materials that Plaintiffs claim to have "identified" and "disclosed" with their expert report on November 20, 2013, but did not actually produce until January 15, 2014.[2] Indeed, Plaintiffs provided none of Friedman and Stephenson's file materials with their expert disclosures on November 20, 2013 other than their CVs and testimony lists. Federal Rule of Civil Procedure 26(a)(2)(B) was worded specifically to provide opposing parties with *access* to all materials reviewed or considered by the expert, at the time expert disclosures are made, whether or not the expert report ultimately refers to them. *In re Google Adwords*

---

[1] *E.g.*, Biokinetics Report, "Automotive Fuel System Anti-siphoning and Leak Prevention Technology Review," Tim Bayne et al, July 2006; Southwest Research Institute, "Automotive Fuel Tank Evaluation," Cory R. Machado, August 2003; Southwest Research Institute, "Comparison of Fire Properties of Automotive Materials and Evaluation of Performance Levels," Karen C. Battipaglia et al., October 2003.

[2] Additional materials that were not produced until January 15, 2014 include notes, diagrams, photographs (not embedded in their report) calculations, and other materials generated by Friedman and Stephenson for purposes of this case.

*Litigation*, 2010 WL 5185738, at *3 (N.D. Cal. Dec. 8, 2010) (emphasis added) (citing *City of Owensboro v. Kentucky Utilities Co.*, 2008 WL 452674, at *1 (W.D. Ky. Oct. 8, 2008); *Allstate Ins. Co. v. Electrolux Home Products, Inc.*, 840 F. Supp. 2d 1072, 1079 (N.D. Ill. 2012) ("The rule contemplates *production* of the materials an expert considered) (emphasis added)); *see also Regional Airport Authority of Louisville v. LFG, LLC*, 460 F.3d 697, 715 (6th Cir. 2006) (Rule 26 requires disclosure of all information that has been provided to testifying experts). It is therefore a complete fabrication for Plaintiffs to claim that they timely produced and disclosed this information as part of the Friedman-Stephenson report.

      **2.     Plaintiffs Had an Obligation Under the Rules to Supplement Their Discovery Responses.**

In June 2011, the Toyota Defendants sent a request for production of documents to Plaintiffs requesting the complete file of all testifying experts. Plaintiffs contend that they timely objected to this request as premature because the designation of their testifying experts was not until November 20, 2013. Plaintiffs also claim that even on November 20, 2013, "the experts' file was not near completion and was in use by experts who were working frantically to complete the expert file and were using these materials to prepare for potentially rebuttal expert reports." Plaintiffs claim that the responsive documents could therefore not have been produced on November 20, 2013.

Even if Plaintiffs' "experts' file was not near completion" on November 20, 2013, this does not excuse Plaintiffs of their obligation under the Federal rules to supplement their responses. *See* Fed. R. Civ. Pro. 26(e)(1). Plaintiffs knew that they were required to supplement their response and provide such information, but made a strategic decision not to do so. Again, Plaintiffs were clearly on notice that they failed to satisfy their disclosure obligations after

receiving the December 9, 2013 correspondence from the Toyota Defendants' counsel notifying them of this fact. *See* Doc. No. 382 at 7.

Plaintiffs also claim that the untimely disclosed information was provided to Defendants soon after the November 20, 2013 disclosure of the identities of testifying experts, and prior to and/or during the deposition of the experts to whom the disclosure relates. This statement is incorrect. This information was not provided "soon after" November 20, 2013, or before Friedman's deposition. The record is clear that all of these materials were first disclosed during, not before, the deposition of Friedman on January 15, 2013, *almost two months* after Plaintiffs' November 20, 2013 expert disclosure deadline. (emphasis added).

B. **Absent An Agreement Between the Parties, Federal Rule of Civil Procedure 26 Requires Disclosure.**

    1. **The Toyota Defendants did not make an agreement with the parties regarding disclosure, and timely disclosed their experts' file materials.**

Plaintiffs argue that other than the Toyota Defendants specific request for production, "none of the Defendants made a formal request for documents from Plaintiffs' experts." Again, this is an incorrect statement. The correspondence sent to Plaintiffs' counsel on December 9, 2013 was a specific request for Plaintiffs to produce such materials. Doc. No. 382 at 7.

Plaintiffs also point out that one of the Defendants' counsel proposed that the expert files be disclosed "two days prior to the depositions." However, this was not a request made or agreed to by the Toyota Defendants, and it certainly did not excuse Plaintiffs from producing such materials under the Federal Rules and federal case law. Absent some agreement, Rule 26 controls.

Finally, Plaintiffs try to excuse their own failure by falsely claiming that defense experts did not timely disclose their materials. Plaintiffs list seven defense' experts, and state that their

file materials were not produced until after their expert disclosure deadline. The Toyota Defendants, and their experts (Mr. Carr, Mr. Lange, Mr. Lohwasser, Dr. Corrigan, Mr. Dyer, Dr. Van Arsdell) all complied with the rules and produced their entire expert files at the expert disclosure deadline[3] on December 20, 2013.[4]

### 2. The Toyota Defendants are not responsible for Plaintiffs' failure to timely disclose their experts' file materials.

Plaintiffs also suggest that the Defendants were responsible for the seventeen boxes of materials, and that this contributed to the timing of the Plaintiffs' disclosure. First, this case has been ongoing since February 3, 2011. The Toyota Defendants do not dispute that significant discovery has been exchanged since that time, but an insinuation from Plaintiffs that they could not comply with the federal rules because too much information was produced is meritless. The cause of the Toyota Defendants' voluminous production in this case was Plaintiffs' inartful and overly broad discovery requests, as well as Plaintiffs' inability to decide upon a single, cogent theory of the case.

Regardless, Plaintiffs miss the point. The Toyota Defendants have not been prejudiced or surprised by Plaintiffs' failure to disclose discovery materials that had already been exchanged. Rather, they have been prejudiced and surprised by Plaintiffs' failure to timely disclose information that was generated by Plaintiffs' experts in this case (i.e. finite element modeling, notes, diagrams, photographs, calculations) or information that was relied upon by Plaintiffs' experts, but not produced by any of the Defendants.

### C. Because the Toyota Defendants Did Not Have Access to These Materials in a Timely Manner, They Have Been Prejudiced.

---

[3] Dr. Reynolds has been jointly retained by all of the Defendants in this case. Dr. Reynolds' minimal file materials were produced well before her March 7, 2014 deposition.

[4] Plaintiffs incorrectly cite Defendants' Expert Disclosure Deadline as December 30, 2013.

The Toyota Defendants have been irreparably prejudiced by Plaintiffs' untimely disclosure. As previously discussed, it was inconceivable for the Toyota Defendants to review all seventeen boxes of information at the depositions of Friedman and Stephenson and then timely question them about such information. Plaintiffs' assertion that the Toyota Defendants had "access" to these materials at the deposition is absurd.

One of the central issues to this dispute is the testing and simulation work that was conducted by Friedman (i.e. finite element modeling). As discussed above, this information was not produced until Friedman's deposition on January 15, 2014. Even then, the Toyota Defendants were not allowed or able to review and analyze the information. Plaintiffs state that "Defendants' counsel were not being hindered from conducting a full review and examination of the finite element modeling." Doc. No. 502 at 11. This is not true. Mr. Friedman initially refused to allow counsel for the defendants to examine the contents of the seventeen boxes. Exhibit E at 85:15-24, Doc. No. 382 at 30. Even if the Toyota Defendants were able to locate the DVDs in the seventeen boxes of materials, review of the finite element modeling requires special software. *Id.* at 650:6-25, Doc. No. 382 at 42. The finite element modeling could not be simply plugged into a computer and analyzed. *Id.* at 684:3-22, Doc. No. 382 at 46. In addition, even if the Toyota Defendants could have accessed this information at the time of the deposition with the special software, it would have required significant hours, if not days for their experts to fully analyze the data, and the Toyota Defendants' experts were not present at the depositions. *Id.* at 673:10—674:5, Doc. No. 382 at 43-44.

Because Plaintiffs did not timely disclose these materials, the Toyota Defendants were not able to provide such information to their experts and receive engineering guidance to properly question Friedman and Stephenson. Plaintiffs' failure to comply with the rules resulted

in the Toyota Defendants inability to sufficiently understand the engineering issues and fully discover and evaluate the opinions of Friedman and Stephenson and their basis therefor.

Plaintiffs also argue the Toyota Defendants had the ability to discuss all of these materials with Friedman and Stephenson at their depositions. Plaintiffs specifically refer to the testing and simulation work that was conducted by Friedman. Although Friedman answered general questions about whether he conducted such work, the record is clear that the Toyota Defendants did not have the ability to fully review and analyze such information at that time. Moreover, as discussed above, the Toyota Defendants did not learn that Friedman had conducted such work until his deposition because none of the testing and simulation work was disclosed in the Friedman-Stephenson report that was provided on November 20, 2013.

Finally, Plaintiffs' contention that the Toyota Defendants' experts had nearly a month to review and analyze the materials disclosed at Friedman's deposition before their own depositions is not true. Because of the sheer volume of the materials, the Toyota Defendants did not receive the entirety of the seventeen boxes of materials from the local copy service, including the testing and simulation work, until February 27, 2014. This problem could have been avoided had Plaintiffs timely disclosed such materials.

### D.   If These Materials Were so Important to Plaintiffs, They Should Have Produced Them.

Plaintiffs claim that these materials are very important to Plaintiffs and their experts because they used this research and discovery to form their opinions. This contention reinforces the fact that the materials should have been produced with Plaintiffs' expert disclosures. As previously discussed in the Toyota Defendants' Motion, if these materials were so important to Plaintiffs, they should have been properly disclosed. Instead, Plaintiffs made a strategic decision to avoid disclosure. Plaintiffs also comment that "even if the Court were to apply failure to

disclose principles, the 'importance of the testimony or materials' factor weighs in Plaintiffs' favor." Here, Plaintiffs' admit they failed to follow the disclosure principles, but still want to rely on these materials is improper.

Again, some of the key materials that Plaintiffs' failed to timely disclose in this case are the testing and simulation work conducted by Friedman. Plaintiffs claim this testing and simulation work is important to Plaintiffs' experts to support their opinions and refute Defendants' affirmative defenses. Plaintiffs again try to blame the Toyota Defendants by rehashing arguments from their prior motions to compel that were long ago rejected by the Court. The record is clear that Friedman conducted and relied upon testing and simulation work in this case to support his opinions. If this information was so important to Plaintiffs' claims, they would have timely disclosed these materials. Instead, Plaintiffs made a conscious, strategic decision to ignore the federal rules and Defendants' repeated request for this information.

## III.
## CONCLUSION

Plaintiffs had an obligation to disclose the facts and data that their testifying experts considered as well as any materials used to summarize or support their opinions on November 20, 2013. Despite repeated requests made by various defendants that Plaintiffs supplement their disclosures to include such information, Plaintiffs failed to do so until Friedman and Stephenson's respective depositions. Plaintiffs' failure to timely disclose the materials was neither justified nor harmless. As a result, Plaintiffs' experts should be precluded from relying upon, alluding to, or testifying regarding any untimely disclosed work and related materials.

WHEREFORE, PREMISES CONSIDERED, Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc. respectfully request that this Court preclude Plaintiffs, Keith Friedman, and Dr. Rhoads

Stephenson from relying upon, alluding to, testifying about, or otherwise offering into evidence the untimely disclosed file materials and data of Keith Friedman and Dr. Rhoads Stephenson, at trial, at any hearing and for any other purpose, and for such other and further relief to which they may show themselves to be entitled.

Respectfully submitted,

*/s/ Kurt C. Kern*
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 North Harwood Street, Suite 1700
Dallas, Texas 75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR DEFENDANTS TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., AND TOYOTA MOTOR SALES, U.S.A., INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 4th day of April, 2014.

*/s/ Jude T. Hickland*