**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **OLLIE GREENE, *et al.*,** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **CAUSE NUMBER: 3:11-cv-0207-N** |
| | § | |
| **TOYOTA MOTOR CORPORATION, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

**TOYOTA DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO EXCLUDE UNTIMELY DISCLOSED FILE MATERIALS AND DATA OF PLAINTIFFS' EXPERT JEFF G. VICK**

TO THE HONORABLE COURT:

Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc. (collectively “the Toyota Defendants”) file this Reply Brief in Support of their Motion To Exclude Materials and Data of Plaintiffs’ Expert Jeff G. Vick as follows:

## I.
## SUMMARY OF REPLY

Plaintiffs have failed to justify their failure to timely disclose the facts and data considered by their expert Jeff G. Vick ("Vick") in forming his opinions and any exhibits he will use to summarize or support those opinions. Plaintiffs produced information on the eve of Vick's deposition that was not originally included or identified in Plaintiffs' expert disclosures or Vick's report. Further, Vick's calculations, which are the fundamental building blocks of his analysis and opinions, were not provided to the Toyota Defendants until after his deposition. Despite repeated requests made by various defendants that Plaintiffs supplement their disclosures to

include such information, Plaintiffs made the strategic decision to refuse to do so until the eve of and after Vick's deposition, depriving the Toyota Defendants of an opportunity to meaningfully examine Vick on his opinions and the bases therefor. The Toyota Defendants should not be penalized for Plaintiffs' failure to follow the rules. If Plaintiffs are allowed to utilize the untimely disclosed materials it will prejudice the Toyota Defendants as they will have been deprived of an opportunity to fully and meaningfully examine Vick before trial. Plaintiffs and Vick should therefore be precluded from relying on, using, or providing testimony about any of this untimely disclosed materials.

## II.
## REPLY

### A. Plaintiffs Provide No Valid Justification for Their Failure to Timely Disclose These Materials.

#### 1. Information produced on the eve of Vick's deposition was not identified or produced with his expert report on November 20, 2013.

In their Response, Plaintiffs assert that Vick timely disclosed the facts and data considered in forming his opinions on November 20, 2013, Plaintiffs' expert designation deadline. Plaintiffs then cite a list of materials identified in Vick's report. Plaintiffs contend that Vick disclosed "very specific documents and categories of things" Vick considered in forming his opinions. Plaintiffs' assertions are a disingenuous attempt to convince the Court that they timely disclosed all of the required information with their expert report on November 20, 2013. The record is clear they did not.

As was more fully discussed in the Toyota Defendants' Motion, Plaintiffs did not produce any of Vick's materials until January 20, 2014—the day before Vick's deposition. Included in those materials were materials and data that had not been previously identified in Plaintiffs' disclosures or Vick's report. For example, the production included diagrams Vick had created

representing his accident reconstruction, which Plaintiffs had never previously disclosed even existed. Other materials had been described generally, but the Toyota Defendants were not provided the substance of them until the day before Vick's deposition. For example, the Stif Calc reports relied upon by Vick were identified in the most general terms in Vick's report, but were not produced until January 20, 2014. Information that could easily have been disclosed on November 20, 2014 was not even included in the January 20, 2014 production.

Contrary to their self-serving contention, Plaintiffs did not provide the Toyota Defendants with Vick's materials prior to his deposition. Neither Vick nor Plaintiffs had disclosed his calculations by the time of Vick's deposition. Vick testified that it was probably the first time he had not disclosed such information. Exhibit D at 110:11—111:2, Doc. No. 379 at 24-25. He further testified that he had not disclosed any specific calculations, speeds, trajectory and angles with his report because that's what "he thought depositions were for." *Id.* at 115:25-116:8, Doc. No. 379 at 26-27. On February 17, 2014, the Toyota Defendants were finally supplied with these calculations. Other information has still not been disclosed to the Toyota Defendants. For example, Plaintiffs never disclosed which depositions Vick considered in forming his opinions, and at his deposition he could not answer whether he had reviewed certain witness depositions. *Id.* at 204:25-205:6, Doc. No. 379 at 30-31.

**2. Plaintiffs Had an Obligation Under the Rules to Supplement Their Discovery Responses.**

In June 2011, the Toyota Defendants sent a request for production of documents to Plaintiffs requesting the complete file of all testifying experts. Plaintiffs contend that they timely objected to this request as premature because the designation of their testifying experts was not until November 20, 2013. Plaintiffs also claim that even on November 20, 2013, "the experts' file was not near completion and was in use by experts who were working frantically to complete

the expert file and were using these materials to prepare for potentially rebuttal expert reports." Plaintiffs claim that the responsive documents could therefore not have been produced on November 20, 2013. With respect to Vick's underlying calculations, this argument is illogical. Vick could not have completed his reconstruction on November 20, 2013 without having already completed his underlying calculations by then.

As a threshold matter, even absent any request of the Toyota Defendants, Plaintiffs were required to disclose not only Vick's opinions, but also all facts and data considered by Vick in forming his opinions. Fed. R. Civ. P. 26(a)(2)(B). Having failed completely to comply with its obligations in this regard, Plaintiffs' counsel accused the Toyota Defendants of failing to make a formal request for the information. While no formal request is required, the Toyota Defendants pointed out their more than two year old request for production and Plaintiffs' response promising to provide the information when it becomes available to establish that Plaintiffs' position was not only legally, but also factually inaccurate. Plaintiffs now attempt to create yet another requirement of the Toyota Defendants, namely the service of Plaintiffs' experts with a subpoena *duces tecum* before Plaintiffs will produce the information that is clearly required by Rule 26. Rather than simply comply with their unquestionable duty to disclose the information under Rule 26, Plaintiffs continue to attempt to place hurdles of their own making, with no basis in law, between the Toyota Defendants and this important information.

Even if Plaintiffs' "experts' file was not near completion" on November 20, 2013, this does not excuse Plaintiffs of their obligation under the Federal rules to supplement their responses. *See* Fed. R. Civ. Pro. 26(e)(1). Plaintiffs knew that they were required to supplement their response and provide such information, but made a strategic decision not to do so. Again, Plaintiffs were clearly on notice that they failed to satisfy their disclosure obligations after

receiving the December 9, 2013 correspondence from the Toyota Defendants' counsel notifying them of this fact. *See* Doc. No. 379 at 5.

Plaintiffs' argument that they can simply withhold disclosing the information until May 23, 2014 because that is the deadline for an expert to make additions or changes to their reports or information is nonsensical. Supplementation is required to be timely. The fact that the duty is ongoing does not mean that Plaintiffs can make a strategic decision to withhold information that has long been in existence and available to them until May 23, 2014. The mere fact that Plaintiffs would make such an argument implies that their failure to timely provide any of this information until the eve of Vick's deposition, and continue to disclose long available, important information after his deposition was a strategic decision on their part. Plaintiffs suggest they could have chosen to withhold all of this information until May 23, 2014.

**B. Absent An Agreement Between the Parties, Federal Rule of Civil Procedure 26 Requires Disclosure.**

Plaintiffs argue that other than the Toyota Defendants specific request for production, "none of the Defendants made a formal request for documents from Plaintiffs' experts." Again, this is an incorrect statement. The correspondence sent to Plaintiffs' counsel on December 9, 2013 was a specific request for Plaintiffs to produce such materials. Doc. No. 379 at 7.

Plaintiffs also point out that one of the Defendants' counsel proposed that the expert files be disclosed "two days prior to the depositions." However, this was not a request made or agreed to by the Toyota Defendants, and it certainly did not excuse Plaintiffs from producing such materials under the Federal Rules and federal case law. Absent some agreement, Rule 26 controls.

Finally, Plaintiffs try to excuse their own failure by falsely claiming that defense experts did not timely disclose their materials. Plaintiffs list seven defense' experts, and state that their

file materials were not produced until after their expert disclosure deadline. The Toyota Defendants, and their experts (Mr. Carr, Mr. Lange, Mr. Lohwasser, Dr. Corrigan, Mr. Dyer, Dr. Van Arsdell) all complied with the rules and produced their entire expert files at the expert disclosure deadline[1] on December 20, 2013.[2]

**C. The Toyota Defendants Have Been Prejudiced by Plaintiffs' Untimely Disclosure.**

The Toyota Defendants have been prejudiced by Plaintiffs' untimely disclosure. Because Plaintiffs did not timely disclose these materials, the Toyota Defendants were not able to provide such information to their experts and receive technical guidance to assist them in properly questioning Vick. Additionally, foundational information for Vick's opinions was not disclosed at all by the time of his deposition. The Toyota Defendants had no meaningful opportunity to examine Vick on his calculations, as he did not provide them even at his deposition, which was a first for Vick. The Toyota Defendants' accident reconstructionist, Lee Carr, did not have an opportunity to review and comment on Vick's calculations prior to his own deposition. Plaintiffs' argument that the Toyota Defendants have not been prejudiced by their non-compliance with the Federal Rules is not credible.

**D. If These Materials Were so Important to Plaintiffs, They Should Have Produced Them.**

Plaintiffs claim that these materials are very important to them and their experts. This contention reinforces the fact that the materials should have been produced with Plaintiffs' expert disclosures. As previously discussed in the Toyota Defendants' Motion, if these materials were so important to Plaintiffs, they should have been properly disclosed. Instead, Plaintiffs made a strategic decision to avoid disclosure. Plaintiffs also comment that "even if the Court were to

---

[1] Dr. Reynolds has been jointly retained by all of the Defendants in this case. Dr. Reynolds' minimal file materials were produced well before her March 7, 2014 deposition.

[2] Plaintiffs incorrectly cite Defendants' Expert Disclosure Deadline as December 30, 2013.

apply failure to disclose principles, the 'importance of the testimony or materials' factor weighs in Plaintiffs' favor." Most of the categories of documents that Plaintiffs address as being of such great importance are not even the ones that the Toyota Defendants seek to exclude. The Toyota Defendants are not seeking exclusion of discovery responses, pleadings, depositions, or other materials that were already in the Toyota Defendants' possession and were identified on November 20, 2013. The Toyota Defendants seek exclusion of documents and information that was not already in the Toyota Defendants possession or produced on November 20, 2013, but were considered by Vick. In other words, only the untimely disclosed materials should be excluded. Plaintiffs state that Vick's timely produced materials are very important to their case, but that is of no consequence to this motion. Plaintiffs' attempt to inflate the importance of the materials the Toyota Defendants seek to exclude by lumping in materials for which exclusion is not being sought belies the fact that the materials that should be excluded are not of paramount importance to Plaintiffs, and this factor weighs in favor of their exclusion.

## III.
## CONCLUSION

Plaintiffs had an obligation to disclose the facts and data that their testifying experts considered as well as any materials used to summarize or support their opinions on November 20, 2013. Despite repeated requests made by various defendants that Plaintiffs supplement their disclosures to include such information, Plaintiffs failed to do so until Vick's deposition. Plaintiffs' failure to timely disclose the materials was neither justified nor harmless. As a result, Plaintiffs' expert should be precluded from relying upon, alluding to, or testifying regarding any untimely disclosed work and related materials.

WHEREFORE, PREMISES CONSIDERED, Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc.

respectfully request that this Court preclude Plaintiffs and Jeff G. Vick from relying upon, alluding to, testifying about, or otherwise offering into evidence the untimely disclosed file materials and data of Jeff G. Vick, at trial, at any hearing and for any other purpose, and for such other and further relief to which they may show themselves to be entitled.

Respectfully submitted,

*/s/ Kurt C. Kern*

**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 North Harwood Street, Suite 1700
Dallas, Texas 75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR DEFENDANTS TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., AND TOYOTA MOTOR SALES, U.S.A., INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 4th day of April, 2014.

*/s/ Jude T. Hickland*