IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the Surviving Parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE-HARDEMAN, Individually and as the Surviving Parent of LAKEYSHA GREENE D; | § § § § § § § § | |
| Plaintiffs | § § | |
| v. | § § | CAUSE NUMBER: 3:11-cv-0207-N |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, LLC, VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC, STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC and DOLPHIN LINE, INC. | § § § § § § § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

## RESPONSE AND BRIEF TO PLAINTIFFS' MOTION TO EXCLUDE THE REPORT AND TESTIMONY OF DR. HELEN REYNOLDS

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant DOLPHIN LINE, INC., Defendant in the above-reference action and files this Response and Brief to Plaintiffs' Motion to Exclude the Report and Testimony of Dr. Helen Reynolds, and respectfully shows unto the Court as follows:

.

## I. <u>SUMMARY</u>

1.     Plaintiffs' Second Amended Complaint alleges various causes of action against Defendant Dolphin Line, Inc. ("Dolphin") including claims for negligence, gross negligence, strict liability, wrongful death, and survival actions. Plaintiffs' expert, Dr. Stan V. Smith, was designated to offer opinions relating to the damages sought by Plaintiffs. In his report, Dr. Smith made calculations for hedonic damages, a category of damages which have been excluded from in other Federal Courts.[1]

2.     In response to Plaintiffs' designation of Dr. Smith, Defendants retained Dr. Helen Reynolds, Ph.D. Dr. Reynolds evaluated the economic damage claims asserted by Plaintiff and assuming that Dr. Smith is allowed to testify in this matter, will offer testimony in rebuttal to Dr. Smith's opinions. If Defendants' Motion to Exclude Dr. Smith is successful and his opinions and testimony are excluded from this matter, then the vast majority of Plaintiffs' complaints as to Dr. Reynolds will be rendered moot.

3.     Plaintiffs' have challenged Dr. Reynolds on three main grounds; 1. She is not qualified to offer her opinions; 2. Her testimony is not grounded on sufficient facts or data; and 3. Allowing her testimony would be prejudicial. At the root of Plaintiffs' challenge is that they simply disagree with Dr. Reynolds' opinions and their motion should be denied.

---

[1] *Stokes v. John Deere Seeding Group*, 2014 U.S. Dist. LEXIS 28269 (C.D. Ill. Mar. 5, 2014); *Smith v. Jenkins*, 732 F.3d 51, 66-7 (1ˢᵗ Cir. 2013); *Bailey v. Nyloncraft, Inc.*, 2012 WL 3717760, at *3-5 (E.D. Mich. Aug. 28, 2012); *Bolden v. Walsh Group*, 2012 WL 1079898, at *5 (N.D. Ill. Mar. 30, 2012); *Davis v. ROCOR Int'l.*, 226 F. Supp. 2d 839, 842 (S.D. Miss. 2002); *Saia v. Sears Roebuck & Co., Inc.*, 47 F. Supp. 2d 141, 149-51 (D. Mass. 1999); *Brereton v. U.S.*, 973 F. Supp. 752, 757 (E.D. Mich. 1997); *Kurncz v. Honda N. Am., Inc.*, 166 F.R.D. 386, 391 (W.D. Mich. 1996); *Ayers v. Robinson*, 887 F. Supp. 1049 (N.D. Ill. 1995); *Sullivan v. Gypsum Co.*, 862 F. Supp. 317, 320-22 (D. Kan. 1994); *Hein v. Merch & Co., Inc.*, 868 F. Supp. 230, 234 (M.D. Tenn. 1994); and *Mercado v. Ahmed*, 974 F.2d 863, 871 (7th Cir. 1992).

## III. ARGUMENT AND AUTHORITIES

### A. DR. REYNOLDS IS QUALIFIED TO OFFER OPINIONS IN THIS MATTER

4.     Dr. Helen Reynolds, Ph.D. is a Maguire Teaching Fellow and Senior Lecturer at Southern Methodist University. She also works as a Senior Economist at Ruther & Reynolds in Dallas, Texas. She has a doctorate in economics and over thirty-seven years' experience in the field. She has consulted on economic damage issues in litigation matters for over twenty-seven years. (APP. 2, 5). Over the past 26 years, Dr. Reynolds has worked, on average, on approximately five to ten cases a year involving wrongful death and survival damages. (APP. 2, 55-56; p.38, l.23 – p.39, l.8).

5.     There is no question Dr. Reynolds is qualified to offer economic damage opinions in this action. Using the records made available by Plaintiffs' in discovery, she provides economic analysis and opinions regarding the earnings available for financial support for Ollie Greene and Marilyn Hardeman and rebuttal of Dr. Smith's opinions as reflected in his report. (APP. 7-8, 35-36). This testimony is within the area of Dr. Reynolds' expertise. (APP. 2, 55-56; p.38, l.23 – p.39, l.8).

### B. DR. REYNOLDS' OPINIONS ARE BASED ON RELIABLE DATA AND METHODS

6.     Plaintiffs' Motion to Exclude Dr. Reynolds suggests that Dr. Reynolds' methodology in this matter is limited to her reading of *Ruth Henderson Moorhead v. Mitsubishi International, et. al.* This is not true.

7.     As set forth in Dr. Reynolds report, her opinions in this matter were formed in accordance with generally accepted economic principles and she has relied upon government and

other economic source materials typically relied upon by economists in making similar analyses. (APP. 1-3, 7-8). Further, in questioning by Plaintiffs' counsel at her deposition, Dr. Reynolds described the methodology she used make her calculations and reach her opinions in this matter. (APP. 50-54; p.27, l.3 – p.29, l.5; p.30, l.19 – p.31, l.13).

8.      To the extent that Plaintiffs' motion is based on objections to the factual foundation of Dr. Reynolds' opinions, including Plaintiffs' argument that her data set is flawed, nothing in the *Daubert* opinion, or its progeny, changed the fundamental rule that the factual basis of an expert opinion "goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Hose v. Chicago Northwestern Transp. Co.*, 70 F.3d 968, 974 (8th Cir. 1995); *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1143 (9th Cir. 1997) ("Technical unreliability goes to the weight accorded a survey, not its admissibility") (citations omitted); *Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 807, 809 (3d Cir. 1997) (reversing exclusion of expert based on "insufficient factual foundation" and cautioning that the "trial judge must be careful not to mistake credibility questions for admissibility questions").

9.      Plaintiffs have also argued that Dr. Reynolds cannot criticize Dr. Smith's opinions regarding hedonic damages such as loss of advice and counsel, loss of society, loss of household services, or loss of the value of life.   Plaintiffs assert that it is proper and preferred for economists to make these types of calculations. Plaintiffs assert that Dr. Reynolds should not be allowed to testify regarding her criticisms of these calculations as conclusory because she has not written books, articles, or researched these specific topics. However, this is not the standard by which an expert's testimony is to be admitted.

10.    Dr. Reynolds' criticisms are, partially, based upon articles that other courts have cited when in support of excluding Dr. Smith's testimony. In criticizing Dr. Smith's attempt to make these types of calculations, Dr. Reynolds cited surveys of economists. Of particular note, she cited: Michael L. Brookshire et al., *A 2009 Survey of Forensic Economists: Their Methods, Estimates, and Perspectives*, 21 J. Forensic Econ. 5 (2009). (APP. 24). This same survey was cited by the U.S. District Court for the Central District of Illinois, Rock Island Division in 2014 stating that "...the overwhelming, negative response must at least raise strong doubts as to whether Dr. Smith's methodology can be termed "generally accepted." *Stokes v. John Deere Seeding Group*, 2014 U.S. Dist. LEXIS 28269 (C.D. Ill. Mar. 5, 2014). Dr. Reynolds' opinions in this regard are not simply conclusory.

## C. DR. REYNOLDS' OPINIONS ARE NOT UNDULY PREJUDICIAL

11.    Dr. Reynolds' opinions and testimony in this matter are founded upon records made available by Plaintiffs' in discovery, generally accepted economic principles and has relied upon government and other economic source materials typically relied upon by economists in making similar analyses. Dr. Reynolds has cited facts relied upon and methodology used in both her report and deposition testimony. (APP. 1–42, 50-54; p.27, l.3 – p.29, l.5; p.30, l.19 – p.31, l.13).

12.    Based on Dr. Reynolds' qualifications, in conjunction with Plaintiff's allegations and the opinions of Dr. Smith, Dr. Reynolds' testimony is absolutely reliable and relevant to the issues in this case. Her testimony is necessary to rebut the opinions and testimony of Dr. Stan V. Smith in the trial of this matter and would not serve to mislead or confuse the jury.

13.    Weight and credibility of expert testimony are the province of the jury. *See* Fed. R. Evid. 104(e). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction

on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993).

### III. JOINDER IN AND ADOPTION OF CO-DEFENDANTS' RESPONSES

14.     In all other respects, Dolphin joins in and adopts the Responses, briefs, and appendices submitted by its co-Defendants in this action regarding the exclusion of Dr. Helen Reynolds as an expert in this action. The matters set forth herein are in addition to and not in lieu of those grounds.

### IV. CONCLUSION AND REQUEST FOR *DAUBERT* HEARING

WHEREFORE, PREMISES CONSIDERED, Defendant Dolphin Line, Inc. respectfully pray that the Court allow Dr. Helen Reynolds to serve as an expert witness in this action. If the Court desires' additional live testimony on these issues, Defendant request that the Court set Plaintiffs' motion for hearing, and order Defendants to present Dr. Reynolds for examination by the Court and counsel for Dolphin Line and for such other and further relief, both general and special, at law or in equity, to which it may show itself justly entitled.

773644.1  1813/0078

Respectfully submitted,

By: _____

**John S. Kenefick**
State Bar No. 24006294
jkenefick@macdonalddevin.com
**Joseph F. Henderson**
State Bar No. 24036751
jhenderson@macdonalddevin.com
MACDONALD DEVIN, P.C.
1201 Elm Street, Ste. 3800
Dallas, Texas 75270-2130
214.744.3300 Telephone
214.747.0942 Facsimile

**ATTORNEYS FOR DEFENDANT
DOLPHIN LINE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2014, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

_____
JOHN S. KENEFICK/JOSEPH F. HENDERSON