## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE,** | § § § § § § § § | |
| **Plaintiffs,** | § | |
| **v.** | § | **CAUSE NUMBER: 3:11-cv-0207-N** |
| | § | |
| **TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, LLC., VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC., STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC, and DOLPHIN LINE, INC.** | § § § § § § § § § § § § § | |
| **Defendants.** | § § | |

## PLAINTIFFS' RESPONSE TO VGNA'S MOTION TO EXCLUDE THE TESTIMONY OF DR. JOSEPH L. BURTON AND BRIEF IN SUPPORT

Ollie Greene, William Greene, as Administrator of the Estate of Wyndell Greene, Sr. and Marilyn Burdette Hardeman (collectively "Plaintiffs") oppose Volvo Group North America's ("VGNA") motion to exclude the opinions and testimony of Plaintiffs' expert Dr. Joseph L. Burton ("Dr. Burton") as to the injuries and deaths of the Greene Children. (the "Motion") and files this response in opposition to the motion.

# I.     INTRODUCTION

VGNA fails to meet the threshold for exclusion of expert opinion established by *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), and its progeny.  VGNA's Motion rests on factual disputes, and its arguments misrepresent the nature and relevance of Dr. Burton's testimony.   In the absence of valid attacks on Dr. Burton's actual methodology or qualifications, VGNA's *Daubert* motion fails.  It is undisputed that the Greene children perished while traveling in and around defective automotive products.  This was complex accident and will need experts to explain the collision and the effect of it.  Dr. Burton is one of those experts.  As will be explained by both fact and expert witnesses at trial, Wyndell Greene suffered extreme pain from the collision and the fire, as well as emotional distress from the time of the accident until his death a few months later.  Lakeysha Greene and their children also suffered conscious paid and suffering as the 4Runner was underriding the Strick Trailer.  For their pain and decapitation to have occurred, there were occupant kinematics at work.  In order for the jury to understand the accident, as well as the defective designs, they will have to hear from Dr. Burton

VGNA may dispute certain factual premises and assumptions employed by Dr. Burton, but those disputes do not provide a basis for a *Daubert* challenge.

# II.     ARGUMENT AND AUTHORITIES

As VGNA cannot dispute, expert testimony is admissible under Fed.R.Evid. 702 if it "rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597.  Only if an expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury should such testimony be excluded. *Viterbo v. Dow Chem. Co*., 826 F.2d 420, 422 (5th Cir.1987).   Dr. Burton's testimony far surpasses this "liberal standard of admissibility." *Brown v. Kia Motors Corp*., 2009 WL 866846, at *5 (W.D.Pa. Mar.30, 2009); *Dorn v. Burlington N.*

*Santa Fe R.R. Co.*, 397 F.3d 1183, 1196 (9th Cir. 2005); *Moore v. Ashland Chemical, Inc.*, 126 F.3d 679 (5th Cir.1997);  *United States v Gomez*, 67 F. 3d 1515, 1525 (10th Cir. 1995).

### A.      Dr. Burton is Imminently Qualified to Provide the Opinions He Provides.

Dr. Burton received his B.A. from Emory University, Atlanta, Georgia in 1967; an M.D. from Emory University School of Medicine, Atlanta, Georgia in 1971; Board Eligible-Qualified Anatomic and Forensic Pathology by American Board of Pathology, 1976; and Forensic Pathology Boards - 1977 (passed).  He is currently a forensic pathologist - Doctor of Medicine.  He is also a consultant in Forensic and Environmental Pathology and Medicine, Chief Medical Examiner, Emeritus - Dekalb County and Senior Consulting Pathologist - Cobb, Gwinnett & Paulding County Medical Examiner's Offices-State of Georgia.  APP 173.  Dr. Burton has held appointments as Chief Medical Examiner in: Dekalb County from 1978 to 2000; Cobb County from 1978 to 1999; Paulding County from 1983 to 1999; Clayton County from 1988 to 1997; and Gwinnett County from 1988 to 1999.  He was the Director of the Forensic Pathology Training Program at Emory University School of Medicine from 1981 to 1984.  He has also served as a consultant in Forensic Pathology to various State and Southeastern United States District Attorney's Offices and United States Federal District Attorney's Offices.  Dr. Burton has been accepted as an expert in hundreds of cases in state and federal court across the United States.  APP 174.  Relevant to the issues addressed herein, he has significant expertise in scene reconstruction and injury pattern interpretation, and occupant & pedestrian injuries, injury causation, biomechanics, and occupant kinematics.  VGNA cannot deny that Dr. Burton is qualified.

### B.      VGNA Misinterprets or Misrepresents the Facts, the Law and Dr. Burton's Opinion.

The evidence is clear that Dr. Burton is of the opinion that Mr. and Mrs. Greene suffered conscious pain and suffering at the accident site.  APP 175.  There is additional evidence that

Mrs. Greene died underneath the Strick trailer.  In addition, Dr. Burton has also concluded that in Wesleigh Greene, and Wyndell Greene, Jr. also experienced conscious pain and suffering.  APP 175.  There is also eyewitness testimony, even if circumstantial, that one or both of the Greene children were conscious during a portion of the ordeal.  In addition, testimony regarding the manner of death of the children is relevant to other issues in the case including, but not limited to, understanding the accident, proving the design defects and gross negligence.  VGNA has cited to know authorities that  wholesale preclude admission of testimony such as that which is expected from Dr. Burton.  Thus, the Court should not exclude any of Dr. Burton's testimony. All of the other issues raised by VGNA deal with the weight of the evidence, not its admissibility.

### III.        CONCLUSION

For all the aforementioned reasons, Plaintiffs respectfully request that the Court deny VGNA's *Daubert* Motion and grant Plaintiffs such other and further relief, in law or in equity, to which Plaintiffs may be entitled.

Respectfully Submitted,


/s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN
State Bar No. 16049750

**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax
pittman@thepittmanlawfirm.com

/s/ Daryl K. Washington
DARYL K. WASHINGTON
State Bar No. 24013714

**LAW OFFICES OF DARYL K. WASHINGTON P.C.**
325 N. St. Paul St., Suite 1975
Dallas, Texas  75201
214-880-4883
469-718-0380 - fax
dwashington@dwashlawfirm.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 7, 2014 the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

<u>  /s/ Aubrey "Nick" Pittman        </u>
AUBREY "NICK" PITTMAN