IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE-HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, | § § § § § § § § § | |
| Plaintiffs, | § § | CAUSE NUMBER 3:11-cv-0207-N |
| v. | § § § | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC. VOLVO GROUP NORTH AMERICA, INC. VOLVO TRUCKS NORTH AMERICA, a DIVISION OF VOLVO GROUP NORTH AMERICAN, LLC, STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC and DOLPHIN LINE, INC. | § § § § § § § § § § § § | |
| Defendants. | § | |

### DEFENDANT STRICK TRAILER, LLC'S REPLY TO PLAINTIFFS' RESPONSE TO STRICK'S MOTION TO EXCLUDE MR. FRIEDMAN'S OPINIONS ON FMVSS INTERPRETATION AND COMPLIANCE (DOC 564)

### INTRODUCTION

This is Strick's Reply to Plaintiffs' Combined Response to Strick's Motions to Exclude

Friedman's Opinion on FMVSS 223 and 224 Compliance of OEM Strick Trailer and Strick's

Motion to Exclude any Reference to OEM Strick Trailer Compliance with FMVSS 223 Labeling

Requirements, each filed by Strick Trailers LLC. [Plaintiffs Resp, DOC 564] Strick's original motions and accompanying briefs are located at Docket Nos. 397 and 399.

## ARGUMENT

Plaintiffs incorrectly assert that Strick's motion is not appropriate because it is not a *Daubert* challenge. This Court's Order provides: "*All* motions relating to the admissibility of expert testimony, including *any objections to expert testimony*, must be filed by March 17, 2014." [Order entered January 2, 2014. DOC 326] (emphasis added). Moreover, there is no prohibition against filing other motions in limine prior to the deadline for all other motions in limine (May 23, 2014). [DOC. 332]. Therefore, Strick's motions are appropriate and timely.

## I.   FMVSS INTERPRETATION ON PROVIDING INSTRUCTIONS

Experts are not allowed to provide statutory interpretations. "The meaning of federal regulations is not a question of fact, to be resolved by the jury after a battle of experts. It is a question of law, to be resolved by the court." *Bammerlin v. Navistar Intern. Transp. Corp.* 30 F.3d 898, 900 (7th Cir. 1994). Plaintiffs concede this point. [Plaintiffs' Brief to Exclude the Report and Testimony of Michelle Vogler, pp 7-8. DOC 480]. Intent is derived from the words and plain meaning. *United States v. Solis-Campozano*, 312 F.3d 164, 166 (5th Cir. 2002) ("No authority need be cited for the rule that such plain meaning controls, unless it leads to an absurd result.").

As detailed in Strick's brief, FMVSS 223 and 224 only mention guard manufacturers and vehicle manufacturers. The stated purpose in each provision is the same: "to reduce the number of deaths and serious injuries that occur when light duty vehicles collide with the rear

W:\Greene\Trial Pleadings\Motions in Limine Expert\Reply Briefs\FMVSS Interpretation - Proofed\Friedman Reply FMVSS Interp & Labelling8.wpd

2

end of trailers and semitrailers." FMVSS 49 C.F.R. 571.223 S2 and § 571.224 S2.  Plaintiffs' attempt to expand that intent beyond its plain language is misplaced.  Allowing Mr. Friedman to interpret the FMVSS beyond its plain language and stated purpose, and then to provide opinions based on that interpretation, compounds the error and confusion for the jury.  Strick's motion requests this Court to interpret FMVSS 223 and 224's applicability before trial starts and to exclude Friedman's opinions that are based on another interpretation; specifically opinions on who guard manufacturers must provide instructions to.

## II. FMVSS LABELING

Plaintiffs' reply brief fails to deal with the undisputed fact that, with which even Mr. Friedman agrees, that the horizontal bar is not from the OEM Strick Dry Van trailer.  It is longer and has other acknowledged distinguishing characteristics.  FMVSS 223 requires the certification label to be placed on the horizontal bar, and not upon its required reflective tape.  Even if the horizontal bar were assumed to be a Strick bar, a "fact" issue Strick disputes,[1] Mr. Friedman's opinion the bar lacks a certification labels is speculative and Plaintiffs have offered no facts to remove the opinion from the realm of speculation.  As previously noted, FMVSS 223 requires the certification label be placed upon the horizontal bar, avoiding the reflective tape. [49 CFR §571.223, S5.3]    Plaintiffs have offered no explanation for how Mr. Friedman could see through the dirt and soot which covers many areas of the accident bar where a label could be.

---

[1] See, Strick's Motion for Summary Judgment and accompanying Brief [DOC NOs. 272-1 and 272-2], and Strick's Motion and accompanying Brief to Exclude MR. Friedman's Opinion That the ICC Rear Bumper Guard was Manufactured By Strick [DOC NO 401].

W:\Greene\Trial Pleadings\Motions in Limine Expert\Reply Briefs\FMVSS Interpretation - Proofed\Friedman Reply FMVSS Interp & Labelling8.wpd

3

Further, Mr. Friedman speculates, without evidence: (1) that, even if one assumed contrary to all evidence that the horizontal bar was a Strick bar, it was sold as part of an assembly. FMVSS 223's definition section distinguishes between "members" of a guard and the guard itself. "Rear underride guard means a device installed on or near the rear of a vehicle so that when the vehicle is struck from the rear, the device limits the distance that the striking vehicle's front end slides under the rear end of the impacted vehicle." (in other words, the entire guard assembly). "Horizontal member" is separately defined and means "the structural member of the guard that meets the configuration requirements of S5.1.1 through 5.1 3 of §571.224, when the guard is installed on a vehicle according to the guard manufacturer's installation instructions." FMVSS 223, S 5.3(c) states the letters "DOT," constituting a certification by the guard manufacturer that the guard conforms to all requirements of this standard." That includes the strength and energy absorption requirements of S5.2, which is a test of the entire 223 guard when affixed to a trailer or a fixture, not a test of a free-standing horizontal member. FMVSS 223, S.6.2. If the accident horizontal bar was purchased as a replacement component, or "member," nothing in FMVSS 223 would require it to have a label certifying FMVSS compliance. Members do not individually comply. Allowing Mr. Friedman to speculate that this horizontal bar of unknown purchase date and unknown purchase conditions is deficient for absence of a label which may not even be required is far more prejudicial than probative.

In opining that the guard fails to comply with the labeling requirements, Mr. Friedman must also speculate about the guard and guard member's unknown use, utilization, and accident history. Nothing is known about this guard (other than it was in a very violent accident) -- not whether it was in prior accidents, not whether it has been repainted, not whether it had been

W:\Greene\Trial Pleadings\Motions in Limine Expert\Reply Briefs\FMVSS Interpretation - Proofed\Friedman Reply FMVSS Interp & Labelling8.wpd

4

retaped. Mr. Friedman's opinion that the guard had no certification label at the outset is utter speculation without this history. While FMVSS 223 does require a permanent label, nothing in the standard requires a vehicle manufacturer to trail guards in the field to ensure that the label has not been removed by accident damage in prior accidents, or this accident (or painted over, or otherwise damaged by a user).

Plaintiffs do not explain what special technical, engineering or scientific knowledge Mr. Friedman has applied to reach his opinion the guard lacked a certification label when sold. He looked at two aftermarket guards which were sold without the DOT label (but with a different label identifying the guard as of Strick origin, also not seen in the photographs. He looked at an exemplar trailer that was 10 years old which clearly **had a certification label** which can come off due to damage. [DOC. 399, Ex. G - Friedman Dep. Ex. 36 p 6; App. 93]. This three-component sample is not a statistical representation that Mr. Friedman can scientifically base an opinion on. At best, Mr. Friedman's opinion is speculative.

None of of what Plaintiffs provided lays a sufficient foundation, beyond speculation, that the subject accident guard is one which (a) required a guard, since the bar may have been sold as a component part or which (b) in fact lacked a guard at the time of sale. For all of these reasons, Mr. Friedman's opinion is more prejudicial than probative and fails to satisfy the requirements of Rule 702. Speculative opinions are not admissible. The Fifth Circuit has held:

> If an opinion is fundamentally unsupported, then it offers no expert assistance to the jury. Furthermore, its lack of reliable support may render it more prejudicial than probative, making it inadmissible under Fed. R. Evid. 403. See *Barrel of Fun, Inc. v. State Farm Fire & Casualty Cp.*, 739 F. 2d 1028, 1035 (5th Cir. 1984)

W:\Greene\Trial Pleadings\Motions in Limine Expert\Reply Briefs\FMVSS Interpretation - Proofed\Friedman Reply FMVSS Interp & Labelling8.wpd

5

*Viterbo v. Dow Chem. Co.*, 826 F. 2d 420, 422 (5th Cir. 1987). Therefore, Mr. Friedman's speculative opinions must be excluded.

### III. A CERTIFICATION LABEL PROVES FMVSS 223 WAS MET; NOT THE OTHER WAY AROUND.

*Assuming arguendo* the accident guard was sold as an assembly lacking a certification label, that absence is not evidence of the underride guard's strength and integrity. Mr. Friedman speculates that the underride guard did not meet the FMVSS strength and integrity requirements based on his opinion that the underride guard failed to meet the FMVSS labeling requirements. [Ex. A - Friedman Report, p. 39 App. 3]. This is reverse logic. The presence of the the label is the manufacturer's certification that the guard does meet strength and integrity requirements. An oversight in attaching the guard does not mean the guard does not. To the contrary, Friedman admitted that Strick's OEM guard design had passed the FMVSS compliance tests. [Ex. B - Friedman Dep. pp. 503:23-504:6, App. 13-14]. In fact, Mr. Friedman testified that ***Strick's guard would have withstood the impact*** if Dolphin properly attached it. [Ex. B - Friedman Dep. p. 434:2-17, App. 12]. It is true that the accident guard was not available to test, but Mr. Friedman did not conduct strength and integrity testing of *any* guards. His conclusory and speculative opinion should not be admitted.

W:\Greene\Trial Pleadings\Motions in Limine Expert\Reply Briefs\FMVSS Interpretation - Proofed\Friedman Reply FMVSS Interp & Labelling8.wpd

6

## IV. ADEQUACY OF FMVSS NOT AT ISSUE.

Strick does not agree that the FMVSS is inadequate. However, Friedman's opinion on the standards' adequacy was not at issue in Strick's motion. Therefore, there is no need for Strick, or this Court, to address the issue at this time.

Mr. Friedman made a series of speculative conclusions instead of scientifically collecting data and testing hypotheses to validate his opinions. Allowing Mr. Friedman to provide these opinions as an expert would be highly prejudicial to Defendant Strick. It has no probative value and can only serve to confuse the jury.

## CONCLUSION

For the reasons set forth above and in Strick's to Exclude Friedman's Opinion on FMVSS 223 and 224 Compliance of OEM Strick Trailer and Strick's Motion to Exclude any Reference to OEM Strick Trailer Compliance with FMVSS 223 Labeling Requirements, Defendant Strick respectfully requests this Court to grant Strick's motions and such other and further relief, in law or in equity, to which Defendant Strick may be entitled.

        Respectfully submitted,

        DAWSON & CLARK, P.C.

        */s/ Donald H. Dawson, Jr.*

        DONALD H. DAWSON, JR.
        Texas State Bar No. 05606500
        KATHLEEN A. CLARK
        Texas State Bar No. 00788830
        243 West Congress, Suite 600
        Detroit, MI 48226
        (313) 256-8900 (Office)
        (313) 256-8913 (Facsimile)

W:\Greene\Trial Pleadings\Motions in Limine Expert\Reply Briefs\FMVSS Interpretation - Proofed\Friedman Reply FMVSS Interp & Labelling8.wpd

7

        WALTERS, BALIDO & CRAIN, LLP

        _/s/_____
        S. TODD PARKS
        Texas State Bar No. 15526520
        10440 North Central Tower, 15th Floor
        Dallas, TX 75231
        (214) 749-4805 (Office)
        (214) 760-1670 (Facsimile)

        **ATTORNEYS FOR DEFENDANT**
                    **STRICK**

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on April 21, 2014 a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

        _/s/ Donald H. Dawson, Jr._____
        DONALD H. DAWSON, JR.

W:\Greene\Trial Pleadings\Motions in Limine Expert\Reply Briefs\FMVSS Interpretation - Proofed\Friedman Reply FMVSS Interp & Labelling8.wpd

8

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE-HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, | § § § § § § § § | |
| Plaintiffs, | § § | CAUSE NUMBER 3:11-cv-0207-N |
| v. | § § | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC. VOLVO GROUP NORTH AMERICA, INC. VOLVO TRUCKS NORTH AMERICA, a DIVISION OF VOLVO GROUP NORTH AMERICAN, LLC, STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC and DOLPHIN LINE, INC. | § § § § § § § § § § § | |
| Defendants. | § | |

**DEFENDANT STRICK TRAILER, LLC'S REPLY TO PLAINTIFFS' RESPONSE TO STRICK'S MOTION TO EXCLUDE MR. FRIEDMAN'S OPINIONS ON FMVSS INTERPRETATION AND COMPLIANCE (DOC 564)**

**INTRODUCTION**

This is Strick's Reply to Plaintiffs' Combined Response to Strick's Motions to Exclude

Friedman's Opinion on FMVSS 223 and 224 Compliance of OEM Strick Trailer and Strick's

Motion to Exclude any Reference to OEM Strick Trailer Compliance with FMVSS 223 Labeling

Requirements, each filed by Strick Trailers LLC. [Plaintiffs Resp, DOC 564] Strick's original motions and accompanying briefs are located at Docket Nos. 397 and 399.

## ARGUMENT

Plaintiffs incorrectly assert that Strick's motion is not appropriate because it is not a *Daubert* challenge. This Court's Order provides: "*All* motions relating to the admissibility of expert testimony, including *any objections to expert testimony*, must be filed by March 17, 2014." [Order entered January 2, 2014. DOC 326] (emphasis added). Moreover, there is no prohibition against filing other motions in limine prior to the deadline for all other motions in limine (May 23, 2014). [DOC. 332]. Therefore, Strick's motions are appropriate and timely.

### I.   FMVSS INTERPRETATION ON PROVIDING INSTRUCTIONS

Experts are not allowed to provide statutory interpretations. "The meaning of federal regulations is not a question of fact, to be resolved by the jury after a battle of experts. It is a question of law, to be resolved by the court." *Bammerlin v. Navistar Intern. Transp. Corp.* 30 F.3d 898, 900 (7th Cir. 1994). Plaintiffs concede this point. [Plaintiffs' Brief to Exclude the Report and Testimony of Michelle Vogler, pp 7-8. DOC 480]. Intent is derived from the words and plain meaning. *United States v. Solis-Campozano*, 312 F.3d 164, 166 (5th Cir. 2002) ("No authority need be cited for the rule that such plain meaning controls, unless it leads to an absurd result.").

As detailed in Strick's brief, FMVSS 223 and 224 only mention guard manufacturers and vehicle manufacturers. The stated purpose in each provision is the same: "to reduce the number of deaths and serious injuries that occur when light duty vehicles collide with the rear

W:\Greene\Trial Pleadings\Motions in Limine Expert\Reply Briefs\FMVSS Interpretation - Proofed\Friedman Reply FMVSS Interp & Labelling8.wpd

2

end of trailers and semitrailers." FMVSS 49 C.F.R. 571.223 S2 and § 571.224 S2. Plaintiffs' attempt to expand that intent beyond its plain language is misplaced. Allowing Mr. Friedman to interpret the FMVSS beyond its plain language and stated purpose, and then to provide opinions based on that interpretation, compounds the error and confusion for the jury. Strick's motion requests this Court to interpret FMVSS 223 and 224's applicability before trial starts and to exclude Friedman's opinions that are based on another interpretation; specifically opinions on who guard manufacturers must provide instructions to.

## II. FMVSS LABELING

Plaintiffs' reply brief fails to deal with the undisputed fact that, with which even Mr. Friedman agrees, that the horizontal bar is not from the OEM Strick Dry Van trailer. It is longer and has other acknowledged distinguishing characteristics. FMVSS 223 requires the certification label to be placed on the horizontal bar, and not upon its required reflective tape. Even if the horizontal bar were assumed to be a Strick bar, a "fact" issue Strick disputes,[1] Mr. Friedman's opinion the bar lacks a certification labels is speculative and Plaintiffs have offered no facts to remove the opinion from the realm of speculation. As previously noted, FMVSS 223 requires the certification label be placed upon the horizontal bar, avoiding the reflective tape. [49 CFR §571.223, S5.3] Plaintiffs have offered no explanation for how Mr. Friedman could see through the dirt and soot which covers many areas of the accident bar where a label could be.

---

[1] See, Strick's Motion for Summary Judgment and accompanying Brief [DOC NOs. 272-1 and 272-2], and Strick's Motion and accompanying Brief to Exclude MR. Friedman's Opinion That the ICC Rear Bumper Guard was Manufactured By Strick [DOC NO 401].

W:\Greene\Trial Pleadings\Motions in Limine Expert\Reply Briefs\FMVSS Interpretation - Proofed\Friedman Reply FMVSS Interp & Labelling8.wpd

3

Further, Mr. Friedman speculates, without evidence: (1) that, even if one assumed contrary to all evidence that the horizontal bar was a Strick bar, it was sold as part of an assembly. FMVSS 223's definition section distinguishes between "members" of a guard and the guard itself. "Rear underride guard means a device installed on or near the rear of a vehicle so that when the vehicle is struck from the rear, the device limits the distance that the striking vehicle's front end slides under the rear end of the impacted vehicle." (in other words, the entire guard assembly). "Horizontal member" is separately defined and means "the structural member of the guard that meets the configuration requirements of S5.1.1 through 5.1 3 of §571.224, when the guard is installed on a vehicle according to the guard manufacturer's installation instructions." FMVSS 223, S 5.3(c) states the letters "DOT," constituting a certification by the guard manufacturer that the guard conforms to all requirements of this standard." That includes the strength and energy absorption requirements of S5.2, which is a test of the entire 223 guard when affixed to a trailer or a fixture, not a test of a free-standing horizontal member. FMVSS 223, S.6.2. If the accident horizontal bar was purchased as a replacement component, or "member," nothing in FMVSS 223 would require it to have a label certifying FMVSS compliance. Members do not individually comply. Allowing Mr. Friedman to speculate that this horizontal bar of unknown purchase date and unknown purchase conditions is deficient for absence of a label which may not even be required is far more prejudicial than probative.

In opining that the guard fails to comply with the labeling requirements, Mr. Friedman must also speculate about the guard and guard member's unknown use, utilization, and accident history. Nothing is known about this guard (other than it was in a very violent accident) -- not whether it was in prior accidents, not whether it has been repainted, not whether it had been

W:\Greene\Trial Pleadings\Motions in Limine Expert\Reply Briefs\FMVSS Interpretation - Proofed\Friedman Reply FMVSS Interp & Labelling8.wpd

4

retaped. Mr. Friedman's opinion that the guard had no certification label at the outset is utter speculation without this history. While FMVSS 223 does require a permanent label, nothing in the standard requires a vehicle manufacturer to trail guards in the field to ensure that the label has not been removed by accident damage in prior accidents, or this accident (or painted over, or otherwise damaged by a user).

Plaintiffs do not explain what special technical, engineering or scientific knowledge Mr. Friedman has applied to reach his opinion the guard lacked a certification label when sold. He looked at two aftermarket guards which were sold without the DOT label (but with a different label identifying the guard as of Strick origin, also not seen in the photographs. He looked at an exemplar trailer that was 10 years old which clearly **had a certification label** which can come off due to damage. [DOC. 399, Ex. G - Friedman Dep. Ex. 36 p 6; App. 93]. This three-component sample is not a statistical representation that Mr. Friedman can scientifically base an opinion on. At best, Mr. Friedman's opinion is speculative.

None of of what Plaintiffs provided lays a sufficient foundation, beyond speculation, that the subject accident guard is one which (a) required a guard, since the bar may have been sold as a component part or which (b) in fact lacked a guard at the time of sale. For all of these reasons, Mr. Friedman's opinion is more prejudicial than probative and fails to satisfy the requirements of Rule 702. Speculative opinions are not admissible. The Fifth Circuit has held:

> If an opinion is fundamentally unsupported, then it offers no expert assistance to the jury. Furthermore, its lack of reliable support may render it more prejudicial than probative, making it inadmissible under Fed. R. Evid. 403. See *Barrel of Fun, Inc. v. State Farm Fire & Casualty Cp.*, 739 F. 2d 1028, 1035 (5th Cir. 1984)

W:\Greene\Trial Pleadings\Motions in Limine Expert\Reply Briefs\FMVSS Interpretation - Proofed\Friedman Reply FMVSS Interp & Labelling8.wpd

5

*Viterbo v. Dow Chem. Co.*, 826 F. 2d 420, 422 (5th Cir. 1987). Therefore, Mr. Friedman's speculative opinions must be excluded.

### III.  A CERTIFICATION LABEL PROVES FMVSS 223 WAS MET; NOT THE OTHER WAY AROUND.

*Assuming arguendo* the accident guard was sold as an assembly lacking a certification label, that absence is not evidence of the underride guard's strength and integrity.  Mr. Friedman speculates that the underride guard did not meet the FMVSS strength and integrity requirements based on his opinion that the underride guard failed to meet the FMVSS labeling requirements. [Ex. A - Friedman Report, p. 39 App. 3].  This is reverse logic.  The presence of the the label is the manufacturer's certification that the guard does meet strength and integrity requirements.  An oversight in attaching the guard does not mean the guard does not.  To the contrary, Friedman admitted that Strick's OEM guard design had passed the FMVSS compliance tests. [Ex. B - Friedman Dep. pp. 503:23-504:6, App. 13-14].  In fact, Mr. Friedman testified that ***Strick's guard would have withstood the impact*** if Dolphin properly attached it.  [Ex. B - Friedman Dep. p. 434:2-17, App. 12].  It is true that the accident guard was not available to test, but Mr. Friedman did not conduct strength and integrity testing of *any* guards.  His conclusory and speculative opinion should not be admitted.

W:\Greene\Trial Pleadings\Motions in Limine Expert\Reply Briefs\FMVSS Interpretation - Proofed\Friedman Reply FMVSS Interp & Labelling8.wpd

6

**IV.     ADEQUACY OF FMVSS NOT AT ISSUE.**

Strick does not agree that the FMVSS is inadequate.  However, Friedman's opinion on the standards' adequacy was not at issue in Strick's motion.  Therefore, there is no need for Strick, or this Court, to address the issue at this time.

Mr. Friedman made a series of speculative conclusions instead of scientifically collecting data and testing hypotheses to validate his opinions.  Allowing Mr. Friedman to provide these opinions as an expert would be highly prejudicial to Defendant Strick.  It has no probative value and can only serve to confuse the jury.

## CONCLUSION

For the reasons set forth above and in Strick's to Exclude Friedman's Opinion on FMVSS 223 and 224 Compliance of OEM Strick Trailer and Strick's Motion to Exclude any Reference to OEM Strick Trailer Compliance with FMVSS 223 Labeling Requirements, Defendant Strick respectfully requests this Court to grant Strick's motions and such other and further relief, in law or in equity, to which Defendant Strick may be entitled.

> Respectfully submitted,
>
> DAWSON & CLARK, P.C.
>
>   */s/ Donald H. Dawson, Jr.*
>
> DONALD H. DAWSON, JR.
> Texas State Bar No. 05606500
> KATHLEEN A. CLARK
> Texas State Bar No. 00788830
> 243 West Congress, Suite 600
> Detroit, MI 48226
> (313) 256-8900 (Office)
> (313) 256-8913 (Facsimile)

W:\Greene\Trial Pleadings\Motions in Limine Expert\Reply Briefs\FMVSS Interpretation - Proofed\Friedman Reply FMVSS Interp & Labelling8.wpd

7

WALTERS, BALIDO & CRAIN, LLP

 /s/
S. TODD PARKS
Texas State Bar No. 15526520
10440 North Central Tower, 15th Floor
Dallas, TX 75231
(214) 749-4805 (Office)
(214) 760-1670 (Facsimile)

**ATTORNEYS FOR DEFENDANT STRICK**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 21, 2014 a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

 /s/ Donald H. Dawson, Jr.
DONALD H. DAWSON, JR.

W:\Greene\Trial Pleadings\Motions in Limine Expert\Reply Briefs\FMVSS Interpretation - Proofed\Friedman Reply FMVSS Interp & Labelling8.wpd

8