IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE-HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE,<br>　　　Plaintiffs<br><br>V.<br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, INC., VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, INC., STRICK CORPORATION, INC., JOHN FAYARD MOVING & WAREHOUSE, LLC, and DOLPHIN LINE, INC.<br>　　　Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § | CASE NUMBER: 3:11-cv-0207-N |

**DEFENDANT STRICK TRAILERS, LLC'S REPLY BRIEF TO PLAINTIFFS'
RESPONSE TO DEFENDANT STRICK'S  MOTION TO EXCLUDE EXPERT
TESTIMONY OF DR. STAN SMITH**

COMES NOW, Defendant Strick Trailers, LLC. and files this its Reply Brief in Support of

its Motion to Exclude Expert Testimony of Dr. Stan Smith and, respectfully, would show unto the

Court as follows:

Defendant moves this Court for the requested relief pursuant to FEDERAL RULES OF CIVIL EVIDENCE 702 and 703 and the United States Supreme Court's decision in *Daubert v. Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny.

## I. INTRODUCTION

Plaintiffs filed their response to Defendants' Motion to Exclude the Testimony of Dr. Stan Smith. In their response, Plaintiffs argue that Dr. Smith be permitted to testify regarding damages for lost wages and benefits, loss of household/family, loss of value of life, loss of society or relationship, and life expectancy. Plaintiffs claim that Dr. Smith is a qualified expert in his field and that his opinions regarding the above-listed issues are relevant and reliable.

Under FEDERAL RULE OF EVIDENCE 702 and *Daubert*, a witness may not provide expert testimony at trial unless the testimony is both reliable and relevant. To be admissible, the expert's opinions must be (1) scientifically valid, (2) based on specialized knowledge, skill, experience, training, and (3) helpful to the trier of fact. *Id*.

Plaintiffs employed Smith to render opinions as to the economic loss to Plaintiffs resulting from the deaths of Wyndell Greene, Sr., Lakeysha Greene, Wyndell Greene, Jr. and Wesleigh Greene. Smith opined regarding loss of support to Plaintiffs, lost earning capacity of the Greene children, and loss of value of life and household services. Smith's opinions are purely speculative and (1) not based on scientifically valid methods nor (2) helpful to the trier of fact. As a result, his testimony fails to satisfy the requirements of *Daubert* and should not be admissible in trial.

Nothing in Plaintiffs' response to Defendants' Motions to Exclude Dr. Smith change the fact that Smith's opinions are speculative and fail to satisfy *Daubert* requirements.

## II. ARGUMENT AND AUTHORITIES

Defendant maintains that Smith's testimony must be excluded in its entirety as his opinions are not scientifically valid. FRE 702. The United States Supreme Court concluded that the Rule requires the trial court to act as gatekeeper to find proffered expert evidence (1) reliable and (2) relevant before it can be admitted at trial. *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). To do this a court must determine whether: the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and whether that reason or methodology can be applied to the facts in issue. *Id*. at 592-93.

In order to be found "reliable" and expert's testimony must reflect scientific knowledge and be scientifically valid. There are a number of factors which must be examined to determine if proposed testimony is supported by the scientific community.

The role of gatekeeper is bolstered by FEDERAL RULE OF EVIDENCE 104, which provides that the court shall determine preliminary questions concerning the qualifications of a person to be a witness and the reliability of their opinions. Thus, when the trial court determines either that an expert lacks the requisite qualifications or that his or her testimony does not assist the fact finder in understanding a complex and relevant issue, then the court should bar the introduction of that testimony as evidence.

Plaintiffs claim that Smith's testimony is relevant and reliable as he has the educational background necessary to opine regarding economic issues and he published articles in the field of economics. However, in this matter, his proposed opinions are not based on scientific inquiry and study, but merely his personal views. The proposed testimony will not assist the jury, because it merely consists of Smith's opinions regarding the value of life of Mr. and Mrs. Greene, and opinions regarding the loss of support to the Plaintiffs based on subjective information obtained in interviews with the Plaintiffs. Thus, Defendant Strick asks this Court to exercise its gatekeeping function and exclude Smith's proposed testimony in its entirety.

Plaintiffs claim that Smith's opinions regarding lost wages and benefits are supported by Ollie Greene's statements that she received support from the decedents. These statements by Ollie Greene were obtained during Smith's interview with Plaintiff. Thus, his opinions are based on subjective interviews and are not reliable.

The law is firmly established that the trial court has a duty to determine not only whether evidence is relevant, but also whether it is reliable. *Daubert*; FED. R. EVID. 702. To survive the reliability test, the methods, analysis, and principles relied on by the expert must be reliable.

Because Smith formed his opinions largely based on interviews with the Plaintiffs regarding the loss they experienced as a result of this incident, his opinions are based on subjective material, instead of objective economic analysis and facts. (Depo[p.27]:[l.12–19]; [p.61]:[l.24]–[p.62]:[l.4]; [p.73]:[l.7–12]). Thus, his opinions are not reliable and should not be admissible at trial.

Further, Smith's testimony does not assist the trier of fact. The Federal Rules of Evidence require that expert testimony assist the trier of fact. FED. R. EVID. 702. *Daubert* requires the trial court determine whether the evidence or testimony assists the trier of fact in understanding the evidence or determining a fact in issue. The standard of helpfulness "requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Daubert* at 591-592. The scientific testimony must "fit" the issue to which the expert is testifying. If the testimony fails to assist the fact finder to understand a complex relevant issue, then the court should bar the introduction of that testimony as evidence. Stephenson's lack of methodology and reliability makes his testimony valueless to the trier of fact and requires its exclusion.

Smith also testified regarding the loss of support to Plaintiff Marilyn Hardeman for Mrs. Greene's death. Again, these opinions are not based in reliable scientific economic principles, but on subjective interviews with Plaintiff. (Report Exh. 5 [p.4]; [p.9]) Smith's opinions must be excluded as they are merely speculation and conjecture and not reliable.

Plaintiffs argue that Smith's opinions regarding hedonic damages should be admitted. However, in Texas, hedonic damages are not accepted as an appropriate measure of damages. Further, Smith's opinions regarding hedonic damages are not reliable.

Smith testified regarding the lost earning capacity of the Greene children. He assigned amounts for loss of value of life as well as loss of household services for both Wyndell, Jr. and Wesleigh. (Report Exh. 6; Exh. 7). However, these opinions are not relevant considering this Court's previous dismissal of the wrongful death actions regarding the children. Considering these damages are not recoverable in survival actions, Smith's opinions are irrelevant and unduly

prejudicial. Smith's opinions must be excluded in the trial of this matter.

## V.  CONCLUSION AND PRAYER

Smith's opinions are not reliable and relevant under the Federal Rules of Evidence. The facts and data underlying Smith's opinions do not provide a sufficient basis for Smith's opinions and are therefore inadmissible under the Rules. Permitting Smith to testify would result in unfair prejudice and would confuse and mislead the jury.

For these reasons, Defendant respectfully requests that the Court exclude Smith's testimony, report and opinion. In the alternative, Defendant requests this Court limit Smith's testimony and opinion as appropriate under the applicable standards for the admission of expert testimony. Finally, Defendant requests that the Court award it any other relief to which it is justly entitled.

Respectfully submitted:

*/s/ Ashley de la Cerda*

**S. TODD PARKS**
State Bar No.: 15526520
Todd.parks@wbclawfirm.com
**ASHLEY DE LA CERDA**
State Bar No.: 24045760
ashley.delacerda@wbclawfirm.com
**Walters, Baildo & Crain, LLP**
10440 North Central Expressway, 15th Floor
Dallas, Texas 75231
214-749-4805
Fax: 214-760-1670

          */s/ Donald H. Dawson, Jr.*
          _____
          **DONALD H. DAWSON, JR.**
          State Bar No.: 05606500
          ddawson@dawson-clark.com
          **KATHLEEN A. CLARK**
          State Bar No.: 00788830
          kclark@dawson-clark.com

          **Dawson & Clark, P.C.**
          243 W. Congress
          600 Marquette Building
          Detroit, MI 48226
          313-256-8900
          Fax: 313-256-8913

          **ATTORNEYS FOR STRICK TRAILER, LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing documents has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 21st day of April 2014.

          */s/ Ashley de la Cerda*
          _____
          ASHLEY DE LA CERDA