IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the Surviving Parent of WYNDELL GREENE, SR., et al., | § § § § | |
| Plaintiffs, | § § | CASE NO.: 3:11-CV-00207-N |
| vs. | § § | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION et al., | § § § § | |
| Defendants. | § | |

**DEFENDANT VOLVO GROUP NORTH AMERICA, LLC'S
REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE THE REPORT,
TESTIMONY AND EVIDENCE OF PLAINTIFFS' EXPERT RHOADS STEPHENSON**

Defendant VOLVO GROUP NORTH AMERICA, LLC ("VGNA") files this reply brief in support of its Motion to Exclude the Report, Testimony and Evidence of Plaintiffs' Expert R. Rhoads Stephenson (Docket #460), respectfully showing:

**I. ARGUMENT AND AUTHORITIES**

1.   Plaintiffs did not even meaningfully respond to the arguments made in VGNA's motion to exclude Rhoads Stephenson.  Instead, their response (Docket #566) is simply a cut-and-paste from their response (Docket #565) to Toyota's motion to exclude Stephenson.  Indeed, much if not most of their response to VGNA's motion to exclude addresses matters pertaining to Toyota and the 4Runner.  *See, e.g.*, Plaintiffs' Reply at pp. 6-13.

2.   Plaintiffs have fallen short meeting of their burden to prove that Stephenson has the qualifications to offer any opinions regarding VGNA or the Volvo tractor – whether pertaining to heavy truck front-end design, "crash compatibility," "energy-absorption," collision warning systems, or heavy truck brakes.

1

3.      Even if Stephenson were somehow qualified to offer any opinions regarding such matters – he clearly is not – Plaintiffs have not met their burden regarding the reliability and relevance requirements of FRE 702 and *Daubert*.  Among other things, they have not shown that Stephenson followed any discernable methodology with respect to VGNA or the Volvo tractor; that he did any case-specific testing or analysis regarding the tractor, or that any opinion that he might otherwise offer regarding the tractor is both reliable and relevant.  In fact, they have not showed that Stephenson had *any independent opinion at all* regarding the Volvo tractor. (Instead, as VGNA demonstrated in its motion to exclude, Stephenson's role on the Friedman "Volvo report" was simply as an editor or proofreader.)

4.      There is no "battle of the experts" situation here for which cross-examination of Stephenson at trial is the proper remedy, as plaintiffs argue in closing. Stephenson's report and testimony – at least insofar as it relates to VGNA and the Volvo tractor – should be excluded in their entirety.

## II. CONCLUSION AND PRAYER

Rhoad Stephenson's report, testimony and evidence as to VGNA and the Volvo tractor should be excluded because Stephenson lacks the proper qualifications; because his opinions do not satisfy the reliability and relevance requirements of FRE 702 and *Daubert*; and because his disclosures were untimely and inadequate.

Respectfully submitted,

HOWRY BREEN & HERMAN, LLP

_____
Randy Howry
State Bar No. 10121690
rhowry@howrybreen.com
John E. Carlson
State Bar No. 00790426
jcarlson@howrybreen.com
1900 Pearl Street
Austin, Texas 78705-5408
(512) 474-7300
(512) 474-8557 FAX

**ATTORNEYS FOR DEFENDANT VOLVO GROUP NORTH AMERICA, LLC**

### CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2014, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure by electronic service through the court's ECF system in compliance with Federal Rules of Civil Procedure 5(b)(2)(E) and 5(b)(3).

_____
Randy Howry