IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-207-N |
| | § | |
| TOYOTA MOTOR CORPORATION, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

This Order addresses Defendant Dolphin Line, Inc.'s ("Dolphin Line") motion for summary judgment [Doc. 262] and Defendant John Fayard Moving & Warehouse, LLC's ("Fayard") motion for summary judgment [265]. For the following reasons, the Court grants the motions in part and denies them in part.[1]

### I. THE CAR ACCIDENT

On May 28, 2010, Wyndell Greene, Sr., LaKeysha Greene, and their children Wyndell Greene II and Wesleigh Greene were traveling in the family's 2010 Toyota 4Runner on Interstate Highway 20 when traffic slowed.[2] A Volvo semi-tractor trailer behind the Greenes

---

[1]In their responses to the summary judgment motions, Plaintiffs ask this Court to strike Fayard's motion pursuant to Local Rule 56.3 and to strike both Fayard and Dolphin Line's motions pursuant to Plaintiffs' earlier motion for sanctions for spoliation of evidence. *See* Pls.' Resp. Dolphin Line 1–2 [316]; Pls.' Resp. Fayard 1–2 [313]. The Court denies both requests.

[2]The Court draws these alleged facts from Plaintiffs' second amended complaint [113] and responses to the motions for summary judgment.

ORDER – PAGE 1

applied its brakes but rear-ended the Toyota 4Runner. The collision caused the Toyota 4Runner to hit a 2006 Toyota Corolla in front of it. The Toyota 4Runner then slid into the rear of a trailer manufactured by Strick, owned by Dolphin Line, and operated by Fayard Moving. Daniel Sprinkle, who was hired by Fayard to drive the trailer, was driving the trailer at the time of the accident.

As a result of the collision, the Toyota 4Runner caught fire. Wyndell Greene II was decapitated during the accident, and Wesleigh Greene died after being trapped in the car during the fire. LaKeysha Greene, who was wearing a seatbelt restraint, was thrown from the vehicle and died from the trauma. Wyndell Greene, Sr. survived the car accident but succumbed to his injuries three months later.

Plaintiffs Ollie Greene (Wyndell Greene, Sr.'s parent), William Greene (representative of the estate of Wyndell Greene, Sr.), and Marilyn Burdette-Hardeman (LaKeysha Greene's parent) filed suit against the Defendants in February 2011. Their amended complaint asserts claims for wrongful death, survival action, negligence, and strict liability against Fayard and Dolphin Line. Plaintiffs allege that defects in the trailer rendered it unsafe and caused the Greenes' deaths. Plaintiffs argue that Fayard, as operator of the trailer, and Dolphin Line, as owner, are liable for defects in the trailer. Plaintiffs further argue that Fayard and Dolphine Line are responsible for the driver's allegedly negligent operation of the trailer. Dolphin Line and Fayard now move for summary judgment.

## II. STANDARD FOR SUMMARY JUDGMENT

A trial court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, a court must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, "conclusory allegations, speculation, and unsubstantiated

assertions" will not satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). Indeed, factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (citing *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. DOLPHIN LINE'S SUMMARY JUDGMENT MOTION

Dolphin Line's summary judgment motion makes two arguments. First, Dolphin Line argues that Plaintiffs do not have standing to bring all of their wrongful death claims. Second, Dolphin Line argues that Plaintiffs' negligence and gross negligence claims fail because Plaintiffs cannot establish that Dolphin Line's trailer was a proximate cause of the accident and Plaintiffs' injuries. The Court agrees that Plaintiffs lack standing to assert several of their wrongful death claims and grants Dolphin Line's motion as to those claims. However, the Court holds that Plaintiffs have raised a genuine issue of material fact as to the proximate cause of the accident and denies summary judgment as to Plaintiffs' negligence and gross negligence claims.

#### A. *Wrongful Death*

The Court previously granted summary judgment to Toyota, Volvo, and Strick on certain of Plaintiffs' wrongful death claims. Order, Dec. 19, 2012 [130]; Order, May 16, 2013 [156]. Dolphin Line now seeks summary judgment on the same claims. For the

reasons set out in its previous orders, the Court grants Dolphin Line's motion. Dolphin Line is therefore entitled to summary judgment on the following claims: (1) all wrongful death claims arising from the deaths of Wesleigh Greene or Wyndell Greene, II; (2) Ollie Greene's wrongful death claim for the death of LaKeysha Greene; (3) Marilyn Burdette Hardeman's wrongful death claim for the death of Wyndell Greene, Sr.; (4) the Estate of Wyndell Greene, Sr.'s wrongful death claim for the death of LaKeysha Greene; and (5) Ollie Greene's and Marilyn Burdette Hardeman's claims for exemplary damages.

### B. *Negligence and Gross Negligence*

Next, Dolphin Line asks this Court to grant it summary judgment as to Plaintiffs' negligence and gross negligence claims. It argues that Plaintiffs cannot prove that Dolphin Line's trailer proximately caused the accident or the Greenes' injuries. Dolphin Line contends that the "location of Defendants' truck is too remotely connected to the fatal collision to constitute a legal cause of the Plaintiffs' injuries. It was not a substantial factor." Dolphin Line Br. 12 [263]. The Court disagrees.

To state a negligence claim under Texas law, a plaintiff must show that the defendant owed a duty to the plaintiff, the defendant breached that duty, and that the breach of the duty was the proximate cause of the plaintiff's injury. *Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex. 1998). Proximate cause has two elements: cause-in-fact and foreseeability. *City of Gladwater v. Pike*, 727 S.W.2d 514, 517 (Tex. 1987). "Cause in fact means that the omission or act involved was a substantial factor in bringing about the injury and without which no harm would have occurred. Foreseeability requires that the actor, as a person of ordinary

intelligence, would have anticipated the danger that his negligent act created for others." *Id.* (citations omitted). Dolphin Line's motion addresses only the "cause-in-fact" element of proximate cause. Dolphin Line Br. 9–12.

Plaintiffs allege that Dolphin Line was negligent in two ways. First, Plaintiffs claim that Dolphin Line failed to properly install, inspect, and maintain an ICC bumper on its trailer. Second, Plaintiffs claim that Sprinkle, the driver at the time of the accident, operated the vehicle in a negligent way.[3]

With respect to the bumper, Plaintiffs argue that defects in the design, manufacture, and installation of the rear bumper contributed to the gravity of the accident and the injuries suffered. To show that these defects were the cause-in-fact of Plaintiffs' injuries, Plaintiffs present evidence that certain defects in the trailer's bumper caused the "dislodging of the underride guard, without absorbing any energy, [which] led to the Toyota 4Runner [traveling] underneath the Strick Trailer all the way up to the Trailer's mud flaps and tandem axles." Pls.' Resp. Dolphin Line 11. The failure of the underride guard increased the severity of the accident. For example, Plaintiffs present evidence that LaKeysha Greene was ejected from the 4Runner as it traveled underneath the trailer and that she died as a result of injuries sustained from striking her head on the components underneath the trailer. *Id.* at 12.

In addition to their product defect negligence claims, Plaintiffs also present evidence that Sprinkle stopped too suddenly, failed to keep a proper lookout for vehicles behind him,

---

[3]Dolphin Line does not contend that it is not vicariously liable for the actions of Sprinkle, who Plaintiffs allege is an agent of Dolphin Line and Fayard. The Court thus does not address vicarious liability in this opinion.

and failed to evade the accident. *See* Pls.' Resp. Dolphin Line 19–20, 22–24. Plaintiffs offer evidence that Sprinkle's decision to stop suddenly was a cause in fact. Plaintiffs' expert witness testified that Sprinkle had 125 feet of highway in front of the tractor trailer and could have stopped more gradually, which might have avoided or lessened the impact between the Greenes' vehicle and the tractor trailer. *Id.* Thus, Plaintiffs have presented sufficient evidence to raise a fact issue as to whether Sprinkle's driving proximately caused Plaintiffs' injuries. Because the Court concludes that Plaintiffs have shown that there is an actual controversy as to proximate cause, the Court denies Dolphin Line's motion.

### IV. FAYARD'S SUMMARY JUDGMENT MOTION

Fayard contends that there is no evidence to support Plaintiffs' strict liability or negligence claims. Though Plaintiffs provide evidence to support their negligence claim, they fail to show that Fayard may be held strictly liable for the truck's product defect. The Court therefore grants Fayard's motion as to the strict liability claim and denies it as to the negligence claim.

#### A. *Strict Liability*

Fayard argues that it cannot be held strictly liable for any defects in the ICC bumper because it is not a proper defendant under Texas law. According to Fayard, only one who *sells* a product is subject to strict liability for a product defect. *See* Fayard Br. 11 [266]. Because Fayard operated the vehicle and did not sell it, Fayard contends that it is not liable on Plaintiffs' strict products liability claim. *Id.* at 11–12.

Though Fayard misstates the law, it is correct that Fayard has not placed the trailer into the stream of commerce and thus cannot be held strictly liable for the alleged product defect. In *FFE Transp. Servs., Inc. v. Fulgham*, the Texas Supreme Court held that "strict products liability is inapplicable when . . . a company gratuitously provides a product to an independent contractor working for the company for the sole purpose of accomplishing the company's business purposes." 154 S.W.3d 84, 85 (Tex. 2004). In that case, as here, FFE, a company transporting freight by motor vehicle, hired a driver to transport goods using FFE's trailers. *Id.* at 86. The driver got into an accident with the plaintiffs' vehicle. *Id.* FFE only authorized the driver to use FFE trailers for FFE business and did not lease the trailers to anyone other than its employees and independent contractors. *Id.* at 86–87. Under Texas law, the defendant need not actually sell the product to incur strict liability, but he must be "engaged in the business of introducing the product into the channels of commerce." *Id.* at 88 (quoting *Armstrong Rubber Co. v. Urquidez*, 570 S.W.2d 374, 375 (Tex. 1978)). The Texas Supreme Court found that because FFE "used its trailers solely for its own business purposes," it did not put the trailers into the stream of commerce. *Id.* at 89. Thus, it could not be held strictly liable for the trailer's defects.

Here, Plaintiffs allege that Fayard, a moving company, hired Sprinkle to pick up a load from Alabama and transport it to several locations in Oklahoma City and Dallas. Pls.' Resp. Fayard 4–5. Plaintiffs allege that Sprinkle, in driving the trailer, was acting in furtherance of Fayard's business objectives and was Fayard's agent. *Id.* at 5. Plaintiffs do not allege that Fayard leased vehicles to consumers or other third parties who did not work

for Fayard. Thus, Fayard did not put the trailer into the stream of commerce and cannot be held strictly liable under a products defect theory. The Court grants summary judgment for Fayard on Plaintiffs' strict products liability claim.[4]

### B. Negligence

Fayard also argues that the Plaintiffs have no evidence in support of their negligence claim against Fayard. To succeed on their negligence claim, as previously discussed, Plaintiffs must show that Fayard owed a duty to them, Fayard breached that duty, and that the breach of the duty injured Plaintiffs. *Praesel*, 967 S.W.2d at 394. Fayard argues that Plaintiffs cannot show that Fayard owed a legal duty to repair or maintain the trailer or the bumper; that Fayard breached that duty; or that the alleged breach caused the accident. Fayard Br. 12–13. Fayard also argues that the plaintiffs cannot show that Fayard's driver breached his duty of ordinary care. *Id.* at 13.

To the contrary, Plaintiffs present legal and factual support for each element of its negligence claim against Fayard. As a matter of law, Fayard and its driver at least had a duty

---

[4]Plaintiffs appear to cite the Federal Motor Carrier Safety Regulations (the "FMCSR") to show that the product was defective under a strict products liability theory. Pls.' Resp. Fayard 7. To the extent Plaintiffs suggest that Fayard may be held strictly liable for alleged violations of the FMCSR, this argument fails. "Violation of the FMCSR does not, in and of itself, create a cause of action for an injured plaintiff." *Harris v. MVT Servs., Inc.*, 2007 WL 2609780, at *1 (S.D. Miss. 2007) (citing *Stewart v. Mitchell Transp.*, 241 F. Supp. 2d 1216, 1220 (D. Kan. 2002); *Schramm v. Foster*, 341 F. Supp. 2d 536, 547 (D. Md. 2004)). Violation of a federal statute can constitute negligence per se, however. *See Freudiger v. Keller*, 104 S.W.3d 294, 296 (Tex. App. – Texarkana 2003, pet. denied) ("Negligence per se is a concept adopted by civil courts in which a duty is based on a standard of conduct created by a statute rather than on the reasonably prudent person test used in pure negligence claims." (citing *Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex.1997)).

to exercise reasonable care. *See Lukasik v. San Antonio Blue Haven Pools, Inc.*, 21 S.W.3d 394, 403 (Tex. App. – San Antonio 2000, no pet.) ("Every person has a duty to exercise reasonable care to avoid a foreseeable risk of injury to others." (citing *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987))). Plaintiffs offer evidence showing that Fayard breached this duty by (1) failing to comply with provisions of the FMCSR regarding the requirements for the trailer's underride guard, inspecting and operating the trailer, and record keeping (a negligence per se theory) and (2) by entrusting the trailer to an undertrained driver. *See* Pls.' Resp. Fayard 17–19, 21–22. Plaintiffs further offer evidence that Sprinkle, as Fayard's agent, breached the duty of reasonable care by operating the vehicle in a negligent way. *Id.* at 19–21. Finally, Plaintiffs provide evidence showing that Fayard and Sprinkle's breach of duty caused the accident and the injuries to the deceased. *Id.* at 21–27. Plaintiffs have shown that they have evidence to support each essential element of their claim. The Court therefore denies summary judgment on Plaintiffs' negligence claim.

## CONCLUSION

For the foregoing reasons, the Court grants the motions in part and denies them in part. Specifically, the Court

(1) grants Dolphin Line's motion as to certain of Plaintiffs' wrongful death claims;

(2) denies Dolphin Line's motion as to Plaintiffs' negligence and gross negligence claims;

(3) grants Fayard's motion as to Plaintiffs' strict products liability claim; and

(4) denies Fayard's motion as to Plaintiffs' negligence claim.

Signed May 5, 2014.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 11