IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:11-CV-207-N |
| TOYOTA MOTOR CORPORATION, *et al.*, | § § § § | |
| Defendants. | § § | |

# ORDER

This Order addresses Defendant Strick Trailers, LLC's ("Strick") motion for summary judgment [Doc. 271-1] and Plaintiffs' motion to strike Strick's reply brief and evidence [384]. The Court grants Plaintiffs' motion to strike and denies Strick's motion for summary judgment.

## I. THE CAR ACCIDENT

On May 28, 2010, Wyndell Greene, Sr., LaKeysha Greene, and their children Wyndell Greene II and Wesleigh Greene were traveling in the family's 2010 Toyota 4Runner on Interstate Highway 20 when traffic slowed.[1] A Volvo semi-tractor trailer behind the Greenes applied its brakes but rear-ended the Toyota 4Runner. The collision caused the Toyota 4Runner to hit a 2006 Toyota Corolla in front of it. The Toyota 4Runner then slid into the

---

[1]The Court draws these alleged facts from Plaintiffs' second amended complaint [113] and response to the motion for summary judgment.

rear of a trailer manufactured by Strick, owned by Dolphin Line, and operated by Fayard Moving.

As a result of the collision, the Toyota 4Runner caught fire. Wyndell Greene II was decapitated during the accident, and Wesleigh Greene died after being trapped in the car during the fire. LaKeysha Greene, who was wearing a seatbelt restraint, was thrown from the vehicle and died from the trauma. Wyndell Greene, Sr. survived the car accident but succumbed to his injuries three months later.

Plaintiffs Ollie Greene (Wyndell Greene, Sr.'s parent), William Greene (representative of the estate of Wyndell Greene, Sr.), and Marilyn Burdette-Hardeman (LaKeysha Greene's parent) filed suit against Defendants in February 2011. Their amended complaint asserts claims for wrongful death, survival action, negligence, and strict liability.[2] Plaintiffs allege that the ICC bumper on the back of the Strick trailer was defective. Strick contends that the ICC bumper is not a Strick product but rather is a non-Strick aftermarket product that was sold and installed by a third party. Strick thus moves for summary judgment as to all of the Plaintiffs' remaining claims against it.

## II. THE COURT GRANTS PLAINTIFFS' MOTION TO STRIKE

The Court first addresses Plaintiffs' motion to strike evidence submitted with Strick's reply in support of its motion for summary judgment. Strick's reply attaches the Declaration of James J. Jackson, Strick's corporate representative, along with several documents

---

[2]The Court granted summary judgment in favor of Strick as to Plaintiffs' misrepresentation claim. *See* Order, Nov. 25, 2013 [245].

delineating Strick's general practices regarding the design, manufacture, installation, and inspection of Strick trailers and bumpers. *See* Strick's Reply Mot. Summ. J., Ex. 1 [373-1]. These documents were not submitted with Strick's opening brief, nor where they produced before the close of discovery. *See* Pls.' Mot. Strike 4–7.

A movant may not submit, and the Court will not consider, new evidence with a reply brief. *Dethrow v. Parkland Health Hosp. Servs.*, 204 F.R.D. 102, 103 (N.D. Tex. 2001). The purpose of a reply brief is to "rebut the nonmovant's response, thereby persuading the court that the movant is entitled to the relief requested in the motion." *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239–40 (N.D. Tex. 1991). It is not an opportunity to submit evidence or make arguments not previously raised in the opening brief.

Strick contends that the new evidence was submitted purely to rebut Plaintiffs' expert Keith Friedman's statement that the bumper tubes in the accident were "substantially similar, if not identical" to those used in Strick bumpers, an opinion Strick claims to have first learned was relevant when Plaintiffs filed their response. Strick's Resp. Mot. Strike 3, 5 [505]. But this argument fails for three reasons. First, Strick cites Jackson's deposition testimony regarding bumper tubes in its opening brief as evidence that the bumper involved in the accident was not manufactured by Strick. *See* Strick's Mot. Summ. J. 6. Thus, Strick was aware that the bumper tubes were relevant to identifying the origin of the bumper before Friedman's deposition. Second, the new evidence in the reply is not limited to the bumper tubes; rather, it relates to other component parts of the bumper relevant to identifying its manufacturer and to Strick's quality assurance policies. *See, e.g.*, *id.*, Ex. 1-C (trailer

inspection checklist). Finally, even if the evidence was intended solely for rebuttal, Strick is still not entitled to submit new evidence with a reply brief. "[A] summary judgment movant may not, as of right, file an appendix in support of his reply brief." *Dethrow*, 204 F.R.D. at 104. For the aforementioned reasons, and particularly in light of the late disclosure of the evidence, the Court concludes that consideration of the evidence would unduly prejudice Plaintiffs. The Court thus grants Plaintiffs' motion and strikes the evidence attached to Strick's reply brief.

### III. THE COURT DENIES STRICK'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs accuse Strick of designing and manufacturing a defective ICC rear bumper on the trailer involved in the accident. *See* 2d Am. Compl. ¶¶ 68, 89. Specifically, Plaintiffs allege:

> [T]he trailer did not have strength and energy-absorbing features that optimized the prevention of the underride hazard for vehicles that might crash into the rear of the trailer; and the ICC rear bumper was grossly ineffective in its failure to prevent the intrusion into and crushing of compartments of the Toyota 4Runner.

*Id.* ¶ 68. Strick denies that the bumper is a Strick product and claims that the bumper was installed after Strick sold the trailer. *See* Strick's Mot. Summ. J. 1–2. Strick thus argues that it cannot be held liable for any defect in the bumper. Plaintiffs, however, present expert testimony that the ICC bumper did resemble a Strick bumper. After considering the evidence presented by both parties,[3] the Court holds that there is a genuine issue of material fact as to

---

[3]The Court considers the evidence attached to Strick's opening brief and Plaintiffs' response. The Court does not consider the evidence included with Strick's reply brief for the

whether Strick manufactured the ICC bumper involved in the accident. The Court therefore denies summary judgment.

### A. *Standard for Summary Judgment*

A trial court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, a court must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

---

reasons discussed in section II.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). The Court resolves factual controversies in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (citing *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)). Though the Court does not credit "conclusory allegations, speculation, and unsubstantiated assertions," *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), "[i]t is not the function of the trial judge, in ruling on a motion for summary judgment, to weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence," *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987).

### B. There is a Genuine Issue of Material Fact

Strick and Plaintiffs present competing evidence regarding the origin of the ICC bumper. Strick relies on the depositions of Gary Hatfield and repair reports reviewed by Hatfield during the deposition to establish that the bumper was repaired and replaced prior to the accident, though this evidence does not identify the source of the replacement bumper. *See* Strick's Mot. Summ. J., Exs. A–E [271-3]. Strick also cites the deposition of James Jackson, a corporate representative of Strick Trailers, who gave his opinion that the bumper involved in the accident had certain characteristics that were unlike a typical Strick bumper.

*See id.*, Ex. F; *see also id.*, Ex. G (photographs of the bumper involved in the accident). Plaintiffs respond with the depositions and reports of two experts, Thomas Truss and Keith Freedman, who concluded that the bumper involved in the accident was similar to those manufactured by Strick. *See* Pls.' Resp. Summ. J., App. 1100 [369-4]; *id.*, App. 1501 [369-9]. The parties also produce conflicting evidence as to whether the ICC bumper, to the extent it was a Strick product, was substantially altered before the accident as to absolve Strick of liability. *Compare* Strick's Mot. Summ. J. 10 *with* Pls.' Resp. Summ. J. 21–22 [368].

As the parties present competent and conflicting evidence, the Court cannot grant summary judgment. To grant summary judgment for Strick, the Court would have to find that certain witnesses are more or less credible than others. It is not within the power of the Court to make such a determination at this stage. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson*, 477 U.S. at 255. The Court holds that there is a genuine issue of material fact as to the origin of the bumper and thus denies summary judgment.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' motion to strike and denies Strick's motion for summary judgment.

Signed May 7, 2014.

David C. Godbey
United States District Judge