IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the Surviving Parent of WYNDELL GREENE, SR., et al., | § § § § | |
| | § | CASE NO.: 3:11-CV-00207-N |
| Plaintiffs, | § § | |
| vs. | § § | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION et al., | § § § § | |
| Defendants. | § | |

**DEFENDANT VOLVO GROUP NORTH AMERICA, LLC'S MOTION FOR BIFURCATION OR SEPARATE TRIALS OF ANY CLAIMS FOR PUNITIVE DAMAGES AND MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE PERTAINING TO EXEMPLARY DAMAGES (NET WORTH) IN THE FIRST PHASE OF THE TRIAL**

Defendant VOLVO GROUP NORTH AMERICA, LLC f/k/a VOLVO TRUCKS NORTH AMERICA, INC. ("VGNA") files this motion for bifurcation (separate trial/same jury) of the exemplary damage claims of Plaintiffs pursuant to FED. R. CIV. P. 42, and also moves in limine to order that any net worth evidence or other evidence bearing solely on the amount of exemplary damages not be admissible in "Phase I" of the trial. In support, VGNA would show the Court the following:

### I. MOTION TO BIFURCATE THE EXEMPLARY DAMAGE CLAIM

1. Plaintiffs have sued each of the defendants, including VGNA, for punitive damages. *See* PLAINTIFFS' SEC. AM. COMPL. (Docket #113) at ¶112. One of the potential elements of a punitive damage award under Texas law is the net worth of a defendant. *See* 2012

Texas PJC §15.7. The only potential claim for exemplary damages in this case arises from the claims of the estate of Wyndell Greene, Sr.[1]

2. VGNA denies that under any state of facts in this case would be liable to Plaintiff (*i.e.*, the estate) for gross negligence or any other theory which could form the basis of an exemplary damage award in this case. This motion is in the alternative only, and is not an admission that exemplary damages are in any way called for or supported by the evidence.

3. However, pursuant to Rule 42 of the Federal Rules of Civil Procedure, VGNA moves the court for bifurcation and/or separate trial (same jury) of the issue, claim or theory of exemplary damages. The purpose of this motion – and for this relief – is to prevent or avoid the prejudice to VGNA if Plaintiff (the estate) were allowed to introduce evidence in its case in chief or otherwise bearing on the net worth of VGNA. While the bifurcation of punitive damages is a matter of right in state court and a matter of discretion in federal court, it has been recognized as a legitimate and proper remedy in federal court under Rule 42 to accomplish the same result. There is no harm to Plaintiffs by this bifurcation. *See Jenkins v. Raymark Ind., Inc.*, 782 F.2d 468, 474-75 (5th Cir. 1986) (approving bifurcation of punitive and compensatory damages); *Sanford v. Johns-Manville Sales Corp.*, 923 F.2d 1142, 1146 (5th Cir. Tex. 1991) (same); *State Farm Fire & Cas. Co. v. Woods*, 896 F. Supp. 658, 660 (E.D. Tex. 1995) (same).

---

[1] The Texas Constitution prohibits any award of exemplary damages to parental wrongful death claimants. *See* December 19, 2012 MPSJ Order (Docket #130) at p. 6 (discussing and applying TEX. CONST. art. XVI, §26 and various cases in granting partial summary judgment on exemplary damages claims).

## II. MOTION IN LIMINE: EXCLUSION OF EVIDENCE AS TO EXEMPLARY DAMAGES IN PHASE I

VGNA moves the Court, in limine, to order that all evidence pertaining to exemplary damages only – and net worth evidence specifically – be admitted only in any potential second trial after bifurcation.

## III. CONCLUSION AND PRAYER

Wherefore, pursuant to FRCP 42, VGNA moves the Court to bifurcate the potential exemplary damages portion of this case.  VGNA also moves the Court to grant the above motion in limine as to evidence pertaining to exemplary damages. An order which VGNA believes is appropriate for this purpose is being submitted to the Court with this motion.

VGNA prays for any and all other relief to which it is entitled.

Respectfully submitted,

HOWRY BREEN & HERMAN, LLP

*[signature: Randy Howry]*

_____
Randy Howry
State Bar No. 10121690
rhowry@howrybreen.com
John E. Carlson
State Bar No. 00790426
jcarlson@howrybreen.com
1900 Pearl Street
Austin, Texas 78705-5408
(512) 474-7300
(512) 474-8557 FAX

**ATTORNEYS FOR DEFENDANT VOLVO GROUP NORTH AMERICA, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2014, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure by electronic service through the court's ECF system in compliance with Federal Rules of Civil Procedure 5(b)(2)(E) and 5(b)(3).

_____
Randy Howry

**CERTIFICATE OF CONFERENCE**

I certify that I conferred with counsel for Plaintiffs, Nick Pittman, regarding the bifurcation relief sought in this motion by e-mail exchange on May 14, 2014. Mr. Pittman indicated that Plaintiffs opposed the relief sought.

_____
John E. Carlson