IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE-HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, | § § § § § § § § | |
| | § | CAUSE NUMBER 3:11-cv-0207-N |
| Plaintiffs, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC. VOLVO GROUP NORTH AMERICA, INC. VOLVO TRUCKS NORTH AMERICA, a DIVISION OF VOLVO GROUP NORTH AMERICAN, LLC, STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC and DOLPHIN LINE, INC. | § § § § § § § § § § § § | |
| Defendants. | § | |

**DEFENDANT STRICK TRAILERS, LLC'S MOTION IN LIMINE RE HEAVY TRUCK/TRAILER DEATH AND INJURY DATA AND RATES FROM ALL CAUSES OTHER THEN REAR UNDERRIDE**

Defendant, STRICK TRAILERS, LLC, ("Strick") respectfully moves the Court for an order excluding any evidence or reference, direct or indirect, to overall heavy truck/trailer fatality or injury rates, data and statistics. The grounds for this motion are that overall heavy truck accident fatality and injury rates - i.e., those concerning death and injury from all causes in truck accidents are irrelevant as to Strick. Against Strick, this case involves only an allegation of

W:\Greene\Trial Pleadings\Motions In Limine Non-Expert\MIL re Annual Fatality Statistics (profd)\MIL re Annual Fatality Statistics5 proofed.wpd

Page 1 of 5

an allegedly defective rear underride guard. Fed. R. Evid. 401, 402. Evidence of death and injury numbers or rates from all causes in truck/trailer accidents would present an exaggerated, inaccurate number, which would be misleading, confusing and more prejudicial than probative as to Plaintiffs' claims against Strick. Moreover, where exemplary damages are at issue, the use of aggregate annual statistics can serve to confuse the jury as to the issues to be decided in the instant case, and lead to impermissible punishment of a defendant for injuries that are unrelated to the defendant's behavior. Fed. R. Evid. 401, 402, 403.

## BRIEF IN SUPPORT OF DEFENDANT STRICK'S MOTION IN LIMINE

Plaintiffs' single allegation of defect in the Strick Dry Van trailer is that the trailer was equipped with a defective rear underride guard[1]. Plaintiffs seek to introduce evidence that over the last 32 years, there have been more than 135,000 fatalities from traffic accidents involving heavy trucks. This number, however, is the total amount of all fatalities in heavy truck accidents from all causes, not the number of deaths from failure of underride guards. The figure includes truck driver deaths in single-vehicle rollovers and occupant fatalities in frontal impacts, head-on collisions across highway medians, side-impacts involving heavy trucks, and any number of other fatalities which have no relationship to the alleged failure of a rear-impact guard. The vast majority do not involve the impact of a bullet vehicle into the rear of a trailer equipped with an FMVSS 223 approved bumper:

```
12   Q.  My question, though, is, certainly not 135,000
13   of those deaths are even anywhere close to or
14   associated with ICC bumpers that were FMVSS-approved
```

---

[1] Although Plaintiffs' pleading generally alleged other crashworthiness issues, Plaintiffs' experts have not offered any opinions about alleged defects, other than those opinions concerning the rear underride guard's strength and energy absorption characteristics.

W:\Greene\Trial Pleadings\Motions In Limine Non-Expert\MIL re Annual Fatality Statistics (profd)\MIL re Annual Fatality Statistics5 proofed.wpd

Page 2 of 5

```
15   over that 32-year study?
16      A.   That's true.
```
{Ex. A, Friedman Dep. p. 547; App. 3}.

Neither does an aggregate statistic distinguish between the type of truck involved; many of the fatalities in the aggregate statistics include trucks to which FMVSS 223 does not apply, such as dump trucks, garbage trucks, and other special purpose vehicles which are nonetheless classified as heavy trucks for statistical reporting purposes:

```
 8   ...My question is, you would agree that there
 9   are deaths associated within that 135,000 with dump
10   trucks, wouldn't you?
11      A.   I assume so.  They're heavy duty trucks.
```

{Ex. B, Stephenson Dep. p. 77; App. 7}.

This doesn't mean it is not possible to extract specified data from the raw aggregate statistical data.  It simply means that Plaintiffs have not done so:

```
12   Q.   Yes, sir.  Also, did you -- did you know that
13   you would have queried the statistics of that 135,000
14   and actually found how many people claim are associated
15   with impacts of bullet vehicles into the rear of
16   trailers with ICC bumpers?
17      A.   I assume it's possible to do that kind of
18   analysis, yes.
19   Q.   Yes, sir.  Did you-all do that?
20      A.   I didn't.
```

{Ex. B, Stephenson Dep. p 77; App. 7}.

Plaintiffs' experts, Mr. Friedman and Dr. Stephenson, state in their joint report:

Since 1980, heavy trucks have been involved in over 135,000 fatalities in the United States, most of these being in other vehicles as recorded in the NHTSA's FARS data.

{Ex. C, 11-14-2013 Stephenson Rpt, pg. 26; App. 10}.

But the vast majority of that number encompasses fatalities that occurred prior to the

W:\Greene\Trial Pleadings\Motions In Limine Non-Expert\MIL re Annual Fatality Statistics (profd)\MIL re Annual Fatality Statistics5 proofed.wpd

Page 3 of  5

promulgation of FMVSS 223 and 224:

> 14   Q. (BY MR. DAWSON)  All right.  But my question
> 15   was, anywhere in there do you point out that for 17 of
> 16   the 32 years that time span is talking about, it
> 17   involved vehicles that were manufactured prior to
> 18   FMVSS 223 and 224 being in effect?
> 19   A.  Uh-huh.  Yeah, **I don't believe that's** -- **that**
> 20   **we pointed that out**.

{Ex. B, Stephenson Dep. p. 76; App. 6}.

The only conclusion to draw is that aggregate fatality statistics from all heavy truck accidents have no bearing on the disposition of Plaintiffs' case and can only serve to confuse and mislead the jurors as to the scope of the issues before them.

## CONCLUSION

For all the foregoing reasons, Strick respectfully asks this Court to enter an order precluding plaintiffs from introducing any of the above described evidence and prohibiting all arguments predicated upon such evidence.

Respectfully submitted,

DAWSON & CLARK, P.C.
  */S/ Donald H. Dawson, Jr.*
DONALD H. DAWSON, JR.
Texas State Bar No. 05606500
KATHLEEN A. CLARK
Texas State Bar No. 00788830
243 West Congress, Suite 600
Detroit, MI 48226
(313) 256-8900 (Office)
(313) 256-8913 (Facsimile)

W:\Greene\Trial Pleadings\Motions In Limine Non-Expert\MIL re Annual Fatality Statistics (profd)\MIL re Annual Fatality Statistics5 proofed.wpd

Page 4 of  5

>WALTERS, BALIDO & CRAIN, LLP
>
>  /S/
>
>S. TODD PARKS
>Texas State Bar No. 15526520
>ASHLEY DE LA CERDA
>Texas State Bar No. 24045760
>900 Jackson Street, Suite 600
>Dallas, TX 75202
>(214) 749-4805 (Office)
>(214) 760-1670 (Facsimile)
>
>*ATTORNEYS FOR DEFENDANT STRICK*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 23, 2014, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

>  */S/ Donald H. Dawson, Jr.*
>DONALD H. DAWSON, JR.

## CERTIFICATE OF CONFERENCE

Counsel for Strick Trailers, LLC, has conferred with Counsel for Plaintiffs with regard to the motion, on May 22, 2014, by telephone, as an in-person meeting was not able to be scheduled. Plaintiffs have indicated that they are in opposition to this motion.

>  */S/ Donald H. Dawson, Jr.*
>DONALD H. DAWSON, JR.

W:\Greene\Trial Pleadings\Motions In Limine Non-Expert\MIL re Annual Fatality Statistics (profd)\MIL re Annual Fatality Statistics5 proofed.wpd

Page 5 of 5