IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE-HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, | § | CAUSE NUMBER 3:11-cv-0207-N |
| Plaintiffs, | § | |
| v. | § | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC. VOLVO GROUP NORTH AMERICA, INC. VOLVO TRUCKS NORTH AMERICA, a DIVISION OF VOLVO GROUP NORTH AMERICAN, LLC, STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC and DOLPHIN LINE, INC. | § | |
| Defendants. | § | |

**DEFENDANT STRICK TRAILER LLC'S MOTION IN LIMINE RE INAPPLICABLE STANDARDS AND REGULATIONS**

Defendant, STRICK TRAILERS, LLC, respectfully moves the Court for an order excluding any evidence or reference, direct or indirect, to standards, regulations, or advisory opinions which did not apply to the subject trailer at the time of manufacture, including but not limited to any of the following:

* Foreign Vehicle Standards, such as but not limited to Canadian CMVSS 223 (adopted in 2007) and European standards regarding underride guards.

* Post-manufacture proposals to amend FMVSS 223 or FMVSS 224, including but not limited to the IIHS Petition to amend FMVSS 223 and the National Transportation Safety Board (NTSB) advisory Safety Recommendations of April 3, 2014 directed to the National Highway Traffic Safety Administration (NHTSA).

The grounds for this motion are that the subject trailer is governed by the exclusive controlling regulations of the Federal Motor Vehicle Safety Standards (FMVSS) as promulgated by the National Highway Traffic Safety Administration (NHTSA) that were in place at the time the subject trailer was manufactured by Strick. *Kia Motors Corp. v. Ruiz*, No. 11-0709, 2014 WL 1258169, *2-3 (Tex. 2014). The Canadian and European standards (as well as the standards from any other country) and any U.S. standards or proposed rulemaking adopted or published after Strick manufactured the subject trailer in 2003 are not applicable to this case. These standards are irrelevant, misleading, confusing to the jury, and more prejudicial than probative. Fed. R. Evid. 401, 402, 403.

**BRIEF IN SUPPORT OF DEFENDANT STRICK'S MOTION IN LIMINE**

*A. Explicit Preemption*

The Federal Motor Vehicle Safety Standards are the sole legal standard for the requirements that automotive manufacturers must meet in the United States. The enabling act explicitly preempts the imposition of a different standard. "A State may enforce a standard that is identical to a standard prescribed under this statute." 49 USC 30103. This does not bar a jury from finding civil liability, but it does mean that a jury cannot base any finding of liability on a different or higher standard. See, i.e., *Buckman Co v. Plaintiffs' Legal Committee*, 121 S. Ct. 1012 (2001).

Federal preemption does not bar other agencies from conducting research, issuing

recommendations, and/or commenting on NHTSA's rules and regulations. Nor does preemption prevent other countries from conducting their own research and issuing their own statutes, rules, and regulations. Preemption does, however, bar any of those other standards from being applied to vehicles subject to the FMVSS within the United States, where those standards differ from the FMVSS.

The controlling regulations in this case are therefore FMVSS 223 and 224. Regulations from other sources, such as the Canadian Motor Vehicle Safety Standards (CMVSS) are irrelevant and can only serve to confuse and mislead the jury. Canada is a sovereign nation and is free to regulate the highways within its borders as it sees fit; however, Canada does not have the power to regulate the highways within the borders of the United States. The CMVSS simply have no bearing on motor vehicles in the United States. Neither do any regulations or standards promulgated in the European Union, Australia, India or Bangladesh. Asking the jury to consider these international standards is no different than asking them to question the rulemaking process of the US NHTSA and supplant both the legislative process and the executive administrative process. The jury may not do so. *South Carolina Educ. Assoc. v. Campbell*, 883 F.2d 1251, 1257-59 (4th Cir. 1989) ("The Supreme Court has long recognized that judicial inquiries into legislative motivation are to be avoided."); see also Strick's Motion in Limine re: non-Petition of NHTSA, filed concurrently. The consideration of what the law should be is a legislative question. It is not a part of the jury's purview to decide what the law should be; rather, it is for the court to tell the jury what the law is, and for the jury to evaluate issues of fact based on the law as it stands. Laws, regulations, and standards other than the FMVSS are thus irrelevant and completely lacking in probative value. Fed. R. Evid. 401, 402.

Finally, with respect to the April 3, 2014 Safety Recommendation of the NTSB, the document is a merely advisory opinion. {Ex. A, 4/3/2014 NTSB Letter; App. 1-16}. It does not purport to establish any regulations or change any laws; as such it does not carry the force of law and does not change the FMVSS. This document was authored long after the subject trailer was manufactured and long after the subject accident occurred. Indeed, it was published nearly three months after the close of discovery in this case. It has no bearing on the disposition of this case and can only serve to confuse and mislead the jury as to the applicable standard of law.

*B. Transport Canada's Later Adopted Canadian Standards Should be Excluded by the Court Because They are Preempted by the FMVSS Standards*

The government standards which apply to the 2003 Strick Dry Van trailer's bumper guard, a U.S. sold trailer are FMVSS 223 and 224 (49 CFR §§ 571.223 and 224). In October 2002, Transport Canada proposed amending its own bumper guard safety standard, CMVSS 223, for Canadian trailers (this was about 4 months prior to the sales order for the subject dry van trailer). The standard required stronger rear bumper guards than those required in the United States. On 9/23/04, Canada published its notice of promulgation of the amendment to CMVSS 223 with an effective date three years hence, 9/1/07. {Ex. B, Bates Stamped STRICK00790; App. 17-18}. The United States has not adopted the Canadian standard.

Because the standard was not applicable in the United States and not applicable at the time of sale of the subject trailer, the Canadian standard is irrelevant. Moreover, allowing the jury to consider the standard, and whether Strick should have designed to it would be tantamount to, or analogous to, imposing the more stringent, later adopted, Canadian standard on Strick. The Motor Vehicle Safety Act, 15 U.S.C. § 1392(d), states, in pertinent part, that "Whenever a

Federal motor vehicle safety standard established under this subchapter is in effect, no State or political subdivison of a State shall have any authority to establish ... with respect to any motor vehicle or item of motor vehicle equipment, any safety standard applicable to the same aspect of performance of such vehicle or items of equipment which is not identical to the Federal standard." In *Direct Automobile Imports Association, Inc. v. Townsley*, 804 F.2d 1408, 1412 (5th Cir. 1986), the Fifth Circuit noted, "The statutory language prohibits a state from establishing an independent safety standard unless the standard is identical to the federal one." This principle may not be directly applicable, since this is an action in Federal court, but the substantive issues of product defect are governed by Texas law. A Texas state court would not be preempted from imposing, as a principle of law, a higher safety standard, such as the Canadian standard. The same principle should apply here, because it is clear Congress' intent is that the Federal Motor Vehicle Safety Standards are the supreme governing standard on the topics they address. Allowing the jury to hear evidence of the non-applicable higher Canadian standard runs the risk of a tacit adoption of that standard by the jury when judging liability for product defect. For this reason, at a minimum, the admission of evidence of the Canadian standard adopted later in time would be far more prejudicial than probative.

*C. Evidence that Strick Equipped its Later Trailers With the New Canadian Design is Far More Prejudicial than Probative.*

The government standards which apply to the 2003 Strick Dry Van trailer's bumper guard, a U.S. sold trailer are FMVSS 223 and 224 (49 CFR §§ 571.223 and 224). In October 2002, Transport Canada proposed amending its own bumper guard safety standard, CMVSS 223, for Canadian trailers. (This was about 4 months prior to the sales order for the subject dry van

trailer). The standard required stronger rear bumper guards than those required in the United States. On 9/23/04, Canada published its notice of promulgation of the amendment to CMVSS 223 with an effective date of 9/1/07. Although the Insurance Institute for Highway Safety ("IIHS") has petitioned NHTSA to open rule making on whether to adopt the Canadian standard, to this date, NHTSA has not published a notice of proposed rule making. The United States has not adopted the Canadian standard.

Strick, however, sells trucks which are bound for the Canadian market. By August 2007, Strick had designed and certified a CMVSS 223 compliant guard. Strick initially made the new guard available as an option and later made it standard equipment in October of 2007. Whether a product is defective is judged as of the date the product is sold. *Coca Cola Bottling Co. of Houston v. Houston v. Hobart*, 243 S.W.2d 118, 123 (Tex.Civ.App.-Houston 1967, writ ref'd n.r.e.) citing *Jack Roach Bissonnet, Inc., v. Puskar*, 417 S.W.2d 262, 278 (Tex. 1967). The 2007 Canadian-compliant guard did not exist until that time. If Plaintiffs are allowed to introduce evidence that Strick made a later-developed rear bumper guard standard equipment on its trailers, this runs the risk of having the jury tacitly impose a duty to recall and retrofit upon Strick. The fact Strick made it optional new equipment for a period and then made it standard equipment should be excluded. Fed. R. Evid. 403.

## **CONCLUSION**

For all the foregoing reasons, Strick respectfully asks this Court to enter an order precluding plaintiffs from introducing any of the above described evidence and prohibiting all

arguments predicated upon such evidence.

Respectfully submitted,

DAWSON & CLARK, P.C.

*/s/ Donald H. Dawson, Jr.*
DONALD H. DAWSON, JR.
Texas State Bar No. 05606500
KATHLEEN A. CLARK
Texas State Bar No. 00788830
243 West Congress, Suite 600
Detroit, MI 48226
(313) 256-8900 *(Office)*
(313) 256-8913 *(Facsimile)*

WALTERS, BALIDO & CRAIN, LLP

/s/
S. TODD PARKS
Texas State Bar No. 15526520
ASHLEY DE LA CERDA
Texas State Bar No. 24045760
10440 North Central Tower, 15th Floor
Dallas, TX 75231
(214) 749-4805 *(Office)*
(214) 760-1670 *(Facsimile)*

**ATTORNEYS FOR DEFENDANT STRICK**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 23, 2014, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/S/ Donald H. Dawson, Jr.*
DONALD H. DAWSON, JR.

**CERTIFICATE OF CONFERENCE**

Counsel for Strick Trailers, LLC, has conferred with Counsel for Plaintiffs with regard to the motion, on May 22, 2014, by telephone, as an in-person meeting was not able to be scheduled. Plaintiffs have indicated that they are in opposition to this motion.

*/S/ Donald H. Dawson, Jr.*
DONALD H. DAWSON, JR.