IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE-HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, | § | CAUSE NUMBER 3:11-cv-0207-N |
| Plaintiffs, | § | |
| v. | § | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC. VOLVO GROUP NORTH AMERICA, INC. VOLVO TRUCKS NORTH AMERICA, a DIVISION OF VOLVO GROUP NORTH AMERICAN, LLC, STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC and DOLPHIN LINE, INC. | § | |
| Defendants. | § | |

**DEFENDANT STRICK TRAILERS, LLC'S MOTION IN LIMINE RE ALLEGED FAILURE TO PETITION NHTSA TO CHANGE THE FEDERAL MOTOR VEHICLE SAFETY STANDARDS**

Defendant STRICK TRAILERS, LLC, ("Strick") respectfully moves the Court to exclude any reference, direct or indirect, to Strick's alleged "failure" to petition the National Highway Traffic Safety Administration ("NHTSA") to change the Federal Motor Vehicle Safety Standards applicable to rear underride guards or Strick's docket comments on the FMVSS 223/224 rulemaking dockets. The grounds for this motion are (1) Strick's right to petition the

W:\Greene\Trial Pleadings\Motions In Limine Non-Expert\MIL re Non-Petn of NHTSA [R4R] (Profd)\MIL Re Non-Petn of NHTSA11 (profd).wpd

Page 1 of 17

government is protected Article 1, section 27 of the United States Constitution and by the First Amendment of the United States Constitution and (2) evidence of Strick's petitioning, opposition, and/or silence in the governmental rulemaking process impermissibly invites the jury to evaluate the rulemaking process; (3) Strick's comments and its silence are protected forms of First Amendment Speech; (4) Strick may not be compelled to petition NHTSA for Rulemaking under *Barnette*, *Maynard*, and their progeny, *infra*; (5) whether a Strick petition to amend FMVSS compelled speech would have influenced NHTSA to change FMVSS 223 and/or FMVSS 224 prior to the manufacture of the subject trailer calls for impermissible speculation; (6) accusation of failure to petition NHTSA to amend the FMVSS are inadmissible "bad acts" evidence under Fed. R. Evid. 404(b); and (7) any such evidence or assertions are more prejudicial than probative under Fed. R. Evid. 403.

W:\Greene\Trial Pleadings\Motions In Limine Non-Expert\MIL re Non-Petn of NHTSA [R4R] (Profd)\MIL Re Non-Petn of NHTSA11 (profd).wpd

Page 2 of  17

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

BRIEF IN SUPPORT OF MOTION IN LIMINE RE ALLEGED FAILURE TO PETITION NHTSA TO CHANGE THE FEDERAL MOTOR VEHICLE SAFETY STANDARDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

I. ADMISSION OF EVIDENCE OF FAILURE TO PETITION NHTSA TO AMEND FMVSS 223 OR 224 OR TO RECOMMEND A DIFFERENT STANDARD WOULD INFRINGE STRICK'S FIRST AMENDMENT AND ARTICLE 1, SECTION 27, RIGHT TO PETITION THE GOVERNMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

II. EVIDENCE OF STRICK'S PETITIONING, OPPOSITION, AND/OR SILENCE IN THE GOVERNMENTAL RULEMAKING PROCESS IMPERMISSIBLY INVADES THE RULEMAKING PROCESS AND INVITES THE JURY TO SPECULATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

III. SILENCE IS A PROTECTED FORM OF FIRST AMENDMENT SPEECH . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

W:\Greene\Trial Pleadings\Motions In Limine Non-Expert\MIL re Non-Petn of NHTSA [R4R] (Profd)\MIL Re Non-Petn of NHTSA11 (profd).wpd

Page 3 of 17

# TABLE OF AUTHORITIES

*Australia/Eastern U.S.A. Shipping Conference v. United States*, 537 F. Supp. 807, 812 (D.D.C. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Bacon v. Dept. of Housing & Urban Dev.*, 757 F.2d 265, 270 (Fed. Cir. 1985) . . . . . . . . . . . . . 8

*Bacon v. Dept. of Housing & Urban Dev.*, 757 F.2d 265, 270 (Fed. Cir. 1985) . . . . . . . . . . . . . 8

*Boos v. Barry*, 485 U.S. 312, 318, 108 S.Ct. 1157, 99 L.Ed.2d 333 (1988) . . . . . . . . . . . . . . . . . 6

*California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510-11, 513-14, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4

*Chemical Producers and Distributors Ass'n v. Helliker*, 463 F.3d 871, 879 (2006) . . . . . . . . 2, 3

*Chiu v Plano Ind. School Dist.*, 260 F.3d 330, 343-4 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . 7

*Cornelius v. NAACP Legal and Educational Defense Fund, Inc.*, 473 U.S. at 802, 105 S.Ct. 3439 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Eastern R.R. President's Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 135-40 . . . 2, 3

*First Nat'l Bank v. Bellotti*, 435 U.S. 765, 784, 98 S.Ct. 1407, 55 L.Ed.2d 707 . . . . . . . . . . . . . . 2

*Franklin Savings Ass'n v. Ryan*, 922 F.2d 209, 211 (4th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . 7

*Hersh v. United States ex rel. Mukasey*, 553 F.3d 743, 765 (5th Cir.2008) . . . . . . . . . . . . . . . . 10

*Letica Corp. v. Sweetheart Cup Co.*, Inc., 790 F. Supp. 702, 705-706 (E.D. Mich. 1992) . . . . . . 3

*Oregon Natural Resources Council v. Mohla*, 944 F.2d 531, 533-34 (9th Cir. 1991) . . . . . . . . . 3

*Perry Education Association v. Perry Local Educators Association,* 460 U.S. at 45, 103 S.Ct. 948. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*R.A.V. v. City of St. Paul*, 505 U.S. 377, 391, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992 . . . . . . . 11

*Riley v. Nat'l Fed'n of the Blind of North Carolina*, 487 U.S. 781 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 828, 829, 115 S.Ct. 2510, 132 L.Ed.2d 700 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

W:\Greene\Trial Pleadings\Motions In Limine Non-Expert\MIL re Non-Petn of NHTSA [R4R] (Profd)\MIL Re Non-Petn of NHTSA11 (profd).wpd

Page 4 of 17

*Schenck v. Pro-Choice Network*, 519 U.S. 357, 377, 117 S.Ct. 855, 137 L.Ed.2d 1 (1997) . . . . 8

*United States Football League v. National Football League*, 634 F. Supp. 1155, 1180-81 (S.D.N.Y. 1986 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*United States v. Miracle Recreation Equipment Co.*, 118 F.R.D. 100, 108 (D. Minn. 1987 . . . . 7

*United States v. Morgan*, 313 U.S. 409, 422, 61 S.Ct. 999, 85 L.Ed. 1429 (1941) . . . . . . . . . . . 7

*United States v. O'Brien*, 391 U.S. 367, 383, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968) . . . . . . . . . 6

*Video Int'l Prod., Inc. v. Warner-Amex Cable Communications, Inc.*, 858 F.2d 1075, 1083-84 (5th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Weit v. Continental Ill. Nat'l Bank & Trust Co.*, 641 F.2d 457, 467 (7th Cir. 1981) . . . . . . . . . . 5

*West Virginia State Bd. of Ed. v. Barnette*, 319 U.S. 624 (1943) . . . . . . . . . . . . . . . . . . . . . . . . 10

*Wooley v. Maynard*, 430 U.S. 705 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

W:\Greene\Trial Pleadings\Motions In Limine Non-Expert\MIL re Non-Petn of NHTSA [R4R] (Profd)\MIL Re Non-Petn of NHTSA11 (profd).wpd

Page 5 of 17

**BRIEF IN SUPPORT OF MOTION IN LIMINE RE
ALLEGED FAILURE TO PETITION NHTSA TO CHANGE
THE FEDERAL MOTOR VEHICLE SAFETY STANDARDS**

*The Rulemaking Process for Federal Motor Vehicle Safety Standards*

Congress charged NHTSA to ensure that the motoring public is operating safe vehicles. As part of this mandate, NHTSA has the authority to implement mandatory Federal Motor Vehicle Safety Standards ("FMVSS") applicable for vehicles sold in the U.S.  It is an open process in which anyone - any company, any person - can petition NHTSA to promulgate an FMVSS on any subject.  NHTSA can initiate the process on its own initiative or upon directive from Congress.  When petitioned, NHTSA makes a determination of whether to initiate rulemaking activity.  If it does, NHTSA publishes a Notice of Proposed Rulemaking ("NPRM") in the Federal Register.  NHTSA sometimes also publishes an Advanced Notice of Proposed Rulemaking or Requests for Comments on whether to initiate rulemaking.  Any person or any entity may submit comments, objections, support, research, or any other material to the docket. After an analysis of docket submissions and its own investigation and analysis, NHTSA publishes its decision.  If it promulgates or amends an FMVSS, it publishes a "Final Rule," fully describing the standards, alternatives considered, its analysis of data and docket comments received and its rationale for the rule.   If it decides not to enact a rule, it publishes a "Notice of Closing of Rulemaking," setting out its rationale.

*NHTSA's RuleMaking Activities Re Rear Underride Guards*

In 1981 and again in 1992, NHTSA initiated rulemaking dockets concerning rear underride guards. On 1/24/98, it promulgated FMVSS 223 and 224 and in 2004, it amended FMVSS 224;  {Ex. A, Final Rule; App. 1-34; Ex. B -- Final Rule (2004), App.35-39}.  On 2/28/11, the Institute for Highway Safety ("IIHS") petitioned NHTSA to amend FMVSS 223 and

W:\Greene\Trial Pleadings\Motions In Limine Non-Expert\MIL re
Non-Petn of NHTSA [R4R] (Profd)\MIL Re Non-Petn of NHTSA11
(profd).wpd

Page 6 of  17

224. {Ex. C, IIHS 2/28/11 Ltr; App. 40-43}. NHTSA has not initiated a rulemaking docket to amend FMVSS 223 or 224.

## ARGUMENT

### I. ADMISSION OF EVIDENCE OF FAILURE TO PETITION NHTSA TO AMEND FMVSS 223 OR 224 OR TO RECOMMEND A DIFFERENT STANDARD WOULD INFRINGE STRICK'S FIRST AMENDMENT AND ARTICLE 1, SECTION 27, RIGHT TO PETITION THE GOVERNMENT

The United States Constitution protects every citizen's right to express to public officials their views regarding the passage or enforcement of laws or regulations. The First Amendment applies to corporations as well as to individuals. *First Nat'l Bank v. Bellotti*, 435 U.S. 765, 784, 98 S.Ct. 1407, 55 L.Ed.2d 707; *Senart v. Mobay Chemical Corp.*, 597 F. Supp. 502, 506 (D. Minn. 1984). These constitutional provisions prohibit Plaintiff from introducing evidence of Strick's submissions to any government agency, or Strick's silence in not submitting petitions to the government for the purpose of arguing that Strick's expression of its views in words or by silence can be a basis for imposing damages. Such an argument would impermissibly infringe upon Strick's exercise of its federal and state constitutional rights to petition the government.

The Petitioning Clause of the First Amendment fully protects citizens' efforts to persuade public officials in all departments of government to adopt a particular position with respect to the passage or enforcement of laws[1]. Liability may not be imposed on the basis of such activity. See, e.g., *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510-11, 513-14, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972); *United Mine Workers v. Pennington*, 381 U.S. 657, 669-70 (1965); *Eastern R.R. President's Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 135-40, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1961)*; Video Int'l Prod., Inc. v. Warner-Amex Cable*

---

[1]The First Amendment to the United States Constitution provides: "Congress shall make no law . . . abridging the right of the people . . . to petition the government for a redress of grievance."

W:\Greene\Trial Pleadings\Motions In Limine Non-Expert\MIL re Non-Petn of NHTSA [R4R] (Profd)\MIL Re Non-Petn of NHTSA11 (profd).wpd

Page 7 of 17

*Communications, Inc.*, 858 F.2d 1075, 1083-84 (5th Cir. 1988).

Although this doctrine, commonly called the *Noerr-Pennington* doctrine, originated in antitrust cases, it has long since been applied to claims other than those brought under the antitrust laws. *Video Int'l Prod. Inc.*, 858 F.2d at 1084; *Oregon Natural Resources Council v. Mohla*, 944 F.2d 531, 533-34 (9th Cir. 1991); see also *Senart*, 597 F. Supp. at 506 (defendants' efforts to persuade the Occupational and Safety Health Administration to reject exposure standard advocated by the National Institute for Occupational Safety and Health "are clearly permissible as First Amendment rights to petition the government").

In *Noerr* the Supreme Court emphasized the importance of immunizing "solicitation of governmental action with respect to the passage and enforcement of laws":

> The right of the people to inform their representatives in government of their desires with respect to the passage or enforcement of laws cannot properly be made to depend upon their intent in doing so. It is neither unusual nor illegal for people to seek action on laws in the hope that they may bring about advantage to themselves . . . . A construction . . . that would disqualify people from taking a public position on matters in which they are financially interested would thus deprive the government of a valuable source of information and, at the same time, deprive the people of their right to petition in the very instances in which that right may be of the most importance to them. *Noerr*, 365 U.S. at 139.

Efforts to dissuade the Government from adopting regulations is equally protected. Strick's decision to petition for, against, or remain silent as to government regulations constitutes "solicitation of governmental action with respect to the passage and enforcement of laws." Such "conduct is not illegal, either standing alone or as a part of a broader scheme." *Pennington*, 381 U.S. at 670. Thus, the Constitution prohibits the imposition of liability based in part on this protected activity. *Id.*; see also *Letica Corp. v. Sweetheart Cup Co.*, Inc., 790 F. Supp. 702, 705-706 (E.D. Mich. 1992); *Westfield Partners, Ltd. v. Hogan*, 740 F. Supp. 523, 526 (N.D. Ill. 1990) (the exercise of the right to petition "should be vigorously protected and should not expose

W:\Greene\Trial Pleadings\Motions In Limine Non-Expert\MIL re Non-Petn of NHTSA [R4R] (Profd)\MIL Re Non-Petn of NHTSA11 (profd).wpd

Page 8 of 17

individuals to suit by persons unhappy with the results of such petitioning").

Even if evidence of Strick's response (or lack thereof) to NHTSA's rule-making activities were not being offered as a basis for compensatory liability, but only to show "the purpose and character of the particular transaction under scrutiny," *Pennington*, 381 U.S. at 670-71 n.3, such evidence still could not be admitted without weighing "the probativeness of and the Plaintiff's need for the evidence against the danger that admission of the evidence will prejudice the defendant's First Amendment rights." *United States Football League v. National Football League*, 634 F. Supp. 1155, 1180-81 (S.D.N.Y. 1986) (quoting *Feminist Women's Health Ctr., Inc. v. Mohammad*, 586 F.2d 530, 543 n.7 (5th Cir. 1978)). **Moreover, because such evidence "by its very nature chills the exercise of First Amendment rights" it is "presumptively prejudicial."**[2] *Id*. (emphasis added; citation omitted); see also *Australia/Eastern U.S.A. Shipping Conference v. United States*, 537 F. Supp. 807, 812 (D.D.C. 1982) ("[m]ore is demanded when first amendment values are at stake").[3]

Plaintiffs need for this unfairly prejudicial evidence is slight, because other, non-prejudicial evidence would fully serve Plaintiffs legitimate purposes. The only real reason that Plaintiffs would seek to use this improperly prejudicial evidence in lieu of the other

---

[2]In another section of the opinion, the court excluded evidence of the defendants' lobbying in Congress for sports-related legislation in the 1960s, because "[t]he low probative value of this evidence is substantially outweighed by the defendants strong interest in preserving their First Amendment rights to petition Congress." United States Football League, 634 F. Supp. at 1171.

[3] See *Weit v. Continental Illinois Nat'l Bank & Trust Co.*, 467 F. Supp. 197, 207-08 n.22 (N.D. Ill. 1978), aff'd, 641 F.2d 457 (7th Cir. 1981), cert. denied, 455 U.S. 988 (1982) (court excluded, under *Noerr-Pennington* doctrine, evidence of defendants' joint lobbying in Illinois state legislature for clarifying legislation on charge card interest rates (in light of its minimal probative value as well as inevitable prejudicial effect on the jury; evidence had been offered to show conspiracy to fix interest rates); *Lamb Enters., Inc. v. Toledo Blade Co.*, 461 F.2d 506, 516 (6th Cir. 1972), cert. denied, 409 U.S. 1001 (1972) (court excluded "highly prejudicial" letter reflecting plan to lobby city council); *Australia/Eastern U.S.A. Shipping Conference*, 537 F. Supp. at 808, 810 (quashed, on *Noerr-Pennington* grounds, paragraphs of government's Civil Investigative Demands for facts concerning petitioners' contacts and communications with government agencies).

W:\Greene\Trial Pleadings\Motions In Limine Non-Expert\MIL re Non-Petn of NHTSA [R4R] (Profd)\MIL Re Non-Petn of NHTSA11 (profd).wpd

Page 9 of 17

evidence available to them is "to place defendants in the harshest light." See *United States Football League*, 634 F. Supp. at 1181. Moreover, admission of this evidence would make it likely that this "lawsuit will become dominated by a digressive element masquerading as probative evidence." Id.; see also *Weit v. Continental Ill. Nat'l Bank & Trust Co.*, 641 F.2d 457, 467 (7th Cir. 1981) (affirming trial court's exclusion of evidence of defendants' lobbying activities because admission of the highly prejudicial evidence would likely result in confusion of the issues). Because the evidence has no probative value, and because the risk of unfair prejudice to Strick's First Amendment rights is great, the evidence should be excluded[4].

## II. EVIDENCE OF STRICK'S PETITIONING, OPPOSITION, AND/OR SILENCE IN THE GOVERNMENTAL RULEMAKING PROCESS IMPERMISSIBLY INVADES THE RULEMAKING PROCESS AND INVITES THE JURY TO SPECULATE

Constitutional issues aside, there is no common law duty imposed upon citizens to attempt to persuade a federal government agency to promulgate specific rules. Moreover, unless Plaintiffs can establish NHTSA would have enacted a different rule, Strick's "silence" could not have been a cause of the deaths of Plaintiffs' decedents. This makes Strick's "silence" no more than an inadmissible "bad act". Fed. R. Evid. 404(b).

There is no evidence that NHTSA would have promulgated a different version of FMVSS 223 or 224, if Strick had urged them to do so. The public record amply documents the facts, studies, and comments NHTSA considered (including NHTSA's own testing and NHTSA's review of the FHWA's rulemaking process regarding underride guards. {Ex. A, Final Rule (1-24-96; App. 1-34}. It would be speculative to consider what might have occurred had

---

[4]The admission of such prejudicial evidence cannot be cured by a jury instruction. See *United States Football League*, 634 F. Supp. at 1181; *United States v. Turoff*, 291 F.2d 864, 868 n.4 (2d Cir. 1961) ("The naive assumption that prejudicial effects can be overcome by instructions to the jury . . . all practicing lawyers know to be unmitigated fiction."); *United States v. Romo*, 669 F.2d 285, 289 (5th Cir. 1982) ("We express some doubt as to whether the 'guilt by association' cross examination and direct testimony were curable by [jury] instructions at all").

W:\Greene\Trial Pleadings\Motions In Limine Non-Expert\MIL re
Non-Petn of NHTSA [R4R] (Profd)\MIL Re Non-Petn of NHTSA11
(profd).wpd

Page 10 of 17

Strick submitted a proposal for a different rule in contrast to the concrete evidence of what did occur.  An excellent example is the February 28, 2011 petition to NHTSA by the Insurance Institute for Highway Safety (IIHS), requesting NHTSA promulgate rulemaking to change FMVSS 223.  {See Exh. C, 2/28/2011 IIHS letter; App. 40-43}.  NHTSA received the petition, however, no changes to FMVSS 223 have since occurred.  This isn't to say that NHTSA ignored the petition, or agreed with the petition, or disagreed with the petition; this example only goes to show that any argument as to what NHTSA would have, should have, or could have done with the petition is mere speculation.  Similarly, any inquiry into how NHTSA's rulemaking was impacted by whether or not Strick petitioned, supported, opposed, and/or remained silent on any issue before NHTSA is complete speculation and should not be allowed before the jury.

      Plaintiffs cannot call NHTSA witnesses on the subject.  Courts have employed a variety of legal principles to protect the deliberative processes of governmental decision-making bodies from judicial intrusion.  For example, when determining the constitutionality of a statute, courts may not inquire into the legislative motive for enacting the provision, except in extraordinary circumstances.  See *Chemical Producers and Distributors Ass'n v. Helliker*, 463 F.3d 871, 879 (2006) (finding that "[l]obbying Congress or a state legislature cannot be viewed as 'causing' subsequent legislation…. .  Attributing the actions of a legislature to third parties rather than to the legislature itself is of dubious legitimacy, and the cases uniformly decline to do so."); *United States v. O'Brien*, 391 U.S. 367, 383, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968) ("It is a familiar principle of constitutional law that this Court will not strike down an otherwise constitutional statute on the basis of an alleged illicit legislative motive."); *South Carolina Educ. Assoc. v. Campbell*, 883 F.2d 1251, 1257-59 (4th Cir. 1989) ("The Supreme Court has long recognized that judicial inquiries into legislative motivation are to be avoided.").

W:\Greene\Trial Pleadings\Motions In Limine Non-Expert\MIL re
Non-Petn of NHTSA [R4R] (Profd)\MIL Re Non-Petn of NHTSA11
(profd).wpd

Page 11 of  17

This protection from judicial intrusion applies to the executive decision making process. See, e.g., *United States v. Morgan*, 313 U.S. 409, 422, 61 S.Ct. 999, 85 L.Ed. 1429 (1941) ("We have explicitly held in this very litigation that 'it was not the function of the court to probe the mental processes of the Secretary [of Agriculture].'"); *see also, Franklin Savings Ass'n v. Ryan*, 922 F.2d 209, 211 (4th Cir. 1991) ("federal courts have consistently held that absent 'extraordinary circumstances,' a government decision-maker will not be compelled to testify about his mental processes in reaching a decision"); *Bacon v. Dept. of Housing & Urban Dev*., 757 F.2d 265, 270 (Fed. Cir. 1985) (in upholding a decision of the Merit Systems Protection Board ("MSPB") the court held that "[t]he MSPB has no authority to probe into the mental processes of the Secretary to ascertain whether a particular 'political philosophy' influenced the [reduction-in-force] decision.").

Protection of the reasoning processes of those who formulate government policy is "crucial to encouraging the flow of independent thought and honest opinion regarding agency policy and action." *United States v. Miracle Recreation Equipment Co.*, 118 F.R.D. 100, 108 (D. Minn. 1987); see also *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena*, 40 F.R.D. 318, 324 (D.D.C. 1966), aff'd, 384 F.2d 979 (D.C. Cir. 1967) ("pre-decisional documents of Attorney General's office held immune from discovery in order to "subserve[] a preponderation policy of frank expression and discussion among those upon whom rests the responsibility for making the determinations that enable government to operate"). It is also critical to the independence of the executive branch that courts and juries not second-guess the policy choices made by an agency. Morgan, 313 U.S. at 422; cf. South Carolina Educ. Ass'n, 883 F.2d at 1257 (judicial inquiries into legislative motivation "endanger separation of powers doctrine'). It would be wholly improper to place evidence of how and whether Strick did or did not petition NHTSA before the

W:\Greene\Trial Pleadings\Motions In Limine Non-Expert\MIL re Non-Petn of NHTSA [R4R] (Profd)\MIL Re Non-Petn of NHTSA11 (profd).wpd

Page 12 of 17

jury in this case, because Strick's petitioning constitutes evidence of the deliberative process by which federal motor vehicle safety policy was promulgated. Jury scrutiny of that process would be an improper intrusion into the independence of the executive branch of government, and of doubtful relevance. Accordingly, any such evidence should be excluded.

## III. SILENCE IS A PROTECTED FORM OF FIRST AMENDMENT SPEECH

Activities such as speaking, distributing literature, displaying signs, petitioning for change, and disseminating information concerning issues of public concern are central to the protections of the First Amendment. See, e.g., *Martin v. City of Struthers*, 319 U.S. 141, 143, 63 S.Ct. 862, 87 L.Ed. 1313 (1943) ("The right of freedom of speech and press has broad scope. This freedom embraces the right to distribute literature, and necessarily protects the right to receive it." (internal citation omitted)); see also *Schenck v. Pro–Choice Network*, 519 U.S. 357, 377, 117 S.Ct. 855, 137 L.Ed.2d 1 (1997) ("...commenting on matters of public concern are classic forms of speech that lie at the heart of the First Amendment."); *Boos v. Barry*, 485 U.S. 312, 318, 108 S.Ct. 1157, 99 L.Ed.2d 333 (1988) (recognizing public issue signs to be classic examples of free speech); *Meyer v. Grant*, 486 U.S. 414, 422 n. 5, 108 S.Ct. 1886, 100 L.Ed.2d 425 (1988) (recognizing that the solicitation of signatures for a petition drive involves protected speech). *Chiu v. Plano Ind. School Dist.*, 260 F.3d 330, 343-4 (5th Cir. 2001).

A public forum–such as a NHTSA rulemaking docket specifically opened for the purpose of receiving commentary by the public–may be created by government designation of a place or channel of communication for use by the public at large for assembly and speech, for use by certain speakers, or for the discussion of certain subjects. *Cornelius v. NAACP Legal and Educational Defense Fund, Inc.*, 473 U.S. at 802, 105 S.Ct. 3439 (reasoning that a designated public forum exists when the government "intentionally open[s] a nontraditional public forum

W:\Greene\Trial Pleadings\Motions In Limine Non-Expert\MIL re Non-Petn of NHTSA [R4R] (Profd)\MIL Re Non-Petn of NHTSA11 (profd).wpd

Page 13 of 17

for public discourse”); see also *Perry Education Association v. Perry Local Educators Association*, 460 U.S. at 45, 103 S.Ct. 948. The state’s power to restrict speakers’ access to designated public forums is subject to the same first amendment constraints that apply to traditional public forums: i.e., the state’s efforts to exclude speakers from such traditional public forums are subject to rigorous first amendment scrutiny. *Estiverne v. La. State Bar Ass’n*, 863 F.2d 371, 376 (5th Cir.1989); see also *Perry*, 460 U.S. at 45, 103 S.Ct. 948 (“The Constitution forbids a state to enforce certain exclusions from a forum generally open to the public even if it was not required to create the forum in the first place.”).

But the existence of a public forum and an opportunity to speak does not therefore require a person to participate in public speech. Quite the opposite, a person’s refusal to speak is equally protected by the First Amendment:

> “A system which secures the right to proselytize religious, political, and ideological causes must also guarantee the concomitant right to decline to foster such concepts. The right to speak and the right to refrain from speaking are complementary components of the broader concept of individual freedom of mind.” *Maynard*, infra, 430 U.S. at 714 (internal quotation marks and citations omitted).

***A. Strick May Not Be Compelled to Petition NHTSA for Rulemaking***

“The First Amendment protects compelled speech as well as compelled silence.” *Hersh v. United States ex rel. Mukasey*, 553 F.3d 743, 765 (5th Cir.2008). Thus, it protects an attorney’s right not to provide her client with certain factual information; in the context of protected speech, the difference between compelled speech and compelled silence is “without constitutional significance,” and that compelled statements of fact as well as compelled statements of opinion burden protected speech. *Id.*, citing *Riley v. Nat’l Fed'n of the Blind of North Carolina*, 487 U.S. 781 (1988).

In *West Virginia State Bd. of Ed. v. Barnette*, 319 U.S. 624 (1943), a state statute required

W:\Greene\Trial Pleadings\Motions In Limine Non-Expert\MIL re Non-Petn of NHTSA [R4R] (Profd)\MIL Re Non-Petn of NHTSA11 (profd).wpd

Page 14 of 17

public-school students to participate in daily public ceremonies by honoring the flag with words and traditional salute gestures. The Court held that "a ceremony so touching matters of opinion and political attitude may [not] be imposed upon the individual by official authority under powers committed to any political organization under our Constitution." *Barnette*, 319 U.S. at 636, 63 S.Ct. 1178. In explaining why the First Amendment prohibits a state actor from compelling such speech, the Court noted, "If there is any fixed star in our constitutional constellation, it is that no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion or force citizens to confess by word or act their faith therein." Id. at 642, 63 S.Ct. 1178.

In *Wooley v. Maynard*, 430 U.S. 705 (1977), New Hampshire required all noncommercial vehicles to bear a license plate embossed with the state's motto: "Live Free or Die." *Maynard* at 707. Because that slogan conflicted with his faith, Maynard contended that the state law coerced him into "advertising a slogan which [he found] morally, ethically, religiously and politically abhorrent." Id. at 713, 97 S.Ct. 1428. The US Supreme Court agreed, emphasizing its holding in Barnette, that the First Amendment protects the right to remain silent. In particular, the Court suggested that the state could violate that protection in two ways: (1) by forcing an individual, through his speech, to affirm a "religious, political [or] ideological cause[ ]" that the individual did not believe in; or (2) by forcing "an individual, as part of his daily life ... to be an instrument for fostering public adherence to an ideological point of view he finds unacceptable." Though recognizing that Barnette "involved a more serious infringement upon personal liberties than the passive act of carrying the state motto on a license plate," the Court held that New Hampshire could not constitutionally require citizens to display the state motto on their license plates. Id. at 715, 97 S.Ct. 1428.

W:\Greene\Trial Pleadings\Motions In Limine Non-Expert\MIL re
Non-Petn of NHTSA [R4R] (Profd)\MIL Re Non-Petn of NHTSA11
(profd).wpd

Page 15 of  17

"It is axiomatic that the government may not regulate speech based on its substantive content or the message it conveys." *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 828, 829, 115 S.Ct. 2510, 132 L.Ed.2d 700 (1995) (finding that viewpoint discrimination is a form of content discrimination, in which "the government targets not subject matter, but particular views taken by speakers on a subject." (citing *R.A.V. v. City of St. Paul*, 505 U.S. 377, 391, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992))). "Viewpoint discrimination is thus an egregious form of content discrimination. The government must abstain from regulating speech when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction." *Chiu* at 350-351, citing *RAV v City of St. Paul*. Thus any consideration by the jury of the content of Strick's petitions to NHTSA, including Strick's silence on any issues, is barred by the First Amendment. There is no way to guarantee that the jury will not consider Strick's silence in evaluating liability; the mere possibility that a jury could punish Strick for its comments, or its silence, is guaranteed to have a chilling effect on public comments solicited by NHTSA in a designated public forum.

**CONCLUSION**

For all the foregoing reasons, Strick respectfully asks this Court to enter an order precluding Plaintiffs from introducing any of the above described evidence and prohibiting all

W:\Greene\Trial Pleadings\Motions In Limine Non-Expert\MIL re Non-Petn of NHTSA [R4R] (Profd)\MIL Re Non-Petn of NHTSA11 (profd).wpd

Page 16 of 17

arguments predicated upon such evidence.

Respectfully submitted,

DAWSON & CLARK, P.C.

*/S/ Donald H. Dawson, Jr.*

DONALD H. DAWSON, JR.
Texas State Bar No. 05606500
KATHLEEN A. CLARK
Texas State Bar No. 00788830
243 West Congress, Suite 600
Detroit, MI 48226
(313) 256-8900 (Office)
(313) 256-8913 (Facsimile)

WALTERS, BALIDO & CRAIN, LLP

*/S/*

S. TODD PARKS
Texas State Bar No. 15526520
ASHLEY DE LA CERDA
Texas State Bar No. 24045760
900 Jackson Street, Suite 600
Dallas, TX 75202
(214) 749-4805 (Office)
(214) 760-1670 (Facsimile)

*ATTORNEYS FOR DEFENDANT STRICK*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 23, 2014, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/S/ Donald H. Dawson, Jr.*
DONALD H. DAWSON, JR.

## CERTIFICATE OF CONFERENCE

Counsel for Strick Trailers, LLC, has conferred with Counsel for Plaintiffs with regard to the motion, on May 22, 2014, by telephone, as an in-person meeting was not able to be scheduled. Plaintiffs have indicated that they are in opposition to this motion.

*/S/ Donald H. Dawson, Jr.*
DONALD H. DAWSON, JR.

W:\Greene\Trial Pleadings\Motions In Limine Non-Expert\MIL re Non-Petn of NHTSA [R4R] (Profd)\MIL Re Non-Petn of NHTSA11 (profd).wpd

Page 17 of 17