IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE-HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, | § § § § § § § § | |
| Plaintiffs, | § § | CAUSE NUMBER 3:11-cv-0207-N |
| v. | § § § | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC. VOLVO GROUP NORTH AMERICA, INC. VOLVO TRUCKS NORTH AMERICA, a DIVISION OF VOLVO GROUP NORTH AMERICAN, LLC, STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC and DOLPHIN LINE, INC. | § § § § § § § § § § § § | |
| Defendants. | § | |

### DEFENDANT STRICK TRAILERS, LLC'S MOTION IN LIMINE RE OTHER ACCIDENTS, CLAIMS, LAWSUITS, JUDGMENTS, VERDICTS OR SETTLEMENTS

Defendant Strick Trailers, LLC, respectfully moves the Court for an order excluding any evidence, argument, or reference to other accidents, claims, and lawsuits, judgments, verdicts or settlements (hereinafter collectively referred to as "other incidents") involving alleged failure of or alleged defects in the design of a Strick trailer rear bumper, unless Plaintiff has first laid a foundation of substantially similarity outside the presence of the jury. Evidence of dissimilar incidents, allowed unfettered before the jury, is irrelevant and extremely prejudicial, frequently

misleading, and confusing.

Strick specifically requests that the court rule that the other incidents described in this motion are not substantially similar as a matter of law and exclude all other incidents unless a foundation of substantial similarity is first laid outside the presence of the jury. Strick further requests the Court hold whatever evidentiary hearings may be required on other incidents prior to trial which, if any, of the incidents may be admissible.

The grounds for this motion are that other incidents are not relevant unless a foundation of substantial similarity is laid. Fed. R. Evid. 402. Dissimilar incidents are more prejudicial than probative because they create a risk of jury confusion and decision based on different designs or circumstances. Fed. R. Evid. 403.

**BRIEF IN SUPPORT OF DEFENDANT STRICK TRAILERS, LLC'S MOTION**

**I.    FACTUAL BACKGROUND**

On May 28, 2010, a Toyota 4Runner, following prior impacts, was shoved sideways by a tractor trailer into the rear of a Strick trailer. Defendant's experts contend the 4Runner was crushed between the two tractor trailers during this impact. The non-Strick replacement rear underride guard separated from the trailer and the 4Runner underrode the Strick trailer.

The subject trailer is a 2004 MY Strick Dry Van trailer, originally equipped with an FMVSS 223/224 compliant rear underride guard. FMVSS 223 and 224, which became effective in 1998, implemented strength and energy absorption requirements for rear underride guards. These guards are intended to reduce the risk of passenger compartment intrusion from the front end of a passenger car sliding beneath the rear of a trailer. This allows the car's occupants to "ride-down" the crash and benefit from the energy absorption as the front end structures of the

passenger car crush.

*Claims and Lawsuits Made To/Against Strick*

In response to discovery, Strick produced a list of 18 other cases in which a claim or lawsuit was made against Strick. {Ex. A, pp. 1-5, List of Strick Underride Cases Bates Stamped Strick00872-00876; App. APP 1-6}. The list includes cases that are clearly dissimilar from the subject Greene accident:

* Five of the cases (Carter, Dobson, Griffin, Moneme, Neli/Silva) were not impacts into the rear of a Strick trailer. They involve impacts into and alleged underride beneath the *side* of the trailer, where there is no underride guard installed or mandated by federal standards.

* One incident (Kasper) involves a non-Strick trailer. This is a Transguard trailer, neither designed nor manufactured by Strick, although Strick was its seller.

* Two incidents (Jorand, Majnerick) did not involve motor vehicle accidents on the highway, but were slip-and-falls occurring during entry or exit to the tractor and/or trailers.

* Ten incidents involve trailers which were manufactured and involved in accidents before the January 26, 1998 effective date of FMVSS 223 and 224. (By incident date, these are Endlein - 1978; Ryan - 1980; Schaer - 1983; Kelleher -1988; Winkelman - 1989; Connolly - 1991; Stauth - 1992; Chestnutt - 1994; Taylor - 1995; Caleb - 1996). Strick began production of some trailers with the FMVSS 223 compliant, or partially compliant guards, prior to the January 26, 1992 effective date. From 1992 forward, a small number of guards met the dimensional and geometric requirements of the proposed rule. From March 1997, about 95% of the guards met the strength, energy absorption and strength requirements (although there are no records which would permit this to be determined trailer by trailer). {Ex. B, 8/23/2000 Strick Ltr to NHTSA, p.

2; App. 7-10}. Since all 10 rear-impact incidents on Strick's list involve accident dates prior to March 1997, none of the guards would have had designs which are fully compliant with FMVSS strength and energy absorption requirements. Accordingly, none of these accidents satisfy the requirement of "substantial similarity" and none are relevant. Moreover, evidence of these accidents is far more prejudicial than probative and would risk confusing the jury about the design characteristics and performance of the subject guard.

## OTHER ACCIDENTS IN KEITH FRIEDMAN'S FILE

File materials produced by Plaintiffs' expert, Keith Friedman, following his deposition included documents concerning four other tractor-trailer underride accidents. Mr. Friedman's report did not reference the incidents. {See Strick Motion to Exclude Keith Friedman Opinions Regarding Other Incidents {Doc. 411}.

One set of documents concerned an 8/15/2013 Indiana incident involving a 2007 MY Strick trailer, the model not specified, date of manufacture not specified. {Doc. 412 pp. 18903-18910}. Strick was not sued and received no notice of this incident. In the accident, a passenger vehicle was crushed between the Strick trailer and another tractor trailer leading to a fire and 7 deaths. No information was provided about the design or performance of the underride guard. It is not known whether the guard is an OEM Strick guard; if so, whether the guard is the 1998 FMVSS 223-compliant design or the 2007 CMVSS-223 compliant design. The accident report does not identify the guard as a factor in the accident. The occupants' deaths were horrific.

Mr. Friedman's file also contains documents regarding 3 other accidents in which a passenger vehicle was crushed between two tractor-trailers. The documents consist of internet news reports of the incidents. {Doc. 412, pp 18911-18917}. None of the documents identify the

make of the struck trailer. None discuss performance of the underride guard, although it is obvious from photographs the stricken passenger vehicle was crushed between the two tractor trailers, and in one or more instances appears to have underriden the struck trailer.

## II. LEGAL ARGUMENT

### A. OTHER INCIDENTS ARE NOT ADMISSIBLE FOR ANY PURPOSE ABSENT A SHOWING OF SUBSTANTIAL SIMILARITY TO THE SUBJECT ACCIDENT

In a product liability case, evidence of other accidents are relevant only under certain carefully defined circumstances: (1) the earlier failure occurred under conditions substantially similar to those existing during the failure in the accident central to the litigation, and (2) the earlier failure occurred at a time not too remote from the time of the failure in the accident central to the litigation. *Edwards v, Permobil, Inc*, No. CIV. A. 11-1900, 2013 WL 4508063 (ED La 8/22/13) citing *Ramos v. Liberty Mut. Ins. Co.*, 615 F.2d 334, 338–39 (5th Cir.1980); *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir.1993) (proponent must establish "that the facts and circumstances of other accidents or occurrences are 'closely similar' to the facts and circumstances at issue" (citing *McGonigal v. Gearhart Indus., Inc.*, 851 F.2d 774, 778 (5th Cir.1988); *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1082–83 (5th Cir.1986)).

The substantial similarity rule "rests on the concern that evidence of dissimilar accidents lacks the relevance required for admissibility under Federal Rules of Evidence 401 and 402." *Cooper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1105 (9th Cir. 1991). This is of particular importance in cases where the evidence is proffered to show the existence of a defective condition or causation. In *Barker v. Deere & Co.*, 60 F.3d 158, 162-63 (3d Cir. 1995), the Third Circuit described the importance of the rule when allegations of product defect are at

issue:

> We note that every court of appeals to have considered this issue agrees that when a plaintiff attempts to introduce evidence of other accidents as direct proof of a design defect, the evidence is admissible only if the proponent demonstrates that the accident occurred under circumstances substantially similar to those at issue in the case at bar.
>
> The foundational requirement of establishing substantial similarity is especially important in cases where the evidence is proffered to show the existence of a design defect. In such cases, the jury is invited to infer from the presence of other accidents that a design defect existed, which contributed to the plaintiffs' injuries. (Citations omitted).

Federal courts have interpreted "similarity of conditions" to mean that the occurrence or accidents must have involved the identical model or design of product, or, at the least, one which is substantially or virtually similar. See *Anderson v. Whitaker Corp.*, 894 F.2d 804, 813 (6th Cir. 1990); *Brock v. Caterpiller, Inc.*, 94 F.3d 220, 225-26 (6th Cir. 1990). Further, plaintiffs also must prove that the accident circumstances of the other claims and lawsuits are substantially similar to those at issue in this case. See *Barker*, 60 F.3d at 162 ("The almost universal requirement, however, is that the prior occurrence must involve facts and circumstances which are substantially similar to those involved in the case under consideration or they will be excluded").

Plaintiff, as proponent of the evidence of other accidents, has the burden to apprise the court "of the specific facts of previous accidents in order to [allow] a reasoned determination as to whether the prior accidents are 'substantially similar.' Absent such a foundation, it is impossible for the district court in the first instance, and for [the court of appeals] to review the facts in order to make a determination as to similarity." *Barker*, 60 F.3d at 163. In applying the "substantial similarity" test, federal circuit courts have required plaintiffs to establish a high degree of similarity prior to admitting evidence of other accidents, claims, or lawsuits. For

example, in *Johnson*, supra, a product liability suit involving a 1983 Ford Escort, plaintiff's beneficiary sought to introduce evidence of nine lawsuits and claims. The trial court held that the other lawsuits and claims - all of which involved different models, different model years, and/or different alleged defects - were not sufficiently similar to the vehicle and claims at issue and therefore were inadmissible. *Id*. at 579-80.

Plaintiff has the burden to demonstrate that the other incidents, complaints, or lawsuits about which she wishes to present evidence at trial involved a Strick trailer, rear impact guard, alleged defect, and failure substantially similar to the Greene family's and occurred under circumstances substantially similar to those of the accident at issue in this lawsuit. Unless and until Plaintiffs lay this foundation outside the presence of the jury, all evidence of other incidents must be excluded.

### B. EVEN IF SIMILAR, THE COURT MAY EXCLUDE OTHER INCIDENTS UNDER RULE 403

Should this Court decide the some of the incidents are substantially similar, they should still be excluded from trial. As the Fifth Circuit held, "even when a substantial similarity of circumstances is established, the District Court has broad discretion to exclude some or all of the proffered evidence under Rule 403 of the Federal Rules of Evidence." *Johnson*, supra at 579. The Seventh Circuit noted the danger of taking the fact finder on any sort of a prolonged, confusing excursion in an already complicated trial:

> As the circumstances and conditions of the other accidents become less similar to the accident under consideration, the probative force of such evidence decreases. At the same time, the danger that the evidence will be unfairly prejudicial remains. [T]he jury might infer from evidence of the [other] accidents alone that ultra-hazardous conditions existed... and were the cause of the... accident without those issues ever having been proved.

*Nachtsheim v. Beech Aircraft Corp.*, 847 F.2d 1261, 1269 (7th Cir. 1988); see also *Uitts v. General Motors Corp.*, 411 F. Supp. 1380, 1383 (E.D. Penn. 1974) (reports of similar accidents excluded under FRE 403 because the thirty-five reports offered by plaintiffs would have diverted attention from plaintiffs' claim to the claims contained in those reports), aff'd, 513 F.2d 626 (3d Cir. 1975).

### C. EVIDENCE OF OTHER INCIDENTS IS INADMISSIBLE HEARSAY.

Plaintiffs cannot lay the foundation for admission of evidence of other accidents, as to which no notice was given to Strick, without running afoul of the hearsay rule.  Documentary evidence of other accidents such as complaints, police reports, witness statements, photographs, media reports, and the like, constitute hearsay, and hearsay within hearsay, to which no exceptions apply.  Fed. R. Evid. 801, 802, 803, 804, 805.

### D. INCIDENTS OUTSIDE OF TEXAS ARE NOT ADMISSIBLE ON THE ISSUE OF EXEMPLARY DAMAGES

Any evidence of  "other incidents" which occurred outside the State of Texas may be impermissible because they may violate the Strick's Constitutional due process rights under the 5th Amendment to the United States Constitution.  Such evidence risks punishing Strick for other incidents which occurred outside of Texas.  Constitutional due process, however, requires that there be a nexus between any alleged misconduct and the injuries in the case at bar.  *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 409 (2003), U.S. Constitution Am. 5 & 14; Tex. Constitution Art. I, sec. 19.  Even if Plaintiffs establish the "substantial similarity" foundation to make any given incident relevant, they just also establish there is a nexus between Strick alleged misconduct and Texas, as to that incident.  Moreover, nothing in the Texas punitive damages statute permits Strick to be punished for conduct which did not cause the

subject Plaintiffs' injuries.

### III.  CONCLUSION

Strick respectfully requests that the court rule that the other incidents described in this motion are not substantially similar as a matter of law. Strick further requests that the Court enter an order excluding any evidence, argument, or reference to other incidents, claims, complaints and/or lawsuits (hereinafter collectively referred to as "other incidents") involving alleged failure of or alleged defects in the design of a Strick trailer rear bumper, unless Plaintiff has first laid a foundation of substantially similarity outside the presence of the jury in a hearing prior to the commencement of trial.

          Respectfully submitted,

          DAWSON & CLARK, P.C.

          */s/ Donald H. Dawson, Jr.*
          DONALD H. DAWSON, JR.
          Texas State Bar No. 05606500
          KATHLEEN A. CLARK
          Texas State Bar No. 00788830
          243 West Congress, Suite 600
          Detroit, MI 48226
          (313) 256-8900 *(Office)*
          (313) 245-8913 *(Facsimile)*

WALTERS, BALIDO & CRAIN, LLP

/S/
S. TODD PARKS
Texas Bar No. 1552520
ASHLEY DE LA CERDA
Texas State Bar No. 24045760
10440 North Central Tower, 15th Floor
Dallas, TX 75231
(214) 749-4805 *(Office)*
(214) 760-1680 *(Facsimile)*

**ATTORNEY FOR STRICK TRAILERS, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 23, 2014, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Donald H. Dawson, Jr.*
DONALD H. DAWSON, JR.

## CERTIFICATE OF CONFERENCE

Counsel for Strick Trailers, LLC, has conferred with Counsel for Plaintiffs with regard to the motion, on May 22, 2014, by telephone, as an in-person meeting was not able to be scheduled. Plaintiffs have indicated that they are in opposition to this motion.

*/S/ Donald H. Dawson, Jr.*
DONALD H. DAWSON, JR.