IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE-HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, | § § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC. VOLVO GROUP NORTH AMERICA, INC. VOLVO TRUCKS NORTH AMERICA, a DIVISION OF VOLVO GROUP NORTH AMERICAN, LLC, STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC and DOLPHIN LINE, INC. | § § § § § § § § § § § | CAUSE NUMBER 3:11-cv-0207-N |
| Defendants. | § | |

**DEFENDANT STRICK TRAILERS, LLC'S MOTION IN LIMINE RE ALL EVIDENCE OR TESTIMONY RELATED TO (1) IRRELEVANT CERTIFICATION LABEL "BAD ACTS" AND (2) FAILURE TO RETAIN TESTING REPORTS FOR SCRAPPED DESIGNS**

Defendant, STRICK TRAILERS, LLC, ("Strick") respectfully moves the Court for an order excluding any evidence or reference, direct or indirect, to:

(1) Strick's submission of a 1999 ICC rear bumper guard of a different design to KARCO Engineering (KARCO) for NHTSA compliance testing without the certification label on the horizontal bar, an oversight not applicable to the guard at issue in this litigation; and

(2) Strick's non-retention of two test reports on developmental bumper designs not placed into production.

The grounds for this motion are that this evidence is without foundation, is irrelevant and unduly prejudicial. Further, Strick's actions relative to after-market rear bumper guards' certification labels is inadmissible pursuant to Fed. R. 404, as is Strick's non-retention of FMVSS 223 or CMVSS 223 test reports on designs which were not put into production. Fed. R. Evid. 401, 403 and 404.

## BRIEF IN SUPPORT OF DEFENDANT STRICK'S MOTION IN LIMINE

**I.    KARCO BUMPER GUARD CERTIFICATION LABEL OVERSIGHT**

**A.    Missing Certification Labels**

KARCO was hired by NHTSA to conduct independent FMVSS 223 compliance testing in March 1999. {Ex. A, 7/22/99 KARCO Rpt. Bates Stamped Strick 00279-00313; App. 1-36}. It was not the same bumper design as the one that was installed as OEM on the subject Strick trailer. {Ex. B, Jackson Dep. p. 20, App 39}. The two rear bumper guard assemblies Strick provided to KARCO for testing passed the force, deflection and energy requirements of FMVSS 223. However, KARCO noted in its report that the bumpers did not meet the labeling requirements. {Ex. A p. 3; App. 39}. NHTSA followed up with a letter to Strick on 10/20/99 notifying Strick that the labeling was not compliant and requiring Strick to correct the non-compliance and notify NHTSA of a plan and schedule for doing so. {Ex. C, 10/20/99 NHTSA ltr to Strick - App. 44-46}. Strick engineer Ronald Zubco responded to NHTSA on behalf of Strick, indicating that the missing labeling was a one-time oversight solely as a result of Strick's lack of familiarity with KARCO's testing process. {Exh. D, 11/11/99 Strick ltr to NHTSA- App.

47-49}. The letter confirmed that Strick installs the FMVSS certification label as part of the manufacturing process. The letter further confirmed that the labeling non-compliance did not occur on any production bumpers, that the problem was only in relation to the test bumper sent to KARCO. Finally, Strick attached a manufacturing drawing to the letter showing that the certification label installation process had been in place since January of 1998. {Exh. D, p. 2; App. 49}.

   **B.** **The Evidence Is Irrelevant, More Prejudicial Than Probative, and Should Be Excluded Under Rule 404(b)**

  Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. But the evidence is clear that this labeling non-compliance is unrelated to resolution of the case at hand. Plaintiffs allege the rear bumper guard failed in the subject accident because it was defective, not strong enough or energy absorbent enough. It is obvious certification labels do not govern strength and energy absorption capabilities. In this case, the two label-less bumper guards passed all sections of KARCO's independent testing. The absence of the labels was a one-time incident; the unlabeled bumper was specifically pulled out of the normal manufacturing process in order to be submitted to a third-party testing company (KARCO). The incident was four years prior to manufacture of the subject Strick trailer. There is no evidence that when selling OEM trailers, there was a pattern of missing certification labels.

  The only purpose Plaintiffs have for pursuing the KARCO issue at trial is to paint Strick as a "bad guy" that does not comply with government regulations. "Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of

fact to reward the good man to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened." *Notes of Advisory Committee on Proposed Rules*, Fed. R. Evid. 404. But use of this type of character evidence is improper and barred by Fed. R. Evid. 404: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Indeed, the evidence shows quite the opposite, namely, that the omission of the certification label was "... an oversight on our part, not an example of the rear impact guard we have been delivering to our customer." {Exh. D, pg. 1; App. 48}.

## II. NON-RETENTION OF TEST REPORTS ON DESIGNS WHICH DID NOT GO INTO PRODUCTION

During the course of designing an FMVSS complaint bumper guard to be manufactured and installed on Strick trailers, Strick conducted testing and iterations on several design changes. One of the designs that Strick tested failed. {Ex. B, Dep. Jackson pp. 40-41; 47-48; App. 40-41}. Strick subsequently redesigned the rear impact guard, but did not keep the failed test results.

> **3. Q. Okay. Does Strick keep a -- a summary of**
> **4. the -- the failed tests?**
> **5. A. No.**
> **6. Q. Why not?**
> **7. A. There's -- we see no need to. Didn't pass the**
> **8. standard.**
> 9. Q. Did -- and did anyone at Strick tell you not to
> 10. keep a record of the failed tests?
> 11. A. No.
> 
> {Exh. B, Dep. Jackson p. 41; App. 41}
> 
> 17. Q. Okay. How many tests were done for the 1998
> 18. design?
> 19. A. I do not recall. More than one. I do know
> 20. that.

> 21. Q. I mean, that -- that could be a lot or a
> 22. little.
> 23. A. We had -- we had some that did not pass when we
> 24. first started test -- to test to get into compliance.
> 25. Q. And you didn't keep those?
> 1. A. No.
> 2. Q. Okay.
> 3. **A. We scrapped them and started over with a**
> 4. **different type of design.**
>
> {Exh. B, Dep. Jackson pp. 47-8; App. 42-43}

There is no relevance to this evidence. Design, testing and re-design is standard during iterative development of a product. There is no relevance to test reports for "failed" designs which were scrapped and never put into production. The design of the failed test is not the same as the design of the bumper that was originally installed on the Strick trailer. Strick did not retain the reports because, as Mr. Jackson explained in his deposition, Strick simply had no reason to keep failed results for a scrapped design.

This type of evidence is, however, highly prejudicial when used to imply that Strick somehow destroyed or concealed evidence. Evidence should be excluded where, as here, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or ... needless presentation of cumulative evidence. Fed. R. Evid. 403; *United States v. Collins*, 368 Fed Appx 517, 519 (5th Cir., 2010). The only purpose Plaintiffs have for pursuing this line of questioning at trial is to try and paint Strick as a "bad guy" that was trying to conceal something. But use of this type of character evidence is improper and barred by Fed. R. Evid. 404: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

W:\Greene\Trial Pleadings\Motions In Limine Non-Expert\MIL re Other Bad Acts (Profd)\Other Irrelevant Bad Acts14 (profed).wpd   Page 5 of 7

## **CONCLUSION**

For all the foregoing reasons, Strick respectfully asks this Court to enter an order precluding Plaintiffs from introducing any of the above described evidence and prohibiting all arguments predicated upon such evidence.

Respectfully submitted,

DAWSON & CLARK, P.C.

 /S/ *Donald H. Dawson, Jr.*
DONALD H. DAWSON, JR.
Texas State Bar No. 05606500
KATHLEEN A. CLARK
Texas State Bar No. 00788830
243 West Congress, Suite 600
Detroit, MI 48226
(313) 256-8900 (Office)
(313) 256-8913 (Facsimile)

WALTERS, BALIDO & CRAIN, LLP
  /S/_____
S. TODD PARKS
Texas State Bar No. 15526520
ASHLEY DE LA CERDA
Texas State Bar No. 24045760
900 Jackson Street, Suite 600
Dallas, TX 75202
(214) 749-4805 (Office)
(214) 760-1670 (Facsimile)

*ATTORNEYS FOR DEFENDANT STRICK*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on May 23, 2014, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

                                         */S/ Donald H. Dawson, Jr.*
                                         DONALD H. DAWSON, JR.

## CERTIFICATE OF CONFERENCE

     Counsel for Strick Trailers, LLC, has conferred with Counsel for Plaintiffs with regard to the motion, on May 22, 2014, by telephone, as an in-person meeting was not able to be scheduled. Plaintiffs have indicated that they are in opposition to this motion.

                                         */S/ Donald H. Dawson, Jr.*
                                         DONALD H. DAWSON, JR.