IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OLLIE GREENE, *et al.*, § | |
| § | |
| Plaintiffs § | |
| § | |
| v. § | CAUSE NUMBER: 3:11-cv-0207-N |
| § | |
| TOYOTA MOTOR CORPORATION, *et al.*, § | |
| § | |
| Defendants. § | |

## TOYOTA DEFENDANTS' MOTION TO SEAT TWELVE JURORS

Defendants Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc.'s (collectively the "Toyota Defendants") file this Motion to Seat Twelve Jurors, and in support thereof show the following:

Twelve jurors should be seated for the trial of this case because it will prevent a possible mistrial due to a shortage of jurors, and is in the community's best interest. A jury must begin with six to twelve members, and a verdict cannot be rendered by less than six jurors. Fed. R. Civ. P. 48. A court is free to opt for a twelve-member jury, and doing so cannot be reversible error. *Montiel v. City of Los Angeles*, 2 F.3d 335, 338 (9th Cir. 1993) (Noting that nothing in suggests that a court opting for a twelve-member jury violates the federal rules).

Twelve jurors should be seated to prevent a possible mistrial. This case involves five groups of defendants, and many more theories of liability. Plaintiffs' product liability claims are highly technical in nature, and will require extensive expert testimony. Given that trial of this case will likely take several weeks, it is likely that jurors may be excused during trial. In order to prevent a mistrial due to a shortage of jurors to render a verdict, twelve jurors should be seated.

It is in the best interest of the parties and community to seat twelve jurors. "The use of jurors in excess of six increases the representativeness of the jury and harms no interest of a party." *Born v. Monmouth Cty. Corr. Inst.*, 458 F. App'x 193, 199-200 (3d Cir. 2012). This complex case involves claims for large damage awards and has significant implications for all parties and the community at large. It is, therefore, appropriate to have the issues presented decided by the jury that best represents the community without harming the interests of any party. Simply put, a twelve-member jury does just that.

WHEREFORE, PREMISES CONSIDERED, Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc. respectfully request that this Court seat twelve jurors at the start of trial, and for such other and further relief to which they may show themselves to be entitled.

Respectfully submitted,

*/s/ DAVID P. STONE*
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
2501 North Harwood Street, Suite 1700
Dallas, Texas 75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR TOYOTA DEFENDANTS**

## CERTIFICATE OF CONFERENCE

On May 14, 2014, counsel for Plaintiffs informed counsel for Defendants that Plaintiffs would not agree to the empanelment of twelve jurors as requested in this Motion. Accordingly, the Motion is submitted to the Court for determination.

/s/ DAVID P. STONE
**David P. Stone**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 23rd day of May, 2014.

/s/ DAVID P. STONE
**David P. Stone**