IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the | § | |
| Surviving Parent of WYNDELL GREENE, | § | |
| SR., et al., | § | CASE NO.: 3:11-CV-00207-N |
| | § | |
| Plaintiffs, | § | |
| vs. | § | JURY TRIAL DEMANDED |
| | § | |
| TOYOTA MOTOR CORPORATION | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT VGNA'S SEPARATE CASE-SPECIFIC MOTIONS IN LIMINE AND BRIEF IN SUPPORT THEREOF

Defendant VOLVO GROUP NORTH AMERICA, LLC f/k/a VOLVO TRUCKS NORTH AMERICA, INC. ("VGNA") files this its Separate Case-Specific Motions in Limine and Brief in Support Thereof, respectfully showing:

## I. VGNA'S CASE-SPECIFIC MOTIONS IN LIMINE

VGNA has joined with other defendants in a joint motion in limine that addresses several subject areas.  VGNA is also separately filing these case-specific motions in limine, moving that, before the voir dire examination of the jury panel has begun, before any opening statements are made to the jury, and before the introduction of any evidence, the Court instruct Plaintiffs and all of Plaintiffs' witnesses to refrain from making any mention through interrogation, voir dire examination, opening statement, arguments or otherwise, either directly or indirectly, concerning any of the matters hereinafter set forth, without first approaching the bench and obtaining a ruling from the Court outside the presence and hearing of all prospective jurors and the jurors ultimately selected to try this case, with regard to the following:

NO. 1:      FAMILY PHOTOGRAPHS, THE GREENE FAMILY VIDEO, AND
            MONTHLY JOURNALS OF WESLEIGH GREENE

NO. 2:      EXPLICIT OR "GORY" PHOTOS OR DEMONSTRATIVE EVIDENCE

NO. 3:      ANY BIOMECHANICS EXPERT'S TESTIMONY REGARDING THE
            MECHANICS, INSTRUMENTALITIES, CAUSES OR CIRCUMSTANCES
            OF THE DEATHS OF THE GREENE CHILDREN

NO. 4:      INSUFFICIENT OR DEFECTIVE BRAKES OR BRAKING SYSTEMS
            (INCLUDING EVIDENCE REGARDING DISC VERSUS DRUM
            BRAKES)

NO. 5:      ADAPTIVE CRUISE CONTROL (ACC) OR ITS ABSENCE

NO. 6:      EATON VORAD VS-400 CWS OR ACC SYSTEMS

NO. 7:      VOLVO ENHANCED CRUISE

NO. 8:      UNRELATED ALLEGED DEFECTS OR RECALLS (INCLUDING
            UNRELATED RECALLS REGARDING OR PERTAINING TO THIS
            TRACTOR)

NO. 9:      FAILURE TO WARN, RECALL, RETROFIT OR CONTACT CUSTOMERS
            AFTER A VEHICLE LEFT VGNA'S POSSESSION

NO. 10:     EUROPEAN MOTOR VEHICLE SAFETY REGULATIONS (ECE-93)

NO. 11:     REFERENCES TO VOLVO CARS, VOLVO CAR COMPANY, AND
            IMPROPER GENERIC REFERENCES TO "VOLVO"

NO. 12:     THE NTSB REPORT REGARDING THE 2009 CRASH IN OKLAHOMA
            AND OTHER STUDIES, REPORTS AND LITERATURE REGARDING
            CRASHES AND/OR VEHICLES THAT ARE NOT SUBSTANTIALLY
            SIMILAR

## II. BRIEF IN SUPPORT OF MOTIONS IN LIMINE

### Background

The Collision.   This case arises from a multiple-vehicle collision on I-20 near Terrell,

Texas, on May 28, 2010. The Greene family – Wyndell Sr., LaKeysha and their two young

children, Wesleigh and Wyndell II – were riding in a Toyota 4Runner that had slowed or stopped

because the traffic in front of them had stopped. The Greenes' 4Runner was struck from behind by a tractor-trailer that was traveling at highway speed. The 4Runner was first pushed into a Toyota Corolla, and then collided with the rear of another tractor-trailer.  LaKeysha, Wesleigh and Wyndell II died in the collision and were declared dead at the scene.  Wyndell Sr., who was driving, suffered burns and other injuries.  He died about 3½ months later.

The Parties.  The plaintiffs in this case are relatives of the Greene family (Wyndell Sr.'s mother, Ollie Greene, and LaKeysha's mother, Marilyn Burdette-Hardeman) and the administrator of Wyndell Sr.'s estate (Wyndell Sr.'s brother William Greene). Each of these three plaintiffs asserted a variety of claims and causes of action – primarily product liability and some negligence claims – against five defendants in connection with the deaths of the members of the Greene family. These defendants are: *(1)* Toyota, which made the 4Runner; *(2)* Volvo (VGNA), which made the tractor that struck the Greene vehicle; *(3)* Strick, which made the trailer that the Greene vehicle struck; *(4)* Dolphin, the owner of the trailer that the Greene vehicle struck; and *(5)* Fayard, the operator of the tractor-trailer that the Greene vehicle struck.

The Pleadings.  Plaintiffs have pleaded three theories of "design, manufacturing and/or marketing" defects in the Volvo tractor:  *(1)* an "absent or defective collision warning system"; *(2)* "ineffective energy-absorption capabilities; and *(3)* "the Tractor was defectively designed because it was incompatible, in a crash, with other vehicles on the road…".  PLAINTIFFS' SECOND AM. COMPL. (Docket #113) at ¶58; *see also* PLAINTIFFS' FIRST AM. COMPL. (Docket #24-1) at ¶58.  That is the extent of the detail in their pleadings vis-à-vis any alleged defects.   Plaintiffs have not (and have never) pleaded any allegations of defect regarding the Volvo tractor's brakes or braking system.  They have never alleged any defect regarding "adaptive cruise control" or "advanced braking systems."  Also, no causes or claims have been made on behalf of the estates

of LaKeysha Greene or the Greene children – by a court-appointed personal representative of those estates or otherwise.  *See generally id.*

### Case-Specific Motions in Limine

### NO. 1:    FAMILY PHOTOGRAPHS, THE GREENE FAMILY VIDEO, AND MONTHLY JOURNALS OF WESLEIGH GREENE

VGNA is moving *in limine* to exclude or, in the alternative, to limit Plaintiffs' anticipated use of evidence regarding Greene family photographs, videos of the Greene family, and monthly journals and other personal effects of Wesleigh Greene.  This evidence should be excluded because its limited probative value is far outweighed by its prejudicial value and its cumulative nature, and would be offered only to inflame the minds of the jury.  FED. R. EVID. 401, 402 & 403.

     A.    <u>The Court should exclude family photographs and the monthly activity journals of Wesleigh Greene.</u>

"The issue is whether the search for truth will be helped or hindered by the interjection of distracting, confusing, or emotionally charged evidence."  WEINSTEIN'S FEDERAL EVIDENCE §403.02(1)(a).  Federal Rule of Evidence 403 states "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  FED. R. EVID. 403.

In this case, Plaintiffs have produced photographs and videos depicting the home life and family of the deceased.  They have produced approximately 104 pages of activity journals of Wesleigh Greene (including, but not necessarily limited to, documents Bates-labeled GREENE_000262-366); approximately 704 photographs of the Greene family and its members (Bates-labeled GREENE_000376, GREENE_006436, GREENE_006437, GREENE_006438 & GREENE_006438), and approximately 56 minutes of video of the family (Bates-labeled

GREENE_006439, GREENE_006440 & GREENE_006716).  The minimal probative value of these pieces of evidence is substantially outweighed by their prejudicial value and their likelihood to confuse the issues, and should be excluded under Rule 403.

Here, any photographs or activity journals of the children are not relevant because this Court has already ruled that none of these plaintiffs have standing to pursue claims in connection with the Greene children's deaths.  Specifically, in its December 19, 2012, order granting partial summary judgment the Court held, among other things, that: *(1)* Wyndell Sr.'s mother Ollie Greene lacks standing to sue under Texas law for the wrongful deaths of her daughter-in-law LaKeysha and her two grandchildren; *(2)* LaKeysha's mother Marilyn Burdette-Hardeman lacks standing to sue under Texas law for the wrongful deaths of her son-in-law Wyndell Sr. and her two grandchildren; and *(3)* any wrongful death claims that Wyndell Sr. once had based on the deaths of his children lapsed upon his death and cannot be maintained by his estate under Texas law.  Order (Docket #130) at pp. 4-5.

Moreover, no causes or claims – whether survival claims or otherwise – have ever been asserted by or on behalf of the estates of the Greene children or by a "personal representative" of the estates on their behalf.  *See* Plaintiffs' Orig. Compl. (Docket #1); Plaintiffs' First Am. Compl. (Docket #24-1); and Plaintiffs' Sec. Am. Compl. (Docket #113).  A survival claim belongs to the decedent, and the claim must be brought on the decedent's *estate's* behalf. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 850-51 (Tex. 2005). That has never occurred here.

There are, in short, no claims remaining by any plaintiff in this case arising from the Greene children's injuries or deaths. The *fact* of the occurrence of their deaths in the collision is not in dispute; photographs of the children and the activity journals of Wesleigh Greene are not

relevant to any remaining claims or issues, and are highly prejudicial and irrelevant.  All such photographs and similar materials should thus be excluded.

> B.    The "Family Portrait: The Wyndell and LaKeysha Greene Family" video should be excluded as inadmissible hearsay and it is more prejudicial than probative to the case at hand.

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.  FED. R. EVID. 802(c). Letters,  affidavits and similar materials of non-parties and non-witnesses are inadmissible hearsay. *See, e.g., Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993); *U.S. v. Ismoila*, 100 F.3d 380, 390-91 (5th Cir. 1996). Compiling hearsay into a summary does not make that summary admissible. *See Roberts v. Harnischfeger Corp.*, 901 F.2d 42, 44-45 (5th Cir. 1989) (holding that affidavit from defendant's employee summarizing notices of lawsuits was inadmissible since "the allegations made therein are hearsay").  VGNA anticipates that Plaintiffs will attempt to introduce a video entitled: "Family Portrait: The Wyndell and LaKeysha Greene Family" (GREENE_006716) at trial.  This video is a compilation of interviews with friends, family and co-workers of the members of the Greene family.  Plaintiffs may also attempt to introduce other family videos (GREENE_006439 & GREENE_006440) as well.  As a threshold matter, these videos contain inadmissible hearsay, are cumulative, and are a needless presentation of repetitive evidence.  FED. R. EVID. 403, 801 & 802.

Moreover, the only purpose of exhibiting the videos would be to arouse the sympathy of the jury, and they would not aid the jurors in determining the issues in this case.  *See* FED. R. EVID. 401, 402 & 403. The Court has the discretion to exclude videos because they are more prejudicial than probative, and if they are cumulative of evidence that the jury will receive through conventional witness testimony.  *See, e.g., Johnson v. William C. Ellis & Sons Iron*

*Works, Inc.,* 604 F.2d 950, 958 (5th Cir. 1979), *opinion amended on other grounds on denial of reh'g,* 609 F.2d 820 (5th Cir. 1980). Unlike "day-in-the-life" videos sometimes presented by injured but living plaintiffs, these videos serve no purpose other than to tug at the heartstrings of the jurors.  It is well established that trial judges may exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury.  Any alleged probative value of this video evidence is substantially outweighed by the danger of unfair prejudice to VGNA, confusing the issues, and misleading the jury. FED. R. EVID. 403.

### NO. 2:      EXPLICIT OR "GORY" PHOTOS OR DEMONSTRATIVE EVIDENCE

VGNA is also moving *in limine* to exclude Plaintiffs' anticipated use of explicity or "gory" photographs, dramatizations, other demonstrative evidence from the accident scene or the autopsies of the bodies of LaKeysha Greene, Wesleigh Greene or Wyndell Greene II. This evidence should be excluded as such photographs or representations of the bodies are irrelevant and prejudicial and are offered only to inflame the minds of the jury.  FED. R. EVID. 401, 402 & 403.

> A.    <u>Plaintiffs should not be allowed to offer photographs or other demonstrative evidence of the injuries or body of LaKeysha Greene as they are unduly prejudicial.</u>

Rule 403 contemplates the exclusion of even relevant evidence that "induce[s] decision on a purely emotional basis."  FED. R. EVID. 403 Advisory Comm. Notes. The Fifth Circuit has explained that "photographs of the victim bleeding profusely are classic examples of such evidence." *Jackson v. Firestone Tire & Rubber Co.,* 788 F.2d 1070, 1085 (5th Cir. 1986).  This is particularly true in a wrongful death action such as this in which the nature of the decedent's injuries is not at issue, rendering the probative value of accident photographs minimal relative to

the significant probability that they will engender prejudice. *Campbell v. Keystone Aerial Surveys, Inc.,* 138 F.3d 996, 1004-05 (5th Cir. 1998) (affirming district court's decision to exclude photos of decedent's body where there was no dispute as to how the victim died, pictures were minimally probative of mental anguish that the victim's surviving relatives experienced, and pictures would "induc[e] decision on a purely emotional basis.")  The *fact* of the occurrence of LaKeysha Greene's death in the collision is not in dispute; visual depictions of her injuries and death are highly prejudicial.  "Gory" photos of Mrs. Greene and her injuries serve no purpose other than to inflame the passions of the jury and should be excluded under Rule 403.

<blockquote>

B.   <u>Plaintiffs should not be allowed to offer photographs or other demonstrative evidence of the injuries and deaths of Wesleigh Greene or Wyndell Greene II as they are irrelevant, inflammatory, and unduly prejudicial.</u>

</blockquote>

Any photos of the bodies of the Greene children (whether at the scene or in any autopsy photos) should also be excluded because, for the reasons discussed above, they are inflammatory and prejudicial.  But, any photographs or demonstrative evidence regarding the Greene children, their injuries and deaths are also irrelevant because this Court has already ruled that none of the Plaintiffs have standing to pursue claims in connection with the Greene children's deaths. Specifically, in its December 19, 2012 order granting partial summary judgment, the Court held, among other things, that: *(1)* Wyndell Sr.'s mother Ollie Greene lacks standing to sue under Texas law for the wrongful deaths of her daughter-in-law LaKeysha and her two grandchildren; *(2)* LaKeysha's mother Marilyn Burdette Hardeman lacks standing to sue under Texas law for the wrongful deaths of her son-in-law Wyndell Sr. and her two grandchildren; and *(3)* any wrongful death claims that Wyndell Sr. once had based on the deaths of his children lapsed upon his death and cannot be maintained by his estate under Texas law.  Order (Docket #130) at pp.4-

5.   Moreover, no causes or claims – whether survival claims or otherwise – have ever been asserted by or on behalf of the estates of the Greene children or by a "personal representative" of the estates on their behalf.  *See* PLAINTIFFS' ORIG. COMPL. (Docket #1); PLAINTIFFS' FIRST AM. COMPL. (Docket #24-1); and PLAINTIFFS' SEC. AM. COMPL. (Docket #113).   A survival claim belongs to the decedent, and the claim must be brought on the decedent's *estate's* behalf.  *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 850-51 (Tex. 2005). That has never occurred here.

There are, in short, no claims remaining by any plaintiff in this case arising from the Greene children's injuries or deaths. The *fact* of the occurrence of their deaths in the collision is not in dispute; visual depictions of their injuries and deaths are not relevant to any remaining claims or issues, and are inflammatory and highly prejudicial (much more prejudicial than probative).  All such photographs and similar materials should thus be excluded.

**NO. 3:   ANY BIOMECHANICS EXPERT'S TESTIMONY REGARDING THE MECHANICS, INSTRUMENTALITIES, CAUSES OR CIRCUMSTANCES OF THE DEATHS OF THE GREENE CHILDREN**

VGNA has moved to exclude certain testimony from all parties' biomechanics experts regarding the mechanics, instrumentalities, causes or circumstances of the deaths of the Greene children because there are no legal claims or causes in this action arising from the children's injuries or deaths, and any testimony on their injuries is irrelevant and therefore inadmissible in this case.  *See* Defendant Volvo Group North America LLC's Motion and Brief in Support of its Motion to Exclude Testimony of Biomechanics Experts Joseph Burton, Catherine Corrigan and David Viano Regarding the Injuries or Deaths of the Greene Children.  (Docket #'s 446, 448 & 456).  That motion, brief and appendix are incorporated for all purposes herein.  Any testimony and evidence from the biomechanics experts relating to the Greene children and the mechanics,

instrumentalities, causes or circumstances of their injuries and deaths – whether regarding (without limitation) the internal and external forces exerted upon their bodies in the crash; occupant kinematics during the collision sequence; when and how any injuries were sustained; the nature of any injuries; the mechanisms, instrumentalities and causes of their deaths; autopsy results; pain and suffering; etc. – does not relate to any remaining legal issues in the case and is not relevant to any claims that might remain for trial. Any such evidence should be excluded because it is irrelevant, misleading, confusing, unduly prejudicial, and would be offered only to inflame the minds of the jury. FED. R. EVID. 401, 402 & 403.

### NO. 4:   INSUFFICIENT OR DEFECTIVE BRAKES OR BRAKING SYSTEMS (INCLUDING EVIDENCE REGARDING DISC VERSUS DRUM BRAKES)

Plaintiffs have never pled any brake related defects in this case. *See* PLAINTIFFS' ORIG. COMPL. (Docket #1); PLAINTIFFS' FIRST AM. COMPL. (Docket #24-1); and PLAINTIFFS' SEC. AM. COMPL. (Docket #113). Additionally, there has never been any evidence or testimony, by Plaintiffs' experts or otherwise, that the brakes on the subject vehicle were defective or unreasonably dangerous. (VGNA notes, among other things, that Mr. Friedman's report simply states that the Volvo tractor "should have had a better braking system" – Freidman 11/14/13 Report at p. 22, ¶1 – and that Friedman agreed in his deposition that the drum brakes on the tractor were not defective.) Despite the absence of any relevant pleadings, Plaintiffs have recently tried to inject or assert a theory that the tractor should have had disc brakes instead of drum brakes (even though they also concur that the tractor's brakes complied with FMVSS 121, the federal heavy truck braking performance safety standard).

Evidence that is not related to the causes of action pled is not relevant to the case, misleading, confusing and prejudicial. FED. R. EVID. 401, 402 & 403. *See also* briefing

contained in Defendant Volvo Group North America LLC's Brief in Support of its Motion to Exclude the Testimony and Evidence of Plaintiffs' Expert Keith Friedman (Docket #464) at pp. 8-10. There is no relevant pleading here, and evidence regarding any alleged defect or deficiency in the tractor's brakes or braking system – including but not limited to the use of drum brakes instead of disc brakes – should be excluded because it is irrelevant, misleading, confusing and unduly prejudicial. FED. R. EVID. 401, 402 & 403.

### NO. 5: ADAPTIVE CRUISE CONTROL (ACC) OR ITS ABSENCE

Plaintiffs have never pled a defect regarding absence of Adaptive Cruise Control ("ACC"). *See* PLAINTIFFS' ORIG. COMPL. (Docket #1); PLAINTIFFS' FIRST AM. COMPL. (Docket #24-1); and PLAINTIFFS' SEC. AM. COMPL. (Docket #113). Despite the absence of any relevant pleadings, Plaintiffs have recently tried to inject or assert a theory that the tractor should have had ACC – even though ACC is <u>not</u> a "collision warning system."

Evidence that is not related to the causes of action pled is not relevant to the case, misleading, confusing and prejudicial. FED. R. EVID. 401, 402 & 403. *See also* briefing contained in Defendant Volvo Group North America LLC's Brief in Support of its Motion to Exclude the Testimony and Evidence of Plaintiffs' Expert Keith Friedman (Docket #464) at pp. 8-10. Plaintiffs also have failed to provide reliable or relevant testimony on the purported adaptive cruise control defect. *See* briefing contained in Defendant Volvo Group North America LLC's Brief in Support of its Motion to Exclude the Testimony and Evidence of Plaintiffs' Expert Keith Friedman (Docket #464) at pp. 19-20; *see also* briefing contained in Defendant Volvo Group North America, LLC's Response and Brief in Opposition to Plaintiffs' Motion to Exclude the Report and Testimony of Timothy Cheek (Docket #534) at pp. 21-23. There is no relevant pleading here, and evidence regarding any alleged defect or deficiency in the tractor due

to the absence of ACC – including but not limited to how an ACC would or may have performed or functioned in this accident – should be excluded because it is irrelevant, misleading, confusing and unduly prejudicial.  FED. R. EVID. 401, 402 & 403.

**NO. 6:       EATON VORAD VS-400 CWS OR ACC SYSTEMS**

The Eaton VORAD VS-400 is a system developed by Bendix (a third-party supplier) that was not in existence or made commercially available until after the vehicle was manufactured.  It was the newer generation of the EVT-300, the collision warning system that *was* available at the time of manufacture of the subject Volvo tractor in January 2007.  Moreover, the VS-400 has never been disclosed or identified by Plaintiffs as a safer alternative design.  Evidence related to a third-party product that was never identified as a safer alternative design and that did not exist at the time of manufacture of the subject vehicle and that was not made commercially available until after the subject vehicle was manufactured is not relevant to the claims or defenses in this lawsuit and will mislead and confuse jurors.  FED. R. EVID. 401, 402, 403 & 407; *Nissan Motor Company v. Armstrong,* 145 S.W.3d 131 (Tex. 2004) ("Whether a product was defective must be judged against the technological context existing at the time of its manufacture"); *see also Fallon v. Grizzly Indus.*, 2013 U.S. Dist. LEXIS 78767 at *4-5; *American Tobacco Company, Inc. v. Grinnell,* 951 S.W.2d 420, 438 (Tex. 1997) ("... whether a product is dangerous is determined when it leaves the manufacturer's hands and enters the stream of commerce; subsequent acts have no bearing on the issue.").  *See also* briefing contained in Defendant Volvo Group North America, LLC's Response and Brief in Opposition to Plaintiffs' Motion to Exclude the Report and Testimony of Timothy Cheek (Docket #534) at pp. 20-21.  All such evidence should be excluded because it is irrelevant, misleading, confusing and unduly prejudicial.  FED. R. EVID. 401, 402 & 403.

**NO. 7:     VOLVO ENHANCED CRUISE**

The Court previously addressed this issue when it denied Plaintiffs' motion to compel documents relating to the Volvo Enhanced Cruise System.  *See* Order (Docket #228) ("The motion to compel responses to Plaintiffs' discovery requests concerning "Volvo's Enhanced Cruise System" (Requests for Production Nos. 29, 30, and 31) is ***denied***") (emphasis added).

The "Enhanced Cruise" is a system that was developed by Bendix (the third-party supplier) that was introduced in a trade show in 2009 over <u>two years after</u> the vehicle was manufactured.  Evidence related to a third-party product that did not exist at the time of manufacture of the subject vehicle and that was not made commercially available until over two years after the subject vehicle was manufactured is not relevant to the claims or defenses in this lawsuit.  FED. R. EVID. 401, 403 & 407; *Nissan Motor Company, supra* ("Whether a product was defective must be judged against the technological context existing at the time of its manufacture"); *see also Fallon*, *supra*, at *4-5; *Grinnell, supra* ("...whether a product is dangerous is determined when it leaves the manufacturer's hands and enters the stream of commerce; subsequent acts have no bearing on the issue.").  *See also* briefing contained in Joint Submission Regarding Plaintiffs' Third Motion to Compel Against Volvo Group North America (Docket #167) at pp. 39-40.

Additionally, Plaintiffs have never even identified the Enhanced Cruise as a supposed safer alternative design.

Any evidence regarding Volvo Enhanced Cruise should be excluded because it is irrelevant, misleading, confusing and unduly prejudicial.  FED. R. EVID. 401, 402 & 403.

**NO. 8:     UNRELATED ALLEGED DEFECTS OR RECALLS (INCLUDING UNRELATED RECALLS REGARDING OR PERTAINING TO THIS TRACTOR)**

The admissible evidence in this case should be limited to the subject Volvo tractor and the specific defects alleged in this lawsuit: *(1)* absent collision warning system; *(2)* lack of energy-absorption capabilities; and *(3)* incompatibility in a crash with the Greenes' SUV. *See* PLAINTIFFS' SEC. AM. COMPL. (Docket #113) at ¶58. Evidence, testimony, or argument about vehicles or alleged defects that are not involved in this case, or about recalls or other corrective actions relating to this product or other VGNA products for issues not involved in this case, is improper because it is irrelevant, misleading, confusing and unduly prejudicial. FED. R. EVID. 401, 402 & 403. Where evidence of an alleged defect is not relevant to a plaintiff's theory of the case or there is no evidence that the alleged defect existed on the subject vehicle, it is proper to exclude the evidence. *Kane v. Ford Motor Company*, 450 F.2d 317 (3rd Cir. 1971) (trial court properly excluded evidence of possibly defective brake supports because the evidence was irrelevant to plaintiffs claim of improper brake hose installation and there was no evidence the condition existed in the subject vehicle). Additionally, where a vehicle or vehicle component involved in a recall campaign is different from the alleged defective vehicle or vehicle component at issue in a product liability case, evidence of the recall campaign is not relevant and should be excluded. *See, e.g., Jordan v. General Motors Corp.*, 624 F.Supp. 72, 77 (E.D. La. 1985). Further, "even if such evidence could be broadly construed as constituting relevant evidence, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice and the possibility of misleading the jury." *Id.*; FED. R. EVID. 403.

## NO. 9:    FAILURE TO WARN, RECALL, RETROFIT OR CONTACT CUSTOMERS AFTER A VEHICLE LEFT VGNA'S POSSESSION

The Court should also exclude any mention or reference, either directly or indirectly, that states or implies that VGNA had a duty, subsequent to the delivery of the vehicle in question, to

notify, or to publicize to purchasers, or to warn purchasers of the alleged need for an alternative design, or other such post-delivery modification, or that VGNA failed to take any of the action as described after delivery of the vehicle.  Plaintiffs have neither pled such a cause of action nor is such cause of action or duty recognized under Texas law, and any such statements are irrelevant, confusing, misleading and unduly prejudicial.  FED. R. EVID. 401, 402 & 403; *Syrie v. Knoll Int'l,* 748 F.2d 304, 311-12 (5th Cir. 1984) ("Because Texas does not impose on manufacturers the duty to warn about or to recall products for which a safer design has been developed, we find that the district court did not err in refusing to instruct the jury on negligence regarding a manufacturer's post-marketing failure to warn or recall."); *see also Nissan Motor Company, supra* ("Whether a product was defective must be judged against the technological context existing at the time of its manufacture."); *GMC v. Saenz on Behalf of Saenz,* 873 S.W.2d 353 (Tex. 1993) ("The determination of whether a duty to warn exists is made at the time the product leaves the manufacturer."); *Grinnell, supra* ("...whether a product is dangerous is determined when it leaves the manufacturer's hands and enters the stream of commerce; subsequent acts have no bearing on the issue.").

**NO. 10:     EUROPEAN MOTOR VEHICLE SAFETY REGULATIONS (ECE-93)**

VGNA is also moving *in limine* to exclude Plaintiffs' anticipated use of evidence regarding Regulation No. 93 of the Economic Commission for Europe of the United Nations ("ECE-93" a/k/a ECE-R93).  ECE-93 is a promulgation of the European Union which has no application in this case and does not govern motor vehicle safety in the United States or North America.  The mandates of such a regulation are irrelevant to the regulations of vehicle front ends in the United States, and as such are irrelevant to this case, unfairly prejudicial, and would only serve to waste time and confuse the issues in this matter.  FED. R. EVID. 401, 402 & 403.

A  <u>Evidence of a European "FUPD" requirement should be excluded as it is irrelevant to the issues in this case</u>.

In general terms, a Frontal Underrun Protection Device ("FUPD") mounts to the front of the tractor and provides the colliding passenger vehicle with a structure against which it may react. One issue in this case is the claim by Plaintiffs that the VGNA tractor was defectively designed for failing to have a FUPD as a claimed method of decreasing the severity of certain collisions. Based on the deposition testimony of Plaintiffs' liability expert, Keith Friedman (Friedman), it is anticipated that Plaintiffs will contend that "Volvo" and other entities in Europe use FUPD's, and that certain technologies for FUPD's were available at the time of the manufacture of the subject tractor by VGNA.

VGNA objects to any mention of or reference to ECE-93. ECE-93 is a promulgation and creature of the European Union which has no application and does not govern or apply to vehicles in the United States or North America. Any reference to or comment upon ECE-93, or that any such FUPD is "required" in Europe by ECE-93, is not relevant to any issue that jury may be asked to decide. The National Highway Traffic Safety Administration (NHTSA) is charged with providing uniformity of federal regulation over motor vehicle safety in the United States. *See, e.g.*, Title 23 and 49 of the United States Code (Motor Vehicle Safety Act). NHTSA sets standards applicable to heavy duty trucks manufactured and sold in the United States, including the VGNA tractor at issue in this case. ECE-93 is not relevant to the issues in this case and as such should be excluded under Federal Rules of Evidence 401, 402 and 403.

Courts have consistently held that technical issues in motor vehicle cases must be sufficiently similar to pass a relevancy analysis. The Fifth Circuit has recognized that evidence concerning dissimilar vehicle product lines or models in a products liability case is irrelevant and more prejudicial than probative. *See Johnson*, 988 F.2d at 579 (affirming the lower court's ruling

that letters between Ford and the NHTSA concerning different vehicle models was irrelevant to the case before the court).   Evidence of unrelated alleged defects or recalls may be similarly excluded as irrelevant.   *See Jordan,* 624 F.Supp. at 77 (auto manufacturer's recall campaign was irrelevant because it dealt with different model year and different alleged defect). Likewise, evidence of other accidents must be sufficiently similar to the one at issue to be relevant. *See Jackson,* 788 F.2d at 1070.   It follows that only relevant and applicable regulations concerning the technical requirements of motor vehicles should be admissible.

      B.    <u>Even if there is a scintilla of relevancy to the issues in this case, discussion of ECE-93 should be excluded as it is unfairly prejudicial and likely to cause confusion of the issues</u>.

Federal Rule of Evidence 403 provides that: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.   Any attempt by the Plaintiffs to introduce ECE-93 is likely to mislead and confuse the jury about the issues it must determine in the present case.   Specifically, it is likely to conflate applicable and inapplicable regulations in the minds of the jury.   Furthermore, it runs the risk of implanting into the minds of the jury the false assumption that VGNA should have complied with a regulation that was not controlling in the United States.   It is unfairly prejudicial to require VGNA to rebut the implication that they should have complied with ECE-93.   Such evidence is likely to cause confusion of the issues, would be unfairly prejudicial, would waste time in this matter and should therefore be excluded under Rule 403.

**NO. 11:    REFERENCES TO VOLVO CARS, VOLVO CAR COMPANY, AND IMPROPER GENERIC REFERENCES TO "VOLVO"**

VGNA is also moving *in limine* to exclude Plaintiffs' anticipated references and use of evidence regarding Volvo cars, the Volvo Car Company, and generic non-VGNA "Volvo" entities or products.  As a threshold matter, Volvo cars and Volvo Car Company are completely unrelated to VGNA:   Volvo passenger vehicles are made by Geely Holdings (a Chinese company) and before that were made by Ford Motor Company (since the 1990's).  They have nothing to do with VGNA.  Evidence pertaining to non-VGNA "Volvo" entities should be excluded as it is irrelevant, unfairly prejudicial, and would only serve to waste time and confuse the issues in this matter. FED. R. EVID. 401, 402 & 403.

Furthermore, VGNA requests that Plaintiffs not be allowed to introduce evidence of any study, paper, marketing material, website, or other material that refers to "Volvo" unless and until it can be authenticated as to VGNA.  It is fundamental to the rules of evidence that a document cannot be introduced unless some foundation establishing its authenticity has been laid.  FED. R. EVID. 901.  Plaintiffs should not be allowed to introduce evidence where they cannot lay sufficient foundation at a bare minimum to establish that the document refers to a named defendant in this action.

A     Evidence related to Volvo cars, Volvo Car Company, or other "Volvo" entities that are not VGNA is irrelevant to any material issue in this case.

The Fifth Circuit has recognized that evidence concerning different vehicle lines in a products liability case is irrelevant and more prejudicial than probative.  *Johnson*, *supra* (affirming the lower court's ruling that letters between Ford and the National Highway Traffic Safety Administration concerning different vehicle lines was irrelevant to the case before the court).  It is anticipated that the Plaintiffs in this case will attempt to introduce evidence that

conflates Volvo cars and/or the Volvo Car Company with VGNA and Volvo trucks, and otherwise use the generic and widely-used term "Volvo" inappropriately. These companies and their products are not legally interchangeable, and they should not be treated as such for purposes of this case. Plaintiffs should not be allowed to introduce evidence of other "Volvo" lines or entities as it is irrelevant to the issues in this case. In *Johnson*, evidence related to different vehicle lines from the same company was held to be irrelevant – the Plaintiffs in this case should not be allowed to introduce evidence gathered from *legally distinct companies*. *See Johnson*, 988 F.2d at 579. Admitting such evidence would put VGNA in the untenable position of defending itself against another company's products, processes, and marketing materials which are not relevant to the claims and issues in this case.

        B.    <u>Plaintiffs bear the burden of laying a sufficient foundation to establish that proffered evidence relates to the named defendant – VGNA – and that any hearsay statements fall within an appropriate exception to the hearsay rule.</u>

Assuming arguendo that evidence offered by Plaintiffs shows some possibility of being relevant to the issues in this case, they are first required to lay a sufficient foundation to establish its authenticity before it may be admitted. Fed. R. Evid. 901. In general, "to satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed R. Evid. 901(a). Just because all poodles are dogs does not mean that all Volvos are VGNA products. The inclusion of the word "Volvo" or the ubiquitous logo in a document does not, in and of itself, establish a sufficient foundation that the document relates to VGNA.

Even if such documents can be authenticated, the statements they contain are still inadmissible hearsay. "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

FED. R. EVID. 802(c).  It is anticipated that Plaintiffs will attempt to introduce unauthenticated documents containing hearsay statements through their expert witness Keith Friedman.  Plaintiffs cannot introduce otherwise inadmissible hearsay through an expert witness by claiming that it forms part of the basis for his opinions.  *See, e.g., Soden v. Freightliner Corp.,* 714 F.2d 498 (5th Cir. 1983) (expert's testimony based on a letter and telephone call with a third party were not admissible as hearsay).  As non-VGNA "Volvo" entities are not parties to this case any statements made by them would necessarily be hearsay and thus not admissible.

C.   Any possible relevance of evidence regarding other "Volvo" entities to the issues in this case is outweighed by unfair prejudice, likelihood of confusion, and waste of time.

Rule 403 provides that: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  FED. R. EVID. 403.  "The issue is whether the search for truth will be helped or hindered by the interjection of distracting, confusing, or emotionally charged evidence."  WEINSTEIN'S FEDERAL EVIDENCE §403.02(1)(a).  Any attempt by the Plaintiffs to lump all "Volvos" in the same basket is likely to mislead and confuse the jury about the issues it must determine in the present case.  It is unfairly prejudicial to require VGNA to defend, explain, rebut, or account for numerous documents from other companies.  Such evidence is likely to cause confusion of the issues, would be unfairly prejudicial, would waste time in this matter and should therefore be excluded under Rule 403.

**NO. 12:    THE NTSB REPORT REGARDING THE 2009 CRASH IN OKLAHOMA AND OTHER STUDIES, REPORTS AND LITERATURE REGARDING CRASHES AND/OR VEHICLES THAT ARE NOT SUBSTANTIALLY SIMILAR**

Finally, VGNA anticipates that Plaintiffs may attempt to introduce a National Transportation Safety Board (NTSB) report/study regarding a multi-vehicle collision that occurred in Oklahoma in 2009 (Bates No. VGNA_001265-1373) and other studies, reports and literature regarding crashes and vehicles that are not substantially similar.  In a discovery hearing in this case Magistrate Ramirez orally noted that the NTSB report/study – and the crash at issue therein – involved different vehicles and was not substantially similar to the accident at issue in this case.  That report/study, and any other studies or reports or literature regarding crashes, should be excluded in toto unless the Plaintiffs satisfy the "substantial similarity" requirement under federal law.

Other incidents are not relevant unless a foundation of substantial similarity is laid.  FED. R. EVID. 402.  Dissimilar incidents are more prejudicial than probative because they create a risk of jury confusion and decision based on different designs or circumstances.  In a product liability case, evidence of other accidents are relevant only under certain carefully defined circumstances: *(1)* the earlier failure occurred under conditions substantially similar to those existing during the failure in the accident central to the litigation, and *(2)* the earlier failure occurred at a time not too remote from the time of the failure in the accident central to the litigation.  *Edwards v, Permobil, Inc*, 2013 WL 4508063 (E.D. La. August 22, 2013), *citing Ramos v. Liberty Mut. Ins. Co.*, 615 F.2d 334, 338–39 (5th Cir. 1980); *Johnson*, 988 F.2d at 579 (holding that a proponent must establish "that the facts and circumstances of other accidents or occurrences are 'closely similar' to the facts and circumstances at issue").

The substantial similarity rule "rests on the concern that evidence of dissimilar accidents lacks the relevance required for admissibility under Federal Rules of Evidence 401 and 402." *Cooper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1105 (9th Cir. 1991).  This is of particular importance in cases where the evidence is proffered to show the existence of a defective condition or causation.  In *Barker v. Deere & Co.*, 60 F.3d 158, 162-63 (3d Cir. 1995), the Third Circuit described the importance of the rule when allegations of product defect are at issue:

> We note that every court of appeals to have considered this issue agrees that when a plaintiff attempts to introduce evidence of other accidents as direct proof of a design defect, the evidence is admissible only if the proponent demonstrates that the accident occurred under circumstances substantially similar to those at issue in the case at bar.
>
> The foundational requirement of establishing substantial similarity is especially important in cases where the evidence is proffered to show the existence of a design defect.  In such cases, the jury is invited to infer from the presence of other accidents that a design defect existed, which contributed to the plaintiffs' injuries. (Citations omitted).

Federal courts have interpreted "similarity of conditions" to mean that the occurrence or accidents must have involved the identical model or design of product, or, at the least, one which is substantially or virtually similar.  *See Anderson v. Whitaker Corp*., 894 F.2d 804, 813 (6th Cir. 1990); *Brock v. Caterpiller, Inc*., 94 F.3d 220, 225-26 (6th Cir. 1990).  Further, Plaintiffs also must prove that the accident circumstances of the other claims and lawsuits are substantially similar to those at issue in this case.  *See Barker*, 60 F.3d at 162 ("The almost universal requirement, however, is that the prior occurrence must involve facts and circumstances which are substantially similar to those involved in the case under consideration or they will be excluded").

Should this Court decide that other incidents are substantially similar, they may still be excluded from trial. As the Fifth Circuit held, "even when a substantial similarity of circumstances is established, the District Court has broad discretion to exclude some or all of the proffered evidence under Rule 403 of the Federal Rules of Evidence." *Johnson*, *supra*, at 579. The Seventh Circuit noted the danger of taking the fact finder on any sort of a prolonged, confusing excursion in an already complicated trial:

> As the circumstances and conditions of the other accidents become less similar to the accident under consideration, the probative force of such evidence decreases. At the same time, the danger that the evidence will be unfairly prejudicial remains. [T]he jury might infer from evidence of the [other] accidents alone that ultra-hazardous conditions existed... and were the cause of the... accident without those issues ever having been proved.

*Nachtsheim v. Beech Aircraft Corp.*, 847 F.2d 1261, 1269 (7th Cir. 1988); *see also Uitts v. General Motors Corp.*, 411 F. Supp. 1380, 1383 (E.D. Penn. 1974) (reports of similar accidents excluded under FRE 403 because the thirty-five reports offered by plaintiffs would have diverted attention from plaintiffs' claim to the claims contained in those reports), *aff'd* 513 F.2d 626 (3d Cir. 1975).

### III. CONCLUSION AND PRAYER

VGNA respectfully prays that each of these motions in limine be granted in all respects, and for any and all other relief to which it is entitled.

Respectfully submitted,

HOWRY BREEN & HERMAN, LLP


_____
Randy Howry
State Bar No. 10121690
rhowry@howrybreen.com
John E. Carlson
State Bar No. 00790426
jcarlson@howrybreen.com
1900 Pearl Street
Austin, Texas 78705-5408
(512) 474-7300
(512) 474-8557 FAX

**ATTORNEYS FOR DEFENDANT VOLVO
GROUP NORTH AMERICA, LLC**


**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2014, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure by electronic service through the court's ECF system in compliance with Federal Rules of Civil Procedure 5(b)(2)(E) and 5(b)(3).


_____
Randy Howry