**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **OLLIE GREENE, et al,** § | |
| § | |
| Plaintiffs, § | **CAUSE NUMBER: 3:11-cv-0207-N** |
| v. § | |
| § | |
| **TOYOTA MOTOR CORPORATION,** § | |
| **et al.** § | |
| § | **JURY TRIAL DEMANDED** |
| Defendants. § | |

## PLAINTIFFS' MOTION *IN LIMINE* AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs' and before any proceedings before the venire panel, makes and files this their Motion *in Limine* AND Brief in Support (the "Motion"), and respectfully move the Court to instruct Defendants and their counsel and witnesses not to mention, allude to, or attempt to convey to the venire panel and/or to the jury in any manner, either directly or indirectly, upon *voir dire* examination, opening statement, interrogation of witnesses, introduction of any evidence, argument, objections before the venire panel and/or before the jury, reading of any portion of the pleadings, or by any other means or in any other manner inform the venire panel and/or the jury, or bring to the venire panel's and/or the jury's attention, any of the matters set forth in the numbered paragraphs below, unless and until such matters have been first called to the attention of the Court, out of the presence and hearing of the venire panel and/or the jury, and a favorable ruling obtained from the Court as to the admissibility and relevance of any such matters:

   1. **That Plaintiffs filed a lawsuit against Charles Moody and Forest Transport and any pleadings or testimony related to that lawsuit.**

FED.R.EVID. 403; *Estate of Spinosa v. International Harvestor*, 621 F.2d 1154, 1157 (1st Cir.1980); *Mitchell v. Fruehauf Corp.*, 568 F.2d 1139, 1147 (5th Cir.1978); *Svege v. Mercedes-*

*Benz Credit Corp.*, 329 F.Supp.2d 285 (D.Conn. Aug 06, 2004); *see also Garman v. Griffin*, 666 F.2d 1156, 1158–59 (8th Cir.1981) (Arnold, J., dissenting) (amended complaint not admissible where use of pleadings would interfere with recognized principles of alternative pleading under FED.R.CIV.P. 8(e)). Even if the previous complaint was otherwise admissible, the Court should nonetheless exercise its discretion to exclude it under FED.R.EVID. 403 on the grounds that the Complaint's probative value, if any, is outweighed by its prejudicial effect. *See Vincent v. Louis Marx & Co.*, 874 F.2d 36, 41 (1st Cir.1989) (remanding to district court for reconsideration of admission of prior pleading with instruction to conduct Rule 403 balancing of the probative value of admission against its potential prejudicial effect); *Svege*, 329 F.Supp 2d at 288 ("[g]iven the fact that the complaints were just that—that is, complaints filed at the outset of an action before discovery and adjudication—the rules permit inconsistent pleadings, and the complaints are not necessarily factually inconsistent with Plaintiffs' products liability claims in this case, the court believes that the probative value of the complaints is low").

_____ _____ _____
GRANTED    DENIED     AGREED

2.   **That Plaintiffs entered into settlement with Charles Moody and/or Forest Transport related to the incident that occurred on May 28, 2010.**

Settlement agreements are not admissible at trial to prove liability. *See* FED.R.EVID. 408; TEX.R.EVID. 408; *Ford Motor Co. v. Leggat,* 904 S.W.2d 643, 649 (Tex.1995); *Birchfield v. Texarkana v. Mem'l Hosp.*, 747 S.W.2d 361, 365 (Tex.1987); *Union Oil Co. of California v. Buffalo Marine Services, Inc.*, --- Fed.Appx. ----, 2013 WL 4400886 (5th Cir. 2013).

_____ _____ _____
GRANTED    DENIED     AGREED

    **3.**    **That Charles Moody was charged with and/or, upon advice of his attorney to avoid prison, took a deferred plea to criminally negligent homicide arising out of the May 28, 2010, incident.**

Charles Moody is not a party to this lawsuit and admission of this evidence is not contemplated under the rules of evidence. *See, e.g.* FED.R.EVID. 404*;* FED.R.EVID. 609*; see also, United States v. Valentine*, 401 F.3d 609, 614 (5th Cir.2010) ("[A] deferred adjudication does not subject a witness to impeachment with the use of a prior "conviction."). In addition, Moody's plea is hearsay that does not fall under an exception to the hearsay rule. Finally, the probative value, if any, of this evidence is substantially outweighed by the danger of unfair prejudice to Plaintiffs. *See* FED.R.EVID. 403*; United States v. Royal*, 972 F.2d 643, 648 (5th Cir.1992).

_____    _____    _____
GRANTED    DENIED    AGREED

    **4.**    **That Charles Moody allegedly made statements at the scene that he was responsible for the accident or that he felt he had "killed" someone.**

*See* FED.R.EVID. 401*,* 403, 602, 703, 704, and 802.

_____    _____    _____
GRANTED    DENIED    AGREED

    **5.**    **That Charles Moody allegedly was convicted and/or placed on probation for possession of marijuana in "1996 or 1997."**

*See* FED.R.EVID. 401*,* 403, 602, 703, 704, and 802.

_____    _____    _____
GRANTED    DENIED    AGREED

      **6.**     **Any reference to any conduct or statement made during any compromise negotiations including, but not limited to, any mediation, and that there be no mention whatsoever that any person or entity has offered or failed to offer any amount in compromise and settlement of the claims herein.**

*See* FED. R. EVID. 408; *McGuire v. Commercial Union Ins. Co. of N.Y.*, 431 S.W.2d 347, 352 (Tex. 1968); *Bounds v. Scurlock Oil Co.,* 730 S.W.2d 68, 70 (Tex. App. — Corpus Christi 1987, writ ref'd n.r.e.).

_____       _____       _____
   GRANTED                  DENIED                  AGREED

      **7.**     **Any testimony from the investigating officers as to whether Charles Moody or Danny Sprinkle was the "cause" of the accident or cause of the deaths of the Greene family.**

As a general rule, police officers' lay "opinions as to the cause of an automobile accident formed by viewing subsequent evidence at the scene" are excluded under Rule 701. See 38 A.L.R.2d 13 § 22; *Ernst v. Ace Motor Sales, Inc*., 550 F.Supp. 1220, 1223 (E.D.Pa.1982), aff'd without op., 720 F.2d 661 (3d Cir.1982)(officer's lay opinion testimony was admissible only to the extent that it pertained to the point of impact). Additionally, the opinions of the officers also do not qualify under Rule 803(8)(C) (the public records exception). See Fed.R.Evid. 803(8)("Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth ... (C) in civil actions and proceedings ..., factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness."). These reports, prepared by officers who had little experience in investigating incidents such as the one at issue, clearly indicate a lack of trustworthiness. Additionally, the officers' reports contain clear hearsay, and such "hearsay within hearsay" is not admissible unless it falls within a separate hearsay exception. *Federal Deposit Ins. Corp. v.*

*Mmahat*, 907 F.2d 546, 551 n. 6 (5th Cir.1990). It does not. Such testimony is also irrelevant and unfairly prejudicial, and thus is inadmissible. See FED. R. EVID. 401, 402, 403.

_____     _____    _____
GRANTED        DENIED            AGREED

8. **Any Evidence or Reference by Defendants or their experts as to whether any of the vehicles or components complied with, met, or exceeded any Federal Motor Vehicle Safety Standard (FMVSS) or that any of the standards governed the risk of harm alleged in this action, as such testimony is hearsay, incompetent, irrelevant and unfairly prejudicial, and thus is inadmissible.**

*See* FED. R. EVID. 401, 402, 403, 601, 602, 703, 704, and 802.

_____     _____    _____
GRANTED        DENIED            AGREED

9. **Any testimony or argument that defendants are entitled to any presumption of non-liability as to any issue in this case on account of defendant allegedly meeting a minimum standard under the Federal Motor Vehicle Safety Standard, as such testimony is irrelevant and unfairly prejudicial, and thus is inadmissible.**

*See* FED. R. EVID. 401, 402, 403; see also, *Kia Motors Corp. v. Ruiz*, --- S.W.3d ----, 2014 WL 1258169, 57 Tex. Sup. Ct. J. 375 (Tex. Mar 28, 2014).

_____     _____    _____
GRANTED        DENIED            AGREED

10. **Any Evidence or Reference by Defendants or their experts as to whether receiving "safety ratings" confirms that the vehicle is "safe" or that this means the vehicle is not defective. Considering that the tests simulate collisions between two vehicles of the same weight and height, the scores do not apply to mismatched vehicles. The tests also use a 50th percentile dummy, which doesn't measure the impact on people who may be larger or smaller. Any such testimony is hearsay, incompetent, irrelevant and unfairly prejudicial, and thus is inadmissible.**

*See* FED. R. EVID. 401, 402, 403, 601, 602, 703, 704, and 802.

_____     _____    _____
GRANTED        DENIED            AGREED

11. **Any Evidence or Reference by Defendants and their experts to the design characteristics and/or crash performance of vehicles other than the vehicles involved in the May 28, 2010, incident.**

    See FED. R. EVID. 401, 402, 403, 602, 702, and 704.

    _____        _____        _____
    GRANTED          DENIED              AGREED

12. **Limit Defendants' Expert Witnesses to the Opinions Given in Their Written Reports, unless otherwise excluded by previous Order. And, expert witness opinions and testimony that differ from the expert's written report shall not be elicited without prior notice to opposing counsel and opportunity to object.**

    *See* FED R. CIV. P. 37 and FED. R. EVID. 401, 402, 403, 602, 703, and 802.

    _____        _____        _____
    GRANTED          DENIED              AGREED

13. **Any testimony, documentation and other evidence from experts that was received after the experts' deposition including, but not limited to experts such as Stephen Werner, Kenneth Tandy, Timothy Cheek, and VGNA who submitted new evidence on May 23, 2014, disguised as supplemental disclosures.**

    *See* FED R. CIV. P. 37 and FED. R. EVID. 401, 402, 403, 602, 703, and 802.

    _____        _____        _____
    GRANTED          DENIED              AGREED

14. **Any Testimony from Defendants' Expert Witnesses that they "do not have any criticisms" of the other drivers, vehicles, or trailers involved in the May 28, 2010.**

During the depositions of Defendants' expert witnesses, several counsel for defendants asked the experts whether they had "criticisms" of that defendant's driver, vehicle, and/or trailer. In most instances, the expert indicated that he/she had no such criticisms. However, these experts were not retained for the purpose of investigating criticisms such as those about which the questions are directed. Allowing Defendants to re-ask these questions at trial (and receive the same

6

responses) would give the jury the impression that the experts applied experience and an acceptable methodology in investigating the other drivers or vehicles but found no criticisms. In other words, these questions have no probative value, yet the prejudicial effect of these responses would be substantial. FED.R.EVID. 401, 402, 403, 601, 602.

_____       _____       _____

GRANTED             DENIED                  AGREED

15.     **Any testimony from Defendants or their experts or other evidence of the statistical or other evidence of dissimilar accidents, crashes or research from source such as National Automotive Sampling System ("NASS") Collision Data System ("CDS"), FARS database, etc. to defend against the strict liability claims.**

In various expert reports, defendants argue that certain data from the National Automotive Sampling System ("NASS") Collision Data System ("CDS") or testing from the NHTSA are relevant to their expert analyses. However, reliability issues arise if the collected data is not handled and categorized correctly under the circumstances. If a correct classification of vehicles, circumstances and/or accidents is not made, the methodology becomes unreliable, resulting in conclusions that are skewed, erroneous, and highly prejudicial. That is what happened here. Therefore, even if defendants were going to use the NASS database (which Plaintiffs contend is inappropriate here) the crash parameters should have included substantially similar rear-end highway collisions and substantially similar vehicles and components. Here, there is no evidence that the experts eliminated the clearly inapplicable vehicles and/or included all substantially similar vehicles. Rear end accidents are by no means unusual. But inclusion of similar accidents, similar vehicles, similar model years, etc. would have completely changed the results. Instead, defendants' decisions to rely on skewed crash comparisons and inapplicable research or surveys make the experts' testimony too questionable for jury consumption. The methodology the experts claim to

have used cannot be attacked simply by cross examination. See FED. R. EVID. 401, 402, 403, 602, 702, and 704.

   _____    _____    _____
   GRANTED    DENIED    AGREED

16. Any testimony that Charles Moody was allegedly on his phone at the time of the accident. According to the testimony of Officer Barkley (74:22 – 75:7), Moody was not on his phone. Phone records also confirm that Moody was not on his phone at the time of the accident.

    *See* FED. R. EVID. 401, 402, 403, 602, and 802.

       _____    _____    _____
       GRANTED    DENIED    AGREED

17. Any testimony from, or regarding any knowledge held by, Jan Hoover. Hoover was first designated by Strick on February 26, 2014, as a person with knowledge. This designation look place long after the close of discovery, which occurred on December 10, 2013.

    *See* FED R. CIV. P. 37 and FED. R. EVID. 401, 402, 403, 602, and 802.

       _____    _____    _____
       GRANTED    DENIED    AGREED

18. The documentation and any testimony regarding the documentation that was first produced by Strick on February 26, 2014, including but not limited to documents produced as Strick's bates stamped documents number Strick05395 - 05405. This information was produced long after the close of discovery, which occurred on December 10, 2013.

    *See* FED R. CIV. P. 37 AND FED. R. EVID. 401, 402, 403, and 802.

       _____    _____    _____
       GRANTED    DENIED    AGREED

19. The documentation and any testimony regarding items that were first disclosed by Strick on February 19, 2014, in Strick's Reply to its Motion for Summary Judgment [doc. 372], which was stricken by the Court [doc. 615]. This includes, but is not limited to, the newly alleged "company policy,"

  **manufacturing process, quality assurance process, distributor assembly requirement or instructions, electronic database, and inspection process. This information was not produced during discovery, which closed on December 10, 2013.**

  *See* FED R. CIV. P. 37 and FED. R. EVID. 401, 402, 403, and 802.

  _____  _____  _____
  GRANTED  DENIED  AGREED

20. **The documentation and any testimony regarding the items that were first disclosed by Strick on November 26, 2013, which was (a) more than two years after Plaintiffs' October 4, 2011, request for documents was served on Strick; (b) more than a year after Plaintiffs' May 14, 2012, depositions of Strick's corporate representatives were completed; and (c) just two weeks before discovery closed on December 10, 2013. This request includes documents produced as Strick's bate stamped document numbers Strick03892 - 05375.**

  *See* FED R. CIV. P. 37 AND FED. R. EVID. 401, 402, 403, and 802.

  _____  _____  _____
  GRANTED  DENIED  AGREED

21. **Any testimony from or regarding any knowledge held by Robert Lobsinger, Amanda Hill and Robert Williams, all of whom were first designated by Dolphin on December 10, 2013, which was the exact date upon which discovery closed in this matter.**

  *See* FED R. CIV. P. 37 and FED. R. EVID. 401, 402, 403, 601, 602, and 802.

  _____  _____  _____
  GRANTED  DENIED  AGREED

22. **Any testimony from witnesses "restating" opinions of other experts retained in this case, as such restatements would be improper bolstering and unduly prejudicial.**

  In addition to improper bolstering and prejudice, the law is clear that experts may not simply repeat or adopt the findings of other experts without investigating them. *In re Polypropylene Carpet Antitrust Litig.*, 93 F.Supp.2d 1348 (N.D.Ga.2000) (citing *In re TMI Litig.*, 193 F.3d 613, 715–16 (3d Cir.1999) (finding blind reliance by expert on other expert opinions demonstrates flawed methodology under Daubert ); *TK–7 Corp. v. Estate of Barbouti*, 993 F.2d 722, 732–33 (10th Cir.1993) (excluding expert opinion relying on another expert's report because witness failed

to demonstrate a basis for concluding report was reliable and showed no familiarity with methods and reasons underlying the hearsay report)). *See also* FED. R. EVID. 401, 402, 403, 601, 702, 802.

_____         _____         _____
GRANTED              DENIED                    AGREED

**23.    Any testimony from Defendants or their experts referring to the May 28, 2010, collision as "severe" or similar description.**

*See* FED. R. EVID. 401, 402, 403.

_____         _____         _____
GRANTED              DENIED                    AGREED

**24.    That this Motion has been filed, or disclosing any ruling by the Court in response to this Motion, suggesting or inferring that Plaintiffs has moved to prohibit proof or that the Court has excluded proof on any particular matters**.

_____         _____         _____
GRANTED              DENIED                    AGREED

**25.    The probable testimony of a witness who is absent, unavailable, or not called to testify at the trial or in a deposition because this would constitute putting unsworn testimony before the jury.**

*See Tex-Jersey Oil Corp. v. Beck*, 305 S.W.2d 162, 167 (Tex. 1957), *overruled on other grounds* 651 S.W.2d 249 (Tex. 1983); *see also Sanders v. St. Paul Fire & Marine Ins. Co.*, 429 S.W.2d 516, 522 (Tex. Civ. App.—Texarkana 1968, writ ref'd n.r.e.).

_____         _____         _____
GRANTED              DENIED                    AGREED

**26.** **Any argument, statements, or testimony from Defendants or its counsel that a witness' testimony is a judicial admission or any similar argument, statement or testimony that would imply that the witness' testimony can be a judicial admission.**

*See Heritage Bank v. Redcom Laboratories, Inc.*, 250 F.3d 319, (5th Cir. 2001); *Mendoza v. Fidelity & Guaranty Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980).

_____ _____ _____
GRANTED          DENIED              AGREED

**27.** **Placing before the jury in any form or fashion any out-of-court statement or report of a person not present in court to testify and be cross-examined by counsel for Plaintiffs (except in the case of depositions taken in the case and otherwise admissible documents), as this information is inadmissible.**

*See* FED. R. EVID. 401, 402, 403, 801, 802.

_____ _____ _____
GRANTED          DENIED              AGREED

**28.** **Any reference to written discovery responses that have been replaced by Plaintiffs with an amendment as such information is irrelevant and unfairly prejudicial.**

*See* FED. R. EVID. 401, 402, 403.

_____ _____ _____
GRANTED          DENIED              AGREED

**29.** **Any expert opinion testimony, or reference thereto, offered on behalf of Defendants by witnesses not designated timely as experts and who have not provided expert reports pursuant to the deadlines set forth in the Scheduling Order entered in this case.**

_____ _____ _____
GRANTED          DENIED              AGREED

30. **Any reference to any witness sponsored by Defendants as an "expert," or any other similar term, without an express ruling by the Court that the witness is qualified as an expert to testify to opinions concerning the specific subject areas of the witness' testimony.**

   *See* FED.R.EVID. 702, 703.

   _____        _____        _____
   GRANTED                DENIED                    AGREED

31. **Commenting upon any failure of Plaintiff' to call any witnesses equally available to all parties.**

   *See Tex. Power & Light Co. v. Walker,* 559 S.W.2d 403, 406 (Tex. App.—Texarkana 1977, no writ); s*ee also Sanders v. St. Paul Fire & Marine Ins. Co.*, 429 S.W.2d at 521.

   _____        _____        _____
   GRANTED                DENIED                    AGREED

32. **Defendants offering documents or exhibits into evidence that were not produced timely in response to discovery requests in this litigation, with the exception only of timely trial impeachment evidence, if any**.

   _____        _____        _____
   GRANTED                DENIED                    AGREED

33. **Disputes in this case concerning discovery matters including, but not limited to, motions to compel, motions for protective order, disputes arising during depositions, or any other matter relating to pre-trial discovery disputes, as this information is inadmissible.**

   *See* FED. R. EVID. 401, 402, 403.

   _____        _____        _____
   GRANTED                DENIED                    AGREED

34. **Requesting Plaintiffs' witnesses or attorneys to produce documents, photographs, statements or any other material from their files or to demand or request further or additional discovery, physical documentation, or other requests for information or evidence of any kind or speculating about documents that have not been produced during the course of the trial in the presence of the jury, as this information is inadmissible.**

    *See* FED. R. EVID. 401, 402, 403.

    _____          _____          _____
    GRANTED            DENIED                 AGREED

35. **Any and all references to objections made by Plaintiffs in answers to written discovery requests, hearings and depositions, as well as objections made by Plaintiffs in any other discovery proceeding, as well as reference to any refusal of Plaintiffs to answer questions or produce documents that were objected to, as this information is inadmissible.**

    *See* FED. R. EVID. 401, 402, 403.

    _____          _____          _____
    GRANTED            DENIED                 AGREED

36. **That Defendants, their attorneys, and all witnesses involved in this lawsuit be instructed not to request or refer to the contents of any pleadings that have been superseded by the current court sanctioned pleadings on file in this case, as this information is inadmissible.**

    *See* FED. R. EVID. 401, 402, 403.

    _____          _____          _____
    GRANTED            DENIED                 AGREED

37. **Before the Court rules on the law applicable to this case, any statement of the law other than regarding the burden of proof and the basic legal definitions all counsel believe to be applicable**.

    _____          _____          _____
    GRANTED            DENIED                 AGREED

WHEREFORE, Plaintiffs requests the Court enter an order *in limine* as follows:

A.      That Defendants' counsels be instructed not to mention or bring before the jury either directly or indirectly upon *voir dire* and examination, opening statement, interrogation of witnesses, in argument, objections before jury, or by any other means or in any other manner, inform the jury or bring to the jury's attention, any of the matters set forth above unless and until any such matters have been first called to the Court's attention out of the presence and hearing of the jury and a favorable ruling received from the Court as to the admissibility and relevance of any such matters;

B.      That Defendants' counsels be specifically instructed to inform, and counsel with, all of their witnesses and clients not to volunteer, interject, disclose, state, mention in the presence of the jury or in any other way refer to any of the matters stated in the above paragraphs, unless and until specifically questioned thereon after prior favorable ruling by the Court; and

C.      That Defendants' counsels be instructed that a violation of any and/or all of the Court's instructions, if any, in connection with this Motion would be likely to constitute undue harm to Plaintiffs' case and deprive Plaintiffs of a fair and impartial jury trial, and that such violation and failure to abide by the Court's order may bring about a mistrial and/or result in sanctions.

SIGNED on the _____ day of _____, 2014.

_____
**DAVID C. GODBEY**
**UNITED STATES DISTRICT JUDGE**

Respectfully Submitted,

| | |
|---|---|
| /s/ Aubrey "Nick" Pittman | /s/ Daryl K. Washington |
| AUBREY "NICK" PITTMAN | DARYL K. WASHINGTON |
| State Bar No. 16049750 | State Bar No. 24013714 |
| | |
| **THE PITTMAN LAW FIRM, P.C.** | **LAW OFFICES OF DARYL K. WASHINGTON P.C.** |
| 100 Crescent Court, Suite 700 | 325 N. St. Paul St., Suite 1975 |
| Dallas, Texas 75201-2112 | Dallas, Texas 75201 |
| 214-459-3454 | 214-880-4883 |
| 214-853-5912 – fax | 469-718-0380 - fax |
| pittman@thepittmanlawfirm.com | dwashington@dwashlawfirm.com |

## CERTIFICATE OF CONFERENCE

The undersigned certifies that a conference on this motion was held on May 22, 2014, with counsel for defendant, during which time defendant's counsel indicated they were opposed to the relief being sought in this motion. Accordingly, Plaintiffs present this matter to the Court for resolution.

    /s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2014, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

    /s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN