IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE-HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, | § § § § § § § § § | CAUSE NUMBER 3:11-cv-0207-N |
| Plaintiffs, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC. VOLVO GROUP NORTH AMERICA, INC. VOLVO TRUCKS NORTH AMERICA, a DIVISION OF VOLVO GROUP NORTH AMERICAN, LLC., STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC and DOLPHIN LINE, INC. | § § § § § § § § § § § § § | |
| Defendants. | § § | |

**DEFENDANT STRICK TRAILERS, LLC'S MOTION TO STRIKE PLAINTIFFS' "RULE 26(e)(2) EXPERT SUPPLEMENTATION"**

Defendant, STRICK TRAILERS, LLC, ("Strick") respectfully moves the Court, pursuant to Fed. R. Civ. P. 37(c)(1), for an order striking Plaintiffs' "Notice of Service of Plaintiffs" Rule 26(e)(2) Supplementation" (the "Notice") (Doc. 683) and excluding all of the late filed testimony

and evidence contained in the nine line items identified by Plaintiffs in the Notice.[1]  The basis for this motion is that the affidavits and other evidence Plaintiffs' seek to "supplement" in the Notice are not the supplemental materials contemplated by Fed. R. Civ. P. 26(e) (2) but are actually new opinions and supporting evidence, undisclosed in Plaintiffs' Rule 26 expert reports, that are subject to automatic and mandatory exclusion under Fed. R. Civ. P. 37(c) (1).  See *Trinity Homes, LLC v. Ohio Cas. Ins. Co.*, No.: 1:04-cv-01920, 2011 WL 2261297, *3-4 (S.D. Ind. 2011) (acknowledging that Rule 26(e)(2) does not define the term "supplemental" but a common sense interpretation and numerous case opinions suggest that it does not include new or contradictory opinions).

## INTRODUCTION AND RELEVANT PROCEDURAL BACKGROUND

Plaintiffs filed their first motion to continue expert deadlines on October 3, 2013. (Doc. 212).  Plaintiffs filed their second motion to continue expert deadlines on November 5, 2013. (Doc. 231).  Plaintiffs served their Rule 26 expert reports on Strick on November 20, 2013.  The Court permitted Plaintiffs to file any expert rebuttal reports until January 10, 2014, but Plaintiffs filed and served none. (Doc. 335).  Defendants deposed Plaintiffs' experts between January 15, 2014 and February 4, 2014.  Expert discovery closed on March 10, 2014.  Plaintiffs now seek to "supplement" their expert testimony and materials with the items identified in the Notice more than two months after the close of expert discovery in this case.

---

[1] Strick filed a motion on March 17, 2014, seeking to exclude any evidence or opinions from Plaintiffs' experts that were not disclosed in Plaintiffs' Rule 26(a)(2)(B) reports which generally includes the items identified in the Notice. (Doc. 405).  However, the Notice was not filed until May 23, 2014.  Strick is filing the present motion out of an abundance of caution to make certain that Plaintiffs are not successful in their attempts to avoid the relief requested in that motion.

Following the close of discovery Strick filed several motions which were based, in part, on shortcomings identified in Plaintiffs' Rule 26 expert reports viewed in light of the deposition testimony of those experts. Plaintiffs attempted to cure the failure to meet the disclosure requirements by filing new expert affidavits that contain new undisclosed opinions, details, bases, rationales, and even opinions that contradict prior opinions offered in Rule 26 Reports and expert depositions. For example, Strick has shown that (1) Mr. Friedman offered new opinions in his February 4th Affidavit that were not disclosed in his Rule 26 report and deposition (See Doc. 393, PageID 18335-18340) and (2) Dr. Burton offered new opinions in his April 3 Affidavit that contradict his unequivocal sworn deposition testimony (See Doc. 581, PageID 30134-30137). Plaintiffs have filed no less than eight affidavits after the expiration of the expert disclosure deadline in their effort to address the shortcomings identified in Defendants' pleadings.[2]

## ARGUMENT AND BRIEF IN SUPPORT

Fed. R. Civ. P. 26(a)(2)(b) requires Plaintiffs to provide written reports from all of their retained experts. The report must be "detailed and complete." *U.S. Bank Nat. Ass'n v. Verizon Communications, Inc.*, No.: 3:10-cv-1842-G, 2012 WL 4512493, *4 (N.D. Tex. Oct. 2, 2012). Fed. R. Civ. P. 37(c)(1) states that if a party fails to provide the information required in Fed. R. Civ. P. 26(a), "the party is not allowed to use that information ... at trial, unless the failure was substantially justified or is harmless." The exclusion of this testimony is automatic unless Plaintiffs can make a showing that the failure was justified or harmless. *U.S. Bank Nat. Ass'n,*

---

[2] The Notice identified seven affidavits but Plaintiffs filed at least one other Friedman affidavit on February 4, 2014. (Doc. 369-4; App. 1094-1101).

2012 WL 4512493 at *4; *Abrams v. American Airlines, Inc.*, No.: 4:04-cv-919, 2006 WL 5209883 (N.D. Tex. Aug 3, 2006).

  Plaintiffs have not made any showing that the delinquent disclosure and production of the items identified in the Notice was substantially justified or harmless. In fact, the items Plaintiffs' seek to "supplement" in the Notice prejudice Strick because Strick did not have an opportunity to depose the experts on these opinions or adequately prepare for cross examination of Plaintiffs' experts at trial. Plaintiffs cannot show that their delinquent filings and disclosures were substantially justified or harmless and therefore, Fed. R. Civ. P. 37(c)(1) mandates the exclusion of these materials.

  For all the foregoing reasons, Strick respectfully asks this Court to enter an Order (1) striking Plaintiffs' Notice of Service of Plaintiffs Rule 26(e)(2) Expert Supplementation, (2) excluding all of the new testimony and evidence contained in the items identified by the Notice from trial, and (3) granting such other and further relief as this Court deems necessary and just.

             Respectfully submitted,

             DAWSON & CLARK, P.C.

             */s/ Donald H. Dawson, Jr.*
             DONALD H. DAWSON, JR.
             Texas State Bar No. 05606500
             KATHLEEN A. CLARK
             Texas State Bar No. 00788830
             243 West Congress, Suite 600
             Detroit, MI 48226
             (313) 256-8900 (Office)
             (313) 256-8913 (Facsimile)

WALTERS, BALIDO & CRAIN, LLP

/s/
S. TODD PARKS
Texas State Bar No. 15526520
ASHLEY DE LA CERDA
Texas State Bar No. 24045760
10440 North Central Tower, 15th Floor
Dallas, TX 75231
(214) 749-4805 (Office)
(214) 760-1670 (Facsimile)
**ATTORNEYS FOR DEFENDANT STRICK**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 3, 2014 a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

/s/ Donald H. Dawson, Jr.
DONALD H. DAWSON, JR.

## CERTIFICATE OF CONFERENCE

Counsel for Strick Trailers, LLC, attempted to confer with Plaintiffs' counsel, however, Plaintiffs' counsel was unavailable.

/S/ Donald H. Dawson, Jr.
DONALD H. DAWSON, JR.