**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **OLLIE GREENE**, *et al.*, | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **CAUSE NUMBER: 3:11-cv-0207-N** |
| | § | |
| **TOYOTA MOTOR CORPORATION,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' JOINT MOTION TO COMPEL IMMEDIATE PRODUCTION OF
LETTER AGREEMENT MEMORIALIZING SETTLEMENT BETWEEN
PLAINTIFFS AND VOLVO GROUP NORTH AMERICA, LLC**

TO THE HONORABLE COURT:

Defendants Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Sales U.S.A., Inc., Strick Trailers, LLC, John Fayard Moving & Warehouse, LLC and Dolphin Line, Inc. (collectively "Defendants") file this Joint Motion to Compel Production of Letter Agreement Memorializing Settlement Between Plaintiffs and Volvo Group North America, LLC ("VGNA") and would respectfully show the Court the following:

Plaintiffs and VGNA should be compelled to produce the letter agreement memorializing the settlement between them of the claims in this case. Defendants previously served a discovery request to Plaintiffs covering the settlement in TMC's First Request for Production to Plaintiffs as follows:

> 76.    All agreements, contracts, arrangements, understandings, deals, writings, or documents evidencing any agreement, contract, arrangement, understanding or deal relating to any settlement, compromise or dismissal of any claim brought by Plaintiffs or on Plaintiffs' behalf in this lawsuit against any person, party, firm or

> corporation relating to the vehicle, or to any damages, losses,
> expenses or injuries relating to the vehicle or the accident. This is a
> request for such materials and writings regardless of whether the
> claim was brought or made directly by Plaintiffs, or by insurance
> companies or carriers who made payments to Plaintiffs or for their
> benefit and thereby have subrogated interests into any such claims.

Plaintiffs and VGNA have now settled all claims by and between them.  Doc. No. 698 at 1.  The court will be required to reduce the amount of damages to be recovered by Plaintiffs, if any, by the sum of the dollar amounts of all settlements.[1]  Tex. Civ. Prac. & Rem. Code § 33.012.  As the dollar amount of the settlement between Plaintiffs and VGNA must be known in order for the court to do so, the letter agreement memorializing the settlement is relevant and discoverable. *See id.*; Fed. R. Evid. 401, 402; Fed. R. Civ. P. 26.

Further, the amount of the settlement between Plaintiffs and VGNA is important to Defendants evaluation of the case and possible settlement.  The amount of the settlement credit that would be applied to any recovery by Plaintiffs directly impacts the magnitude of Defendants' potential exposure to a damage award, in the unlikely event they are found liable for Plaintiffs' damages.   Until the terms of the settlement between Plaintiffs and VGNA are disclosed, Defendants are left to speculate as to the impact this settlement has on their potential exposure.

Plaintiffs and VGNA, however, refuse to disclose the terms of their settlement.  Further, Plaintiffs contend that they do not have a "settlement agreement" with VGNA at this juncture, but simply a letter agreement memorializing their settlement.  Defendants therefore move that Plaintiffs and VGNA be compelled to produce the letter agreement memorializing their settlement immediately.

---

[1] Plaintiffs had previously settled their claims against Charles Moody and Forest Products Transports, L.L.C., who have been designated as Responsible Third Parties in this suit.

Defendants recognize that the settlement may be confidential and agree that such information will be kept confidentially by Defendants and their counsel, and will not be disclosed without permission of the Court, or Plaintiffs and VGNA.

WHEREFORE, PREMISES CONSIDERED, Defendants Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Sales U.S.A., Inc., Strick Trailers, LLC, John Fayard Moving & Warehouse, LLC and Dolphin Line, Inc., respectfully request that Plaintiffs and VGNA be compelled to produce the letter agreement memorializing their settlement immediately, and for such other and further relief to which they may show themselves to be entitled.

Respectfully submitted,

*/s/ Kurt C. Kern*_____
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
2501 North Harwood Street, Suite 1700
Dallas, Texas  75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR TOYOTA DEFENDANTS**

*/s/ S. Todd Parks*_____
**S. Todd Parks**
State Bar No. 15526520
todd.parks@wbclawfirm.com

**Ashley De La Cerda**
State Bar No. 24045760
Ashley.delaCerda@wbclawfirm.com
**Walters, Balido & Crain**
Meadow Park Tower, 15th Floor
10440 North Central Expressway
Dallas, Texas 75231
214-749-4805
214-760-1670 (fax)

**Donald H. Dawson, Jr.**
State Bar No. 05606500
ddawson@dawson-clark.com
**Kathleen A. Clark**
State Bar No 00788830
kclark@dawson-clark.com
**Dawson & Clark, P.C.**
243 W. Congress
600 Marquette Building
Detroit, MI 48226
313-256-8900
313-256-8913 (Fax)

**ATTORNEYS FOR STRICK TRAILERS, LLC**

*/s/ Michael P. Sharp*
**Michael P. Sharp**
State Bar No. 00788857
msharp@feesmith.com
**Scott W. Self**
State Bar No. 24033176
sself@feesmith.com
**FEE, SMITH, SHARP & VITULLO, LLP**
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
972-934-9100
972-934-9200 (Fax)

**ATTORNEYS FOR JOHN FAYARD MOVING & WAREHOUSE, LLC.**

/s/ John S. Kenefick_____
**John S. Kenefick**
State Bar No. 24006294
jkenefick@macdonalddevin.com
**Joseph F. Henderson**
State Bar No. 24036751
jhenderson@macdonalddevin.com
**Macdonald Devin, P.C.**
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas  75270
214-744-3300
214-747-0942 (Fax)

**ATTORNEYS FOR DOLPHIN LINES, INC.**

### CERTIFICATE OF CONFERENCE

Counsel for Defendants conferred with counsel for Plaintiffs and VGNA on June 3, 2014, and they refused to provide the terms of their settlement absent court order.  Accordingly, this motion is before the court for its determination.

/s/ Kurt C. Kern_____

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 5th day of June, 2014.

/s/ Kurt C. Kern_____