IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **OLLIE GREENE**, *et al.*, | § | |
| | § | |
|     **Plaintiffs** | § | |
| | § | |
| v. | § | CAUSE NUMBER: 3:11-cv-0207-N |
| | § | |
| **TOYOTA MOTOR CORPORATION**, *et al.*, | § | |
| | § | |
|     **Defendants.** | § | |

### TOYOTA DEFENDANTS' OBJECTIONS TO PLAINTIFFS' IMPROPER CONTENTIONS IN THE JOINT PRE-TRIAL ORDER AND MOTION TO STRIKE

TO THE HONORABLE COURT:

COMES NOW, Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc. (collectively "the Toyota Defendants") and file their Objections to Plaintiffs' Improper Contentions in the Joint Pre-Trial Order and Motion to Strike and would respectfully show the Court the following:

## I.
### SUMMARY

Pursuant to the Court's Scheduling Order, the Joint Pre-Trial Order ("The Order") was to be filed with the Court on May 23, 2014. *See* Doc. No. 332. A little more than an hour and a half before the close of business on May 23rd, Plaintiffs for the first time submitted to counsel for the defendants Plaintiffs' draft of the Order containing more than 160 contentions of fact and law. *See* Correspondence from Nick Pittman dated May 23, 2014 at 3:22 p.m., attached herein as Exh. A (APP 1). Since that time and after having an adequate time to review Plaintiffs' submissions, the Toyota Defendants have determined that many of the contentions and issues

listed by Plaintiffs are improper. Therefore, the Toyota Defendants object to and move to strike Plaintiffs' improper contentions.

First, the Court should strike contentions and issues relating to the Greene children because the Court has already held that no Plaintiff has standing to bring wrongful death claims on behalf of the Greene children and because the estates of the children are not parties to this case. In addition, any bystander issues related to the children's deaths should be struck because no bystander claims have been pled, any bystander claim would have lapsed upon Wyndell Greene, Sr.'s death, and Plaintiffs have no evidence to support such a claim. Second, the Court should strike contentions and issues relating to Lakeysha Greene's estate because it is not a party, and no claims on its behalf have been plead. Finally, the Court should strike contentions and issues relating to allegations that the 2010 Toyota 4Runner's seat restraints or air bag systems were defectively designed as Plaintiffs have not offered any of the required expert testimony or any other competent evidence to support such allegations.

## II.
## THE COURT SHOULD STRIKE PLAINTIFFS' CONTENTIONS IN THE ORDER THAT HAVE NO LEGAL OR EVIDENTIARY BASIS

### A. Plaintiffs do not have standing to bring wrongful death claims for the Greene children and Wyndell Greene, Sr.'s estate has no bystander claim.

The Court should strike Plaintiffs' contentions and issues relating to the Greene children, Wyndell Greene, II and Wesleigh Greene. On December 19, 2012, the Court considered whether any of the Plaintiffs had standing to bring wrongful death claims for the Greene children. *See* Doc. No. 130 at 5. In order to bring a wrongful death claim, a plaintiff must be the deceased's spouse, child, or parent. *See id.* The Court held, among other things, that: (1) Wyndell Greene, Sr.'s mother Ollie Greene lacks standing to sue under Texas law for the wrongful deaths of her daughter-in-law LaKeysha and her two grandchildren; (2) LaKeysha Greene's mother Marilyn

Burdette Hardeman lacks standing to sue under Texas law for the wrongful deaths of her son-in-law Wyndell Sr. and her two grandchildren; and (3) any wrongful death claims that Wyndell Greene Sr. once had based on the deaths of his children lapsed upon his death and cannot be maintained by his estate under Texas law. *See id.* at 4-5. The Court later issued similar orders with respect to other defendants. *See* Doc Nos. 156, 614. It is therefore undisputed that none of the Plaintiffs have standing to bring wrongful death clams for the Greene children and the estates of the children are not parties to this case.

Moreover, no causes or claims – whether survival claims or otherwise – have ever been asserted by or on behalf of the estates of the Greene children or by a court-appointed "personal representative" of the estates on their behalf. *See* Plaintiffs' Orig. Compl. (Doc. No. 1), First Am. Compl. (Doc. No. 24-1) and Second Am. Compl. (Doc. No. 113). Under Texas law a survival claim belongs to the decedent, and the claim must be brought on the decedent's *estate's* behalf. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 850-51 (Tex. 2005). That has never occurred here.

Despite the Court's orders, Plaintiffs include multiple issues of contested fact in the Order, including but not limited to:

> 129. Whether Wesleigh Greene experienced pain and suffering before her death.
>
> 130. Whether Wyndell Kyle Greene, II experienced pain and suffering before his death.
>
> 137. The amount recoverable for the pain and suffering experienced by Wesleigh Greene prior to her death.
>
> 138. The amount recoverable for the pain and suffering experienced by Wyndell Greene, II prior to his death.

*See* Doc. No. 676 at 38-39. Plaintiffs also make various references to the "injury and/or death of one or more members of the Greene Family." *See id.* at 25 ("whether Toyota's negligence was a proximate cause of the injury and/or death of one or more members of the Greene Family").

As noted, however, there are no claims remaining by any Plaintiff in this case arising from the Greene children's injuries or death. The *fact* of the occurrence of their deaths in the collision is not in dispute; but evidence of their "damages" is not relevant to any remaining claims or issues, is highly prejudicial, and will confuse and mislead the jury. *See* Fed. R. Evid. 410, 402, 403. Therefore, the Toyota Defendants request that the Court strike all improper contentions in the Order specifically referencing or alluding to any claims and damages relating to the Greene children.

In addition, Plaintiffs do not have a bystander claim on behalf of Wyndell Greene, Sr.'s estate. In the Order, Plaintiffs list the following issues of disputed fact:

> 131. Whether Wyndell Greene, Sr. contemporaneously witnessed (saw and heard) the horrific and gruesome death of his wife and two children and suffered extreme mental anguish and emotional suffering as a result.
>
> 133. The amount of recoverable by Wyndell Greene, Sr.'s estate as a result of him being a bystander to the deaths of Lakeysha, Wesleigh and/or Wyndell Greene, II.

Doc. No. 676 at 39. These claimed bystander issues are not viable contentions, and therefore improper. First, Plaintiffs have not pled a bystander claim on behalf of Wyndell Greene, Sr.'s estate. *See generally* Plaintiffs' Orig. Compl. (Doc. No. 1), First Am. Compl. (Doc. No. 24-1) and Second Am. Compl. (Doc. No. 113). Second, just as Wyndell Greene, Sr.'s wrongful death claims based on the deaths of his children lapsed upon his death, his bystander claims also lapsed at that time and cannot be maintained by his estate under Texas law. Finally, Plaintiffs have no

evidence to support a bystander claim in this case. Therefore, the Court should strike Plaintiffs' contentions and issues relating to a bystander claim on behalf of Wyndell Greene, Sr.'s estate.

**B. There are no pleadings supporting claims on behalf of Lakeysha Greene's estate.**

The Court should strike Plaintiffs' contentions in the Order discussing any claims or damages relating to the estate of Lakeysha Greene. Lakeysha Greene's estate is not a party to this case, and no causes or claims – whether survival claims or otherwise – have ever been asserted by or on behalf of the estates of Lakeysha Greene or by a "personal representative" of her estate on its behalf. *See generally* Plaintiffs' Orig. Compl. (Doc. No. 1), First Am. Compl. (Doc. No. 24-1) and Second Am. Compl. (Doc. No. 113). Under Texas law a survival claim belongs to the decedent, and the claim must be brought on the decedent's estate's behalf. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 850-51 (Tex. 2005). That has never occurred here and therefore there are no claims for the estate of Lakeysha Greene. Although Lakeysha Greene's estate does not have any claims in this case, Plaintiffs raise various issues related to it in the Order, including the following that were listed as contested issues of fact:

> 128. Whether Lakeysha Greene experienced pain and suffering before her death.
>
> 136. The amount recoverable for the pain and suffering experienced by Lakeysha Greene prior to her death.
>
> 144. The amount of exemplary damages recoverable by the estates of Lakeysha Greene and Wyndell Greene, Sr.

Doc. No. 676 at 38-40. Because the pleadings clearly do not state any claims on behalf of Lakeysha Greene's estate, these issues are improperly included in the Order. Therefore, the Court should strike Plaintiffs' contentions discussing or referencing any claims or damages relating to the estate of Lakeysha Greene.

### C. Plaintiffs have offered no evidence to support defect claims relating to the 4Runner's seat restraints or air bag systems.

The Court should strike Plaintiffs' contentions in the Order alleging design defect claims relating to the seat restraints or air bag systems of the 2010 Toyota 4Runner because Plaintiffs have provided no evidence in support of these design defect theories. On November 20, 2013, Plaintiffs made their expert disclosures. *See* Doc. No. 239. The report prepared by Keith Friedman and Dr. Rhoads Stephenson addressed Plaintiffs' design defect allegations relating to the 4Runner. The Friedman-Stephenson report included a discussion related to the structure and fuel system of the 4Runner, but there was no discussion relating to the 4Runner's seat restraints or air bag systems. In addition, Plaintiffs have offered no expert deposition testimony regarding the seat restraints or air bags systems of the 4Runner. During the deposition of Friedman, Plaintiffs' liability expert, he was specifically asked to list all of the defects he believes existed in the 4Runner. *See* Excerpts of Keith Friedman Deposition, attached herein as Exh. B at 154 (APP 7). Friedman discussed his opinions related to the structure and fuel system of the 4Runner, but made no reference to the seat restraints or air bag systems. *Id.* at 154:2—158:14 (APP 7-11). Finally, Plaintiffs have offered no supplemental expert disclosures or any other evidence in support of a defect claim relating to the 4Runner's seat restraints or air bag system.

Although Plaintiffs have offered no evidence to support these defect allegations, references to these allegations are littered throughout the Order. For example, in their contentions against the Toyota Defendants, Plaintiffs allege that the Toyota Defendants failed to incorporate safer alternative designs into the 4Runner's seat restraints and air bag systems. Doc. No. 676 at 3. In addition, Plaintiffs make multiple references to these allegations in the disputed fact section, some of which include:

> 6. Whether the 2010 4Runner was defective in the design of the 4Runner's fuel system, fire prevention and suppression

systems, <u>seat restraints</u>, <u>air bag systems</u>, rear occupant compartment and structural integrity.

14. Whether Toyota breached its duty and was negligent in failing to warn of known dangers regarding the seat restraints and air bag systems.

*Id.* at 24, 25. Because Plaintiffs have offered no evidence in support of these defect allegations, these issues are improper. Therefore, the Court should strike Plaintiffs' contentions in the Order alleging design defect claims relating to the seat restraints or air bag systems of the 4Runner.

**WHEREFORE, PREMISES CONSIDERED,** the Toyota Defendants respectfully ask this Court to strike Plaintiffs' Improper Contentions in the Joint Pre-Trial Order, and that the Court grant such other relief to which they may show themselves to be justly entitled.

Respectfully submitted,

*/S/ DAVID P. STONE*
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 North Harwood Street, Suite 1700
Dallas, Texas 75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR DEFENDANTS TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., AND TOYOTA MOTOR SALES, U.S.A., INC.**

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 6th day of June, 2014.

                                                                 */S/ DAVID P. STONE*