IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **OLLIE GREENE**, *et al.*, | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | CAUSE NUMBER: 3:11-cv-0207-N |
| | § | |
| **TOYOTA MOTOR CORPORATION**, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## THE TOYOTA DEFENDANTS' MOTION FOR EXPERT FEES

TO THE HONORABLE COURT:

Defendants Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc. (collectively "the Toyota Defendants") in the above-styled and numbered action, file this Motion for Expert Fees, and respectfully show the Court as follows:

Plaintiffs served deposition notices along with subpoenas *duces tecum* for each of the Toyota Defendants' retained experts. The Toyota Defendants' experts spent significant time responding to these requests, including preparing for and attending their respective depositions. Rule 26(b)(4)(E) provides that "[u]nless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for responding to discovery under Rule 26(b)(4)(A)." Fed. R. Civ. P. 26(b)(4)(E). Rule 26(b)(4)(A) refers to a "Deposition of an Expert Who May Testify." *Id.* § 26(b)(4)(A). All of the Toyota Defendants' retained experts were deposed pursuant to this provision. To require Plaintiffs to pay these fees would not result in any manifest injustice. Accordingly, Plaintiffs must pay the expert fees incurred in responding to their deposition notices. *See id.* §§ 26(b)(4)(A); 26(b)(4)(E).

On or about January 13, 2014, Toyota first raised this issue with Plaintiffs' counsel, prior to any expert discovery taking place in this case. No agreement of reasonable fees for the experts regarding the discovery deposition request could be reached at that time. On May 20, 2014, the Toyota Defendants again requested that Plaintiffs pay the reasonable expert fees associated with responding to their Rule 26(b)(4)(A) deposition notices, this time specifying the reasonable fees, but Plaintiffs have not responded to that request or provided payment. A true and correct copy of that correspondence is attached hereto as Exhibit "A." That correspondence details a conservative tabulation of the reasonable fees incurred by the Toyota Defendants' seven experts in responding to Plaintiffs' requests.[1] The Toyota Defendants requested a total of $33,243.50. As Plaintiffs have failed to provide payment or any indication that they intend to do so, the Toyota Defendants hereby move that Plaintiffs be ordered to pay a minimum of $33,243.50 to the Toyota Defendants for the reasonable expert fees incurred in responding to Plaintiffs Rule 26(b)(4)(A) deposition notices.

WHEREFORE, PREMISES CONSIDERED, Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc. respectfully request that Plaintiffs be ordered to pay the Toyota Defendants reasonable expert fees incurred in responding to Plaintiffs Federal Rule of Civil Procedure 26(b)(4)(a) deposition notices in an amount not less than $33,243.50, and for such other and further relief, at law or in equity, to which they may show themselves to be entitled.

---

[1] Per the terms of their retention, the Toyota Defendants have already compensated these experts for their time. Payment should, therefore, be made to the Toyota Defendants.

Respectfully submitted,

*/s/ David P. Stone*
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR DEFENDANTS TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., AND TOYOTA MOTOR SALES, U.S.A., INC.**

## CERTIFICATE OF CONFERENCE

On May 20, 2014, the Toyota Defendants requested that Plaintiffs pay the reasonable expert fees associated with responding to their Rule 26(b)(4)(A) deposition notices, but Plaintiffs have not responded or provided payment. Accordingly, the Motion is submitted to the Court for determination.

/s/ David P. Stone

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 6th day of June, 2014.

/s/ David P. Stone