IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OLLIE GREENE, *et al.*, § | |
| § | |
| Plaintiffs § | |
| § | |
| v. § | CAUSE NUMBER: 3:11-cv-0207-N |
| § | |
| TOYOTA MOTOR CORPORATION, *et al.*, § | |
| § | |
| Defendants. § | |

**DEFENDANTS' JOINT MOTION TO RECONSIDER
MOTION TO COMPEL IMMEDIATE PRODUCTION OF LETTER
AGREEMENT MEMORIALIZING SETTLEMENT BETWEEN
PLAINTIFFS AND VOLVO GROUP NORTH AMERICA, LLC**

TO THE HONORABLE COURT:

Defendants Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Sales U.S.A., Inc., Strick Trailers, LLC, John Fayard Moving & Warehouse, LLC and Dolphin Line, Inc. (collectively "Defendants") file this Joint Motion to Reconsider their Motion to Compel Production of Letter Agreement Memorializing Settlement Between Plaintiffs and Volvo Group North America, LLC ("VGNA") and would respectfully show the Court the following:

**I.
MOTION TO RECONSIDER**

The court has ordered that Defendants' Joint Motion to Compel Immediate Production of Agreement Memorializing Settlement Between Plaintiffs and Volvo Group North America, LLC be unfiled. The stated reason for that order is that the motion to the extent it is a discovery motion does not comply with the requirements set forth in the Court's Amended Order and

---

Discovery Protocol. Doc. No. 710. The Court's order also indicates in a footnote that it may consider the motion to be untimely. To the extent the motion is a discovery motion, it relates to a new matter that has arisen basically on the eve of trial after the close of discovery. As such Defendants did not have the opportunity to raise this issue earlier and requiring Defendants to comply with the multi-step protocol established by the Amended Order and Discovery Protocol (from which Defendants respectfully request leave) would unnecessarily delay the production of information required for the Court to carry out its duties and the remaining parties to assess their positions regarding possible settlement. Defendants therefore request that the Court accept the original Motion for filing and rule upon the Motion at its earliest opportunity.

A. **Compliance with the Discovery Protocol Should Not Be Required.**

The discovery protocol establishes a multi-step, formalized procedure before completing a joint submission presenting a motion to the court on a discovery dispute. That procedure involves a fourteen day period during which the parties are to schedule and complete a face-to-face conference, and then an additional ten day period for the parties to prepare their submissions before a movant may present its request to the Court.

Defendants likely will not be able to present a motion on this matter to the court until after commencement of trial if they are required to comply with the discovery protocol. Defendants became aware that an agreement memorializing settlement between Plaintiffs and VGNA had been reached the afternoon of June 3, 2014. Had Defendants commenced the conference and briefing procedures contemplated by the discovery protocol that day, the time for completion of the protocol established by the Court would have been June 27, 2014 – four days after the start of trial.

Additionally, counsel for the Toyota Defendants fully conferred with counsel for Plaintiffs and VGNA at length regarding this discrete and important issue at that time. Plaintiffs and VGNA are resolute that they will not divulge the terms of their settlement absent a court order. Therefore, the discovery protocol's goal of requiring the parties to thoroughly discuss each issue raised by the motion has already been met.

The information sought by the motion is required for the Court to carry out its duties. The court will be required to reduce the amount of damages to be recovered by Plaintiffs, if any, by the sum of the dollar amounts of all settlements. Tex. Civ. Prac. & Rem. Code § 33.012. As the dollar amount of the settlement between Plaintiffs and VGNA must be known in order for the court to do so, Plaintiffs and VGNA should be compelled to produce the letter agreement memorializing their settlement. *See id.*; Fed. R. Evid. 401, 402; Fed. R. Civ. P. 26. As this information is required by the Court, its production should be ordered immediately.

Further, the amount of the settlement between Plaintiffs and VGNA is important to Defendants evaluation of the case and possible settlement. The amount of the settlement credit that would be applied to any recovery by Plaintiffs directly impacts the magnitude of Defendants' potential exposure to a damage award, in the unlikely event they are found liable for Plaintiffs' damages. Until the terms of the settlement between Plaintiffs and VGNA are disclosed, Defendants are left to speculate as to the impact this settlement has on their potential exposure.

Defendants move that the Court reinstate the motion because requiring Defendants to comply with the lengthy protocol established by the discovery protocol would be of no benefit, and would unnecessarily delay the production of information required for the Court to carry out its duties and the remaining parties to assess their positions regarding possible settlement.

Alternatively, Defendants request the Court grant them leave to re-file said motion without complying with the Amended Order and Discovery Protocol.

**B.     The Motion was Timely Filed.**

Footnote 1 to the Court's order implies that the motion was filed untimely because the discovery deadline has already passed. Doc. No. 710 fn. 1. The mere fact that the discovery deadline has passed does not, however, supersede the parties' obligation to supplement their discovery responses in a timely manner. *See* Fed. R. Evid. 26(e); *Reed v. Iowa Mar. & Repair Corp.*, 16 F.3d 82, 84-85 (5th Cir. 1994). Notably, even a response that was correct when made but is no longer correct because of additional or new information must be supplemented timely. Fed. R. Evid. 26(e). The supplementation requirement increases the quality and fairness of the trial by narrowing the issues and eliminating surprise. *Colon-Millin v. Sears Roebuck*, 455 F.3d 30, 37 (1st Cir. 2006).

Defendants first became aware of the Settlement between Volvo and Plaintiffs on June 3, 2014. Therefore, Defendants had no reason to file any motion regarding the same on or before the discovery deadline in March 2014. While courts have previously held that discovery motions filed after the discovery deadline were untimely, those cases involved discovery of information that was in existence at the time of the discovery deadline, and the moving party had no explanation for the delay. *See, e.g. Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 399 (N.D. Tex 2006). Contrastingly, the instant motion could not have been filed at the close of discovery because the information sought thereby was not yet in existence. Defendants, therefore, have an unassailable explanation for filing the motion after the discovery deadline. If the court were to treat this motion as untimely it would effectively override Federal Rule of Civil Procedure 26(e) and terminate the parties' obligation to supplement their discovery responses at

the trial court ordered discovery deadline. Therefore, the motion was timely filed, and to the extent the motion can in any sense be considered untimely, the Court should nevertheless consider the motion so that Federal Rule of Civil Procedure 26(e) may be given effect.

WHEREFORE, PREMISES CONSIDERED, Defendants Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Sales U.S.A., Inc., Strick Trailers, LLC, John Fayard Moving & Warehouse, LLC and Dolphin Line, Inc., respectfully request that their Motion to Compel Immediate Production of Agreement Memorializing Settlement Between Plaintiffs and Volvo Group North America, LLC be reinstated, or alternatively that they be granted leave to refile it without complying with the Court's Amended Order and Discovery Protocol, that Plaintiffs and VGNA be compelled to produce the letter agreement memorializing their settlement immediately, and for such other and further relief to which they may show themselves to be entitled.

Respectfully submitted,

*/s/ Kurt C. Kern*_____
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
2501 North Harwood Street, Suite 1700
Dallas, Texas 75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR TOYOTA DEFENDANTS**

/s/ S. Todd Parks
**S. Todd Parks**
State Bar No. 15526520
todd.parks@wbclawfirm.com
**Ashley De La Cerda**
State Bar No. 24045760
Ashley.delaCerda@wbclawfirm.com
**Walters, Balido & Crain**
Meadow Park Tower, 15th Floor
10440 North Central Expressway
Dallas, Texas 75231
214-749-4805
214-760-1670 (fax)

**Donald H. Dawson, Jr.**
State Bar No. 05606500
ddawson@dawson-clark.com
**Kathleen A. Clark**
State Bar No 00788830
kclark@dawson-clark.com
**Dawson & Clark, P.C.**
243 W. Congress
600 Marquette Building
Detroit, MI 48226
313-256-8900
313-256-8913 (Fax)

**ATTORNEYS FOR STRICK TRAILERS, LLC**


/s/ Michael P. Sharp
**Michael P. Sharp**
State Bar No. 00788857
msharp@feesmith.com
**Scott W. Self**
State Bar No. 24033176
sself@feesmith.com
**FEE, SMITH, SHARP & VITULLO, LLP**
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
972-934-9100

972-934-9200 (Fax)

**ATTORNEYS FOR JOHN FAYARD MOVING & WAREHOUSE, LLC.**

*/s/ John S. Kenefick*
**John S. Kenefick**
State Bar No. 24006294
jkenefick@macdonalddevin.com
**Joseph F. Henderson**
State Bar No. 24036751
jhenderson@macdonalddevin.com
**Nathan W. Shackelford**
State Bar No. 24070598
nshackelford@macdonalddevin.com
**Macdonald Devin, P.C.**
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
214-744-3300
214-747-0942 (Fax)

**ATTORNEYS FOR DOLPHIN LINES, INC.**

## CERTIFICATE OF CONFERENCE

Counsel for Defendants conferred with counsel for Plaintiffs and VGNA on June 3, 2014, and they refused to provide the terms of their settlement absent court order. Accordingly, this motion is before the court for its determination.

*/s/ Kurt C. Kern*_____

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 6th day of June, 2014.

*/s/ Kurt C. Kern*_____