IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, <br><br>Plaintiffs, <br><br>v. <br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, LLC., VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC., STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC, and DOLPHIN LINE, INC. <br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § **CAUSE NUMBER: 3:11-cv-0207-N** |

## PLAINTIFFS' RESPONSE TO DOLPHIN LINE INC.'S JOINDER IN TOYOTA DEFENDANTS' MOTION TO SEAT TWELVE JURORS

COME NOW Ollie Greene, Individually as the surviving parent of Wyndell Greene, Sr., William Greene, as the Administrator of the Estate of Wyndell Greene Sr., and Marilyn Burdette Hardeman, Individually and as the surviving parent of LaKeysha Greene (collectively, "Plaintiffs"), and file their Response to Defendant Dolphin Line, Inc.'s ("Dolphin") Joinder in Toyota Defendants' Motion to Seat Twelve Jurors (the "Motion"), and show the Court as follows:

## I.  INTRODUCTION

Dolphin files its Motion (Docket #663), requesting joinder in the Toyota Defendant's motion requesting twelve jurors be seated for the trial. The purpose of this Joinder is for Dolphin to join in the substance of the foregoing motion.

## II.  ARGUMENT

In the Motion, Dolphin seeks to join in the substance of the Toyota Defendant's motion and for the Court to grant the relief sought to Dolphin as well as the Toyota Defendants. However, Dolphin provides no reason or authority to support its motion. Further, Dolphin seeks to benefit from other Defendants' arguments and unique set of facts.  In order for Plaintiff to adequately address each claim on its merits, there are arguments inherently unique to each Defendant, and Plaintiffs would be prejudiced if not allowed to challenge each Defendants' assertion on its own merits rather than collectively.  Plaintiffs are also entitled to notice of each of Defendants' claims and assertions and should be afforded adequate time to respond to Defendants' claims and assertions.  Defendants should not be permitted to "piggyback" upon motions filed by other Defendants. Therefore, the court should deny this motion and decide each issue on the individual merits.

## III.  CONCLUSION

Plaintiffs respectfully request that the Court deny the Motion.

Respectfully Submitted,

/s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN
State Bar No. 16049750

**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax

/s/ Daryl K. Washington
DARYL K. WASHINGTON
State Bar No. 24013714

**LAW OFFICES OF
DARYL K. WASHINGTON, P.C.**
325 N. St. Paul St., Suite 1975
Dallas, Texas 75201
214-880-4883
214-751-6685 - fax

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2014, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

 /s/ Daryl K. Washington
DARYL K. WASHINGTON