IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, <br><br> Plaintiffs, <br><br> v. <br><br> TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.,  TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, LLC., VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC., STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC, and DOLPHIN LINE, INC. <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § | CAUSE NUMBER: 3:11-cv-0207-N |

**PLAINTIFFS' RESPONSE TO STRICK TRAILERS, LLC'S MOTION
IN LIMINE RE OTHER ACCIDENTS, CLAIMS, LAWSUITS, JUDGMENTS,
VERDICTS OR SETTLEMENTS**

COME NOW Ollie Greene, Individually as the surviving parent of Wyndell Greene, Sr., William Greene, as the Administrator of the Estate of Wyndell Greene Sr., and Marilyn Burdette Hardeman, Individually and as the surviving parent of LaKeysha Greene (collectively, "Plaintiffs"), and file their Response to STRICK TRAILERS, LLC'S Motion In Limine Re Other Accidents, Claims, Lawsuits, Judgments, Verdicts or Settlements.

## I. INTRODUCTION

Defendant, Strick Trailers, LLC, ("Strick") asks this court to issue an order excluding any evidence, argument, or reference to other accidents, claims, and lawsuits, judgments, verdicts or settlements (hereinafter collectively referred to as "other incidents") involving alleged failure of or alleged defects in the design of a Strick trailer rear bumper. The purpose of this motion is to exclude evidence regarding other incidents unless the Plaintiff has first laid a foundation of substantially similarity outside the presence of the jury. Strick also requests the Court hold evidentiary hearings on other incidents prior to trial to determine if any of the incidents may be admissible.

## II. ARGUMENT

### A. This subject matter is not appropriate for an in limine motion.

To begin with, this is not the proper subject for an in limine motion. "Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *Edwards v. Mendoza*, No. C-08-371, 2010 WL 4007601 (S.D. Tex. Oct. 12, 2010) (citing Hawthorne Partners v. AT&T Tech., Inc., 831 F.Supp. 1398, 1400 (N.D. Ill. 1993) (citing Luce v. U.S. 469 U.S. 38, 41 n.4 (1984)). Indeed, evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.1975); *see also Starling v. Union Pac. R.R. Co.*, 203 F.R.D. 468, 482 (D.Kan.2001). On these grounds alone, Strick's request should be denied.

**B.      This subject matter is relevant to issues to be decided.**

In its motion, STRICK argues that other incidents are not admissible for any purpose absent a showing of substantial similarity to the subject accident. Strick points to *Edwards v. Permobil, Inc.,* to point out that in a product liability case, evidence of other accidents are relevant only under certain carefully defined circumstances: (1) the earlier failure occurred under conditions substantially similar to those existing during the failure in the accident central to the litigation, and (2) the earlier failure occurred at a time not too remote from the time of the failure in the accident central to the litigation. *Edwards v Permobil, Inc.,* No. CIV. A. 11-1900, 2013 WL 2408063 citing *Ramos v. Liberty Mut. Ins. Co.,* 615 F.2d 334, 338-39 (5th Cir. 1980). While this sets out the test, this authority is not binding, only persuasive, as its authority from Louisiana. Strick fails to point out that prior accidents are admissible if shown to have occurred under "reasonably similar but not necessarily identical circumstances." *Huckaby v. A.G. Perry & Son. Inc.*, 20 S.W.3d 194, 201 (Tex.App.—Texarkana 2000). Further, evidence of similar accidents might be relevant to defendant's notice, magnitude of danger involved, defendant's ability to correct known defects, lack of safety for intended uses, strength of a product, the standard of care, and causation. *Ramos v. Liberty Mut. Ins. Co.,* 615 F.2d at 338; *See* Fed. R. Evid. Rule 401.

STRICK also states that the evidence of other similar accident should be excluded under Rule 403. Rule 403 allows the court to exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Of course, "unfair prejudice" as used in Rule 403 is not to be equated with

testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be "unfair." *Dollar v. Long Mfg., N.C., Inc.,* 561 F.2d 613, 618. (5th Cir. 1977). Evidence of similar accidents occurring under substantially similar circumstances and involving substantially similar components may be probative of defective design. *See Rush v. Bucyrus-Erie Company,* 646 S.W.2d 298 (Tex.Civ.App.—Tyler 1983, writ ref'd n.r.e.); *Mitchell v. Fruehauf Corp.,* 568 F.2d 1139 (5th Cir.1978); *see also Missouri-Kansas-Texas Railway Co. v. May,* 600 S.W.2d 755 (Tex.1980)

Documents produced by Plaintiffs' expert, Keith Friedman, included four other tractor-trailer underride accidents. Even if the accident report in this case does not identify the guard as a factor in the accident, whether the guard was indeed a factor is a fact question for the jury to deice. In the event that the jury determines that the guard was a factor in the accident, then the probative value of other similar accidents involving other tractor-trailer underride guards would substantially outweigh any prejudice to Strick. *See* Fed. R. Evid. Rule 403.

Strick cites to *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003) to support its position that incidents occurring outside the state of Texas should be excluded. Strick also cites to *State Farm v. Campbell* to demonstrate that the U.S. Supreme Court has severely limited the authority of individual states to regulate beyond the borders of that state through an award of exemplary damages. However, *State Farm v. Campbell*, also states that out-of-state conduct can be probative as long as it has a nexus to the specific harm suffered by plaintiff.

> "Lawful out-of-state conduct may be probative when it demonstrates the deliberateness and culpability of the defendant's action in the State where it is tortious, but that conduct must have a nexus to the specific harm suffered by the plaintiff."

*State Farm*, 538 U.S. at 421.

Considering the Defendant's other incidents that occur outside of the state of Texas for the purpose of imposing exemplary damages will not violate due process in this case as long as the other incidents are related to the Plaintiffs' specific harm.

### III.     CONCLUSION

Plaintiffs respectfully request that the Court deny Defendant's Motion in Limine.

Respectfully Submitted,

/s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN
State Bar No. 16049750

**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax
pittman@thepittmanlawfirm.com

/s/ Daryl K. Washington
DARYL K. WASHINGTON
State Bar No. 24013714

**LAW OFFICES OF DARYL K. WASHINGTON P.C.**
325 N. St. Paul St., Suite 1975
Dallas, Texas 75201
214-880-4883
214-751-6685 - fax
dwashington@dwashlawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 6, 2014 the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

      /s/ Daryl K. Washington
DARYL K. WASHINGTON