IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, <br><br>Plaintiffs, <br><br>v. <br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.,  TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, LLC., VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC., STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC, and DOLPHIN LINE, INC. <br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § §    CAUSE NUMBER: 3:11-cv-0207-N |

**PLAINTIFFS' RESPONSE TO DEFENDANT
STRICK TRAILERS, LLC'S MOTION IN LIMINE RE GRIEF AND ANGUISH OVER
CHILDRENS' DEATHS OR LOSS OF ENTIRE FAMILY**

COME NOW Ollie Greene, Individually as the surviving parent of Wyndell Greene, Sr., William Greene, as the Administrator of the Estate of Wyndell Greene Sr., and Marilyn Burdette Hardeman, Individually and as the surviving parent of LaKeysha Greene (collectively, "Plaintiffs"), and file their Response to Defendant Strick Trailers, LLC's Motion in Limine Re Grief and Anguish Over Childrens' Deaths or Loss of Entire Family.

## I. INTRODUCTION

STRICK TRAILERS, LLC, ("Strick") files its Motion (Docket #648) in Limine Re Grief and Anguish Over Childrens' Deaths or Loss of Entire Family, requesting this court to prohibit any testimony, argument, evidence, or reference, direct or indirect, to Plaintiffs' grief, mental anguish, or loss of consortium of society over the deaths of decedents Wesleigh Greene, and/or Wyndell Greene, Jr., or any reference to an increase in grief, mental anguish and loss of society as a result of the loss of the entire Green nuclear family unit.

## II. ARGUMENT

### A. This subject matter is not appropriate for an in limine motion.

To begin with, this is not the proper subject for an in limine motion. "Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *Edwards v. Mendoza*, No. C-08-371, 2010 WL 4007601 (S.D. Tex. Oct. 12, 2010) (citing Hawthorne Partners v. AT&T Tech., Inc., 831 F.Supp. 1398, 1400 (N.D. Ill. 1993) (citing Luce v. U.S. 469 U.S. 38, 41 n.4 (1984)). Indeed, evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context. *Sperberg v. Goodyear Tire & Rubber Co*., 519 F.2d 708, 712 (6th Cir.1975); *see also Starling v. Union Pac. R.R. Co*., 203 F.R.D. 468, 482 (D.Kan.2001). On these grounds alone, Strick's request should be denied.

### B. This subject matter is relevant to issues to be decided.

Plaintiffs object to this motion because it would avail Plaintiffs' case to Defendants' approval, including trial strategy pertaining to rebuttal evidence. This would result in an unfair prejudice against Plaintiffs. Therefore, the court should deny this motion and follow the evidentiary rules as set forth in the Federal Rules of Evidence.

Further, evidence of grief, mental anguish, etc. could be relevant in light of the summary judgments motions because in Docket # 627 filed by Defendants, the Defendants themselves referred to the death of the children as "near instantaneous." If it is not an absolute fact that the deaths were indeed instantaneous, then it is a fact question for the jury to decide. If the jury determines that the deaths were not instantaneous then evidence of grief, mental anguish, etc. would be relevant.

If Plaintiff William Greene is deemed to have properly pleaded and has standing to pursue a survival action for the childrens' deaths, evidence of grief, mental anguish, etc. would be relevant. Under the Texas Survival Statute, "the actionable wrong is that which the decedent suffered before his death." *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 345 (Tex. 1992). This means a decedent's estate and heirs recover if the decedent was able to recover damages from the defendant prior to his death. *See Id*. While decedent's estate should be able to recover damages for pain and suffering and mental anguish personally suffered, Texas law is silent as to whether a decedent should be able to recover damages from the pain and suffering or mental anguish suffered by third parties. Tex. Civ. Prac. & Rem. Code § 71.021(a). Accordingly, there is no definitive answer or justification to exclude such evidence.

### III.   CONCLUSION

Plaintiffs respectfully request that the Court deny Strick's Motion in Limine Re Grief and Anguish.

Respectfully Submitted,

/s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN
State Bar No. 16049750

**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax

/s/ Daryl K. Washington
DARYL K. WASHINGTON
State Bar No. 24013714

**LAW OFFICES OF
DARYL K. WASHINGTON, P.C.**
325 N. St. Paul St., Suite 1975
Dallas, Texas 75201
214-880-4883
214-751-6685 - fax

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2014, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

/s/ Daryl K. Washington
DARYL K. WASHINGTON