## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of  WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE,** | § § § § § § § § | |
| **Plaintiffs,** | § | |
| **v.** | § § | **CAUSE NUMBER: 3:11-cv-0207-N** |
| **TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.,  TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, LLC., VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC., STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC, and DOLPHIN LINE, INC.** | § § § § § § § § § § § § § | |
| **Defendants.** | § | |

## PLAINTIFFS' RESPONSE TO STRICK TRAILERS, LLC'S MOTION IN LIMINE RE OTHER IRRELEVANT AND UNDULY PREJUDICIAL TOPICS

COME NOW Ollie Greene, Individually as the surviving parent of Wyndell Greene, Sr.,

William Greene, as the Administrator of the Estate of Wyndell Greene Sr., and Marilyn Burdette

Hardeman, Individually and as the surviving parent of LaKeysha Greene (collectively,

"Plaintiffs"), and file their Response to Defendant Strick Trailers, LLC's Motion In Limine Re

Other Irrelevant and Unduly Prejudicial Topics

# I.        INTRODUCTION

Defendant, Strick Trailers, LLC, ("Strick") asks this court to exclude any evidence or reference, direct or indirect, to any of the following insurance, hearsay media reports, reference to statutory limitations on punitive damages, settlement offers and negotiations, choice of corporate representative, purpose of lawsuit as consumer safety, wealth, and hired gun.   The purposes for this motion are these topics are irrelevant, unduly prejudicial, and misleading.

# II.        ARGUMENT

## A.        This subject matter is not appropriate for an in limine motion.

To begin with, this is not the proper subject for an in limine motion.  "Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *Edwards v. Mendoza*, No. C-08-371, 2010 WL 4007601 (S.D. Tex. Oct. 12, 2010) (citing Hawthorne Partners v. AT&T Tech., Inc., 831 F.Supp. 1398, 1400 (N.D. Ill. 1993) (citing Luce v. U.S. 469 U.S. 38, 41 n.4 (1984)).  Indeed, evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.1975); *see also Starling v. Union Pac. R.R. Co.*, 203 F.R.D. 468, 482 (D.Kan.2001).   On these grounds alone, Strick's request should be denied.

## B.      This subject matter is relevant to issues to be decided.

### 1.      Insurance

As long as the probative value of evidence outweighs the danger of unwarranted prejudice, this evidence is admissible under the Federal Rules of Evidence.  FED. R. EVID. 401,402,403.     Defendant's proposed motion is overly broad and unduly burdensome.  This motion unfairly requests the Plaintiff to be afforded the opportunity to present its case. Therefore, this court should deny this motion.

### 2.      Hearsay Media Reports

As long as the probative value of evidence outweighs the danger of unwarranted prejudice, this evidence is admissible under the Federal Rules of Evidence.  FED. R. EVID. 401,402,403.     Defendant's proposed motion is overly broad and unduly burdensome.  This motion unfairly requests the Plaintiff to be afforded the opportunity to present its case. Therefore, this court should deny this motion.

### 3.      Reference to Statutory Limitations on Punitive Damages

As long as the probative value of evidence outweighs the danger of unwarranted prejudice, this evidence is admissible under the Federal Rules of Evidence.  FED. R. EVID. 401,402,403.     Defendant's proposed motion is overly broad and unduly burdensome.  This motion unfairly requests the Plaintiff to be afforded the opportunity to present its case. Therefore, this court should deny this motion.

### 4.      Settlement Offers

As long as the probative value of evidence outweighs the danger of unwarranted prejudice, this evidence is admissible under the Federal Rules of Evidence.  FED. R. EVID.

401,402,403.    Defendant's proposed motion is overly broad and unduly burdensome.    This motion unfairly requests the Plaintiff to be afforded the opportunity to present its case. Therefore, this court should deny this motion.

**5.      Choice of Corporate Representative**

As long as the probative value of evidence outweighs the danger of unwarranted prejudice, this evidence is admissible under the Federal Rules of Evidence.    FED. R. EVID. 401,402,403.    Defendant's proposed motion is overly broad and unduly burdensome.    This motion unfairly requests the Plaintiff to be afforded the opportunity to present its case. Therefore, this court should deny this motion.

**6.       Consumer Safety**

As long as the probative value of evidence outweighs the danger of unwarranted prejudice, this evidence is admissible under the Federal Rules of Evidence.    FED. R. EVID. 401,402,403.    Defendant's proposed motion is overly broad and unduly burdensome.    This motion unfairly requests the Plaintiff to be afforded the opportunity to present its case. Therefore, this court should deny this motion.

**7.      Wealth**

As long as the probative value of evidence outweighs the danger of unwarranted prejudice, this evidence is admissible under the Federal Rules of Evidence.    FED. R. EVID. 401,402,403.    Defendant's proposed motion is overly broad and unduly burdensome.    This motion unfairly requests the Plaintiff to be afforded the opportunity to present its case. Therefore, this court should deny this motion.

**8.      "Hired Gun" Type Statements**

As long as the probative value of evidence outweighs the danger of unwarranted prejudice, this evidence is admissible under the Federal Rules of Evidence.   FED. R. EVID. 401,402,403.   Defendant's proposed motion is overly broad and unduly burdensome.   This motion unfairly requests the Plaintiff to be afforded the opportunity to present its case. Therefore, this court should deny this motion.

### III.        CONCLUSION

Plaintiffs respectfully request that the Court deny Defendant's Motion in Limine.


Respectfully Submitted,


/s/ Aubrey "Nick" Pittman_____
AUBREY "NICK" PITTMAN
State Bar No. 16049750

**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax
pittman@thepittmanlawfirm.com

/s/ Daryl K. Washington_____
DARYL K. WASHINGTON
State Bar No. 24013714

**LAW OFFICES OF DARYL K. WASHINGTON P.C.**
325 N. St. Paul St., Suite 1975
Dallas, Texas  75201
214-880-4883
214-751-6685 - fax
dwashington@dwashlawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2014 the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.


  /s/ Daryl K. Washington
DARYL K. WASHINGTON