IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, <br><br>    Plaintiffs, <br><br> v. <br><br> TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, LLC., VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC., STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC, and DOLPHIN LINE, INC. <br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § § | CAUSE NUMBER: 3:11-cv-0207-N |

**PLAINTIFFS' RESPONSE TO THE TOYOTA DEFENDANTS' MOTION IN LIMINE AND BRIEF IN SUPPORT THEREOF**

COME NOW Ollie Greene, Individually as the surviving parent of Wyndell Greene, Sr., William Greene, as the Administrator of the Estate of Wyndell Greene Sr., and Marilyn Burdette Hardeman, Individually and as the surviving parent of LaKeysha Greene (collectively, "Plaintiffs"), and file their Response to the Toyota Defendants' Motion In Limine and show as follows:

I.       ARGUMENT

**This subject matter is not appropriate for an in limine motion.**

To begin with, many of the items in the motion are not the proper subject for an in limine motion. "Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *Edwards v. Mendoza*, No. C-08-371, 2010 WL 4007601 (S.D. Tex. Oct. 12, 2010) (citing Hawthorne Partners v. AT&T Tech., Inc., 831 F.Supp. 1398, 1400 (N.D. Ill. 1993) (citing Luce v. U.S. 469 U.S. 38, 41 n.4 (1984)). Indeed, evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.1975); *see also Starling v. Union Pac. R.R. Co.*, 203 F.R.D. 468, 482 (D.Kan.2001). On these grounds alone, this request should be denied.

1.       **Sudden and/or Unintended Alteration**

Defendants' blanket rule unduly prejudices the Plaintiffs in this case. It is improper to exclude relevant evidence. *See Kane v. Ford Motor Company*, 450 F.2d 317 (3rd Cir. 1971) (developing test for excluding only irrelevant evidence). Evidence of other conduct and representations are relevant to a showing of negligence, *Lowe v. General Motors Corp.*, 624 F.2d 1373 (5th Cir. 1980), as well as to establish products defects and evidence of defendant's misrepresentation. *See also, Ziegler v. Fisher-Price*, 302 F. Supp.2d 999, 1019 (N.D. Iowa 2004) (issuance of CPSC press release was an admission by manufacturer under Federal Rule of Evidence 801 (d)(2)(A), (B) and (C)); I*n Re Multi-Piece Rims Products Liability Litigation*, 545 F. Supp. 149, 152 (W.D. Mo. 1982) (recall letters were in nature of admissions of party opponent and also admissible as business record exception to hearsay rule). Recalls relevant to show that a

manufacturer was consciously indifferent toward accidents in a claim for exemplary damages. *See Gen. Chem. Corp. v. De La Lastra*, 852 S.W.2d 916, 921–22 (Tex.1993).

In addition, the issue of Toyota's misrepresentations about its safety and business record led to the Greene family purchasing this 4Runner. This issue has already been raised and briefed in Plaintiffs' Response to Toyota's Motion for Partial Summary Judgment. The Toyota Defendants' proposed motion is overly broad and unduly burdensome. This this evidence presents key evidence of Plaintiffs' product defects, misrepresentations, negligence and gross negligence. Therefore, this court should deny this motion.

2. **Deferred Prosecution Agreement**

As long as the probative value of evidence outweighs the danger of unwarranted prejudice, this evidence is admissible under the Federal Rules of Evidence. As discussed above, Toyota's defective products, misrepresentations and concealments are relevant and its probative value greatly outweighs any danger of unwarranted prejudice. *See id*. Just as Toyota's misrepresentations led to the deaths of the unintended acceleration victims, its misrepresentations led to the Greene's' deaths. Therefore, this court should deny this motion. In addition, the law is clear that evidence of Toyota's conduct is allowed to prove opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake. FRE 404. In addition, the DPA is relevant to show that a manufacturer was consciously indifferent toward accidents in a claim for exemplary damages. *See Gen. Chem. Corp. v. De La Lastra*, 852 S.W.2d 916, 921–22 (Tex.1993).

3. **Discovery Disputes and Discovery Issues, Including Spoliation Claims.**

Contrary to Toyota's misrepresentation, Magistrate Judge Ramirez's ruling did not address the "same issue" on which the spoliation motion is made. The spoliation motion is based on Toyota's decision to destroy evidence that it was mandated to retain under the law, as well as

its documents retention policy. The Magistrate Judge did not make a ruling on Toyota's decision to conceal/destroy this evidence. The Magistrate's ruling was also the product of misrepresentations Toyota made about its finite element modeling practice. Indeed, the spoliation motion is meritorious and should be granted. In addition, Toyota is using its failure to produce the spoliated evidence as grounds for attacking Plaintiffs' expert. Moreover, since Toyota has continually argued that Plaintiffs do not have certain evidence to support their claims, Plaintiffs should be permitted to provide the jury with the truth, that Toyota did not produce this evidence. Therefore, this court should deny this motion.

        **4.**        **Assistance or Incentives For Toyota's Relocation to Texas**

The Toyota Defendants' proposed motion is overly broad and unduly burdensome. Toyota also provides no evidence in support of this request. Just as Toyota attempts to portray itself as the new conscientious corporate neighbor (who is bringing revenue to the area), Plaintiffs should be permitted to question Toyota's bias and credibility by showing what prompted Toyota to relocate. This motion unfairly requests the Plaintiffs to be afforded the opportunity to present their case. With this in mind, this evidence is relevant and its probative value greatly outweighs any danger of unwarranted prejudice. *See id*. Therefore, this court should deny this motion.

        **5.**        **Interpretation of the Toyota Defendants' Document By Plaintiffs' Experts**

The Toyota Defendants' proposed motion is overly broad and unduly burdensome. This motion unfairly restricts Plaintiffs ability to present their case through their experts. In addition, many of The Toyota Defendats' documents are technical in nature and require an expert to explain the documents to the jury. With this in mind, this evidence is relevant and its probative

value greatly outweighs any danger of unwarranted prejudice. *See id*. Therefore, this court should deny this motion.

### 6. Inflammatory Reference to the Toyota Defendants

The Toyota Defendants' proposed motion is overly broad and unduly burdensome. It is relevant to the issues in this case that the product is made overseas and shipped to the United States. It is also relevant that the defendant had safer designs on the automobiles that it sold in its home country. The jury will also need to know why Japanese language appears on the various documents in evidence. It is also relevant, although it will not be exploited, that Toyota's misrepresentations about the alleged safety of its products were directed by its Japanese parent. With this in mind, this evidence is relevant and its probative value greatly outweighs any danger of unwarranted prejudice. *See id*. Therefore, this court should deny this motion.

### 7. Plaintiffs' Financial Condition

As long as the probative value of evidence outweighs the danger of unwarranted prejudice, this evidence is admissible under the Federal Rules of Evidence. The Toyota Defendants' proposed motion is overly broad and unduly burdensome. This this evidence is relevant and its probative value greatly outweighs any danger of unwarranted prejudice. It is relevant to Plaintiffs' claims that Plaintiffs expected financial contributions from the decedents. If Plaintiffs are unable to discuss the financial conditions of the parties, it will be impossible to present their case. Therefore, this court should deny this motion.

## II. CONCLUSION

Plaintiffs respectfully request that the Court deny the Toyota Defendants' Motion in Limine.

...

Respectfully Submitted,

| | |
|---|---|
| /s/ Aubrey "Nick" Pittman | /s/ Daryl K. Washington |
| AUBREY "NICK" PITTMAN | DARYL K. WASHINGTON |
| State Bar No. 16049750 | State Bar No. 24013714 |
| | |
| **THE PITTMAN LAW FIRM, P.C.** | **LAW OFFICES OF DARYL K. WASHINGTON P.C.** |
| 100 Crescent Court, Suite 700 | 325 N. St. Paul St., Suite 1975 |
| Dallas, Texas 75201-2112 | Dallas, Texas 75201 |
| 214-459-3454 | 214-880-4883 |
| 214-853-5912 – fax | 214-751-6685 - fax |
| pittman@thepittmanlawfirm.com | dwashington@dwashlawfirm.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2014 the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

  /s/ Daryl K. Washington
DARYL K. WASHINGTON