IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the surviving parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE-HARDEMAN, Individually and as the surviving parent of LAKEYSHA GREENE, | § § § § § § § § | CAUSE NUMBER 3:11-cv-0207-N OPI |
| Plaintiffs, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC. VOLVO GROUP NORTH AMERICA, INC. VOLVO TRUCKS NORTH AMERICA, a DIVISION OF VOLVO GROUP NORTH AMERICAN, LLC., STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC and DOLPHIN LINE, INC. | § § § § § § § § § § § | |
| Defendants. | § § | |

## DEFENDANT STRICK TRAILER, LLC'S EMERGENCY MOTION TO EXCLUDE EXPERT KEITH FRIEDMAN'S OPINIONS REGARDING UNDERRIDE GUARDS OR, IN THE ALTERNATIVE TO CONTINUE THE TRIAL AND SET SCHEDULE FOR FURTHER DEPOSITION AND RESPONSE BY DEFENSE EXPERTS

Defendant Strick Trailer, LLC ("Strick") moves, pursuant to Fed. R. Civ. P. 37 (c)(1) and Fed. R. Civ. P. 26(a) & (e), to preclude Plaintiffs' expert Keith Friedman from offering any opinions with respect to the underride guard or about his finite element analyses of impacts into trailers. The grounds for this motion are as follows:

1) Plaintiffs did not fully comply with this Court's order to provide Mr. Friedman

for examination by Defendants on all of his FEA simulations done after November 20, 2013 (Doc. 711). Plaintiffs did not disclose or produce certain highly relevant FEA simulation(s) of impacts into the rear of a trailer using the Defendants' reconstruction, which were done some time after December 18, 2013. [In response to Strick's request for concurrence in this motion, Plaintiffs offered to produce the FEA simulation about which counsel Dawson inquired. This does not resolve the prejudice of absence of meaningful discovery on this topic since any input and output data were not available at Mr. Friedman's deposition, nor does it resolve the prejudice associated with the voluminous eve-of-trial FEA simulation production referenced below. It is also not clear that this is the only unproduced FEA simulation.]

2) When Mr. Friedman disclosed the existence of the new FEA simulation(s) at his court-ordered June 13, 2014 deposition, Plaintiffs' counsel allowed Mr. Friedman to answer only selected questions and frequently instructed Mr. Friedman not to answer certain questions about them. (Ex. A, pp 711, 822-23, 845; App. 3, 10-12 ). Plaintiffs have refused to produce the data for these simulation(s).

3) On June 5, 2014, Plaintiffs listed 66 (or more) new simulation AVI's on its trial exhibit list, none of which had ever been produced. At least 34 of these involved simulations of rear impacts into a trailer. At deposition, Mr. Friedman testified that some of this work was done prior to November 20, 2013 and was then refined or modified after that date, and that it is not possible for him to tell which ones were modified. (Ex. A, p 712; App. 4).

4) Plaintiffs did not disclose either the data or the AVIs in a supplemental report or at Mr. Friedman's previous deposition, and did not disclose their existence while claiming, in response to Strick's Motion to Exclude Friedman's Untimely Disclosed Computer Simulations

(Doc. 391), that Strick had received all of Mr. Friedman's simulations immediately after his January deposition. (Doc. 510, pp 23-24).

5) Plaintiffs did not produce the actual AVIs for the 70 new simulations until June 9, 2014, when trial exhibits were exchanged.

6) Plaintiffs did not produce any input data for these FEA simulations until Mr. Friedman's supplemental deposition on June 13, 2014.

7) Plaintiffs' failure to produce or disclose the 70 newly disclosed FEA simulations prior to June 9, 2014 was in breach of its obligation to provide timely supplemental disclosures to the information in Mr. Friedman's initial report and to supplement information given at his deposition, pursuant to Fed. R. Civ. P. 26(e)(2).

8) Plaintiffs' refusal to produce Mr. Friedman's FEA simulation(s) based on Defendants' reconstructions of the impact into the trailer is in violation of the obligations of Fed. R. Civ. P. 26(e)(2).

9) Plaintiffs' failure and refusal to produce all of Mr. Friedman's FEA simulations in response to Strick's Third Set of Requests for Production is in violation of the obligations of Fed. R. Civ. P. 26(a)(1)(A)(ii).

10) Plaintiffs' failures to timely produce and failures to produce all of Mr. Friedman's FEA simulations has been a continuing pattern of conduct since expert disclosures were first required in the case.

11) Defendant Strick has been severely prejudiced by Plaintiffs' eve-of-trial production of AVIs and data without sufficient time or opportunity for its experts to analyze, evaluate them, or for Defendants' counsel to meaningfully examine Mr. Friedman on them and

to determine whether an expert rebuttal is needed. Defendant Strick has further been severely prejudiced by the non-production of Mr. Friedman's FEA Simulations based on Defendants' reconstruction of the impact into the trailer.

If the Court does not grant the requested relief of excluding Mr. Friedman's opinions on the underride guard, Defendant Strick further moves the Court, pursuant to Fed. R. Civ. P. 37(c)(1) and Fed. R. Civ. P. 37(c)(1)(C), to adjourn the trial for a sufficient period to cure the prejudice to Defendant Strick resulting from the persistent patterns of failing and refusing to timely produce these relevant expert materials required to be produced during discovery. Such relief should include an order which, at a minimum (a) requires the Plaintiffs to produce all of Mr. Friedman's FEA simulations not heretofore produced; (b) requires Plaintiffs to make Mr. Friedman available for a deposition on the late disclosed and undisclosed simulations with sufficient time to examine him regarding those simulations; (c) bars Mr. Friedman from creating new simulations; and (d) allows Defendants' experts 30 days from the time of Mr. Friedman's supplemental deposition to evaluate Mr. Friedman's simulations and to produce materials and opinions to rebut those simulations.

Respectfully submitted,
DAWSON & CLARK, P.C.

BY:  /S/ Donald H. Dawson, Jr.
DONALD H. DAWSON, JR.
Texas State Bar No. 05606500
KATHLEEN A. CLARK
Texas State Bar No. 00788830
243 West Congress, Suite 600
Detroit, MI 48226
(313) 256-8900 *(Office)*
(313) 256-8913 *(Facsimile)*

WALTERS, BALIDO & CRAIN, LLP

BY: /S/
S. TODD PARKS
Texas State Bar No. 15526520
10440 North Central Tower, 15th Floor
Dallas, TX 75231
(214) 749-4805 *(Office)*
(214) 760-1670 *(Facsimile)*

**ATTORNEYS FOR DEFENDANT STRICK TRAILERS, LLC**

BY: /S/
SHARI SOLOMON
General Counsel for Strick Trailers, LLC
225 Lincoln Highway
Fairless Hills, PA 19030
(215) 949-4712
ssolomon@diamatrix.net

**GENERAL COUNSEL FOR DEFENDANT STRICK TRAILERS, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18 day of June, 2014, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Texas Rules of Civil Procedure.

/s/ Donald H. Dawson, Jr.
DONALD H. DAWSON, JR.

## **CERTIFICATE OF CONFERENCE**

This will certify that the moving party has attempted to confer with Plaintiffs' counsel. Plaintiffs' counsel offered in a letter sent by email the night of June 17th to meet and confer on June 20th, 23rd, or 24th, but given that the pretrial conference is set for June 20th, and the emergency nature of the motion, waiting to meet at that time was impractical. Strick's counsel Parks therefore conferred with Plaintiffs' counsel Pittman via telephone on June 18th. From Plaintiffs' counsel's letter and the phone conference, it is Strick's understanding that Plaintiff does not concur in a continuance, and does not concur in the other relief sought by this motion except to the limited extent that Plaintiffs offered to produce the FEA Simulation of an impact into a trailer per the Strick's expert Dr. Vogler's reconstruction.

All other Defendants in this matter concur in, and do not oppose the relief requested herein.

*/S/ Donald H. Dawson, Jr.*
DONALD H. DAWSON, JR.