**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **OLLIE GREENE, et al,** | § | |
| | § | |
| **Plaintiffs,** | § | **CAUSE NUMBER: 3:11-cv-0207-N** |
| **v.** | § | |
| | § | |
| **TOYOTA MOTOR CORPORATION,** | § | |
| **et al.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § | |

**PLAINTIFFS' RESPONSE TO TOYOTA'S OBJECTIONS**
**TO PLAINTIFFS' CONTENTIONS IN THE JOINT PRE-TRIAL ORDER**
**AND PLAINTIFFS' RESPONSE TO TOYOTA'S MOTION TO STRIKE**

Plaintiffs Ollie Greene, Individually and as the surviving parent of Wyndell Greene, Sr.,

William Greene, as the Administrator of the Estate of Wyndell Greene, Sr. and Marilyn Burdette

Hardeman, Individually and as the surviving parent of LaKeysha Greene (collectively hereinafter

referred to as "Plaintiffs") submit this Response and Brief in Support in Opposition to the Toyota

Defendants' ("Toyota") Objections to Plaintiffs' Improper Contentions in the Joint Pre-Trial

Order and Motion to Strike (the "Motion") and show as follows:

## I.  ARGUMENT AND AUTHORITIES

To begin with, in another attempt to gain an unfair advantage, Toyota misrepresents the

history of the discussions surrounding the preparation of the Joint Pre-Trial Order ("The Order").

The record demonstrates, however, that Plaintiffs' counsel did not "wait" until the last minute to

submit a draft of The Order to defendants.  In fact, on May 14, 2014, (nine days before the joint

pretrial order was due) Plaintiffs wrote to Defendants' counsel,

> [A]s you know, the parties will have to supply certain items for the JPO such as
> contested issues of law and fact, estimate of the length of trial and a list of
> additional matters, if any, that may aid the Court.  **Once defendants provide**
> **these items to us I will have her [Plaintiffs' counsel's staff] incorporate these**
> **items into the Joint Pretrial Order before we finalize and file it.**

APP 002-004.  In the days that followed, Plaintiffs' counsel and VGNA's counsel sought to have Toyota and the other defendants submit inserts for the Joint Pre-Trial Order (the "JPO") days before it was due. See, APP 006-013.   Despite Plaintiffs' proposal for early submission, Defendants did not send proposed stipulated facts for the JPO to Plaintiffs' counsel until 3:00 p.m. on May 22, 2014.  APP 012-013.  And Toyota's counsel, who took the lead in preparing the JPO, did not submit a draft of the JPO to Plaintiffs' counsel until afterhours on May 22, 2014 (APP 014).  Toyota then submitted a substantially revised JPO at 12:11 p.m. on the day the JPO was due to be filed. APP 020.  Following receipt of Toyota's proposed JPO, as evidenced by exchanges of communication between the parties, Plaintiffs' counsel worked diligently to complete the JPO, incorporating repeated revisions by all five defendants.  APP 021-026.  Thus, Toyota cannot claim that the timing of the exchange of JPO drafts was due to anything other than Toyota's week-long delay in exchanging the information necessary for JPO. Accordingly, the Court should not now entertain Toyota's disingenuous argument that it did not have time to review the JPO, that it was somehow Plaintiffs' fault.

### A.    Plaintiffs are entitled to recover on the pain and suffering of Wesleigh and Wyndell Kyle Greene.

Paragraph 122 of Plaintiffs' Second Amended Complaint makes clear that Plaintiffs are bringing a survival action on behalf of the estates of Wesleigh and Wyndell Kyle Greene, II. And throughout the Second Amended Complaint Plaintiffs specify the facts that, upon a jury finding, would render each defendant liable to these estates.  See, e.g. Paragraphs Nos. 2, 21, 22, 26, 27, 35, 40, 118, 119, 122, 125, and 126.  The discovery record is also clear that Toyota has always known, or should have known, that Plaintiffs were claiming damages for these estates.  In fact, during discovery in this matter Toyota asked for discovery that relates to the claims of the

2

pain and suffering of Wesleigh and Wyndell Kyle Greene (APP 027-034), to which Plaintiffs responded, thus confirming to Defendants that these claims are valid and ongoing.  See, APP 035-048.   Toyota also questioned Plaintiffs' experts and the medical examiners regarding the pain and suffering of the Greene children.  As for the law, it is undisputed that a person's estate may recover damages "he himself sustained while he was alive…" *Austin Nursing Ctr., Inc.*, 171 S.W.3d 845,849 (Tex. 2005) (describing standing requirements for proper survival action). Under the survival statute, a "personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person." TEX. CIV. PRAC. & REM.CODE ANN. § 71.021(b) (West 1997).  An estate administration is not necessary if there is a family settlement agreement, highly favored by courts, in which the heirs agree to distribution of the estate property. *See Shepherd v. Ledford*, 962 S.W.2d 28, 32 (Tex.1998); see also TEX. PROB.CODE ANN. § 37 (West 2003) (intestate estate vests immediately in the heirs at law, subject to debts of the estate). An estate administration is also unnecessary if an estate has fewer than two debts. See TEX. PROB.CODE ANN. § 178(b) (West Supp.2010) (deeming estate administration necessary if an estate has two or more debts). The estate's claimants are not required to plead and prove that no administration is pending and none necessary if "there is no administration upon the estate ... and the facts show that none is necessary or desired by those interested in [the] estate ... and the heirs are in possession of [the decedent's] property." *McCampbell v. Henderson*, 50 Tex. 601, 611 (1879).  In that instance, the heirs are the representatives of the estate and may bring suit on its behalf. *Id.  See also Shepherd*, 962 S.W.2d at 31 (citing *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex.1971)). The term "[p]ersonal representative ... includes executor, independent executor, administrator, independent administrator, temporary administrator, together with their successors." TEX. PROB.CODE ANN. § 3(aa) (West Supp.2011).  Recoverable damages under a

survival action include "medical and funeral expenses, property damage, physical pain and suffering, and other damages sustained by the decedent prior to his death." *Landers v. B.F. Goodrich Co*, 369 S.W.2d 33, 35 (Tex. 1963) (distinguishing wrongful death and survival causes of action). Therefore, the estates of Wesleigh and Wyndell Kyle Greene, II may recover "pain or mental anguish" damages endured "prior to their deaths." *Id*. When the existence of some pain and mental anguish is established, the jury is given considerable discretion in determining the amount of fair and reasonable compensation for the decedent's pain and mental suffering. *Lee Lewis Constr., Inc. v. Harrison*, 64 S.W.3d 1, 14 (Tex.App.-Amarillo 1999), aff'd, 70 S.W.3d 778 (Tex.2001). Dr. Burton will provide testimony that is relative to the pain and mental anguish suffered by Wesleigh and Wyndell Kyle Greene, II. Accordingly, it is appropriate to include in the JPO the assertions made by Plaintiffs regarding the claims on behalf of Wesleigh and Wyndell Kyle Greene, II.

      **B.**      **Wyndell Greene Sr.'s Estate Can Recover for Emotional Distress as a Result of the Deaths of Lakeysha, Wesleigh and Wyndell Kyle Greene, II**.

Toyota incorrectly argues that Wyndell Greene Sr.'s estate is not entitled to recovery for Wyndell Greene's pain and suffering from the extreme mental anguish and emotional suffering from observing his wife and kids dying from Defendants' conduct. This is erroneous. First, the Texas survival statute provides a cause of action for the "heirs, legal representatives, and estate of the injured person." TEX. CIV. PRAC. & REM.CODE § 71.021(b) (West 2008). The survival statute allows a claimant to bring suit as a representative of the decedent's estate. Under Texas law, survival causes of action are derivative of the decedent's right to recover in his own capacity had the decedent lived. *See Russell v. Ingersoll-Rand Co*., 841 S .W.2d 343, 345 (Tex.1992); *Diaz v. Westphal*, 941 S.W.2d 96, 98 (Tex.1997) (stating plaintiff's right to maintain statutory

4

wrongful death and survival claims are entirely derivative of decedent's right to have sued for his own injuries immediately prior to death).   To recover as a bystander, a party only has to establish the following: (1) the claimant was located near the scene of the accident, as contrasted with one who was a distance away from it; (2) the claimant suffered shock as a result of a direct emotional impact upon the claimant from a sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and (3) the claimant and the victim(s) were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.   *United Servs. Auto. Ass'n v. Keith*, 970 S.W.2d 540, 541–42 (Tex.1998); *Lions Eye Bank of Tex. v. Perry*, 56 S.W.3d 872, 878 (Tex.App.-Houston [14th Dist.] 2001, pet. denied).   See also, *Gen. Motors Corp. v. Grizzle*, 642 S.W.2d 837, 843–44 (Tex.App.-Waco 1982, writ dism'd); *Landreth v. Reed*, 570 S.W.2d 486, 488 (Tex.Civ.App.-Texarkana 1978, no writ); *Dave Snelling Lincoln–Mercury v. Simon*, 508 S.W.2d 923, 925–26 (Tex.Civ.App.-Houston [1st Dist.] 1974, no writ).   Texas has recognized bystander recovery as stating a cause of action since *Hill v. Kimball*, 76 Tex. 210, 13 S.W. 59 (Tex.1890).

Second, the following paragraphs from the Complaint make clear that Wyndell Greene Sr.'s estate is asserting a recoverable claim for the shock, pain and direct emotional impact the death of his family before his eyes had on him:

¶ 23.   Wyndell Sr., the sole member of the Greene Family to survive at the crash site, lay helpless and in severe pain as his family died in his presence. Wyndell Sr. also suffered severe lacerations, internal injuries and third degree burns to over forty percent (40%) of his body.

¶ 24.   While hospitalized for three months, Wyndell Sr. suffered severe, sometimes unbearable, pain, had multiple surgeries, and had multiple amputations as he underwent what was hoped to be a recovery. He also suffered frequent unendurable mental anguish and emotional distress, knowing that his family died from this accident, in front of his eyes.

5

Accordingly, the Complaint clearly alleges facts that give rise to a bystander's recovery cause of action, which here is in the form of mental anguish, grief, and bereavement. Thus, the Court would be acting appropriately to submit these disputed facts to the jury for determination.

### C. Lakeysha Greene's Estate Can Recover for Her Pain, Suffering and Emotional Distress.

As stated above, a person's estate may recover damages "he himself sustained while he was alive…" *Austin Nursing Ctr., Inc.*, 171 S.W.3d at 849. Personal representatives of the estate are entitled to bring a personal injury action. *See Shepherd* 962 S.W.2d at 31 (citing *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex.1971)). The term "[p]ersonal representative ... includes executor, independent executor, administrator, independent administrator, temporary administrator, together with their successors." TEX. PROB.CODE ANN. § 3(aa) (West Supp. 2010). Here, Marilyn Hardeman  has been appointed as the legal representative of the estate of Lakeysha Greene. Thus, Hardeman is eligible to provide evidence on the claim alleged in Paragraph 122 of Plaintiffs' Second Amended Complaint on behalf of Lakeysha Greene's estate. When the existence of some pain and mental anguish is established, the jury is given considerable discretion in determining the amount of fair and reasonable compensation for the decedent's pain and mental suffering. *Lee Lewis Constr., Inc. v. Harrison*, 64 S.W.3d 1, 14 (Tex.App.-Amarillo 1999), aff'd, 70 S.W.3d 778 (Tex.2001). Dr. Burton will provide testimony that is relative to the pain and mental anguish suffered by Lakeysha Greene.

### D. Plaintiffs have Pled, and Have Evidence of, Defect Claims Relating to the 4Runner's Occupant Restraint Systems.

Under FED. R. CIV. P. 8, the pleading must contain the following:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is

entitled to relief; and a demand for the relief sought, which may include relief in the alternative or different types of relief.

*Id*. Additionally, "the function of a complaint is to give the defendant fair notice of the plaintiffs claim and the grounds upon which the plaintiff relies." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 434 (noting ultimate function for FED. R. CIV. P. 8). Plaintiffs filed their Second Amended Complaint against Toyota Defendants on July 23, 2012, and claimed the "interior of the vehicle was…defectively designed." (Pl. 2nd Amend. Compl.at 9-10). This is more than enough time to give Defendants sufficient notice to adequately address and defend each claim against them. Indeed, the parties have litigated this matter and formed defenses based upon the assertions in Plaintiffs' Second Amended Complaint. Plaintiffs' claims for defective occupant restraints are clearly asserted and supported in the Plaintiffs' Second Amended Complaint (Pl. 2nd Amend. Compl. 9 -10). In addition, Plaintiffs have the option to introduce testimony from expert witnesses Keith Friedman and William Van Arsdell, as well as Toyota's official representative, Ichiro Fukumoto, regarding the defects in Toyota's occupant restraint system.

Since Plaintiffs' Second Amended Complaint adequately complies with FED. R. CIV. P. 8 and the Defendants have been on notice for almost two years, this Court should overrule Defendants' objection and allow a jury determination of this issue.

## II.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Toyota's Motion.

Respectfully Submitted,


/s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN
State Bar No. 16049750

**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax
pittman@thepittmanlawfirm.com

/s/ Daryl K. Washington
DARYL K. WASHINGTON
State Bar No. 24013714

**LAW OFFICES OF DARYL K. WASHINGTON P.C.**
325 N. St. Paul St., Suite 1975
Dallas, Texas  75201
214-880-4883
469-718-0380 - fax
dwashington@dwashlawfirm.com

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 19, 2014, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

  /s/ Aubrey "Nick" Pittman_____<br>
AUBREY "NICK" PITTMAN