IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OLLIE GREENE, et al, § | |
| § | |
| Plaintiffs, § | CAUSE NUMBER: 3:11-cv-0207-N |
| v. § | |
| § | |
| TOYOTA MOTOR CORPORATION, § | |
| et al. § | |
| § | JURY TRIAL DEMANDED |
| Defendants. § | |

## PLAINTIFFS' RESPONSE TO TOYOTA'S MOTION FOR EXPERT WITNESS FEES

Plaintiffs Ollie Greene, Individually and as the surviving parent of Wyndell Greene, Sr., William Greene, as the Administrator of the Estate of Wyndell Greene, Sr. and Marilyn Burdette Hardeman, Individually and as the surviving parent of LaKeysha Greene (collectively hereinafter referred to as "Plaintiffs") submit this Response and Brief in Support in Opposition to the Toyota Defendants' ("Toyota") Motion for Expert Fees (the "Motion") and show as follows:

### I.     ARGUMENT AND AUTHORITIES

The Court should deny Toyota's Motion on the following grounds, *inter alia*: (1) under the circumstances of this case, it would be manifestly unjust to assess any expert witness fees against Plaintiffs; (2) Toyota has failed to take into account that it took the depositions of Plaintiffs' seven experts and the fees to be paid to Plaintiffs' experts must offset expert fees requested in Toyota's Motion; (3) Toyota's counsel failed sufficiently to confer with Plaintiffs' counsel regarding these requested fees prior to filing the Motion; and (4) even if fees were assessed, the amounts requested by Toyota are neither reasonable nor necessary.

### A. Manifest Injustice Would Result From Assessment of Expert Fees Against Plaintiffs.

Toyota's Motion seeks expert fees under Federal Rule of Civil Procedure 26(b)(4)(A) and 26(b)(4)(E), which generally provide for payment to the expert of a reasonable fee for the time spent in responding to discovery under this subdivision. The purpose of these rules is to avoid the unfairness of requiring one party to provide expensive discovery for another party's benefit without reimbursement. 4 J. Moore, J. Lucas, & G. Grotheer, Jr., Moore's Federal Practice, ¶ 26.66[5] (2d ed. 1984). These provisions seek to address the principle that it is unfair to permit one side to obtain without cost the benefit of an expert's work for which the other side has paid, often a substantial sum. *E.g., Lewis v. United Air Lines Transp. Corp.*, 32 F.Supp. 21 (W.D.Pa.1940); *Walsh v. Reynolds Metal Co.*, 15 F.R.D. 376 (D.N.J.1954). Thus, before awarding fees, the Court should assess whether granting Toyota's Motion would accomplish the purposes of the Rules. Indeed, 26(b)(4)(E) provides that a court may deny expert fees where manifest injustice would result. There is little case law interpreting "manifest injustice" in Rule 26(b)(4)(E). *See Reed v. Binder*, 165 F.R.D. 424, 427 (D.N.J.1996) (noting the lack of case law on this point). However, elsewhere in the Advisory Committee Notes, when commenting on a separate rule containing the "manifest injustice" language, the Advisory Committee states,

> [T]he words 'to prevent manifest injustice,' which appeared in the original rule, have been retained. They have the virtue of familiarity and adequately describe the restraint the trial judge should exercise.

FED.R.CIV.P. 16, Advisory Committee Notes to 1983 Amendments. In other words, he Advisory Committee for the Federal Rules of Civil Procedure felt that the term "manifest injustice" was sufficiently familiar to be a useful guide for trial courts. And there is nothing in the familiar understanding of the term "manifest injustice" to suggest that it applies only to indigent parties.

Thus, the Advisory Committee clearly intended "manifest injustice" to encompass traditional notions of trial court discretion. *Id.*

In this case, it would be manifestly unjust to award fees for Toyota's experts. First, as the Court may recall, Plaintiffs were required to file at least three (3) motions to compel against Toyota seeking computer-aided design and finite element modeling information that would be used by Plaintiffs' experts to advance Plaintiffs' case and defend against Toyota's claims. In fact, Plaintiffs were actually forced to file a Spoliation Motion since Toyota destroyed and/or concealed the finite element modeling information, which prevented Plaintiffs' experts from having access to it. As a result, Plaintiffs' experts were required to undertake alternate testing methods to support Plaintiffs' case. In addition, as a result of Toyota's destruction of its finite element information, Plaintiffs were required to take the depositions of Toyota's technical experts. If it were not for Toyota's litigation misconduct, Plaintiffs would not have had to depose most, if not all, of Toyota's experts. In addition, this is not a case where Plaintiffs took the depositions of Toyota's experts to develop Plaintiffs' case. Many of the depositions were taken only as a result of the absence of Toyota's finite element modeling information and because Toyota's experts' reports were not as complete as the reports should have been under the rules.[1] In other words, Plaintiffs received no real benefit from taking the Toyota experts' depositions. Instead the depositions were taken out of forced necessity. Thus, since the purposes of Rule 26(b)(4)(E) would not be accomplished with an award of fees, Plaintiffs ask that the

---

[1] Although Plaintiffs acknowledge that the Court denied Plaintiffs' motion to exclude the depositions of Toyota's experts (Carr, Corrigan, Marine, Dyer, Lange, Lohwasser, and Van Arsdell) Plaintiffs brought the motions to exclude as a result, in part, of the experts' failure to provide complete expert reports that were based on a reliable methodology.

Court find that it would be manifestly unjust to have Plaintiffs pay for Toyota's expert witness depositions.

> **B.  Toyota Failed to Offset Fees Incurred by Plaintiffs for the Depositions of Plaintiffs' Experts that Toyota Scheduled**.

Although Toyota shamelessly submits its Motion for reimbursement of fees, the Motion is silent on the expert fees that Plaintiffs incurred from Toyota's deposition of Plaintiffs' experts. On or about November 22, 2013, Toyota submitted notices to take the deposition of each of Plaintiffs' seven (7) experts. See Exhibit 1. Although the deposition dates for Plaintiffs' experts were rescheduled, the depositions of Plaintiffs' experts noticed by Toyota were eventually taken as follows:

| Plaintiffs' Experts | Dates of Deposition | Length of deposition |
|---|---|---|
| Keith Friedman | January 15/17, 2014 | 14 hours |
| Dr. Rhodes Stephenson | January 18, 2014 | 7 hours |
| Jeff Vick | January 21, 2014 | 7 hours |
| Dr. Trudi Zaplac | January 22, 2014 | 5 hours |
| Dr. Joseph Burton | January 30, 2014 | 6 hours |
| Dr. Darrell Henderson | February 4, 2014 | 2 hours |
| Dr. Stan Smith | February 24, 2014 | 3 hours |
| Keith Friedman | June 13, 2014 | 3 hours |

The hours shown above do not include the time Plaintiffs' expert spent preparing for depositions. The total collective length of time the Plaintiffs' experts spent at the depositions totals 47 hours. On the other hand, the total collective length of time for which Toyota seeks payment is only 26.5 hours. Toyota does not factor into its Motion that if Toyota is entitled to payment for the depositions that Plaintiffs' noticed, Toyota should be ordered to pay for the time Plaintiffs' experts spent in responding to Defendants' discovery. At a minimum, these corresponding fees should be offset at a reasonable rate. Since Toyota's Motion ignores these equalizing costs, the Motion should be denied.

**C. Toyota Failed to Confer on the Necessity or the Reasonableness of Fees for Toyota's and Plaintiffs' Experts**.

Contrary to Toyota's misrepresentation, Toyota did not attempt to have an actual conference with Plaintiffs' counsel to discuss expert fees before filing its Motion. In fact, the Court can observe from Toyota's May 20, 2014, letter that Toyota made demands to Plaintiffs' counsel, "please remit payment to the Toyota Defendants" and "if you do not respond to the letter within seven days **by providing payment in full**…the Toyota Defendants reserve the right to seek appropriate relief from the court." This unrequited demand is hardly an attempt to compromise or to discuss applicability of offsetting payments for the experts on both sides. Therefore, even if it were not manifestly unjust for Plaintiffs to pay any of Toyota's expert fees, Toyota's refusal to confer with Plaintiffs regarding an equitable division of fees warrants denial of the Motion.

**D. Toyota Has Failed to Establish the Necessity or the Reasonableness of the Requested Fees**.

Currently, "legal authority determining the reasonableness of expert fees is sparse." *Nordock Inc. v. Sys. Inc.*, 927 F. Supp. 2d 577, 583 (E.D. Wis. 2013) (proposing factors test for courts to use when assessing reasonableness of expert witness fees). Because "legal authority is sparse" and Toyota provides insufficient evidence to prove the expert fees are reasonable, if this court should decide to award fees to Toyota, it should adopt the proposed test outlined in *Nordock Inc. v. Sys. Inc*. *Id*. This test aims to properly assess expert fee reasonableness through a balance of the following factors:

> (1) the expert's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually being charged to the party retained the expert; (6) fees traditionally charged by the expert or related matters; and (7) any

> other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*Id*. By applying this test, the court could properly assess the true and accurate "award or fee that appropriately compensates an expert witness." *Halasa v. ITT Educ. Servs.*, 690 F.3d 844, 851 (7th Cir. 2012) (identifying ultimate goal for Rule 26(b)(4)(E)). After applying the balancing test proposed in *Nordock v. Sys. Inc*., Toyota' Motion for Expert Fees should be denied: First, Toyota provides no evidence of "prevailing rates" of other "respected available experts." *See Nordock*, 927 F. Supp. 2d at 577. If Toyota had submitted any evidence with its Motion, the Court would notice that Toyota seeks to recover fees from Plaintiffs, for one of Toyota's experts, Lee Carr, at the rate of $1200 per hour. Lee Carr's credentials and alleged expertise notwithstanding, Toyota has not carried its burden of demonstrating that a $1,200 hourly rate is reasonable. "The effective administration of justice depends, in significant part, on the maintenance and enforcement of a reasoned cost/benefit vigil by the judiciary." *Anthony v. Abbott Laboratories*, 106 F.R.D. 461, 465 (D.R.I.1985) (finding physician's $420 expert fee unreasonable). Carr's fee is clearly excessive and is not evidence of the prevailing rate for similar experts. By contrast, Plaintiffs' reconstruction expert, who works within the same state and gave opinions on the same matters as Carr, charges considerably less.

Second, Toyota provides no evidence of the "nature, quality, and complexity" of "discovery responses provided." *Id*. Thus, the Court cannot ascertain whether the fees were necessary and they should be denied. *Fait v. Hummel*, 2002 WL 31433424, at *4 (N.D.Ill. Oct. 30, 2002)(in the absence of a sufficiently detailed explanation of the appropriateness of the time spent on deposition preparation, the costs of the experts' purported preparation time will be denied). Third, Toyota provides no information as to what, if anything, these experts had to

review in preparation for their depositions. The text of Federal Rule of Civil Procedure 26(b)(4)(E) provides no instruction as to what "responding to discovery" entails and rule 26(b)(4)(C) does not specifically address whether fees can be recovered for time spent *preparing* for a deposition. There are authorities holding that deposition preparation time is not compensable under Rule 26(b)(4)(C). *See, e.g., Baker v. Taco Bell Corp.*, 163 F.R.D. 348, 350 (D.Colo.1995); *Benjamin v. Gl*oz, 130 F.R.D. 455, 456–57 (D.Colo.1990); *Royal Maccabees Life Ins. Co. v. Malachinski*, 2000 WL 1377111, at *5 (N.D.Ill. Sept. 25, 2000). As the court in explained in *Rhee v. Witco Chem. Corp.*, 126 F.R.D. 45, 47 (N.D.Ill.1989),

> [T]ime spent "preparing" for a deposition entails not only the expert's review of his conclusions and their basis, but also consultation between the responding party's counsel and the expert to best support the responding party's case and to anticipate questions from seeking party's counsel. An expert's deposition is in part a dress rehearsal for his testimony at trial and thus his preparation is part of trial preparation. One party need not pay for the other's trial preparation.

No one could plausibly suggest that an opposing party should be required to reimburse an expert for preparation costs that the expert will inevitably incur if the case proceeds to trial and the expert is actually called as a witness by the sponsoring and retaining party. *Cf. Creative Resources Group of New Jersey, Inc. v. Creative Resources Group, Inc.*, 212 F.R.D. 94, 104 (E.D.N.Y.2002) (holding that a party could not recover fees under Rule 37(a) for work that would have been incurred in the course of normal discovery). *See also Collins v. Village of Woodridge*, 197 F.R.D. 354, 358 (N.D.Ill.1999) (conceding that experts should not be compensated for "duplicat[ing] their earlier work in order to answer questions about their opinions" and should not "seek compensation for reinventing the wheel"). In addition, since the documents sought pursuant to the Plaintiffs' subpoenas consists of records that should have been

turned over as mandatory discovery pursuant to Fed.R.Civ.P. 26(a)(2)(B), Toyota's experts are not entitled to recovery for time spent gathering these documents.

Even in an instance where a court allowed limited fees for deposition preparation, the court stated,

> That said, there is also great risk of abuse in compensating a party for his expert's deposition preparation time, since that time usually includes much of what ultimately is trial preparation work for the party retaining the expert. As Wright & Miller suggest, "[t]he open-ended possibility that much ordinary trial preparation might be charged to the opponent by this device warrants caution."

*Constellation Power Source, Inc. Select Energy, Inc*., 2007 WL 188135, at *8 (D.Conn. January 23, 2007) (quoting Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 2034, at 471). The bottom line is that Toyota has failed to establish, through law or factual documentation, any entitlement to expert fees.

Third, Toyota provides no additional information "likely to be of assistance" when aiding the court in order to calculate a reasonable amount, if any, appropriate for compensation. *Id*. Ultimately, Toyota wants Plaintiffs, as well as the Court, to blindly accept its proposed amount without establishing its burden and providing all essential information used in its calculations. Accordingly, the Court should deny the Motion in its entirety.

## II. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Toyota's Motion.

Respectfully Submitted,

| | |
|---|---|
| /s/ Aubrey "Nick" Pittman | /s/ Daryl K. Washington |
| AUBREY "NICK" PITTMAN | DARYL K. WASHINGTON |
| State Bar No. 16049750 | State Bar No. 24013714 |
| | |
| **THE PITTMAN LAW FIRM, P.C.** | **LAW OFFICES OF DARYL K. WASHINGTON P.C.** |
| 100 Crescent Court, Suite 700 | |
| Dallas, Texas 75201-2112 | 325 N. St. Paul St., Suite 1975 |
| 214-459-3454 | Dallas, Texas 75201 |
| 214-853-5912 – fax | 214-880-4883 |
| pittman@thepittmanlawfirm.com | 214-751-6685 - fax |
| | dwashington@dwashlawfirm.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2014, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

    /s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN