IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, Individually as the Surviving Parent of WYNDELL GREENE, SR., WILLIAM GREENE, as the Administrator of the Estate of WYNDELL GREENE, SR., and MARILYN BURDETTE-HARDEMAN, Individually and as the Surviving Parent of LAKEYSHA GREENE D; <br><br>  Plaintiffs <br><br> v. <br><br> TOYOTA MOTOR CORPORATION, TOYOTA MOTOR MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES USA, INC., VOLVO GROUP NORTH AMERICA, LLC, VOLVO TRUCKS NORTH AMERICA, A DIVISION OF VOLVO GROUP NORTH AMERICA, LLC, STRICK TRAILERS, LLC, JOHN FAYARD MOVING & WAREHOUSE, LLC and DOLPHIN LINE, INC. <br><br>  Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § | CAUSE NUMBER: 3:11-cv-0207-N <br><br> JURY TRIAL DEMANDED |

## DOLPHIN LINE'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant DOLPHIN LINE, INC. ("Dolphin"), Defendant in the above-reference action and files this Supplemental Response to Plaintiff's Motion in Limine regarding Plaintiff's Motion in Limine Number 21 seeking to exclude witnesses who were designated within the deadline for discovery.

Plaintiff's Motion in Limine Number 21 seeks to disclose any testimony or testimony of any knowledge by Robert Lobsinger, Amanda Hill, and Robert Lobsinger. Although Dolphin Line has never designated an Amanda Hill, it assumes that Plaintiffs were referring to Amanda Hall. These individuals were discussed and identified in the depositions of Gary Hatfield and Joe Gibson on March 30, 2012. Plaintiffs' counsel questioned Gary Hatfield about Robert Lobsinger, the Dolphin shop foreman who performed inspections and insured that repairs were performed on Dolphin trailers. Gary Hatfield also testified as to Robert Williams, a Dolphin trailer mechanic who performed some welding on Dolphin trailers. During the deposition of Joe Gibson, Plaintiff's counsel elicited testimony regarding Amanda Hall, a former employee of Dolphin. Plaintiff has known of each of these individuals since March 30, 2012. Plaintiff has failed to seek the depositions or additional discovery related to any of these individuals. There is no surprise or prejudice to Plaintiffs due to the designation of these individuals.

Furthermore, each of these individuals was identified by Dolphin prior to the close of discovery. As such they were timely disclosed. Furthermore, if there was any error in the designation of these individuals, it was harmless as Plaintiffs' counsel had knowledge of each of them since March 30, 2012.

Finally, Plaintiffs have failed to make any showing in their motion in limine that the disclosure of these individuals prejudiced Plaintiffs' case in any way.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Dolphin Line, Inc. respectfully requests that the Court deny Plaintiffs' Motion in Limine and for general relief.

Respectfully submitted,

By: /s/ John S. Kenefick
**John S. Kenefick**
State Bar No. 24006294
Attorney-in-Charge
JKenefick@MacdonaldDevin.com
**Nathan W. Shackelford**
State Bar No. 24070598
NShackelford@MacdonaldDevin.com
**Jacob M. Borchers**
State Bar No. 24067522
JBorchers@MacdonaldDevin.com
MACDONALD DEVIN, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2130
214.744.3300 Telephone
214.747.0942 Facsimile

**ATTORNEYS FOR DEFENDANT DOLPHIN LINE, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2014, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

/s/ Jacob M. Borchers
**Jacob M. Borchers**