IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OLLIE GREENE, *et al.*, § | |
| § | |
| Plaintiffs § | |
| § | |
| v. § | CAUSE NUMBER: 3:11-cv-0207-N |
| § | |
| TOYOTA MOTOR CORPORATION, *et al.,* § | |
| § | |
| Defendants. § | |

## TOYOTA DEFENDANTS' NOTICE AND PROFFER OF NEEDED TRIAL TIME

TO THE HONORABLE COURT:

Defendants Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales U.S.A., Inc. (collectively, the "Toyota Defendants") file this Notice and Proffer of Needed Trial Time and for such would respectfully show the Court as follows:

## I.
## SUMMARY

The Court should allow the Toyota Defendants forty hours to defend themselves against Plaintiffs' claims at trial.  During the pre-trial conference on Friday, June 20, 2014, the Court ordered that the trial of this case will be limited to seventy hours, with thirty-five hours allocated to Plaintiffs and thirty-five total hours allotted to the four defendants.  This includes opening statements, direct examination, cross-examination, and closing arguments.  Counsel for the Toyota Defendants objected to the Court's order, but agreed to confer amongst the defendants to determine if they could agree to a division of the time allocations in an effort to comply with the Court's order.

Since that time, the other three defendants have settled with Plaintiffs, but the complexities of the case remain, and the Toyota Defendants will simply be unable to fairly defend themselves in thirty-five hours. Accordingly, the Toyota Defendants file this Notice to re-assert their objection to the initial time limits imposed by the Court during the pre-trial conference and to articulate the Toyota Defendants' necessity for forty hours of trial time to defend themselves against Plaintiffs' claims in this case.

## II.
## THE CURRENT TIME LIMITS WOULD RESULT IN AN UNFAIR TRIAL FOR THE TOYOTA DEFENDANTS

While a court has discretion to impose limits on the lengths of trials, a court must do so with cautious respect for the requirements necessary to achieve a fair trial. *Sims v. ANR Freight Sys.,* 77 F.3d 846, 849 (5th Cir. 1996). A trial is a proceeding designed to be a search for the truth. *Nix v. Whiteside,* 475 U.S. 157, 158 (1986). Essential to this endeavor is an opportunity for the parties, through their lawyers, to present information in a manner that is comprehensible to a jury. *Sims,* 77 F.3d at 849. However, "when the presentation of information to a jury is judicially restricted to the extent that the information becomes incomprehensible then the essence of the trial itself has been destroyed." *Id.* Thus, a court's limitations on trial evidence should be made on the basis of an informed analysis which includes a review of the parties' proposed witness lists and proffered testimony, the parties' exhibits, and the parties' estimated trial time. *See U.S. v. Hildebrand,* 928 F. Supp. 841, 848-49 (N.D. Iowa 1996) and during this analysis, the court should examine the likely probative value of the parties' proffered testimony and exhibits to ensure that time limitations do not result in a sacrifice of justice in exchange for the goal of efficiency. *See Id.*

In this case, the current time limits will result in an unfair trial for the Toyota Defendants. To begin with, Plaintiffs have identified seven expert witnesses who will testify at trial on issues of: complex accident reconstruction of this quadruple fatality, four-vehicle, six-collision event, fuel system design and integrity, fire cause and origin, occupant kinematics, biomechanical analysis of injuries, pathological cause of death, psychological and physical trauma, and economic loss. According to their witness list, Plaintiffs estimate that their expert testimony alone will take forty hours. Additionally, Plaintiffs have identified approximately 130 fact witnesses. *See* Doc. Nos. 678 and 706. Even anticipating that Plaintiffs will seek to cut their experts' estimated testimony time in half, the Toyota Defendants will need a sufficient amount of time to cross-examine Plaintiffs' expert witnesses regarding the technical issues involved in this case, especially given the complexity of the allegations and multiple defect theories that Plaintiffs have posited. Effective cross examinations will require more time than Plaintiffs' direct examinations of these witnesses, especially since the Toyota Defendants will now need time to cross-examine Plaintiffs liability experts on the claims they've made against the settling defendants. Therefore, assuming Plaintiffs estimates, even if halved, are correct, fair cross examination of these witnesses will take in excess of twenty hours.

Moreover, the Toyota Defendants will need time to present their case-in-chief. Like Plaintiffs, the Toyota Defendants will call seven experts to testify at trial on a range of topics including automotive design engineering, laws of physics, validity of crash testing, mechanisms of injury, vehicle structural performance, and fire origination and prorogation. In addition, the Toyota Defendants will call multiple fact witnesses and necessary corporate representatives. The Toyota Defendants originally estimated that the direct examinations of the needed witnesses would require thirty-five hours of testimony. *See* Doc. No. 630. As expressed by the Toyota

Defendants at the pre-trial conference, in the interest of conservation of the Court's resources, the Toyota Defendants whittled their witnesses and the estimated time needed for direct examinations down to twenty-seven and one half hours. Over the weekend, the Toyota Defendants have further reduced and limited the scope and type of testimony to be proffered in their case-in-chief. However, even with this adjustment, it will be impossible, allowing for the needed time for cross-examination, for the Toyota Defendants to present their defense to all of Plaintiffs' claims within the thirty-five hour time limit the Court has issued. This is particularly so because in addition to defending against Plaintiffs' case against them, the Toyota Defendants must now also establish the liability of all responsible third parties and settling parties. This includes four former defendants in this suit and two responsible third parties. Accordingly, the Toyota Defendants respectfully request the Court to grant them forty hours of total trial time.

Respectfully submitted,

*/s/ Kurt C. Kern*
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com
**BRIAN E. MASON**
State Bar No. 24079906
brian.mason@bowmanandbrooke.com
**BRITTNEY D. JOHNSON**
State Bar No. 24080963
brittney.johnson@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 N. Harwood St., Suite 1700
Dallas, Texas 75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR DEFENDANTS
TOYOTA MOTOR CORPORATION,
TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA,
INC., AND TOYOTA MOTOR SALES,
U.S.A., INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 22nd day of June, 2014.

*/s/ Kurt C. Kern*