**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **OLLIE GREENE, *et al.*,** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **CAUSE NUMBER: 3:11-cv-0207-N** |
| | § | |
| **TOYOTA MOTOR CORPORATION, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

**TOYOTA DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW AND BRIEF IN SUPPORT THEREOF**

**TABLE OF CONTENTS**


I. STANDARD FOR JUDGMENT AS A MATTER OF LAW ....................5

II. JUDGMENT SHOULD BE GRANTED ON PLAINTIFFS' NEGLIGENT MISREPRESENTATION CLAIMS ....................5

III. JUDGMENT SHOULD BE GRANTED ON PLAINTIFFS' MARKETING DEFECT CLAIMS ....................7

IV. JUDGMENT SHOULD BE GRANTED ON PLAINTIFFS' DESIGN DEFECT CLAIMS ....................10

V. JUDGMENT SHOULD BE GRANTED ON PLAINTIFFS' NEGLIGENCE CLAIMS ....................13

VI. JUDGMENT SHOULD BE GRANTED ON PLAINTIFFS' GROSS NEGLIGENCE CLAIM ....................14

VII. PLAINTIFFS' BREACH OF WARRANTY CLAIMS SHOULD BE DISMISSED ....................15

VIII. JUDGMENT SHOULD BE GRANTED ON PLAINTIFFS' BYSTANDER CLAIMS ....................16

IX. JUDGMENT SHOULD BE GRANTED ON PLAINTIFFS' CLAIMS RELATING TO LAKEYSHA GREENE ....................18

X. JUDGMENT SHOULD BE GRANTED ON PLAINTIFFS' CLAIMS RELATING TO TEMA ....................19

# TABLE OF AUTHORITIES

**Cases**

*Amstadt v. The United States Brass Corp.*, 919 S.W.2d 644 (Tex. 1996)......................................8

*Andrade v. Chojnacki*, 65 F.Supp.2d 431 (W.D. Tex. 1999).......................................................17

*Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845 (Tex. 2005)...............................................18

*Bristol Myers Co. v. Gonzales*, 561 S.W.2d 801 (Tex. 1978)........................................................8

*Caterpillar Inc. v. Shears*¸ 911 S.W.2d 379 (Tex. 1995)...............................................................8

*Chandler v. Gene Messer Ford, Inc.*, 81 S.W.3d 493 (Tex. App.-Eastland 2002)....................6, 15

*Coffel v. Stryker Corp.*, 284 F.3d 625 (5th Cir. 2002)....................................................................5

*Columbia Med. Ctr. Las Colinas v. Hogue*, 271 S.W.3d 238 (Tex. 2012)...................................14

*Crosbyton Seed Co. v. Mechura Farms*, 875 S.W.2d 353 (Tex. App.—Corpus Christi 1994, no writ)..........................................................................................................................................15

*Dillard Department Stores v. Silva*, 148 S.W.3d 370 (Tex. 2004)...............................................13

*Ellis v. Weasler Engineering, Inc.*, 258 F.3d 326 (5th Cir. 2001)..................................................5

*Everett v. TK—Taito, L.L.C.*, 178 S.W.3d 844 (Tex. App. – Fort Worth 2005, no pet.)..............15

*Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439 (Tex. 1991)........................................6

*Ford Motor Co. v. Ledesma*, 242 S.W.3d 32 (Tex. 2007)...........................................................11

*Ford Motor Co. v. Ridgway*, 135 S.W.3d 598 (Tex. 2004)....................................................11, 12

*Freeman v. City of Pasadena*, 744 S.W.2d 923 (Tex. 1988)........................................................16

*Garrett v. Hamilton Std. Controls, Inc.*, 850 F.2d 253 (5th Cir. 1988)........................................13

*General Motors Corp. v. Saenz*, 873 S.W.2d 353 (Tex. 1993).......................................................7

*Goodner v. Hyundai Motor Co., Ltd.*, 650 F.3d 1034 (5th Cir. 2011)............................................9

*Goodyear Tire & Rubber Co. v. Rios*, 143 S.W.3d 107 (Tex. App.–San Antonio 2004)..............7

*Hunter v. Ford Motor Co.*, 305 S.W.3d 202 (Tex. App.—Waco 2009, no pet.)..........................10

*Lehmann v. Wieghat*, 917 S.W.2d 379 (Tex. App.—Houston [14th Dist.] 1996, writ denied).9, 16

*Lemond v. Lone Star Gas Co.*, 897 S.W.2d 378 (Tex. App.—Fort Worth 1994), *aff'd in part and rev'd in part on other grounds*, 897 S.W.2d 755 (Tex. 1995)........................................................9

*Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917 (Tex. 1998)....................................................14, 15

*Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131 (Tex. 2004).............................................10, 12

*Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316 (5th Cir. 1994)..................................................5

*Powell v. Keeley*, 795 F. Supp. 2d 587 (S.D. Tex. 2011).............................................................17

*Purina Mills, Inc. v. Odell*, 948 S.W.2d 927 (Tex. App.–Texarkana 1997, writ denied)................8

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000).................................................5

*Rodriguez v. Riddell Sports Inc.*, 242 F.3d 567 (5th Cir. 2001)....................................................17

*Simms v. Washex Machinery Corp.*, 932 S.W.2d 559 (Tex. App.—Houston [1st Dist.] 1995, no writ)...........................................................................................................................................7

*Technical Chemical Co. v. Jacob s*, 480 S.W.2d 602 (Tex. 1972).................................................7

*Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306 (Tex. 2009)..............................................................9

*Union Pump Co. v. Allbritton*, 898 S.W.2d 773 (Tex. 1995)..........................................................8

*USX Corp. v. Salinas*, 818 S.W.2d 473 (Tex. App.-San Antonio 1991, writ denied).....................8

**Rules**

Fed. R. Civ. P. 50...........................................................................................................................5

**Codes**

Tex. Civ. Prac. & Rem. Code § 41.001.....................................................................................14, 15

Tex. Civ. Prac. & Rem. Code § 41.003...........................................................................................13

Tex. Civ. Prac. & Rem. Code § 71.021...........................................................................................16

Tex. Civ. Prac. & Rem. Code § 82.005...................................................................................10, 11, 12

Tex. Bus. & Comm. Code. § 2.314.................................................................................................15

TO THE HONORABLE COURT:

Defendants Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales U.S.A., Inc. (collectively the "Toyota Defendants") file this Motion for Judgment as a Matter of Law and Brief in Support Thereof:

## I.
## Standard for Judgment as a Matter of Law

Judgment as a matter of law is appropriate with respect to an issue if "there is no legally sufficient evidentiary basis for a reasonable jury to find for [a] party on that issue." Fed. R. Civ. P. 50(a)(1). This occurs when "the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion." *Coffel v. Stryker Corp.*, 284 F.3d 625, 630 (5th Cir. 2002) (quoting *Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316, 1323 (5th Cir. 1994)) (internal quotation marks omitted).

In considering a Rule 50 motion, the court must review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). In reviewing the record as a whole, the court "must disregard all evidence favorable to the moving party that the jury is not required to believe." *See Ellis v. Weasler Engineering, Inc.*, 258 F.3d 326, 336-37 (5th Cir. 2001).

## II.
## Judgment Should be Granted on Plaintiffs' Negligent Misrepresentation Claims

In order to establish a negligent misrepresentation cause of action against the Toyota Defendants, Plaintiffs must establish that (1) the Toyota Defendants made representation in the course of their business or in a transaction in which they had a pecuniary interest; (2) the Toyota Defendants supplied false information for the guidance of Plaintiffs; (3) the Toyota Defendants did not exercise reasonable care or competence in obtaining or communicating the information; and (4) Plaintiffs suffered pecuniary loss by justifiably relying on the representation. *Fed. Land*

*Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

Plaintiffs specifically rely on the testimony of Vincent Canty ("Canty") to support their negligent misrepresentation claim. Canty testified that he attended a vehicle exhibit at the State Fair of Texas with Wyndell Greene, Sr. ("Wyndell") before he purchased the 2010 4Runner. While at the exhibit, Canty testified that he and Wyndell spoke with "Toyota" representatives. Canty claims these individuals were "Toyota" representatives because "they all had the same type of outfits on." However, there is no legally sufficient evidence that these were in fact representatives of any of the Toyota Defendants. In addition, there is no evidence that these representatives provided Wyndell with any false or misleading information regarding the 4Runner. Canty testified that Wyndell was "just kind of talking to the – the -- the personnel that was actually there that was handing out some – some fliers and stuff and just kind of questioning -- ." Canty specifically said that he didn't recall any conversation with the representations about the type of fuel tank or the type of tank shield on the 2010 4Runner. A conclusory, speculative statement that Wyndell relied on various "safety" related representations made by the Toyota Defendants is not evidence. Assertions of the general safety of a product cannot be the basis for a misrepresentation claim. *Chandler v. Gene Messer Ford, Inc.*, 81 S.W.3d 493, 500 (Tex. App.-Eastland 2002).

Moreover, just because Wyndell may have heard something regarding the subject 4Runner does not mean that he relied upon any of that it. In fact, Canty and William "Bill" Greene's testimony indicates that the Greene Family owned two previous Toyota vehicles, a Toyota Camry and a prior generation Toyota 4Runner, and that Wyndell's prior positive experience with these Toyota vehicles was likely a major reason why Wyndell purchased the 2010 4Runner. Specifically, Wyndell chose the 4Runner because of its reliability and size.

Because Plaintiffs offer no legally sufficient trial evidence that Wyndell or any other member of the Greene Family relied upon *any* false representations made by the Toyota Defendants, the Court should grant the Toyota Defendant's Judgment as a Matter of law.

**III.**
**Judgment Should be Granted on Plaintiffs' Marketing Defect Claims**

For Plaintiffs to prevail under a strict liability theory of defective marketing due to a failure to warn, Plaintiffs must establish five elements: (1) a risk of harm must exist that is inherent in the product or that may arise from the intended or reasonably anticipated use of the product; (2) the product supplier must actually know or reasonably foresee the risk of harm at the time the product is marketed; (3) the product must possess a marketing defect; (4) the absence of the warning and/or instructions must render the product unreasonably dangerous to the ultimate user or consumer of the product; and (5) the failure to warn and/or instruct must have caused the product user's injury. *See Goodyear Tire & Rubber Co. v. Rios*, 143 S.W.3d 107, 116 (Tex. App.–San Antonio 2004*); Simms v. Washex Machinery Corp.*, 932 S.W.2d 559, 562 (Tex. App.—Houston [1st Dist.] 1995, no writ); *USX Corp. v. Salinas*, 818 S.W.2d 473, 482–83 (Tex. App.-San Antonio 1991, writ denied); *see also, Bristol Myers Co. v. Gonzales*, 561 S.W.2d 801 (Tex. 1978) (In Texas, to establish a cause of action for defective marketing for failure to warn, plaintiff must establish the product is unreasonably dangerous in the absence of a warning of the danger or instructions for its safe use.).

Notably, to recover in failure-to-warn cases, plaintiff must prove that the lack of a warning caused the injury. *See Technical Chemical Co. v. Jacobs*, 480 S.W.2d 602, 604 (Tex. 1972) (stating that "proof of causation is a necessary element of strict liability case"). Specifically, for negligence claims, a plaintiff must prove that the defendant's failure to warn was the proximate cause of their injuries. *See General Motors Corp. v. Saenz*, 873 S.W.2d 353, 357

(Tex. 1993); *Purina Mills, Inc. v. Odell*, 948 S.W.2d 927, 935-36 (Tex. App.–Texarkana 1997, writ denied). When basing their claims on strict liability, a plaintiff must show that the failure to warn was a producing cause of their damages. *See Amstadt v. The United States Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996); *Saenz*, 873 S.W.2d at 357; *Purina Mills*, 948 S.W.2d at 935-36. The common element to both proximate and producing cause is actual causation-in-fact. *Id*. Therefore, in order to succeed, a plaintiff must show that but for the defendant's failure to provide adequate warnings, the plaintiff's injuries would not have occurred. *See Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 775 (Tex. 1995).

Even if the alleged factual scenario in this case could give rise to such a claim, Plaintiffs have offered no legally sufficient evidence to raise a fact issue to support any of the required elements for a marketing defect cause of action, including that the alleged failure to warn was the cause-in-fact of the death of the Greene Family members. Plaintiffs have no evidence that any specific warning or instruction that was inadequate. They certainly have presented no evidence that the lack of any specific warning or instruction caused Plaintiffs' injuries.

Plaintiffs' boilerplate language is thus no more than an inappropriate re-characterization of their underlying design defect claim. This case is, quite simply, not a marketing defect case. The facts as Plaintiffs themselves have alleged do not give rise to such a claim. The hallmark of a marketing defect claim is that a product is rendered unreasonably dangerous due to an absence of sufficient warnings or instructions—in other words, a failure to properly warn a consumer of certain risks turns a *properly designed product* into an unreasonably dangerous one. *See, e.g.*¸ *Caterpillar Inc. v. Shears*¸ 911 S.W.2d 379, 382 (Tex. 1995) ("A defendant's failure to warn of a product's potential dangers when warnings are required is a type of marketing defect. Liability will attach if the lack of adequate warnings or instructions *renders an otherwise adequate*

*product unreasonably dangerous*.") (internal citations removed and emphasis added); *Lemond v. Lone Star Gas Co.*, 897 S.W.2d 378, 386 (Tex. App.—Fort Worth 1994), aff'd in part and rev'd in part on other grounds, 897 S.W.2d 755 (Tex. 1995) ("In marketing defect cases, the defective or unreasonably dangerous condition of the marketed product arises not from the product itself, but because the seller fails to warn the user of an *improper use of the product*.") (emphasis added).

Plaintiffs' allegations in this case, however, are that the subject 4Runner was *unreasonably dangerous as designed* due to its occupant restraint system, airbag system, structure, and fuel system. If the 4Runner were unreasonably dangerous as designed as alleged by Plaintiffs, it could not then be rendered unreasonably dangerous due to an absence of warnings. On the other hand, if the 4Runner is not unreasonably dangerous as designed, Plaintiffs have brought forth neither evidence nor even allegations that a lack of warnings or instructions somehow rendered it unreasonably dangerous. As demonstrated, Plaintiffs have no legally sufficient evidence to establish the elements of a claim for a marketing defect in this case. Therefore, Toyota is entitled to judgment as a matter of law on any of Plaintiffs' strict liability allegations based on a marketing defect.

## IV.
## Judgment Should be Granted on Plaintiffs' Design Defect Claims

Under Texas law, "[t]o recover for a products liability claim alleging a design defect, a plaintiff must prove that (1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery." *Goodner v. Hyundai Motor Co., Ltd.*, 650 F.3d 1034, 1040 (5th Cir. 2011) (alteration in original) (quoting *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009)) (internal quotation marks omitted); *see also* Tex. Civ. Prac. &

Rem. Code § 82.005(a).

Texas courts have consistently required expert testimony to prove a design defect claim. *See, e.g.*, *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 136-38 (Tex. 2004). Expert testimony has specifically been required because proving a defect in design often involves technical matters beyond the general experience of the jury. *See id.* at 137. This requirement extends to establishing a safer alternative design was available. *See, e.g.*, *Hunter v. Ford Motor Co.*, 305 S.W.3d 202, 207-10 (Tex. App.—Waco 2009, no pet.) (requiring plaintiffs "to present expert testimony on design defect, including safer alternative design").

**A. Occupant Restraint System**

Plaintiffs have presented no evidence that the 4Runner's occupant restraint system was defectively designed. Plaintiffs provided no evidence and no expert testimony from Plaintiffs' expert Keith Friedman that the 4Runner's occupant system design was defective and unreasonably dangerous. In addition, Plaintiffs have not identified a safer alternative design that would have prevented or significantly reduced the risk of Plaintiffs' injuries and deaths. *See* Tex. Civ. Prac. & Rem. Code § 82.005. Plaintiffs have presented no evidence and no expert testimony of a safer alternative design.

**B. Airbag System**

Plaintiffs have presented no evidence that the 4Runner's airbag system was defectively designed. Plaintiffs provided no evidence and no expert testimony from Plaintiffs' expert Keith Friedman that the 4Runner's airbag system design was defective and unreasonably dangerous. In addition, Plaintiffs have not identified a safer alternative design that would have prevented or significantly reduced the risk of Plaintiffs' injuries and deaths. *See* Tex. Civ. Prac. & Rem. Code § 82.005. Plaintiffs have presented no evidence and no expert testimony of a safer alternative

design.

**C. Structure**

Plaintiffs have presented no legally sufficient evidence that the 4Runner's structure was defectively designed. Plaintiffs' expert Keith Friedman opined that the structure of the 4Runner was defectively designed because it does not progressively deform. However, Friedman did not provide evidence of any safer alternative design. In order to prevail on a strict product liability design defect claim, Plaintiff must offer legally sufficient evidence of a safer alternative design that would have prevented or significantly reduced the risk of Plaintiffs' injuries and deaths. *See* Tex. Civ. Prac. & Rem. Code § 82.005. Plaintiffs have presented no such evidence of a safer alternative design that would have prevented or significantly reduced Wyndell's injuries or likely prevented his death. More specifically, Friedman did not conduct the required risk/utility analysis for his proposed alternatives. They also provided no evidence and no expert testimony that the 4Runner's structure design was defective and unreasonably dangerous.

**D. Fuel System**

Though Plaintiffs have alleged design defects in the fuel system may have caused the fuel leak and subsequent fire in the accident, they have no identified a specific defect, as required by Texas law to support their claim. *See Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 42 (Tex. 2007) ("a specific defect must be identified by competent evidence and other possible causes must be ruled out"). In *Ridgway*, the Texas Supreme Court held that expert testimony that does not pinpoint a specific defect—like Friedman's testimony—is insufficient to raise a fact issue. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600-02 (Tex. 2004) ("The Ridgways produced no direct evidence of the fire's cause. . . . which is not sufficient to raise a fact issue."). Likewise, Friedman here simply claims that the fuel system was located in the crush zone of the

4Runner, that the fuel tank was compromised during the initial impact with the Volvo tractor-trailer, that the fuel tank failed at some point, and that there was eventually a fire that occurred.

Friedman cannot identify when the fire started and where it started, so he is unable to say that any of his alternative designs would have changed the outcome. *See* Tex. Civ. Prac. & Rem. Code § 82.005. In addition, Friedman claims to have conducted finite element modeling in order to test his various hypotheses, but offered no finite element modeling to demonstrate that his safer alternative design would have prevented the fire in the accident and prevented or substantially reduced Wyndell's burns. Friedman simply opined that if you move the fuel tank out of the crush zone then the fuel tank would not have been compromised. However, Friedman offered no testing, finite element modeling or otherwise, to demonstrate that his safer alternative design would have prevented the fuel leak, fire, and prevented or significantly reduced the injuries and death of Wyndell. Plaintiffs' inability to identify the specific defect that caused the injuries precludes them from recovering based on a design defect claim. *See, e.g., id.*; *Armstrong*, 145 S.W.3d at 137 ("[The Texas Supreme Court has] held that a specific defect must be identified by competent evidence and other possible causes must be ruled out."); *Ridgway*, 135 S.W.3d at 600-02.

Plaintiffs have presented no evidence that the 4Runner's fuel system was defectively designed. Plaintiffs have provided no evidence and no expert testimony that the 4Runner's fuel system design was defective and unreasonably dangerous. Plaintiffs have presented no evidence and no expert testimony of a safer alternative design.

**V.**

**Judgment Should be Granted on Plaintiffs' Negligence Claims**

Plaintiffs allege the injuries and deaths of the Greene Family were proximately caused by the negligence of the Toyota Defendants in improperly designing and marketing the 4Runner. As the Fifth Circuit has described:

> Although a negligence claim requires a different showing from a strict liability claim, a manufacturer logically cannot be held liable for failing to exercise ordinary care when producing a product that is not defective because: (1) if a product is not unreasonably dangerous because of the way it was manufactured, it was not negligent to manufacture it that way and (2) even if the manufacturer was somehow negligent in the design or production of the product, that negligence cannot have caused the plaintiff's injury because the negligence did not render the product "unreasonably dangerous."

*Garrett v. Hamilton Std. Controls, Inc.*, 850 F.2d 253, 357 (5th Cir. 1988) (internal references omitted). As stated above, Plaintiffs cannot make a sufficient showing that the 4Runner was unreasonably dangerous as designed or marketed because they have no evidence, and specifically no expert evidence, to support these claims. Therefore, Plaintiffs cannot make a showing legally sufficient to support their negligence claims, and the Toyota Defendants are entitled to judgment as a matter of law on Plaintiffs' negligence claims.

**VI.**

**Judgment Should be Granted on Plaintiffs' Gross Negligence Claim**

Judgment should also be granted on all of Plaintiffs' claims for exemplary damages because Plaintiffs cannot make a showing sufficient to establish the existence of essential elements of their gross negligence claim. Exemplary damages are authorized under the Texas Civil Practice and Remedies Code when the claimant proves by clear and convincing evidence that the harm results from fraud, malice, or gross negligence. Tex. Civ. Prac. & Rem. Code § 41.003(a); *Dillard Department Stores v. Silva*, 148 S.W.3d 370, 372-73 (Tex. 2004). Plaintiffs

allege gross negligence as the basis for their claim for exemplary damages. Plaintiffs have not presented legally sufficient evidence of essential elements of gross negligence, and judgment should therefore be awarded on their exemplary damages claims.

Plaintiffs have failed to present legally sufficient evidence of essential elements of their gross negligence claim. In order to constitute gross negligence, an act must, when viewed objectively from the standpoint of the actor at the time of its occurrence, involve an extreme degree of risk, considering the probability and magnitude of harm to others. Tex. Civ. Prac. & Rem. Code § 41.001(11); *Columbia Med. Ctr. Las Colinas v. Hogue*, 271 S.W.3d 238, 248 (Tex. 2012); *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998). "Extreme risk" is not "a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to Plaintiff." *Columbia Med.*, 271 S.W.3d at 248; *Mobil Oil*, 968 S.W.2d at 921. Plaintiffs have not made a sufficient showing that the 4Runner posed such an extreme risk.

Plaintiffs do not allege that the purported defects in this case have been the cause of any other accidents or injuries. Plaintiffs simply cannot make a sufficient showing that any purported defect with the 4Runner presents a likelihood of serious injury. Gross negligence also requires that at the time of the occurrence, the defendant have actual subjective awareness of the risks involved, but nevertheless proceed with conscious indifference to the rights, safety, or welfare of others. Tex. Civ. Prac. & Rem. Code §41.001(11); *Columbia Med.*, 271 S.W.3d at 248; *Mobil Oil*, 968 S.W.2d at 921. To the extent the 4Runner even posed such a risk, which the Toyota Defendants deny, the Toyota Defendants did not have any awareness of the risk and Plaintiffs have present no evidence of same. Therefore, the Toyota Defendants are entitled to judgment as a matter of law on Plaintiffs' gross negligence claims.

## VII.
## Plaintiffs' Breach of Warranty Claims Should be Dismissed

### A. Plaintiffs' Breach of Express Warranty Claims Should be Dismissed

To recover for breach of an express warranty, Plaintiffs must prove that (1) the Toyota Defendants made a representation to Plaintiffs regarding the quality or characteristics of the 4Runner, (2) the 4Runner did not conform to the representation, and (3) Plaintiffs suffered injury as a result. *See, e.g., Crosbyton Seed Co. v. Mechura Farms*, 875 S.W.2d 353, 361 (Tex. App.—Corpus Christi 1994, no writ). Plaintiffs cannot make a sufficient showing that the Toyota Defendants made any specific representation to them regarding the quality or characteristics of the 4Runner. Likewise, Plaintiffs cannot make a legally sufficient showing that the 4Runner did not conform to the representation. Moreover, Plaintiffs cannot make a legally sufficient showing that they suffered any injury as a result of relying on any representation. Therefore the Toyota Defendants respectfully request that the Court grant their motion for judgment as a matter of law in its favor.

### B. Plaintiffs' Breach of Implied Warranty Claims Should be Dismissed

To recover for breach of an implied warranty of merchantability, Plaintiffs must show (1) that a defect caused the vehicle to be unfit for its ordinary purpose; (2) that the alleged defect existed when the vehicle left the manufacturer's and the seller's possession; and (3) that the alleged defect proximately caused the injuries for which the plaintiff seeks damages. *See* Tex. Bus. & Comm. Code. § 2.314; *Everett v. TK—Taito, L.L.C.*, 178 S.W.3d 844, 853 (Tex. App. – Fort Worth 2005, no pet.). The ordinary purpose of an automobile is to provide transportation. *Chandler v. Gene Messer Ford, Inc.*, 81 S.W.3d 493, 503 (Tex. App.-Eastland 2002).

Plaintiffs' breach of implied warranty claims fail for multiple reasons. First, Plaintiffs have not made a sufficient showing to establish that the 4Runner was unfit for its ordinary

purpose. Second, Plaintiffs cannot make a showing sufficient to establish that any such defect existed when it left Toyota's possession. Third, Plaintiffs cannot make a legally sufficient showing to establish that the alleged defect proximately caused their claimed injuries. Therefore, the Court should grant the Toyota Defendants Motion for Judgment as a Matter of Law on all of Plaintiffs' breach of implied warranty claims.

## VIII.
## Judgment Should be Granted on Plaintiffs' Bystander Claims

Under Texas law, in order to establish a bystander claim Plaintiffs must establish to establish: (1) the plaintiff was located near the scene of the accident, as contrasted with one who was a distance away from it; (2) the plaintiff suffered shock as a result of a direct emotional impact upon the plaintiff from a sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and (3) the plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship. *See Freeman v. City of Pasadena*, 744 S.W.2d 923, 923–24 (Tex. 1988). Plaintiffs' bystander claim on behalf of Wyndell Greene, Sr.'s estate fails for multiple reasons.

First, there is no bystander claim on behalf of Wyndell Greene, Sr.'s estate. *See* generally Plaintiffs' Orig. Compl. (Doc. No. 1), First Am. Compl. (Doc. No. 24-1) and Second Am. Compl. (Doc. No. 113). A wrongful death action is separate and distinct from a survival action, where the individual's cause of action for injury to his health, reputation or person survives in favor of his heirs, legal representative, and estate. *See* Tex. Civ. Prac. & Rem. Code § 71.021. Even if Plaintiffs' pled a bystander claim on behalf of Wyndell Greene, Sr., his bystander claims lapsed upon his death and cannot be maintained by his estate under Texas law.

Second, there is no legally sufficient evidence that Wyndell held a sensory and contemporaneous observance of the accident, and more specifically, the deaths of Lakeysha Greene and the Greene children. Texas case law is clear that critical to meeting the "contemporaneous sensory perception" element is actual perception of the accident when it occurs, *Powell v. Keeley*, 795 F. Supp. 2d 587, 591–92 (S.D. Tex. 2011); *Rodriguez v. Riddell Sports Inc.*, 242 F.3d 567, 578 (5th Cir. 2001)(denying recover to a mother who was present in the bleachers when her son was tackled, lost consciousness, and ultimately suffered permanent brain damage and a permanent vegetative state because she did not witness the fatal blow); *Lehmann v. Wieghat*, 917 S.W.2d 379, 384 (Tex. App.—Houston[14th Dist.] 1996, writ denied)(denying recovery where evidenced showed the Plaintiff was a half mile to a mile and a half away when his son was shot; that he heard a shot, but did not know at the time that his son was shot; that after the shot, five to ten minutes elapsed before Plaintiff learned of the accident); *Andrade v. Chojnacki*, 65 F.Supp.2d 431, 465 (W.D. Tex. 1999) (denying recovery to surviving family members of Branch Davidians that witnessed the burning of the Carmel Compound on television since they were not present at the time of the fire and thus did not 'contemporaneously perceive' the accident).

The evidence conclusively establishes that Wyndell did not perceive the deaths of Lakeysha and the Greene children. Plaintiffs offered evidence that Wyndell was not aware that his Lakeysha and his children had passed away during the accident. William “Bill” Greene testified that Wyndell was told at least one month after the accident that his family had been lost in the accident. Prior to that time, Wyndell has no knowledge that his family had passed away during the accident. As a result, there is no legally sufficient evidence that Wyndell held a sensory and contemporaneous observation of the accident and the deaths of his family members,

and the Toyota Defendants are entitled to judgment as a matter of law. Moreover, the death of Lakeysha Greene and the Greene children were not the result of any defect in the 4Runner, so recovery against the Toyota Defendants on a bystander claim would not be appropriate.

**IX.**
**Judgment Should be Granted on Plaintiffs' Claims Relating to Lakeysha Greene**

The Toyota Defendants are entitled to judgment as a matter of law on all claims for and on behalf of Lakeysha Greene ("Lakeysha"). There is no legally sufficient evidence that any conduct by the Toyota Defendants caused or contributed to the death of Lakeysha. To the contrary, Plaintiffs have presented evidence that Lakeysha's death occurred when the 4Runner traveled underneath the rear of the Strick trailer in the accident sequence. More specifically, Plaintiffs biomechanical expert opined that Lakeysha sustained her fatal injuries when she struck her head on the bottom portion of the Strick trailer during the accident sequence. He also testified that she was instantly killed at this point. As a result, Plaintiffs have presented no evidence that there was any conduct of the Toyota Defendants that caused or contributed to the death of Lakeysha.

There is also no legally sufficient evidence to support any claim for or on behalf of Lakeysha estate. More importantly, Lakeysha's estate is not a party to this case, and no causes or claims – whether survival claims or otherwise – have ever been asserted by or on behalf of the estates of Lakeysha Greene or by a "personal representative" of her estate on its behalf. *See generally* Plaintiffs' Orig. Compl. (Doc. No. 1), First Am. Compl. (Doc. No. 24-1) and Second Am. Compl. (Doc. No. 113). Under Texas law a survival claim belongs to the decedent, and the claim must be brought on the decedent's estate's behalf. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 850-51 (Tex. 2005). That has never occurred here and therefore there are no

claims for the estate of Lakeysha Greene. As a result, the Toyota Defendants are entitled to judgment as a matter of law on all claims for or on behalf of Lakeysha.

## X.
## Judgment Should be Granted on Plaintiffs' Claims Relating to TEMA

Judgment should also be granted on all of Plaintiffs' claims against TEMA because there is no evidence to support any of their alleged causes of action against TEMA.

WHEREFORE, PREMISES CONSIDERED, the Toyota Defendants respectfully request that the Court grant the Toyota Defendants Motion for Judgment as a Matter of Law and enter Judgment in its favor, and for such other further relief to which Toyota Defendants may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Kurt C. Kern*

**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
2501 North Harwood Street, Suite 1700
Dallas, Texas 75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR TOYOTA DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 27th day of June, 2014.

*/s/ Kurt C. Kern*