IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **OLLIE GREENE**, *et al.*, | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **CAUSE NUMBER: 3:11-cv-0207-N** |
| | § | |
| **TOYOTA MOTOR CORPORATION**, *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

### TOYOTA DEFENDANTS' REPLY BRIEF IN SUPPORT
### OF MOTION FOR JUDGMENT AS A MATTER OF LAW

TO THE HONORABLE COURT:

Defendants Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales U.S.A., Inc. (collectively the "Toyota Defendants") file this Reply Brief in Support of their Motion for Judgment as a Matter of Law:

### I.
### Judgment Should be Granted on Bystander and Claims Relating to Lakeysha Greene

The Toyota Defendants are entitled to judgment as a matter of law on all claims related to Lakeysha Greene and the Greene children, including Mr. Greene's bystander claim and wrongful death claims of plaintiff Hardeman.  In order to recover under either theory, the death of Lakeysha Greene and/or the Greene children must be attributable to a defect in the Toyota 4Runner.  There is no legally sufficient evidence that any conduct by the Toyota Defendants caused or contributed to the death of Lakeysha or the Greene children.  To the contrary, Plaintiffs have presented evidence that Lakeysha's death occurred when the 4Runner traveled underneath the rear of the Strick trailer in the accident sequence.  More specifically, Plaintiffs biomechanical expert, Dr. Joseph Burton opined:

- Mrs. Greene and the Greene children "died at the time they interacted with the Strick Trailer." (Record, Vol. 5 p. 47:8-9)
- "Their primary cause of death was blunt force injuries." (Record, Vol. 5 p. 47:18)
- "[F]ire did not actually cause their deaths." (Record, Vol. 5 p. 47:21-22)
- With respect to Mrs. Greene, "[u]nfortunately this was an instantaneous death as a result of trauma." (Record, Vol. 5 p. 57:16-21)
- He agreed there is no evidence that Lakeysha or the Greene Children burned to death.  (Record, Vol. 5 p. 60:25 – 61:5)

The evidence is clear and unequivocal.  Mrs. Greene and the Greene Children died instantaneously from the impact with the Strick trailer.  Any alleged failure of the 4Runner's fuel system or structures did not cause or contribute to their deaths.  As a result, judgment should be granted as a matter of law on Plaintiffs' bystander claims and claims related to the death of Lakeysha Greene.

## II.
## Judgment Should be Granted on Design Defect Claims

Texas courts have consistently required expert testimony to prove a design defect claim. *See, e.g.*, *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 136-38 (Tex. 2004). Expert testimony has specifically been required because proving a defect in design often involves technical matters beyond the general experience of the jury.  *See id.* at 137. This requirement extends to establishing a safer alternative design was available.  *See, e.g.*, *Hunter v. Ford Motor Co.*, 305 S.W.3d 202, 207-10 (Tex. App.—Waco 2009, no pet.) (requiring plaintiffs "to present expert testimony on design defect, including safer alternative design").

### A.  Occupant Restraint System

Plaintiffs have presented no evidence that the 4Runner's occupant restraint system was defectively designed.  Plaintiffs' response did not address seatbelts.  Plaintiffs have produced no testimony whatsoever, much less expert testimony, that the seatbelts were defective or that a safer alternative design existed.

**B. Airbag System**

Plaintiffs have presented no evidence that the 4Runner's airbag system was defectively designed. Plaintiffs' response did not address airbags. Plaintiffs have produced no testimony whatsoever, much less expert testimony, that the airbags were defective or that a safer alternative design existed.

**C. Structure and Fuel System**

Plaintiffs have presented no legally sufficient evidence that the 4Runner's structure or fuel system was defectively designed. Plaintiffs were required to produce direct evidence of the fire's cause and to rule out other possible causes. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600-01 (Tex. 2004). Plaintiffs have done neither.

With respect to the fire's cause, Friedman testified:

- "There can be several mechanisms by which the leak is occurring, but nevertheless there is a leak." (Record, Vol. 2 p. 162:25 – 163:1)
- "…the fuel tank was in the crush zone of the vehicle and it was allowed to become highly distorted as a result of being in the crush zone, but then caused a failure of the fuel system <u>from one of several potential sources</u> like we demonstrated – the leaking from the cap or leaking from severed lines or distortion of the tank and separation of those plastic components <u>or other penetrations, for example</u> – that it then does leak and that that leaking fuel is then ignited, most likely be sparks." (Record, Vol. 2 p. 164:16-24)(emphasis added)
- "…ultimately because it leaks, the fuel is ignited and when it is ignited then the fire propagates through the vehicle and burns Mr. Greene." (Record, Vol. 2 p. 176:7-9)
- "Well, the consequence – <u>potential consequence</u> is that – there's two things. One is that there are sparks, and there can be loading on the fuel tank because it's unprotected. So in that situation, the fuel tank <u>can</u> – the unprotected fuel tank <u>can</u> then be compressed from the bottom. And the consequence of that, as we showed, <u>can</u> be a pressure pulse which then creates a leak as well." (Record, Vol. 3 p. 80:20-81:2)(emphasis added)

None of this testimony identifies a specific cause of the fire. In fact, Friedman admits there were several potential sources, and he fails to eliminate them. For example he did not rule out other penetrations as the cause of the leak and fire, even though he acknowledged them as a potential

cause.  Instead, Friedman simply identifies a scenario that "can" happen and simply concludes that it did.  Because Friedman has not identified a specific cause of the fire or failure mechanism, there is no evidence that any of Plaintiffs proposed Safer Alternative Designs would have prevented or significantly reduced the risk of injury.  Nor did Friedman perform an analysis of whether any of the proposed alternatives would substantially impair the product's utility.

### III.
### Judgment Should be Granted on Misrepresentation, Marketing and Express Warranty

Judgment should be granted on Misrepresentation, Marketing, and Express Warranty claims.  In support of these claims, Plaintiffs cite the same representations.  Interactions with purported Toyota representatives at the State Fair of Texas, and an advertisement found in Wyndell Greene, Sr.'s study by his brother, Bill Greene.

As to the purported representations at the State Fair of Texas, Plaintiffs rely on the testimony of Vincent Canty.  Canty testified as follows:

- Q. "Was there any discussion at all about the type of fuel tank or the type of tank shield?"  A. "I don't recall any conversation." (Record, Vol. 2 p. 50:15-18)
- Q. "[T]here was no discussion about two-wheel drive versus four-wheel drive, half tank shield versus full tank shield.  Is that correct?" A. "That's correct." (Record, Vol. 2 p.53:18-22)
- "[t]he personnel that was actually there that was handing out some – some fliers and stuff." (Record, Vol. 2 p. 39:11-12)

Plaintiffs cite Bill Greene's reference to an advertisement as further evidence of an allegedly actionable representation.  That advertisement, however, was already addressed in the court's order granting in part the Toyota Defendants' Motion for Summary Judgment.  That advertisement states "Everyone Deserves to be Safe," which is clearly puffery and not actionable per the court's prior order.  (Doc. No. 83 p. 6-7)  Additionally, it states that Toyota is spending $1 million per hour to improve technology and safety.  The court addressed that too in its order and granted summary judgment.  (Doc. No. 83 p. 6-9).

**IV.**
**Judgment Should be Granted on Plaintiffs' Gross Negligence Claim**

Gross negligence requires that at the time of the occurrence, the defendant have actual subjective awareness of the risks involved, but nevertheless proceed with conscious indifference to the rights, safety, or welfare of others.  Tex. Civ. Prac. & Rem. Code §41.001(11); *Columbia Med.*, 271 S.W.3d at 248; *Mobil Oil*, 968 S.W.2d at 921.  To the extent the 4Runner even posed such a risk, which the Toyota Defendants deny, the Toyota Defendants did not have any awareness of the risk and Plaintiffs have present no evidence of same.  In support of their claim that Toyota had "actual subjective awareness" of such a risk is the following: testimony of Keith Friedman:

A.    That shows a tank shield across the bottom of the tank.
Q.    And is that a full shield?
A.    It looks like it, yes.
Q.    Okay.  All right.  Now let's – do you understand why they made a partial shield and a full shield?
A.    Well, my understanding is that they sold the two-wheel drive vehicle with a partial shield and the four-wheel drive vehicle had a full shield.

That testimony simply does nothing to show awareness on the part of the Toyota Defendants of a risk involved with half shields.  It simply shows that they equipped different model 4Runners with different shields.  Therefore, the Toyota Defendants are entitled to judgment as a matter of law on Plaintiffs' gross negligence claims.

WHEREFORE, PREMISES CONSIDERED, the Toyota Defendants respectfully request that the Court grant the Toyota Defendants Motion for Judgment as a Matter of Law and enter Judgment in its favor, and for such other further relief to which Toyota Defendants may show themselves to be justly entitled.

Respectfully submitted,


*/S/ KURT C. KERN* _____
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**
State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com
**BRIAN E. MASON**
State Bar No. 24079906
brian.mason@bowmanandbrooke.com
**BRITTNEY D. JOHNSON**
State Bar No. 24080963
brittney.johnson@bowmanandbrooke.com


**ATTORNEYS FOR TOYOTA DEFENDANTS**


**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 1ST day of July, 2014.


*/s/ Kurt C. Kern* _____