## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **OLLIE GREENE**, *et al.*, | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **CAUSE NUMBER: 3:11-cv-0207-N** |
| | § | |
| **TOYOTA MOTOR CORPORATION**, *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## TOYOTA DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW AND BRIEF IN SUPPORT THEREOF

## TABLE OF CONTENTS

I.     STANDARD FOR JUDGMENT AS A MATTER OF LAW.............................................4

II.    JUDGMENT SHOULD BE GRANTED ON PLAINTIFFS' DESIGN DEFECT
CLAIMS......................................................................................................................4

III.   JUDGMENT SHOULD BE GRANTED ON PLAINTIFFS' NEGLIGENCE
CLAIMS......................................................................................................................8

IV.   JUDGMENT SHOULD BE GRANTED ON PLAINTIFFS' GROSS NEGLIGENCE
CLAIM........................................................................................................................8

V.    PLAINTIFFS' BREACH OF WARRANTY CLAIMS SHOULD BE
DISMISSED..............................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Chandler v. Gene Messer Ford, Inc.*, 81 S.W.3d 493 (Tex. App.-Eastland 2002)........................11

*Coffel v. Stryker Corp.*, 284 F.3d 625 (5th Cir. 2002).......................................................4

*Columbia Med. Ctr. Las Colinas v. Hogue*, 271 S.W.3d 238 (Tex. 2012)......................................8

*Crosbyton Seed Co. v. Mechura Farms*, 875 S.W.2d 353 (Tex. App.—Corpus Christi 1994, no writ)........................................................................................................10

*Ellis v. Weasler Engineering, Inc.*, 258 F.3d 326 (5th Cir. 2001)....................................................4

*Everett v. TK—Taito, L.L.C.*, 178 S.W.3d 844 (Tex. App. – Fort Worth 2005, no pet.)..............11

*Ford Motor Co. v. Ledesma*, 242 S.W.3d 32 (Tex. 2007).................................................................6

*Ford Motor Co. v. Ridgway*, 135 S.W.3d 598 (Tex. 2004).................................................................6

*Garrett v. Hamilton Std. Controls, Inc.*, 850 F.2d 253 (5th Cir. 1988)...........................................8

*Goodner v. Hyundai Motor Co., Ltd.*, 650 F.3d 1034 (5th Cir. 2011)...........................................4

*Hunter v. Ford Motor Co.*, 305 S.W.3d 202 (Tex. App.—Waco 2009, no pet.)...........................5

*Lorenz v. Celotex Corp.*, 896 F.2d 148, 151 (5th Cir. 1990)...........................................................9

*Miles v. Ford Motor Co.*, 922 S.W.2d 572, 589 (Tex. App.-Texarkana) *rev'd in part on other grounds* 967 S.W.2d 377 (Tex. 1998)..............................................................................................9

*Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917 (Tex. 1998)...........................................................8

*Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131 (Tex. 2004)...................................................5, 7

*Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316 (5th Cir. 1994)...................................................4

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000)...............................................4

*Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306 (Tex. 2009)...........................................................4

**Rules**

Fed. R. Civ. P. 50.................................................................................................................4

**Codes**

Tex. Civ. Prac. & Rem. Code § 41.001...............................................................................8

Tex. Civ. Prac. & Rem. Code § 82.005..................................................................5, 6, 7

Tex. Bus. & Comm. Code. § 2.314.............................................................................11

TO THE HONORABLE COURT:

Defendants Toyota Motor Corporation, Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales U.S.A., Inc. (collectively the "Toyota Defendants") file this Motion for Judgment as a Matter of Law and Brief in Support Thereof:

## I.
## Standard for Judgment as a Matter of Law

Judgment as a matter of law is appropriate with respect to an issue if "there is no legally sufficient evidentiary basis for a reasonable jury to find for [a] party on that issue." Fed. R. Civ. P. 50(a)(1). This occurs when "the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion." *Coffel v. Stryker Corp.*, 284 F.3d 625, 630 (5th Cir. 2002) (quoting *Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316, 1323 (5th Cir. 1994)) (internal quotation marks omitted).

In considering a Rule 50 motion, the court must review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).  In reviewing the record as a whole, the court "must disregard all evidence favorable to the moving party that the jury is not required to believe." *See Ellis v. Weasler Engineering, Inc.*, 258 F.3d 326, 336-37 (5th Cir. 2001).

## II.
## Judgment Should be Granted on Plaintiffs' Design Defect Claims

Under Texas law, "[t]o recover for a products liability claim alleging a design defect, a plaintiff must prove that (1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery." *Goodner v. Hyundai Motor Co., Ltd.*, 650 F.3d

1034, 1040 (5th Cir. 2011) (alteration in original) (quoting *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009)) (internal quotation marks omitted); *see also* Tex. Civ. Prac. & Rem. Code § 82.005(a).

Texas courts have consistently required expert testimony to prove a design defect claim. *See, e.g.*, *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 136-38 (Tex. 2004). Expert testimony has specifically been required because proving a defect in design often involves technical matters beyond the general experience of the jury. *See id.* at 137. This requirement extends to establishing a safer alternative design was available. *See, e.g.*, *Hunter v. Ford Motor Co.*, 305 S.W.3d 202, 207-10 (Tex. App.—Waco 2009, no pet.) (requiring plaintiffs "to present expert testimony on design defect, including safer alternative design").

## A.  Occupant Restraint System

Plaintiffs have presented no evidence that the 4Runner's occupant restraint system was defectively designed.  Plaintiffs provided no evidence and no expert testimony from Plaintiffs' expert Keith Friedman that the 4Runner's occupant system design was defective and unreasonably dangerous.  In addition, Plaintiffs have not identified a safer alternative design that would have prevented or significantly reduced the risk of Plaintiffs' injuries and deaths.  *See* Tex. Civ. Prac. & Rem. Code § 82.005.  Plaintiffs have presented no evidence and no expert testimony of a safer alternative design.

## B.  Airbag System

Plaintiffs have presented no evidence that the 4Runner's airbag system was defectively designed.  Plaintiffs provided no evidence and no expert testimony from Plaintiffs' expert Keith Friedman that the 4Runner's airbag system design was defective and unreasonably dangerous. In addition, Plaintiffs have not identified a safer alternative design that would have prevented or

significantly reduced the risk of Plaintiffs' injuries and deaths.  *See* Tex. Civ. Prac. & Rem. Code § 82.005.  Plaintiffs have presented no evidence and no expert testimony of a safer alternative design.

### C. Structure

Plaintiffs have not presented legally sufficient evidence that the 4Runner's structure was defectively designed.  Plaintiffs' expert Keith Friedman opined that the structure of the 4Runner was defectively designed because it does not progressively deform.  However, Friedman did not provide evidence of any safer alternative design.  In order to prevail on a strict product liability design defect claim, Plaintiff must offer legally sufficient evidence of a safer alternative design that would have prevented or significantly reduced the risk of Plaintiffs' injuries and deaths.  *See* Tex. Civ. Prac. & Rem. Code § 82.005.  Plaintiffs have presented no such evidence of a safer alternative design that would have prevented or significantly reduced Mr. Greene's injuries or likely prevented his death.  Additionally, Friedman did not conduct the required risk/utility analysis for his proposed alternatives, if any, to show they would have performed as intended without increasing risks for other types of injuries.  Plaintiffs also provided no competent evidence that the 4Runner's structure design was defective and unreasonably dangerous.

### D. Fuel System

Though Plaintiffs have alleged design defects in the fuel system may have caused the fuel leak and subsequent fire in the accident, they have no identified a specific defect, as required by Texas law to support their claim.  *See Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 42 (Tex. 2007) ("a specific defect must be identified by competent evidence and other possible causes must be ruled out").  In *Ridgway*, the Texas Supreme Court held that expert testimony that does not pinpoint a specific defect—like Friedman's testimony—is insufficient to raise a fact issue.

*See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600-02 (Tex. 2004) ("The Ridgways produced no direct evidence of the fire's cause. . . .   which is not sufficient to raise a fact issue."). Likewise, Friedman here simply claims that the fuel system was located in the "crush zone" of the 4Runner, that the fuel tank was compromised during the initial impact with the Volvo tractor-trailer, that the fuel tank failed at some point, and that there was eventually a fire that occurred.

Friedman cannot identify when the fire started and where it started, so he is unable to say that any of his alternative designs would have changed the outcome.  *See* Tex. Civ. Prac. & Rem. Code § 82.005.   In addition, Friedman claims to have conducted finite element modeling in order to test his various hypotheses, but offered no finite element modeling to demonstrate that his safer alternative design would have prevented the fire in the accident and prevented or substantially reduced Mr. Greene's burns.  Friedman simply opined that if you move the fuel tank out of the "crush zone" then the fuel tank would not have been compromised.  However, Friedman offered no testing, finite element modeling or otherwise, to demonstrate that his safer alternative design would have prevented the fuel leak, fire, and prevented or significantly reduced the injuries and death of Mr. Greene.  Plaintiffs' inability to identify the specific defect that caused the injuries precludes them from recovering based on a design defect claim.  *See, e.g.*, *id.*; *Armstrong*, 145 S.W.3d at 137 ("[The Texas Supreme Court has] held that a specific defect must be identified by competent evidence and other possible causes must be ruled out."); *Ridgway*, 135 S.W.3d at 600-02.

Plaintiffs have presented no competent evidence that the 4Runner's fuel system was defectively designed.  Plaintiffs have provided no competent evidence that the 4Runner's fuel system design was defective and unreasonably dangerous.  Plaintiffs have presented no evidence and no expert testimony of a safer alternative design that would have prevented or significantly

reduced the risk of Plaintiffs' injuries.

### III.
### Judgment Should be Granted on Plaintiffs' Negligence Claims

Plaintiffs allege the injuries and deaths of the Greene Family were proximately caused by the negligence of the Toyota Defendants in improperly designing and marketing the 4Runner. As the Fifth Circuit has described:

> Although a negligence claim requires a different showing from a strict liability claim, a manufacturer logically cannot be held liable for failing to exercise ordinary care when producing a product that is not defective because: (1) if a product is not unreasonably dangerous because of the way it was manufactured, it was not negligent to manufacture it that way and (2) even if the manufacturer was somehow negligent in the design or production of the product, that negligence cannot have caused the plaintiff's injury because the negligence did not render the product "unreasonably dangerous."

*Garrett v. Hamilton Std. Controls, Inc.*, 850 F.2d 253, 357 (5th Cir. 1988) (internal references omitted).  As stated above, Plaintiffs have not made a sufficient showing that the 4Runner was unreasonably dangerous as designed or marketed because they have no evidence, and specifically no competent evidence, to support these claims.  Therefore, Plaintiffs have not made a showing legally sufficient to support their negligence claims, and the Toyota Defendants are entitled to judgment as a matter of law on Plaintiffs' negligence claims.

### IV.
### Judgment Should be Granted on Plaintiffs' Gross Negligence Claim

Gross negligence requires that at the time of the occurrence, the defendant have actual subjective awareness of the risks involved, but nevertheless proceed with conscious indifference to the rights, safety, or welfare of others.  Tex. Civ. Prac. & Rem. Code §41.001(11); *Columbia Med.*, 271 S.W.3d at 248; *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998).  To the extent the 4Runner even posed such a risk, which the Toyota Defendants deny, the Toyota

Defendants did not have any awareness of the risk and Plaintiffs have present no evidence of same.  In support of their claim that Toyota had "actual subjective awareness" of such a risk is the following: testimony of Keith Friedman:

A. That shows a tank shield across the bottom of the tank.
Q. And is that a full shield?
A. It looks like it, yes.
Q. Okay.  All right.  Now let's – do you understand why they made a partial shield and a full shield?
A. Well, my understanding is that they sold the two-wheel drive vehicle with a partial shield and the four-wheel drive vehicle had a full shield.

That testimony simply does nothing to show awareness on the part of the Toyota Defendants of a risk involved with half shields.  It simply shows that they equipped different model 4Runners with different shields.  Therefore, the Toyota Defendants are entitled to judgment as a matter of law on Plaintiffs' gross negligence claims.

Moreover, "when a seller relies in good faith on the current state of the art in safety concerns, and on conclusions by the governmental agencies charged with administering safety regulations in the area of its product that the product is not unreasonably dangerous, it cannot be said to have acted with an entire want of care showing conscious indifference to the product users." *Miles v. Ford Motor Co.*, 922 S.W.2d 572, 589 (Tex. App.-Texarkana) *rev'd in part on other grounds* 967 S.W.2d 377 (Tex. 1998).   In Texas, "evidence of compliance with government safety standards does constitute strong and substantial evidence that a product is not defective." *Lorenz v. Celotex Corp.*, 896 F.2d 148, 151 (5th Cir. 1990).  The evidence in this case is that the Toyota Defendants not only met, but exceeded the relevant government safety standards.   For example, the Toyota Defendants ran the governments' rear impact test, or FMVSS 301, at fifty-five miles per hour instead of the required fifty miles per hour.   In addition, FMVSS 301 allows for some fuel leakage after the test is conducted, but the Toyota Defendants required that their fifty-five miles per hour rear impact test result in no fuel leakage.  The Toyota

Defendants also ran certain IIHS tests at higher speeds than required by government safety standards.  Finally, the Toyota Defendants ran additional crash tests on the 2010 Toyota 4Runner that were not even required by the government safety standards.  For example, the Toyota Defendants ran a dolly rollover test on the 4Runner even though they were not required to.  The Toyota Defendants have not simply met the government safety standards, but have exceeded many and placed their own more stringent requirements than the government safety standards.  The Toyota Defendants commitment to going above and beyond the government safety standards is not indicative of a vehicle manufacturer who is consciously indifferent to the rights, safety, or welfare of others.  Therefore, judgment as a matter of law should be granted on Plaintiffs' gross negligence claims.

## V.
## Plaintiffs' Breach of Warranty Claims Should be Dismissed

### A.  Plaintiffs' Breach of Express Warranty Claims Should be Dismissed

To recover for breach of an express warranty, Plaintiffs must prove that (1) the Toyota Defendants made a representation to Plaintiffs regarding the quality or characteristics of the 4Runner, (2) the 4Runner did not conform to the representation, and (3) Plaintiffs suffered injury as a result.  *See, e.g., Crosbyton Seed Co. v. Mechura Farms*, 875 S.W.2d 353, 361 (Tex. App.— Corpus Christi 1994, no writ).  As the court previously recognized in dismissing Plaintiffs' misrepresentation claim, Plaintiffs cannot make a sufficient showing that the Toyota Defendants made any specific representation to them regarding the quality or characteristics that was false.  Therefore the Toyota Defendants respectfully request that the Court grant their motion for judgment as a matter of law in its favor.

### B.  Plaintiffs' Breach of Implied Warranty Claims Should be Dismissed

To recover for breach of an implied warranty of merchantability, Plaintiffs must show

(1) that a defect caused the vehicle to be unfit for its ordinary purpose; (2) that the alleged defect existed when the vehicle left the manufacturer's and the seller's possession; and (3) that the alleged defect proximately caused the injuries for which the plaintiff seeks damages. *See* Tex. Bus. & Comm. Code. § 2.314; *Everett v. TK—Taito, L.L.C.*, 178 S.W.3d 844, 853 (Tex. App. – Fort Worth 2005, no pet.).  The ordinary purpose of an automobile is to provide transportation. *Chandler v. Gene Messer Ford, Inc.*, 81 S.W.3d 493, 503 (Tex. App.-Eastland 2002).

Plaintiffs' breach of implied warranty claims fail for multiple reasons.  First, Plaintiffs have not made a sufficient showing to establish that the 4Runner was unfit for its ordinary purpose as the 4Runner provided transportation.  Similarly the ordinary purpose of the fuel system is to provide fuel to the engine, which it did.  Second, Plaintiffs cannot make a showing sufficient to establish that any such defect existed when it left Toyota's possession.  Third, Plaintiffs cannot make a legally sufficient showing to establish that the alleged defect proximately caused their claimed injuries.  Therefore, the Court should grant the Toyota Defendants Motion for Judgment as a Matter of Law on all of Plaintiffs' breach of implied warranty claims.

WHEREFORE, PREMISES CONSIDERED, the Toyota Defendants respectfully request that the Court grant the Toyota Defendants Motion for Judgment as a Matter of Law and enter Judgment in its favor, and for such other further relief to which Toyota Defendants may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Kurt C. Kern*
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**DAVID P. STONE**

State Bar No. 19289060
david.stone@bowmanandbrooke.com
**JUDE T. HICKLAND**
State Bar No. 24065416
jude.hickland@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
2501 North Harwood Street, Suite 1700
Dallas, Texas  75201
(972) 616-1700
(972) 616-1701 (fax)

**ATTORNEYS FOR TOYOTA DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 3rd day of July, 2014.

*/s/ Kurt C. Kern*