IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLLIE GREENE, et al, | § | |
| | § | |
| Plaintiffs, | § | CAUSE NUMBER: 3:11-cv-0207-N |
| v. | § | |
| | § | |
| TOYOTA MOTOR CORPORATION, | § | |
| et al. | § | |
| | § | JURY TRIAL DEMANDED |
| Defendants. | § | |

PLAINTIFFS' MOTION TO STRIKE
THIRD-PARTY DESIGNATION AND SETTLING PARTY DESIGNATIONS

Plaintiffs Ollie Greene, Individually and as the surviving parent of Wyndell Greene, Sr.,
William Greene, as the Administrator of the Estate of Wyndell Greene, Sr. and Marilyn Burdette
Hardeman, Individually and as the surviving parent of LaKeysha Greene (collectively hereinafter
referred to as "Plaintiffs") submit this Motion to Strike Third-Party Designation and Motion to
Deny Settling Party Designation.

## I.      ARGUMENT AND AUTHORITIES

### A.      Third-Party Designation

Although the pleading requirements for designating a responsible third party at the outset
of a case are not stringent, "as trial moves closer the requirement for sufficient evidence to
support the actual submission of a question on the responsibility of the designated third parties
becomes more demanding." *PEMEX Exploracion y Produccion v. Murphy Energy Corp*., 923
F.Supp.2d 961, 981 (S.D.Tex.2013) (applying Texas substantive law).  A plain reading of the
statute "anticipates that a party may move to strike the designation of an RTP." *Flack v. Hanke*,
334 S.W.3d 251, 262 (Tex. App.—San Antonio, 2010) (interpreting TEX. CIV. PRAC. & REM.
Code § 33.004(1)).

1

Objections to the sufficiency of the evidence against the allegedly responsible third party are properly handled in the context of a motion to strike the designation under Section 33.004(l),[1] or an objection to the submission of a question to the jury regarding the conduct of the third party under Section 33.003(b);[2] see also, *Sulak v. Am. Eurocoper Corp.,* 901 F. Supp. 2d 834, 841 (N.D. Tex. 2012) (specifying either objection or motion to strike as proper procedure for challenging responsible third party).   Plaintiffs object to the designation on two grounds, inter alia: (1) the Toyota defendants did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure;[3] and (2) Toyota has not produced sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage.

## 1.      Toyota did not initially plead sufficient facts.

The law is clear that, under the statute, the defendant must plead sufficient facts concerning the alleged responsibility of the third-party to satisfy the pleading requirement of the Texas Rules of Civil Procedure. Here, those requirements were not satisfied.  Toyota Motor Corporation answered on April 12, 2011 (Dkt. No. 14); Toyota Motor Engineering & Manufacturing North America answered on March 4, 2011 (Dkt. 12); and Toyota Motor Sales, U.S.A. answered on February 28, 2011 (Dkt. 10).  None of the defendants' answers allege that any third-party committed any criminal act and the Answers never mention Charles Moody or

---

[1] *In re Unitec Elevator Services Co*., 178 S.W.3d 53, 62 n. 9 (Tex.App.-Houston [1st Dist.] 2005, no pet.) ("A party is entitled to challenge the sufficiency of evidence supporting the designation of a responsible third party. After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage.")

[2] *Gardner Oil, Inc. v. Chavez*, 12–10–00274–CV, 2012 WL 1623420 (Tex.App.-Tyler May 9, 2012, no pet.) ("The trial court should not allow the submission of a question to the jury regarding conduct of a responsible third party where there is not sufficient evidence to support the submission.")

[3] TEX. CIV. PRAC. & REM.CODE ANN. § 33.004(g).

Forest Products by name in the Answers.  Thus, the designation of Charles Moody as a responsible third party defendant must be struck.

**2. Toyota cannot produce sufficient evidence that Moody is liable for the fire that killed Wyndell Greene.**

TEX. CIV. PRAC. & REM. CODE §§ 33.004(g)(1) provides that "the defendant" seeking to designate responsible third parties bears the initial burden of establishing a factual basis demonstrating the named party's potential responsibility for the claimant's damages.  Here, Toyota has failed to introduce any legally sufficient evidence to establish that anyone else if responsible for the death of Wyndell Greene.

**B.      Settling Party Defendants**

Section 33.003(b) of the Texas Civil Practice & Remedies Code [Texas's proportionate responsibility statute] does not allow a submission to the jury of a question regarding conduct by any person without sufficient evidence to support the submission."); *Tex. Dep't of Pub. Safety v. Boswell*, No. 13-06-327-CV; 2007 Tex.App. LEXIS 7152, 2007 WL 2471447 (Tex.App.-Corpus Christi Aug. 31, 2007, no pet.); see also WILLIAM V. DORSANEO, III, TEXAS LITIGATION GUIDE § 291.03(2)(b) (iii)(A); cf., *e.g, Kroger Co. v. Betancourt*, 996 S.W.2d 353, 358 (Tex.App.-Houston [14th Dist.] 1999, pet. denied); *Rehab. Facility at Austin, Inc. v. Cooper*, 962 S.W.2d 151, 154 (Tex.App.-Austin 1998, no pet.) (concluding that the trial court did not err in refusing to submit a question of liability as to a settling doctor defendant for injuries he was not alleged in the pleadings or the evidence to have caused).

In this case, Toyota did not allege in its answer that Strick, Volvo, Fayard and Dolphin caused the applicable injuries.  In addition, Toyota has failed to introduce sufficient evidence to support the submission.  Thus, the Court should grant this Motion and exclude this designation from the jury charge.

Respectfully Submitted,


/s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN
State Bar No. 16049750

**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax
pittman@thepittmanlawfirm.com


/s/ Greg Marks
GREG MARKS
State Bar No. 12994900

**GUAJARDO & MARKS LLP**
One Galleria Tower
13355 Noel Rd. Suite 1370
Dallas, TX  75240
972-774-9800
greg@guardjomarks.com


/s/ Daryl K. Washington
DARYL K. WASHINGTON
State Bar No. 24013714

**LAW OFFICES OF DARYL K. WASHINGTON P.C.**
325 N. St. Paul St., Suite 1975
Dallas, Texas  75201
214-880-4883
214-751-6685 - fax
dwashington@dwashlawfirm.com


/s/ Paul Stafford
PAUL STAFFORD
State Bar No. 00791716

**STAFFORD LAW FIRM, P.C.**
2736 ROYAL LANE #59617
DALLAS, TX 75229
214-649-3405
214-206-9445 fax
paul.stafford@staffordfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 3, 2014, the foregoing document was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.


   /s/ Daryl K. Washington   
DARYL K. WASHINGTON